**UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

| | | |
|---|---|---|
| **In Re:** Highland Capital Management, L.P<br>Highland Capital Management Fund Advisors, L.P.<br>et al | § | Case No. **19-34054-SGJ-11** |
| Appellant | § | |
| vs. | § | |
| Highland Capital Management, L.P., | § | |
| | § | **3:21-CV-00538-N** |
| Appellee | § | |

[1943] **Order confirming the fifth amended chapter 11 plan,** Entered on 2/22/2021.

# MINI RECORD
# VOLUME 1

BTXN 101 (rev. 10/02)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re: §
Highland Capital Management, L.P. §
§                    Case No.:   19−34054−sgj11
Debtor(s) §                    Chapter No.:   11
§
Highland Capital Management Fund Advisors, L.P. et al §
Appellant(s) §
vs. §
Highland Capital Management, L.P. §
§
Appellee(s) §
§
§
§
§
§
§
§
§

# INDEX OF RECORD FOR THE PURPOSE OF APPEAL

| Page No. | Item Description |
| --- | --- |
|  | Appellant Index |
|  | Appellant's Statement of issues |
| 000001 | Notice of appeal |
| 000165 | Appealed order |
| 000326 | Docket sheet |

DATED:  4/23/21                    FOR THE COURT:
Robert P. Colwell, Clerk of Court

by: /s/J. Blanco, Deputy Clerk

MUNSCH HARDT KOPF & HARR, P.C.
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P. AND
NEXPOINT ADVISORS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ11) |
| Debtor. | |

*INDEX*

## AMENDED DESIGNATION BY NEXPOINT ADVISORS, L.P. AND HIGHLAND
## CAPITAL MANAGEMENT FUND ADVISORS, L.P.
## OF ITEMS FOR THE RECORD ON APPEAL

COME NOW Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors,

L.P. (the "Appellants"), creditors and parties-in-interest in the above styled and numbered

bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"),

and, with respect to their *Notice of Appeal* [docket no. 1957], hereby file their *Amended*

*Designation of Items for the Record on Appeal* (the "Designation") as follows:

| Item | Bankruptcy Docket Number | Description |
|---|---|---|
| | | **Pleadings and Items on Docket** |
| 1 | 1957 | Notice of Appeal |
| 2 | 1943 | Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief |
| 3 | | Docket Sheet of Bankruptcy Case No. 19-34054 |
| 4 | 1606 | Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. |
| 5 | 1648 | Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith |
| 6 | 1656 | Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. |
| 7 | 1670 | Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. |
| 8 | 1719 | Second Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith |
| 9 | 1749 | Third Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith |
| 10 | 1772 | Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. |
| 11 | 1791 | Notice of Withdrawal of Certain Executory Contracts and Unexpired Leases from List of Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan |
| 12 | 1807 | Debtor's Omnibus Reply to Objections to Confirmation of the Fifth Amended Chapter 11 Plan of Reorganization of Highland Capital Management |
| 13 | 1808 | Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) |
| 14 | 1811 | Notice of Filing Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications) |
| 15 | 1814 | Debtor's Memorandum of Law in Support of Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. |

Handwritten annotations in left margin:
Vol. 1
000001
000165
000326
Vol. 2
000639
000666
000675
000820
000870
Vol. 3
000880
000886
000901
000906
001031
Vol. 4
001097
Vol. 5
001346

| | | | |
|---|---|---|---|
| *Vol 5* 00 1414 | 16 | 1847 | Fourth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith |
| 00 1421 | 17 | 1873 | Fifth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith |
| 00 1427 | 18 | 1875 | Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland of Highland Capital Management, L.P. (As Modified) |
| 00 1475 | 19 | 1887 | Supplemental Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. |
| 00 1482 | 20 | 1671 | United States Trustee's Limited Objection to Confirmation of Debtors' Fifth Amended Plan of Reorganization |
| | | **Evidence and Transcripts** | |
| 00 1488 | 21 | 1894 | Transcript of February 2, 2021 Confirmation Hearing |
| 001783 | 22 | 1905 | Transcript of February 3, 2021 Confirmation Hearing |
| 002040 | 23 | 1917 | Transcript of February 8, 2021 Bench Ruling |
| 002091 002188 vol 12 - 002931 vol 50 - 013295 - 013297 vol. 51 - 013373 vol. 54 - 014182 vol 55 - 014506 | 24 | 1794 1795 1822* 1863 1866 1877 1895 1915 | All exhibits admitted into evidence during February 2 and February 3, 2021 Confirmation Hearing |

*1822 - Vol. 12 - 50 (39 Volumes)

RESPECTFULLY SUBMITTED this 22d day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    Email: drukavina@munsch.com

**ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P. AND
NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 22d day of March, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the Debtor.

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.

MUNSCH HARDT KOPF & HARR, P.C.
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P. AND
NEXPOINT ADVISORS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) | Case No. 19-34054 (SGJ11) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## STATEMENT BY NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. OF ISSUES ON APPEAL

COME NOW Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (the "Appellants"), creditors and parties-in-interest in the above styled and numbered bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"), and, with respect to their *Notice of Appeal* [docket no. 1957], hereby file their *Statement of Issues on Appeal* (the "Statement").

With respect to the Bankruptcy Court's *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [docket no. 1943] (the "Confirmation Order"), by which the Bankruptcy Court confirmed

the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [docket no. 1808], as further modified (the "Plan"):

1.      Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order under the Absolute Priority Rule codified by 11 U.S.C. § 1129(b)(2)(B)(ii) because the Plan provides that the holders of equity interests, in the form of limited partnership interests in the Debtor, retain or receive any property under the Plan even though Class 8 under the Plan, a class of unsecured creditors not paid in full under the Plan, rejected the Plan?

2.      Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the exculpation provisions of the Plan, contained in Article IX of the Plan, effectuated:

(i)      third party releases (*i.e.* releasing a claim of a non-debtor against a non-debtor) prohibited by the Bankruptcy Court and over which the Bankruptcy Court had no jurisdiction, in direct violation of Fifth Circuit and Northern District of Texas precedent (*see, e.g., In re Pacific Lumber Co.*, 584 F.3d 229, 253 (5th Cir. 2009) and *In re Thru, Inc.*, Civil Action No. 3:17-CV-1958-G, 2018 WL 5113124, at *22-23 (N.D. Tex. Oct. 19, 2018) and in violation of due process rights;

(ii)     releases of business decisions, actions, and potential liabilities, as opposed to case administration matters;

(ii)     releases of non-debtor entities and their managers and professionals, as opposed to estate managers and professionals; and

(iv)     releases of post-confirmation matters.

3.      Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the permanent injunction contained in Article IX of the Plan, which prohibits "taking any actions to interfere with the implementation or consummation of the Plan," is overly broad and impermissibly vague, and because the injunction prohibits the Appellants from advising various funds that they advise and manage, or causing said funds, to

remove the Debtor as CLO portfolio manager over various CLOs that the Debtor manages pursuant to executory contracts assumed by the Plan, even though the assumption of an executory contract subjects, as a matter of law, the Debtor to all provisions of the contract on a go-forward basis?

4. Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the "gatekeeper" injunction contained in Article IX of the Plan, which requires leave of the Bankruptcy Court upon a showing of a "colorable" claim or cause of action, is:

(i) not permitted by the Bankruptcy Code and effectively effectuates prohibited third party releases for the same reasons as stated above with respect to exculpation;

(ii) not permitted with respect to any post-confirmation matter as the Bankruptcy Court will have no jurisdiction over such matters to make any finding or render any order, which would be purely advisory; and

(iii) not permitted because it violates due process by requiring a party with a claim to seek leave from a court that has no jurisdiction and, if such leave is not granted, such claim will be permanently enjoined without having a court of competent jurisdiction pass on its merits.

5. Whether the Bankruptcy Court erred as a matter of fact in confirming the Plan and entering the Confirmation Order because the "gatekeeper" injunction contained in Article IX of the Plan, which requires leave of the Bankruptcy Court upon a showing of a "colorable" claim or cause of action, is based on the Bankruptcy Court's finding of vexatious litigation against the Appellants and the need for an ant-filing or pre-filing injunction, when there was no evidence to support such finding?

6. Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the Debtor failed to satisfy the 11 U.S.C. § 1129(a)(2) element for confirmation requiring the Debtor to have complied with all applicable provisions of the Bankruptcy Code, which the Debtor admittedly failed to do because it utterly failed to comply with Bankruptcy Rule 2015.3?

RESPECTFULLY SUBMITTED this 11th day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina                    
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     3800 Ross Tower
     500 N. Akard Street
     Dallas, Texas  75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584
     Email:    drukavina@munsch.com

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 11th day of March, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the Appellee.

By: /s/ Davor Rukavina                    
     Davor Rukavina, Esq.

MUNSCH HARDT KOPF & HARR, P.C.
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

ATTORNEYS FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P. AND
NEXPOINT ADVISORS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) | Case No. 19-34054 (SGJ11) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## NOTICE OF APPEAL

COME NOW Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (the "Appellants"), creditors and parties-in-interest in the above styled and numbered bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"), and, pursuant to 28 U.S.C. § 158(a), hereby appeal to the United States District Court for the Northern District of Texas that certain *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* (the "Confirmation Order") entered by the Bankruptcy Court on February 22, 2021 at docket no. 1943 in the Bankruptcy Case.

A copy of the Confirmation is attached hereto as Exhibit "A."

---

000001

The names of the parties to the Confirmation Order, and the contact information for their

attorneys, is as follows:

1. <u>Appellants:</u>

      Highland Capital Management Fund Advisors, L.P.
      NexPoint Advisors, L.P.

      <u>Attorneys:</u>

            Davor Rukavina
            Julian P. Vasek
            MUNSCH HARDT KOPF & HARR, P.C.
            3800 Ross Tower
            500 N. Akard Street
            Dallas, Texas  75201-6659
            Telephone: (214) 855-7587
            Facsimile: (214) 855-7584
            Email: drukavina@munsch.com

2. <u>Appellee:</u>

      Highland Capital Management, L.P.

      <u>Attorneys:</u>

            Jeffrey N. Pomerantz
            Ira D. Kharasch
            John A. Morris
            Gregory V. Demo
            Hayley R. Winograd
            PACHULSKI STANG ZIEHL & JONES LLP
            10100 Santa Monica Blvd., 13th Floor
            Los Angeles, CA 90067
            Telephone: (310) 277-6910
            Facsimile: (310) 201-0760
            Email: jpomerantz@pszjlaw.com
                 ikharasch@pszjlaw.com
                 jmorris@pszjlaw.com
                 gdemo@pszjlaw.com
                 hwinograd@pszjlaw.com

RESPECTFULLY SUBMITTED this 1st day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      3800 Ross Tower
      500 N. Akard Street
      Dallas, Texas 75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584
      Email: drukavina@munsch.com

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 1st day of March, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the Appellee.

By: /s/ Davor Rukavina
      Davor Rukavina, Esq.



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 22, 2021**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | |

### ORDER (I) CONFIRMING THE FIFTH AMENDED
### PLAN OF REORGANIZATION OF HIGHLAND CAPITAL
### MANAGEMENT, L.P. (AS MODIFIED) AND (II) GRANTING RELATED RELIEF

The Bankruptcy Court[2] having:

a.   entered, on November 24, 2020, the *Order (A) Approving the Adequacy of the Disclosure Statement, (B) Scheduling A Hearing to Confirm the Fifth Amended Plan of Reorganization (C) Establishing Deadline for Filing Objections to Confirmation of Plan, (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures, and (E) Approving Form and Manner of Notice* [Docket No. 1476] (the "Disclosure Statement Order"), pursuant to which the Bankruptcy Court approved the adequacy of the *Disclosure Statement Relating to the Fifth*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan (as defined below). The rules of interpretation set forth in Article I of the Plan apply to this Confirmation Order.


EXHIBIT "A"
000004

*Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1473] (the "<u>Disclosure Statement</u>") under section 1125 of the Bankruptcy Code and authorized solicitation of the Disclosure Statement;

b.    set January 5, 2021, at 5:00 p.m. prevailing Central Time (the "<u>Objection Deadline</u>"), as the deadline for filing objections to confirmation of the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (*As Modified*) [Docket No. 1808] (as amended, supplemented or modified, the "<u>Plan</u>");

c.    set January 5, 2021, at 5:00 p.m. prevailing Central Time,  as the deadline for voting on the Plan (the "<u>Voting Deadline</u>") in accordance with the Disclosure Statement Order;

d.    initially set January 13, 2021, at 9:30 a.m. prevailing Central Time, as the date and time to commence the hearing to consider confirmation of the Plan pursuant to Bankruptcy Rules 3017 and 3018, sections 1126, 1128, and 1129 of the Bankruptcy Code, and the Disclosure Statement Order, which hearing was continued to January 26, 2021, at 9:30 a.m. prevailing Central Time and further continued to February 2, 2021;

e.    reviewed: (i) the Plan; (ii) the Disclosure Statement; and (iii) *Notice of (I) Entry of Order Approving Disclosure Statement; (II) Hearing to Confirm; and (III) Related Important Dates* (the "<u>Confirmation Hearing Notice</u>"), the form of which is attached as <u>Exhibit 1-B</u> to the Disclosure Statement Order;

f.    reviewed: (i) the *Debtor's Notice of Filing of Plan Supplement for the Third Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1389] filed November 13, 2020; (ii) *Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1606] filed on December 18, 2020; (iii) the *Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1656] filed on January 4, 2021; (iv) *Notice of Filing Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications)t* dated January 22, 2021 [Docket No. 1811]; and (v) *Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland of Highland Capital Management, L.P. (As Modified)* on February 1, 2021 [Docket No. 1875]; (collectively, the documents listed in (i) through (v) of this paragraph, the "<u>Plan Supplements</u>");

g.    reviewed: (i) the *Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on December 30, 2020 [Docket No. 1648]; (ii) the *Second Notice of (I) Executory Contracts and*

*Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on January 11, 2021 [Docket No.1719]; (iii) the *Third Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on January 15, 2021 [Docket No. 1749]; (iv) the *Notice of Withdrawal of Certain Executory Contracts and Unexpired Leases from List of Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan* [Docket No. 1791]; (v) the *Fourth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan (II) Cure Amounts, if Any, and (III) Released Procedures in Connection Therewith* filed on January 27, 2021 [Docket No. 1847]; (vi) the *Notice of Hearing on Agreed Motion to (I) Assume Nonresidential Real Property Lease with Crescent TC Investors, L.P. Upon Confirmation of Plan and (II) Extend Assumption Deadline* filed on January 28, 2021 [Docket No. 1857]; and (vii) the *Fifth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan (II) Cure Amounts, if Any, and (III) Released Procedures in Connection Therewith* filed on February 1, 2021 [Docket No. 1873] (collectively, the documents referred to in (i) to (vii) are referred to as "List of Assumed Contracts");

h.      reviewed: (i) the *Debtor's Memorandum of Law in Support of Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1814] (the "Confirmation Brief"); (ii) the *Debtor's Omnibus Reply to Objections to Confirmation of the Fifth Amended Chapter 11 Plan of Reorganization of Highland Capital Management*; [Docket No. 1807]; and (iii) the *Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1772] and *Supplemental Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1887] filed on February 3, 2021 (together, the "Voting Certifications").

i.      reviewed: (i) *Notice of Affidavit of Publication* dated December 3, 2020 [Docket No. 1505]; (ii) the *Certificate of Service* dated December 23, 2020 [Docket No. 1630]; (iii) the *Supplemental Certificate of Service* dated December 24, 2020 [Docket No. 1637]; (iv) the *Second Supplemental Certificate of Service* dated December 31, 2020 [Docket No. 1653]; (v) the *Certificate of Service* dated December 23, 2020 [Docket No. 1627]; (vi) the *Certificate of Service* dated January 6, 2021 [Docket No. 1696]; (vii) the *Certificate of Service* dated January 7, 2021 [Docket No. 1699]; (viii) the *Certificate of Service* dated January 7, 2021 [Docket No 1700]; (ix) the *Certificate of Service* dated January 15, 2021 [Docket No. 1761]; (x) the *Certificate of Service* dated January 19, 2021 [Docket No. 1775]; (xi) the

3

*Certificate of Service* dated January 20, 2021 [Docket No. 1787]; (xii) the *Certificate of Service* dated January 26, 2021[Docket No. 1844]; (xiii) the *Certificate of Service* dated January 27, 2021 [Docket No. 1854]; (xiv) the *Certificate of Service* dated February 1, 2021 [Docket No. 1879]; (xv) the *Certificates of Service* dated February 3, 2021 [Docket No. 1891 and 1893]; and (xvi) the *Certificates of Service* dated February 5, 2021 [Docket Nos. 1906, 1907, 1908 and 1909] (collectively, the "Affidavits of Service and Publication");

j.  reviewed all filed[3] pleadings, exhibits, statements, and comments regarding approval of the Disclosure Statement and confirmation of the Plan, including all objections, statements, and reservations of rights;

k.  conducted a hearing to consider confirmation of the Plan, which commenced on February 2, 2021, at 9:30 a.m. prevailing Central Time and concluded on February 3, 2021, and issued its oral ruling on February 8, 2021 (collectively, the "Confirmation Hearing);

l.  heard the statements and arguments made by counsel in respect of confirmation of the Plan and having considered the record of this Chapter 11 Case and taken judicial notice of all papers and pleadings filed in this Chapter 11 Case; and

m.  considered all oral representations, testimony, documents, filings, and other evidence regarding confirmation of the Plan, including (a) all of the exhibits admitted into evidence;[4] (b) the sworn testimony of (i) James P. Seery, Jr., the Debtor's Chief Executive Officer and Chief Restructuring Officer and a member of the Board of Directors of Strand Advisors, Inc. ("Strand"), the Debtor's general partner; (ii) John S. Dubel, a member of the Board of Strand; (iii) Marc Tauber, a Vice President at Aon Financial Services; and (iv) Robert Jason Post, the Chief Compliance Officer of NexPoint Advisors, LP (collectively, the "Witnesses"); (c) the credibility of the Witnesses; and (d) the Voting Certifications.

NOW, THEREFORE, after due deliberation thereon and good cause appearing therefor,

the Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of

law:

---

[3] Unless otherwise indicated, use of the term "filed" herein refers also to the service of the applicable document filed on the docket in this Chapter 11 Case, as applicable.

[4] The Court admitted the following exhibits into evidence: (a) all of the Debtor's exhibits lodged at Docket No. 1822 (except TTTTT, which was withdrawn by the Debtor); (b) all of the Debtor's exhibits lodged at Docket No. 1866; (c) all of the Debtor's exhibits lodged at Docket No. 1877; (d) all of the Debtor's exhibits lodged at Docket No. 1895; and (e) Exhibits 6-12 and 15-17 offered by Mr. James Dondero and lodged at Docket No. 1874.

4

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     **Findings of Fact and Conclusions of Law.** The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record during the Confirmation Hearing, constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.     **Introduction and Summary of the Plan.** Prior to addressing the specific requirements under the Bankruptcy Code and Bankruptcy Rules with respect to the confirmation of the Plan, the Bankruptcy Court believes it would be useful to first provide the following background of the Debtor's Chapter 11 Case, the parties involved therewith, and some of the major events that have transpired culminating in the filing and solicitation of the Plan of this very unusual case.  Before the Bankruptcy Court is the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, filed on November 24, 2020, as modified on January 22, 2021 and again on February 1, 2021.  The parties have repeatedly referred to the Plan as an "asset monetization plan" because it involves the orderly wind-down of the Debtor's estate, including the sale of assets and certain of its funds over time, with the Reorganized Debtor continuing to manage certain other funds, subject to the oversight of the Claimant Trust Oversight Board.  The Plan provides for a Claimant Trust to, among other things, manage and monetize the Claimant Trust Assets for the benefit of the Debtor's economic stakeholders.  The Claimant Trustee is responsible

DOCS_SF:104487.21 36027/002

000008

for this process, among other duties specified in the Plan's Claimant Trust Agreement.  There is also anticipated to be a Litigation Sub-trust established for the purpose of pursuing certain avoidance or other causes of action for the benefit of the Debtor's economic constituents.

3.     **Confirmation Requirements Satisfied.**  The Plan is supported by the Committee and all claimants with Convenience Claims (*i.e.*, general unsecured claims under $1 million) who voted in Class 7.  Claimants with Class 8 General Unsecured Claims, however, voted to reject the Plan because, although the Plan was accepted by 99.8% of the amount of Claims in that class, only 17 claimants voted to accept the Plan while 27 claimants voted to reject the Plan. As a result of such votes, and because Mr. Dondero and the Dondero Related Entities (as defined below) objected to the Plan on a variety of grounds primarily relating to the Plan's release, exculpation and injunction provisions, the Bankruptcy Court heard two full days of evidence on February 2 and 3, 2021, and considered testimony from five witnesses and thousands of pages of documentary evidence in determining whether the Plan satisfies the confirmation standards required under the Bankruptcy Code.  The Bankruptcy Court finds and concludes that the Plan meets all of the relevant requirements of sections 1123, 1124, and 1129, and other applicable provisions of the Bankruptcy Code, as more fully set forth below with respect to each of the applicable confirmation requirements.

4.     **Not Your Garden Variety Debtor**.  The Debtor's case is not a garden variety chapter 11 case.  The Debtor is a multibillion-dollar global investment adviser registered with the SEC, pursuant to the Investment Advisers Act of 1940.  It was founded in 1993 by James Dondero and Mark Okada.  Mark Okada resigned from his role with Highland prior to the

DOCS_SF:104487.21 36027/002

bankruptcy case being filed on October 16, 2019 (the "Petition Date"). Mr. Dondero controlled the Debtor as of the Petition Date but agreed to relinquish control of it on or about January 9, 2020, pursuant to an agreement reached with the Committee, as described below. Although Mr. Dondero remained with the Debtor as an unpaid employee/portfolio manager after January 9, 2020, his employment with the Debtor terminated on October 9, 2020. Mr. Dondero continues to work for and/or control numerous non-debtor entities in the complex Highland enterprise.

5.  **The Debtor**. The Debtor is headquartered in Dallas, Texas. As of the Petition Date, the Debtor employed approximately 76 employees. The Debtor is privately-owned: (a) 99.5% by the Hunter Mountain Investment Trust; (b) 0.1866% by The Dugaboy Investment Trust, a trust created to manage the assets of Mr. Dondero and his family; (c) 0.0627% by Mark Okada, personally and through family trusts; and (d) 0.25% by Strand, the Debtor's general partner.

6.  **The Highland Enterprise.** Pursuant to various contractual arrangements, the Debtor provides money management and advisory services for billions of dollars of assets, including collateralized loan obligation vehicles ("CLOs"), and other investments. Some of these assets are managed by the Debtor pursuant to shared services agreements with certain affiliated entities, including other affiliated registered investment advisors. In fact, there are approximately 2,000 entities in the byzantine complex of entities under the Highland umbrella. None of these affiliated entities filed for chapter 11 protection. Most, but not all, of these entities are not subsidiaries (direct or indirect) of the Debtor. Many of the Debtor's affiliated companies are

DOCS_SF:104487.21 36027/002

000010

offshore entities, organized in jurisdictions such as the Cayman Islands and Guernsey. *See* Disclosure Statement, at 17-18.

7.      **Debtor's Operational History.**  The Debtor's primary means of generating revenue has historically been from fees collected for the management and advisory services provided to funds that it manages, plus fees generated for services provided to its affiliates.  For additional liquidity, the Debtor, prior to the Petition Date, would sell liquid securities in the ordinary course, primarily through a brokerage account at Jefferies, LLC. The Debtor would also, from time to time, sell assets at non-Debtor subsidiaries and cause those proceeds to be distributed to the Debtor in the ordinary course of business.  The Debtor's current Chief Executive Officer, James P. Seery, Jr., credibly testified at the Confirmation Hearing that the Debtor was "run at a deficit for a long time and then would sell assets or defer employee compensation to cover its deficits."  The Bankruptcy Court cannot help but wonder if that was necessitated because of enormous litigation fees and expenses incurred by the Debtor due to its culture of litigation—as further addressed below.

8.      **Not Your Garden Variety Creditor's Committee**.  The Debtor and this chapter 11 case are not garden variety for so many reasons.  One of the most obvious standouts in this case is the creditor constituency.  The Debtor did not file for bankruptcy because of any of the typical reasons that large companies file chapter 11.  For example, the Debtor did not have a large, asset-based secured lender with whom it was in default; it only had relatively insignificant secured indebtedness owing to Jeffries, with whom it had a brokerage account, and one other entity, Frontier State Bank.  The Debtor also did not have problems with its trade vendors or landlords.

The Debtor also did not suffer any type of catastrophic business calamity. In fact, the Debtor filed for Chapter 11 protection six months before the onset of the COVID-19 pandemic. Rather, the Debtor filed for Chapter 11 protection due to a myriad of massive, unrelated, business litigation claims that it faced—many of which had finally become liquidated (or were about to become liquidated) after a decade or more of contentious litigation in multiple forums all over the world. The Committee in this case has referred to the Debtor—under its former chief executive, Mr. Dondero—as a "serial litigator." The Bankruptcy Court agrees with that description. By way of example, the members of the Committee (and their history of litigation with the Debtor and others in the Highland complex) are as follows:

a. **The Redeemer Committee of the Highland Crusader Fund (the "Redeemer Committee")**. This Committee member obtained an arbitration award against the Debtor in the amount of $190,824,557, inclusive of interest, approximately five months before the Petition Date, from a panel of the American Arbitration Association. It was on the verge of having that award confirmed by the Delaware Chancery Court immediately prior to the Petition Date, after years of disputes that started in late 2008 (and included legal proceedings in Bermuda). This creditor's claim was settled during this Chapter 11 Case in the amount of approximately $137,696,610 (subject to other adjustments and details not relevant for this purpose).

b. **Acis Capital Management, L.P., and Acis Capital Management GP, LLC ("Acis")**. Acis was formerly in the Highland complex of companies, but was not affiliated with Highland as of the Petition Date. This Committee member and its now-owner, Joshua Terry, were involved in litigation with the Debtor dating back to 2016. Acis was forced by Mr. Terry (who was a former Highland portfolio manager) into an involuntary chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of Texas, Dallas Division before the Bankruptcy Court in 2018, after Mr. Terry obtained an approximately $8 million arbitration award and judgment against Acis. Mr. Terry ultimately was awarded the equity ownership of Acis by the Bankruptcy Court in the Acis bankruptcy case. Acis subsequently asserted a multi-million dollar claim against Highland in the Bankruptcy Court for Highland's alleged denuding of Acis to defraud its creditors—primarily Mr. Terry. The litigation involving Acis and Mr. Terry dates back to mid-2016 and has

9

continued on with numerous appeals of Bankruptcy Court orders, including one appeal still pending at the Fifth Circuit Court of Appeals.  There was also litigation involving Mr. Terry and Acis in the Royal Court of the Island of Guernsey and in a state court in New York.  The Acis claim was settled during this Chapter 11 Case, in Bankruptcy Court-ordered mediation, for approximately $23 million (subject to other details not relevant for this purpose), and is the subject of an appeal being pursued by Mr. Dondero.

c.    **UBS Securities LLC and UBS AG London Branch ("UBS").**  UBS is a Committee member that filed a proof of claim in the amount of $1,039,957,799.40 in this Chapter 11 Case.  The UBS Claim was based on a judgment that UBS received from a New York state court in 2020.  The underlying decision was issued in November 2019, after a multi-week bench trial (which had occurred many months earlier) on a breach of contract claim against non-Debtor entities in the Highland complex.  The UBS litigation related to activities that occurred in 2008 and 2009.  The litigation involving UBS and Highland and affiliates was pending for more than a decade (there having been numerous interlocutory appeals during its history).  The Debtor and UBS recently announced an agreement in principle for a settlement of the UBS claim (which came a few months after Bankruptcy Court-ordered mediation) which will be subject to a 9019 motion to be filed with the Bankruptcy Court on a future date.

d.    **Meta-E Discovery ("Meta-E").**  Meta-E is a Committee member that is a vendor who happened to supply litigation and discovery-related services to the Debtor over the years.  It had unpaid invoices on the Petition Date of more than $779,000.

It is fair to say that the members of the Committee in this case all have wills of steel.  They fought hard before and during this Chapter 11 Case.  The members of the Committee, all of whom have volunteered to serve on the Claimant Trust Oversight Board post-confirmation, are highly sophisticated and have had highly sophisticated professionals representing them.  They have represented their constituency in this case as fiduciaries extremely well.

9.    **Other Key Creditor Constituents.**  In addition to the Committee members who were all embroiled in years of litigation with Debtor and its affiliates in various ways, the Debtor has been in litigation with Patrick Daugherty, a former limited partner and employee of the Debtor, for many years in both Delaware and Texas state courts.  Mr. Daugherty filed an amended

DOCS_SF:104487.21 36027/002

proof of claim in this Chapter 11 Case for $40,710,819.42 relating to alleged breaches of employment-related agreements and for defamation arising from a 2017 press release posted by the Debtor.  The Debtor and Mr. Daugherty recently announced a settlement of Mr. Daugherty's claim pursuant to which he will receive $750,000 in cash on the Effective Date of the Plan, an $8.25 million general unsecured claim, and a $2.75 million subordinated claim (subject to other details not relevant for this purpose).  Additionally, entities collectively known as "HarbourVest" invested more than $70 million with an entity in the Highland complex and asserted a $300 million proof of claim against the Debtor in this case, alleging, among other things, fraud and RICO violations.  HarbourVest's claim was settled during the bankruptcy case for a $45 million general unsecured claim and a $35 million subordinated claim, and that settlement is also being appealed by a Dondero Entity.

10.    **Other Claims Asserted.**  Other than the Claims just described, most of the other Claims in this Chapter 11 Case are Claims asserted against the Debtor by: (a) entities in the Highland complex—most of which entities the Bankruptcy Court finds to be controlled by Mr. Dondero; (b) employees who contend that are entitled to large bonuses or other types of deferred compensation; and (c) numerous law firms that worked for the Debtor prior to the Petition Date and had outstanding amounts due for their prepetition services.

11.    **Not Your Garden Variety Post-Petition Corporate Governance Structure**.  Yet another reason this is not your garden variety chapter 11 case is its post-petition corporate governance structure.  Immediately from its appointment, the Committee's relationship with the Debtor was contentious at best.  First, the Committee moved for a change of venue from

11

Delaware to Dallas.  Second, the Committee (and later, the United States Trustee) expressed its

then-desire for the appointment of a chapter 11 trustee due to its concerns over and distrust of Mr.

Dondero, his numerous conflicts of interest, and his history of alleged mismanagement (and

perhaps worse).

                12.      **Post-Petition Corporate Governance Settlement with Committee.**  After

spending many weeks under the threat of the potential appointment of a trustee, the Debtor and

Committee engaged in substantial and lengthy negotiations resulting in a corporate governance

settlement approved by the Bankruptcy Court on January 9, 2020.[5]  As a result of this settlement,

among other things, Mr. Dondero relinquished control of the Debtor and resigned his positions as

an officer or director of the Debtor and its general partner, Strand.  As noted above, Mr. Dondero

agreed to this settlement pursuant a stipulation he executed,[6] and he also agreed not to cause any

Related Entity (as defined in the Settlement Motion) to terminate any agreements with the Debtor.

The January 9 Order also (a) required that the Bankruptcy Court serve as "gatekeeper" prior to the

commencement of any litigation against the three independent board members appointed to

oversee and lead the Debtor's restructuring in lieu of Mr. Dondero and (b) provided for the

exculpation of those board members by limiting claims subject to the "gatekeeper" provision to

those alleging willful misconduct and gross negligence.

---

[5] This order is hereinafter referred to as the "January 9 Order" and was entered by the Court on January 9, 2020 [Docket No. 339] pursuant to the *Motion of the Debtor to Approve Settlement with Official Committee of Unsecured Creditors Regarding the Governance of the Debtor and Procedures for Operation in the Ordinary Course* [Docket No. 281] (the "Settlement Motion").

[6] *See Stipulation in Support of Motion of the Debtor for Approval of Settlement With the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in Ordinary Course* [Docket No. 338] (the "Stipulation").

13.     **Appointment of Independent Directors.**   As part of the Bankruptcy Court-approved settlement, three eminently qualified independent directors were chosen to lead Highland through its Chapter 11 Case.  They are:  James P. Seery, Jr., John S. Dubel (each chosen by the Committee), and Retired Bankruptcy Judge Russell Nelms.  These three individuals are each technically independent directors of Strand (Mr. Dondero had previously been the sole director of Strand and, thus, the sole person in ultimate control of the Debtor).   The three independent board members' resumes are in evidence.  The Bankruptcy Court later approved Mr. Seery's appointment as the Debtor's Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative.   Suffice it to say that this settlement and the appointment of the independent directors changed the entire trajectory of the case and saved the Debtor from the appointment of a trustee.  The Bankruptcy Court and the Committee each trusted the independent directors.  They were the right solution at the right time.  Because of the unique character of the Debtor's business, the Bankruptcy Court believed the appointment of three qualified independent directors was a far better outcome for creditors than the appointment of a conventional chapter 11 trustee.  Each of the independent directors brought unique qualities to the table.  Mr. Seery, in particular, knew and had vast experience at prominent firms with high-yield and distressed investing similar to the Debtor's business.  Mr. Dubel had 40 years of experience restructuring large complex businesses and serving on boards in this context.  And Retired Judge Nelms had not only vast bankruptcy experience but seemed particularly well-suited to help the Debtor maneuver through conflicts and ethical quandaries.  By way of comparison, in the chapter 11 case of Acis, the former affiliate of Highland that the Bankruptcy Court presided over and which company was

much smaller in size and scope than Highland (managing only 5-6 CLOs), the creditors elected a chapter 11 trustee who was not on the normal trustee rotation panel in this district but, rather, was a nationally known bankruptcy attorney with more than 45 years of large chapter 11 experience. While the Acis chapter 11 trustee performed valiantly, he was sued by entities in the Highland complex shortly after he was appointed (which the Bankruptcy Court had to address).  The Acis trustee was also unable to persuade the Debtor and its affiliates to agree to any actions taken in the case, and he finally obtained confirmation of Acis' chapter 11 plan over the objections of the Debtor and its affiliates on his fourth attempt (which confirmation was promptly appealed).

14.    **Conditions Required by Independent Directors.**  Given the experiences in Acis and the Debtor's culture of constant litigation, it was not as easy to get such highly qualified persons to serve as independent board members and, later, as the Debtor's Chief Executive Officer, as it would be in an ordinary chapter 11 case.  The independent board members were stepping into a morass of problems. Naturally, they were worried about getting sued no matter how defensible their efforts—given the litigation culture that enveloped Highland historically.  Based on the record of this Case and the proceedings in the Acis chapter 11 case, it seemed as though everything always ended in litigation at Highland.  The Bankruptcy Court heard credible testimony that none of the independent directors would have taken on the role of independent director without (1) an adequate directors and officers' ("D&O") insurance policy protecting them; (2) indemnification from Strand that would be guaranteed by the Debtor; (3) exculpation for mere negligence claims; and (4) a gatekeeper provision prohibiting the commencement of litigation against the independent directors without the Bankruptcy Court's prior authority.  This gatekeeper provision was also

14

included in the Bankruptcy Court's order authorizing the appointment of Mr. Seery as the Debtor's

Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative entered on

July 16, 2020.[7]  The gatekeeper provisions in both the January 9 Order and July 16 Order are

precisely analogous to what bankruptcy trustees have pursuant to the so-called "Barton Doctrine"

(first articulated in an old Supreme Court case captioned *Barton v. Barbour,* 104 U.S. 126 (1881)).

The Bankruptcy Court approved all of these protections in the January 9 Order and the July 16

Order, and no one appealed either of those orders.  As noted above, Mr. Dondero signed the

Stipulation that led to the settlement that was approved by the January 9 Order.  The Bankruptcy

Court finds that, like the Committee, the independent board members have been resilient and

unwavering in their efforts to get the enormous problems in this case solved.  They seem to have

at all times negotiated hard and in good faith, which culminated in the proposal of the Plan

currently before the Bankruptcy Court.  As noted previously, they completely changed the

trajectory of this case.

        15.    **Not Your Garden Variety Mediators.**  And still another reason why this

was not your garden variety case was the mediation effort.  In the summer of 2020, roughly nine

months into the chapter 11 case, the Bankruptcy Court ordered mediation among the Debtor, Acis,

UBS, the Redeemer Committee, and Mr. Dondero.  The Bankruptcy Court selected co-mediators

because mediation among these parties seemed like such a Herculean task—especially during

COVID-19 where people could not all be in the same room.  Those co-mediators were:  Retired

---

[7] *See Order Approving the Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing
Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative
Nunc Pro Tunc to March 15, 2020* [Docket No. 854] entered on July 16, 2020 (the "July 16 Order")

Bankruptcy Judge Alan Gropper from the Southern District of New York, who had a distinguished career presiding over complex chapter 11 cases, and Ms. Sylvia Mayer, who likewise has had a distinguished career, first as a partner at a preeminent law firm working on complex chapter 11 cases, and subsequently as a mediator and arbitrator in Houston, Texas.  As noted earlier, the Redeemer Committee and Acis claims were settled during the mediation—which seemed nothing short of a miracle to the Bankruptcy Court—and the UBS claim was settled several months later and the Bankruptcy Court believes the ground work for that ultimate settlement was laid, or at least helped, through the mediation.  And, as earlier noted, other significant claims have been settled during this case, including those of HarbourVest (who asserted a $300 million claim) and Patrick Daugherty (who asserted a $40 million claim).  The Bankruptcy Court cannot stress strongly enough that the resolution of these enormous claims—and the acceptance by all of these creditors of the Plan that is now before the Bankruptcy Court—seems nothing short of a miracle. It was more than a year in the making.

16.     **Not Your Garden Variety Plan Objectors (That Is, Those That Remain)**.  Finally, a word about the current, remaining objectors to the Plan before the Bankruptcy Court.  Once again, the Bankruptcy Court will use the phrase "not your garden variety", which phrase applies to this case for many reasons.  Originally, there were over a dozen objections filed to the Plan.  The Debtor then made certain amendments or modifications to the Plan to address some of these objections, none of which require further solicitation of the Plan for reasons set forth in more detail below.  The only objectors to the Plan left at the time of the Confirmation Hearing

16

were Mr. Dondero [Docket No. 1661] and entities that the Bankruptcy Court finds are owned

and/or controlled by him and that filed the following objections:

a.   *Objection to Confirmation of the Debtor's Fifth Amended Plan of Reorganization* (filed by Get Good Trust and The Dugaboy Investment Trust) [Docket No. 1667];

b.   *Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (filed by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrate Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund)* [Docket No. 1670];

c.   A *Joinder to the Objection filed at 1670 by:  NexPoint Real Estate Finance Inc., NexPoint Real Estate Capital, LLC, NexPoint Residential Trust, Inc., NexPoint Hospitality Trust, NexPoint Real Estate Partners, LLC, NexPoint Multifamily Capital Trust, Inc., VineBrook Homes Trust, Inc., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., and any funds advised by the foregoing* [Docket No. 1677];

d.   *NexPoint Real Estate Partners LLC's Objection to Debtor's Fifth Amended Plan of Reorganization (filed by NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC)* [Docket No. 1673]; and

e.   *NexBank's Objection to Debtor's Fifth Amended Plan of Reorganization (filed by NexBank Title, Inc., NexBank Securities, Inc., NexBank Capital, Inc., and NexBank)* [Docket No. 1676].  The entities referred to in (i) through (v) of this paragraph are hereinafter referred to as the "Dondero Related Entities").

17.   **Questionability of Good Faith as to Outstanding Confirmation Objections.**  Mr. Dondero and the Dondero Related Entities technically have standing to object to the Plan, but the remoteness of their economic interests is noteworthy, and the Bankruptcy Court

DOCS_SF:104487.21 36027/002

000020

questions the good faith of Mr. Dondero's and the Dondero Related Entities' objections.  In fact,

the Bankruptcy Court has good reason to believe that these parties are not objecting to protect

economic interests they have in the Debtor but to be disruptors.  Mr. Dondero wants his company

back.  This is understandable, but it is not a good faith basis to lob objections to the Plan.  As

detailed below, the Bankruptcy Court has slowed down plan confirmation multiple times and urged

the parties to talk to Mr. Dondero in an attempt to arrive at what the parties have repeatedly referred

to as a "grand bargain," the ultimate goal to resolve the Debtor's restructuring.  The Debtor and

the Committee represent that they have communicated with Mr. Dondero regarding a grand

bargain settlement, and the Bankruptcy Court believes that they have.

18.     **Remote Interest of Outstanding Confirmation Objectors.**  To be specific

about the remoteness of Mr. Dondero's and the Dondero Related Entities' interests, the Bankruptcy

Court will address them each separately.  First, Mr. Dondero has a pending objection to the Plan.

Mr. Dondero's only economic interest with regard to the Debtor is an unliquidated indemnification

claim (and, based on everything the Bankruptcy Court has heard, his indemnification claims would

be highly questionable at this juncture).  Mr. Dondero owns no equity in the Debtor directly.  Mr.

Dondero owns the Debtor's general partner, Strand, which in turn owns a quarter percent of the

total equity in the Debtor.  Second, a joint objection has been filed by The Dugaboy Trust

("Dugaboy") and the Get Good Trust ("Get Good").  The Dugaboy Trust was created to manage

the assets of Mr. Dondero and his family and owns a 0.1866% limited partnership interest in the

Debtor.  *See* Disclosure Statement at 7, n.3.  The Bankruptcy Court is not clear what economic

interest the Get Good Trust has, but it likewise seems to be related to Mr. Dondero.  Get Good

18

filed three proofs of claim relating to a pending federal tax audit of the Debtor's 2008 return, which

the Debtor believes arise from Get Good's equity security interests and are subject to subordination

as set forth in its Confirmation Brief.  Dugaboy filed three claims against the Debtor: (a) an

administrative claim relating to the Debtor's alleged postpetition management of Multi-Strat

Credit Fund, L.P., (b) a prepetition claim against a subsidiary of the Debtor for which it seeks to

pierce the corporate veil, each of which the Debtor maintains are frivolous in the Confirmation

Brief, and (c) a claim arising from its equity security interest in the Debtor, which the Debtor

asserts should be subordinated.  Another group of objectors that has joined together in one

objection is what the Bankruptcy Court will refer to as the "Highland Advisors and Funds." *See*

Docket No. 1863.  The Bankruptcy Court understands they assert disputed administrative expense

claims against the estate that were filed shortly before the Confirmation Hearing on January 23,

2021 [Docket No. 1826], and during the Confirmation Hearing on February 3, 2021 [Docket No.

1888].  At the Confirmation Hearing, Mr. Post testified on behalf of the Highland Advisors and

Funds that the Funds have independent board members that run the Funds, but the Bankruptcy

Court was not convinced of their independence from Mr. Dondero because none of the so-called

independent board members have ever testified before the Bankruptcy Court and all have been

engaged with the Highland complex for many years.  Notably, the Court questions Mr. Post's

credibility because, after more than 12 years of service, he abruptly resigned from the Debtor in

October 2020 at the exact same time that Mr. Dondero resigned at the Board of Directors' request,

and he is currently employed by Mr. Dondero.  Moreover, Dustin Norris, a witness in a prior

proceeding (whose testimony was made part of the record at the Confirmation Hearing), recently

testified on behalf of the Highland Advisors and Funds in another proceeding that Mr. Dondero owned and/or controlled these entities.  Finally, various NexBank entities objected to the Plan. The Bankruptcy Court does not believe they have liquidated claims against the Debtor.  Mr. Dondero appears to be in control of these entities as well.

19.     **Background Regarding Dondero Objecting Parties.**  To be clear, the Bankruptcy Court has allowed all these objectors to fully present arguments and evidence in opposition to confirmation, even though their economic interests in the Debtor appear to be extremely remote and the Bankruptcy Court questions their good faith.  Specifically, the Bankruptcy Court considers them all to be marching pursuant to the orders of Mr. Dondero.  In the recent past, Mr. Dondero has been subject to a temporary restraining order and preliminary injunction by the Bankruptcy Court for interfering with Mr. Seery's management of the Debtor in specific ways that were supported by evidence.  Around the time that this all came to light and the Bankruptcy Court began setting hearings on the alleged interference, Mr. Dondero's company phone, which he had been asked to turn in to Highland, mysteriously went missing.  The Bankruptcy Court merely mentions this in this context as one of many reasons that the Bankruptcy Court has to question the good faith of Mr. Dondero and his affiliates in raising objections to confirmation of the Plan.

20.     **Other Confirmation Objections.**  Other than the objections filed by Mr. Dondero and the Dondero Related Entities, the only other pending objection to the Plan is the *United States Trustee's Limited Objection to Confirmation of Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1671], which objected to the Plan's exculpation, injunction, and

20

Debtor release provisions.  In juxtaposition, to these pending objections, the Bankruptcy Court

notes that the Debtor resolved the following objections to the Plan:

a. *CLO Holdco, Ltd.'s Joinder to Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. and Supplemental Objections to Plan Confirmation* [Docket No. 1675].  This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph VV of the Confirmation Order;

b. *Objection of Dallas County, City of Allen, Allen ISD, City of Richardson, and Kaufman County to Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1662].  This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph QQ of the Confirmation Order;

c. *Senior Employees' Limited Objection to Debtor's Fifth Amended Plan of Reorganization (filed by Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon)* [Docket No. 1669].  This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph 82 and paragraphs RR and SS of the Confirmation Order;

d. *Limited Objection of Jack Yang and Brad Borud to Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1666] and the amended joinder filed by Davis Deadman, Paul Kauffman and Todd Travers [Docket No. 1679].  This Objection and the amended joinder were resolved by agreement of the parties pursuant to modifications to the Plan filed by the Debtor;

e. *United States' (IRS) Limited Objection to Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1668].  This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraphs TT and UU of the Confirmation Order; and

f. *Patrick Hagaman Daugherty's Objection to Confirmation of Fifth Amended Plan of Reorganization* [Docket No. 1678].  This objection was resolved by the parties pursuant to the settlement of Mr. Daugherty's claim announced on the record of the Confirmation Hearing.

21. **Capitalized Terms.**  Capitalized terms used herein, but not defined herein,

shall have the respective meanings attributed to such terms in the Plan and the Disclosure

Statement, as applicable.

DOCS_SF:104487.21 36027/002

000024

22.  **Jurisdiction and Venue.**  The Bankruptcy Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Chapter 11 Case is proper in this district and in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

23.  **Chapter 11 Petition.**  On the Petition Date, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which case was transferred to the Bankruptcy Court on December 19, 2019.  The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this Chapter 11 Case.  The Office of the United States Trustee appointed the Committee on October 29, 2019.

24.  **Judicial Notice.**  The Bankruptcy Court takes judicial notice of the docket in this Chapter 11 Case maintained by the clerk of the Bankruptcy Court and the court-appointed claims agent, Kurtzman Carson Consultants LLC ("KCC"), including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during this Chapter 11 Case, including, without limitation, the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing, as well as all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Bankruptcy Court or the District Court for the Northern District of Texas in

DOCS_SF:104487.21 36027/002

000025

connection with an adversary proceeding or appellate proceeding, respectively, related to this Chapter 11 Case.

25.     **Plan Supplement Documents.**   Prior to the Confirmation Hearing, the Debtor filed each of the Plan Supplements.   The Plan Supplements contain, among other documents, the Retained Causes of Action, the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, the Senior Employee Stipulation, the Related Entity List, the Schedule of Employees, the Reorganized Limited Partnership Agreement, supplements to the Liquidation Analysis/Financial Projections, the Schedule of Contracts and Leases to be Assumed, and the other Plan Documents set forth therein (collectively, the "Plan Supplement Documents").

26.     **Retained Causes of Action Adequately Preserved.**   The Bankruptcy Court finds that the list of Retained Causes of Action included in the Plan Supplements sufficiently describes all potential Retained Causes of Action, provides all persons with adequate notice of any Causes of Action regardless of whether any specific claim to be brought in the future is listed therein or whether any specific potential defendant or other party is listed therein, and satisfies applicable law in all respects to preserve all of the Retained Causes of Action. The definition of the Causes of Action and Schedule of Retained Causes of Action, and their inclusion in the Plan, specifically and unequivocally preserve the Causes of Action for the benefit of the Reorganized Debtor, the Claimant Trust, or the Litigation Sub-Trust, as applicable.

27.     **Plan Modifications Are Non-Material.**   In addition to the Plan Supplements, the Debtor made certain non-material modifications to the Plan, which are reflected in (i) the *Redline of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*

*(as Modified)* filed on January 22, 2021 [Docket No. 1809], and (ii) Exhibit B to the *Debtor's Notice of Filing of Plan Supplement to Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* filed on February 1, 2021 [Docket No. 1875] (collectively, the "Plan Modifications"). Section 1127(a) of the Bankruptcy Code provides that a plan proponent may modify its plan at any time before confirmation so long as such modified plan meets the requirements of sections 1122 and 1123 of the Bankruptcy Code. None of the modifications set forth in the Plan Supplements or the Plan Modifications require any further solicitation pursuant to sections 1125, 1126, or 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, because, among other things, they do not materially adversely change the treatment of the claims of any creditors or interest holders who have not accepted, in writing, such supplements and modifications. Among other things, there were changes to the projections that the Debtor filed shortly before the Confirmation Hearing (which included projected distributions to creditors and a comparison of projected distributions under the Plan to potential distributions under a hypothetical chapter 7 liquidation). The Plan Supplements and Plan Modifications did not mislead or prejudice any creditors or interest holders nor do they require that Holders of Claims or Equity Interests be afforded an opportunity to change previously cast votes to accept or reject the Plan. Specifically, the Amended Liquidation Analysis/Financial Projections filed on February 1, 2021 [Docket No. 1875] do not constitute any material adverse change to the treatment of any creditors or interest holders but, rather, simply update the estimated distributions based on Claims that were settled in the interim and provide updated financial data. The filing and notice of the Plan Supplements and Plan Modifications were appropriate and complied with the requirements of

section 1127(a) of the Bankruptcy Code and the Bankruptcy Rules, and no other solicitation or disclosure or further notice is or shall be required. The Plan Supplements and Plan Modifications each became part of the Plan pursuant section 1127(a) of the Bankruptcy Code. The Debtor or Reorganized Debtor, as applicable, is authorized to modify the Plan or Plan Supplement Documents following entry of this Confirmation Order in a manner consistent with section 1127(b) of the Bankruptcy Code, the Plan, and, if applicable, the terms of the applicable Plan Supplement Document.

28. **Notice of Transmittal, Mailing and Publication of Materials.** As is evidenced by the Voting Certifications and the Affidavits of Service and Publication, the transmittal and service of the Plan, the Disclosure Statement, Ballots, and Confirmation Hearing Notice were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to the confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required. The publication of the Confirmation Hearing Notice, as set forth in the *Notice of Affidavit of Publication* dated December 3, 2020 [Docket No. 1505], complied with the Disclosure Statement Order.

29. **Voting.** The Bankruptcy Court has reviewed and considered the Voting Certifications. The procedures by which the Ballots for acceptance or rejection of the Plan were

25

distributed and tabulated, including the tabulation as subsequently amended to reflect the settlement of certain Claims to be Allowed in Class 7, were fairly and properly conducted and complied with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

30.     **Bankruptcy Rule 3016(a).**  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the proponent of the Plan.

31.     **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**  As set forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

32.     **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).**  Section 1122 of the Bankruptcy Code provides that a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interest of such class.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Equity Interests.

33.     **Classification of Secured Claims.**  Class 1 (Jefferies Secured Claim) and Class 2 (Frontier Secured Claim) each constitute separate secured claims held by Jefferies LLC and Frontier State Bank, respectively, and it is proper and consistent with section 1122 of the Bankruptcy Code to separately classify the claims of these secured creditors.  Class 3 (Other

DOCS_SF:104487.21 36027/002

000029

Secured Claims) consists of other secured claims (to the extent any exist) against the Debtor, are not substantially similar to the Secured Claims in Class 1 or Class 2, and are also properly separately classified.

34.    **Classification of Priority Claims.**  Class 4 (Priority Non-Tax Claims) consists of Claims entitled to priority under section 507(a), other than Priority Tax Claims, and are properly separately classified from non-priority unsecured claims.  Class 5 (Retained Employee Claims) consists of the potential claims of employees who may be retained by the Debtor on the Effective Date, which claims will be Reinstated under the Plan, are not substantially similar to other Claims against the Debtor, and are properly classified.

35.    **Classification of Unsecured Claims.**  Class 6 (PTO Claims) consists solely of the claims of the Debtor's employees for unpaid paid time off in excess of the $13,650 statutory cap amount under sections 507(a)(4) and (a)(5) of the Bankruptcy Code and are dissimilar from other unsecured claims in Class 7 and Class 8.  Class 7 (Convenience Claims) allows holders of eligible and liquidated Claims (below a certain threshold dollar amount) to receive a cash payout of the lesser of 85% of the Allowed amount of the creditor's Claim or such holder's *pro rata* share of the Convenience Claims Cash Pool. Class 7 (Convenience Claims) are provided for administrative convenience purposes in order to allow creditors, most of whom are either trade creditors or holders of professional claims, to receive treatment provided under Class 7 in lieu of the treatment of Class 8 (General Unsecured Claims).  The Plan also provides for reciprocal "opt out" mechanisms to allow holders of Class 7 Claims to elect to receive the treatment for Class 8 Claims. Class 8 creditors primarily constitute the litigation claims of the Debtor.  Class 8 Creditors

27

000030

will receive Claimant Trust Interests which will be satisfied pursuant to the terms of the Plan. Class 8 also contains an "opt out" mechanism to allow holders of liquidated Class 8 Claims at or below a $1 million threshold to elect to receive the treatment of Class 7 Convenience Claims. The Claims in Class 7 (primarily trade and professional Claims against the Debtor) are not substantially similar to the Claims in Class 8 (primarily the litigation Claims against the Debtor), and are appropriately separately classified. Valid business reasons also exist to classify creditors in Class 7 separately from creditors in Class 8. Class 7 creditors largely consist of liquidated trade or service providers to the Debtor. In addition, the Claims of Class 7 creditors are small relative to the large litigation claims in Class 8. Furthermore, the Class 8 Claims were overwhelmingly unliquidated when the Plan was filed. The nature of the Class 7 Claims as being largely liquidated created an expectation of expedited payment relative to the largely unliquidated Claims in Class 8, which consists in large part of parties who have been engaged in years, and in some cases over a decade of litigation with the Debtor. Separate classification of Class 7 and Class 8 creditors was the subject of substantial arm's-length negotiations between the Debtor and the Committee to appropriately reflect these relative differences.

36. **Classification of Equity Interests.** The Plan properly separately classifies the Equity Interests in Class 10 (Class B/C Limited Partnership Interests) from the Equity Interests in Class 11 (Class A Limited Partnership Interests) because they represent different types of equity security interests in the Debtor and different payment priorities.

37. **Elimination of Vacant Classes.** Section III.C of the Plan provides for the elimination of Classes that do not have at least one holder of a Claim or Equity Interest that is

28

000031

Allowed in an amount greater than zero for purposes of voting to accept or reject the Plan, and are disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class. The purpose of this provision is to provide that a Class that does not have voting members shall not be included in the tabulation of whether that Class has accepted or rejected the Plan. Pursuant to the Voting Certifications, the only voting Class of Claims or Equity Interests that did not have any members is Class 5 (Retained Employees). As noted above, Class 5 does not have any voting members because any potential Claims in Class 5 would not arise, except on account of any current employees of the Debtor who may be employed as of the Effective Date, which is currently unknown. Thus, the elimination of vacant Classes provided in Article III.C of the Plan does not violate section 1122 of the Bankruptcy Code. Class 5 is properly disregarded for purposes of determining whether or not the Plan has been accepted under Bankruptcy Code section 1129(a)(8) because there are no members in that Class. However, the Plan properly provides for the treatment of any Claims that may potentially become members of Class 5 as of the Effective Date in accordance with the terms of the Plan. The Plan therefore satisfies section 1122 of the Bankruptcy Code.

38. **Classification of Claims and Designation of Non-Classified Claims (11 U.S.C. §§ 1122, 1123(a)(1)).** Section 1123(a)(1) of the Bankruptcy Code requires that the Plan specify the classification of claims and equity security interests pursuant to section 1122 of the Bankruptcy Code, other than claims specified in sections 507(a)(2), 507(a)(3), or 507(a)(8) of the Bankruptcy Code. In addition to Administrative Claims, Professional Fee Claims, and Priority Tax Claims, each of which need not be classified pursuant to section 1123(a)(1) of the Bankruptcy

DOCS_SF:104487.21 36027/002

000032

Code, the Plan designates eleven (11) Classes of Claims and Equity Interests. The Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

39. **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).** Article III of the Plan specifies that each of Class 1 (Jefferies Secured Claim), Class 3 (Other Secured Claims), Class 4 (Priority Non-Tax Claims), Class 5 (Retained Employee Claims), and Class 6 (PTO Claims) are Unimpaired under the Plan. Thus, the requirement of section 1123(a)(2) of the Bankruptcy Code is satisfied.

40. **Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).** Article III of the Plan designates each of Class 2 (Frontier Secured Claim), Class 7 (Convenience Claims), Class 8 (General Unsecured Claims), Class 9 (Subordinated Claims), Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests) as Impaired and specifies the treatment of Claims and Equity Interests in such Classes. Thus, the requirement of section 1123(a)(3) of the Bankruptcy Code is satisfied.

41. **No Discrimination (11 U.S.C. § 1123(a)(4)).** The Plan provides for the same treatment by the Plan proponent for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest. The Plan satisfies this requirement because Holders of Allowed Claims or Equity Interests in each Class will receive the same rights and treatment as other Holders of Allowed Claims or Equity Interests within such holder's respective class, subject only to the voluntary "opt out" options afforded to members of Class 7 and Class 8 in accordance with the terms of the Plan. Thus, the requirement of section 1123(a)(4) of the Bankruptcy Code is satisfied.

42.     **Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**  Article IV of the

Plan sets forth the means for implementation of the Plan which includes, but is not limited to, the

establishment of:  (i) the Claimant Trust; (ii) the Litigation Sub-Trust; (iii) the Reorganized Debtor;

and (iv) New GP LLC, in the manner set forth in the Plan Documents, the forms of which are

included in the Plan Supplements.

     a.     **The Claimant Trust.**  The Claimant Trust Agreement provides for the management of the Claimant Trust, as well as the Reorganized Debtor with the Claimant Trust serving as the managing member of New GP LLC (a wholly-owned subsidiary of the Claimant Trust that will manage the Reorganized Debtor as its general partner).  The Claimant Trust, the Claimant Trustee, the management and monetization of the Claimant Trust Assets, and the management of the Reorganized Debtor (through the Claimant Trust's role as managing member of New GP LLC) and the Litigation Sub-Trust will all be managed and overseen by the Claimant Trust Oversight Committee.  Additionally, the Plan provides for the transfer to the Claimant Trust of all of the Debtor's rights, title, and interest in and to all of the Claimant Trust Assets in accordance with section 1141 of the Bankruptcy Code and for the Claimant Trust Assets to automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement.  The Claimant Trust will administer the Claimant Trust Assets as provided under the Plan and the Claimant Trust Agreement contained in the Plan Supplements.

     b.     **The Litigation Sub-Trust.**  The Plan and the Litigation Sub-Trust Agreement provide for the transfer to the Litigation Sub-Trust all of the Claimant Trust's rights, title, and interest in and to all of the Estate Claims (as transferred to the Claimant Trust by the Debtor) in accordance with section 1141 of the Bankruptcy Code and for the Estate Claims to automatically vest in the Litigation Sub-Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Litigation Sub-Trust Interests and the Litigation Sub-Trust Expenses, as provided for in the Litigation Sub-Trust Agreement.   The Litigation Trustee is charged with investigating, pursuing, and otherwise resolving any Estate Claims (including those with respect to which the Committee has standing to pursue prior to the Effective Date pursuant to the January 9 Order) pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan, regardless of whether any litigation with respect to any Estate Claim was commenced by the Debtor or the Committee prior to the Effective Date.

000034

      c.    **The Reorganized Debtor**.  The Reorganized Debtor will administer the Reorganized Debtor Assets, which includes managing the wind down of the Managed Funds.

The precise terms governing the execution of these restructuring transactions are set forth in greater detail in the applicable definitive documents included in the Plan Supplements, including the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, and the Schedule of Retained Causes of Action. The Plan, together with the documents and forms of agreement included in the Plan Supplements, provides a detailed blueprint for the transactions contemplated by the Plan. The Plan's various mechanisms provide for the Debtor's continued management of its business as it seeks to liquidate the Debtor's assets, wind down its affairs, and pay the Claims of the Debtor's creditors. Upon full payment of Allowed Claims, plus interest as provided in the Plan, any residual value would then flow to the holders of Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests). Finally, Mr. Seery testified that the Debtor engaged in substantial and arm's length negotiations with the Committee regarding the Debtor's post-Effective Date corporate governance, as reflected in the Plan. Mr. Seery testified that he believes the selection of the Claimant Trustee, Litigation Trustee, and members of the Claimant Trust Oversight Board are in the best interests of the Debtor's economic constituents. Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

      43.    **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).**  The Debtor is not a corporation and the charter documents filed in the Plan Supplements otherwise comply with section 1123(a)(6) of the Bankruptcy Code. Therefore, the requirement of section 1123(a)(6) of the Bankruptcy Code is satisfied.

000035

44. **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).** Article IV of the Plan provides for the Claimant Trust to be governed and administered by the Claimant Trustee. The Claimant Trust, the management of the Reorganized Debtor, and the management and monetization of the Claimant Trust Assets and the Litigation Sub-Trust will be managed by the Claimant Trust Oversight Board. The Claimant Trust Oversight Board will consist of: (1) Eric Felton, as representative of the Redeemer Committee; (2) Joshua Terry, as representative of Acis; (3) Elizabeth Kozlowski, as representative of UBS; (4) Paul McVoy, as representative of Meta-E Discovery; and (5) David Pauker. Four of the members of the Claimant Trust Oversight Committee are the holders of several of the largest Claims against the Debtor and/or are current members of the Committee. Each of these creditors has actively participated in the Debtor's case, both through their fiduciary roles as Committee members and in their individual capacities as creditors. They are therefore intimately familiar with the Debtor, its business, and assets. The fifth member of the Claimant Trustee Oversight Board, David Pauker, is a disinterested restructuring advisor and turnaround manager with more than 25 years of experience advising public and private companies and their investors, and he has substantial experience overseeing, advising or investigating troubled companies in the financial services industry and has advised or managed such companies on behalf of boards or directors, court-appointed trustees, examiners and special masters, government agencies, and private investor parties. The members of the Claimant Trust Oversight Board will serve without compensation, except for Mr. Pauker, who will receive payment of $250,000 for his first year of service, and $150,000 for subsequent years.

DOCS_SF:104487.21 36027/002

000036

45.     **Selection of Trustees.**  The Plan Supplements disclose that Mr. Seery will serve as the Claimant Trustee and Marc Kirschner will serve as the Litigation Trustee.  As noted above, Mr. Seery has served as an Independent Board member since January 2020, and as the Chief Executive Officer and Chief Restructuring Officer since July 2020, and he has extensive management and restructuring experience, as evidenced from his curriculum vitae which is part of the record.   The evidence shows that Mr. Seery is intimately familiar with the Debtor's organizational structure, business, and assets, as well as how Claims will be treated under the Plan.  Accordingly, it is reasonable and in the Estate's best interests to continue Mr. Seery's employment post-emergence as the Claimant Trustee.   Mr. Seery, upon consultation with the Committee, testified that he intends to employ approximately 10 of the Debtor's employees to enable him to manage the Debtor's business until the Claimant Trust effectively monetizes its remaining assets, instead of hiring a sub-servicer to accomplish those tasks.  Mr. Seery testified that he believes that the Debtor's post-confirmation business can most efficiently and cost-effectively be supported by a sub-set of the Debtor's current employees, who will be managed internally.  Mr. Seery shall initially be paid $150,000 per month for services rendered after the Effective Date as Claimant Trustee; however, Mr. Seery's long-term salary as Claimant Trustee and the terms of any bonuses and severance are subject to further negotiation by Mr. Seery and the Claimant Trust Oversight Board within forty-five (45) days after the Effective Date.  The Bankruptcy Court has also reviewed Mr. Kirschner's curriculum vitae.  Mr. Kirschner has been practicing law since 1967 and has substantial experience in bankruptcy litigation matters, particularly with respect to his prior experience as a litigation trustee for several litigation trusts, as set forth on the record of the

DOCS_SF:104487.21 36027/002

000037

Confirmation Hearing and in the Confirmation Brief.  Mr. Kirschner shall be paid $40,000 per month for the first three months and $20,000 per month thereafter, plus a success fee related to litigation recoveries.  The Committee and the Debtor had arm's lengths negotiations regarding the post-Effective Date corporate governance structure of the Reorganized Debtor and believe that the selection of the Claimant Trustee, the Litigation Trustee, and the Claimant Trust Oversight Committee are in the best interests of the Debtor's economic stakeholders.  Section 1123(a)(7) of the Bankruptcy Code is satisfied.

46.    **Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with the applicable provisions of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplements, and all other matters considered by the Bankruptcy Court in connection with this Chapter 11 Case.

47.    **Debtor's Solicitation Complied with Bankruptcy Code and Disclosure Statement Order.**  Before the Debtor solicited votes on the Plan, the Bankruptcy Court entered the Disclosure Statement Order.  In accordance with the Disclosure Statement Order and evidenced by the Affidavits of Service and Publication, the Debtor appropriately served (i) the Solicitation Packages (as defined in the Disclosure Statement Order) on the Holders of Claims in Classes 2, 7, 8 and 9 and Holders of Equity Interests in Classes 10 and 11 who were entitled to vote on the Plan; and (ii) the Notice of Nonvoting Status (as defined in the Disclosure Statement Order) and the

DOCS_SF:104487.21 36027/002

Confirmation Hearing Notice to the Holders of Claims in Classes 1, 3, 4, 5 and 6, who were not entitled to vote on the Plan pursuant to the Disclosure Statement Order. The Disclosure Statement Order approved the contents of the Solicitation Packages provided to Holders of Claims and Equity Interests entitled to vote on the Plan, the notices provided to parties not entitled to vote on the Plan, and the deadlines for voting on and objecting to the Plan. The Debtor and KCC each complied with the content and delivery requirements of the Disclosure Statement Order, thereby satisfying sections 1125(a) and (b) of the Bankruptcy Code, as evidenced by the Affidavits of Service and Publication. The Debtor also satisfied section 1125(c) of the Bankruptcy Code, which provides that the same disclosure statement must be transmitted to each holder of a claim or interest in a particular class. The Debtor caused the same Disclosure Statement to be transmitted to all holders of Claims and Equity Interests entitled to vote on the Plan. The Debtor has complied in all respects with the solicitation requirements of section 1125 of the Bankruptcy Code and the Disclosure Statement Order. The Bankruptcy Court rejects the arguments of the Mr. Dondero and certain Dondero Related Entities that the changes made to certain assumptions and projections from the Liquidation Analysis annexed as Exhibit C to the Disclosure Statement (the "Liquidation Analysis") to the Amended Liquidation Analysis/Financial Projections require resolicitation of the Plan. The Bankruptcy Court heard credible testimony from Mr. Seery regarding the changes to the Liquidation Analysis as reflected in the Amended Liquidation Analysis/Financial Projections. Based on the record, including the testimony of Mr. Seery, the Bankruptcy Court finds that the changes between the Liquidation Analysis and the Amended Liquidation Analysis/Financial Projections do not constitute materially adverse change to the treatment of Claims or Equity

DOCS_SF:104487.21 36027/002

000039

Interests. Instead, the changes served to update the projected distributions based on Claims that were settled after the approval of the Disclosure Statement and to otherwise incorporate more recent financial data. Such changes were entirely foreseeable given the large amount of unliquidated Claims at the time the Disclosure Statement was approved and the nature of the Debtor's assets. The Bankruptcy Court therefore finds that holders of Claims and Equity Interests were not misled or prejudiced by the Amended Liquidation Analysis/Financial Projections and the Plan does not need to be resolicited.

48.     **Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).** The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 Case, the Plan itself, and the extensive, unrebutted testimony of Mr. Seery in which he described the process leading to Plan's formulation. Based on the totality of the circumstances and Mr. Seery's testimony, the Bankruptcy Court finds that the Plan is the result of extensive arm's-length negotiations among the Debtor, the Committee, and key stakeholders, and promotes the objectives and purposes of the Bankruptcy Code. Specifically, the Debtor's good faith in proposing the Plan is supported by the following facts adduced by Mr. Seery:

a.     The Independent Board determined that it should consider all potential restructuring alternatives, including pursuit of a traditional restructuring and the continuation of the Debtor's business, a potential sale of the Debtor's assets in one or more transactions, an asset monetization plan similar to that described in the Plan, and a so-called "grand bargain" plan that would involve Mr. Dondero's sponsorship of a plan with a substantial equity infusion.

37

b.   The Debtor subsequently engaged in arm's-length, good faith negotiations with the Committee over an asset monetization Plan commencing in June 2020, which negotiations occurred over the next several months.

c.   Negotiations between the Debtor and the Committee were often contentious over disputes, including, but not limited to, the post-confirmation corporate governance structure and the scope of releases contemplated by the Plan.

d.   While negotiations with the Committee progressed, the Independent Board engaged in discussions with Mr. Dondero regarding a potential "grand bargain" plan which contemplated a significant equity infusion by Mr. Dondero, and which Mr. Seery personally spent hundreds of hours pursuing over many months.

e.   On August 3, 2020, the Bankruptcy Court entered the *Order Directing Mediation* [Docket No. 912] pursuant to which the Bankruptcy Court ordered the Debtor, the Committee, UBS, Acis, the Redeemer Committee, and Mr. Dondero into mediation.  As a result of this mediation, the Debtor negotiated the settlement of the claims of Acis and Mr. Terry, which the Bankruptcy Court approved on October 28, 2020 [Docket No. 1302].

f.   On August 12, 2020, the Debtor filed its *Chapter 11 Plan of* Reorganization *of Highland Capital Management, L.P.* [Docket No. 944] (the "Initial Plan") and related disclosure statement (the "Initial Disclosure Statement") which were not supported by either the Committee or Mr. Dondero.  The Independent Board filed the Initial Plan and Initial Disclosure Statement in order to act as a catalyst for continued discussions with the Committee while it simultaneously worked with Mr. Dondero on the "grand bargain" plan.

g.   The Bankruptcy Court conducted a contested hearing on the Initial Disclosure Statement on October 27, 2020.  The Committee and other parties objected to approval of the Disclosure Statement at the Initial Disclosure Statement hearing, which was eventually continued to November 23, 2020.

h.   Following the Initial Disclosure Statement hearing, the Debtor continued to negotiate with the Committee and ultimately resolved the remaining material disputes and led to the Bankruptcy Court's approval of the Disclosure Statement on November 23, 2020.

i.   Even after obtaining the Bankruptcy Court's approval of the Disclosure Statement, the Debtor and the Committee continued to negotiate with Mr. Dondero and the Committee over a potential "pot plan" as an alternative to the Plan on file with the Bankruptcy Court, but such efforts were unsuccessful.  This history conclusively demonstrates that the Plan is being proposed in good faith within the meaning of section 1129(a)(3).

DOCS_SF:104487.21 36027/002

49. **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**
Article II.B of the Plan provides that Professionals will file all final requests for payment of Professional Fee Claims no later than 60 days after the Effective Date, thereby providing an adequate period of time for interested parties to review such claims. The procedures set forth in the Plan for the Bankruptcy Court's approval of the fees, costs, and expenses to be paid in connection with this chapter 11 Case, or in connection with the Plan and incident to this Chapter 11 Case, satisfy the objectives of and are in compliance with section 1129(a)(4) of the Bankruptcy Code.

50. **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).** Article IV.B of the Plan provides for the appointment of the Claimant Trustee, Litigation Trustee, and the Claimant Trust Oversight Committee and the members thereto. For the reasons more fully explained in paragraphs 44-45 of this Confirmation Order with respect to the requirement of section 1123(a)(7) of the Bankruptcy Code, the Debtor has disclosed the nature of compensation of any insider to be employed or retained by the Reorganized Debtor, if applicable, and compensation for any such insider. The appointment of such individuals is consistent with the interests of Claims and Equity Interests and with public policy. Thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

51. **No Rate Changes (11 U.S.C. § 1129(a)(6)).** The Plan does not provide for any rate change that requires regulatory approval. Section 1129(a)(6) of the Bankruptcy Code is thus not applicable.

000042

52.     **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**   The "best interests"

test is satisfied as to all Impaired Classes under the Plan, as each Holder of a Claim or Equity

Interest in such Impaired Classes will receive or retain property of a value, as of the Effective Date

of the Plan, that is not less than the amount that such Holder would so receive or retain if the

Debtor were liquidated under chapter 7 of the Bankruptcy Code.  On October 15, 2020, the Debtor

filed the Liquidation Analysis [Docket 1173], as prepared by the Debtor with the assistance of its

advisors and which was attached as Exhibit C to the Disclosure Statement.  On January 29, 2021,

in advance of Mr. Seery's deposition in connection with confirmation of the Plan, the Debtor

provided an updated version of the Liquidation Analysis to the then-objectors of the Plan,

including Mr. Dondero and the Dondero Related Entities.  On February 1, 2021, the Debtor filed

the Amended Liquidation Analysis/Financial Projections.    The Amended Liquidation

Analysis/Financial Projections included updates to the Debtor's projected asset values, revenues,

and expenses to reflect: (1) the acquisition of an interest in an entity known as "HCLOF" that the

Debtor will acquire as part of its court-approved settlement with HarbourVest and that was valued

at $22.5 million; (2) an increase in the value of certain of the Debtor's assets due to changes in

market conditions and other factors; (3) expected revenues and expenses arising in connection with

the Debtor's continued management of the CLOs pursuant to management agreements that the

Debtor decided to retain; (4) increases in projected expenses for headcount (in addition to adding

two or three employees to assist in the management of the CLOs, the Debtor also increased

modestly the projected headcount as a result of its decision not to engage a Sub-Servicer) and

professional fees; and (5) an increase in projected recoveries on notes resulting from the

acceleration of term notes owed to the Debtor by the following Dondero Related Entities: NexPoint Advisors, L.P.; Highland Capital Management Services, Inc.; and HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC).  Under the Plan, as of the Confirmation Date, (a) Class 7 General Unsecured Creditors are projected to receive 85% on account of their claims; and (b) Class 8 General Unsecured Creditors are projected to receive at least approximately 71% on account of their Claims.  Under a hypothetical chapter 7 liquidation, all general unsecured creditors are projected to receive approximately 55% on account of their Claims.  The Bankruptcy Court finds that the distributions that Class 7 and 8 General Unsecured Creditors are projected to receive under the Plan substantially exceeds that which they would receive under a chapter 7 liquidation based on Mr. Seery's testimony, including the following credible reasons he posited, among others:

a. The nature of the Debtor's assets is complex.  Certain assets relate to complicated real estate structures and private equity investments in operating businesses.  Mr. Seery's extensive experience with the Debtor during the thirteen months since his appointment as an Independent Director and later Chief Executive Officer and Chief Restructuring Officer, provides him with a substantial learning curve in connection with the disposition of the Debtor's assets and are reasonably expected to result in him being able to realize tens of millions of dollars more value than would a chapter 7 trustee.

b. Assuming that a hypothetical chapter 7 trustee could even operate the Debtor's business under chapter 7 of the Bankruptcy Code and hire the necessary personnel with the relevant knowledge and experience to assist him or her in selling the Debtor's assets, a chapter 7 trustee would likely seek to dispose of the Debtor's assets in a forced sale liquidation which would generate substantially less value for the Debtor's creditors than the asset monetization plan contemplated by the Plan.

c. A chapter 7 trustee would be unlikely to retain the Debtor's existing professionals to assist in its efforts to monetize assets, resulting in delays, increased expenses, and reduced asset yields for the chapter 7 estate.

     d.     The chapter 7 estate would be unlikely to maximize value as compared to the asset monetization process contemplated by the Plan because potential buyers are likely to perceive a chapter 7 trustee as engaging in a quick, forced "fire sale" of assets; and

     e.     The Debtor's employees, who are vital to its efforts to maximum value and recoveries for stakeholders, may be unwilling to provide services to a chapter 7 trustee.

Finally, there is no evidence to support the objectors' argument that the Claimant Trust Agreement's disclaimed liability for ordinary negligence by the Claimant Trustee compared to a chapter 7 trustee's liability has any relevance to creditor recoveries in a hypothetical chapter 7 liquidation.  Thus, section 1129(a)(7) of the Bankruptcy Code is satisfied.

53.     **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**  Classes 1, 3, 4, 5 and 6 are Unimpaired under the Plan.  Class 2 (Frontier Secured Claim), Class 7 (Convenience Claims), and Class 9 (Subordinated Claims) have each voted to accept the Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes.  However, Class 8 (General Unsecured Claims), Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests) have not accepted the Plan.  Accordingly, section 1129(a)(8) of the Bankruptcy Code has not been satisfied.  The Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

54.     **Treatment of Administrative, Priority, Priority Tax Claims, and Professional Fee Claims (11 U.S.C. § 1129(a)(9)).**  The treatment of Administrative Claims, Priority Claims, and Professional Fee Claims pursuant to Article III of the Plan, and as set forth below with respect to the resolution of the objections filed by the Internal Revenue Service and

certain Texas taxing authorities satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

55.     **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).**  Class 2 (Frontier Secured Claims) and Class 7 (Convenience Claims) are each Impaired Classes of Claims that voted to accept the Plan, determined without including any acceptance of the Plan by any insider.  Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied.

56.     **Feasibility (11 U.S.C. § 1129(a)(11)).**  Article IV of the Plan provides for the implementation of the Plan through the Claimant Trust, the Litigation Sub-Trust, and the Reorganized Debtor.  The Plan provides that the Claimant Trust, among other things, will monetize and distribute the Debtor's remaining assets.  The Disclosure Statement, the Amended Liquidation Analysis/Financial Projections, and the other evidence presented at the Confirmation Hearing provide a reasonable probability of success that the Debtor will be able to effectuate the provisions of the Plan.  The Plan contemplates the establishment of the Claimant Trust upon the Effective Date, which will monetize the Estate's assets for the benefit of creditors.  Mr. Seery testified that the Class 2 Frontier Secured Claim will be paid over time pursuant to the terms of the New Frontier Note and the Reorganized Debtor will have sufficient assets to satisfy its obligations under this note.  The Claims of the Holders of Class 7 Claims (as well as those Class 8 creditors who validly opted to receive the treatment of Class 7 Claims) are expected to be satisfied shortly after the Effective Date.  Holders of Class 8 Claims (including any holders of Class 7 Claims who opted to receive the treatment provided to Class 8 Claims) are not guaranteed any recovery and will

DOCS_SF:104487.21 36027/002

periodically receive pro rata distributions as assets are monetized pursuant to the Plan and the Claimant Trust Agreement. Thus, section 1129(a)(11) of the Bankruptcy Code is satisfied.

57. **Payment of Fees (11 U.S.C. § 1129(a)(12)).** All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Article XII.A of the Plan, thus satisfying the requirement of section 1129(a)(12) of the Bankruptcy Code. The Debtor has agreed that the Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust shall be jointly and severally liable for payment of quarterly fees to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 through the entry of the Final Decree for the Debtor or the dismissal or conversion of the Chapter 11 Case.

58. **Retiree Benefits.** The Plan provides for the assumption of the Pension Plan (to the extent such Pension Plan provides "retiree benefits" and is governed by section 1114 of the Bankruptcy Code). Thus, the Plan complies with section 1129(a)(13) of the Bankruptcy Code, to the extent applicable.

59. **Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(14)-(16)).** Sections 1129(a)(14)-(16) of the Bankruptcy Code are inapplicable as the Debtor (i) has no domestic support obligations (section 1129(a)(14)), (ii) is not an individual (section 1129(a)(15)), and (iii) is not a nonprofit corporation (section 1129(a)(16)).

60. **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).** The classification and treatment of Claims and Equity Interests in Classes 8, 10 and 11, which have not accepted the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does

DOCS_SF:104487.21 36027/002

000047

not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy

Code.

      a.    <u>Class 8</u>.  The Plan is fair and equitable with respect to Class 8 General Unsecured Claims.  While Equity Interests in Class 10 and Class 11 will receive a contingent interest in the Claimant Trust under the Plan (the "<u>Contingent Interests</u>"), the Contingent Interests will not vest unless and until holders of Class 8 General Unsecured Claims and Class 9 Subordinated Claims receive distributions equal to 100% of the amount of their Allowed Claims plus interest as provided under the Plan and Claimant Trust Agreement.  Accordingly, as the holders of Equity Interests that are junior to the Claims in Class 8 and Class 9 will not receive or retain under the Plan on account of such junior claim interest any property unless and until the Claims in Class 8 and Class 9 are paid in full plus applicable interest, the Plan is fair and equitable with respect to holders of Class 8 General Unsecured Claims pursuant to section 1129(b)(2)(B) of the Bankruptcy Code and the reasoning of *In re Introgen Therapuetics* 429 B.R 570 (Bankr. W.D. Tex. 2010).

      b.    <u>Class 10 and Class 11</u>.  There are no Claims or Equity Interests junior to the Equity Interests in Class 10 and Class 11.  Equity Interests in Class 10 and 11 will neither receive nor retain any property under the Plan unless Allowed Claims in Class 8 and Class 9 are paid in full plus applicable interest pursuant to the terms of the Plan and Claimant Trust Agreement.  Thus, the Plan does not violate the absolute priority rule with respect to Classes 10 and 11 pursuant to Bankruptcy Code section 1129(b)(2)(C).  The Plan does not discriminate unfairly as to Equity Interests.  As noted above, separate classification of the Class B/C Partnership Interests from the Class A Partnerships Interests is appropriate because they constitute different classes of equity security interests in the Debtor, and each are appropriately separately classified and treated.

Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that has rejected the Plan.  Thus, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to Classes 8, 10, and 11.

DOCS_SF:104487.21 36027/002

000048

61.     **Only One Plan (11 U.S.C. § 1129(c)).**  The Plan is the only chapter 11 plan confirmed in this Chapter 11 Case, and the requirements of section 1129(c) of the Bankruptcy Code are therefore satisfied.

62.     **Principal Purpose (11 U.S.C. § 1129(d)).**  Mr. Seery testified that the principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

63.     **Satisfaction of Confirmation Requirements.**  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

64.     **Good Faith Solicitation (11 U.S.C. § 1125(e)).**  The Debtor, the Independent Directors, and the Debtor's employees, advisors, Professionals, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

65.     **Discharge (11 U.S.C. § 1141(d)(3)**).  The Debtor is entitled to a discharge of debts pursuant to section 1141(d)(3)(B) of the Bankruptcy Code.  Under the Plan, the Claimant Trust or Reorganized Debtor, as applicable, will continue to manage funds and conduct business

in the same manner as the Debtor did prior to Plan confirmation, which includes the management

of the CLOs, Multi-Strat, Restoration Capital, the Select Fund and the Korea Fund.  Although the

Plan projects that it will take approximately two years to monetize the Debtor's assets for fair

value, Mr. Seery testified that while the Reorganized Debtor and Claimant Trust will be

monetizing their assets, there is no specified time frame by which this process must conclude.  Mr.

Seery's credible testimony demonstrates that the Debtor will continue to engage in business after

consummation of the Plan, within the meaning of Section 1141(d)(3)(b) and that the Debtor is

entitled to a discharge pursuant to section 1141(d)(1) of the Bankruptcy Code.

66.     **Retention of Jurisdiction.**  The Bankruptcy Court may properly retain

jurisdiction over the matters set forth in Article XI of the Plan and/or section 1142 of the

Bankruptcy Code to the maximum extent under applicable law.

67.     **Additional Plan Provisions (11 U.S.C. § 1123(b)).**  The Plan's provisions

are appropriate, in the best interests of the Debtor and its Estate, and consistent with the applicable

provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

68.     **Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).**

The Debtor has exercised reasonable business judgment with respect to the rejection of the

Executory Contracts and Unexpired Leases pursuant the terms of the Plan and this Confirmation

Order, and such rejections are justified and appropriate in this Chapter 11 Case.  The Debtor also

filed the List of Assumed Contracts, which contain notices to the applicable counterparties to the

contracts set forth on Exhibit "FF" to Plan Supplement filed on February 1, 2021 [Docket No.

1875] and which exhibit sets forth the list of executory contracts and unexpired leases to be

DOCS_SF:104487.21 36027/002

000050

assumed by the Debtor pursuant to the Plan (collectively, the "Assumed Contracts"). With respect to the Assumed Contracts, only one party objected to the assumption of any of the Assumed Contracts, but that objection was withdrawn.[8] Any modifications, amendments, supplements, and restatements to the Assumed Contracts that may have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any Claims that may arise in connection therewith. Assumption of any Assumed Contract pursuant to the Plan and full payment of any applicable Cure pursuant to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.

69.     **Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3)).** All of the settlements and compromises pursuant to and in connection with the Plan, comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

70.     **Debtor Release, Exculpation and Injunctions (11 U.S.C. § 1123(b)).** The Debtor Release, Exculpation, and Injunction provisions provided in the Plan (i) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (ii) are integral elements of the transactions incorporated into the Plan, and inextricably bound with the other provisions of the Plan; (iii) confer material benefit on, and are in the best interests of, the Debtor, its Estate, and its

---

[8] *See Notice of Withdrawal of James Dondero's Objection Debtor's Proposed Assumption of Contracts and Cure Amounts Proposed in Connection Therewith* [Docket No. 1876]

DOCS_SF:104487.21 36027/002

000051

creditors; (iv) are fair, equitable, and reasonable; (v) are given and made after due notice and opportunity for hearing; (vi) satisfy the requirements of Bankruptcy Rule 9019; and (vii) are consistent with the Bankruptcy Code and other applicable law, and as set forth below.

71.    **Debtor Release.**  Section IX.D of the Plan provides for the Debtor's release of the Debtor's and Estate's claims against the Released Parties.  Releases by a debtor are discretionary and can be provided by a debtor to persons who have provided consideration to the Debtor and its estate pursuant to section 1123(b)(3)(A) of the Bankruptcy Code.  Contrary to the objections raised by Mr. Dondero and certain of the Dondero Related Entities, the Debtor Release is appropriately limited to release claims held by the Debtor and does not purport to release the claims held by the Claimant Trust, Litigation Sub-Trust, or other third parties.  The Plan does not purport to release any claims held by third parties and the Bankruptcy Court finds that the Debtor Release is not a "disguised" release of any third party claims as asserted by certain objecting parties.  The limited scope of the Debtor Release in the Plan was extensively negotiated with the Committee, particularly with the respect to the Debtor's conditional release of claims against employees, as identified in the Plan, and the Plan's conditions and terms of such releases.  The Plan does not release (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual

fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction. The Debtor Release also contains conditions to such releases as set forth in Article X.D of the Plan with respect to employees (the "Release Conditions"). Until the an employee satisfies the Release Conditions or the Release Conditions otherwise terminate, any claims against such employee will be tolled so that if the Release Conditions are not met the Litigation Trustee may pursue claims against an employee at a later date. The evidence before the Bankruptcy Court, including, but not limited to Mr. Seery's testimony, demonstrates that the Debtor is not aware of any claims against any of the Released Parties, that the Released Parties have been instrumental in assisting the Debtor's efforts toward confirmation of the Plan and that, therefore, the releases are a *quid pro quo* for the Released Parties' significant contributions to a highly complex and contentious restructuring. The Committee, whose members hold approximately $200 million in claims against the Estate, is highly sophisticated and is represented by highly sophisticated professionals, and has actively and vigorously negotiated the terms of the Debtor Release, which was the subject of significant controversy at the Initial Disclosure Statement hearing held by the Bankruptcy Court on October 27, 2020.

72. **Exculpation.** Section IX.C of the Plan provides for the exculpation of certain Exculpated Parties to the extent provided therein (the "Exculpation Provision"). As explained below, the Exculpation Provision is appropriate under the unique circumstances of this litigious Chapter 11 Case and consistent with applicable Fifth Circuit precedent. First, with respect to the Independent Directors, their agents, and their advisors, including any employees acting at

their direction, the Bankruptcy Court finds and concludes that it has already exculpated these parties for acts other than willful misconduct and gross negligence pursuant to the January 9 Order. The January 9 Order was specifically agreed to by Mr. Dondero, who was in control of the Debtor up until entry of the January 9 Order.  The January 9 Order was not appealed.  In addition to the appointment of the Independent Directors in an already contentious and litigious case, the January 9 Order set the standard of care for the Independent Directors and specifically exculpated them for negligence.  Mr. Seery and Mr. Dubel each testified that they had input into the contents of the January 9 Order and would not have agreed to their appointment as Independent Directors if the January 9 Order did not include the protections set forth in paragraph 10 of the January 9 Order. Paragraph 10 of the January 9 Order (1) requires that parties wishing to sue the Independent Directors or their agents and advisors must first seek approval from the Bankruptcy Court before doing so; (2) sets the standard of care for the Independent Directors during the Chapter 11 Case and exculpated the Independent Directors for acts other than willful misconduct or gross negligence; (3) only permits suits against the Independent Directors to proceed for colorable claims of willful misconduct and gross negligence upon order of the Bankruptcy Court; and (4) does not expire by its terms.

73. **Existing Exculpation of Independent Directors.**  The Bankruptcy Court also finds and concludes that  it has already exculpated Mr. Seery acting in the capacity as Chief Executive Officer and Chief Restructuring Officer pursuant to the July 16 Order.  The Bankruptcy Court concludes its previous approval of the exculpation of the Independent Directors, their agents, advisors and employees working at their direction pursuant to the January 9 Order, and the Chief

Executive Officer and Chief Restructuring Officer pursuant to the July 16 Order constitutes the

law of this case and are *res judicata* pursuant to *In re Republic Supply Co. v. Shoaf*, 815 F.2d 1046

(5th Cir.1987).  The January 9 Order and July 16 Order cannot be collaterally attacked based on

the objectors' objection to the exculpation of the Independent Directors, their agents, and advisors,

including any employees acting at their direction, as well as the Chief Executive Officer and Chief

Restructuring Officer, that the Bankruptcy Court already approved pursuant to the January 9 Order

and the July 16 Order.

> 74. **The Exculpation Provision Complies with Applicable Law.**  Separate
>
> and apart from the *res judicata* effect of the January 9 Order and the July 16 Order, the Bankruptcy
>
> Court also finds and concludes that the Exculpation Provision is consistent with applicable law,
>
> including *In re Pacific Lumber Co.*, 584 F.3d 229 (5th Cir. 2009), for several reasons:

> a. First, the statutory basis for *Pacific Lumber's* denial of exculpation for certain
> parties other than a creditors' committee and its members is that section 524(e)
> of the Bankruptcy Code "only releases the debtor, not co-liable third parties." *Pacific
> Lumber*, 253 F.3d. at 253.  However, *Pacific Lumber* does not prohibit all
> exculpations under the Bankruptcy Code and the court in such case specifically
> approved the exculpations of a creditors' committee and its members on the
> grounds that "11 U.S.C. § 1103(c), which lists the creditors' committee's powers,
> implies committee members have qualified immunity for actions within the scope
> of their duties…. [I]f members of the committee can be sued by persons unhappy
> with the committee's performance during the case or unhappy with the outcome of
> the case, it will be extremely difficult to find members to serve on an official
> committee." *Pacific Lumber*, 253 F.3d at 253 (quoting Lawrence P. King, et al,
> Collier on Bankruptcy, ¶ 1103.05[4][b] (15th Ed. 2008]).  *Pacific Lumber's*
> rationale for permitted exculpation of creditors' committees and their members
> (which was clearly policy-based and based on a creditors' committee qualified
> immunity flowing from their duties under section 1103(c) of the Bankruptcy Code
> and their disinterestedness and importance in chapter 11 cases) does not preclude
> exculpation to other parties in a particular chapter 11 case that perform similar roles
> to a creditors' committee and its members.  The Independent Directors, and by
> extension the Chief Executive Officer and Chief Restructuring Officer, were not

DOCS_SF:104487.21 36027/002

part of the Debtor's enterprise prior to their appointment by the Bankruptcy Court under the January 9 Order. The Bankruptcy Court appointed the Independent Directors in lieu of a chapter 11 trustee to address what the Bankruptcy Court perceived as serious conflicts of interest and fiduciary duty concerns with the then-existing management prior to January 9, 2020, as identified by the Committee. In addition, the Bankruptcy Court finds that the Independent Directors expected to be exculpated from claims of negligence, and would likely have been unwilling to serve in contentious cases absent exculpation. The uncontroverted testimony of Mr. Seery and Mr. Dubel demonstrates that the Independent Directors would not have agreed to accept their roles without the exculpation and gatekeeper provision in the January 9 Order. Mr. Dubel also testified as to the increasing important role that independent directors are playing in complex chapter 11 restructurings and that unless independent directors could be assured of exculpation for simple negligence in contentious bankruptcy cases they would be reluctant to accept appointment in chapter 11 cases which would adversely affect the chapter 11 restructuring process. The Bankruptcy Court concludes that the Independent Directors were appointed under the January 9 Order in order to avoid the appointment of a chapter 11 trustee and are analogous to a creditors' committee rather than an incumbent board of directors. The Bankruptcy Court also concludes that if independent directors cannot be assured of exculpation for simple negligence in contentious bankruptcy cases, they may not be willing to serve in that capacity. Based upon the foregoing, the Bankruptcy Court concludes that *Pacific Lumber's* policy of exculpating creditors' committees and their members from "being sued by persons unhappy with the committee's performance during the case or unhappy with the outcome of the case" is applicable to the Independent Directors in this Chapter 11 Case.[9]

b.      Second, the Bankruptcy Court also concludes that *Pacific Lumber* does not preclude the exculpation of parties if there is a showing that "costs [that] the released parties might incur defending against such suits alleging such negligence are likely to swamp either the Exculpated Parties or the reorganization." *Pacific Lumbe*r, 584 F.3d at 252. If ever there was a risk of that happening in a chapter 11 reorganization, it is this one. Mr. Seery credibly testified that Mr. Dondero stated outside the courtroom that if Mr. Dondero's pot plan does not get approved, that Mr. Dondero will "burn the place down." The Bankruptcy Court can easily expect that the proposed Exculpated Parties might expect to incur costs that could swamp them and the reorganization based on the prior litigious conduct of Mr. Dondero and his controlled entities that justify their inclusion in the Exculpation Provision.

---

[9] The same reasoning applies to the inclusion of Strand in the Exculpation Provision because Strand is the general partner of the Debtor through which each of the Independent Board members act.

DOCS_SF:104487.21 36027/002

75. **Injunction.** Section IX.D of the Plan provides for a Plan inunction to implement and enforce the Plan's release, discharge and release provisions (the "Injunction Provision"). The Injunction Provision is necessary to implement the provisions in the Plan. Mr. Seery testified that the Claimant Trustee will monetize the Debtor's assets in order to maximize their value. In order to accomplish this goal, the Claimant Trustee needs to be able to pursue this objective without the interference and harassment of Mr. Dondero and his related entities, including the Dondero Related Entities. Mr. Seery also testified that if the Claimant Trust was subject to interference by Mr. Dondero, it would take additional time to monetize the Debtor's assets and those assets could be monetized for less money to the detriment of the Debtor's creditors. The Bankruptcy Court finds and concludes that the Injunction Provision is consistent with and permissible under Bankruptcy Code sections 1123(a), 1123(a)(6), 1141(a) and (c), and 1142. The Bankruptcy Court rejects assertions by certain objecting parties that the Injunction Provision constitutes a "third-party release." The Injunction Provision is appropriate under the circumstances of this Chapter 11 Case and complies with applicable bankruptcy law. The Bankruptcy Court also concludes that the terms "implementation" and "consummation" are neither vague nor ambiguous

76. **Gatekeeper Provision**. Section IX.F of the Plan contains a provision contained in paragraph AA of this Confirmation Order and which the Debtor has referred to as a gatekeeper provision (the "Gatekeeper Provision"). The Gatekeeper Provision requires that Enjoined Parties first seek approval of the Bankruptcy Court before they may commence an action against Protected Parties. Thereafter, if the Bankruptcy Court determines that the action is

colorable, the Bankruptcy Court may, if it has jurisdiction, adjudicate the action. The Bankruptcy Court finds that the inclusion of the Gatekeeper Provision is critical to the effective and efficient administration, implementation, and consummation of the Plan. The Bankruptcy Court also concludes that the Bankruptcy Court has the statutory authority as set forth below to approve the Gatekeeper Provision.

77.    **Factual Support for Gatekeeper Provision.** The facts supporting the need for the Gatekeeper Provision are as follows. As discussed earlier in this Confirmation Order, prior to the commencement of the Debtor's bankruptcy case, and while under the direction of Mr. Dondero, the Debtor had been involved in a myriad of litigation, some of which had gone on for years and, in some cases, over a decade. Substantially all of the creditors in this case are either parties who were engaged in litigation with the Debtor, parties who represented the Debtor in connection with such litigation and had not been paid, or trade creditors who provided litigation-related services to the Debtor. During the last several months, Mr. Dondero and the Dondero Related Entities have harassed the Debtor, which has resulted in further substantial, costly, and time-consuming litigation for the Debtor. Such litigation includes: (i) entry of a temporary restraining order and preliminary injunction against Mr. Dondero [Adv. Proc. No. 20-03190 Docket No. 10 and 59] because of, among other things, his harassment of Mr. Seery and employees and interference with the Debtor's business operations; (ii) a contempt motion against Mr. Dondero for violation of the temporary restraining order, which motion is still pending before the Bankruptcy Court [Adv. Proc. No. 20-03190 Docket No. 48]; (iii) a motion by Mr. Dondero's controlled investors in certain CLOs managed by the Debtor that the Bankruptcy Court referred to

as frivolous and a waste of the Bankruptcy Court's time [Docket No. 1528] which was denied by

the Court [Docket No. 1605]; (iv) multiple plan confirmation objections focused on ensuring the

Dondero Related Entities be able to continue their litigation against the Debtor and its successors

post-confirmation [Docket Nos. 1661, 1667, 1670, 1673, 1676, 1677 and 1868]; (v) objections to

the approval of the Debtor's settlements with Acis and HarbourVest and subsequent appeals of the

Bankruptcy Court's order approving each of those settlements [Docket Nos. 1347 and 1870]; and

(vi) a complaint and injunction sought against Mr. Dondero's affiliated entities to prevent them

from violating the January 9 Order and entry of a restraining order against those entities [Adv Proc.

No. 21-03000 Docket No 1] (collectively, the "Dondero Post-Petition Litigation").

78.     **Findings Regarding Dondero Post-Petition Litigation.** The Bankruptcy

Court finds that the Dondero Post-Petition Litigation was a result of Mr. Dondero failing to obtain

creditor support for his plan proposal and consistent with his comments, as set forth in Mr. Seery's

credible testimony, that if Mr. Dondero's plan proposal was not accepted, he would "burn down

the place." The Bankruptcy Court concludes that without appropriate protections in place, in the

form of the Gatekeeper Provision, Mr. Dondero and his related entities will likely commence

litigation against the Protected Parties after the Effective Date and do so in jurisdictions other than

the Bankruptcy Court in an effort to obtain a forum which Mr. Dondero perceives will be more

hospitable to his claims. The Bankruptcy Court also finds, based upon Mr. Seery's testimony, that

the threat of continued litigation by Mr, Dondero and his related entities after the Effective Date

will impede efforts by the Claimant Trust to monetize assets for the benefit of creditors and result

in lower distributions to creditors because of costs and distraction such litigation or the threats of such litigation would cause.

79. **Necessity of Gatekeeper Provision.** The Bankruptcy Court further finds that unless the Bankruptcy Court approves the Gatekeeper Provision, the Claimant Trustee and the Claimant Trust Oversight Board will not be able to obtain D&O insurance, the absence of which will present unacceptable risks to parties currently willing to serve in such roles. The Bankruptcy Court heard testimony from Mark Tauber, a Vice President with AON Financial Services, the Debtor's insurance broker ("AON"), regarding his efforts to obtain D&O insurance. Mr. Tauber credibly testified that of all the insurance carriers that AON approached to provide D&O insurance coverage after the Effective Date, the only one willing to do so without an exclusion for claims asserted by Mr. Dondero and his affiliates otherwise requires that this Order approve the Gatekeeper Provision. Based on the foregoing, the Bankruptcy Court finds that the Gatekeeper Provision is necessary and appropriate in light of the history of the continued litigiousness of Mr. Dondero and his related entities in this Chapter 11 Case and necessary to the effective and efficient administration, implementation and consummation of the Plan and is appropriate pursuant to *Carroll v. Abide (In re Carroll)* 850 F.3d 811 (5th Cir. 2017). Approval of the Gatekeeper Provision will prevent baseless litigation designed merely to harass the post-confirmation entities charged with monetizing the Debtor's assets for the benefit of its economic constituents, will avoid abuse of the court system and preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Any suit against a Protected Party would effectively be a suit against the Debtor, and the Debtor may be required to indemnify the Protected

000060

Parties under the Limited Partnership Agreement, which will remain in effect through the Effective Date, or those certain *Indemnification and Guaranty Agreements*, dated January 9, 2020, between Strand, the Debtor, and each Independent Director, following the Confirmation Date as each such agreement will be assumed pursuant to 11 U.S.C. § 365 pursuant to the Plan.

80.     **Statutory Authority to Approve Gatekeeper Provision.** The Bankruptcy Court finds it has the statutory authority to approve the Gatekeeper Provision under sections 1123(a)(5), 1123(b)(6), 1141, 1142(b), and 105(a). The Gatekeeper Provision is also within the spirit of the Supreme Court's "Barton Doctrine." *Barton v. Barbour,* 104 U.S. 126 (1881). The Gatekeeper Provision is also consistent with the notion of a prefiling injunction to deter vexatious litigants, that has been approved by the Fifth Circuit in such cases as *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008), and *In re Carroll,* 850 F.3d 811 (5th Cir. 2017).

81.     **Jurisdiction to Implement Gatekeeper Provision.** The Bankruptcy Court finds that it will have jurisdiction after the Effective Date to implement the Gatekeeper Provision as post-confirmation bankruptcy court jurisdiction has been interpreted by the Fifth Circuit under *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296 (5th Cir. 2002) and *EOP-Colonnade of Dallas Ltd. P'Ship v. Faulkner (In re Stonebridge Techs., Inc.)*, 430 F.3d 260 (5th Cir. 2005). Based upon the rationale of the Fifth Circuit in *Villegas v. Schmidt*, 788 F.3d 156, 158-59 (5th Cir. 2015), the Bankruptcy Court's jurisdiction to act as a gatekeeper does not violate *Stern v. Marshall.* The Bankruptcy Court's determination of whether

a claim is colorable, which the Bankruptcy Court has jurisdiction to determine, is distinct from whether the Bankruptcy Court would have jurisdiction to adjudicate any claim it finds colorable.

82.     **Resolution of Objections of Scott Ellington and Isaac Leventon**.  Each of Scott Ellington ("Mr. Ellington") and Isaac Leventon ("Mr. Leventon") (each, a "Senior Employee Claimant") has asserted certain claims for liquidated but unpaid bonus amounts for the following periods: 2016, 2017, and 2018, as set forth in Exhibit A to that certain *Senior Employees' Limited Objection to Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1669] (the "Senior Employees' Objection") (for each of Mr. Ellington and Mr. Leventon, the "Liquidated Bonus Claims").

a.      Mr. Ellington has asserted Liquidated Bonus Claims in the aggregate amount of $1,367,197.00, and Mr. Leventon has asserted Liquidated Bonus Claims in the aggregate amount of $598,198.00.  Mr. Ellington received two Ballots[10] – a Ballot for Class 7 of the Plan and a Ballot for Class 8 of the Plan.  Mr. Ellington completed and timely returned both of such Ballots, voted to reject the Plan, and elected to have his Class 8 Liquidated Bonus Claims treated under Class 7 of the Plan, subject to the objections and reservations of rights set forth in the Senior Employees' Objection.  If Mr. Ellington is permitted to elect Class 7 treatment for his Liquidated Bonus Claims, then the maximum amount of his Liquidated Bonus Claims will be $1,000,000.

b.      Mr. Leventon received two Ballots—a Ballot for Class 7 of the Plan and a Ballot for Class 8 of the Plan.  Mr. Leventon completed and timely returned both of such Ballots and voted each such Ballots to rejected the Plan.

c.      The Senior Employees' Objection, among other things, objects to the Plan on the grounds that the Debtor improperly disputes the right of Mr. Ellington to elect Class 7 treatment for his Liquidated Bonus Claims and Mr. Leventon's entitlement to receive Class 7 Convenience Class treatment for his Liquidated Bonus Claims.  The Debtor contended that neither Mr. Ellington or Mr. Leventon were entitled to elect to receive Class 7 Convenience Class treatment on account of their Liquidated

---

[10] As defined in the Plan, "Ballot" means the forms(s) distributed to holders of Impaired Claims or Equity Interests entitled to vote on the Plan on which to indicate their acceptance or rejection of the Plan.

DOCS_SF:104487.21 36027/002

Bonus Claims under the terms of the Plan, the Disclosure Statement Order or applicable law.

d.    The Debtor and Mr. Ellington and Mr. Leventon negotiated at arms' length in an effort to resolve all issues raised in the Senior Employee's Objection, including whether or not Mr. Ellington and Mr. Leventon were entitled to Class 7 Convenience Class treatment of their Liquidated Bonus Claims. As a result of such negotiation, the Debtor, Mr. Ellington, and Mr. Leventon have agreed to the settlement described in paragraphs 82(e) through 82(k) below and approved and effectuated pursuant to decretal paragraphs RR through SS (the "Senior Employees' Settlement").

e.    Under the terms of the Senior Employees' Settlement, the Debtor has the right to elect one of two treatments of the Liquidated Bonus Claims for a Senior Employee Claimant. Under the first treatment option ("Option A"), the Liquidated Bonus Claims will be entitled to be treated in Class 7 of the Plan, and the Liquidated Bonus Claims will be entitled to receive payment in an amount equal to 70.125% of the Class 7 amount of the Liquidated Bonus Claims, subject to the Liquidated Bonus Claims becoming Allowed Claims under the terms of the Plan. Under this calculation, Mr. Ellington would be entitled to receive $701,250.00 on account of his Class 7 Convenience Class Claim when and as Allowed under the Plan, and Mr. Leventon would be entitled to receive $413,175.10 on account of his Class 7 Convenience Class Claim when and as Allowed under the Plan. If, however, any party in interest objects to the allowance of the Senior Employee Claimant's Liquidated Bonus Claims and does not prevail in such objection, then such Senior Employee Claimant will be entitled to a payment in an amount equal to 85% of his Allowed Liquidated Bonus Claims (subject, in the case of Mr. Ellington, to the cap imposed on Class 7 Claims). In addition, under Option A, each of Mr. Ellington and Mr. Leventon would retain their respective rights to assert that the Liquidated Bonus Claims are entitled to be treated as Administrative Expense Claims, as defined in Article I.B.2. of the Plan, in which case the holder of such Liquidated Bonus Claims would be entitled to payment in full of the Allowed Liquidated Bonus Claims. Under Option A, parties in interest would retain the right to object to any motion seeking payment of the Liquidated Bonus Amounts as Administrative Expenses.

f.    Under the second treatment option ("Option B"), the Debtor would agree that the Senior Employee Claimant has Allowed Liquidated Bonus Claims, no longer subject to objection by any party in interest, in the amounts of the Liquidated Bonus Claims (subject, in the case of Mr. Ellington, to the cap imposed by Class 7). If the Debtor elects Option B as to a Senior Employee Claimant, then such Senior Employee Claimant would be entitled to a payment on account of his Allowed Liquidated Bonus Claims in an amount equal to 60% of the amount of the

DOCS_SF:104487.21 36027/002

Liquidated Bonus Claims (which, in Mr. Ellington's case, would be $600,000 and in Mr. Leventon's case, would be $358,918.80), and such payment would be the sole recovery on account of such Allowed Liquidated Bonus Claims.

g.     The Debtor may, with the consent of the Committee, elect Option B with respect to a Senior Employee Claimant at any time prior to the occurrence of the Effective Date.  If the Debtor does not make an election, then Option A will apply.

h.     Under either Option A or Option B, Mr. Ellington and Mr. Leventon will retain all their rights with respect to all Claims other than the Liquidated Bonus Amounts, including, but not limited to, their Class 6 PTO Claims, other claims asserted as Class 8 General Unsecured Claims, the Senior Employees' claims for indemnification against the Debtor, and any other claims that they may assert constitute Administrative Expense Claims, and any other such Claims are subject to the rights of any party in interest to object to such Claims, and the Debtor reserves any all of its rights and defenses in connection therewith.

i.     Subject to entry of this Confirmation Order and as set forth and announced on the record at the hearing on confirmation of the Plan and no party objecting thereto, Mr. Ellington and Mr. Leventon agreed to change the votes in their respective Ballots from rejection to acceptance of the Plan and to withdraw the Senior Employees' Objection.

j.     The Senior Employees' Settlement represents a valid exercise of the Debtor's business judgment and satisfies the requirements for a compromise under Bankruptcy Rule 9019(a).

k.     For the avoidance of doubt, neither Mr. Leventon nor Mr. Ellington shall be a Released Party under the Plan regardless of how the Senior Employee Claimants' Claims are to be treated hereunder.

Based upon the foregoing findings, and upon the record made before the Bankruptcy Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

A.     **Confirmation of the Plan.**  The Plan is approved in its entirety and **CONFIRMED** under section 1129 of the Bankruptcy Code.  The terms of the Plan, including the

DOCS_SF:104487.21 36027/002

000064

Plan Supplements and Plan Modifications, are incorporated by reference into and are an integral part of this Confirmation Order.[11]

**B.    Findings of Fact and Conclusions of Law**.  The findings of fact and the conclusions of law set forth in this Confirmation Order and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  All findings of fact and conclusion of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to confirmation of the Plan are hereby incorporated into this Confirmation Order.  To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any findings of fact or conclusions of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Bankruptcy Court, and is adopted as such.

**C.    Objections**.  Any resolution or disposition of objections to confirmation of the Plan or otherwise ruled upon by the Bankruptcy Court on the record of the Confirmation Hearing is hereby incorporated by reference.  All objections and all reservations of rights pertaining to confirmation of the Plan that have not been withdrawn, waived or settled are overruled on the merits, except as otherwise specifically provided in this Confirmation Order.

**D.    Plan Supplements and Plan Modifications.**    The filing with the Bankruptcy Court of the Plan Supplements and the Plan Modifications constitutes due and

---

[11] The Plan is attached hereto as **Exhibit A**.

DOCS_SF:104487.21 36027/002

000065

sufficient notice thereof.  Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and

Bankruptcy Rule 3019, the Plan Modifications and the Plan Supplements do not require additional

disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126

of the Bankruptcy Code, nor do they require that Holders of Claims or Equity Interests be afforded

an opportunity to change previously cast acceptances or rejections of the Plan.  The Plan

Modifications and the Plan Supplements constitute the Plan pursuant to section 1127(a) of the

Bankruptcy Code.  Accordingly, the Plan, as modified, is properly before the Bankruptcy Court

and all votes cast with respect to the Plan prior to such modification shall be binding and shall

apply with respect to the Plan.

      E.     **Deemed Acceptance of Plan.**  In accordance with section 1127 of the

Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Equity Interests who voted

to accept the Plan (or whom are conclusively presumed to accept the Plan) are deemed to have

accepted the Plan as modified by the Plan Modifications.  No holder of a Claim shall be permitted

to change its vote as a consequence of the Plan Modifications.

      F.     **Vesting of Assets in the Reorganized Debtor.**  Except as otherwise

provided in the Plan or this Confirmation Order, on or after the Effective Date, all Reorganized

Debtor Assets will vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or

other encumbrances pursuant to section 1141(c) of the Bankruptcy Code, except with respect to

such Liens, Claims, charges, and other encumbrances that are specifically preserved under the Plan

upon the Effective Date.  The Reorganized Debtor shall be the exclusive trustee of the Reorganized

Debtor Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the

DOCS_SF:104487.21 36027/002

representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reorganized Debtor Assets.

G.    **Effectiveness of All Actions.**    All actions contemplated by the Plan, including all actions in connection with the Claimant Trust Agreement, the Senior Employee Stipulation, the New GP LLC Documents, the New Frontier Note, the Reorganized Limited Partnership Agreement, the Litigation Sub-Trust Agreement, and the other Plan Documents, are authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to or order of the Bankruptcy Court, or further action by the directors, managers, officers or partners of the Debtor or the Reorganized Debtor and with the effect that such actions had been taken by unanimous action of such parties.

H.    **Restructuring Transactions.**    The Debtor or Reorganized Debtor, as applicable, are authorized to enter into and effectuate the Restructuring provided under the Plan, including, without limitation, the entry into and consummation of the transactions contemplated by the Claimant Trust Agreement, the Senior Employee Stipulation, the New GP LLC Documents, the New Frontier Note, the Reorganized Limited Partnership Agreement, the Litigation Sub-Trust Agreement, and the other Plan Documents, and may take any actions as may be necessary or appropriate to effect a corporate restructuring of its business or a corporate restructuring of the overall corporate structure of the Reorganized Debtor, as and to the extent provided in the Plan. Any transfers of assets or equity interests effected or any obligations incurred through the Restructuring pursuant to the Plan are hereby approved and shall not constitute fraudulent conveyances or fraudulent transfers or otherwise be subject to avoidance.

I.      **Preservation of Causes of Action.**  Unless a Cause of Action against a

Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released,

compromised or settled in the Plan or any Final Order (including, without limitation, this

Confirmation Order), such Cause of Action is expressly reserved for later adjudication by the

Reorganized Debtor, the Litigation Sub-Trust, or the Claimant Trust, as applicable (including,

without limitation, Causes of Action not specifically identified or of which the Debtor may

presently be unaware or that may arise or exist by reason of additional facts or circumstances

unknown to the Debtor at this time or facts or circumstances that may change or be different from

those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without

limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion,

waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as

a consequence of the confirmation, effectiveness, or consummation of the Plan based on the

Disclosure Statement, the Plan, or this Confirmation Order, except where such Causes of Action

have been expressly released in the Plan or any other Final Order (including, without limitation,

this Confirmation Order).  In addition, the right of the Reorganized Debtor, the Claimant Trust, or

the Litigation Sub-Trust to pursue or adopt any claims alleged in any lawsuit in which the Debtor

is a plaintiff, defendant or an interested party, against any Entity, including, without limitation, the

plaintiffs or co-defendants in such lawsuits, is expressly reserved.

J.      **Independent Board of Directors of Strand.**  The terms of the current

Independent Directors shall expire on the Effective Date without the need for any further or other

action by any of the Independent Directors.  For avoidance of doubt, the Assumed Contracts

include the *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and James Seery*; the *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and John Dubel* and *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and Russell Nelms* and shall each remain in full force and effect notwithstanding the expiration of the terms of any Independent Directors.

  **K.**  **Cancellation of Equity Interests and Issuance of New Partnership Interests.** On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be deemed cancelled, and all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, such Class A Limited Partnership Interests and Class B/C Limited Partnership Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement. As of the Effective Date and pursuant to the Plan, new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC. The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner. The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited

000069

Partnership Agreement. Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC. The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

       **L.**    **Transfer of Assets to Claimant Trust.** On or prior to the Effective Date, the Debtor shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Claimant Trust all of its rights, title, and interest in and to all of the Claimant Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, the Claimant Trust Assets shall automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement, and such transfer shall be exempt from any stamp, real estate transfer, mortgage from any stamp, transfer, reporting, sales, use, or other similar tax. Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to the Plan and the Claimant Trust Agreement.

       **M.**    **Transfer of Estate Claims to Litigation Sub-Trust**. On or prior to the Effective Date, the Claimant Trust shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Litigation Sub-Trust all of the Claimant Trust's rights, title, and interest in and to all of the Estate Claims as successor in interest to the Debtor, and in accordance with section 1141 of the Bankruptcy Code, the Estate Claims shall automatically vest in the Litigation Sub-Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Litigation Sub-Trust Interests and Litigation Sub-Trust Expenses. The Litigation Trustee will

000070

be authorized to investigate, pursue, and otherwise resolve the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan, including as successor in interest to the Debtor or Committee, as applicable, in any litigation commenced prior to the Effective Date in which Estate Claims are asserted.

      **N.**    **Compromise of Controversies.**  In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Equity Interests, and controversies resolved under the Plan and the entry of this Confirmation Order constitutes approval of such compromise and settlement under Bankruptcy Rule 9019.

      **O.**    **Objections to Claims**.  The Claims Objection Deadline shall be the date that is 180 days after the Effective Date, *provided, however*, that the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee and as otherwise provided under the Plan.

      **P.**    **Assumption of Contracts and Leases.**  Effective as of the date of this Confirmation Order, each of the Assumed Contacts shall be assumed by the Debtor without the need for any further notice to or action, order, or approval of the Bankruptcy Court, under section 365 of the Bankruptcy Code and the payment of Cures, if any, shall be paid in accordance with the Plan.  Each Assumed Contract shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests.  Modifications, amendments, supplements, and restatements to any of the

DOCS_SF:104487.21 36027/002

000071

Assumed Contracts that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of such Assumed Contracts or the validity, priority, or amount of any Claims that may arise in connection therewith. Assumption of the Assumed Contracts pursuant to Article V.A of the Plan and full payment of any applicable Cure pursuant to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition, or other bankruptcy-related defaults, arising under any Assumed Contracts.

Q. **Rejection of Contracts and Leases.** Unless previously assumed during the pendency of the Chapter 11 Case or pursuant to the Plan, all other Executory Contracts and Unexpired Leases are rejected as of the date of the entry of this Confirmation Order and pursuant to the terms of the Plan. To the extent that any party asserts any damages resulting from the rejection of any Executory Contract or Unexpired Lease, such claim must be filed within **thirty (30) days** following entry of this Confirmation Order, or such claim will be forever barred and disallowed against the Reorganized Debtor.

R. **Assumption of Issuer Executory Contracts.** On the Confirmation Date, the Debtor will assume the agreements set forth on **Exhibit B** hereto (collectively, the "Issuer Executory Contracts") pursuant to section 365 of the Bankruptcy Code and Article V of the Plan. In full and complete satisfaction of its obligation to cure outstanding defaults under section 365(b)(1) of the Bankruptcy Code, the Debtor or, as applicable, any successor manager under the

Issuer Executory Contracts (collectively, the "Portfolio Manager") will pay to the Issuers[12] a cumulative amount of $525,000 (the "Cure Amount") as follows:

    a.    $200,000 in cash on the date that is five business days from the Effective Date, with such payment paid directly to Schulte Roth & Zabel LLP ("SRZ") in the amount of $85,714.29, Jones Walker LLP ("JW") in the amount of $72,380.95, and Maples Group ("Maples" and collectively with SRZ and JW, the "Issuers' Counsel") in the amount of $41,904.76 as reimbursement for the attorney's fees and other legal expenses incurred by the Issuers in connection with the Debtor's bankruptcy case; and

    b.    $325,000 in four equal quarterly payments of $81,250.00 (each, a "Payment"), which amounts shall be paid to SRZ in the amount of $34,821.43, JW in the amount of $29,404.76, and Maples in the amount of $17,023.81 as additional reimbursement for the attorney's fees and other legal expenses incurred by the Issuers in connection with the Debtor's bankruptcy case (i) from any management fees actually paid to the Portfolio Manager under the Issuer Executory Contracts (the "Management Fees"), and (ii) on the date(s) Management Fees are required to be paid under the Issuer Executory Contracts (the "Payment Dates"), and such obligation shall be considered an irrevocable direction from the Debtor and the Bankruptcy Court to the relevant CLO Trustee to pay, on each Payment Date, the Payment to Issuers' Counsel, allocated in the proportion set forth in such agreement; *provided, however,* that (x) if the Management Fees are insufficient to make any Payment in full on a Payment Date, such shortfall, in addition to any other amounts due hereunder, shall be paid out of the Management Fees owed on the following Payment Date, and (y) nothing herein shall limit either Debtor's liability to pay the amounts set forth herein, nor the recourse of the Issuers or Issuers' Counsel to the Debtor, in the event of any failure to make any Payment.

    **S.**    **Release of Issuer Claims.**  Effective as of the Confirmation Date, and to the maximum extent permitted by law, each Issuer on behalf of itself and each of its current and former advisors, trustees, directors, officers, managers, members, partners, employees, beneficiaries, shareholders, agents, participants, subsidiaries, parents, successors, designees, and

---

[12] The "Issuers" are: Brentwood CLO, Ltd., Gleneagles CLO, Ltd., Greenbriar CLO, Ltd., Highland CLO 2018-1, Ltd., Highland Legacy Limited, Highland Loan Funding V Ltd., Highland Park CDO I, Ltd., Pam Capital Funding LP, Rockwall CDO II Ltd., Rockwall CDO Ltd., Southfork CLO Ltd., Stratford CLO Ltd., Westchester CLO, Ltd., Aberdeen Loan Funding, Ltd., Eastland CLO, Ltd., Grayson CLO, Ltd., Highland Credit Opportunities CDO Ltd., Jasper CLO, Ltd., Liberty Cayman Holdings, Ltd., Liberty CLO, Ltd., Red River CLO, Ltd., Valhalla CLO, Ltd.

000073

assigns hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue, (i) the Debtor and (ii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, the Independent Directors, the CEO/CRO, and with respect to the Persons listed in this subsection (ii), such Person's Related Persons (collectively, the "Debtor Released Parties"), for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether known or unknown, including, without limitation, those which were or could have been asserted in, in connection with, or with respect to the Bankruptcy Case (collectively, the "Issuer Released Claims").

  **T.**  **Release of Debtor Claims against Issuer Released Parties.** Upon entry of this Order, and to the maximum extent permitted by law, the Debtor hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue [(i) each Issuer and (ii) Wendy Ebanks, (iii) Yun Zheng, (iv) Laura Chisholm, (v) Mora Goddard, (vi) Stacy Bodden, (vii) Suzan Merren (viii) Scott Dakers, (ix) Samit Ghosh, (x) Inderjit Singh, (xi) Ellen Christian, (xii) Andrew Dean, (xiii) Betsy Mortel, (xiv) David Hogan, (xv) Cleveland Stewart, (xvi) Rachael Rankin, (xvii) Otelia Scott, (xviii) Martin Couch, (xx) Ferona Bartley-Davis, (xxi) Charlotte Cloete, (xxii) Christina McLean, (xxiii) Karen Ellerbe,

71

(xxiv) Gennie Kay Bigord, (xxv) Evert Brunekreef, (xxvii) Evan Charles Burtton (collectively, the "Issuer Released Parties")] for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether known or unknown, which were or could have been asserted in, in connection with, or with respect to the Bankruptcy Case (collectively, the "Debtor Released Claims"); *provided, however,* that notwithstanding anything herein to the contrary, the release contained herein will apply to the Issuer Released Parties set forth in subsection (ii) above only with respect to Debtor Released Claims arising from or relating to the Issuer Executory Contracts. Notwithstanding anything in this Order to the contrary, the releases set forth in paragraphs S and T hereof will not apply with respect to the duties, rights, or obligations of the Debtor or any Issuer hereunder.

U. **Authorization to Consummate.** The Debtor is authorized to consummate the Plan after the entry of this Confirmation Order subject to satisfaction or waiver of the conditions precedent to the Effective Date of the Plan set forth in Article VIII.A of the Plan. The Plan shall not become effective unless and until the conditions set forth in Article VIII.A of the Plan have been satisfied, or otherwise waived pursuant to Article VIII.B of the Plan.

V. **Professional Compensation.** All requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date

must be filed no **later than sixty (60) days after the Effective Date**. The Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims after notice and an opportunity for hearing in accordance with the procedures established by the Bankruptcy Code and the Bankruptcy Court. The Debtor shall fund the Professional Fee Reserve as provided under the Plan. The Reorganized Debtor shall pay Professional Fee Claims in Cash in the amounts the Bankruptcy Court allows. The Debtor is authorized to pay the pre-Effective Date fees and expenses of all ordinary course professionals in the ordinary course of business without the need for further Bankruptcy Court order or approval. From and after the Effective Date, any requirement that Professionals comply with sections 327 through 331 and 1103 (if applicable) of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtor or Claimant Trustee, as applicable, may employ and pay any Professional or Entity employed in the ordinary course of the Debtor's business without any further notice to or action, order, or approval of the Bankruptcy Court.

   **W. Release, Exculpation, Discharge, and Injunction Provisions. The following release, exculpation, discharge, and injunction provisions set forth in the Plan are approved and authorized in their entirety, and such provisions are effective and binding on all parties and Entities to the extent provided therein.**

   **X. Discharge of Claims and Termination of Interests.** To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Plan or this Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement,

discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests.  Except as otherwise expressly provided by the Plan or this Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

Y.     **Exculpation.**  Subject in all respects to Article XII.D of the Plan, to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(v);

74

*provided, however*, the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date.  The Plan's exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of the Plan, including Article IV.C.2 of the Plan, protecting such Exculpated Parties from liability.

**Z.**     **Releases by the Debtor.**  On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, including, but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release: (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under

DOCS_SF:104487.21 36027/002

any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance

Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual

fraud, or gross negligence of such applicable Released Party as determined by Final Order of the

Bankruptcy Court or any other court of competent jurisdiction.

**AA.    Injunction.  Upon entry of this Confirmation Order, all Enjoined
Parties are and shall be permanently enjoined, on and after the Effective Date, from taking
any actions to interfere with the implementation or consummation of the Plan.  Except as
expressly provided in the Plan, this Confirmation Order, or a separate order of the
Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after
the Effective Date, with respect to any Claims and Equity Interests, from directly or
indirectly (i) commencing, conducting, or continuing in any manner, any suit, action, or
other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative
or other forum) against or affecting the Debtor or the property of the Debtor, (ii) enforcing,
levying, attaching (including any prejudgment attachment), collecting, or otherwise
recovering, enforcing, or attempting to recover or enforce, by any manner or means, any
judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii)
creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or
encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any
right of setoff, directly or indirectly, against any obligation due to the Debtor or against
property or interests in property of the Debtor, except to the limited extent permitted under
Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner,**

DOCS_SF:104487.21 36027/002

in any place whatsoever, that does not conform to or comply with the provisions of the Plan.
The injunctions set forth in the Plan and this Confirmation Order shall extend to, and apply
to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding
paragraph against any successors of the Debtor, including, but not limited to, the
Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective
property and interests in property.  Subject in all respects to Article XII.D of the Plan, no
Enjoined Party may commence or pursue a claim or cause of action of any kind against any
Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation
of the Plan, the administration of the Plan or property to be distributed under the Plan, the
wind down of the business of the Debtor or Reorganized Debtor, the administration of the
Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the
foregoing without the Bankruptcy Court (i) first determining, after notice and a hearing,
that such claim or cause of action represents a colorable claim of any kind, including, but
not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross
negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to
bring such claim or cause of action against any such Protected Party; *provided, however*, the
foregoing will not apply to a claim or cause of action against Strand or against any Employee
other than with respect to actions taken, respectively, by Strand or by such Employee from
the date of appointment of the Independent Directors through the Effective Date.  The
Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or
cause of action is colorable and, only to the extent legally permissible and as provided for in

000080

**Article XI of the Plan, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.**

**BB. Duration of Injunction and Stays. Unless otherwise provided in the Plan, in this Confirmation Order, or in a Final Order of the Bankruptcy Court, (i) all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date, shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect subject to Section 362(c) of the Bankruptcy Code, and to the extent necessary if the Debtor does not receive a discharge, the Bankruptcy Court will enter an equivalent order under Section 105.**

**CC. Continuance of January 9 Order and July 16 Order.** Unless otherwise provided in the Plan, in this Confirmation Order, or in a Final Order of the Bankruptcy Court, each of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course, entered by the Bankruptcy Court on January 9, 2020* [Docket No. 339] and *Order Approving the Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative Nunc Pro Tunc to March 15, 2020* [Docket No. 854] entered on July 16, 2020  shall remain in full force and effect from the Confirmation Date and following the Effective Date.

**DD. No Governmental Releases.** Nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or

any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against any party or person, nor shall anything in this Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against any party or person for any liability of such persons whatever, including without limitation any claim, suit, or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against such persons, nor shall anything in this Confirmation Order or the Plan exculpate any party or person from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state and local authority against any party or person.

**EE.  Exemption from Transfer Taxes.**  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers (whether from the Debtor to the Reorganized Debtor or to any other Person) of property under the Plan or pursuant to: (a) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Debtor or the Reorganized Debtor; (b) the Restructuring transactions pursuant to the Plan; (c) the creation, modification, consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (d) the making, assignment, or recording of any lease or sublease; or (e) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan,

DOCS_SF:104487.21 36027/002

000082

including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation of any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

FF. **Cancellation of Notes, Certificates and Instruments.** Except for the purpose of evidencing a right to a distribution under the Plan and except as otherwise set forth in the Plan or as otherwise provided in this Confirmation Order, on the Effective Date, all agreements, instruments, Securities and other documents evidencing any prepetition Claim or Equity Interest and any rights of any Holder in respect thereof shall be deemed cancelled, discharged, and of no force or effect. The holders of or parties to such cancelled instruments, Securities, and other documentation will have no rights arising from or related to such instruments, Securities, or other documentation or the cancellation thereof, except the rights provided for pursuant to the Plan, and the obligations of the Debtor thereunder or in any way related thereto will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the

DOCS_SF:104487.21 36027/002

000083

Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person.

      **GG.**   **Documents, Mortgages, and Instruments.**   Each federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the Plan, including the Restructuring transactions contemplated under the Plan, and this Confirmation Order.

      **HH.**   **Post-Confirmation Modifications.**   Subject section 1127(b) of the Bankruptcy Code and the Plan, the Debtor and the Reorganized Debtor expressly reserve their rights to revoke or withdraw, or to alter, amend, or modify materially the Plan, one or more times after Confirmation and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XII.B of the Plan.

      **II.**   **Applicable Nonbankruptcy Law.**   The provisions of this Confirmation Order, the Plan and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

      **JJ.**   **Governmental Approvals Not Required.**   This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state,

federal, or other governmental authority with respect to the dissemination, implementation, or consummation of the Plan and the Disclosure Statement, any certifications, documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

**KK.  Notice of Effective Date.**  As soon as reasonably practicable after the Effective Date, the Reorganized Debtor shall file notice of the Effective Date and shall serve a copy of the same on all Holders of Claims and Equity Interests, and all parties who have filed with the Bankruptcy Court requests to receive notices in accordance with Bankruptcy Rules 2002 and 3020(c).  Notwithstanding the above, no notice of Confirmation or Consummation or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtor mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Entity, or is otherwise aware, of that Entity's new address. The above-referenced notices are adequate under the particular circumstances of this Chapter 11 Case and no other or further notice is necessary.

**LL.  Substantial Consummation.**  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

**MM.  Waiver of Stay.**  For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

DOCS_SF:104487.21 36027/002

000085

NN.     **References to and Omissions of Plan Provisions.**  References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.  The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

OO.     **Headings.**  Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

PP.     **Effect of Conflict.**  This Confirmation Order supersedes any Bankruptcy Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.  If there is any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order govern and control.  If there is any inconsistency between the terms of this Confirmation Order and the terms of a final, executed Plan Supplement Document, the terms of the final, executed Plan Supplement Document will govern and control.

QQ.     **Resolution of Objection of Texas Taxing Authorities.**  Dallas County, Kaufman County, City of Allen, Allen ISD and City of Richardson (collectively, the "Tax Authorities") assert that they are the holders of prepetition and administrative expense claims for 2019, 2020 and 2021 ad valorem real and business personal property taxes.  The ad valorem property taxes for tax year 2020 shall be paid in accordance with and to the extent required under

DOCS_SF:104487.21 36027/002

000086

applicable nonbankruptcy law.  In the event the 2020 taxes are paid after February 1, 2021, the

Tax Authorities may assert any rights and amounts they claim are owed with respect to penalties

and interest that have accrued through the date of payment and the Debtor and Reorganized Debtor

reserve any all rights and defenses in connection therewith.

a.  The Debtor/Reorganized Debtor shall pay all amounts owed to the Tax Authorities for tax year 2021 in accordance with and to the extent required under applicable nonbankruptcy law.  The Tax Authorities shall not be required to file and serve an administrative expense claim and request for payment as a condition of allowance of their administrative expense claims pursuant to 11 U.S.C. Section 503(b)(1)(D). With regard to year 2019 ad valorem property taxes, the Tax Authorities will receive payment of their prepetition claims within 30 days of the Effective Date of the Plan.  The payment will include interest from the Petition Date through the Effective Date and from the Effective Date through payment in full at the state statutory rate pursuant to 11 U.S.C. Sections 506(b), 511, and 1129, if applicable, subject to all of the Debtor's and Reorganized Debtor's rights and defenses in connection therewith. Notwithstanding any other provision in the Plan, the Tax Authorities shall (i) retain the liens that secure all prepetition and postpetition amounts ultimately owed to them, if any, as well as (ii) the state law priority of those liens until the claims are paid in full.

b.  The Tax Authorities' prepetition claims and their administrative expense claims shall not be discharged until such time as the amounts owed are paid in full.  In the event of a default asserted by the Taxing Authorities, the Tax Authorities shall provide notice Debtor or Reorganized Debtor, as applicable, and may demand cure of any such asserted default.  Subject to all of its rights and defenses, the Debtor or Reorganized Debtor shall have fifteen (15) days from the date of the notice to cure the default.  If the alleged default is not cured, the Tax Authorities may exercise any of their respective rights under applicable law and pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court, subject in all respects to the Debtor's and Reorganized Debtor's applicable rights and defenses. The Debtor/Reorganized Debtor shall be entitled to any notices of default required under applicable nonbankruptcy law and each of the Taxing Authorities, the Debtor and the Reorganized Debtor reserve any and all of their respective rights and defenses in connection therewith.  The Debtor's and Reorganized Debtor's rights and defenses under Texas Law and the Bankruptcy Code with respect to this provision of the Confirmation Order, including their right to dispute or object to the Tax Authorities' Claims and liens, are fully preserved.

DOCS_SF:104487.21 36027/002

000087

       **RR.**    **Resolution of Objections of Scott Ellington and Isaac Leventon.**

Pursuant to Bankruptcy Rule 9019(a), the Senior Employees' Settlement is approved in all

respects.  The Debtor may, only with the consent of the Committee, elect Option B for a Senior

Employee Claimant by written notice to such Senior Employee Claimant on or before the

occurrence of the Effective Date.  If the Debtor does not elect Option B, then Option A will govern

the treatment of the Liquidated Bonus Claims.

      a.      Notwithstanding any language in the Plan, the Disclosure Statement, or this Confirmation Order to the contrary, if Option A applies to the Liquidated Bonus Claims of a Senior Employee Claimant, then the Liquidated Bonus Claims of such Senior Employee Claimant will receive the treatment described in paragraph 82(e) hereof, and if the Debtor timely elects Option B with respect to the Liquidated Bonus Claims of a Senior Employee Claimant, then the Liquidated Bonus Claims of such Senior Employee will receive the treatment described in paragraph 82(f) hereof.

      b.      The Senior Employees' Settlement is hereby approved, without prejudice to the respective rights of Mr. Ellington and Mr. Leventon to assert all their remaining Claims against the Debtor's estate, including, but not limited to, their Class 6 PTO Claims, their remaining Class 8 General Unsecured Claims, any indemnification claims, and any Administrative Expense Claims that they may assert and is without prejudice to the rights of any party in interest to object to any such Claims.

      c.      Pursuant to Bankruptcy Rule 3018(a), Mr. Ellington and Mr. Leventon were permitted to change their votes on the Plan.  Accordingly, Mr. Ellington's votes on his Ballots in Class 7 and Class 8 of the Plan were changed from a rejection of the Plan to acceptance of the Plan, and Mr. Leventon's votes on his Ballots in Class 7 and Class 8 of the Plan were, changed from rejections of the Plan to acceptances of the Plan.

      d.      The Senior Employees' Objection is deemed withdrawn.

       **SS.**    **No Release of Claims Against Senior Employee Claimants**.  For the

avoidance of doubt, the Senior Employees' Settlement, as approved herein, shall not, and shall not

be deemed to, release any Claims or Causes of Action held by the Debtor against either Senior

Employee Claimant nor shall either Senior Employee Claimant be, or be deemed to be, a "Released

Party" under the Plan.

**TT.** **Resolution of Objection of Internal Revenue Service.** Notwithstanding

any other provision or term of the Plan or Confirmation Order, the following Default Provision

shall control as to the United States of America, Internal Revenue Service ("IRS") and all of its

claims, including any administrative claim (the "IRS Claim"):

(a) Notwithstanding any other provision in the Plan, if the Debtor, the Reorganized Debtor, or any successor in interest fails to pay when due any payment required to be made on federal taxes, the IRS Claim, or other payment required to be made to the IRS under the terms and provisions of this Plan, the Confirmation Order, or the Internal Revenue Code (26 U.S.C.), or fails to timely file any required federal tax return, or if any other event of default as set forth in the Plan occurs, the IRS shall be entitled to give the Debtor, the Reorganized Debtor and/or any successor in interest and their counsel of record, by United States Certified Mail, written notice of the failure and/or default with demand that it be cured, and if the failure and/or default is not cured within 14 days of the date of said notice and demand, then the following shall apply to the IRS:

(1) The administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal tax lien and the powers of levy, seizure, and collection as provided under the Internal Revenue Code;

(2) The automatic stay of 11 U.S.C. § 362 and any injunction of the Plan or in the Confirmation Order shall, with regard to the IRS only, lift or terminate without further notice or hearing by the Bankruptcy Court, and the entire prepetition liability owed to the IRS, together with any unpaid postpetition tax liabilities, may become due and payable immediately; and

(3) The IRS shall have the right to proceed to collect from the Debtor, the Reorganized Debtor or any successor in interest any of the prepetition tax liabilities and related penalties and interest through administrative or judicial collection procedures available under the United States Code as if no bankruptcy petition had been filed and as if no plan had been confirmed.

(b) If the IRS declares the Debtor, the Reorganized Debtor, or any successor-in-interest to be in default of the Debtor's, the Reorganized Debtor's and/ or any successor- in-interest's obligations under the Plan, then entire prepetition liability of an IRS' Allowed Claim, together with any unpaid postpetition tax liabilities shall become due and payable

immediately upon written demand to the Debtor, Reorganized Debtor and/or any successor-in-interest. Failure of the IRS to declare a failure and/or default does not constitute a waiver by the United States or its agency the IRS of the right to declare that the Debtor, Reorganized Debtor, and/or any successor in interest is in default.

(c) The IRS shall only be required to send two notices of failure and/or default, and upon the third event of a failure and/or default, the IRS shall be entitled to proceed as set out in paragraphs (1), (2), and/or (3) herein above without further notice to the Debtor, the Reorganized Debtor, or any successor in interest, or its counsel. The collection statute expiration date for all unpaid federal tax liabilities shall be extended pursuant to non-bankruptcy law.

(d) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor, the Reorganized Debtor, and/or any successor in interest to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor, the Reorganized Debtor and/or any successor in interest to the Internal Revenue Service.

(e) Nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any rights, claims, causes of action, rights of setoff or recoupment, rights to appeal tax assessments, or other legal or equitable defenses that the Debtor or Reorganized Debtor have under non-bankruptcy law in connection with any claim, liability or cause of action of the United States and its agency the Internal Revenue Service.

(f) The term "any payment required to be made on federal taxes," as used herein above, is defined as: any payment or deposit required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full. The term "any required tax return," as used herein above, is defined as: any tax return or report required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full.

      **UU.**   **IRS Proof of Claim.** Notwithstanding anything in the Plan or in this Confirmation Order, until all required tax returns are filed with and processed by the IRS, the IRS's proof of claim will not be deemed fixed for purposes of Section 502 of the Bankruptcy Code and may be amended in order to reflect the IRS' assessment of the Debtor's unpaid priority and general unsecured taxes, penalties and interest.

**VV.** **CLO Holdco, Ltd. Settlement** Notwithstanding anything contained herein to the contrary, nothing in this Order is or is intended to supersede the rights and obligations of either the Debtor or CLO Holdco contained in that certain *Settlement Agreement between CLO Holdco, Ltd., and Highland Capital Management, L.P., dated January 25, 2021* [Docket No. 1838-1] (the "CLOH Settlement Agreement"). In the event of any conflict between the terms of this Order and the terms of the CLOH Settlement Agreement, the terms of the CLOH Settlement Agreement will govern.

**WW.** **Retention of Jurisdiction.** The Bankruptcy Court may properly, and upon the Effective Date shall, to the maximum extent permitted under applicable law, retain jurisdiction over all matters arising out of, and related to, this Chapter 11 Case, including the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

**XX.** **Payment of Statutory Fees; Filing of Quarterly Reports.** All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date. The Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust shall be jointly and severally liable for payment of quarterly fees to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 through the entry of the Final Decree for the Debtor or the dismissal or conversion of the Chapter 11 Case. Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

**YY.** **Dissolution of the Committee**. On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have

DOCS_SF:104487.21 36027/002

000091

any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). Notwithstanding the foregoing, any Committee member or Professional may serve following the Effective Date with respect to the Claimant Trust Oversight Board or Litigation Sub-Trust.  The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on the Effective Date or filed and served after the Effective Date pursuant to the Plan.  Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's Professionals to represent either of the Trustees or to be compensated or reimbursed per the Plan, the Claimant Trust Agreement, and/or Litigation Sub-Trust in connection with such representation.

ZZ.    **Miscellaneous.**    After the Effective Date, the Debtor or Reorganized Debtor, as applicable, shall have no obligation to file with the Bankruptcy Court or serve on any parties reports that the Debtor or Reorganized Debtor, as applicable, were obligated to file under the Bankruptcy Code or a court order, including monthly operating reports (even for those periods for which a monthly operating report was not filed before the Effective Date), ordinary course professional reports, reports to any parties otherwise required under the "first" and "second" day orders entered in this Chapter 11 Case (including any cash collateral financing orders entered in this Chapter 11 Case) and monthly or quarterly reports for Professionals; *provided*, *however*, that

the Debtor or Reorganized Debtor, as applicable, will comply with the U.S. Trustee's post

confirmation reporting requirements.

### ###END OF ORDER###

000093

**Exhibit A**

**Fifth Amended Plan (as Modified)**

000094

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## FIFTH AMENDED PLAN OF REORGANIZATION OF HIGHLAND CAPITAL MANAGEMENT, L.P. (AS MODIFIED)

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
       ikharasch@pszjlaw.com
       gdemo@pszjlaw.com

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com:

Counsel for the Debtor and Debtor-in-Possession

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

ARTICLE I. RULES OF INTERPRETATION, COMPUTATION OF TIME,
GOVERNING LAW AND DEFINED TERMS ............................................. 1

    A.    Rules of Interpretation, Computation of Time and Governing Law .................... 1

    B.    Defined Terms ................................................................................. 2

ARTICLE II. ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS ................ 16

    A.    Administrative Expense Claims .................................................... 16

    B.    Professional Fee Claims ............................................................... 17

    C.    Priority Tax Claims ..................................................................... 17

ARTICLE III. CLASSIFICATION AND TREATMENT OF  CLASSIFIED CLAIMS
AND EQUITY INTERESTS ................................................................... 18

    A.    Summary .................................................................................... 18

    B.    Summary of Classification and Treatment of Classified Claims and
Equity Interests ........................................................................... 18

    C.    Elimination of Vacant Classes ..................................................... 19

    D.    Impaired/Voting Classes .............................................................. 19

    E.    Unimpaired/Non-Voting Classes .................................................. 19

    F.    Impaired/Non-Voting Classes ...................................................... 19

    G.    Cramdown .................................................................................. 19

    H.    Classification and Treatment of Claims and Equity Interests............ 19

    I.    Special Provision Governing Unimpaired Claims ............................ 24

    J.    Subordinated Claims .................................................................... 24

ARTICLE IV. MEANS FOR IMPLEMENTATION OF THIS PLAN ..................................... 24

    A.    Summary .................................................................................... 24

    B.    The Claimant Trust ..................................................................... 25

          1.    Creation and Governance of the Claimant Trust and Litigation
Sub-Trust ........................................................................ 25

          2.    Claimant Trust Oversight Committee .................................... 26

000096

**Page**

| | | |
|---|---|---|
| 3. | Purpose of the Claimant Trust. | 27 |
| 4. | Purpose of the Litigation Sub-Trust. | 27 |
| 5. | Claimant Trust Agreement and Litigation Sub-Trust Agreement. | 27 |
| 6. | Compensation and Duties of Trustees. | 29 |
| 7. | Cooperation of Debtor and Reorganized Debtor. | 29 |
| 8. | United States Federal Income Tax Treatment of the Claimant Trust. | 29 |
| 9. | Tax Reporting. | 30 |
| 10. | Claimant Trust Assets. | 30 |
| 11. | Claimant Trust Expenses. | 31 |
| 12. | Trust Distributions to Claimant Trust Beneficiaries. | 31 |
| 13. | Cash Investments. | 31 |
| 14. | Dissolution of the Claimant Trust and Litigation Sub-Trust. | 31 |
| C. | The Reorganized Debtor | 32 |
| 1. | Corporate Existence | 32 |
| 2. | Cancellation of Equity Interests and Release. | 32 |
| 3. | Issuance of New Partnership Interests | 32 |
| 4. | Management of the Reorganized Debtor | 33 |
| 5. | Vesting of Assets in the Reorganized Debtor | 33 |
| 6. | Purpose of the Reorganized Debtor | 33 |
| 7. | Distribution of Proceeds from the Reorganized Debtor Assets; Transfer of Reorganized Debtor Assets | 33 |
| D. | Company Action | 34 |
| E. | Release of Liens, Claims and Equity Interests | 35 |
| F. | Cancellation of Notes, Certificates and Instruments | 35 |

000097

**Page**

G.    Cancellation of Existing Instruments Governing Security Interests ..................35

H.    Control Provisions .................................................................................35

I.    Treatment of Vacant Classes ................................................................36

J.    Plan Documents .................................................................................36

K.    Highland Capital Management, L.P. Retirement Plan and Trust ......................36

ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES .................................................................................37

A.    Assumption, Assignment, or Rejection of Executory Contracts and
Unexpired Leases .................................................................................37

B.    Claims Based on Rejection of Executory Contracts or Unexpired
Leases .................................................................................38

C.    Cure of Defaults for Assumed or Assigned Executory Contracts and
Unexpired Leases .................................................................................38

ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS .............................................39

A.    Dates of Distributions ................................................................39

B.    Distribution Agent .................................................................................39

C.    Cash Distributions .................................................................................40

D.    Disputed Claims Reserve ................................................................40

E.    Distributions from the Disputed Claims Reserve .............................................40

F.    Rounding of Payments .................................................................................40

G.    *De Minimis* Distribution ................................................................41

H.    Distributions on Account of Allowed Claims ..............................................41

I.    General Distribution Procedures ................................................................41

J.    Address for Delivery of Distributions ..........................................................41

K.    Undeliverable Distributions and Unclaimed Property ......................................41

L.    Withholding Taxes .................................................................................42

000098

**Page**

M.      Setoffs ..................................................................................................... 42

N.      Surrender of Cancelled Instruments or Securities ............................... 42

O.      Lost, Stolen, Mutilated or Destroyed Securities ................................. 43

ARTICLE VII. PROCEDURES FOR RESOLVING CONTINGENT,
            UNLIQUIDATED AND DISPUTED CLAIMS.......................................... 43

A.      Filing of Proofs of Claim .................................................................... 43

B.      Disputed Claims................................................................................... 43

C.      Procedures Regarding Disputed Claims or Disputed Equity Interests ............... 43

D.      Allowance of Claims and Equity Interests........................................... 44

        1.      Allowance of Claims.................................................................. 44

        2.      Estimation ................................................................................. 44

        3.      Disallowance of Claims ............................................................. 44

ARTICLE VIII. EFFECTIVENESS OF THIS PLAN ................................................. 45

A.      Conditions Precedent to the Effective Date ........................................ 45

B.      Waiver of Conditions ........................................................................... 46

C.      Dissolution of the Committee .............................................................. 46

ARTICLE IX. EXCULPATION, INJUNCTION AND RELATED PROVISIONS ................ 47

A.      General.................................................................................................. 47

B.      Discharge of Claims............................................................................. 47

C.      Exculpation .......................................................................................... 47

D.      Releases by the Debtor......................................................................... 48

E.      Preservation of Rights of Action.......................................................... 49

        1.      Maintenance of Causes of Action ............................................. 49

        2.      Preservation of All Causes of Action Not Expressly Settled or
                Released ..................................................................................... 49

000099

| | | Page |
|---|---|---|
| F. | Injunction | 50 |
| G. | Duration of Injunctions and Stays | 51 |
| H. | Continuance of January 9 Order | 51 |
| ARTICLE X. BINDING NATURE OF PLAN | | 51 |
| ARTICLE XI. RETENTION OF JURISDICTION | | 52 |
| ARTICLE XII. MISCELLANEOUS PROVISIONS | | 54 |
| A. | Payment of Statutory Fees and Filing of Reports | 54 |
| B. | Modification of Plan | 54 |
| C. | Revocation of Plan | 54 |
| D. | Obligations Not Changed | 55 |
| E. | Entire Agreement | 55 |
| F. | Closing of Chapter 11 Case | 55 |
| G. | Successors and Assigns | 55 |
| H. | Reservation of Rights | 55 |
| I. | Further Assurances | 56 |
| J. | Severability | 56 |
| K. | Service of Documents | 56 |
| L. | Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code | 57 |
| M. | Governing Law | 58 |
| N. | Tax Reporting and Compliance | 58 |
| O. | Exhibits and Schedules | 58 |
| P. | Controlling Document | 58 |

000100

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

HIGHLAND CAPITAL MANAGEMENT, L.P., as debtor and debtor-in-possession in the above-captioned case (the "<u>Debtor</u>"), proposes the following chapter 11 plan of reorganization (the "<u>Plan</u>") for, among other things, the resolution of the outstanding Claims against, and Equity Interests in, the Debtor. Unless otherwise noted, capitalized terms used in this Plan have the meanings set forth in Article I of this Plan. The Debtor is the proponent of this Plan within the meaning of section 1129 of the Bankruptcy Code.

Reference is made to the Disclosure Statement (as such term is defined herein and distributed contemporaneously herewith) for a discussion of the Debtor's history, business, results of operations, historical financial information, projections and assets, and for a summary and analysis of this Plan and the treatment provided for herein. There also are other agreements and documents that may be Filed with the Bankruptcy Court that are referenced in this Plan or the Disclosure Statement as Exhibits and Plan Documents. All such Exhibits and Plan Documents are incorporated into and are a part of this Plan as if set forth in full herein. Subject to the other provisions of this Plan, and in accordance with the requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to alter, amend, modify, revoke, or withdraw this Plan prior to the Effective Date.

If this Plan cannot be confirmed, for any reason, then subject to the terms set forth herein, this Plan may be revoked.

## ARTICLE I.
## RULES OF INTERPRETATION, COMPUTATION OF TIME,
## GOVERNING LAW AND DEFINED TERMS

### A.   <u>Rules of Interpretation, Computation of Time and Governing Law</u>

For purposes hereof: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document, as previously amended, modified or supplemented, if applicable, shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been Filed or to be Filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented in accordance with its terms; (d) unless otherwise specified, all references herein to "Articles," "Sections," "Exhibits" and "Plan Documents" are references to Articles, Sections, Exhibits and Plan Documents hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) any reference to an Entity as a Holder of a Claim or Equity Interest includes such Entity's successors and assigns; (h) the rules of construction set

forth in section 102 of the Bankruptcy Code shall apply; (i) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; and (j) "$" or "dollars" means Dollars in lawful currency of the United States of America.  The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

**B.    Defined Terms**

Unless the context otherwise requires, the following terms shall have the following meanings when used in capitalized form herein:

1.    "*Acis*" means collectively Acis Capital Management, L.P. and Acis Capital Management GP, LLP.

2.    "*Administrative Expense Claim*" means any Claim for costs and expenses of administration of the Chapter 11 Case that is Allowed pursuant to sections 503(b), 507(a)(2), 507(b) or 1114(2) of the Bankruptcy Code, including, without limitation, (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor; and (b) all fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code, and that have not already been paid by the Debtor during the Chapter 11 Case and a Professional Fee Claim.

3.    "*Administrative Expense Claims Bar Date*" means, with respect to any Administrative Expense Claim (other than a Professional Fee Claim) becoming due on or prior to the Effective Date, 5:00 p.m. (prevailing Central Time) on such date that is forty-five days after the Effective Date.

4.    "*Administrative Expense Claims Objection Deadline*" means, with respect to any Administrative Expense Claim, the later of (a) ninety (90) days after the Effective Date and (b) sixty (60) days after the timely Filing of the applicable request for payment of such Administrative Expense Claim; *provided, however,* that the Administrative Expense Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

5.    "*Affiliate*" of any Person means any Entity that, with respect to such Person, either (i) is an "affiliate" as defined in section 101(2) of the Bankruptcy Code, or (ii) is an "affiliate" as defined in Rule 405 of the Securities Act of 1933, or (iii) directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such Person.  For the purposes of this definition, the term "control" (including, without limitation, the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction in any respect of the management or policies of a Person, whether through the ownership of voting securities, by contract, or otherwise.

6.    "*Allowed*" means, with respect to any Claim, except as otherwise provided in the Plan: (a) any Claim that is evidenced by a Proof of Claim that has been timely Filed by the Bar Date, or that is not required to be evidenced by a Filed Proof of Claim under the Bankruptcy

000102

Code or a Final Order; (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not disputed and for which no Proof of Claim has been timely filed; (c) a Claim Allowed pursuant to the Plan or an order of the Bankruptcy Court that is not stayed pending appeal; or (d) a Claim that is not Disputed (including for which a Proof of Claim has been timely filed in a liquidated and noncontingent amount that has not been objected to by the Claims Objection Deadline or as to which any such objection has been overruled by Final Order); *provided, however,* that with respect to a Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that, with respect to such Claim, no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim shall have been Allowed as set forth above.

7.       "*Allowed Claim or Equity Interest*" means a Claim or an Equity Interest of the type that has been Allowed.

8.       "*Assets*" means all of the rights, titles, and interest of the Debtor, Reorganized Debtor, or Claimant Trust, in and to property of whatever type or nature, including, without limitation, real, personal, mixed, intellectual, tangible, and intangible property, the Debtor's books and records, and the Causes of Action.

9.       "*Available Cash*" means any Cash in excess of the amount needed for the Claimant Trust and Reorganized Debtor to maintain business operations as determined in the sole discretion of the Claimant Trustee.

10.     "*Avoidance Actions*" means any and all avoidance, recovery, subordination or other actions or remedies that may be brought by and on behalf of the Debtor or its Estate under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, actions or remedies arising under sections 502, 510, 544, 545, and 547-553 of the Bankruptcy Code or under similar state or federal statutes and common law, including fraudulent transfer laws

11.     "*Ballot*" means the form(s) distributed to holders of Impaired Claims or Equity Interests entitled to vote on the Plan on which to indicate their acceptance or rejection of the Plan.

12.     "*Bankruptcy Code*" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time and as applicable to the Chapter 11 Case.

13.     "*Bankruptcy Court*" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or any other court having jurisdiction over the Chapter 11 Case.

14.     "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, in each case as amended from time to time and as applicable to the Chapter 11 Case.

000103

15.    "*Bar Date*" means the applicable deadlines set by the Bankruptcy Court for the filing of Proofs of Claim against the Debtor as set forth in the Bar Date Order, which deadlines may be or have been extended for certain Claimants by order of the Bankruptcy Court.

16.    "*Bar Date Order*" means the *Order (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [D.I. 488].

17.    "*Business Day*" means any day, other than a Saturday, Sunday or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

18.    "*Cash*" means the legal tender of the United States of America or the equivalent thereof.

19.    "*Causes of Action*" means any action, claim, cross-claim, third-party claim, cause of action, controversy, demand, right, Lien, indemnity, contribution, guaranty, suit, obligation, liability, debt, damage, judgment, account, defense, remedy, offset, power, privilege, license and franchise of any kind or character whatsoever, in each case whether known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, foreseen or unforeseen, direct or indirect, choate or inchoate, secured or unsecured, assertable directly or derivatively (including, without limitation, under alter ego theories), whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity or pursuant to any other theory of law.  For the avoidance of doubt, Cause of Action includes, without limitation,: (a) any right of setoff, counterclaim or recoupment and any claim for breach of contract or for breach of duties imposed by law or in equity; (b) the right to object to Claims or Equity Interests; (c) any claim pursuant to section 362 or chapter 5 of the Bankruptcy Code; (d) any claim or defense including fraud, mistake, duress and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; (e) any claims under any state or foreign law, including, without limitation, any fraudulent transfer or similar claims; (f) the Avoidance Actions, and (g) the Estate Claims.  The Causes of Action include, without limitation, the Causes of Action belonging to the Debtor's Estate listed on the schedule of Causes of Action to be filed with the Plan Supplement.

20.    "*CEO/CRO*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer.

21.    "*Chapter 11 Case*" means the Debtor's case under chapter 11 of the Bankruptcy Code commenced on the Petition Date in the Delaware Bankruptcy Court and transferred to the Bankruptcy Court on December 4, 2019, and styled *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj-11.

22.    "*Claim*" means any "claim" against the Debtor as defined in section 101(5) of the Bankruptcy Code.

23.    "*Claims Objection Deadline*" means the date that is 180 days after the Confirmation Date; *provided, however,* the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

4

000104

24.  "*Claimant Trust*" means the trust established for the benefit of the Claimant Trust Beneficiaries on the Effective Date in accordance with the terms of this Plan and the Claimant Trust Agreement.

25.  "*Claimant Trust Agreement*" means the agreement Filed in the Plan Supplement establishing and delineating the terms and conditions of the Claimant Trust.

26.  "*Claimant Trust Assets*" means (i) other than the Reorganized Debtor Assets (which are expressly excluded from this definition), all other Assets of the Estate, including, but not limited to, all Causes of Action, Available Cash, any proceeds realized or received from such Assets, all rights of setoff, recoupment, and other defenses with respect, relating to, or arising from such Assets, (ii) any Assets transferred by the Reorganized Debtor to the Claimant Trust on or after the Effective Date, (iii) the limited partnership interests in the Reorganized Debtor, and (iv) the ownership interests in New GP LLC.  For the avoidance of doubt, any Causes of Action that, for any reason, are not capable of being transferred to the Claimant Trust shall constitute Reorganized Debtor Assets.

27.  "*Claimant Trust Beneficiaries*" means the Holders of Allowed General Unsecured Claims, Holders of Allowed Subordinated Claims, including, upon Allowance, Disputed General Unsecured Claims and Disputed Subordinated Claims that become Allowed following the Effective Date, and, only upon certification by the Claimant Trustee that the Holders of such Claims have been paid indefeasibly in full plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, post-petition interest from the Petition Date at the Federal Judgment Rate in accordance with the terms and conditions set forth in the Claimant Trust Agreement and all Disputed Claims in Class 8 and Class 9 have been resolved, Holders of Allowed Class B/C Limited Partnership Interests, and Holders of Allowed Class A Limited Partnership Interests.

28.  "*Claimant Trustee*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer, or such other Person identified in the Plan Supplement who will act as the trustee of the Claimant Trust in accordance with the Plan, the Confirmation Order, and Claimant Trust Agreement or any replacement trustee pursuant to (and in accordance with) the Claimant Trust Agreement.  The Claimant Trustee shall be responsible for, among other things, monetizing the Estate's investment assets, resolving Claims (other than those Claims assigned to the Litigation Sub-Trust for resolution), and, as the sole officer of New GP LLC, winding down the Reorganized Debtor's business operations.

29.  "*Claimant Trust Expenses*" means all reasonable legal and other reasonable professional fees, costs, and expenses incurred by the Trustees on account of administration of the Claimant Trust, including any reasonable administrative fees and expenses, reasonable attorneys' fees and expenses, reasonable insurance costs, taxes, reasonable escrow expenses, and other expenses.

30.  "*Claimant Trust Interests*" means the non-transferable interests in the Claimant Trust that are issued to the Claimant Trust Beneficiaries pursuant to this Plan; *provided*, *however*, Holders of Class A Limited Partnership Interests, Class B Limited Partnership Interests, and Class C Limited Partnership Interests will not be deemed to hold Claimant Trust Interests

unless and until the Contingent Claimant Trust Interests distributed to such Holders vest in accordance with the terms of this Plan and the Claimant Trust Agreement.

31.     "*Claimant Trust Oversight Committee*" means the committee of five Persons established pursuant to ARTICLE IV of this Plan to oversee the Claimant Trustee's performance of its duties and otherwise serve the functions described in this Plan and the Claimant Trust Agreement.

32.     "*Class*" means a category of Holders of Claims or Equity Interests as set forth in ARTICLE III hereof pursuant to section 1122(a) of the Bankruptcy Code.

33.     "*Class A Limited Partnership Interest*" means the Class A Limited Partnership Interests as defined in the Limited Partnership Agreement held by The Dugaboy Investment Trust, Mark and Pamela Okada Family Trust – Exempt Trust 2, Mark and Pamela Okada – Exempt Descendants' Trust, and Mark Kiyoshi Okada, and the General Partner Interest.

34.     "*Class B Limited Partnership Interest*" means the Class B Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

35.     "*Class B/C Limited Partnership Interests*" means, collectively, the Class B Limited Partnership and Class C Limited Partnership Interests.

36.     "*Class C Limited Partnership Interest*" means the Class C Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

37.     "*Committee*" means the Official Committee of Unsecured Creditors appointed by the U.S. Trustee pursuant to 11 U.S.C. § 1102(a)(1) on October 29, 2019 [D.I. 65], consisting of (i) the Redeemer Committee of Highland Crusader Fund, (ii) Meta-e Discovery, (iii) UBS, and (iv) Acis.

38.     "*Confirmation Date*" means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

39.     "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

40.     "*Confirmation Order*" means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code.

41.     "*Convenience Claim*" means any prepetition, liquidated, and unsecured Claim against the Debtor that as of the Confirmation Date is less than or equal to $1,000,000 or any General Unsecured Claim that makes the Convenience Class Election.  For the avoidance of doubt, the Reduced Employee Claims will be Convenience Claims.

42. "*Convenience Claim Pool*" means the $13,150,000 in Cash that shall be available upon the Effective Date for distribution to Holders of Convenience Claims under the Plan as set forth herein. Any Cash remaining in the Convenience Claim Pool after all distributions on account of Convenience Claims have been made will be transferred to the Claimant Trust and administered as a Claimant Trust Asset.

43. "*Convenience Class Election*" means the option provided to each Holder of a General Unsecured Claim that is a liquidated Claim as of the Confirmation Date on their Ballot to elect to reduce their claim to $1,000,000 and receive the treatment provided to Convenience Claims.

44. "*Contingent Claimant Trust Interests*" means the contingent Claimant Trust Interests to be distributed to Holders of Class A Limited Partnership Interests, Holders of Class B Limited Partnership Interests, and Holders of Class C Limited Partnership Interests in accordance with this Plan, the rights of which shall not vest, and consequently convert to Claimant Trust Interests, unless and until the Claimant Trustee Files a certification that all holders of Allowed General Unsecured Claims have been paid indefeasibly in full, plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, all accrued and unpaid post-petition interest from the Petition Date at the Federal Judgment Rate and all Disputed Claims in Class 8 and Class 9 have been resolved. As set forth in the Claimant Trust Agreement, the Contingent Claimant Trust Interests distributed to the Holders of Class A Limited Partnership Interests will be subordinated to the Contingent Claimant Trust Interests distributed to the Holders of Class B/C Limited Partnership Interests.

45. "*Debtor*" means Highland Capital Management, L.P. in its capacity as debtor and debtor in possession in the Chapter 11 Case.

46. "*Delaware Bankruptcy Court*" means the United States Bankruptcy Court for the District of Delaware.

47. "*Disclosure Statement*" means that certain *Disclosure Statement for Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, as amended, supplemented, or modified from time to time, which describes this Plan, including all exhibits and schedules thereto and references therein that relate to this Plan.

48. "*Disputed*" means with respect to any Claim or Equity Interest, any Claim or Equity Interest that is not yet Allowed.

49. "*Disputed Claims Reserve*" means the appropriate reserve(s) or account(s) to be established on the Initial Distribution Date and maintained by the Claimant Trustee for distributions on account of Disputed Claims that may subsequently become an Allowed Claim.

50. "*Disputed Claims Reserve Amount*" means, for purposes of determining the Disputed Claims Reserve, the Cash that would have otherwise been distributed to a Holder of a Disputed Claim at the time any distributions of Cash are made to the Holders of Allowed Claims. The amount of the Disputed Claim upon which the Disputed Claims Reserve is calculated shall be: (a) the amount set forth on either the Schedules or the filed Proof of Claim, as applicable; (b) the amount agreed to by the Holder of the Disputed Claim and the Claimant Trustee or Reorganized

Debtor, as applicable; (c) the amount ordered by the Bankruptcy Court if it enters an order disallowing, in whole or in part, a Disputed Claim; or (d) as otherwise ordered by the Bankruptcy Court, including an order estimating the Disputed Claim.

51.    "*Distribution Agent*" means the Claimant Trustee, or any party designated by the Claimant Trustee to serve as distribution agent under this Plan.

52.    "*Distribution Date*" means the date or dates determined by the Reorganized Debtor or the Claimant Trustee, as applicable, on or after the Initial Distribution Date upon which the Distribution Agent shall make distributions to holders of Allowed Claims and Interests entitled to receive distributions under the Plan.

53.    "*Distribution Record Date*" means the date for determining which Holders of Claims and Equity Interests are eligible to receive distributions hereunder, which date shall be the Effective Date or such later date determined by the Bankruptcy Court.

54.    "*Effective Date*" means the Business Day that this Plan becomes effective as provided in ARTICLE VIII hereof.

55.    "*Employees*" means the employees of the Debtor set forth in the Plan Supplement.

56.    "*Enjoined Parties*" means (i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons of each of the foregoing.

57.    "*Entity*" means any "entity" as defined in section 101(15) of the Bankruptcy Code and also includes any Person or any other entity.

58.    "*Equity Interest*" means any Equity Security in the Debtor, including, without limitation, all issued, unissued, authorized or outstanding partnership interests, shares, of stock or limited company interests, the Class A Limited Partnership Interests, the Class B Limited Partnership Interests, and the Class C Limited Partnership Interests.

59.    "*Equity Security*" means an "equity security" as defined in section 101(16) of the Bankruptcy Code.

60.    "*Estate*" means the bankruptcy estate of the Debtor created by virtue of section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

61.    "*Estate Claims*" has the meaning given to it in <u>Exhibit A</u> to the *Notice of Final Term Sheet* [D.I. 354].

000108

62.     "*Exculpated Parties*" means, collectively, (i) the Debtor and its successors and assigns, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Exculpated Party."

63.     "*Executory Contract*" means a contract to which the Debtor is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

64.     "*Exhibit*" means an exhibit annexed hereto or to the Disclosure Statement (as such exhibits are amended, modified or otherwise supplemented from time to time), which are incorporated by reference herein.

65.     "*Federal Judgment Rate*" means the post-judgment interest rate set forth in 28 U.S.C. § 1961 as of the Effective Date.

66.     "*File*" or "*Filed*" or "*Filing*" means file, filed or filing with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.

67.     "*Final Order*" means an order or judgment of the Bankruptcy Court, which is in full force and effect, and as to which the time to appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing has expired and as to which no appeal, petition for *certiorari*, or other proceedings for a new trial, reargument or rehearing shall then be pending or as to which any right to appeal, petition for *certiorari*, new trial, reargument, or rehearing shall have been waived in writing in form and substance satisfactory to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, or, in the event that an appeal, writ of *certiorari*, new trial, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or *certiorari*, new trial, reargument or rehearing shall have been denied and the time to take any further appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing shall have expired; *provided, however*, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be Filed with respect to such order shall not preclude such order from being a Final Order.

68.     "*Frontier Secured Claim*" means the loan from Frontier State Bank to the Debtor in the principal amount of $7,879,688.00 made pursuant to that certain First Amended and Restated Loan Agreement, dated March 29, 2018.

000109

69. "*General Partner Interest*" means the Class A Limited Partnership Interest held by Strand, as the Debtor's general partner.

70. "*General Unsecured Claim*" means any prepetition Claim against the Debtor that is not Secured and is not a/an: (a) Administrative Expense Claim; (b) Professional Fee Claim; (c) Priority Tax Claim; (d) Priority Non-Tax Claim; or (e) Convenience Claim.

71. "*Governmental Unit*" means a "governmental unit" as defined in section 101(27) of the Bankruptcy Code.

72. "*GUC Election*" means the option provided to each Holder of a Convenience Claim on their Ballot to elect to receive the treatment provided to General Unsecured Claims.

73. "*Holder*" means an Entity holding a Claim against, or Equity Interest in, the Debtor.

74. "*Impaired*" means, when used in reference to a Claim or Equity Interest, a Claim or Equity Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

75. "*Independent Directors*" means John S. Dubel, James P. Seery, Jr., and Russell Nelms, the independent directors of Strand appointed on January 9, 2020, and any additional or replacement directors of Strand appointed after January 9, 2020, but prior to the Effective Date.

76. "*Initial Distribution Date*" means, subject to the "Treatment" sections in ARTICLE III hereof, the date that is on or as soon as reasonably practicable after the Effective Date, when distributions under this Plan shall commence to Holders of Allowed Claims and Equity Interests.

77. "*Insurance Policies*" means all insurance policies maintained by the Debtor as of the Petition Date.

78. "*Jefferies Secured Claim*" means any Claim in favor of Jefferies, LLC, arising under that certain Prime Brokerage Customer Agreement, dated May 24, 2013, between the Debtor and Jefferies, LLC, that is secured by the assets, if any, maintained in the prime brokerage account created by such Prime Brokerage Customer Agreement.

79. "*Lien*" means a "lien" as defined in section 101(37) of the Bankruptcy Code and, with respect to any asset, includes, without limitation, any mortgage, lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of preferential arrangement that has the practical effect of creating a security interest, in respect of such asset.

80. "*Limited Partnership Agreement*" means that certain Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., dated December 24, 2015, as amended.

81.     "*Litigation Sub-Trust*" means the sub-trust established within the Claimant Trust or as a wholly –owned subsidiary of the Claimant Trust on the Effective Date in each case in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement and Claimant Trust Agreement.  As set forth in the Litigation Sub-Trust Agreement, the Litigation Sub-Trust shall hold the Claimant Trust Assets that are Estate Claims.

82.     "*Litigation Sub-Trust Agreement*" means the agreement filed in the Plan Supplement establishing and delineating the terms and conditions of the Litigation Sub-Trust.

83.     "*Litigation Trustee*" means the trustee appointed by the Committee and reasonably acceptable to the Debtor who shall be responsible for investigating, litigating, and settling the Estate Claims for the benefit of the Claimant Trust in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement.

84.     "*Managed Funds*" means Highland Multi-Strategy Credit Fund, L.P., Highland Restoration Capital Partners, L.P., and any other investment vehicle managed by the Debtor pursuant to an Executory Contract assumed pursuant to this Plan.

85.     "*New Frontier Note*" means that promissory note to be provided to the Allowed Holders of Class 2 Claims under this Plan and any other documents or security agreements securing the obligations thereunder.

86.     "*New GP LLC*" means a limited liability company incorporated in the State of Delaware pursuant to the New GP LLC Documents to serve as the general partner of the Reorganized Debtor on the Effective Date.

87.     "*New GP LLC Documents*" means the charter, operating agreement, and other formational documents of New GP LLC.

88.     "*Ordinary Course Professionals Order*" means that certain *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course* [D.I. 176].

89.     "*Other Unsecured Claim*" means any Secured Claim other than the Jefferies Secured Claim and the Frontier Secured Claim.

90.     "*Person*" means a "person" as defined in section 101(41) of the Bankruptcy Code and also includes any natural person, individual, corporation, company, general or limited partnership, limited liability company, unincorporated organization firm, trust, estate, business trust, association, joint stock company, joint venture, government, governmental agency, Governmental Unit or any subdivision thereof, the United States Trustee, or any other entity, whether acting in an individual, fiduciary or other capacity.

91.     "*Petition Date*" means October 16, 2019.

92.     "*Plan*" means this *Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, including the Exhibits and the Plan Documents and all supplements, appendices,

11

000111

and schedules thereto, either in its present form or as the same may be altered, amended, modified or otherwise supplemented from time to time.

93.     "*Plan Distribution*" means the payment or distribution of consideration to Holders of Allowed Claims and Allowed Equity Interests under this Plan.

94.     "*Plan Documents*" means any of the documents, other than this Plan, but including, without limitation, the documents to be filed with the Plan Supplement, to be executed, delivered, assumed, or performed in connection with the occurrence of the Effective Date, and as may be modified consistent with the terms hereof with the consent of the Committee.

95.     "*Plan Supplement*" means the ancillary documents necessary for the implementation and effectuation of the Plan, including, without limitation, (i) the form of Claimant Trust Agreement, (ii) the forms of New GP LLC Documents, (iii) the form of Reorganized Limited Partnership Agreement, (iv) the Sub-Servicer Agreement (if applicable), (v) the identity of the initial members of the Claimant Trust Oversight Committee, (vi) the form of Litigation Sub-Trust Agreement; (vii) the schedule of retained Causes of Action; (viii) the New Frontier Note, (ix) the schedule of Employees; (x) the form of Senior Employee Stipulation,; and (xi) the schedule of Executory Contracts and Unexpired Leases to be assumed pursuant to this Plan, which, in each case, will be in form and substance reasonably acceptable to the Debtor and the Committee.

96.     "*Priority Non-Tax Claim*" means a Claim entitled to priority pursuant to section 507(a) of the Bankruptcy Code, including any Claims for paid time-off entitled to priority under section 507(a)(4) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

97.     "*Pro Rata*" means the proportion that (a) the Allowed amount of a Claim or Equity Interest in a particular Class bears to (b) the aggregate Allowed amount of all Claims or Equity Interests in such Class.

98.     "*Professional*" means (a) any Entity employed in the Chapter 11 Case pursuant to section 327, 328 363 or 1103 of the Bankruptcy Code or otherwise and (b) any Entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to sections 327, 328, 330, 331, 363, 503(b), 503(b)(4) and 1103 of the Bankruptcy Code.

99.     "*Professional Fee Claim*" means a Claim under sections 328, 330(a), 331, 363, 503 or 1103 of the Bankruptcy Code, with respect to a particular Professional, for compensation for services rendered or reimbursement of costs, expenses or other charges incurred after the Petition Date and prior to and including the Effective Date.

100.     "*Professional Fee Claims Bar Date*" means with respect to Professional Fee Claims, the Business Day which is sixty (60) days after the Effective Date or such other date as approved by order of the Bankruptcy Court.

101.     "*Professional Fee Claims Objection Deadline*" means, with respect to any Professional Fee Claim, thirty (30) days after the timely Filing of the applicable request for payment of such Professional Fee Claim.

102.    "*Professional Fee Reserve*" means the reserve established and funded by the Claimant Trustee pursuant this Plan to provide sufficient funds to satisfy in full unpaid Allowed Professional Fee Claims.

103.    "*Proof of Claim*" means a written proof of Claim or Equity Interest Filed against the Debtor in the Chapter 11 Case.

104.    "*Priority Tax Claim*" means any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

105.    "*Protected Parties*" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv) the CEO/CRO; and (xvi) the Related Persons of each of the parties listed in (iv) through (xv); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Protected Party."

106.    "*PTO Claims*" means any Claim for paid time off in favor of any Debtor employee in excess of the amount that would qualify as a Priority Non-Tax Claim under section 507(a)(4) of the Bankruptcy Code.

107.    "*Reduced Employee Claims*" has the meaning set forth in ARTICLE IX.D.

108.    "*Reinstated*" means, with respect to any Claim or Equity Interest, (a) leaving unaltered the legal, equitable, and contractual rights to which a Claim entitles the Holder of such Claim or Equity Interest in accordance with section 1124 of the Bankruptcy Code or (b) notwithstanding any contractual provision or applicable law that entitles the Holder of such Claim or Equity Interest to demand or receive accelerated payment of such Claim or Equity Interest after the occurrence of a default: (i) curing any such default that occurred before or after the Petition Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code or of a kind that section 365(b)(2) of the Bankruptcy Code expressly does not require to be cured; (ii) reinstating the maturity of such Claim or Equity Interest as such maturity existed before such default; (iii) compensating the Holder of such Claim or Equity Interest for any damages incurred as a result of any reasonable reliance by such Holder on such contractual provision or such applicable law; (iv) if such Claim or Equity Interest arises from any failure to perform a nonmonetary obligation, other than a default arising from failure to operate a non-residential real property lease subject to section 365(b)(1)(A) of the Bankruptcy Code, compensating the Holder

000113

of such Claim or Equity Interest (other than any Debtor or an insider of any Debtor) for any actual pecuniary loss incurred by such Holder as a result of such failure; and (v) not otherwise altering the legal, equitable, or contractual rights to which such Claim entitles the Holder of such Claim.

109.    "*Rejection Claim*" means any Claim for monetary damages as a result of the rejection of an executory contract or unexpired lease pursuant to the Confirmation Order.

110.    "*Related Entity*" means, without duplication, (a) Dondero, (b) Mark Okada ("Okada"), (c) Grant Scott ("Scott"), (d) Hunter Covitz ("Covitz"), (e) any entity or person that was an insider of the Debtor on or before the Petition Date under Section 101(31) of the Bankruptcy Code, including, without limitation, any entity or person that was a non-statutory insider, (f) any entity that, after the Effective Date, is an insider or Affiliate of one or more of Dondero, Okada, Scott, Covitz, or any of their respective insiders or Affiliates, including, without limitation, The Dugaboy Investment Trust, (g) the Hunter Mountain Investment Trust and any of its direct or indirect parents, (h) the Charitable Donor Advised Fund, L.P., and any of its direct or indirect subsidiaries, and (i) Affiliates of the Debtor and any other Entities listed on the Related Entity List.

111.    "*Related Entity List*" means that list of Entities filed with the Plan Supplement.

112.    "*Related Persons*" means, with respect to any Person, such Person's predecessors, successors, assigns (whether by operation of law or otherwise), and each of their respective present, future, or former officers, directors, employees, managers, managing members, members, financial advisors, attorneys, accountants, investment bankers, consultants, professionals, advisors, shareholders, principals, partners, subsidiaries, divisions, management companies, heirs, agents, and other representatives, in each case solely in their capacity as such.

113.    "*Released Parties*" means, collectively, (i) the Independent Directors; (ii) Strand (solely from the date of the appointment of the Independent Directors through the Effective Date); (iii) the CEO/CRO; (iv) the Committee; (v) the members of the Committee (in their official capacities), (vi) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case; and (vii) the Employees.

114.    "*Reorganized Debtor*" means the Debtor, as reorganized pursuant to this Plan on and after the Effective Date.

115.    "*Reorganized Debtor Assets*" means any limited and general partnership interests held by the Debtor, the management of the Managed Funds and those Causes of Action (including, without limitation, claims for breach of fiduciary duty), that, for any reason, are not capable of being transferred to the Claimant Trust.  For the avoidance of doubt, "Reorganized Debtor Assets" includes any partnership interests or shares of Managed Funds held by the Debtor but does not include the underlying portfolio assets held by the Managed Funds.

116.    "*Reorganized Limited Partnership Agreement*" means that certain Fifth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., by and among the Claimant Trust, as limited partner, and New GP LLC, as general partner, Filed with the Plan Supplement.

000114

117.    "*Restructuring*" means the restructuring of the Debtor, the principal terms of which are set forth in this Plan and the Disclosure Statement.

118.    "*Retained Employee Claim*" means any Claim filed by a current employee of the Debtor who will be employed by the Reorganized Debtor upon the Effective Date.

119.    "*Schedules*" means the schedules of Assets and liabilities, statements of financial affairs, lists of Holders of Claims and Equity Interests and all amendments or supplements thereto Filed by the Debtor with the Bankruptcy Court [D.I. 247].

120.    "*Secured*" means, when referring to a Claim: (a) secured by a Lien on property in which the Debtor's Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the interest of the Debtor's Estate in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or (b) Allowed pursuant to the Plan as a Secured Claim.

121.    "*Security*" or "*security*" means any security as such term is defined in section 101(49) of the Bankruptcy Code.

122.    "*Senior Employees*" means the senior employees of the Debtor Filed in the Plan Supplement.

123.    "*Senior Employee Stipulation*" means the agreements filed in the Plan Supplement between each Senior Employee and the Debtor.

124.    "*Stamp or Similar Tax*" means any stamp tax, recording tax, personal property tax, conveyance fee, intangibles or similar tax, real estate transfer tax, sales tax, use tax, transaction privilege tax (including, without limitation, such taxes on prime contracting and owner-builder sales), privilege taxes (including, without limitation, privilege taxes on construction contracting with regard to speculative builders and owner builders), and other similar taxes imposed or assessed by any Governmental Unit.

125.    "*Statutory Fees*" means fees payable pursuant to 28 U.S.C. § 1930.

126.    "*Strand*" means Strand Advisors, Inc., the Debtor's general partner.

127.    "*Sub-Servicer*" means a third-party selected by the Claimant Trustee to service or sub-service the Reorganized Debtor Assets.

128.    "*Sub-Servicer Agreement*" means the agreement that may be entered into providing for the servicing of the Reorganized Debtor Assets by the Sub-Servicer.

129.    "*Subordinated Claim*" means any Claim that is subordinated to the Convenience Claims and General Unsecured Claims pursuant to an order entered by the Bankruptcy Court (including any other court having jurisdiction over the Chapter 11 Case) after notice and a hearing.

000115

130.    "*Subordinated Claimant Trust Interests*" means the Claimant Trust Interests to be distributed to Holders of Allowed Subordinated Claims under the Plan, which such interests shall be subordinated in right and priority to the Claimant Trust Interests distributed to Holders of Allowed General Unsecured Claims as provided in the Claimant Trust Agreement.

131.    "*Trust Distribution*" means the transfer of Cash or other property by the Claimant Trustee to the Claimant Trust Beneficiaries.

132.    "*Trustees*" means, collectively, the Claimant Trustee and Litigation Trustee.

133.    "*UBS*" means, collectively, UBS Securities LLC and UBS AG London Branch.

134.    "*Unexpired Lease*" means a lease to which the Debtor is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

135.    "*Unimpaired*" means, with respect to a Class of Claims or Equity Interests that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

136.    "*Voting Deadline*" means the date and time by which all Ballots to accept or reject the Plan must be received in order to be counted under the under the Order of the Bankruptcy Court approving the Disclosure Statement as containing adequate information pursuant to section 1125(a) of the Bankruptcy Code and authorizing the Debtor to solicit acceptances of the Plan.

137.    "*Voting Record Date*" means November 23, 2020.

## ARTICLE II.
## ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

### A.    Administrative Expense Claims

On the later of the Effective Date or the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or, in each such case, as soon as practicable thereafter, each Holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims) will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Expense Claim either (i) payment in full in Available Cash for the unpaid portion of such Allowed Administrative Expense Claim; or (ii) such other less favorable treatment as agreed to in writing by the Debtor or the Reorganized Debtor, as applicable, and such Holder; *provided, however,* that Administrative Expense Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in the discretion of the Debtor in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court. All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due.

If an Administrative Expense Claim (other than a Professional Fee Claim) is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on

or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for allowance and payment of such Administrative Expense Claim.

Objections to any Administrative Expense Claim (other than a Professional Fee Claim) must be Filed and served on the Debtor or the Reorganized Debtor, as applicable, and the party asserting such Administrative Expense Claim by the Administrative Expense Claims Objection Deadline.

**B.      Professional Fee Claims**

Professionals or other Entities asserting a Professional Fee Claim for services rendered through the Effective Date must submit fee applications under sections 327, 328, 329,330, 331, 503(b) or 1103 of the Bankruptcy Code and, upon entry of an order of the Bankruptcy Court granting such fee applications, such Professional Fee Claim shall promptly be paid in Cash in full to the extent provided in such order.

Professionals or other Entities asserting a Professional Fee Claim for services rendered on or prior to the Effective Date must File, on or before the Professional Fee Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated as requiring such notice by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for final allowance of such Professional Fee Claim.

Objections to any Professional Fee Claim must be Filed and served on the Debtor or Reorganized Debtor, as applicable, and the party asserting the Professional Fee Claim by the Professional Fee Claim Objection Deadline.  Each Holder of an Allowed Professional Fee Claim will be paid by the Debtor or the Claimant Trust, as applicable, in Cash within ten (10) Business Days of entry of the order approving such Allowed Professional Fee Claim.

On the Effective Date, the Claimant Trustee shall establish the Professional Fee Reserve. The Professional Fee Reserve shall vest in the Claimant Trust and shall be maintained by the Claimant Trustee in accordance with the Plan and Claimant Trust Agreement.  The Claimant Trust shall fund the Professional Fee Reserve on the Effective Date in an estimated amount determined by the Debtor in good faith prior to the Confirmation Date and that approximates the total projected amount of unpaid Professional Fee Claims on the Effective Date.  Following the payment of all Allowed Professional Fee Claims, any excess funds in the Professional Fee Reserve shall be released to the Claimant Trust to be used for other purposes consistent with the Plan and the Claimant Trust Agreement.

**C.      Priority Tax Claims**

On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Priority Tax Claim is an Allowed Priority Tax Claim as of the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Priority Tax Claim, at the election of the Debtor:  (a) Cash in an amount of a total value as of the Effective Date of the Plan equal to the amount of such Allowed

Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, or (b) if paid over time, payment of such Allowed Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code; or (c) such other less favorable treatment as agreed to in writing by the Debtor and such Holder.  Payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) will be made at all appropriate times until the entry of a final decree; *provided, however*, that the Debtor may prepay any or all such Claims at any time, without premium or penalty.

**ARTICLE III.**
**CLASSIFICATION AND TREATMENT OF**
**CLASSIFIED CLAIMS AND EQUITY INTERESTS**

**A.**  **Summary**

All Claims and Equity Interests, except Administrative Expense Claims and Priority Tax Claims, are classified in the Classes set forth below.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, and Priority Tax Claims have not been classified.

The categories of Claims and Equity Interests listed below classify Claims and Equity Interests for all purposes including, without limitation, confirmation and distribution pursuant to the Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.  The Plan deems a Claim or Equity Interest to be classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and will be deemed classified in a different Class to the extent that any remainder of such Claim or Equity Interest qualifies within the description of such different Class.  A Claim or Equity Interest is in a particular Class only to the extent that any such Claim or Equity Interest is Allowed in that Class and has not been paid, released or otherwise settled (in each case, by the Debtor or any other Entity) prior to the Effective Date.

**B.**  **Summary of Classification and Treatment of Classified Claims and Equity Interests**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Jefferies Secured Claim | Unimpaired | Deemed to Accept |
| 2 | Frontier Secured Claim | Impaired | Entitled to Vote |
| 3 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 4 | Priority Non-Tax Claim | Unimpaired | Deemed to Accept |
| 5 | Retained Employee Claim | Unimpaired | Deemed to Accept |
| 6 | PTO Claims | Unimpaired | Deemed to Accept |
| 7 | Convenience Claims | Impaired | Entitled to Vote |
| 8 | General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Subordinated Claims | Impaired | Entitled to Vote |
| 10 | Class B/C Limited Partnership Interests | Impaired | Entitled to Vote |
| 11 | Class A Limited Partnership Interests | Impaired | Entitled to Vote |

## C.   Elimination of Vacant Classes

Any Class that, as of the commencement of the Confirmation Hearing, does not have at least one Holder of a Claim or Equity Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class.

## D.   Impaired/Voting Classes

Claims and Equity Interests in Class 2 and Class 7 through Class 11 are Impaired by the Plan, and only the Holders of Claims or Equity Interests in those Classes are entitled to vote to accept or reject the Plan.

## E.   Unimpaired/Non-Voting Classes

Claims in Class 1 and Class 3 through Class 6 are Unimpaired by the Plan, and such Holders are deemed to have accepted the Plan and are therefore not entitled to vote on the Plan.

## F.   Impaired/Non-Voting Classes

There are no Classes under the Plan that will not receive or retain any property and no Classes are deemed to reject the Plan.

## G.   Cramdown

If any Class of Claims or Equity Interests is deemed to reject this Plan or does not vote to accept this Plan, the Debtor may (i) seek confirmation of this Plan under section 1129(b) of the Bankruptcy Code or (ii) amend or modify this Plan in accordance with the terms hereof and the Bankruptcy Code.  If a controversy arises as to whether any Claims or Equity Interests, or any class of Claims or Equity Interests, are Impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

## H.   Classification and Treatment of Claims and Equity Interests

1.   *Class 1 – Jefferies Secured Claim*

- *Classification*:  Class 1 consists of the Jefferies Secured Claim.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 1 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 1 Claim, at the election of the Debtor:  (A) Cash equal to the amount of such Allowed Class 1 Claim; (B) such other less favorable treatment as to which the Debtor and the Holder of such Allowed Class 1 Claim will have agreed upon in writing; or (C) such other treatment rendering such Claim Unimpaired.  Each Holder of an Allowed Class 1 Claim will retain the Liens securing its Allowed Class 1 Claim as of the Effective Date until

full and final payment of such Allowed Class 1 Claim is made as provided herein.

- *Impairment and Voting*: Class 1 is Unimpaired, and the Holders of Class 1 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 1 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

2.  *Class 2 – Frontier Secured Claim*

- *Classification*:  Class 2 consists of the Frontier Secured Claim.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 2 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 2 Claim:  (A) Cash in an amount equal to all accrued but unpaid interest on the Frontier Claim through and including the Effective Date and (B) the New Frontier Note.  The Holder of an Allowed Class 2 Claim will retain the Liens securing its Allowed Class 2 Claim as of the Effective Date until full and final payment of such Allowed Class 2 Claim is made as provided herein.

- *Impairment and Voting*:  Class 2 is Impaired, and the Holders of Class 2 Claims are entitled to vote to accept or reject this Plan.

3.  *Class 3 – Other Secured Claims*

- *Classification*:  Class 3 consists of the Other Secured Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 3 Claim is Allowed on the Effective Date or (ii) the date on which such Class 3 Claim becomes an Allowed Class 3 Claim, each Holder of an Allowed Class 3 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 3 Claim, at the option of the Debtor, or following the Effective Date, the Reorganized Debtor or Claimant Trustee, as applicable, (i) Cash equal to such Allowed Other Secured Claim, (ii) the collateral securing its Allowed Other Secured Claim, plus postpetition interest to the extent required under Bankruptcy Code Section 506(b), or (iii) such other treatment rendering such Claim Unimpaired.

- *Impairment and Voting*:  Class 3 is Unimpaired, and the Holders of Class 3 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 3 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

4.      *Class 4 – Priority Non-Tax Claims*

- *Classification*:  Class 4 consists of the Priority Non-Tax Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 4 Claim is Allowed on the Effective Date or (ii) the date on which such Class 4 Claim becomes an Allowed Class 4 Claim, each Holder of an Allowed Class 4 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 4 Claim Cash equal to the amount of such Allowed Class 4 Claim.

- *Impairment and Voting*:  Class 4 is Unimpaired, and the Holders of Class 4 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 4 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

5.      *Class 5 – Retained Employee Claims*

- *Classification*:  Class 5 consists of the Retained Employee Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Allowed Class 5 Claim will be Reinstated.

- *Impairment and Voting*:  Class 5 is Unimpaired, and the Holders of Class 5 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 5 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

6.      *Class 6 – PTO Claims*

- *Classification*:  Class 6 consists of the PTO Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 6 Claim is Allowed on the Effective Date or (ii) the date on which such Class 6 Claim becomes an Allowed Class 6 Claim, each Holder of an Allowed Class 6 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 6 Claim Cash equal to the amount of such Allowed Class 6 Claim.

- *Impairment and Voting*:  Class 6 is Unimpaired, and the Holders of Class 6 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 6

000121

Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

7. *Class 7 – Convenience Claims*

- *Classification*: Class 7 consists of the Convenience Claims.

- *Allowance and Treatment*: On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 7 Claim is Allowed on the Effective Date or (ii) the date on which such Class 7 Claim becomes an Allowed Class 7 Claim, each Holder of an Allowed Class 7 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Class 7 Claim (1) the treatment provided to Allowed Holders of Class 8 General Unsecured Claims if the Holder of such Class 7 Claim makes the GUC Election or (2) an amount in Cash equal to the lesser of (a) 85% of the Allowed amount of such Holder's Class 7 Claim or (b) such Holder's Pro Rata share of the Convenience Claims Cash Pool.

- *Impairment and Voting*: Class 7 is Impaired, and the Holders of Class 7 Claims are entitled to vote to accept or reject this Plan.

8. *Class 8 – General Unsecured Claims*

- *Classification*: Class 8 consists of the General Unsecured Claims.

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 8 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Claimant Trust Interests, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing, or (iii) the treatment provided to Allowed Holders of Class 7 Convenience Claims if the Holder of such Class 8 General Unsecured Claim is eligible and makes a valid Convenience Class Election.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any General Unsecured Claim, except with respect to any General Unsecured Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*: Class 8 is Impaired, and the Holders of Class 8 Claims are entitled to vote to accept or reject this Plan.

000122

9.     *Class 9 – Subordinated Claims*

• *Classification*:  Class 9 consists of the Subordinated Claims.

*Treatment*:  On the Effective Date, Holders of Subordinated Claims  shall receive either (i) their Pro Rata share of the Subordinated Claimant Trust Interests or, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee may agree upon in writing.

Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Subordinated Claim, except with respect to any Subordinated Claim Allowed by Final Order of the Bankruptcy Court.

• *Impairment and Voting*:  Class 9 is Impaired, and the Holders of Class 9 Claims are entitled to vote to accept or reject this Plan.

10.    *Class 10 – Class B/C Limited Partnership Interests*

• *Classification*:  Class 10 consists of the Class B/C Limited Partnership Interests.

• *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 10 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class B/C Limited Partnership Interest Claim, except with respect to any Class B/C Limited Partnership Interest Claim Allowed by Final Order of the Bankruptcy Court.

• *Impairment and Voting*:  Class 10 is Impaired, and the Holders of Class 10 Claims are entitled to vote to accept or reject this Plan.

11.    *Class 11 – Class A Limited Partnership Interests*

• *Classification*:  Class 11 consists of the Class A Limited Partnership Interests.

000123

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 11 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and shall retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class A Limited Partnership Interest, except with respect to any Class A Limited Partnership Interest Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*: Class 11 is Impaired, and the Holders of Class 11 Claims are entitled to vote to accept or reject this Plan.

## I. Special Provision Governing Unimpaired Claims

Except as otherwise provided in the Plan, nothing under the Plan will affect the Debtor's rights in respect of any Unimpaired Claims, including, without limitation, all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Unimpaired Claims.

## J. Subordinated Claims

The allowance, classification, and treatment of all Claims under the Plan shall take into account and conform to the contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise. Upon written notice and hearing, the Debtor the Reorganized Debtor, and the Claimant Trustee reserve the right to seek entry of an order by the Bankruptcy Court to re-classify or to subordinate any Claim in accordance with any contractual, legal, or equitable subordination relating thereto, and the treatment afforded any Claim under the Plan that becomes a subordinated Claim at any time shall be modified to reflect such subordination.

**ARTICLE IV.**
**MEANS FOR IMPLEMENTATION OF THIS PLAN**

## A. Summary

As discussed in the Disclosure Statement, the Plan will be implemented through (i) the Claimant Trust, (ii) the Litigation Sub-Trust, and (iii) the Reorganized Debtor.

On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be cancelled, and new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC – a newly-chartered limited liability company wholly-owned by the Claimant Trust. The Claimant Trust, as limited

000124

partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner. The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited Partnership Agreement. Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC. The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to this Plan and the Claimant Trust Agreement, and the Litigation Trustee will pursue, if applicable, the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan. The Reorganized Debtor will administer the Reorganized Debtor Assets and, if needed, with the utilization of a Sub-Servicer, which administration will include, among other things, managing the wind down of the Managed Funds.

Although the Reorganized Debtor will manage the wind down of the Managed Funds, it is currently anticipated that neither the Reorganized Debtor nor the Claimant Trust will assume or assume and assign the contracts between the Debtor and certain Related Entities pursuant to which the Debtor provides shared services and sub-advisory services to those Related Entities. The Debtor believes that the continued provision of the services under such contracts will not be cost effective.

The Reorganized Debtor will distribute all proceeds from the wind down to the Claimant Trust, as its limited partner, and New GP LLC, as its general partner, in each case in accordance with the Reorganized Limited Partnership Agreement. Such proceeds, along with the proceeds of the Claimant Trust Assets, will ultimately be distributed to the Claimant Trust Beneficiaries as set forth in this Plan and the Claimant Trust Agreement.

## B. The Claimant Trust[2]

### 1. _Creation and Governance of the Claimant Trust and Litigation Sub-Trust._

On or prior to the Effective Date, the Debtor and the Claimant Trustee shall execute the Claimant Trust Agreement and shall take all steps necessary to establish the Claimant Trust and the Litigation Sub-Trust in accordance with the Plan in each case for the benefit of the Claimant Trust Beneficiaries. Additionally, on or prior to the Effective Date, the Debtor shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Claimant Trust all of its rights, title, and interest in and to all of the Claimant Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, the Claimant Trust Assets shall automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement, and

---

[2] In the event of a conflict between the terms of this summary and the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, the terms of the Claimant Trust Agreement or the Litigation Sub-Trust Agreement, as applicable, shall control.

000125

such transfer shall be exempt from any stamp, real estate transfer, mortgage from any stamp, transfer, reporting, sales, use, or other similar tax.

The Claimant Trustee shall be the exclusive trustee of the Claimant Trust Assets, excluding the Estate Claims and the Litigation Trustee shall be the exclusive trustee with respect to the Estate Claims in each case for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Claimant Trust Assets. The Claimant Trustee shall also be responsible for resolving all Claims and Equity Interests in Class 8 through Class 11, under the supervision of the Claimant Trust Oversight Committee.

On the Effective Date, the Claimant Trustee and Litigation Trustee shall execute the Litigation Sub-Trust Agreement and shall take all steps necessary to establish the Litigation Sub-Trust. Upon the creation of the Litigation Sub-Trust, the Claimant Trust shall irrevocably transfer and assign to the Litigation Sub-Trust the Estate Claims. The Claimant Trust shall be governed by the Claimant Trust Agreement and administered by the Claimant Trustee. The powers, rights, and responsibilities of the Claimant Trustee shall be specified in the Claimant Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting to the Claimant Trust Oversight Committee as may be set forth in the Claimant Trust Agreement. The Claimant Trust shall hold and distribute the Claimant Trust Assets (including the proceeds from the Estate Claims, if any) in accordance with the provisions of the Plan and the Claimant Trust Agreement; *provided* that the Claimant Trust Oversight Committee may direct the Claimant Trust to reserve Cash from distributions as necessary to fund the Claimant Trust and Litigation Sub-Trust. Other rights and duties of the Claimant Trustee and the Claimant Trust Beneficiaries shall be as set forth in the Claimant Trust Agreement. After the Effective Date, neither the Debtor nor the Reorganized Debtor shall have any interest in the Claimant Trust Assets.

The Litigation Sub-Trust shall be governed by the Litigation Sub-Trust Agreement and administered by the Litigation Trustee. The powers, rights, and responsibilities of the Litigation Trustee shall be specified in the Litigation Sub-Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting as may be set forth in the Litigation Sub-Trust Agreement. The Litigation Sub-Trust shall investigate, prosecute, settle, or otherwise resolve the Estate Claims in accordance with the provisions of the Plan and the Litigation Sub-Trust Agreement and shall distribute the proceeds therefrom to the Claimant Trust for distribution. Other rights and duties of the Litigation Trustee shall be as set forth in the Litigation Sub-Trust Agreement.

2. *Claimant Trust Oversight Committee*

The Claimant Trust, the Claimant Trustee, the management and monetization of the Claimant Trust Assets, and the management of the Reorganized Debtor (through the Claimant Trust's role as managing member of New GP LLC) and the Litigation Sub-Trust will be overseen by the Claimant Trust Oversight Committee, subject to the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, as applicable.

000126

The Claimant Trust Oversight Committee will initially consist of five members. Four of the five members will be representatives of the members of the Committee: (i) the Redeemer Committee of Highland Crusader Fund, (ii) UBS, (iii) Acis, and (iv) Meta-e Discovery. The fifth member will be an independent, natural Person chosen by the Committee and reasonably acceptable to the Debtor. The members of the Claimant Trust Oversight Committee may be replaced as set forth in the Claimant Trust Agreement. The identity of the members of the Claimant Trust Oversight Committee will be disclosed in the Plan Supplement.

As set forth in the Claimant Trust Agreement, in no event will any member of the Claimant Trust Oversight Committee with a Claim against the Estate be entitled to vote, opine, or otherwise be involved in any matters related to such member's Claim.

The independent member(s) of the Claimant Trust Oversight Committee may be entitled to compensation for their services as set forth in the Claimant Trust Agreement. Any member of the Claimant Trust Oversight Committee may be removed, and successor chosen, in the manner set forth in the Claimant Trust Agreement.

3. *Purpose of the Claimant Trust.*

The Claimant Trust shall be established for the purpose of (i) managing and monetizing the Claimant Trust Assets, subject to the terms of the Claimant Trust Agreement and the oversight of the Claimant Trust Oversight Committee, (ii) serving as the limited partner of, and holding the limited partnership interests in, the Reorganized Debtor, (iii) serving as the sole member and manager of New GP LLC, the Reorganized Debtor's general partner, (iv) in its capacity as the sole member and manager of New GP LLC, overseeing the management and monetization of the Reorganized Debtor Assets pursuant to the terms of the Reorganized Limited Partnership Agreement; and (v) administering the Disputed Claims Reserve and serving as Distribution Agent with respect to Disputed Claims in Class 7 or Class 8.

In its management of the Claimant Trust Assets, the Claimant Trust will also reconcile and object to the General Unsecured Claims, Subordinated Claims, Class B/C Limited Partnership Interests, and Class A Limited Partnership Interests, as provided for in this Plan and the Claimant Trust Agreement, and make Trust Distributions to the Claimant Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

The purpose of the Reorganized Debtor is discussed at greater length in ARTICLE IV.C.

4. *Purpose of the Litigation Sub-Trust.*

The Litigation Sub-Trust shall be established for the purpose of investigating, prosecuting, settling, or otherwise resolving the Estate Claims. Any proceeds therefrom shall be distributed by the Litigation Sub-Trust to the Claimant Trust for distribution to the Claimant Trust Beneficiaries pursuant to the terms of the Claimant Trust Agreement.

5. *Claimant Trust Agreement and Litigation Sub-Trust Agreement.*

The Claimant Trust Agreement generally will provide for, among other things:

000127

     (i)     the payment of the Claimant Trust Expenses;

     (ii)    the payment of other reasonable expenses of the Claimant Trust;

     (iii)   the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation;

     (iv)   the investment of Cash by the Claimant Trustee within certain limitations, including those specified in the Plan;

     (v)    the orderly monetization of the Claimant Trust Assets;

     (vi)   litigation of any Causes of Action, which may include the prosecution, settlement, abandonment, or dismissal of any such Causes of Action, subject to reporting and oversight by the Claimant Trust Oversight Committee;

     (vii)   the resolution of Claims and Equity Interests in Class 8 through Class 11, subject to reporting and oversight by the Claimant Trust Oversight Committee;

     (viii)  the administration of the Disputed Claims Reserve and distributions to be made therefrom; and

     (ix)   the management of the Reorganized Debtor, including the utilization of a Sub-Servicer, with the Claimant Trust serving as the managing member of New GP LLC.

Except as otherwise ordered by the Bankruptcy Court, the Claimant Trust Expenses shall be paid from the Claimant Trust Assets in accordance with the Plan and Claimant Trust Agreement. The Claimant Trustee may establish a reserve for the payment of Claimant Trust Expense (including, without limitation, any reserve for potential indemnification claims as authorized and provided under the Claimant Trust Agreement), and shall periodically replenish such reserve, as necessary.

In furtherance of, and consistent with the purpose of, the Claimant Trust and the Plan, the Trustees, for the benefit of the Claimant Trust, shall, subject to reporting and oversight by the Claimant Trust Oversight Committee as set forth in the Claimant Trust Agreement: (i) hold the Claimant Trust Assets for the benefit of the Claimant Trust Beneficiaries, (ii) make Distributions to the Claimant Trust Beneficiaries as provided herein and in the Claimant Trust Agreement, and (iii) have the sole power and authority to prosecute and resolve any Causes of Action and objections to Claims and Equity Interests (other than those assigned to the Litigation Sub-Trust), without approval of the Bankruptcy Court. Except as otherwise provided in the Claimant Trust Agreement, the Claimant Trustee shall be responsible for all decisions and duties with respect to the Claimant Trust and the Claimant Trust Assets; *provided, however,* that the prosecution and resolution of any Estate Claims included in the Claimant Trust Assets shall be the responsibility of the Litigation Trustee. The Litigation Sub-Trust Agreement generally will provide for, among other things:

     (i)     the payment of other reasonable expenses of the Litigation Sub-Trust;

000128

(ii)    the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation; and

(iii)    the investigation and prosecution of Estate Claims, which may include the prosecution, settlement, abandonment, or dismissal of any such Estate Claims, subject to reporting and oversight as set forth in the Litigation Sub-Trust Agreement.

The Trustees, on behalf of the Claimant Trust and Litigation Sub-Trust, as applicable, may each employ, without further order of the Bankruptcy Court, employees and other professionals (including those previously retained by the Debtor and the Committee) to assist in carrying out the Trustees' duties hereunder and may compensate and reimburse the reasonable expenses of these professionals without further Order of the Bankruptcy Court from the Claimant Trust Assets in accordance with the Plan and the Claimant Trust Agreement.

The Claimant Trust Agreement and Litigation Sub-Trust Agreement may include reasonable and customary provisions that allow for indemnification by the Claimant Trust in favor of the Claimant Trustee, Litigation Trustee, and the Claimant Trust Oversight Committee. Any such indemnification shall be the sole responsibility of the Claimant Trust and payable solely from the Claimant Trust Assets.

6.    *Compensation and Duties of Trustees.*

The salient terms of each Trustee's employment, including such Trustee's duties and compensation shall be set forth in the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, as appropriate. The Trustees shall each be entitled to reasonable compensation in an amount consistent with that of similar functionaries in similar types of bankruptcy cases.

7.    *Cooperation of Debtor and Reorganized Debtor.*

To effectively investigate, prosecute, compromise and/or settle the Claims and/or Causes of Action that constitute Claimant Trust Assets (including Estate Claims), the Claimant Trustee, Litigation Trustee, and each of their professionals may require reasonable access to the Debtor's and Reorganized Debtor's documents, information, and work product relating to the Claimant Trust Assets. Accordingly, the Debtor and the Reorganized Debtor, as applicable, shall reasonably cooperate with the Claimant Trustee and Litigation Trustee, as applicable, in their prosecution of Causes of Action and in providing the Claimant Trustee and Litigation Trustee with copies of documents and information in the Debtor's possession, custody, or control on the Effective Date that either Trustee indicates relates to the Estate Claims or other Causes of Action.

The Debtor and Reorganized Debtor shall preserve all records, documents or work product (including all electronic records, documents, or work product) related to the Claims and Causes of Action, including Estate Claims, until the earlier of (a) the dissolution of the Reorganized Debtor or (b) termination of the Claimant Trust and Litigation Sub-Trust.

8.    *United States Federal Income Tax Treatment of the Claimant Trust.*

Unless the IRS requires otherwise, for all United States federal income tax purposes, the parties shall treat the transfer of the Claimant Trust Assets to the Claimant Trust as: (a) a transfer

000129

of the Claimant Trust Assets (other than the amounts set aside in the Disputed Claims Reserve, if the Claimant Trustee makes the election described in Section 7 below) directly to the applicable Claimant Trust Beneficiaries followed by (b) the transfer by the such Claimant Trust Beneficiaries to the Claimant Trust of such Claimant Trust Assets in exchange for the Claimant Trust Interests. Accordingly, the applicable Claimant Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Claimant Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

9. _Tax Reporting._

(a) The Claimant Trustee shall file tax returns for the Claimant Trust treating the Claimant Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a). The Claimant Trustee may file an election pursuant to Treasury Regulation 1.468B-9(c) to treat the Disputed Claims Reserve as a disputed ownership fund, in which case the Claimant Trustee will file federal income tax returns and pay taxes for the Disputed Claims Reserve as a separate taxable entity.

(b) The Claimant Trustee shall be responsible for payment, out of the Claimant Trust Assets, of any taxes imposed on the Claimant Trust or its assets.

(c) The Claimant Trustee shall determine the fair market value of the Claimant Trust Assets as of the Effective Date and notify the applicable Claimant Trust Beneficiaries of such valuation, and such valuation shall be used consistently for all federal income tax purposes.

(d) The Claimant Trustee shall distribute such tax information to the applicable Claimant Trust Beneficiaries as the Claimant Trustee determines is required by applicable law.

10. _Claimant Trust Assets._

The Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Causes of Action included in the Claimant Trust Assets (except for the Estate Claims) without any further order of the Bankruptcy Court, and the Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to sell, liquidate, or otherwise monetize all Claimant Trust Assets, except as otherwise provided in this Plan or in the Claimant Trust Agreement, without any further order of the Bankruptcy Court. Notwithstanding anything herein to the contrary, the Litigation Trustee shall have the exclusive right to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Estate Claims included in the Claimant Trust Assets without any further order of the Bankruptcy Court.

From and after the Effective Date, the Trustees, in accordance with section 1123(b)(3) and (4) of the Bankruptcy Code, and on behalf of the Claimant Trust, shall each serve as a representative of the Estate with respect to any and all Claimant Trust Assets, including the Causes of Action and Estate Claims, as appropriate, and shall retain and possess the right to (a) commence, pursue, settle, compromise, or abandon, as appropriate, any and all Causes of Action in any court or other tribunal and (b) sell, liquidate, or otherwise monetize all Claimant Trust Assets.

11. *Claimant Trust Expenses.*

From and after the Effective Date, the Claimant Trust shall, in the ordinary course of business and without the necessity of any approval by the Bankruptcy Court, pay the reasonable professional fees and expenses incurred by the Claimant Trust, the Litigation Sub-Trust, and any professionals retained by such parties and entities from the Claimant Trust Assets, except as otherwise provided in the Claimant Trust Agreement.

12. *Trust Distributions to Claimant Trust Beneficiaries.*

The Claimant Trustee, in its discretion, may make Trust Distributions to the Claimant Trust Beneficiaries at any time and/or use the Claimant Trust Assets or proceeds thereof, *provided* that such Trust Distributions or use is otherwise permitted under the terms of the Plan, the Claimant Trust Agreement, and applicable law.

13. *Cash Investments.*

With the consent of the Claimant Trust Oversight Committee, the Claimant Trustee may invest Cash (including any earnings thereon or proceeds therefrom) in a manner consistent with the terms of the Claimant Trust Agreement; *provided, however,* that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

14. *Dissolution of the Claimant Trust and Litigation Sub-Trust.*

The Trustees and the Claimant Trust and Litigation Sub-Trust shall be discharged or dissolved, as the case may be, at such time as: (a) the Litigation Trustee determines that the pursuit of Estate Claims is not likely to yield sufficient additional proceeds to justify further pursuit of such Estate Claims, (b) the Claimant Trustee determines that the pursuit of Causes of Action (other than Estate Claims) is not likely to yield sufficient additional proceeds to justify further pursuit of such Causes of Action, (c) the Clamant Trustee determines that the pursuit of sales of other Claimant Trust Assets is not likely to yield sufficient additional proceeds to justify further pursuit of such sales of Claimant Trust Assets, (d) all objections to Disputed Claims and Equity Interests are fully resolved, (e) the Reorganized Debtor is dissolved, and (f) all Distributions required to be made by the Claimant Trustee to the Claimant Trust Beneficiaries under the Plan have been made, but in no event shall the Claimant Trust be dissolved later than three years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed two years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Claimant Trust Assets; *provided, however,* that each extension must be approved, upon a finding that the extension is necessary to facilitate or complete the recovery on, and liquidation of the Claimant Trust Assets, by the Bankruptcy Court within 6 months of the beginning of the extended term and

000131

no extension, together with any prior extensions, shall exceed three years without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes.

Upon dissolution of the Claimant Trust, and pursuant to the Claimant Trust Agreement, any remaining Claimant Trust Assets that exceed the amounts required to be paid under the Plan will be transferred (in the sole discretion of the Claimant Trustee) in Cash or in-kind to the Holders of the Claimant Trust Interests as provided in the Claimant Trust Agreement.

## C. **The Reorganized Debtor**

### 1. *Corporate Existence*

The Debtor will continue to exist after the Effective Date, with all of the powers of partnerships pursuant to the law of the State of Delaware and as set forth in the Reorganized Limited Partnership Agreement.

### 2. *Cancellation of Equity Interests and Release*

On the Effective Date, (i) all prepetition Equity Interests, including the Class A Limited Partnership Interests and the Class B/C Limited Partnership Interests, in the Debtor shall be canceled, and (ii) all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, the Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement.

### 3. *Issuance of New Partnership Interests*

On the Effective Date, the Debtor or the Reorganized Debtor, as applicable, will issue new Class A Limited Partnership Interests to (i) the Claimant Trust, as limited partner, and (ii) New GP LLC, as general partner, and will admit (a) the Claimant Trust as the limited partner of the Reorganized Debtor, and (b) New GP LLC as the general partner of the Reorganized Debtor. The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor. Also, on the Effective Date, the Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement and receive partnership interests in the Reorganized Debtor consistent with the terms of the Reorganized Limited Partnership Agreement.

The Reorganized Limited Partnership Agreement does not provide for, and specifically disclaims, the indemnification obligations under the Limited Partnership Agreement, including any such indemnification obligations that accrued or arose or could have been brought prior to the Effective Date. Any indemnification Claims under the Limited Partnership Agreement that accrued, arose, or could have been filed prior to the Effective Date will be resolved through the Claims resolution process provided that a Claim is properly filed in accordance with the Bankruptcy Code, the Plan, or the Bar Date Order. Each of the Debtor, the Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust reserve all rights with respect to any such indemnification Claims.

000132

4. _Management of the Reorganized Debtor_

Subject to and consistent with the terms of the Reorganized Limited Partnership Agreement, the Reorganized Debtor shall be managed by its general partner, New GP LLC. The initial officers and employees of the Reorganized Debtor shall be selected by the Claimant Trustee. The Reorganized Debtor may, in its discretion, also utilize a Sub-Servicer in addition to or in lieu of the retention of officers and employees.

As set forth in the Reorganized Limited Partnership Agreement, New GP LLC will receive a fee for managing the Reorganized Debtor. Although New GP LLC will be a limited liability company, it will elect to be treated as a C-Corporation for tax purposes. Therefore, New GP LLC (and any taxable income attributable to it) will be subject to corporate income taxation on a standalone basis, which may reduce the return to Claimants.

5. _Vesting of Assets in the Reorganized Debtor_

Except as otherwise provided in this Plan or the Confirmation Order, on or after the Effective Date, all Reorganized Debtor Assets will vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

The Reorganized Debtor shall be the exclusive trustee of the Reorganized Debtor Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reorganized Debtor Assets.

6. _Purpose of the Reorganized Debtor_

Except as may be otherwise provided in this Plan or the Confirmation Order, the Reorganized Debtor will continue to manage the Reorganized Debtor Assets (which shall include, for the avoidance of doubt, serving as the investment manager of the Managed Funds) and may use, acquire or dispose of the Reorganized Debtor Assets and compromise or settle any Claims with respect to the Reorganized Debtor Assets without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. The Reorganized Debtor shall oversee the resolution of Claims in Class 1 through Class 7.

Without limiting the foregoing, the Reorganized Debtor will pay the charges that it incurs after the Effective Date for Professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of Professional fee applications) in the ordinary course of business and without application or notice to, or order of, the Bankruptcy Court.

7. _Distribution of Proceeds from the Reorganized Debtor Assets; Transfer of Reorganized Debtor Assets_

Any proceeds received by the Reorganized Debtor will be distributed to the Claimant Trust, as limited partner, and New GP LLC, as general partner, in the manner set forth in the Reorganized Limited Partnership Agreement. As set forth in the Reorganized Limited Partnership Agreement,

000133

the Reorganized Debtor may, from time to time distribute Reorganized Debtor Assets to the Claimant Trust either in Cash or in-kind, including to institute the wind-down and dissolution of the Reorganized Debtor. Any assets distributed to the Claimant Trust will be (i) deemed transferred in all respects as forth in ARTICLE IV.B.1, (ii) deemed Claimant Trust Assets, and (iii) administered as Claimant Trust Assets.

**D.     Company Action**

Each of the Debtor, the Reorganized Debtor, and the Trustees, as applicable, may take any and all actions to execute, deliver, File or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of this Plan, the Claimant Trust Agreement, the Reorganized Limited Partnership Agreement, or the New GP LLC Documents, as applicable, in the name of and on behalf of the Debtor, the Reorganized Debtor, or the Trustees, as applicable, and in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, officers, or directors of the Debtor or the Reorganized Debtor, as applicable, or by any other Person.

Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to this Plan that would otherwise require approval of the stockholders, partners, directors, managers, or members of the Debtor, any Related Entity, or any Affiliate thereof (as of prior to the Effective Date) will be deemed to have been so approved and will be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the stockholders, partners, directors, managers or members of such Persons, or the need for any approvals, authorizations, actions or consents of any Person.

All matters provided for in this Plan involving the legal or corporate structure of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, and any legal or corporate action required by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, in connection with this Plan, will be deemed to have occurred and will be in full force and effect in all respects, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, partners, directors, managers, or members of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, or by any other Person. On the Effective Date, the appropriate officers of the Debtor and the Reorganized Debtor, as applicable, as well as the Trustees, are authorized to issue, execute, deliver, and consummate the transactions contemplated by, the contracts, agreements, documents, guarantees, pledges, consents, securities, certificates, resolutions and instruments contemplated by or described in this Plan in the name of and on behalf of the Debtor and the Reorganized Debtor, as well as the Trustees, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person. The appropriate officer of the Debtor, the Reorganized Debtor, as well as the Trustees, will be authorized to certify or attest to any of the foregoing actions.

000134

### E. Release of Liens, Claims and Equity Interests

Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, from and after the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all Liens, Claims, Equity Interests, mortgages, deeds of trust, or other security interests against the property of the Estate will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity. Any Entity holding such Liens or Equity Interests extinguished pursuant to the prior sentence will, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable. For the avoidance of doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

### F. Cancellation of Notes, Certificates and Instruments

Except for the purpose of evidencing a right to a distribution under this Plan and except as otherwise set forth in this Plan, on the Effective Date, all agreements, instruments, Securities and other documents evidencing any prepetition Claim or Equity Interest and any rights of any Holder in respect thereof shall be deemed cancelled, discharged, and of no force or effect. The holders of or parties to such cancelled instruments, Securities, and other documentation will have no rights arising from or related to such instruments, Securities, or other documentation or the cancellation thereof, except the rights provided for pursuant to this Plan, and the obligations of the Debtor thereunder or in any way related thereto will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person. For the avoidance of doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

### G. Cancellation of Existing Instruments Governing Security Interests

Upon payment or other satisfaction of an Allowed Class 1 or Allowed Class 2 Claim, or promptly thereafter, the Holder of such Allowed Class 1 or Allowed Class 2 Claim shall deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, any collateral or other property of the Debtor held by such Holder, together with any termination statements, instruments of satisfaction, or releases of all security interests with respect to its Allowed Class 1 or Allowed Class 2 Claim that may be reasonably required to terminate any related financing statements, mortgages, mechanics' or other statutory Liens, or *lis pendens*, or similar interests or documents.

### H. Control Provisions

To the extent that there is any inconsistency between this Plan as it relates to the Claimant Trust, the Claimant Trust Agreement, the Reorganized Debtor, or the Reorganized Limited Partnership Agreement, this Plan shall control.

000135

## I. Treatment of Vacant Classes

Any Claim or Equity Interest in a Class considered vacant under ARTICLE III.C of this Plan shall receive no Plan Distributions.

## J. Plan Documents

The documents, if any, to be Filed as part of the Plan Documents, including any documents filed with the Plan Supplement, and any amendments, restatements, supplements, or other modifications to such documents, and any consents, waivers, or other deviations under or from any such documents, shall be incorporated herein by this reference (including to the applicable definitions in ARTICLE I hereof) and fully enforceable as if stated in full herein.

The Debtor and the Committee are currently working to finalize the forms of certain of the Plan Documents to be filed with the Plan Supplement. To the extent that the Debtor and the Committee cannot agree as to the form and content of such Plan Documents, they intend to submit the issue to non-binding mediation pursuant to the *Order Directing Mediation* entered on August 3, 2020 [D.I. 912].

## K. Highland Capital Management, L.P. Retirement Plan and Trust

The Highland Capital Management, L.P. Retirement And Trust ("Pension Plan") is a single-employer defined benefit pension plan covered by Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. §§ 1301-1461. The Debtor is the contributing sponsor and, as such, the PBGC asserts that the Debtor is liable along with any members of the contributing sponsor's controlled-group within the meaning of 29 U.S.C. §§ 1301(a)(13), (14) with respect to the Pension Plan.

Upon the Effective Date, the Reorganized Debtor shall be deemed to have assumed the Pension Plan and shall comply with all applicable statutory provisions of ERISA and the Internal Revenue Code (the "IRC"), including, but not limited to, satisfying the minimum funding standards pursuant to 26 U.S.C. §§ 412, 430, and 29 U.S.C. §§ 1082, 1083; paying the PBGC premiums in accordance with 29 U.S.C. §§ 1306 and 1307; and administering the Pension Plan in accordance with its terms and the provisions of ERISA and the IRC. In the event that the Pension Plan terminates after the Plan of Reorganization Effective Date, the PBGC asserts that the Reorganized Debtor and each of its controlled group members will be responsible for the liabilities imposed by Title IV of ERISA.

Notwithstanding any provision of the Plan, the Confirmation Order, or the Bankruptcy Code (including section 1141 thereof) to the contrary, neither the Plan, the Confirmation Order, or the Bankruptcy Code shall be construed as discharging, releasing, exculpating or relieving the Debtor, the Reorganized Debtor, or any person or entity in any capacity, from any liability or responsibility, if any, with respect to the Pension Plan under any law, governmental policy, or regulatory provision. PBGC and the Pension Plan shall not be enjoined or precluded from enforcing such liability or responsibility against any person or entity as a result of any of the provisions of the Plan, the Confirmation Order, or the Bankruptcy Code. The Debtor reserves the right to contest any such liability or responsibility.

## ARTICLE V.
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.      **Assumption, Assignment, or Rejection of Executory Contracts and Unexpired Leases**

Unless an Executory Contract or Unexpired Lease: (i) was previously assumed or rejected by the Debtor pursuant to this Plan on or prior to the Confirmation Date; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtor on or before the Confirmation Date; (iv) contains a change of control or similar provision that would be triggered by the Chapter 11 Case (unless such provision has been irrevocably waived); or (v) is specifically designated as a contract or lease to be assumed in the Plan or the Plan Supplement, on the Confirmation Date, each Executory Contract and Unexpired Lease shall be deemed rejected pursuant to section 365 of the Bankruptcy Code, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease is listed in the Plan Supplement.

At any time on or prior to the Confirmation Date, the Debtor may (i) amend the Plan Supplement in order to add or remove a contract or lease from the list of contracts to be assumed or (ii) assign (subject to applicable law) any Executory Contract or Unexpired Lease, as determined by the Debtor in consultation with the Committee, or the Reorganized Debtor, as applicable.

The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions, rejections, and assumptions and assignments. Except as otherwise provided herein or agreed to by the Debtor and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith. To the extent applicable, no change of control (or similar provision) will be deemed to occur under any such Executory Contract or Unexpired Lease.

If certain, but not all, of a contract counterparty's Executory Contracts and/or Unexpired Leases are rejected pursuant to the Plan, the Confirmation Order shall be a determination that such counterparty's Executory Contracts and/or Unexpired Leases that are being assumed pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and/or Unexpired Leases that are being rejected pursuant to the Plan. Parties seeking to contest this finding with respect to their Executory Contracts and/or Unexpired Leases must file a timely objection to the Plan on the grounds that their agreements are integrated and not severable, and any such dispute shall be resolved by the Bankruptcy Court at the Confirmation Hearing (to the extent not resolved by the parties prior to the Confirmation Hearing).

Notwithstanding anything herein to the contrary, the Debtor shall assume or reject that certain real property lease with Crescent TC Investors L.P. ("Landlord") for the Debtor's headquarters located at 200/300 Crescent Ct., Suite #700, Dallas, Texas 75201 (the "Lease") in accordance with the notice to Landlord, procedures and timing required by 11 U.S.C. §365(d)(4),

000137

as modified by that certain *Agreed Order Granting Motion to Extend Time to Assume or Reject Unexpired Nonresidential Real Property Lease* [Docket No. 1122].

## B.    Claims Based on Rejection of Executory Contracts or Unexpired Leases

Any Executory Contract or Unexpired Lease not assumed or rejected on or before the Confirmation Date shall be deemed rejected, pursuant to the Confirmation Order. Any Person asserting a Rejection Claim shall File a proof of claim within thirty days of the Confirmation Date. Any Rejection Claims that are not timely Filed pursuant to this Plan shall be forever disallowed and barred. If one or more Rejection Claims are timely Filed, the Claimant Trustee may File an objection to any Rejection Claim.

Rejection Claims shall be classified as General Unsecured Claims and shall be treated in accordance with ARTICLE III of this Plan.

## C.    Cure of Defaults for Assumed or Assigned Executory Contracts and Unexpired Leases

Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed or assigned hereunder is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtor upon assumption or assignment thereof, by payment of the default amount in Cash as and when due in the ordinary course or on such other terms as the parties to such Executory Contracts may otherwise agree. The Debtor may serve a notice on the Committee and parties to Executory Contracts or Unexpired Leases to be assumed or assigned reflecting the Debtor's or Reorganized Debtor's intention to assume or assign the Executory Contract or Unexpired Lease in connection with this Plan and setting forth the proposed cure amount (if any).

If a dispute regarding (1) the amount of any payments to cure a default, (2) the ability of the Debtor, the Reorganized Debtor, or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or assigned or (3) any other matter pertaining to assumption or assignment, the cure payments required by section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order or orders resolving the dispute and approving the assumption or assignment.

Assumption or assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and full payment of any applicable cure amounts pursuant to this ARTICLE V.C shall result in the full release and satisfaction of any cure amounts, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed or assigned Executory Contract or Unexpired Lease at any time prior to the effective date of assumption or assignment. Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed or assigned in the Chapter 11 Case, including pursuant to the Confirmation Order, and for which any cure amounts have been fully paid pursuant to this ARTICLE V.C, shall be deemed disallowed and expunged as of the Confirmation Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.

000138

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

**A.**   **Dates of Distributions**

Except as otherwise provided in this Plan, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim or Equity Interest on the Effective Date, on the date that such Claim or Equity Interest becomes an Allowed Claim or Equity Interest, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim or Equity Interest against the Debtor shall receive the full amount of the distributions that this Plan provides for Allowed Claims or Allowed Equity Interests in the applicable Class and in the manner provided herein.  If any payment or act under this Plan is required to be made or performed on a date that is not on a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.  If and to the extent there are Disputed Claims or Equity Interests, distributions on account of any such Disputed Claims or Equity Interests shall be made pursuant to the provisions provided in this Plan.  Except as otherwise provided in this Plan, Holders of Claims and Equity Interests shall not be entitled to interest, dividends or accruals on the distributions provided for therein, regardless of whether distributions are delivered on or at any time after the Effective Date.

Upon the Effective Date, all Claims and Equity Interests against the Debtor shall be deemed fixed and adjusted pursuant to this Plan and none of the Debtor, the Reorganized Debtor, or the Claimant Trust will have liability on account of any Claims or Equity Interests except as set forth in this Plan and in the Confirmation Order.  All payments and all distributions made by the Distribution Agent under this Plan shall be in full and final satisfaction, settlement and release of all Claims and Equity Interests against the Debtor and the Reorganized Debtor.

At the close of business on the Distribution Record Date, the transfer ledgers for the Claims against the Debtor and the Equity Interests in the Debtor shall be closed, and there shall be no further changes in the record holders of such Claims and Equity Interests.  The Debtor, the Reorganized Debtor, the Trustees, and the Distribution Agent, and each of their respective agents, successors, and assigns shall have no obligation to recognize the transfer of any Claims against the Debtor or Equity Interests in the Debtor occurring after the Distribution Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date irrespective of the number of distributions to be made under this Plan to such Persons or the date of such distributions.

**B.**   **Distribution Agent**

Except as provided herein, all distributions under this Plan shall be made by the Claimant Trustee, as Distribution Agent, or by such other Entity designated by the Claimant Trustee, as a Distribution Agent on the Effective Date or thereafter.  The Reorganized Debtor will be the Distribution Agent with respect to Claims in Class 1 through Class 7.

000139

The Claimant Trustee, or such other Entity designated by the Claimant Trustee to be the Distribution Agent, shall not be required to give any bond or surety or other security for the performance of such Distribution Agent's duties unless otherwise ordered by the Bankruptcy Court.

The Distribution Agent shall be empowered to (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under this Plan; (b) make all distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Distribution Agent by order of the Bankruptcy Court, pursuant to this Plan, or as deemed by the Distribution Agent to be necessary and proper to implement the provisions hereof.

The Distribution Agent shall not have any obligation to make a particular distribution to a specific Holder of an Allowed Claim if such Holder is also the Holder of a Disputed Claim.

**C.**     <u>Cash Distributions</u>

Distributions of Cash may be made by wire transfer from a domestic bank, except that Cash payments made to foreign creditors may be made in such funds and by such means as the Distribution Agent determines are necessary or customary in a particular foreign jurisdiction.

**D.**     <u>Disputed Claims Reserve</u>

On or prior to the Initial Distribution Date, the Claimant Trustee shall establish, fund and maintain the Disputed Claims Reserve(s) in the appropriate Disputed Claims Reserve Amounts on account of any Disputed Claims.

**E.**     <u>Distributions from the Disputed Claims Reserve</u>

The Disputed Claims Reserve shall at all times hold Cash in an amount no less than the Disputed Claims Reserve Amount.  To the extent a Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, within 30 days of the date on which such Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, the Claimant Trustee shall distribute from the Disputed Claims Reserve to the Holder thereof any prior distributions, in Cash, that would have been made to such Allowed Claim if it had been Allowed as of the Effective Date.  For the avoidance of doubt, each Holder of a Disputed Claim that subsequently becomes an Allowed Claim will also receive its Pro Rata share of the Claimant Trust Interests.  If, upon the resolution of all Disputed Claims any Cash remains in the Disputed Claims Reserve, such Cash shall be transferred to the Claimant Trust and be deemed a Claimant Trust Asset.

**F.**     <u>Rounding of Payments</u>

Whenever this Plan would otherwise call for, with respect to a particular Person, payment of a fraction of a dollar, the actual payment or distribution shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.  To the extent that Cash to be distributed under this Plan remains undistributed as a result of the aforementioned rounding, such Cash or stock shall be treated as "Unclaimed Property" under this Plan.

G.     *De Minimis* **Distribution**

Except as to any Allowed Claim that is Unimpaired under this Plan, none of the Debtor, the Reorganized Debtor, or the Distribution Agent shall have any obligation to make any Plan Distributions with a value of less than $100, unless a written request therefor is received by the Distribution Agent from the relevant recipient at the addresses set forth in ARTICLE VI.J hereof within 120 days after the later of the (i) Effective Date and (ii) the date such Claim becomes an Allowed Claim. *De minimis* distributions for which no such request is timely received shall revert to the Claimant Trust. Upon such reversion, the relevant Allowed Claim (and any Claim on account of missed distributions) shall be automatically deemed satisfied, discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary.

H.     **Distributions on Account of Allowed Claims**

Except as otherwise agreed by the Holder of a particular Claim or as provided in this Plan, all distributions shall be made pursuant to the terms of this Plan and the Confirmation Order. Except as otherwise provided in this Plan, distributions to any Holder of an Allowed Claim shall, to the extent applicable, be allocated first to the principal amount of any such Allowed Claim, as determined for U.S. federal income tax purposes and then, to the extent the consideration exceeds such amount, to the remainder of such Claim comprising accrued but unpaid interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

I.     **General Distribution Procedures**

The Distribution Agent shall make all distributions of Cash or other property required under this Plan, unless this Plan specifically provides otherwise. All Cash and other property held by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, for ultimate distribution under this Plan shall not be subject to any claim by any Person.

J.     **Address for Delivery of Distributions**

Distributions to Holders of Allowed Claims, to the extent provided for under this Plan, shall be made (1) at the addresses set forth in any written notices of address change delivered to the Debtor and the Distribution Agent; (2) at the address set forth on any Proofs of Claim Filed by such Holders (to the extent such Proofs of Claim are Filed in the Chapter 11 Case), (2), or (3) at the addresses in the Debtor's books and records.

If there is any conflict or discrepancy between the addresses set forth in (1) through (3) in the foregoing sentence, then (i) the address in Section (2) shall control; (ii) if (2) does not apply, the address in (1) shall control, and (iii) if (1) does not apply, the address in (3) shall control.

K.     **Undeliverable Distributions and Unclaimed Property**

If the distribution to the Holder of any Allowed Claim is returned to the Reorganized Debtor or the Claimant Trust as undeliverable, no further distribution shall be made to such Holder, and Distribution Agent shall not have any obligation to make any further distribution to the Holder, unless and until the Distribution Agent is notified in writing of such Holder's then current address.

000141

Any Entity that fails to claim any Cash within six months from the date upon which a distribution is first made to such Entity shall forfeit all rights to any distribution under this Plan and such Cash shall thereafter be deemed an Claimant Trust Asset in all respects and for all purposes. Entities that fail to claim Cash shall forfeit their rights thereto and shall have no claim whatsoever against the Debtor's Estate, the Reorganized Debtor, the Claimant Trust, or against any Holder of an Allowed Claim to whom distributions are made by the Distribution Agent.

## L.      Withholding Taxes

In connection with this Plan, to the extent applicable, the Distribution Agent shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions made pursuant to this Plan shall be subject to such withholding and reporting requirements. The Distribution Agent shall be entitled to deduct any U.S. federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims, as appropriate. As a condition to receiving any distribution under this Plan, the Distribution Agent may require that the Holder of an Allowed Claim entitled to receive a distribution pursuant to this Plan provide such Holder's taxpayer identification number and such other information and certification as may be deemed necessary for the Distribution Agent to comply with applicable tax reporting and withholding laws. If a Holder fails to comply with such a request within one year, such distribution shall be deemed an unclaimed distribution. Any amounts withheld pursuant hereto shall be deemed to have been distributed to and received by the applicable recipient for all purposes of this Plan.

## M.      Setoffs

The Distribution Agent may, to the extent permitted under applicable law, set off against any Allowed Claim and any distributions to be made pursuant to this Plan on account of such Allowed Claim, the claims, rights and causes of action of any nature that the Debtor, the Reorganized Debtor, or the Distribution Agent may hold against the Holder of such Allowed Claim that are not otherwise waived, released or compromised in accordance with this Plan; *provided, however*, that neither such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor, the Reorganized Debtor, or the Claimant Trustee of any such claims, rights and causes of action that the Debtor, the Reorganized Debtor, or Claimant Trustee possesses against such Holder. Any Holder of an Allowed Claim subject to such setoff reserves the right to challenge any such setoff in the Bankruptcy Court or any other court with jurisdiction with respect to such challenge.

## N.      Surrender of Cancelled Instruments or Securities

As a condition precedent to receiving any distribution pursuant to this Plan on account of an Allowed Claim evidenced by negotiable instruments, securities, or notes canceled pursuant to ARTICLE IV of this Plan, the Holder of such Claim will tender the applicable negotiable instruments, securities, or notes evidencing such Claim (or a sworn affidavit identifying the negotiable instruments, securities, or notes formerly held by such Holder and certifying that they have been lost), to the Distribution Agent unless waived in writing by the Distribution Agent.

000142

### O. Lost, Stolen, Mutilated or Destroyed Securities

In addition to any requirements under any applicable agreement and applicable law, any Holder of a Claim or Equity Interest evidenced by a security or note that has been lost, stolen, mutilated, or destroyed will, in lieu of surrendering such security or note to the extent required by this Plan, deliver to the Distribution Agent: (i) evidence reasonably satisfactory to the Distribution Agent of such loss, theft, mutilation, or destruction; and (ii) such security or indemnity as may be required by the Distribution Agent to hold such party harmless from any damages, liabilities, or costs incurred in treating such individual as a Holder of an Allowed Claim or Equity Interest. Upon compliance with ARTICLE VI.O of this Plan as determined by the Distribution Agent, by a Holder of a Claim evidenced by a security or note, such Holder will, for all purposes under this Plan, be deemed to have surrendered such security or note to the Distribution Agent.

**ARTICLE VII.**
**PROCEDURES FOR RESOLVING CONTINGENT,**
**UNLIQUIDATED AND DISPUTED CLAIMS**

### A. Filing of Proofs of Claim

Unless such Claim appeared in the Schedules and is not listed as disputed, contingent, or unliquidated, or such Claim has otherwise been Allowed or paid, each Holder of a Claim was required to file a Proof of Claim on or prior to the Bar Date.

### B. Disputed Claims

Following the Effective Date, each of the Reorganized Debtor or the Claimant Trustee, as applicable, may File with the Bankruptcy Court an objection to the allowance of any Disputed Claim or Disputed Equity Interest, request the Bankruptcy Court subordinate any Claims to Subordinated Claims, or any other appropriate motion or adversary proceeding with respect to the foregoing by the Claims Objection Deadline or, at the discretion of the Reorganized Debtor or Claimant Trustee, as applicable, compromised, settled, withdrew or resolved without further order of the Bankruptcy Court, and (ii) unless otherwise provided in the Confirmation Order, the Reorganized Debtor or the Claimant Trust, as applicable, are authorized to settle, or withdraw any objections to, any Disputed Claim or Disputed Equity Interests following the Effective Date without further notice to creditors (other than the Entity holding such Disputed Claim or Disputed Equity Interest) or authorization of the Bankruptcy Court, in which event such Claim or Equity Interest shall be deemed to be an Allowed Claim or Equity Interest in the amount compromised for purposes of this Plan.

### C. Procedures Regarding Disputed Claims or Disputed Equity Interests

No payment or other distribution or treatment shall be made on account of a Disputed Claim or Disputed Equity Interest unless and until such Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interests and the amount of such Allowed Claim or Equity Interest, as applicable, is determined by order of the Bankruptcy Court or by stipulation between the Reorganized Debtor or Claimant Trust, as applicable, and the Holder of the Claim or Equity Interest.

000143

## D.    Allowance of Claims and Equity Interests

Following the date on which a Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interest after the Distribution Date, the Distribution Agent shall make a distribution to the Holder of such Allowed Claim or Equity Interest in accordance with the Plan.

### 1.    *Allowance of Claims*

After the Effective Date and subject to the other provisions of this Plan, the Reorganized Debtor or the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Claim. Except as expressly provided in this Plan or in any order entered in the Chapter 11 Case prior to the Effective Date (including, without limitation, the Confirmation Order), no Claim or Equity Interest will become an Allowed Claim or Equity Interest unless and until such Claim or Equity Interest is deemed Allowed under this Plan or the Bankruptcy Code or the Bankruptcy Court has entered an order, including, without limitation, the Confirmation Order, in the Chapter 11 Case allowing such Claim or Equity Interest.

### 2.    *Estimation*

Subject to the other provisions of this Plan, the Debtor, prior to the Effective Date, and the Reorganized Debtor or the Claimant Trustee, as applicable, after the Effective Date, may, at any time, request that the Bankruptcy Court estimate (a) any Disputed Claim or Disputed Equity Interest pursuant to applicable law and in accordance with this Plan and (b) any contingent or unliquidated Claim pursuant to applicable law, including, without limitation, section 502(c) of the Bankruptcy Code, and the Bankruptcy Court will retain jurisdiction under 28 U.S.C. §§ 157 and 1334 to estimate any Disputed Claim or Disputed Equity Interest, contingent Claim or unliquidated Claim, including during the litigation concerning any objection to any Claim or Equity Interest or during the pendency of any appeal relating to any such objection.  All of the aforementioned objection, estimation and resolution procedures are cumulative and not exclusive of one another. Claims or Equity Interests may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.  The rights and objections of all parties are reserved in connection with any such estimation proceeding.

### 3.    *Disallowance of Claims*

Any Claims or Equity Interests held by Entities from which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, or that are a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and holders of such Claims or Interests may not receive any distributions on account of such Claims or Interests until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court Order with respect thereto has been entered and all sums due, if any, to the Reorganized Debtor or the Claimant Trust, as applicable, by that Entity have been turned over or paid to the Reorganized Debtor or the Claimant Trust, as applicable.

**EXCEPT AS OTHERWISE PROVIDED HEREIN OR AS AGREED TO BY THE DEBTOR, REORGANIZED DEBTOR, OR CLAIMANT TRUSTEE, AS APPLICABLE,**

000144

ANY AND ALL PROOFS OF CLAIM FILED AFTER THE BAR DATE SHALL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM HAS BEEN DEEMED TIMELY FILED BY A FINAL ORDER.

## ARTICLE VIII.
## EFFECTIVENESS OF THIS PLAN

### A.    Conditions Precedent to the Effective Date

The Effective Date of this Plan will be conditioned upon the satisfaction or waiver by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee with such consent not to be unreasonably withheld), pursuant to the provisions of ARTICLE VIII.B of this Plan of the following:

- This Plan and the Plan Documents, including the Claimant Trust Agreement and the Reorganized Limited Partnership Agreement, and all schedules, documents, supplements and exhibits to this Plan shall have been Filed in form and substance reasonably acceptable to the Debtor and the Committee.

- The Confirmation Order shall have become a Final Order and shall be in form and substance reasonably acceptable to the Debtor and the Committee. The Confirmation Order shall provide that, among other things, (i) the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee are authorized to take all actions necessary or appropriate to effectuate and consummate this Plan, including, without limitation, (a) entering into, implementing, effectuating, and consummating the contracts, instruments, releases, and other agreements or documents created in connection with or described in this Plan, (b) assuming the Executory Contracts and Unexpired Leases set forth in the Plan Supplement, (c) making all distributions and issuances as required under this Plan; and (d) entering into any transactions as set forth in the Plan Documents; (ii) the provisions of the Confirmation Order and this Plan are nonseverable and mutually dependent; (iii) the implementation of this Plan in accordance with its terms is authorized; (iv) pursuant to section 1146 of the Bankruptcy Code, the delivery of any deed or other instrument or transfer order, in furtherance of, or in connection with this Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition or transfer of Assets contemplated under this Plan, shall not be subject to any Stamp or Similar Tax; and (v) the vesting of the Claimant Trust Assets in the Claimant Trust and the Reorganized Debtor Assets in the Reorganized Debtor, in each case as of the Effective Date free and clear of liens and claims to the fullest extent permissible under applicable law pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

- All documents and agreements necessary to implement this Plan, including without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust

000145

Agreement, and the New GP LLC Documents, in each case in form and substance reasonably acceptable to the Debtor and the Committee, shall have (a) been tendered for delivery, and (b) been effected by, executed by, or otherwise deemed binding upon, all Entities party thereto and shall be in full force and effect. All conditions precedent to such documents and agreements shall have been satisfied or waived pursuant to the terms of such documents or agreements.

- All authorizations, consents, actions, documents, approvals (including any governmental approvals), certificates and agreements necessary to implement this Plan, including, without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust Agreement, and the New GP LLC Documents, shall have been obtained, effected or executed and delivered to the required parties and, to the extent required, filed with the applicable governmental units in accordance with applicable laws and any applicable waiting periods shall have expired without any action being taken or threatened by any competent authority that would restrain or prevent effectiveness or consummation of the Restructuring.

- The Debtor shall have obtained applicable directors' and officers' insurance coverage that is acceptable to each of the Debtor, the Committee, the Claimant Trust Oversight Committee, the Claimant Trustee and the Litigation Trustee.

- The Professional Fee Reserve shall be funded pursuant to this Plan in an amount determined by the Debtor in good faith.

## B.  Waiver of Conditions

The conditions to effectiveness of this Plan set forth in this ARTICLE VIII (other than that the Confirmation Order shall have been entered) may be waived in whole or in part by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee), without notice, leave or order of the Bankruptcy Court or any formal action other than proceeding to confirm or effectuate this Plan. The failure to satisfy or waive a condition to the Effective Date may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such condition to be satisfied. The failure of the Debtor to exercise any of the foregoing rights will not be deemed a waiver of any other rights, and each right will be deemed an ongoing right that may be asserted at any time by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable.

## C.  Dissolution of the Committee

On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on

46

000146

the Effective Date or filed and served after the Effective Date pursuant to the Plan. Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's Professionals to represent either of the Trustees or to be compensated or reimbursed per the Plan and the Claimant Trust Agreement in connection with such representation.

## ARTICLE IX.
## EXCULPATION, INJUNCTION AND RELATED PROVISIONS

### A.    General

Notwithstanding anything contained in the Plan to the contrary, the allowance, classification and treatment of all Allowed Claims and Equity Interests and their respective distributions and treatments under the Plan shall take into account the relative priority and rights of the Claims and the Equity Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

### B.    Discharge of Claims

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to this Plan on account of such Claims or Equity Interests. Except as otherwise expressly provided by this Plan or the Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

### C.    Exculpation

Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); *provided*, *however,* the foregoing

000147

will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

**D.**  **Releases by the Debtor**

On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, including, but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release: (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.

Notwithstanding anything herein to the contrary, any release provided pursuant to this ARTICLE IX.D (i) with respect to a Senior Employee, is conditioned in all respects on (a) such Senior Employee executing a Senior Employee Stipulation on or prior to the Effective Date and (b) the reduction of such Senior Employee's Allowed Claim as set forth in the Senior Employee Stipulation (such amount, the "Reduced Employee Claim"), and (ii) with respect to any Employee, including a Senior Employee, shall be deemed null and void and of no force and effect (1) if there is more than one member of the Claimant Trust Oversight Committee who does not represent entities holding a Disputed or Allowed Claim (the "Independent Members"), the Claimant Trustee and the Independent Members by majority vote determine or (2) if there is only one Independent Member, the Independent Member after discussion with the Claimant Trustee, determines (in each case after discussing with the full Claimant Trust Oversight Committee) that such Employee (regardless of whether the Employee is then currently employed by the Debtor, the Reorganized Debtor, or the Claimant Trustee):

- sues, attempts to sue, or threatens or works with or assists any entity or person to sue, attempt to sue, or threaten the Reorganized Debtor, the Claimant Trust, the Litigation

000148

Sub-Trust, or any of their respective employees or agents, or any Released Party on or in connection with any claim or cause of action arising prior to the Effective Date,

- has taken any action that, impairs or harms the value of the Claimant Trust Assets or the Reorganized Debtor Assets, or

- (x) upon the request of the Claimant Trustee, has failed to provide reasonable assistance in good faith to the Claimant Trustee or the Reorganized Debtor with respect to (1) the monetization of the Claimant Trust Assets or Reorganized Debtor Assets, as applicable, or (2) the resolution of Claims, or (y) has taken any action that impedes or frustrates the Claimant Trustee or the Reorganized Debtor with respect to any of the foregoing.

*Provided, however,* that the release provided pursuant to this ARTICLE IX.D will vest and the Employee will be indefeasibly released pursuant to this ARTICLE IX.D if such Employee's release has not been deemed null and void and of no force and effect on or prior to the date that is the date of dissolution of the Claimant Trust pursuant to the Claimant Trust Agreement.

By executing the Senior Employee Stipulation embodying this release, each Senior Employee acknowledges and agrees, without limitation, to the terms of this release and the tolling agreement contained in the Senior Employee Stipulation.

The provisions of this release and the execution of a Senior Employee Stipulation will not in any way prevent or limit any Employee from (i) prosecuting its Claims, if any, against the Debtor's Estate, (ii) defending him or herself against any claims or causes of action brought against the Employee by a third party, or (iii) assisting other persons in defending themselves from any Estate Claims brought by the Litigation Trustee (but only with respect to Estate Claims brought by the Litigation Trustee and not collection or other actions brought by the Claimant Trustee).

**E.**     **Preservation of Rights of Action**

      1.     *Maintenance of Causes of Action*

Except as otherwise provided in this Plan, after the Effective Date, the Reorganized Debtor or the Claimant Trust will retain all rights to commence, pursue, litigate or settle, as appropriate, any and all Causes of Action included in the Reorganized Debtor Assets or Claimant Trust Assets, as applicable, whether existing as of the Petition Date or thereafter arising, in any court or other tribunal including, without limitation, in an adversary proceeding Filed in the Chapter 11 Case and, as the successors in interest to the Debtor and the Estate, may, and will have the exclusive right to, enforce, sue on, settle, compromise, transfer or assign (or decline to do any of the foregoing) any or all of the Causes of Action without notice to or approval from the Bankruptcy Court.

      2.     *Preservation of All Causes of Action Not Expressly Settled or Released*

Unless a Cause of Action against a Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released, compromised or settled in this Plan or any Final Order (including, without limitation, the Confirmation Order), such Cause of Action is expressly reserved for later adjudication by the Reorganized Debtor or Claimant Trust, as applicable (including,

000149

without limitation, Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as a consequence of the confirmation, effectiveness, or consummation of this Plan based on the Disclosure Statement, this Plan or the Confirmation Order, except where such Causes of Action have been expressly released in this Plan or any other Final Order (including, without limitation, the Confirmation Order). In addition, the right of the Reorganized Debtor or the Claimant Trust to pursue or adopt any claims alleged in any lawsuit in which the Debtor is a plaintiff, defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, is expressly reserved.

**F.    Injunction**

    **Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan.**

    **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

    **The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property.**

    **Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court**

000150

(i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; *provided, however,* the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

G.     **Duration of Injunctions and Stays**

ARTICLE II. Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, (i) all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect subject to Section 362(c) of the Bankruptcy Code, and to the extent necessary if the Debtor does not receive a discharge, the Court will enter an equivalent order under Section 105.

H.     **Continuance of January 9 Order**

Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, the restrictions set forth in paragraphs 9 and 10 of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course*, entered by the Bankruptcy Court on January 9, 2020 [D.I. 339] shall remain in full force and effect following the Effective Date.

**ARTICLE X.**
**BINDING NATURE OF PLAN**

On the Effective Date, and effective as of the Effective Date, the Plan, including, without limitation, the provisions in ARTICLE IX, will bind, and will be deemed binding upon, all Holders of Claims against and Equity Interests in the Debtor and such Holder's respective successors and assigns, to the maximum extent permitted by applicable law, notwithstanding whether or not such Holder will receive or retain any property or interest in property under the Plan. All Claims and Debts shall be fixed and adjusted pursuant to this Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, Governmental Unit or parish in which any instrument related to the Plan or related to any transaction contemplated thereby is to be recorded with respect to nay taxes of the kind specified in Bankruptcy Code section 1146(a).

## ARTICLE XI.
## <u>RETENTION OF JURISDICTION</u>

Pursuant to sections 105 and 1142 of the Bankruptcy Code and notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Entities with respect to all matters related to the Chapter 11 Case, the Reorganized Debtor, the Claimant Trust, and this Plan to the maximum extent legally permissible, including, without limitation, jurisdiction to:

- allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured, unsecured, or subordinated status of any Claim or Equity Interest, including, without limitation, the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of any Claim or Equity Interest;

- grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan, for periods ending on or before the Effective Date; *provided*, *however*, that, from and after the Effective Date, the Reorganized Debtor shall pay Professionals in the ordinary course of business for any work performed after the Effective Date subject to the terms of this Plan and the Confirmation Order, and such payment shall not be subject to the approval of the Bankruptcy Court;

- resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which the Debtor is party or with respect to which the Debtor, Reorganized Debtor, or Claimant Trust may be liable and to adjudicate and, if necessary, liquidate, any Claims arising therefrom, including, without limitation, any dispute regarding whether a contract or lease is or was executory or expired;

- make any determination with respect to a claim or cause of action against a Protected Party as set forth in ARTICLE IX;

- resolve any claim or cause of action against an Exculpated Party or Protected Party arising from or related to the Chapter 11 Case, the negotiation of this Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, or the transactions in furtherance of the foregoing;

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any sale, disposition, assignment or other transfer of the Reorganized Debtor Assets or Claimant Trust Assets, including any break-up compensation or expense reimbursement that may be requested by a purchaser thereof; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

000152

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any borrowing or the incurrence of indebtedness, whether secured or unsecured by the Reorganized Debtor or Claimant Trust; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

- resolve any issues related to any matters adjudicated in the Chapter 11 Case;

- ensure that distributions to Holders of Allowed Claims and Allowed Equity Interests are accomplished pursuant to the provisions of this Plan;

- decide or resolve any motions, adversary proceedings, contested or litigated matters and any other Causes of Action (including Estate Claims) that are pending as of the Effective Date or that may be commenced in the future, including approval of any settlements, compromises, or other resolutions as may be requested by the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee whether under Bankruptcy Rule 9019 or otherwise, and grant or deny any applications involving the Debtor that may be pending on the Effective Date or instituted by the Reorganized Debtor, the Claimant Trustee, or Litigation Trustee after the Effective Date, provided that the Reorganized Debtor, the Claimant Trustee, and the Litigation Trustee shall reserve the right to commence actions in all appropriate forums and jurisdictions;

- enter such orders as may be necessary or appropriate to implement, effectuate, or consummate the provisions of this Plan, the Plan Documents, and all other contracts, instruments, releases, and other agreements or documents adopted in connection with this Plan, the Plan Documents, or the Disclosure Statement;

- resolve any cases, controversies, suits or disputes that may arise in connection with the implementation, effectiveness, consummation, interpretation, or enforcement of this Plan or any Entity's obligations incurred in connection with this Plan;

- issue injunctions and enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, effectiveness, consummation, or enforcement of this Plan, except as otherwise provided in this Plan;

- enforce the terms and conditions of this Plan and the Confirmation Order;

- resolve any cases, controversies, suits or disputes with respect to the release, exculpation, indemnification, and other provisions contained herein and enter such orders or take such others actions as may be necessary or appropriate to implement or enforce all such releases, injunctions and other provisions;

- enter and implement such orders or take such others actions as may be necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

000153

- resolve any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, the Plan Documents, or any contract, instrument, release, indenture or other agreement or document adopted in connection with this Plan or the Disclosure Statement; and

- enter an order concluding or closing the Chapter 11 Case after the Effective Date.

# ARTICLE XII.
## MISCELLANEOUS PROVISIONS

## A.     Payment of Statutory Fees and Filing of Reports

All outstanding Statutory Fees shall be paid on the Effective Date.  All such fees payable, and all such fees that become due and payable, after the Effective Date shall be paid by the Reorganized Debtor when due or as soon thereafter as practicable until the Chapter 11 Case is closed, converted, or dismissed.  The Claimant Trustee shall File all quarterly reports due prior to the Effective Date when they become due, in a form reasonably acceptable to the U.S. Trustee. After the Effective Date, the Claimant Trustee shall File with the Bankruptcy Court quarterly reports when they become due, in a form reasonably acceptable to the U.S. Trustee.  The Reorganized Debtor shall remain obligated to pay Statutory Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

## B.     Modification of Plan

Effective as of the date hereof and subject to the limitations and rights contained in this Plan:  (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan prior to the entry of the Confirmation Order with the consent of the Committee, such consent not to be unreasonably withheld; and (b) after the entry of the Confirmation Order, the Debtor may, after notice and hearing and entry of an order of the Bankruptcy Court, amend or modify this Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan.

## C.     Revocation of Plan

The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date and to File a subsequent chapter 11 plan with the consent of the Committee.  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, then:  (i) this Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in this Plan, assumption of Executory Contracts or Unexpired Leases effected by this Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Bankruptcy Court; and (iii) nothing contained in this Plan shall:  (a) constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor or any other Entity; (b) prejudice in any manner the rights of the Debtor or any other Entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor or any other Entity.

000154

### D. **Obligations Not Changed**

Notwithstanding anything in this Plan to the contrary, nothing herein will affect or otherwise limit or release any non-Debtor Entity's (including any Exculpated Party's) duties or obligations, including any contractual and indemnification obligations, to the Debtor, the Reorganized Debtor, or any other Entity whether arising under contract, statute, or otherwise.

### E. **Entire Agreement**

Except as otherwise described herein, this Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

### F. **Closing of Chapter 11 Case**

The Claimant Trustee shall, after the Effective Date and promptly after the full administration of the Chapter 11 Case, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Case.

### G. **Successors and Assigns**

This Plan shall be binding upon and inure to the benefit of the Debtor and its successors and assigns, including, without limitation, the Reorganized Debtor and the Claimant Trustee. The rights, benefits, and obligations of any Person or Entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such Person or Entity.

### H. **Reservation of Rights**

Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the Effective Date occurs. Neither the filing of this Plan, any statement or provision contained herein, nor the taking of any action by the Debtor, the Reorganized Debtor, the Claimant Trustee, or any other Entity with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtor, the Reorganized Debtor, or the Claimant Trustee with respect to the Holders of Claims or Equity Interests or other Entity; or (2) any Holder of a Claim or an Equity Interest or other Entity prior to the Effective Date.

Neither the exclusion or inclusion by the Debtor of any contract or lease on any exhibit, schedule, or other annex to this Plan or in the Plan Documents, nor anything contained in this Plan, will constitute an admission by the Debtor that any such contract or lease is or is not an executory contract or lease or that the Debtor, the Reorganized Debtor, the Claimant Trustee, or their respective Affiliates has any liability thereunder.

Except as explicitly provided in this Plan, nothing herein shall waive, excuse, limit, diminish, or otherwise alter any of the defenses, claims, Causes of Action, or other rights of the

Debtor, the Reorganized Debtor, or the Claimant Trustee under any executory or non-executory contract.

Nothing in this Plan will increase, augment, or add to any of the duties, obligations, responsibilities, or liabilities of the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, under any executory or non-executory contract or lease.

If there is a dispute regarding whether a contract or lease is or was executory at the time of its assumption under this Plan, the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, shall have thirty (30) days following entry of a Final Order resolving such dispute to alter their treatment of such contract.

## I.     **Further Assurances**

The Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, all Holders of Claims and Equity Interests receiving distributions hereunder, and all other Entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan or the Confirmation Order. On or before the Effective Date, the Debtor shall File with the Bankruptcy Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

## J.     **Severability**

If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order will constitute a judicial determination and will provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## K.     **Service of Documents**

All notices, requests, and demands to or upon the Debtor, the Reorganized Debtor, or the Claimant Trustee to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered addressed as follows:

> **If to the Claimant Trust:**
>
> Highland Claimant Trust
> c/o Highland Capital Management, L.P.
> 300 Crescent Court, Suite 700

000156

Dallas, Texas 75201
Attention:   James P. Seery, Jr.

**If to the Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention:   James P. Seery, Jr.

**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Attn:   Jeffrey N. Pomerantz, Esq.
        Ira D. Kharasch, Esq.
        Gregory V. Demo, Esq.

**If to the Reorganized Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention:   James P. Seery, Jr.
**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Attn:   Jeffrey N. Pomerantz, Esq.
        Ira D. Kharasch, Esq.
        Gregory V. Demo, Esq.

## L.   **Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code**

To the extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate federal, state or local governmental officials or agents or taxing authority to forego the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax or governmental assessment.  Such exemption specifically applies, without limitation, to (i) all actions, agreements and documents necessary to

evidence and implement the provisions of and the distributions to be made under this Plan; (ii) the maintenance or creation of security or any Lien as contemplated by this Plan; and (iii) assignments, sales, or transfers executed in connection with any transaction occurring under this Plan.

**M.      Governing Law**

Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of Texas, without giving effect to the principles of conflicts of law of such jurisdiction; *provided, however,* that corporate governance matters relating to the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trust, as applicable, shall be governed by the laws of the state of organization of the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trustee, as applicable.

**N.      Tax Reporting and Compliance**

The Debtor is hereby authorized to request an expedited determination under section 505(b) of the Bankruptcy Code of the tax liability of the Debtor is for all taxable periods ending after the Petition Date through, and including, the Effective Date.

**O.      Exhibits and Schedules**

All exhibits and schedules to this Plan, if any, including the Exhibits and the Plan Documents, are incorporated and are a part of this Plan as if set forth in full herein.

**P.      Controlling Document**

In the event of an inconsistency between this Plan and any other instrument or document created or executed pursuant to this Plan, or between this Plan and the Disclosure Statement, this Plan shall control.  The provisions of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and of the Confirmation Order, on the other hand, shall be construed in a manner consistent with each other so as to effectuate the purposes of each; *provided, however*, that if there is determined to be any inconsistency between any provision of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and any provision of the Confirmation Order, on the other hand, that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall govern, and any such provisions of the Confirmation Order shall be deemed a modification of this Plan, the Disclosure Statement, and the Plan Documents, as applicable.

*[Remainder of Page Intentionally Blank]*

000158

Dated: January 22, 2021

Respectfully submitted,

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By: _____

    James P. Seery, Jr.

Chief Executive Officer and Chief Restructuring
Officer

Prepared by:

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
       ikharasch@pszjlaw.com
       gdemo@pszjlaw.com

and

**HAYWARD & ASSOCIATES PLLC**

Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com

*Counsel for the Debtor and Debtor-in-Possession*

**Exhibit B**

**Schedule of CLO Management Agreements and Related Contracts to Be Assumed**

### Schedule of CLO Management Agreements and Related Contracts to Be Assumed

1.  Servicing Agreement, dated December 20, 2007, by and among Greenbriar CLO, Ltd., and Highland Capital Management, L.P.

2.  Investment Management Agreement, dated November 1, 2007, by and between Longhorn Credit Funding, LLC, and Highland Capital Management, L.P. (as amended)

3.  Reference Portfolio Management Agreement, dated August 1, 2016, by and between Highland Capital Management, L.P., and Valhalla CLO, Ltd.

4.  Collateral Servicing Agreement, dated December 20, 2006, by and among Highland Park CDO I, Ltd., and Highland Capital Management, L.P.

5.  Portfolio Management Agreement, dated March 15, 2005, by and among Southfork CLO Ltd., and Highland Capital Management, L.P.

6.  Amended and Restated Portfolio Management Agreement, dated November 30, 2005, by and among Jaspar CLO Ltd., and Highland Capital Management, L.P.

7.  Servicing Agreement, dated May 31, 2007, by and among Westchester CLO, Ltd., and Highland Capital Management, L.P.

8.  Servicing Agreement, dated May 10, 2006, by and among Rockwall CDO Ltd. and Highland Capital Management, L.P. (as amended)

9.  Portfolio Management Agreement, dated December 8, 2005, by and between Liberty CLO, Ltd., and Highland Capital Management, L.P.

10. Servicing Agreement, dated March 27, 2008, by and among Aberdeen Loan Funding, Ltd., and Highland Capital Management, L.P.

11. Servicing Agreement, dated May 9, 2007, by and among Rockwall CDO II Ltd. and Highland Capital Management, L.P.

12. Collateral Management Agreement, by and between, Highland Loan Funding V Ltd. and Highland Capital Management, L.P., dated August 1, 2001.

13. Collateral Management Agreement, dated August 18, 1999, by and between Highland Legacy Limited and Highland Capital Management, L.P.

14. Servicing Agreement, dated November 30, 2006, by and among Grayson CLO Ltd., and Highland Capital Management, L.P. (as amended)

15. Servicing Agreement, dated October 25, 2007, by and among Stratford CLO Ltd., and Highland Capital Management, L.P.

16. Servicing Agreement, dated August 3, 2006, by and among Red River CLO Ltd., and Highland Capital Management, L.P. (as amended)

17. Servicing Agreement, dated December 21, 2006, by and among Brentwood CLO, Ltd., and Highland Capital Management, L.P.

18. Servicing Agreement, dated March 13, 2007, by and among Eastland CLO Ltd., and Highland Capital Management, L.P.

19. Portfolio Management, Agreement, dated October 13, 2005, by and among Gleneagles CLO, Ltd., and Highland Capital Management, L.P.

20. Members' Agreement and Amendment, dated November 15, 2017, by and between Highland CLO Funding, Ltd. and Highland Capital Management, L.P.

21. Collateral Management Agreement, dated May 19, 1998, by and between Pam Capital Funding LP, Ranger Asset Mgt LP and Highland Capital Management, L.P.

22. Collateral Management Agreement, dated August 6, 1997, by and between Pamco Cayman Ltd., Ranger Asset Mgt LP and Highland Capital Management, L.P.

23. Amendment No. 1 to Servicing Agreement, October 2, 2007, between Highland Capital Management, L.P. and Red River CLO Ltd. et al

24. Interim Collateral Management Agreement, June 15, 2005, between Highland Capital Management, L.P. and Rockwall CDO Ltd

25. Amendment No. 1 to Servicing Agreement, October 2, 2007, between Highland Capital Management, L.P. and Rockwall CDO Ltd

26. Collateral Servicing Agreement dated December 20, 2006, between Highland Capital Management, L.P. and Highland Park CDO I, Ltd.; The Bank of New York Trust Company, National Association

27. Representations and Warranties Agreement, dated December 20, 2006, between Highland Capital Management, L.P. and Highland Park CDO I, Ltd.

28. Collateral Administration Agreement, dated March 27, 2008, between Highland Capital Management, L.P. and Aberdeen Loan Funding, Ltd.; State Street Bank and Trust Company

29. Collateral Administration Agreement, dated December 20, 2007, between Highland Capital Management, L.P. and Greenbriar CLO, Ltd.; State Street Bank and Trust Company

30. Collateral Acquisition Agreement, dated March 13, 2007, between Highland Capital Management, L.P. and Eastland CLO, Ltd

31. Collateral Administration Agreement, dated March 13, 2007, between Highland Capital Management, L.P. and Eastland CLO, Ltd. and Investors Bank and Trust Company

32. Collateral Administration Agreement, dated October 13, 2005, between Highland Capital Management, L.P. and Gleneagles CLO, Ltd.; JPMorgan Chase Bank, National Association

33. Collateral Acquisition Agreement, dated November 30, 2006, between Highland Capital Management, L.P. and Grayson CLO, Ltd.

34. Collateral Administration Agreement, dated November 30, 2006, between Highland Capital Management, L.P. and Grayson CLO, Ltd.; Investors Bank & Trust Company

35. Collateral Acquisition Agreement, dated August 3, 2006, between Highland Capital Management, L.P. and Red River CLO, Ltd.

2

000162

36.     Collateral Administration Agreement, dated August 3, 2006, between Highland Capital Management, L.P. and Red River CLO, Ltd.; U.S. Bank National Association

37.     Master Warehousing and Participation Agreement, dated April 19, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Highland Special Opportunities Holding Company

38.     Master Warehousing and Participation Agreement, dated February 2, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

39.     Master Warehousing and Participation Agreement (Amendment No. 2), dated May 5, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

40.     Master Warehousing and Participation Agreement (Amendment No. 1), dated April 12, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

41.     Master Warehousing and Participation Agreement (Amendment No. 3), dated June 22, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

42.     Master Warehousing and Participation Agreement (Amendment No. 4), dated July 17, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

43.     Collateral Administration Agreement, dated February 2, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; U.S. Bank National Association; IXIS Financial Products Inc.

44.     Collateral Administration Agreement, dated April 18, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Highland Special Opportunities Holding Company; U.S. Bank National Association

45.     Master Participation Agreement, dated June 5, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Grand Central Asset Trust

46.     A&R Asset Acquisition Agreement, dated July 18, 2001, between Highland Capital Management, L.P. and Salomon Smith Barney Inc.; Highland Loan Funding V Ltd.

47.     A&R Master Participation Agreement, dated July 18, 2001, between Highland Capital Management, L.P. and Salomon Brothers Holding Company; Highland Loan Funding V Ltd.

48.     Collateral Acquisition Agreement, dated June 29, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd.

49.     Collateral Administration Agreement, dated June 29, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd.; JPMorgan Chase Bank, National Association

50.     Master Warehousing and Participation Agreement, dated March 24, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd; MMP-5 Funding, LLC; and IXIS Financial Products Inc.

51.     Master Warehousing and Participation Agreement (Amendment No. 1), dated May 16, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd; MMP-5 Funding, LLC; and IXIS Financial Products Inc.

52.     Collateral Administration Agreement, dated December 8, 2005, between Highland Capital Management, L.P. and Liberty CLO Ltd.

53.     Collateral Administration Agreement, dated May 10, 2006, between Highland Capital Management, L.P. and Rockwall CDO Ltd; JPMorgan Chase Bank, National Association

54.     Collateral Administration Agreement, dated May 9, 2007, between Highland Capital Management, L.P. and Rockwall CDO II, Ltd.; Investors Bank & Trust Company

55.     Collateral Administration Agreement, dated March 15, 2005, between Highland Capital Management, L.P. and Southfork CLO Ltd.; JPMorgan Chase Bank, National Association

56.     Collateral Administration Agreement, dated October 25, 2007, between Highland Capital Management, L.P. and Stratford CLO Ltd.; State Street

57.     Collateral Administration Agreement, dated August 18, 2004, between Highland Capital Management, L.P. and Valhalla CLO, Ltd.; JPMorgan Chase Bank

58.     Collateral Acquisition Agreement, dated May 31, 2007, between Highland Capital Management, L.P. and Westchester CLO, Ltd.

59.     Collateral Administration Agreement, dated May 31, 2007, between Highland Capital Management, L.P. and Westchester CLO, Ltd.; Investors Bank & Trust Company

60.     Collateral Administration Agreement, dated December 21, 2006, between Highland Capital Management, L.P. and Brentwood CLO, Ltd.; Investors Bank & Trust Company

4



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed February 22, 2021**

_United States Bankruptcy Judge_

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) |  |

## ORDER (I) CONFIRMING THE FIFTH AMENDED
## PLAN OF REORGANIZATION OF HIGHLAND CAPITAL
## MANAGEMENT, L.P. (AS MODIFIED) AND (II) GRANTING RELATED RELIEF

The Bankruptcy Court[2] having:

a.    entered, on November 24, 2020, the *Order (A) Approving the Adequacy of the Disclosure Statement, (B) Scheduling A Hearing to Confirm the Fifth Amended Plan of Reorganization (C) Establishing Deadline for Filing Objections to Confirmation of Plan, (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures, and (E) Approving Form and Manner of Notice* [Docket No. 1476] (the "Disclosure Statement Order"), pursuant to which the Bankruptcy Court approved the adequacy of the *Disclosure Statement Relating to the Fifth*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan (as defined below). The rules of interpretation set forth in Article I of the Plan apply to this Confirmation Order.

*Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1473] (the "Disclosure Statement") under section 1125 of the Bankruptcy Code and authorized solicitation of the Disclosure Statement;

b.  set January 5, 2021, at 5:00 p.m. prevailing Central Time (the "Objection Deadline"), as the deadline for filing objections to confirmation of the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (*As Modified*) [Docket No. 1808] (as amended, supplemented or modified, the "Plan");

c.  set January 5, 2021, at 5:00 p.m. prevailing Central Time, as the deadline for voting on the Plan (the "Voting Deadline") in accordance with the Disclosure Statement Order;

d.  initially set January 13, 2021, at 9:30 a.m. prevailing Central Time, as the date and time to commence the hearing to consider confirmation of the Plan pursuant to Bankruptcy Rules 3017 and 3018, sections 1126, 1128, and 1129 of the Bankruptcy Code, and the Disclosure Statement Order, which hearing was continued to January 26, 2021, at 9:30 a.m. prevailing Central Time and further continued to February 2, 2021;

e.  reviewed: (i) the Plan; (ii) the Disclosure Statement; and (iii) *Notice of (I) Entry of Order Approving Disclosure Statement; (II) Hearing to Confirm; and (III) Related Important Dates* (the "Confirmation Hearing Notice"), the form of which is attached as Exhibit 1-B to the Disclosure Statement Order;

f.  reviewed: (i) the *Debtor's Notice of Filing of Plan Supplement for the Third Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1389] filed November 13, 2020; (ii) *Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1606] filed on December 18, 2020; (iii) the *Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1656] filed on January 4, 2021; (iv) *Notice of Filing Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications)t* dated January 22, 2021 [Docket No. 1811]; and (v) *Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland of Highland Capital Management, L.P. (As Modified)* on February 1, 2021 [Docket No. 1875]; (collectively, the documents listed in (i) through (v) of this paragraph, the "Plan Supplements");

g.  reviewed: (i) the *Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on December 30, 2020 [Docket No. 1648]; (ii) the *Second Notice of (I) Executory Contracts and*

DOCS_SF:104487.21 36027/002

*Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on January 11, 2021 [Docket No.1719]; (iii) the *Third Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on January 15, 2021 [Docket No. 1749]; (iv) the *Notice of Withdrawal of Certain Executory Contracts and Unexpired Leases from List of Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan* [Docket No. 1791]; (v) the *Fourth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan (II) Cure Amounts, if Any, and (III) Released Procedures in Connection Therewith* filed on January 27, 2021 [Docket No. 1847]; (vi) the *Notice of Hearing on Agreed Motion to (I) Assume Nonresidential Real Property Lease with Crescent TC Investors, L.P. Upon Confirmation of Plan and (II) Extend Assumption Deadline* filed on January 28, 2021 [Docket No. 1857]; and (vii) the *Fifth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan (II) Cure Amounts, if Any, and (III) Released Procedures in Connection Therewith* filed on February 1, 2021 [Docket No. 1873] (collectively, the documents referred to in (i) to (vii) are referred to as "List of Assumed Contracts");

h.      reviewed: (i) the *Debtor's Memorandum of Law in Support of Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1814] (the "Confirmation Brief"); (ii) the *Debtor's Omnibus Reply to Objections to Confirmation of the Fifth Amended Chapter 11 Plan of Reorganization of Highland Capital Management*; [Docket No. 1807]; and (iii) the *Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1772] and *Supplemental Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1887] filed on February 3, 2021 (together, the "Voting Certifications").

i.       reviewed: (i) *Notice of Affidavit of Publication* dated December 3, 2020 [Docket No. 1505]; (ii) the *Certificate of Service* dated December 23, 2020 [Docket No. 1630]; (iii) the *Supplemental Certificate of Service* dated December 24, 2020 [Docket No. 1637]; (iv) the *Second Supplemental Certificate of Service* dated December 31, 2020 [Docket No. 1653]; (v) the *Certificate of Service* dated December 23, 2020 [Docket No. 1627]; (vi) the *Certificate of Service* dated January 6, 2021 [Docket No. 1696]; (vii) the *Certificate of Service* dated January 7, 2021 [Docket No. 1699]; (viii) the *Certificate of Service* dated January 7, 2021 [Docket No 1700]; (ix) the *Certificate of Service* dated January 15, 2021 [Docket No. 1761]; (x) the *Certificate of Service* dated January 19, 2021 [Docket No. 1775]; (xi) the

*Certificate of Service* dated January 20, 2021 [Docket No. 1787]; (xii) the *Certificate of Service* dated January 26, 2021[Docket No. 1844]; (xiii) the *Certificate of Service* dated January 27, 2021 [Docket No. 1854]; (xiv) the *Certificate of Service* dated February 1, 2021 [Docket No. 1879]; (xv) the *Certificates of Service* dated February 3, 2021 [Docket No. 1891 and 1893]; and (xvi) the *Certificates of Service* dated February 5, 2021 [Docket Nos. 1906, 1907, 1908 and 1909] (collectively, the "Affidavits of Service and Publication");

j.    reviewed all filed[3] pleadings, exhibits, statements, and comments regarding approval of the Disclosure Statement and confirmation of the Plan, including all objections, statements, and reservations of rights;

k.    conducted a hearing to consider confirmation of the Plan, which commenced on February 2, 2021, at 9:30 a.m. prevailing Central Time and concluded on February 3, 2021, and issued its oral ruling on February 8, 2021 (collectively, the "Confirmation Hearing);

l.    heard the statements and arguments made by counsel in respect of confirmation of the Plan and having considered the record of this Chapter 11 Case and taken judicial notice of all papers and pleadings filed in this Chapter 11 Case; and

m.    considered all oral representations, testimony, documents, filings, and other evidence regarding confirmation of the Plan, including (a) all of the exhibits admitted into evidence;[4] (b) the sworn testimony of (i) James P. Seery, Jr., the Debtor's Chief Executive Officer and Chief Restructuring Officer and a member of the Board of Directors of Strand Advisors, Inc. ("Strand"), the Debtor's general partner; (ii) John S. Dubel, a member of the Board of Strand; (iii) Marc Tauber, a Vice President at Aon Financial Services; and (iv) Robert Jason Post, the Chief Compliance Officer of NexPoint Advisors, LP (collectively, the "Witnesses"); (c) the credibility of the Witnesses; and (d) the Voting Certifications.

NOW, THEREFORE, after due deliberation thereon and good cause appearing therefor,

the Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of

law:

---

[3] Unless otherwise indicated, use of the term "filed" herein refers also to the service of the applicable document filed on the docket in this Chapter 11 Case, as applicable.

[4] The Court admitted the following exhibits into evidence: (a) all of the Debtor's exhibits lodged at Docket No. 1822 (except TTTTT, which was withdrawn by the Debtor); (b) all of the Debtor's exhibits lodged at Docket No. 1866; (c) all of the Debtor's exhibits lodged at Docket No. 1877; (d) all of the Debtor's exhibits lodged at Docket No. 1895; and (e) Exhibits 6-12 and 15-17 offered by Mr. James Dondero and lodged at Docket No. 1874.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     **Findings of Fact and Conclusions of Law.** The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record during the Confirmation Hearing, constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.     **Introduction and Summary of the Plan.** Prior to addressing the specific requirements under the Bankruptcy Code and Bankruptcy Rules with respect to the confirmation of the Plan, the Bankruptcy Court believes it would be useful to first provide the following background of the Debtor's Chapter 11 Case, the parties involved therewith, and some of the major events that have transpired culminating in the filing and solicitation of the Plan of this very unusual case. Before the Bankruptcy Court is the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, filed on November 24, 2020, as modified on January 22, 2021 and again on February 1, 2021. The parties have repeatedly referred to the Plan as an "asset monetization plan" because it involves the orderly wind-down of the Debtor's estate, including the sale of assets and certain of its funds over time, with the Reorganized Debtor continuing to manage certain other funds, subject to the oversight of the Claimant Trust Oversight Board. The Plan provides for a Claimant Trust to, among other things, manage and monetize the Claimant Trust Assets for the benefit of the Debtor's economic stakeholders. The Claimant Trustee is responsible

DOCS_SF:104487.21 36027/002

for this process, among other duties specified in the Plan's Claimant Trust Agreement. There is also anticipated to be a Litigation Sub-trust established for the purpose of pursuing certain avoidance or other causes of action for the benefit of the Debtor's economic constituents.

3.  **Confirmation Requirements Satisfied.** The Plan is supported by the Committee and all claimants with Convenience Claims (*i.e.*, general unsecured claims under $1 million) who voted in Class 7. Claimants with Class 8 General Unsecured Claims, however, voted to reject the Plan because, although the Plan was accepted by 99.8% of the amount of Claims in that class, only 17 claimants voted to accept the Plan while 27 claimants voted to reject the Plan. As a result of such votes, and because Mr. Dondero and the Dondero Related Entities (as defined below) objected to the Plan on a variety of grounds primarily relating to the Plan's release, exculpation and injunction provisions, the Bankruptcy Court heard two full days of evidence on February 2 and 3, 2021, and considered testimony from five witnesses and thousands of pages of documentary evidence in determining whether the Plan satisfies the confirmation standards required under the Bankruptcy Code. The Bankruptcy Court finds and concludes that the Plan meets all of the relevant requirements of sections 1123, 1124, and 1129, and other applicable provisions of the Bankruptcy Code, as more fully set forth below with respect to each of the applicable confirmation requirements.

4.  **Not Your Garden Variety Debtor**. The Debtor's case is not a garden variety chapter 11 case. The Debtor is a multibillion-dollar global investment adviser registered with the SEC, pursuant to the Investment Advisers Act of 1940. It was founded in 1993 by James Dondero and Mark Okada. Mark Okada resigned from his role with Highland prior to the

DOCS_SF:104487.21 36027/002

bankruptcy case being filed on October 16, 2019 (the "Petition Date"). Mr. Dondero controlled

the Debtor as of the Petition Date but agreed to relinquish control of it on or about January 9, 2020,

pursuant to an agreement reached with the Committee, as described below. Although Mr. Dondero

remained with the Debtor as an unpaid employee/portfolio manager after January 9, 2020, his

employment with the Debtor terminated on October 9, 2020. Mr. Dondero continues to work for

and/or control numerous non-debtor entities in the complex Highland enterprise.

       5.      **The Debtor**. The Debtor is headquartered in Dallas, Texas. As of the

Petition Date, the Debtor employed approximately 76 employees. The Debtor is privately-owned:

(a) 99.5% by the Hunter Mountain Investment Trust; (b) 0.1866% by The Dugaboy Investment

Trust, a trust created to manage the assets of Mr. Dondero and his family; (c) 0.0627% by Mark

Okada, personally and through family trusts; and (d) 0.25% by Strand, the Debtor's general

partner.

       6.      **The Highland Enterprise.** Pursuant to various contractual arrangements,

the Debtor provides money management and advisory services for billions of dollars of assets,

including collateralized loan obligation vehicles ("CLOs"), and other investments. Some of these

assets are managed by the Debtor pursuant to shared services agreements with certain affiliated

entities, including other affiliated registered investment advisors. In fact, there are approximately

2,000 entities in the byzantine complex of entities under the Highland umbrella. None of these

affiliated entities filed for chapter 11 protection. Most, but not all, of these entities are not

subsidiaries (direct or indirect) of the Debtor. Many of the Debtor's affiliated companies are

offshore entities, organized in jurisdictions such as the Cayman Islands and Guernsey. *See* Disclosure Statement, at 17-18.

7. **Debtor's Operational History.** The Debtor's primary means of generating revenue has historically been from fees collected for the management and advisory services provided to funds that it manages, plus fees generated for services provided to its affiliates. For additional liquidity, the Debtor, prior to the Petition Date, would sell liquid securities in the ordinary course, primarily through a brokerage account at Jefferies, LLC. The Debtor would also, from time to time, sell assets at non-Debtor subsidiaries and cause those proceeds to be distributed to the Debtor in the ordinary course of business. The Debtor's current Chief Executive Officer, James P. Seery, Jr., credibly testified at the Confirmation Hearing that the Debtor was "run at a deficit for a long time and then would sell assets or defer employee compensation to cover its deficits." The Bankruptcy Court cannot help but wonder if that was necessitated because of enormous litigation fees and expenses incurred by the Debtor due to its culture of litigation—as further addressed below.

8. **Not Your Garden Variety Creditor's Committee**. The Debtor and this chapter 11 case are not garden variety for so many reasons. One of the most obvious standouts in this case is the creditor constituency. The Debtor did not file for bankruptcy because of any of the typical reasons that large companies file chapter 11. For example, the Debtor did not have a large, asset-based secured lender with whom it was in default; it only had relatively insignificant secured indebtedness owing to Jeffries, with whom it had a brokerage account, and one other entity, Frontier State Bank. The Debtor also did not have problems with its trade vendors or landlords.

The Debtor also did not suffer any type of catastrophic business calamity. In fact, the Debtor filed for Chapter 11 protection six months before the onset of the COVID-19 pandemic. Rather, the Debtor filed for Chapter 11 protection due to a myriad of massive, unrelated, business litigation claims that it faced—many of which had finally become liquidated (or were about to become liquidated) after a decade or more of contentious litigation in multiple forums all over the world. The Committee in this case has referred to the Debtor—under its former chief executive, Mr. Dondero—as a "serial litigator." The Bankruptcy Court agrees with that description. By way of example, the members of the Committee (and their history of litigation with the Debtor and others in the Highland complex) are as follows:

a. **The Redeemer Committee of the Highland Crusader Fund (the "<u>Redeemer Committee</u>")**. This Committee member obtained an arbitration award against the Debtor in the amount of $190,824,557, inclusive of interest, approximately five months before the Petition Date, from a panel of the American Arbitration Association. It was on the verge of having that award confirmed by the Delaware Chancery Court immediately prior to the Petition Date, after years of disputes that started in late 2008 (and included legal proceedings in Bermuda). This creditor's claim was settled during this Chapter 11 Case in the amount of approximately $137,696,610 (subject to other adjustments and details not relevant for this purpose).

b. **Acis Capital Management, L.P., and Acis Capital Management GP, LLC ("<u>Acis</u>")**. Acis was formerly in the Highland complex of companies, but was not affiliated with Highland as of the Petition Date. This Committee member and its now-owner, Joshua Terry, were involved in litigation with the Debtor dating back to 2016. Acis was forced by Mr. Terry (who was a former Highland portfolio manager) into an involuntary chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of Texas, Dallas Division before the Bankruptcy Court in 2018, after Mr. Terry obtained an approximately $8 million arbitration award and judgment against Acis. Mr. Terry ultimately was awarded the equity ownership of Acis by the Bankruptcy Court in the Acis bankruptcy case. Acis subsequently asserted a multi-million dollar claim against Highland in the Bankruptcy Court for Highland's alleged denuding of Acis to defraud its creditors—primarily Mr. Terry. The litigation involving Acis and Mr. Terry dates back to mid-2016 and has

continued on with numerous appeals of Bankruptcy Court orders, including one appeal still pending at the Fifth Circuit Court of Appeals.  There was also litigation involving Mr. Terry and Acis in the Royal Court of the Island of Guernsey and in a state court in New York.  The Acis claim was settled during this Chapter 11 Case, in Bankruptcy Court-ordered mediation, for approximately $23 million (subject to other details not relevant for this purpose), and is the subject of an appeal being pursued by Mr. Dondero.

c.   **UBS Securities LLC and UBS AG London Branch ("UBS").**  UBS is a Committee member that filed a proof of claim in the amount of $1,039,957,799.40 in this Chapter 11 Case.  The UBS Claim was based on a judgment that UBS received from a New York state court in 2020.  The underlying decision was issued in November 2019, after a multi-week bench trial (which had occurred many months earlier) on a breach of contract claim against non-Debtor entities in the Highland complex.  The UBS litigation related to activities that occurred in 2008 and 2009.  The litigation involving UBS and Highland and affiliates was pending for more than a decade (there having been numerous interlocutory appeals during its history).  The Debtor and UBS recently announced an agreement in principle for a settlement of the UBS claim (which came a few months after Bankruptcy Court-ordered mediation) which will be subject to a 9019 motion to be filed with the Bankruptcy Court on a future date.

d.   **Meta-E Discovery ("Meta-E").**  Meta-E is a Committee member that is a vendor who happened to supply litigation and discovery-related services to the Debtor over the years.  It had unpaid invoices on the Petition Date of more than $779,000.

It is fair to say that the members of the Committee in this case all have wills of steel.  They fought hard before and during this Chapter 11 Case.  The members of the Committee, all of whom have volunteered to serve on the Claimant Trust Oversight Board post-confirmation, are highly sophisticated and have had highly sophisticated professionals representing them.  They have represented their constituency in this case as fiduciaries extremely well.

9.   **Other Key Creditor Constituents.**  In addition to the Committee members who were all embroiled in years of litigation with Debtor and its affiliates in various ways, the Debtor has been in litigation with Patrick Daugherty, a former limited partner and employee of the Debtor, for many years in both Delaware and Texas state courts.  Mr. Daugherty filed an amended

10

proof of claim in this Chapter 11 Case for $40,710,819.42 relating to alleged breaches of employment-related agreements and for defamation arising from a 2017 press release posted by the Debtor. The Debtor and Mr. Daugherty recently announced a settlement of Mr. Daugherty's claim pursuant to which he will receive $750,000 in cash on the Effective Date of the Plan, an $8.25 million general unsecured claim, and a $2.75 million subordinated claim (subject to other details not relevant for this purpose). Additionally, entities collectively known as "HarbourVest" invested more than $70 million with an entity in the Highland complex and asserted a $300 million proof of claim against the Debtor in this case, alleging, among other things, fraud and RICO violations. HarbourVest's claim was settled during the bankruptcy case for a $45 million general unsecured claim and a $35 million subordinated claim, and that settlement is also being appealed by a Dondero Entity.

10. **Other Claims Asserted.** Other than the Claims just described, most of the other Claims in this Chapter 11 Case are Claims asserted against the Debtor by: (a) entities in the Highland complex—most of which entities the Bankruptcy Court finds to be controlled by Mr. Dondero; (b) employees who contend that are entitled to large bonuses or other types of deferred compensation; and (c) numerous law firms that worked for the Debtor prior to the Petition Date and had outstanding amounts due for their prepetition services.

11. **Not Your Garden Variety Post-Petition Corporate Governance Structure**. Yet another reason this is not your garden variety chapter 11 case is its post-petition corporate governance structure. Immediately from its appointment, the Committee's relationship with the Debtor was contentious at best. First, the Committee moved for a change of venue from

Delaware to Dallas.  Second, the Committee (and later, the United States Trustee) expressed its

then-desire for the appointment of a chapter 11 trustee due to its concerns over and distrust of Mr.

Dondero, his numerous conflicts of interest, and his history of alleged mismanagement (and

perhaps worse).

            12.      **Post-Petition Corporate Governance Settlement with Committee.**  After

spending many weeks under the threat of the potential appointment of a trustee, the Debtor and

Committee engaged in substantial and lengthy negotiations resulting in a corporate governance

settlement approved by the Bankruptcy Court on January 9, 2020.[5]  As a result of this settlement,

among other things, Mr. Dondero relinquished control of the Debtor and resigned his positions as

an officer or director of the Debtor and its general partner, Strand.  As noted above, Mr. Dondero

agreed to this settlement pursuant a stipulation he executed,[6] and he also agreed not to cause any

Related Entity (as defined in the Settlement Motion) to terminate any agreements with the Debtor.

The January 9 Order also (a) required that the Bankruptcy Court serve as "gatekeeper" prior to the

commencement of any litigation against the three independent board members appointed to

oversee and lead the Debtor's restructuring in lieu of Mr. Dondero and (b) provided for the

exculpation of those board members by limiting claims subject to the "gatekeeper" provision to

those alleging willful misconduct and gross negligence.

---

[5] This order is hereinafter referred to as the "January 9 Order" and was entered by the Court on January 9, 2020
[Docket No. 339] pursuant to the *Motion of the Debtor to Approve Settlement with Official Committee of Unsecured
Creditors Regarding the Governance of the Debtor and Procedures for Operation in the Ordinary Course* [Docket
No. 281] (the "Settlement Motion").

[6] *See Stipulation in Support of Motion of the Debtor for Approval of Settlement With the Official Committee of
Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in Ordinary Course*
[Docket No. 338] (the "Stipulation").

13. **Appointment of Independent Directors.**    As part of the Bankruptcy

Court-approved settlement, three eminently qualified independent directors were chosen to lead

Highland through its Chapter 11 Case.  They are:  James P. Seery, Jr., John S. Dubel (each chosen

by the Committee), and Retired Bankruptcy Judge Russell Nelms.  These three individuals are

each technically independent directors of Strand (Mr. Dondero had previously been the sole

director of Strand and, thus, the sole person in ultimate control of the Debtor).    The three

independent board members' resumes are in evidence.  The Bankruptcy Court later approved Mr.

Seery's appointment as the Debtor's Chief Executive Officer, Chief Restructuring Officer, and

Foreign Representative.    Suffice it to say that this settlement and the appointment of the

independent directors changed the entire trajectory of the case and saved the Debtor from the

appointment of a trustee.  The Bankruptcy Court and the Committee each trusted the independent

directors.  They were the right solution at the right time.  Because of the unique character of the

Debtor's business, the Bankruptcy Court believed the appointment of three qualified independent

directors was a far better outcome for creditors than the appointment of a conventional chapter 11

trustee.  Each of the independent directors brought unique qualities to the table.  Mr. Seery, in

particular, knew and had vast experience at prominent firms with high-yield and distressed

investing similar to the Debtor's business.  Mr. Dubel had 40 years of experience restructuring

large complex businesses and serving on boards in this context.  And Retired Judge Nelms had not

only vast bankruptcy experience but seemed particularly well-suited to help the Debtor maneuver

through conflicts and ethical quandaries.  By way of comparison, in the chapter 11 case of Acis,

the former affiliate of Highland that the Bankruptcy Court presided over and which company was

DOCS_SF:104487.21 36027/002

000177

much smaller in size and scope than Highland (managing only 5-6 CLOs), the creditors elected a

chapter 11 trustee who was not on the normal trustee rotation panel in this district but, rather, was

a nationally known bankruptcy attorney with more than 45 years of large chapter 11 experience.

While the Acis chapter 11 trustee performed valiantly, he was sued by entities in the Highland

complex shortly after he was appointed (which the Bankruptcy Court had to address).  The Acis

trustee was also unable to persuade the Debtor and its affiliates to agree to any actions taken in the

case, and he finally obtained confirmation of Acis' chapter 11 plan over the objections of the

Debtor and its affiliates on his fourth attempt (which confirmation was promptly appealed).

   14. **Conditions Required by Independent Directors.**  Given the experiences

in Acis and the Debtor's culture of constant litigation, it was not as easy to get such highly qualified

persons to serve as independent board members and, later, as the Debtor's Chief Executive Officer,

as it would be in an ordinary chapter 11 case.  The independent board members were stepping into

a morass of problems. Naturally, they were worried about getting sued no matter how defensible

their efforts—given the litigation culture that enveloped Highland historically.  Based on the

record of this Case and the proceedings in the Acis chapter 11 case, it seemed as though everything

always ended in litigation at Highland.  The Bankruptcy Court heard credible testimony that none

of the independent directors would have taken on the role of independent director without (1) an

adequate directors and officers' ("D&O") insurance policy protecting them; (2) indemnification

from Strand that would be guaranteed by the Debtor; (3) exculpation for mere negligence claims;

and (4) a gatekeeper provision prohibiting the commencement of litigation against the independent

directors without the Bankruptcy Court's prior authority.  This gatekeeper provision was also

included in the Bankruptcy Court's order authorizing the appointment of Mr. Seery as the Debtor's Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative entered on July 16, 2020.[7]  The gatekeeper provisions in both the January 9 Order and July 16 Order are precisely analogous to what bankruptcy trustees have pursuant to the so-called "Barton Doctrine" (first articulated in an old Supreme Court case captioned *Barton v. Barbour,* 104 U.S. 126 (1881)). The Bankruptcy Court approved all of these protections in the January 9 Order and the July 16 Order, and no one appealed either of those orders.  As noted above, Mr. Dondero signed the Stipulation that led to the settlement that was approved by the January 9 Order.  The Bankruptcy Court finds that, like the Committee, the independent board members have been resilient and unwavering in their efforts to get the enormous problems in this case solved.  They seem to have at all times negotiated hard and in good faith, which culminated in the proposal of the Plan currently before the Bankruptcy Court.  As noted previously, they completely changed the trajectory of this case.

15.    **Not Your Garden Variety Mediators.**  And still another reason why this was not your garden variety case was the mediation effort.  In the summer of 2020, roughly nine months into the chapter 11 case, the Bankruptcy Court ordered mediation among the Debtor, Acis, UBS, the Redeemer Committee, and Mr. Dondero.  The Bankruptcy Court selected co-mediators because mediation among these parties seemed like such a Herculean task—especially during COVID-19 where people could not all be in the same room.  Those co-mediators were:  Retired

---

[7] *See Order Approving the Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative Nunc Pro Tunc to March 15, 2020* [Docket No. 854] entered on July 16, 2020 (the "July 16 Order")

DOCS_SF:104487.21 36027/002

000179

Bankruptcy Judge Alan Gropper from the Southern District of New York, who had a distinguished career presiding over complex chapter 11 cases, and Ms. Sylvia Mayer, who likewise has had a distinguished career, first as a partner at a preeminent law firm working on complex chapter 11 cases, and subsequently as a mediator and arbitrator in Houston, Texas.  As noted earlier, the Redeemer Committee and Acis claims were settled during the mediation—which seemed nothing short of a miracle to the Bankruptcy Court—and the UBS claim was settled several months later and the Bankruptcy Court believes the ground work for that ultimate settlement was laid, or at least helped, through the mediation.  And, as earlier noted, other significant claims have been settled during this case, including those of HarbourVest (who asserted a $300 million claim) and Patrick Daugherty (who asserted a $40 million claim).  The Bankruptcy Court cannot stress strongly enough that the resolution of these enormous claims—and the acceptance by all of these creditors of the Plan that is now before the Bankruptcy Court—seems nothing short of a miracle. It was more than a year in the making.

16. **Not Your Garden Variety Plan Objectors (That Is, Those That Remain)**.  Finally, a word about the current, remaining objectors to the Plan before the Bankruptcy Court.  Once again, the Bankruptcy Court will use the phrase "not your garden variety", which phrase applies to this case for many reasons.  Originally, there were over a dozen objections filed to the Plan.  The Debtor then made certain amendments or modifications to the Plan to address some of these objections, none of which require further solicitation of the Plan for reasons set forth in more detail below.  The only objectors to the Plan left at the time of the Confirmation Hearing

were Mr. Dondero [Docket No. 1661] and entities that the Bankruptcy Court finds are owned

and/or controlled by him and that filed the following objections:

a.  *Objection to Confirmation of the Debtor's Fifth Amended Plan of Reorganization* (filed by Get Good Trust and The Dugaboy Investment Trust) [Docket No. 1667];

b.  *Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (filed by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrate Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund)* [Docket No. 1670];

c.  A *Joinder to the Objection filed at 1670 by:  NexPoint Real Estate Finance Inc., NexPoint Real Estate Capital, LLC, NexPoint Residential Trust, Inc., NexPoint Hospitality Trust, NexPoint Real Estate Partners, LLC, NexPoint Multifamily Capital Trust, Inc., VineBrook Homes Trust, Inc., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., and any funds advised by the foregoing* [Docket No. 1677];

d.  *NexPoint Real Estate Partners LLC's Objection to Debtor's Fifth Amended Plan of Reorganization (filed by NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC)* [Docket No. 1673]; and

e.  *NexBank's Objection to Debtor's Fifth Amended Plan of Reorganization (filed by NexBank Title, Inc., NexBank Securities, Inc., NexBank Capital, Inc., and NexBank)* [Docket No. 1676].  The entities referred to in (i) through (v) of this paragraph are hereinafter referred to as the "Dondero Related Entities").

17.  **Questionability of Good Faith as to Outstanding Confirmation Objections.**  Mr. Dondero and the Dondero Related Entities technically have standing to object to the Plan, but the remoteness of their economic interests is noteworthy, and the Bankruptcy Court

DOCS_SF:104487.21 36027/002

questions the good faith of Mr. Dondero's and the Dondero Related Entities' objections.  In fact, the Bankruptcy Court has good reason to believe that these parties are not objecting to protect economic interests they have in the Debtor but to be disruptors.  Mr. Dondero wants his company back.  This is understandable, but it is not a good faith basis to lob objections to the Plan.  As detailed below, the Bankruptcy Court has slowed down plan confirmation multiple times and urged the parties to talk to Mr. Dondero in an attempt to arrive at what the parties have repeatedly referred to as a "grand bargain," the ultimate goal to resolve the Debtor's restructuring.  The Debtor and the Committee represent that they have communicated with Mr. Dondero regarding a grand bargain settlement, and the Bankruptcy Court believes that they have.

18.    **Remote Interest of Outstanding Confirmation Objectors.**  To be specific about the remoteness of Mr. Dondero's and the Dondero Related Entities' interests, the Bankruptcy Court will address them each separately.  First, Mr. Dondero has a pending objection to the Plan.  Mr. Dondero's only economic interest with regard to the Debtor is an unliquidated indemnification claim (and, based on everything the Bankruptcy Court has heard, his indemnification claims would be highly questionable at this juncture).  Mr. Dondero owns no equity in the Debtor directly.  Mr. Dondero owns the Debtor's general partner, Strand, which in turn owns a quarter percent of the total equity in the Debtor.  Second, a joint objection has been filed by The Dugaboy Trust ("Dugaboy") and the Get Good Trust ("Get Good").  The Dugaboy Trust was created to manage the assets of Mr. Dondero and his family and owns a 0.1866% limited partnership interest in the Debtor.  *See* Disclosure Statement at 7, n.3.  The Bankruptcy Court is not clear what economic interest the Get Good Trust has, but it likewise seems to be related to Mr. Dondero.  Get Good

DOCS_SF:104487.21 36027/002

filed three proofs of claim relating to a pending federal tax audit of the Debtor's 2008 return, which

the Debtor believes arise from Get Good's equity security interests and are subject to subordination

as set forth in its Confirmation Brief.   Dugaboy filed three claims against the Debtor: (a) an

administrative claim relating to the Debtor's alleged postpetition management of Multi-Strat

Credit Fund, L.P., (b) a prepetition claim against a subsidiary of the Debtor for which it seeks to

pierce the corporate veil, each of which the Debtor maintains are frivolous in the Confirmation

Brief, and (c) a claim arising from its equity security interest in the Debtor, which the Debtor

asserts should be subordinated.   Another group of objectors that has joined together in one

objection is what the Bankruptcy Court will refer to as the "Highland Advisors and Funds." *See*

Docket No. 1863.  The Bankruptcy Court understands they assert disputed administrative expense

claims against the estate that were filed shortly before the Confirmation Hearing on January 23,

2021 [Docket No. 1826], and during the Confirmation Hearing on February 3, 2021 [Docket No.

1888].  At the Confirmation Hearing, Mr. Post testified on behalf of the Highland Advisors and

Funds that the Funds have independent board members that run the Funds, but the Bankruptcy

Court was not convinced of their independence from Mr. Dondero because none of the so-called

independent board members have ever testified before the Bankruptcy Court and all have been

engaged with the Highland complex for many years.  Notably, the Court questions Mr. Post's

credibility because, after more than 12 years of service, he abruptly resigned from the Debtor in

October 2020 at the exact same time that Mr. Dondero resigned at the Board of Directors' request,

and he is currently employed by Mr. Dondero.  Moreover, Dustin Norris, a witness in a prior

proceeding (whose testimony was made part of the record at the Confirmation Hearing), recently

testified on behalf of the Highland Advisors and Funds in another proceeding that Mr. Dondero owned and/or controlled these entities. Finally, various NexBank entities objected to the Plan. The Bankruptcy Court does not believe they have liquidated claims against the Debtor. Mr. Dondero appears to be in control of these entities as well.

19. **Background Regarding Dondero Objecting Parties.** To be clear, the Bankruptcy Court has allowed all these objectors to fully present arguments and evidence in opposition to confirmation, even though their economic interests in the Debtor appear to be extremely remote and the Bankruptcy Court questions their good faith. Specifically, the Bankruptcy Court considers them all to be marching pursuant to the orders of Mr. Dondero. In the recent past, Mr. Dondero has been subject to a temporary restraining order and preliminary injunction by the Bankruptcy Court for interfering with Mr. Seery's management of the Debtor in specific ways that were supported by evidence. Around the time that this all came to light and the Bankruptcy Court began setting hearings on the alleged interference, Mr. Dondero's company phone, which he had been asked to turn in to Highland, mysteriously went missing. The Bankruptcy Court merely mentions this in this context as one of many reasons that the Bankruptcy Court has to question the good faith of Mr. Dondero and his affiliates in raising objections to confirmation of the Plan.

20. **Other Confirmation Objections.** Other than the objections filed by Mr. Dondero and the Dondero Related Entities, the only other pending objection to the Plan is the *United States Trustee's Limited Objection to Confirmation of Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1671], which objected to the Plan's exculpation, injunction, and

Debtor release provisions. In juxtaposition, to these pending objections, the Bankruptcy Court

notes that the Debtor resolved the following objections to the Plan:

a.   *CLO Holdco, Ltd.'s Joinder to Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. and Supplemental Objections to Plan Confirmation* [Docket No. 1675]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph VV of the Confirmation Order;

b.   *Objection of Dallas County, City of Allen, Allen ISD, City of Richardson, and Kaufman County to Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1662]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph QQ of the Confirmation Order;

c.   *Senior Employees' Limited Objection to Debtor's Fifth Amended Plan of Reorganization (filed by Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon)* [Docket No. 1669]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph 82 and paragraphs RR and SS of the Confirmation Order;

d.   *Limited Objection of Jack Yang and Brad Borud to Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1666] and the amended joinder filed by Davis Deadman, Paul Kauffman and Todd Travers [Docket No. 1679]. This Objection and the amended joinder were resolved by agreement of the parties pursuant to modifications to the Plan filed by the Debtor;

e.   *United States' (IRS) Limited Objection to Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1668]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraphs TT and UU of the Confirmation Order; and

f.   *Patrick Hagaman Daugherty's Objection to Confirmation of Fifth Amended Plan of Reorganization* [Docket No. 1678]. This objection was resolved by the parties pursuant to the settlement of Mr. Daugherty's claim announced on the record of the Confirmation Hearing.

21.   **Capitalized Terms.** Capitalized terms used herein, but not defined herein,

shall have the respective meanings attributed to such terms in the Plan and the Disclosure

Statement, as applicable.

DOCS_SF:104487.21 36027/002

22.     **Jurisdiction and Venue.**  The Bankruptcy Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Chapter 11 Case is proper in this district and in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

23.     **Chapter 11 Petition.**  On the Petition Date, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which case was transferred to the Bankruptcy Court on December 19, 2019.  The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this Chapter 11 Case.   The Office of the United States Trustee appointed the Committee on October 29, 2019.

24.     **Judicial Notice.**  The Bankruptcy Court takes judicial notice of the docket in this Chapter 11 Case maintained by the clerk of the Bankruptcy Court and the court-appointed claims agent, Kurtzman Carson Consultants LLC ("KCC"), including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during this Chapter 11 Case, including, without limitation, the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing, as well as all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Bankruptcy Court or the District Court for the Northern District of Texas in

DOCS_SF:104487.21 36027/002

000186

connection with an adversary proceeding or appellate proceeding, respectively, related to this Chapter 11 Case.

25. **Plan Supplement Documents.** Prior to the Confirmation Hearing, the Debtor filed each of the Plan Supplements. The Plan Supplements contain, among other documents, the Retained Causes of Action, the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, the Senior Employee Stipulation, the Related Entity List, the Schedule of Employees, the Reorganized Limited Partnership Agreement, supplements to the Liquidation Analysis/Financial Projections, the Schedule of Contracts and Leases to be Assumed, and the other Plan Documents set forth therein (collectively, the "Plan Supplement Documents").

26. **Retained Causes of Action Adequately Preserved.** The Bankruptcy Court finds that the list of Retained Causes of Action included in the Plan Supplements sufficiently describes all potential Retained Causes of Action, provides all persons with adequate notice of any Causes of Action regardless of whether any specific claim to be brought in the future is listed therein or whether any specific potential defendant or other party is listed therein, and satisfies applicable law in all respects to preserve all of the Retained Causes of Action. The definition of the Causes of Action and Schedule of Retained Causes of Action, and their inclusion in the Plan, specifically and unequivocally preserve the Causes of Action for the benefit of the Reorganized Debtor, the Claimant Trust, or the Litigation Sub-Trust, as applicable.

27. **Plan Modifications Are Non-Material.** In addition to the Plan Supplements, the Debtor made certain non-material modifications to the Plan, which are reflected in (i) the *Redline of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*

DOCS_SF:104487.21 36027/002

000187

*(as Modified)* filed on January 22, 2021 [Docket No. 1809], and (ii) Exhibit B to the *Debtor's*

*Notice of Filing of Plan Supplement to Fifth Amended Plan of Reorganization of Highland Capital*

*Management, L.P. (as Modified)* filed on February 1, 2021 [Docket No. 1875] (collectively, the

"Plan Modifications").  Section 1127(a) of the Bankruptcy Code provides that a plan proponent

may modify its plan at any time before confirmation so long as such modified plan meets the

requirements of sections 1122 and 1123 of the Bankruptcy Code.  None of the modifications set

forth in the Plan Supplements or the Plan Modifications require any further solicitation pursuant

to sections 1125, 1126, or 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, because,

among other things, they do not materially adversely change the treatment of the claims of any

creditors or interest holders who have not accepted, in writing, such supplements and

modifications.  Among other things, there were changes to the projections that the Debtor filed

shortly before the Confirmation Hearing (which included projected distributions to creditors and

a comparison of projected distributions under the Plan to potential distributions under a

hypothetical chapter 7 liquidation).  The Plan Supplements and Plan Modifications did not mislead

or prejudice any creditors or interest holders nor do they require that Holders of Claims or Equity

Interests be afforded an opportunity to change previously cast votes to accept or reject the Plan.

Specifically, the Amended Liquidation Analysis/Financial Projections filed on February 1, 2021

[Docket No. 1875] do not constitute any material adverse change to the treatment of any creditors

or interest holders but, rather, simply update the estimated distributions based on Claims that were

settled in the interim and provide updated financial data.  The filing and notice of the Plan

Supplements and Plan Modifications were appropriate and complied with the requirements of

section 1127(a) of the Bankruptcy Code and the Bankruptcy Rules, and no other solicitation or disclosure or further notice is or shall be required.  The Plan Supplements and Plan Modifications each became part of the Plan pursuant section 1127(a) of the Bankruptcy Code.  The Debtor or Reorganized Debtor, as applicable, is authorized to modify the Plan or Plan Supplement Documents following entry of this Confirmation Order in a manner consistent with section 1127(b) of the Bankruptcy Code, the Plan, and, if applicable, the terms of the applicable Plan Supplement Document.

28.    **Notice of Transmittal, Mailing and Publication of Materials.**  As is evidenced by the Voting Certifications and the Affidavits of Service and Publication, the transmittal and service of the Plan, the Disclosure Statement, Ballots, and Confirmation Hearing Notice were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to the confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required. The publication of the Confirmation Hearing Notice, as set forth in the *Notice of Affidavit of Publication* dated December 3, 2020 [Docket No. 1505], complied with the Disclosure Statement Order.

29.    **Voting.**  The Bankruptcy Court has reviewed and considered the Voting Certifications.  The procedures by which the Ballots for acceptance or rejection of the Plan were

distributed and tabulated, including the tabulation as subsequently amended to reflect the settlement of certain Claims to be Allowed in Class 7, were fairly and properly conducted and complied with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

30.     **Bankruptcy Rule 3016(a).**  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the proponent of the Plan.

31.     **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**  As set forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

32.     **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).**  Section 1122 of the Bankruptcy Code provides that a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interest of such class.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Equity Interests.

33.     **Classification of Secured Claims.**  Class 1 (Jefferies Secured Claim) and Class 2 (Frontier Secured Claim) each constitute separate secured claims held by Jefferies LLC and Frontier State Bank, respectively, and it is proper and consistent with section 1122 of the Bankruptcy Code to separately classify the claims of these secured creditors.  Class 3 (Other

Secured Claims) consists of other secured claims (to the extent any exist) against the Debtor, are not substantially similar to the Secured Claims in Class 1 or Class 2, and are also properly separately classified.

34.     **Classification of Priority Claims.**  Class 4 (Priority Non-Tax Claims) consists of Claims entitled to priority under section 507(a), other than Priority Tax Claims, and are properly separately classified from non-priority unsecured claims.  Class 5 (Retained Employee Claims) consists of the potential claims of employees who may be retained by the Debtor on the Effective Date, which claims will be Reinstated under the Plan, are not substantially similar to other Claims against the Debtor, and are properly classified.

35.     **Classification of Unsecured Claims.**  Class 6 (PTO Claims) consists solely of the claims of the Debtor's employees for unpaid paid time off in excess of the $13,650 statutory cap amount under sections 507(a)(4) and (a)(5) of the Bankruptcy Code and are dissimilar from other unsecured claims in Class 7 and Class 8.  Class 7 (Convenience Claims) allows holders of eligible and liquidated Claims (below a certain threshold dollar amount) to receive a cash payout of the lesser of 85% of the Allowed amount of the creditor's Claim or such holder's *pro rata* share of the Convenience Claims Cash Pool. Class 7 (Convenience Claims) are provided for administrative convenience purposes in order to allow creditors, most of whom are either trade creditors or holders of professional claims, to receive treatment provided under Class 7 in lieu of the treatment of Class 8 (General Unsecured Claims).  The Plan also provides for reciprocal "opt out" mechanisms to allow holders of Class 7 Claims to elect to receive the treatment for Class 8 Claims. Class 8 creditors primarily constitute the litigation claims of the Debtor.  Class 8 Creditors

will receive Claimant Trust Interests which will be satisfied pursuant to the terms of the Plan. Class 8 also contains an "opt out" mechanism to allow holders of liquidated Class 8 Claims at or below a $1 million threshold to elect to receive the treatment of Class 7 Convenience Claims. The Claims in Class 7 (primarily trade and professional Claims against the Debtor) are not substantially similar to the Claims in Class 8 (primarily the litigation Claims against the Debtor), and are appropriately separately classified. Valid business reasons also exist to classify creditors in Class 7 separately from creditors in Class 8. Class 7 creditors largely consist of liquidated trade or service providers to the Debtor. In addition, the Claims of Class 7 creditors are small relative to the large litigation claims in Class 8. Furthermore, the Class 8 Claims were overwhelmingly unliquidated when the Plan was filed. The nature of the Class 7 Claims as being largely liquidated created an expectation of expedited payment relative to the largely unliquidated Claims in Class 8, which consists in large part of parties who have been engaged in years, and in some cases over a decade of litigation with the Debtor. Separate classification of Class 7 and Class 8 creditors was the subject of substantial arm's-length negotiations between the Debtor and the Committee to appropriately reflect these relative differences.

36. **Classification of Equity Interests.** The Plan properly separately classifies the Equity Interests in Class 10 (Class B/C Limited Partnership Interests) from the Equity Interests in Class 11 (Class A Limited Partnership Interests) because they represent different types of equity security interests in the Debtor and different payment priorities.

37. **Elimination of Vacant Classes.** Section III.C of the Plan provides for the elimination of Classes that do not have at least one holder of a Claim or Equity Interest that is

28

Allowed in an amount greater than zero for purposes of voting to accept or reject the Plan, and are disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class.  The purpose of this provision is to provide that a Class that does not have voting members shall not be included in the tabulation of whether that Class has accepted or rejected the Plan.  Pursuant to the Voting Certifications, the only voting Class of Claims or Equity Interests that did not have any members is Class 5 (Retained Employees).  As noted above, Class 5 does not have any voting members because any potential Claims in Class 5 would not arise, except on account of any current employees of the Debtor who may be employed as of the Effective Date, which is currently unknown.  Thus, the elimination of vacant Classes provided in Article III.C of the Plan does not violate section 1122 of the Bankruptcy Code.  Class 5 is properly disregarded for purposes of determining whether or not the Plan has been accepted under Bankruptcy Code section 1129(a)(8) because there are no members in that Class.  However, the Plan properly provides for the treatment of any Claims that may potentially become members of Class 5 as of the Effective Date in accordance with the terms of the Plan.  The Plan therefore satisfies section 1122 of the Bankruptcy Code.

38.    **Classification of Claims and Designation of Non-Classified Claims (11 U.S.C. §§ 1122, 1123(a)(1)).**  Section 1123(a)(1) of the Bankruptcy Code requires that the Plan specify the classification of claims and equity security interests pursuant to section 1122 of the Bankruptcy Code, other than claims specified in sections 507(a)(2), 507(a)(3), or 507(a)(8) of the Bankruptcy Code.  In addition to Administrative Claims, Professional Fee Claims, and Priority Tax Claims, each of which need not be classified pursuant to section 1123(a)(1) of the Bankruptcy

Code, the Plan designates eleven (11) Classes of Claims and Equity Interests.  The Plan satisfies

sections 1122 and 1123(a)(1) of the Bankruptcy Code.

39.    **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**  Article III

of the Plan specifies that each of Class 1 (Jefferies Secured Claim), Class 3 (Other Secured

Claims), Class 4 (Priority Non-Tax Claims), Class 5 (Retained Employee Claims), and Class 6

(PTO Claims) are Unimpaired under the Plan.  Thus, the requirement of section 1123(a)(2) of the

Bankruptcy Code is satisfied.

40.    **Specification of Treatment of Impaired Classes (11 U.S.C. §**

**1123(a)(3)).**  Article III of the Plan designates each of Class 2 (Frontier Secured Claim), Class 7

(Convenience Claims), Class 8 (General Unsecured Claims), Class 9 (Subordinated Claims), Class

10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests)

as Impaired and specifies the treatment of Claims and Equity Interests in such Classes.  Thus, the

requirement of section 1123(a)(3) of the Bankruptcy Code is satisfied.

41.    **No Discrimination (11 U.S.C. § 1123(a)(4)).**  The Plan provides for the

same treatment by the Plan proponent for each Claim or Equity Interest in each respective Class

unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment

of such Claim or Equity Interest.  The Plan satisfies this requirement because Holders of Allowed

Claims or Equity Interests in each Class will receive the same rights and treatment as other Holders

of Allowed Claims or Equity Interests within such holder's respective class, subject only to the

voluntary "opt out" options afforded to members of Class 7 and Class 8 in accordance with the

terms of the Plan.  Thus, the requirement of section 1123(a)(4) of the Bankruptcy Code is satisfied.

42.     **Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**   Article IV of the

Plan sets forth the means for implementation of the Plan which includes, but is not limited to, the

establishment of:  (i) the Claimant Trust; (ii) the Litigation Sub-Trust; (iii) the Reorganized Debtor;

and (iv) New GP LLC, in the manner set forth in the Plan Documents, the forms of which are

included in the Plan Supplements.

a.     **The Claimant Trust.**   The Claimant Trust Agreement provides for the
management of the Claimant Trust, as well as the Reorganized Debtor with the
Claimant Trust serving as the managing member of New GP LLC (a wholly-owned
subsidiary of the Claimant Trust that will manage the Reorganized Debtor as its
general partner).  The Claimant Trust, the Claimant Trustee, the management and
monetization of the Claimant Trust Assets, and the management of the Reorganized
Debtor (through the Claimant Trust's role as managing member of New GP LLC)
and the Litigation Sub-Trust will all be managed and overseen by the Claimant
Trust Oversight Committee.  Additionally, the Plan provides for the transfer to the
Claimant Trust of all of the Debtor's rights, title, and interest in and to all of the
Claimant Trust Assets in accordance with section 1141 of the Bankruptcy Code and
for the Claimant Trust Assets to automatically vest in the Claimant Trust free and
clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant
Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant
Trust Agreement.  The Claimant Trust will administer the Claimant Trust Assets as
provided under the Plan and the Claimant Trust Agreement contained in the Plan
Supplements.

b.     **The Litigation Sub-Trust.**   The Plan and the Litigation Sub-Trust Agreement
provide for the transfer to the Litigation Sub-Trust all of the Claimant Trust's rights,
title, and interest in and to all of the Estate Claims (as transferred to the Claimant
Trust by the Debtor) in accordance with section 1141 of the Bankruptcy Code and
for the Estate Claims to automatically vest in the Litigation Sub-Trust free and clear
of all Claims, Liens, encumbrances, or interests subject only to the Litigation Sub-
Trust Interests and the Litigation Sub-Trust Expenses, as provided for in the
Litigation Sub-Trust Agreement.   The Litigation Trustee is charged with
investigating, pursuing, and otherwise resolving any Estate Claims (including those
with respect to which the Committee has standing to pursue prior to the Effective
Date pursuant to the January 9 Order) pursuant to the terms of the Litigation Sub-
Trust Agreement and the Plan, regardless of whether any litigation with respect to
any Estate Claim was commenced by the Debtor or the Committee prior to the
Effective Date.

DOCS_SF:104487.21 36027/002

000195

     c.     **The Reorganized Debtor**. The Reorganized Debtor will administer the Reorganized Debtor Assets, which includes managing the wind down of the Managed Funds.

The precise terms governing the execution of these restructuring transactions are set forth in greater detail in the applicable definitive documents included in the Plan Supplements, including the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, and the Schedule of Retained Causes of Action. The Plan, together with the documents and forms of agreement included in the Plan Supplements, provides a detailed blueprint for the transactions contemplated by the Plan. The Plan's various mechanisms provide for the Debtor's continued management of its business as it seeks to liquidate the Debtor's assets, wind down its affairs, and pay the Claims of the Debtor's creditors. Upon full payment of Allowed Claims, plus interest as provided in the Plan, any residual value would then flow to the holders of Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests). Finally, Mr. Seery testified that the Debtor engaged in substantial and arm's length negotiations with the Committee regarding the Debtor's post-Effective Date corporate governance, as reflected in the Plan. Mr. Seery testified that he believes the selection of the Claimant Trustee, Litigation Trustee, and members of the Claimant Trust Oversight Board are in the best interests of the Debtor's economic constituents. Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

     43.     **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).** The Debtor is not a corporation and the charter documents filed in the Plan Supplements otherwise comply with section 1123(a)(6) of the Bankruptcy Code. Therefore, the requirement of section 1123(a)(6) of the Bankruptcy Code is satisfied.

44.     **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).**  Article IV of the Plan provides for the Claimant Trust to be governed and administered by the Claimant Trustee.  The Claimant Trust, the management of the Reorganized Debtor, and the management and monetization of the Claimant Trust Assets and the Litigation Sub-Trust will be managed by the Claimant Trust Oversight Board.  The Claimant Trust Oversight Board will consist of:  (1) Eric Felton, as representative of the Redeemer Committee; (2) Joshua Terry, as representative of Acis; (3) Elizabeth Kozlowski, as representative of UBS; (4) Paul McVoy, as representative of Meta-E Discovery;  and  (5)  David  Pauker.   Four  of  the  members  of  the  Claimant  Trust  Oversight Committee are the holders of several of the largest Claims against the Debtor and/or are current members of the Committee.  Each of these creditors has actively participated in the Debtor's case, both through their fiduciary roles as Committee members and in their individual capacities as creditors.  They are therefore intimately familiar with the Debtor, its business, and assets.  The fifth member of the Claimant Trustee Oversight Board, David Pauker, is a disinterested restructuring advisor and turnaround manager with more than 25 years of experience advising public and private companies and their investors, and he has substantial experience overseeing, advising or investigating troubled companies in the financial services industry and has advised or managed such companies on behalf of boards or directors, court-appointed trustees, examiners and special masters, government agencies, and private investor parties.  The members of the Claimant Trust Oversight Board will serve without compensation, except for Mr. Pauker, who will receive payment of $250,000 for his first year of service, and $150,000 for subsequent years.

DOCS_SF:104487.21 36027/002

45.    **Selection of Trustees.**  The Plan Supplements disclose that Mr. Seery will

serve as the Claimant Trustee and Marc Kirschner will serve as the Litigation Trustee.  As noted

above, Mr. Seery has served as an Independent Board member since January 2020, and as the

Chief Executive Officer and Chief Restructuring Officer since July 2020, and he has extensive

management and restructuring experience, as evidenced from his curriculum vitae which is part of

the record.  The evidence shows that Mr. Seery is intimately familiar with the Debtor's

organizational structure, business, and assets, as well as how Claims will be treated under the Plan.

Accordingly, it is reasonable and in the Estate's best interests to continue Mr. Seery's employment

post-emergence as the Claimant Trustee.  Mr. Seery, upon consultation with the Committee,

testified that he intends to employ approximately 10 of the Debtor's employees to enable him to

manage the Debtor's business until the Claimant Trust effectively monetizes its remaining assets,

instead of hiring a sub-servicer to accomplish those tasks.  Mr. Seery testified that he believes that

the Debtor's post-confirmation business can most efficiently and cost-effectively be supported by

a sub-set of the Debtor's current employees, who will be managed internally.  Mr. Seery shall

initially be paid $150,000 per month for services rendered after the Effective Date as Claimant

Trustee; however, Mr. Seery's long-term salary as Claimant Trustee and the terms of any bonuses

and severance are subject to further negotiation by Mr. Seery and the Claimant Trust Oversight

Board within forty-five (45) days after the Effective Date.  The Bankruptcy Court has also

reviewed Mr. Kirschner's curriculum vitae.  Mr. Kirschner has been practicing law since 1967 and

has substantial experience in bankruptcy litigation matters, particularly with respect to his prior

experience as a litigation trustee for several litigation trusts, as set forth on the record of the

34

Confirmation Hearing and in the Confirmation Brief.  Mr. Kirschner shall be paid $40,000 per month for the first three months and $20,000 per month thereafter, plus a success fee related to litigation recoveries.  The Committee and the Debtor had arm's lengths negotiations regarding the post-Effective Date corporate governance structure of the Reorganized Debtor and believe that the selection of the Claimant Trustee, the Litigation Trustee, and the Claimant Trust Oversight Committee are in the best interests of the Debtor's economic stakeholders.  Section 1123(a)(7) of the Bankruptcy Code is satisfied.

46.     **Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).**
Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with the applicable provisions of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplements, and all other matters considered by the Bankruptcy Court in connection with this Chapter 11 Case.

47.     **Debtor's Solicitation Complied with Bankruptcy Code and Disclosure Statement Order.**  Before the Debtor solicited votes on the Plan, the Bankruptcy Court entered the Disclosure Statement Order.  In accordance with the Disclosure Statement Order and evidenced by the Affidavits of Service and Publication, the Debtor appropriately served (i) the Solicitation Packages (as defined in the Disclosure Statement Order) on the Holders of Claims in Classes 2, 7, 8 and 9 and Holders of Equity Interests in Classes 10 and 11 who were entitled to vote on the Plan; and (ii) the Notice of Nonvoting Status (as defined in the Disclosure Statement Order) and the

Confirmation Hearing Notice to the Holders of Claims in Classes 1, 3, 4, 5 and 6, who were not

entitled to vote on the Plan pursuant to the Disclosure Statement Order.  The Disclosure Statement

Order approved the contents of the Solicitation Packages provided to Holders of Claims and Equity

Interests entitled to vote on the Plan, the notices provided to parties not entitled to vote on the Plan,

and the deadlines for voting on and objecting to the Plan.  The Debtor and KCC each complied

with the content and delivery requirements of the Disclosure Statement Order, thereby satisfying

sections 1125(a) and (b) of the Bankruptcy Code, as evidenced by the Affidavits of Service and

Publication.  The Debtor also satisfied section 1125(c) of the Bankruptcy Code, which provides

that the same disclosure statement must be transmitted to each holder of a claim or interest in a

particular class.  The Debtor caused the same Disclosure Statement to be transmitted to all holders

of Claims and Equity Interests entitled to vote on the Plan.  The Debtor has complied in all respects

with the solicitation requirements of section 1125 of the Bankruptcy Code and the Disclosure

Statement Order.  The Bankruptcy Court rejects the arguments of the Mr. Dondero and certain

Dondero Related Entities that the changes made to certain assumptions and projections from the

Liquidation Analysis annexed as Exhibit C to the Disclosure Statement (the "Liquidation

Analysis") to the Amended Liquidation Analysis/Financial Projections require resolicitation of the

Plan.  The Bankruptcy Court heard credible testimony from Mr. Seery regarding the changes to

the Liquidation Analysis as reflected in the Amended Liquidation Analysis/Financial Projections.

Based on the record, including the testimony of Mr. Seery, the Bankruptcy Court finds that the

changes between the Liquidation Analysis and the Amended Liquidation Analysis/Financial

Projections do not constitute materially adverse change to the treatment of Claims or Equity

Interests.  Instead, the changes served to update the projected distributions based on Claims that were settled after the approval of the Disclosure Statement and to otherwise incorporate more recent financial data.  Such changes were entirely foreseeable given the large amount of unliquidated Claims at the time the Disclosure Statement was approved and the nature of the Debtor's assets.  The Bankruptcy Court therefore finds that holders of Claims and Equity Interests were not misled or prejudiced by the Amended Liquidation Analysis/Financial Projections and the Plan does not need to be resolicited.

48.     **Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).**  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 Case, the Plan itself, and the extensive, unrebutted testimony of Mr. Seery in which he described the process leading to Plan's formulation. Based on the totality of the circumstances and Mr. Seery's testimony, the Bankruptcy Court finds that the Plan is the result of extensive arm's-length negotiations among the Debtor, the Committee, and key stakeholders, and promotes the objectives and purposes of the Bankruptcy Code. Specifically, the Debtor's good faith in proposing the Plan is supported by the following facts adduced by Mr. Seery:

a.     The Independent Board determined that it should consider all potential restructuring alternatives, including pursuit of a traditional restructuring and the continuation of the Debtor's business, a potential sale of the Debtor's assets in one or more transactions, an asset monetization plan similar to that described in the Plan, and a so-called "grand bargain" plan that would involve Mr. Dondero's sponsorship of a plan with a substantial equity infusion.

DOCS_SF:104487.21 36027/002

b.  The Debtor subsequently engaged in arm's-length, good faith negotiations with the Committee over an asset monetization Plan commencing in June 2020, which negotiations occurred over the next several months.

c.  Negotiations between the Debtor and the Committee were often contentious over disputes, including, but not limited to, the post-confirmation corporate governance structure and the scope of releases contemplated by the Plan.

d.  While negotiations with the Committee progressed, the Independent Board engaged in discussions with Mr. Dondero regarding a potential "grand bargain" plan which contemplated a significant equity infusion by Mr. Dondero, and which Mr. Seery personally spent hundreds of hours pursuing over many months.

e.  On August 3, 2020, the Bankruptcy Court entered the *Order Directing Mediation* [Docket No. 912] pursuant to which the Bankruptcy Court ordered the Debtor, the Committee, UBS, Acis, the Redeemer Committee, and Mr. Dondero into mediation. As a result of this mediation, the Debtor negotiated the settlement of the claims of Acis and Mr. Terry, which the Bankruptcy Court approved on October 28, 2020 [Docket No. 1302].

f.  On August 12, 2020, the Debtor filed its *Chapter 11 Plan of* Reorganization *of Highland Capital Management, L.P.* [Docket No. 944] (the "Initial Plan") and related disclosure statement (the "Initial Disclosure Statement") which were not supported by either the Committee or Mr. Dondero. The Independent Board filed the Initial Plan and Initial Disclosure Statement in order to act as a catalyst for continued discussions with the Committee while it simultaneously worked with Mr. Dondero on the "grand bargain" plan.

g.  The Bankruptcy Court conducted a contested hearing on the Initial Disclosure Statement on October 27, 2020. The Committee and other parties objected to approval of the Disclosure Statement at the Initial Disclosure Statement hearing, which was eventually continued to November 23, 2020.

h.  Following the Initial Disclosure Statement hearing, the Debtor continued to negotiate with the Committee and ultimately resolved the remaining material disputes and led to the Bankruptcy Court's approval of the Disclosure Statement on November 23, 2020.

i.  Even after obtaining the Bankruptcy Court's approval of the Disclosure Statement, the Debtor and the Committee continued to negotiate with Mr. Dondero and the Committee over a potential "pot plan" as an alternative to the Plan on file with the Bankruptcy Court, but such efforts were unsuccessful. This history conclusively demonstrates that the Plan is being proposed in good faith within the meaning of section 1129(a)(3).

000202

49.     **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**

Article II.B of the Plan provides that Professionals will file all final requests for payment of

Professional Fee Claims no later than 60 days after the Effective Date, thereby providing an

adequate period of time for interested parties to review such claims.  The procedures set forth in

the Plan for the Bankruptcy Court's approval of the fees, costs, and expenses to be paid in

connection with this chapter 11 Case, or in connection with the Plan and incident to this Chapter

11 Case, satisfy the objectives of and are in compliance with section 1129(a)(4) of the Bankruptcy

Code.

50.     **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**  Article IV.B

of the Plan provides for the appointment of the Claimant Trustee, Litigation Trustee, and the

Claimant Trust Oversight Committee and the members thereto.  For the reasons more fully

explained in paragraphs 44-45 of this Confirmation Order with respect to the requirement of

section 1123(a)(7) of the Bankruptcy Code, the Debtor has disclosed the nature of compensation

of any insider to be employed or retained by the Reorganized Debtor, if applicable, and

compensation for any such insider.  The appointment of such individuals is consistent with the

interests of Claims and Equity Interests and with public policy.  Thus, the Plan satisfies section

1129(a)(5) of the Bankruptcy Code.

51.     **No Rate Changes (11 U.S.C. § 1129(a)(6)).**  The Plan does not provide for

any rate change that requires regulatory approval.  Section 1129(a)(6) of the Bankruptcy Code is

thus not applicable.

DOCS_SF:104487.21 36027/002

000203

52.      **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**  The "best interests"

test is satisfied as to all Impaired Classes under the Plan, as each Holder of a Claim or Equity

Interest in such Impaired Classes will receive or retain property of a value, as of the Effective Date

of the Plan, that is not less than the amount that such Holder would so receive or retain if the

Debtor were liquidated under chapter 7 of the Bankruptcy Code.  On October 15, 2020, the Debtor

filed the Liquidation Analysis [Docket 1173], as prepared by the Debtor with the assistance of its

advisors and which was attached as Exhibit C to the Disclosure Statement.  On January 29, 2021,

in advance of Mr. Seery's deposition in connection with confirmation of the Plan, the Debtor

provided an updated version of the Liquidation Analysis to the then-objectors of the Plan,

including Mr. Dondero and the Dondero Related Entities.  On February 1, 2021, the Debtor filed

the  Amended  Liquidation  Analysis/Financial  Projections.    The  Amended  Liquidation

Analysis/Financial Projections included updates to the Debtor's projected asset values, revenues,

and expenses to reflect: (1) the acquisition of an interest in an entity known as "HCLOF" that the

Debtor will acquire as part of its court-approved settlement with HarbourVest and that was valued

at $22.5 million; (2) an increase in the value of certain of the Debtor's assets due to changes in

market conditions and other factors; (3) expected revenues and expenses arising in connection with

the Debtor's continued management of the CLOs pursuant to management agreements that the

Debtor decided to retain; (4) increases in projected expenses for headcount (in addition to adding

two or three employees to assist in the management of the CLOs, the Debtor also increased

modestly the projected headcount as a result of its decision not to engage a Sub-Servicer) and

professional fees; and (5) an increase in projected recoveries on notes resulting from the

acceleration of term notes owed to the Debtor by the following Dondero Related Entities:

NexPoint Advisors, L.P.; Highland Capital Management Services, Inc.; and HCRE Partners, LLC

(n/k/a NexPoint Real Estate Partners, LLC).  Under the Plan, as of the Confirmation Date, (a) Class

7 General Unsecured Creditors are projected to receive 85% on account of their claims; and (b)

Class 8 General Unsecured Creditors are projected to receive at least approximately 71% on

account of their Claims.  Under a hypothetical chapter 7 liquidation, all general unsecured creditors

are projected to receive approximately 55% on account of their Claims.  The Bankruptcy Court

finds that the distributions that Class 7 and 8 General Unsecured Creditors are projected to receive

under the Plan substantially exceeds that which they would receive under a chapter 7 liquidation

based on Mr. Seery's testimony, including the following credible reasons he posited, among

others:

a.   The nature of the Debtor's assets is complex.  Certain assets relate to complicated real estate structures and private equity investments in operating businesses.  Mr. Seery's extensive experience with the Debtor during the thirteen months since his appointment as an Independent Director and later Chief Executive Officer and Chief Restructuring Officer, provides him with a substantial learning curve in connection with the disposition of the Debtor's assets and are reasonably expected to result in him being able to realize tens of millions of dollars more value than would a chapter 7 trustee.

b.   Assuming that a hypothetical chapter 7 trustee could even operate the Debtor's business under chapter 7 of the Bankruptcy Code and hire the necessary personnel with the relevant knowledge and experience to assist him or her in selling the Debtor's assets, a chapter 7 trustee would likely seek to dispose of the Debtor's assets in a forced sale liquidation which would generate substantially less value for the Debtor's creditors than the asset monetization plan contemplated by the Plan.

c.   A chapter 7 trustee would be unlikely to retain the Debtor's existing professionals to assist in its efforts to monetize assets, resulting in delays, increased expenses, and reduced asset yields for the chapter 7 estate.

41

d.    The chapter 7 estate would be unlikely to maximize value as compared to the asset monetization process contemplated by the Plan because potential buyers are likely to perceive a chapter 7 trustee as engaging in a quick, forced "fire sale" of assets; and

e.    The Debtor's employees, who are vital to its efforts to maximum value and recoveries for stakeholders, may be unwilling to provide services to a chapter 7 trustee.

Finally, there is no evidence to support the objectors' argument that the Claimant Trust Agreement's disclaimed liability for ordinary negligence by the Claimant Trustee compared to a chapter 7 trustee's liability has any relevance to creditor recoveries in a hypothetical chapter 7 liquidation.  Thus, section 1129(a)(7) of the Bankruptcy Code is satisfied.

53.    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**  Classes 1, 3, 4, 5 and 6 are Unimpaired under the Plan.  Class 2 (Frontier Secured Claim), Class 7 (Convenience Claims), and Class 9 (Subordinated Claims) have each voted to accept the Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes.  However, Class 8 (General Unsecured Claims), Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests) have not accepted the Plan.  Accordingly, section 1129(a)(8) of the Bankruptcy Code has not been satisfied.  The Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

54.    **Treatment of Administrative, Priority, Priority Tax Claims, and Professional Fee Claims (11 U.S.C. § 1129(a)(9)).**  The treatment of Administrative Claims, Priority Claims, and Professional Fee Claims pursuant to Article III of the Plan, and as set forth below with respect to the resolution of the objections filed by the Internal Revenue Service and

DOCS_SF:104487.21 36027/002

**000206**

certain Texas taxing authorities satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

55.     **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).**   Class 2 (Frontier Secured Claims) and Class 7 (Convenience Claims) are each Impaired Classes of Claims that voted to accept the Plan, determined without including any acceptance of the Plan by any insider.  Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied.

56.     **Feasibility (11 U.S.C. § 1129(a)(11)).**   Article IV of the Plan provides for the implementation of the Plan through the Claimant Trust, the Litigation Sub-Trust, and the Reorganized Debtor.  The Plan provides that the Claimant Trust, among other things, will monetize and distribute the Debtor's remaining assets.  The Disclosure Statement, the Amended Liquidation Analysis/Financial Projections, and the other evidence presented at the Confirmation Hearing provide a reasonable probability of success that the Debtor will be able to effectuate the provisions of the Plan.  The Plan contemplates the establishment of the Claimant Trust upon the Effective Date, which will monetize the Estate's assets for the benefit of creditors.  Mr. Seery testified that the Class 2 Frontier Secured Claim will be paid over time pursuant to the terms of the New Frontier Note and the Reorganized Debtor will have sufficient assets to satisfy its obligations under this note.  The Claims of the Holders of Class 7 Claims (as well as those Class 8 creditors who validly opted to receive the treatment of Class 7 Claims) are expected to be satisfied shortly after the Effective Date.  Holders of Class 8 Claims (including any holders of Class 7 Claims who opted to receive the treatment provided to Class 8 Claims) are not guaranteed any recovery and will

periodically receive pro rata distributions as assets are monetized pursuant to the Plan and the Claimant Trust Agreement. Thus, section 1129(a)(11) of the Bankruptcy Code is satisfied.

57. **Payment of Fees (11 U.S.C. § 1129(a)(12)).** All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Article XII.A of the Plan, thus satisfying the requirement of section 1129(a)(12) of the Bankruptcy Code. The Debtor has agreed that the Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust shall be jointly and severally liable for payment of quarterly fees to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 through the entry of the Final Decree for the Debtor or the dismissal or conversion of the Chapter 11 Case.

58. **Retiree Benefits.** The Plan provides for the assumption of the Pension Plan (to the extent such Pension Plan provides "retiree benefits" and is governed by section 1114 of the Bankruptcy Code). Thus, the Plan complies with section 1129(a)(13) of the Bankruptcy Code, to the extent applicable.

59. **Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(14)-(16)).** Sections 1129(a)(14)-(16) of the Bankruptcy Code are inapplicable as the Debtor (i) has no domestic support obligations (section 1129(a)(14)), (ii) is not an individual (section 1129(a)(15)), and (iii) is not a nonprofit corporation (section 1129(a)(16)).

60. **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).** The classification and treatment of Claims and Equity Interests in Classes 8, 10 and 11, which have not accepted the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does

44

000208

not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy

Code.

    a.    <u>Class 8</u>.  The Plan is fair and equitable with respect to Class 8 General Unsecured Claims.  While Equity Interests in Class 10 and Class 11 will receive a contingent interest in the Claimant Trust under the Plan (the "<u>Contingent Interests</u>"), the Contingent Interests will not vest unless and until holders of Class 8 General Unsecured Claims and Class 9 Subordinated Claims receive distributions equal to 100% of the amount of their Allowed Claims plus interest as provided under the Plan and Claimant Trust Agreement.  Accordingly, as the holders of Equity Interests that are junior to the Claims in Class 8 and Class 9 will not receive or retain under the Plan on account of such junior claim interest any property unless and until the Claims in Class 8 and Class 9 are paid in full plus applicable interest, the Plan is fair and equitable with respect to holders of Class 8 General Unsecured Claims pursuant to section 1129(b)(2)(B) of the Bankruptcy Code and the reasoning of *In re Introgen Therapuetics* 429 B.R 570 (Bankr. W.D. Tex. 2010).

    b.    <u>Class 10 and Class 11</u>.  There are no Claims or Equity Interests junior to the Equity Interests in Class 10 and Class 11.  Equity Interests in Class 10 and 11 will neither receive nor retain any property under the Plan unless Allowed Claims in Class 8 and Class 9 are paid in full plus applicable interest pursuant to the terms of the Plan and Claimant Trust Agreement.  Thus, the Plan does not violate the absolute priority rule with respect to Classes 10 and 11 pursuant to Bankruptcy Code section 1129(b)(2)(C).  The Plan does not discriminate unfairly as to Equity Interests.  As noted above, separate classification of the Class B/C Partnership Interests from the Class A Partnerships Interests is appropriate because they constitute different classes of equity security interests in the Debtor, and each are appropriately separately classified and treated.

Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly,

and is fair and equitable with respect to each Class that has rejected the Plan.  Thus, the Plan

satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to Classes 8, 10,

and 11.

61.     **Only One Plan (11 U.S.C. § 1129(c)).**  The Plan is the only chapter 11 plan confirmed in this Chapter 11 Case, and the requirements of section 1129(c) of the Bankruptcy Code are therefore satisfied.

62.     **Principal Purpose (11 U.S.C. § 1129(d)).**  Mr. Seery testified that the principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

63.     **Satisfaction of Confirmation Requirements.**  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

64.     **Good Faith Solicitation (11 U.S.C. § 1125(e)).**  The Debtor, the Independent Directors, and the Debtor's employees, advisors, Professionals, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

65.     **Discharge (11 U.S.C. § 1141(d)(3)**).  The Debtor is entitled to a discharge of debts pursuant to section 1141(d)(3)(B) of the Bankruptcy Code.  Under the Plan, the Claimant Trust or Reorganized Debtor, as applicable, will continue to manage funds and conduct business

46

in the same manner as the Debtor did prior to Plan confirmation, which includes the management

of the CLOs, Multi-Strat, Restoration Capital, the Select Fund and the Korea Fund.  Although the

Plan projects that it will take approximately two years to monetize the Debtor's assets for fair

value, Mr. Seery testified that while the Reorganized Debtor and Claimant Trust will be

monetizing their assets, there is no specified time frame by which this process must conclude.  Mr.

Seery's credible testimony demonstrates that the Debtor will continue to engage in business after

consummation of the Plan, within the meaning of Section 1141(d)(3)(b) and that the Debtor is

entitled to a discharge pursuant to section 1141(d)(1) of the Bankruptcy Code.

66.    **Retention of Jurisdiction.**  The Bankruptcy Court may properly retain

jurisdiction over the matters set forth in Article XI of the Plan and/or section 1142 of the

Bankruptcy Code to the maximum extent under applicable law.

67.    **Additional Plan Provisions (11 U.S.C. § 1123(b)).**  The Plan's provisions

are appropriate, in the best interests of the Debtor and its Estate, and consistent with the applicable

provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

68.    **Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).**

The Debtor has exercised reasonable business judgment with respect to the rejection of the

Executory Contracts and Unexpired Leases pursuant the terms of the Plan and this Confirmation

Order, and such rejections are justified and appropriate in this Chapter 11 Case.  The Debtor also

filed the List of Assumed Contracts, which contain notices to the applicable counterparties to the

contracts set forth on Exhibit "FF" to Plan Supplement filed on February 1, 2021 [Docket No.

1875] and which exhibit sets forth the list of executory contracts and unexpired leases to be

assumed by the Debtor pursuant to the Plan (collectively, the "Assumed Contracts").  With respect to the Assumed Contracts, only one party objected to the assumption of any of the Assumed Contracts, but that objection was withdrawn.[8]  Any modifications, amendments, supplements, and restatements to the Assumed Contracts that may have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any Claims that may arise in connection therewith.  Assumption of any Assumed Contract pursuant to the Plan and full payment of any applicable Cure pursuant to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.

69.     **Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3)).**  All of the settlements and compromises pursuant to and in connection with the Plan, comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

70.     **Debtor Release, Exculpation and Injunctions (11 U.S.C. § 1123(b)).**  The Debtor Release, Exculpation, and Injunction provisions provided in the Plan (i) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (ii) are integral elements of the transactions incorporated into the Plan, and inextricably bound with the other provisions of the Plan; (iii) confer material benefit on, and are in the best interests of, the Debtor, its Estate, and its

---

[8] *See Notice of Withdrawal of James Dondero's Objection Debtor's Proposed Assumption of Contracts and Cure Amounts Proposed in Connection Therewith* [Docket No. 1876]

creditors; (iv) are fair, equitable, and reasonable; (v) are given and made after due notice and

opportunity for hearing; (vi) satisfy the requirements of Bankruptcy Rule 9019; and (vii) are

consistent with the Bankruptcy Code and other applicable law, and as set forth below.

71.    **Debtor Release.**  Section IX.D of the Plan provides for the Debtor's release

of the Debtor's and Estate's claims against the Released Parties.   Releases by a debtor are

discretionary and can be provided by a debtor to persons who have provided consideration to the

Debtor and its estate pursuant to section 1123(b)(3)(A) of the Bankruptcy Code.   Contrary to the

objections raised by Mr. Dondero and certain of the Dondero Related Entities, the Debtor Release

is appropriately limited to release claims held by the Debtor and does not purport to release the

claims held by the Claimant Trust, Litigation Sub-Trust, or other third parties.   The Plan does not

purport to release any claims held by third parties and the Bankruptcy Court finds that the Debtor

Release is not a "disguised" release of any third party claims as asserted by certain objecting

parties.   The limited scope of the Debtor Release in the Plan was extensively negotiated with the

Committee, particularly with the respect to the Debtor's conditional release of claims against

employees, as identified in the Plan, and the Plan's conditions and terms of such releases.   The

Plan does not release (i) any obligations of any party under the Plan or any document, instrument,

or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee

of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect

to any confidentiality provisions or covenants restricting competition in favor of the Debtor under

any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance

Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual

fraud, or gross negligence of such applicable Released Party as determined by Final Order of the

Bankruptcy Court or any other court of competent jurisdiction.  The Debtor Release also contains

conditions to such releases as set forth in Article X.D of the Plan with respect to employees (the

"Release Conditions").  Until the an employee satisfies the Release Conditions or the Release

Conditions otherwise terminate, any claims against such employee will be tolled so that if the

Release Conditions are not met the Litigation Trustee may pursue claims against an employee at a

later date.  The evidence before the Bankruptcy Court, including, but not limited to Mr. Seery's

testimony, demonstrates that the Debtor is not aware of any claims against any of the Released

Parties, that the Released Parties have been instrumental in assisting the Debtor's efforts toward

confirmation of the Plan and that, therefore, the releases are a *quid pro quo* for the Released

Parties' significant contributions to a highly complex and contentious restructuring.  The

Committee, whose members hold approximately $200 million in claims against the Estate, is

highly sophisticated and is represented by highly sophisticated professionals, and has actively and

vigorously negotiated the terms of the Debtor Release, which was the subject of significant

controversy at the Initial Disclosure Statement hearing held by the Bankruptcy Court on October

27, 2020.

      72.    **Exculpation.**  Section IX.C of the Plan provides for the exculpation of

certain Exculpated Parties to the extent provided therein (the "Exculpation Provision").  As

explained below, the Exculpation Provision is appropriate under the unique circumstances of this

litigious Chapter 11 Case and consistent with applicable Fifth Circuit precedent.  First, with respect

to the Independent Directors, their agents, and their advisors, including any employees acting at

their direction, the Bankruptcy Court finds and concludes that it has already exculpated these parties for acts other than willful misconduct and gross negligence pursuant to the January 9 Order. The January 9 Order was specifically agreed to by Mr. Dondero, who was in control of the Debtor up until entry of the January 9 Order.  The January 9 Order was not appealed.  In addition to the appointment of the Independent Directors in an already contentious and litigious case, the January 9 Order set the standard of care for the Independent Directors and specifically exculpated them for negligence.  Mr. Seery and Mr. Dubel each testified that they had input into the contents of the January 9 Order and would not have agreed to their appointment as Independent Directors if the January 9 Order did not include the protections set forth in paragraph 10 of the January 9 Order. Paragraph 10 of the January 9 Order (1) requires that parties wishing to sue the Independent Directors or their agents and advisors must first seek approval from the Bankruptcy Court before doing so; (2) sets the standard of care for the Independent Directors during the Chapter 11 Case and exculpated the Independent Directors for acts other than willful misconduct or gross negligence; (3) only permits suits against the Independent Directors to proceed for colorable claims of willful misconduct and gross negligence upon order of the Bankruptcy Court; and (4) does not expire by its terms.

73.     **Existing Exculpation of Independent Directors.**  The Bankruptcy Court also finds and concludes that  it has already exculpated Mr. Seery acting in the capacity as Chief Executive Officer and Chief Restructuring Officer pursuant to the July 16 Order.  The Bankruptcy Court concludes its previous approval of the exculpation of the Independent Directors, their agents, advisors and employees working at their direction pursuant to the January 9 Order, and the Chief

Executive Officer and Chief Restructuring Officer pursuant to the July 16 Order constitutes the

law of this case and are *res judicata* pursuant to *In re Republic Supply Co. v. Shoaf*, 815 F.2d 1046

(5th Cir.1987).  The January 9 Order and July 16 Order cannot be collaterally attacked based on

the objectors' objection to the exculpation of the Independent Directors, their agents, and advisors,

including any employees acting at their direction, as well as the Chief Executive Officer and Chief

Restructuring Officer, that the Bankruptcy Court already approved pursuant to the January 9 Order

and the July 16 Order.

> 74.    **The Exculpation Provision Complies with Applicable Law.**  Separate
and apart from the *res judicata* effect of the January 9 Order and the July 16 Order, the Bankruptcy

Court also finds and concludes that the Exculpation Provision is consistent with applicable law,

including *In re Pacific Lumber Co*., 584 F.3d 229 (5th Cir. 2009), for several reasons:

> a.    First, the statutory basis for *Pacific Lumber's* denial of exculpation for certain
> parties other than a creditors' committee and its members is that section 524(e) of
> the Bankruptcy Code "only releases the debtor, not co-liable third parties." *Pacific
> Lumber*, 253 F.3d. at 253.  However, *Pacific Lumber* does not prohibit all
> exculpations under the Bankruptcy Code and the court in such case specifically
> approved the exculpations of a creditors' committee and its members on the
> grounds that "11 U.S.C. § 1103(c), which lists the creditors' committee's powers,
> implies committee members have qualified immunity for actions within the scope
> of their duties…. [I]f members of the committee can be sued by persons unhappy
> with the committee's performance during the case or unhappy with the outcome of
> the case, it will be extremely difficult to find members to serve on an official
> committee." *Pacific Lumber*, 253 F.3d at 253 (quoting Lawrence P. King, et al,
> Collier on Bankruptcy, ¶ 1103.05[4][b] (15th Ed. 2008)).  *Pacific Lumber's*
> rationale for permitted exculpation of creditors' committees and their members
> (which was clearly policy-based and based on a creditors' committee qualified
> immunity flowing from their duties under section 1103(c) of the Bankruptcy Code
> and their disinterestedness and importance in chapter 11 cases) does not preclude
> exculpation to other parties in a particular chapter 11 case that perform similar roles
> to a creditors' committee and its members.  The Independent Directors, and by
> extension the Chief Executive Officer and Chief Restructuring Officer, were not

part of the Debtor's enterprise prior to their appointment by the Bankruptcy Court under the January 9 Order. The Bankruptcy Court appointed the Independent Directors in lieu of a chapter 11 trustee to address what the Bankruptcy Court perceived as serious conflicts of interest and fiduciary duty concerns with the then-existing management prior to January 9, 2020, as identified by the Committee. In addition, the Bankruptcy Court finds that the Independent Directors expected to be exculpated from claims of negligence, and would likely have been unwilling to serve in contentious cases absent exculpation. The uncontroverted testimony of Mr. Seery and Mr. Dubel demonstrates that the Independent Directors would not have agreed to accept their roles without the exculpation and gatekeeper provision in the January 9 Order. Mr. Dubel also testified as to the increasing important role that independent directors are playing in complex chapter 11 restructurings and that unless independent directors could be assured of exculpation for simple negligence in contentious bankruptcy cases they would be reluctant to accept appointment in chapter 11 cases which would adversely affect the chapter 11 restructuring process. The Bankruptcy Court concludes that the Independent Directors were appointed under the January 9 Order in order to avoid the appointment of a chapter 11 trustee and are analogous to a creditors' committee rather than an incumbent board of directors. The Bankruptcy Court also concludes that if independent directors cannot be assured of exculpation for simple negligence in contentious bankruptcy cases, they may not be willing to serve in that capacity. Based upon the foregoing, the Bankruptcy Court concludes that *Pacific Lumber's* policy of exculpating creditors' committees and their members from "being sued by persons unhappy with the committee's performance during the case or unhappy with the outcome of the case" is applicable to the Independent Directors in this Chapter 11 Case.[9]

b.     Second, the Bankruptcy Court also concludes that *Pacific Lumber* does not preclude the exculpation of parties if there is a showing that "costs [that] the released parties might incur defending against such suits alleging such negligence are likely to swamp either the Exculpated Parties or the reorganization." *Pacific Lumbe*r, 584 F.3d at 252. If ever there was a risk of that happening in a chapter 11 reorganization, it is this one. Mr. Seery credibly testified that Mr. Dondero stated outside the courtroom that if Mr. Dondero's pot plan does not get approved, that Mr. Dondero will "burn the place down." The Bankruptcy Court can easily expect that the proposed Exculpated Parties might expect to incur costs that could swamp them and the reorganization based on the prior litigious conduct of Mr. Dondero and his controlled entities that justify their inclusion in the Exculpation Provision.

---

[9] The same reasoning applies to the inclusion of Strand in the Exculpation Provision because Strand is the general partner of the Debtor through which each of the Independent Board members act.

75. **Injunction.** Section IX.D of the Plan provides for a Plan inunction to implement and enforce the Plan's release, discharge and release provisions (the "Injunction Provision"). The Injunction Provision is necessary to implement the provisions in the Plan. Mr. Seery testified that the Claimant Trustee will monetize the Debtor's assets in order to maximize their value. In order to accomplish this goal, the Claimant Trustee needs to be able to pursue this objective without the interference and harassment of Mr. Dondero and his related entities, including the Dondero Related Entities. Mr. Seery also testified that if the Claimant Trust was subject to interference by Mr. Dondero, it would take additional time to monetize the Debtor's assets and those assets could be monetized for less money to the detriment of the Debtor's creditors. The Bankruptcy Court finds and concludes that the Injunction Provision is consistent with and permissible under Bankruptcy Code sections 1123(a), 1123(a)(6), 1141(a) and (c), and 1142. The Bankruptcy Court rejects assertions by certain objecting parties that the Injunction Provision constitutes a "third-party release." The Injunction Provision is appropriate under the circumstances of this Chapter 11 Case and complies with applicable bankruptcy law. The Bankruptcy Court also concludes that the terms "implementation" and "consummation" are neither vague nor ambiguous

76. **Gatekeeper Provision**. Section IX.F of the Plan contains a provision contained in paragraph AA of this Confirmation Order and which the Debtor has referred to as a gatekeeper provision (the "Gatekeeper Provision"). The Gatekeeper Provision requires that Enjoined Parties first seek approval of the Bankruptcy Court before they may commence an action against Protected Parties. Thereafter, if the Bankruptcy Court determines that the action is

DOCS_SF:104487.21 36027/002

colorable, the Bankruptcy Court may, if it has jurisdiction, adjudicate the action.  The Bankruptcy

Court finds that the inclusion of the Gatekeeper Provision is critical to the effective and efficient

administration, implementation, and consummation of the Plan.  The Bankruptcy Court also

concludes that the Bankruptcy Court has the statutory authority as set forth below to approve the

Gatekeeper Provision.

       77.    **Factual Support for Gatekeeper Provision.**  The facts supporting the need

for the Gatekeeper Provision are as follows.  As discussed earlier in this Confirmation Order, prior

to the commencement of the Debtor's bankruptcy case, and while under the direction of Mr.

Dondero, the Debtor had been involved in a myriad of litigation, some of which had gone on for

years and, in some cases, over a decade.  Substantially all of the creditors in this case are either

parties who were engaged in litigation with the Debtor, parties who represented the Debtor in

connection with such litigation and had not been paid, or trade creditors who provided litigation-

related services to the Debtor.  During the last several months, Mr. Dondero and the Dondero

Related Entities have harassed the Debtor, which has resulted in further substantial, costly, and

time-consuming litigation for the Debtor.  Such litigation includes: (i) entry of a temporary

restraining order and preliminary injunction against Mr. Dondero [Adv. Proc. No. 20-03190

Docket No. 10 and 59] because of, among other things, his harassment of Mr. Seery and employees

and interference with the Debtor's business operations; (ii) a contempt motion against Mr.

Dondero for violation of the temporary restraining order, which motion is still pending before the

Bankruptcy Court [Adv. Proc. No. 20-03190 Docket No. 48]; (iii) a motion by Mr. Dondero's

controlled investors in certain CLOs managed by the Debtor that the Bankruptcy Court referred to

as frivolous and a waste of the Bankruptcy Court's time [Docket No. 1528] which was denied by

the Court [Docket No. 1605]; (iv) multiple plan confirmation objections focused on ensuring the

Dondero Related Entities be able to continue their litigation against the Debtor and its successors

post-confirmation [Docket Nos. 1661, 1667, 1670, 1673, 1676, 1677 and 1868]; (v) objections to

the approval of the Debtor's settlements with Acis and HarbourVest and subsequent appeals of the

Bankruptcy Court's order approving each of those settlements [Docket Nos. 1347 and 1870]; and

(vi) a complaint and injunction sought against Mr. Dondero's affiliated entities to prevent them

from violating the January 9 Order and entry of a restraining order against those entities [Adv Proc.

No. 21-03000 Docket No 1] (collectively, the "Dondero Post-Petition Litigation").

       78.    **Findings Regarding Dondero Post-Petition Litigation.**  The Bankruptcy

Court finds that the Dondero Post-Petition Litigation was a result of Mr. Dondero failing to obtain

creditor support for his plan proposal and consistent with his comments, as set forth in Mr. Seery's

credible testimony, that if Mr. Dondero's plan proposal was not accepted, he would "burn down

the place." The Bankruptcy Court concludes that without appropriate protections in place, in the

form of the Gatekeeper Provision, Mr. Dondero and his related entities will likely commence

litigation against the Protected Parties after the Effective Date and do so in jurisdictions other than

the Bankruptcy Court in an effort to obtain a forum which Mr. Dondero perceives will be more

hospitable to his claims. The Bankruptcy Court also finds, based upon Mr. Seery's testimony, that

the threat of continued litigation by Mr, Dondero and his related entities after the Effective Date

will impede efforts by the Claimant Trust to monetize assets for the benefit of creditors and result

in lower distributions to creditors because of costs and distraction such litigation or the threats of such litigation would cause.

79.    **Necessity of Gatekeeper Provision.**  The Bankruptcy Court further finds that unless the Bankruptcy Court approves the Gatekeeper Provision, the Claimant Trustee and the Claimant Trust Oversight Board will not be able to obtain D&O insurance, the absence of which will present unacceptable risks to parties currently willing to serve in such roles.  The Bankruptcy Court heard testimony from Mark Tauber, a Vice President with AON Financial Services, the Debtor's insurance broker ("AON"), regarding his efforts to obtain D&O insurance.  Mr. Tauber credibly testified that of all the insurance carriers that AON approached to provide D&O insurance coverage after the Effective Date, the only one willing to do so without an exclusion for claims asserted by Mr. Dondero and his affiliates otherwise requires that this Order approve the Gatekeeper Provision.  Based on the foregoing, the Bankruptcy Court finds that the Gatekeeper Provision is necessary and appropriate in light of the history of the continued litigiousness of Mr. Dondero and his related entities in this Chapter 11 Case and necessary to the effective and efficient administration, implementation and consummation of the Plan and is appropriate pursuant to *Carroll v. Abide (In re Carroll)* 850 F.3d 811 (5th Cir. 2017).  Approval of the Gatekeeper Provision will prevent baseless litigation designed merely to harass the post-confirmation entities charged with monetizing the Debtor's assets for the benefit of its economic constituents, will avoid abuse of the court system and preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.  Any suit against a Protected Party would effectively be a suit against the Debtor, and the Debtor may be required to indemnify the Protected

DOCS_SF:104487.21 36027/002

000221

Parties under the Limited Partnership Agreement, which will remain in effect through the Effective

Date, or those certain *Indemnification and Guaranty Agreements*, dated January 9, 2020, between

Strand, the Debtor, and each Independent Director, following the Confirmation Date as each such

agreement will be assumed pursuant to 11 U.S.C. § 365 pursuant to the Plan.

80.    **Statutory Authority to Approve Gatekeeper Provision.**    The

Bankruptcy Court finds it has the statutory authority to approve the Gatekeeper Provision under

sections 1123(a)(5), 1123(b)(6), 1141, 1142(b), and 105(a).  The Gatekeeper Provision is also

within the spirit of the Supreme Court's "Barton Doctrine." *Barton v. Barbour,* 104 U.S. 126

(1881).  The Gatekeeper Provision is also consistent with the notion of a prefiling injunction to

deter vexatious litigants, that has been approved by the Fifth Circuit in such cases as *Baum v. Blue*

*Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008), and *In re Carroll,* 850 F.3d 811 (5th Cir.

2017).

81.    **Jurisdiction to Implement Gatekeeper Provision.**  The Bankruptcy Court

finds that it will have jurisdiction after the Effective Date to implement the Gatekeeper Provision

as post-confirmation bankruptcy court jurisdiction has been interpreted by the Fifth Circuit under

*United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d

296 (5th Cir. 2002) and *EOP-Colonnade of Dallas Ltd. P'Ship v. Faulkner (In re Stonebridge*

*Techs., Inc.)*, 430 F.3d 260 (5th Cir. 2005).  Based upon the rationale of the Fifth Circuit in *Villegas*

*v. Schmidt,* 788 F.3d 156, 158-59 (5th Cir. 2015), the Bankruptcy Court's jurisdiction to act as a

gatekeeper does not violate *Stern v. Marshall.*  The Bankruptcy Court's determination of whether

a claim is colorable, which the Bankruptcy Court has jurisdiction to determine, is distinct from

whether the Bankruptcy Court would have jurisdiction to adjudicate any claim it finds colorable.

82.    **Resolution of Objections of Scott Ellington and Isaac Leventon**.  Each

of Scott Ellington ("Mr. Ellington") and Isaac Leventon ("Mr. Leventon") (each, a "Senior

Employee Claimant") has asserted certain claims for liquidated but unpaid bonus amounts for the

following periods: 2016, 2017, and 2018, as set forth in Exhibit A to that certain *Senior Employees'*

*Limited Objection to Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1669] (the

"Senior Employees' Objection") (for each of Mr. Ellington and Mr. Leventon, the "Liquidated

Bonus Claims").

a.    Mr. Ellington has asserted Liquidated Bonus Claims in the aggregate amount of $1,367,197.00, and Mr. Leventon has asserted Liquidated Bonus Claims in the aggregate amount of $598,198.00.  Mr. Ellington received two Ballots[10] – a Ballot for Class 7 of the Plan and a Ballot for Class 8 of the Plan.  Mr. Ellington completed and timely returned both of such Ballots, voted to reject the Plan, and elected to have his Class 8 Liquidated Bonus Claims treated under Class 7 of the Plan, subject to the objections and reservations of rights set forth in the Senior Employees' Objection.  If Mr. Ellington is permitted to elect Class 7 treatment for his Liquidated Bonus Claims, then the maximum amount of his Liquidated Bonus Claims will be $1,000,000.

b.    Mr. Leventon received two Ballots—a Ballot for Class 7 of the Plan and a Ballot for Class 8 of the Plan.  Mr. Leventon completed and timely returned both of such Ballots and voted each such Ballots to rejected the Plan.

c.    The Senior Employees' Objection, among other things, objects to the Plan on the grounds that the Debtor improperly disputes the right of Mr. Ellington to elect Class 7 treatment for his Liquidated Bonus Claims and Mr. Leventon's entitlement to receive Class 7 Convenience Class treatment for his Liquidated Bonus Claims.  The Debtor contended that neither Mr. Ellington or Mr. Leventon were entitled to elect to receive Class 7 Convenience Class treatment on account of their Liquidated

---

[10] As defined in the Plan, "Ballot" means the forms(s) distributed to holders of Impaired Claims or Equity Interests entitled to vote on the Plan on which to indicate their acceptance or rejection of the Plan.

Bonus Claims under the terms of the Plan, the Disclosure Statement Order or applicable law.

d.      The Debtor and Mr. Ellington and Mr. Leventon negotiated at arms' length in an effort to resolve all issues raised in the Senior Employee's Objection, including whether or not Mr. Ellington and Mr. Leventon were entitled to Class 7 Convenience Class treatment of their Liquidated Bonus Claims.  As a result of such negotiation, the Debtor, Mr. Ellington, and Mr. Leventon have agreed to the settlement described in paragraphs 82(e) through 82(k) below and approved and effectuated pursuant to decretal paragraphs RR through SS (the "Senior Employees' Settlement").

e.      Under the terms of the Senior Employees' Settlement, the Debtor has the right to elect one of two treatments of the Liquidated Bonus Claims for a Senior Employee Claimant.  Under the first treatment option ("Option A"), the Liquidated Bonus Claims will be entitled to be treated in Class 7 of the Plan, and the Liquidated Bonus Claims will be entitled to receive payment in an amount equal to 70.125% of the Class 7 amount of the Liquidated Bonus Claims, subject to the Liquidated Bonus Claims becoming Allowed Claims under the terms of the Plan.  Under this calculation, Mr. Ellington would be entitled to receive $701,250.00 on account of his Class 7 Convenience Class Claim when and as Allowed under the Plan, and Mr. Leventon would be entitled to receive $413,175.10 on account of his Class 7 Convenience Class Claim when and as Allowed under the Plan.  If, however, any party in interest objects to the allowance of the Senior Employee Claimant's Liquidated Bonus Claims and does not prevail in such objection, then such Senior Employee Claimant will be entitled to a payment in an amount equal to 85% of his Allowed Liquidated Bonus Claims (subject, in the case of Mr. Ellington, to the cap imposed on Class 7 Claims).  In addition, under Option A, each of Mr. Ellington and Mr. Leventon would retain their respective rights to assert that the Liquidated Bonus Claims are entitled to be treated as Administrative Expense Claims, as defined in Article I.B.2. of the Plan, in which case the holder of such Liquidated Bonus Claims would be entitled to payment in full of the Allowed Liquidated Bonus Claims.  Under Option A, parties in interest would retain the right to object to any motion seeking payment of the Liquidated Bonus Amounts as Administrative Expenses.

f.      Under the second treatment option ("Option B"), the Debtor would agree that the Senior Employee Claimant has Allowed Liquidated Bonus Claims, no longer subject to objection by any party in interest, in the amounts of the Liquidated Bonus Claims (subject, in the case of Mr. Ellington, to the cap imposed by Class 7).  If the Debtor elects Option B as to a Senior Employee Claimant, then such Senior Employee Claimant would be entitled to a payment on account of his Allowed Liquidated Bonus Claims in an amount equal to 60% of the amount of the

Liquidated Bonus Claims (which, in Mr. Ellington's case, would be $600,000 and in Mr. Leventon's case, would be $358,918.80), and such payment would be the sole recovery on account of such Allowed Liquidated Bonus Claims.

g.      The Debtor may, with the consent of the Committee, elect Option B with respect to a Senior Employee Claimant at any time prior to the occurrence of the Effective Date.  If the Debtor does not make an election, then Option A will apply.

h.      Under either Option A or Option B, Mr. Ellington and Mr. Leventon will retain all their rights with respect to all Claims other than the Liquidated Bonus Amounts, including, but not limited to, their Class 6 PTO Claims, other claims asserted as Class 8 General Unsecured Claims, the Senior Employees' claims for indemnification against the Debtor, and any other claims that they may assert constitute Administrative Expense Claims, and any other such Claims are subject to the rights of any party in interest to object to such Claims, and the Debtor reserves any all of its rights and defenses in connection therewith.

i.      Subject to entry of this Confirmation Order and as set forth and announced on the record at the hearing on confirmation of the Plan and no party objecting thereto, Mr. Ellington and Mr. Leventon agreed to change the votes in their respective Ballots from rejection to acceptance of the Plan and to withdraw the Senior Employees' Objection.

j.      The Senior Employees' Settlement represents a valid exercise of the Debtor's business judgment and satisfies the requirements for a compromise under Bankruptcy Rule 9019(a).

k.      For the avoidance of doubt, neither Mr. Leventon nor Mr. Ellington shall be a Released Party under the Plan regardless of how the Senior Employee Claimants' Claims are to be treated hereunder.

Based upon the foregoing findings, and upon the record made before the Bankruptcy Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

A.      **Confirmation of the Plan.**  The Plan is approved in its entirety and **CONFIRMED** under section 1129 of the Bankruptcy Code.  The terms of the Plan, including the

Plan Supplements and Plan Modifications, are incorporated by reference into and are an integral part of this Confirmation Order.[11]

      **B.**    **Findings of Fact and Conclusions of Law**.  The findings of fact and the conclusions of law set forth in this Confirmation Order and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  All findings of fact and conclusion of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to confirmation of the Plan are hereby incorporated into this Confirmation Order.  To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any findings of fact or conclusions of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Bankruptcy Court, and is adopted as such.

      **C.**    **Objections**.  Any resolution or disposition of objections to confirmation of the Plan or otherwise ruled upon by the Bankruptcy Court on the record of the Confirmation Hearing is hereby incorporated by reference.  All objections and all reservations of rights pertaining to confirmation of the Plan that have not been withdrawn, waived or settled are overruled on the merits, except as otherwise specifically provided in this Confirmation Order.

      **D.**    **Plan Supplements and Plan Modifications.**  The filing with the Bankruptcy Court of the Plan Supplements and the Plan Modifications constitutes due and

---

[11] The Plan is attached hereto as **Exhibit A**.

DOCS_SF:104487.21 36027/002

sufficient notice thereof.  Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and

Bankruptcy Rule 3019, the Plan Modifications and the Plan Supplements do not require additional

disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126

of the Bankruptcy Code, nor do they require that Holders of Claims or Equity Interests be afforded

an opportunity to change previously cast acceptances or rejections of the Plan.  The Plan

Modifications and the Plan Supplements constitute the Plan pursuant to section 1127(a) of the

Bankruptcy Code.  Accordingly, the Plan, as modified, is properly before the Bankruptcy Court

and all votes cast with respect to the Plan prior to such modification shall be binding and shall

apply with respect to the Plan.

       **E.**     **Deemed Acceptance of Plan.**  In accordance with section 1127 of the

Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Equity Interests who voted

to accept the Plan (or whom are conclusively presumed to accept the Plan) are deemed to have

accepted the Plan as modified by the Plan Modifications.  No holder of a Claim shall be permitted

to change its vote as a consequence of the Plan Modifications.

       **F.**     **Vesting of Assets in the Reorganized Debtor.**  Except as otherwise

provided in the Plan or this Confirmation Order, on or after the Effective Date, all Reorganized

Debtor Assets will vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or

other encumbrances pursuant to section 1141(c) of the Bankruptcy Code, except with respect to

such Liens, Claims, charges, and other encumbrances that are specifically preserved under the Plan

upon the Effective Date.  The Reorganized Debtor shall be the exclusive trustee of the Reorganized

Debtor Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the

DOCS_SF:104487.21 36027/002

representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reorganized Debtor Assets.

      **G.**     **Effectiveness of All Actions.**  All actions contemplated by the Plan, including all actions in connection with the Claimant Trust Agreement, the Senior Employee Stipulation, the New GP LLC Documents, the New Frontier Note, the Reorganized Limited Partnership Agreement, the Litigation Sub-Trust Agreement, and the other Plan Documents, are authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to or order of the Bankruptcy Court, or further action by the directors, managers, officers or partners of the Debtor or the Reorganized Debtor and with the effect that such actions had been taken by unanimous action of such parties.

      **H.**     **Restructuring Transactions.**  The Debtor or Reorganized Debtor, as applicable, are authorized to enter into and effectuate the Restructuring provided under the Plan, including, without limitation, the entry into and consummation of the transactions contemplated by the Claimant Trust Agreement, the Senior Employee Stipulation, the New GP LLC Documents, the New Frontier Note, the Reorganized Limited Partnership Agreement, the Litigation Sub-Trust Agreement, and the other Plan Documents, and may take any actions as may be necessary or appropriate to effect a corporate restructuring of its business or a corporate restructuring of the overall corporate structure of the Reorganized Debtor, as and to the extent provided in the Plan. Any transfers of assets or equity interests effected or any obligations incurred through the Restructuring pursuant to the Plan are hereby approved and shall not constitute fraudulent conveyances or fraudulent transfers or otherwise be subject to avoidance.

DOCS_SF:104487.21 36027/002

I.    **Preservation of Causes of Action.**  Unless a Cause of Action against a Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order (including, without limitation, this Confirmation Order), such Cause of Action is expressly reserved for later adjudication by the Reorganized Debtor, the Litigation Sub-Trust, or the Claimant Trust, as applicable (including, without limitation, Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as a consequence of the confirmation, effectiveness, or consummation of the Plan based on the Disclosure Statement, the Plan, or this Confirmation Order, except where such Causes of Action have been expressly released in the Plan or any other Final Order (including, without limitation, this Confirmation Order).  In addition, the right of the Reorganized Debtor, the Claimant Trust, or the Litigation Sub-Trust to pursue or adopt any claims alleged in any lawsuit in which the Debtor is a plaintiff, defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, is expressly reserved.

J.    **Independent Board of Directors of Strand.**  The terms of the current Independent Directors shall expire on the Effective Date without the need for any further or other action by any of the Independent Directors.  For avoidance of doubt, the Assumed Contracts

include the *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and James Seery*; the *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and John Dubel* and *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and Russell Nelms* and shall each remain in full force and effect notwithstanding the expiration of the terms of any Independent Directors.

> **K.    Cancellation of Equity Interests and Issuance of New Partnership Interests.** On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be deemed cancelled, and all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, such Class A Limited Partnership Interests and Class B/C Limited Partnership Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement. As of the Effective Date and pursuant to the Plan, new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC. The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner. The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited

Partnership Agreement.  Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC. The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

**L.     Transfer of Assets to Claimant Trust.**  On or prior to the Effective Date, the Debtor shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Claimant Trust all of its rights, title, and interest in and to all of the Claimant Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, the Claimant Trust Assets shall automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement, and such transfer shall be exempt from any stamp, real estate transfer, mortgage from any stamp, transfer, reporting, sales, use, or other similar tax.  Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to the Plan and the Claimant Trust Agreement.

**M.     Transfer of Estate Claims to Litigation Sub-Trust**.  On or prior to the Effective Date, the Claimant Trust shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Litigation Sub-Trust all of the Claimant Trust's rights, title, and interest in and to all of the Estate Claims as successor in interest to the Debtor, and in accordance with section 1141 of the Bankruptcy Code, the Estate Claims shall automatically vest in the Litigation Sub-Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Litigation Sub-Trust Interests and Litigation Sub-Trust Expenses.  The Litigation Trustee will

DOCS_SF:104487.21 36027/002

be authorized to investigate, pursue, and otherwise resolve the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan, including as successor in interest to the Debtor or Committee, as applicable, in any litigation commenced prior to the Effective Date in which Estate Claims are asserted.

      **N.**    **Compromise of Controversies.**  In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Equity Interests, and controversies resolved under the Plan and the entry of this Confirmation Order constitutes approval of such compromise and settlement under Bankruptcy Rule 9019.

      **O.**    **Objections to Claims**.  The Claims Objection Deadline shall be the date that is 180 days after the Effective Date, *provided, however*, that the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee and as otherwise provided under the Plan.

      **P.**    **Assumption of Contracts and Leases.**  Effective as of the date of this Confirmation Order, each of the Assumed Contacts shall be assumed by the Debtor without the need for any further notice to or action, order, or approval of the Bankruptcy Court, under section 365 of the Bankruptcy Code and the payment of Cures, if any, shall be paid in accordance with the Plan.  Each Assumed Contract shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests.  Modifications, amendments, supplements, and restatements to any of the

Assumed Contracts that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of such Assumed Contracts or the validity, priority, or amount of any Claims that may arise in connection therewith.  Assumption of the Assumed Contracts pursuant to Article V.A of the Plan and full payment of any applicable Cure pursuant to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition, or other bankruptcy-related defaults, arising under any Assumed Contracts.

Q.      **Rejection of Contracts and Leases.**  Unless previously assumed during the pendency of the Chapter 11 Case or pursuant to the Plan, all other Executory Contracts and Unexpired Leases are rejected as of the date of the entry of this Confirmation Order and pursuant to the terms of the Plan.  To the extent that any party asserts any damages resulting from the rejection of any Executory Contract or Unexpired Lease, such claim must be filed within **thirty (30) days** following entry of this Confirmation Order, or such claim will be forever barred and disallowed against the Reorganized Debtor.

R.      **Assumption of Issuer Executory Contracts.**  On the Confirmation Date, the Debtor will assume the agreements set forth on **Exhibit B** hereto (collectively, the "Issuer Executory Contracts") pursuant to section 365 of the Bankruptcy Code and Article V of the Plan. In full and complete satisfaction of its obligation to cure outstanding defaults under section 365(b)(1) of the Bankruptcy Code, the Debtor or, as applicable, any successor manager under the

DOCS_SF:104487.21 36027/002

000233

Issuer Executory Contracts (collectively, the "Portfolio Manager") will pay to the Issuers[12] a

cumulative amount of $525,000 (the "Cure Amount") as follows:

    a.    $200,000 in cash on the date that is five business days from the Effective Date, with such payment paid directly to Schulte Roth & Zabel LLP ("SRZ") in the amount of $85,714.29, Jones Walker LLP ("JW") in the amount of $72,380.95, and Maples Group ("Maples" and collectively with SRZ and JW, the "Issuers' Counsel") in the amount of $41,904.76 as reimbursement for the attorney's fees and other legal expenses incurred by the Issuers in connection with the Debtor's bankruptcy case; and

    b.    $325,000 in four equal quarterly payments of $81,250.00 (each, a "Payment"), which amounts shall be paid to SRZ in the amount of $34,821.43, JW in the amount of $29,404.76, and Maples in the amount of $17,023.81 as additional reimbursement for the attorney's fees and other legal expenses incurred by the Issuers in connection with the Debtor's bankruptcy case (i) from any management fees actually paid to the Portfolio Manager under the Issuer Executory Contracts (the "Management Fees"), and (ii) on the date(s) Management Fees are required to be paid under the Issuer Executory Contracts (the "Payment Dates"), and such obligation shall be considered an irrevocable direction from the Debtor and the Bankruptcy Court to the relevant CLO Trustee to pay, on each Payment Date, the Payment to Issuers' Counsel, allocated in the proportion set forth in such agreement; *provided, however,* that (x) if the Management Fees are insufficient to make any Payment in full on a Payment Date, such shortfall, in addition to any other amounts due hereunder, shall be paid out of the Management Fees owed on the following Payment Date, and (y) nothing herein shall limit either Debtor's liability to pay the amounts set forth herein, nor the recourse of the Issuers or Issuers' Counsel to the Debtor, in the event of any failure to make any Payment.

    **S.**    **Release of Issuer Claims.** Effective as of the Confirmation Date, and to

the maximum extent permitted by law, each Issuer on behalf of itself and each of its current and

former advisors, trustees, directors, officers, managers, members, partners, employees,

beneficiaries, shareholders, agents, participants, subsidiaries, parents, successors, designees, and

---

[12] The "Issuers" are: Brentwood CLO, Ltd., Gleneagles CLO, Ltd., Greenbriar CLO, Ltd., Highland CLO 2018-1, Ltd., Highland Legacy Limited, Highland Loan Funding V Ltd., Highland Park CDO I, Ltd., Pam Capital Funding LP, Rockwall CDO II Ltd., Rockwall CDO Ltd., Southfork CLO Ltd., Stratford CLO Ltd., Westchester CLO, Ltd., Aberdeen Loan Funding, Ltd., Eastland CLO, Ltd., Grayson CLO, Ltd., Highland Credit Opportunities CDO Ltd., Jasper CLO, Ltd., Liberty Cayman Holdings, Ltd., Liberty CLO, Ltd., Red River CLO, Ltd., Valhalla CLO, Ltd.

assigns hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits,

remises, and exonerates, and covenants never to sue, (i) the Debtor and (ii) the Professionals

retained by the Debtor and the Committee in the Chapter 11 Case, the Independent Directors, the

CEO/CRO, and with respect to the Persons listed in this subsection (ii), such Person's Related

Persons (collectively, the "Debtor Released Parties"), for and from any and all claims, debts,

liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses

(including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions,

and causes of action of whatever kind or nature, whether known or unknown, suspected or

unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in

equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative

defenses, whether known or unknown, including, without limitation, those which were or could

have been asserted in, in connection with, or with respect to the Bankruptcy Case (collectively, the

"Issuer Released Claims").

     **T.    Release of Debtor Claims against Issuer Released Parties.** Upon entry

of this Order, and to the maximum extent permitted by law, the Debtor hereby forever, finally,

fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and

covenants never to sue [(i) each Issuer and (ii) Wendy Ebanks, (iii) Yun Zheng, (iv) Laura

Chisholm, (v) Mora Goddard, (vi) Stacy Bodden, (vii) Suzan Merren (viii) Scott Dakers, (ix) Samit

Ghosh, (x) Inderjit Singh, (xi) Ellen Christian, (xii) Andrew Dean, (xiii) Betsy Mortel, (xiv) David

Hogan, (xv) Cleveland Stewart, (xvi) Rachael Rankin, (xvii) Otelia Scott, (xviii) Martin Couch,

(xx) Ferona Bartley-Davis, (xxi) Charlotte Cloete, (xxii) Christina McLean, (xxiii) Karen Ellerbe,

DOCS_SF:104487.21 36027/002

000235

(xxiv) Gennie Kay Bigord, (xxv) Evert Brunekreef, (xxvii) Evan Charles Burtton  (collectively,

the "Issuer Released Parties")_,] for and from any and all claims, debts, liabilities, demands,

obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without

limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action

of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or

unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or

otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether

known or unknown, which were or could have been asserted in, in connection with, or with respect

to the Bankruptcy Case (collectively, the "Debtor Released Claims"); *provided, however,* that

notwithstanding anything herein to the contrary, the release contained herein will apply to the

Issuer Released Parties set forth in subsection (ii) above only with respect to Debtor Released

Claims arising from or relating to the Issuer Executory Contracts.  Notwithstanding anything in

this Order to the contrary, the releases set forth in paragraphs S and T hereof will not apply with

respect to the duties, rights, or obligations of the Debtor or any Issuer hereunder.

      **U.**      **Authorization to Consummate.**  The Debtor is authorized to consummate

the Plan after the entry of this Confirmation Order subject to satisfaction or waiver of the

conditions precedent to the Effective Date of the Plan set forth in Article VIII.A of the Plan.  The

Plan shall not become effective unless and until the conditions set forth in Article VIII.A of the

Plan have been satisfied, or otherwise waived pursuant to Article VIII.B of the Plan.

      **V.**      **Professional Compensation.**  All requests for payment of Professional Fee

Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date

must be filed no **later than sixty (60) days after the Effective Date**.  The Bankruptcy Court shall

determine the Allowed amounts of such Professional Fee Claims after notice and an opportunity

for hearing in accordance with the procedures established by the Bankruptcy Code and the

Bankruptcy Court.  The Debtor shall fund the Professional Fee Reserve as provided under the Plan.

The Reorganized Debtor shall pay Professional Fee Claims in Cash in the amounts the Bankruptcy

Court allows.  The Debtor is authorized to pay the pre-Effective Date fees and expenses of all

ordinary course professionals in the ordinary course of business without the need for further

Bankruptcy Court order or approval.  From and after the Effective Date, any requirement that

Professionals comply with sections 327 through 331 and 1103 (if applicable) of the Bankruptcy

Code in seeking retention or compensation for services rendered after such date shall terminate,

and the Reorganized Debtor or Claimant Trustee, as applicable, may employ and pay any

Professional or Entity employed in the ordinary course of the Debtor's business without any further

notice to or action, order, or approval of the Bankruptcy Court.

**W.     Release, Exculpation, Discharge, and Injunction Provisions.    The**

**following release, exculpation, discharge, and injunction provisions set forth in the Plan are**

**approved and authorized in their entirety, and such provisions are effective and binding on**

**all parties and Entities to the extent provided therein.**

**X.     Discharge of Claims and Termination of Interests.**  To the fullest extent

provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code,

except as otherwise expressly provided by the Plan or this Confirmation Order, all consideration

distributed under the Plan will be in exchange for, and in complete satisfaction, settlement,

discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests. Except as otherwise expressly provided by the Plan or this Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

Y.     **Exculpation.**  Subject in all respects to Article XII.D of the Plan, to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(v);

*provided, however*, the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date.  The Plan's exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of the Plan, including Article IV.C.2 of the Plan, protecting such Exculpated Parties from liability.

          **Z.**      **Releases by the Debtor.**  On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, including, but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release: (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under

any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance

Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual

fraud, or gross negligence of such applicable Released Party as determined by Final Order of the

Bankruptcy Court or any other court of competent jurisdiction.

**AA.    Injunction.   Upon entry of this Confirmation Order, all Enjoined
Parties are and shall be permanently enjoined, on and after the Effective Date, from taking
any actions to interfere with the implementation or consummation of the Plan.   Except as
expressly provided in the Plan, this Confirmation Order, or a separate order of the
Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after
the Effective Date, with respect to any Claims and Equity Interests, from directly or
indirectly (i) commencing, conducting, or continuing in any manner, any suit, action, or
other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative
or other forum) against or affecting the Debtor or the property of the Debtor, (ii) enforcing,
levying, attaching (including any prejudgment attachment), collecting, or otherwise
recovering, enforcing, or attempting to recover or enforce, by any manner or means, any
judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii)
creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or
encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any
right of setoff, directly or indirectly, against any obligation due to the Debtor or against
property or interests in property of the Debtor, except to the limited extent permitted under
Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner,**

000240

in any place whatsoever, that does not conform to or comply with the provisions of the Plan. The injunctions set forth in the Plan and this Confirmation Order shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property.  Subject in all respects to Article XII.D of the Plan, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; *provided, however*, the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in

DOCS_SF:104487.21 36027/002

Article XI of the Plan, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

**BB.    Duration of Injunction and Stays.  Unless otherwise provided in the Plan, in this Confirmation Order, or in a Final Order of the Bankruptcy Court, (i) all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date, shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect subject to Section 362(c) of the Bankruptcy Code, and to the extent necessary if the Debtor does not receive a discharge, the Bankruptcy Court will enter an equivalent order under Section 105.**

**CC.    Continuance of January 9 Order and July 16 Order.**  Unless otherwise provided in the Plan, in this Confirmation Order, or in a Final Order of the Bankruptcy Court, each of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course, entered by the Bankruptcy Court on January 9, 2020* [Docket No. 339] and *Order Approving the Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative Nunc Pro Tunc to March 15, 2020* [Docket No. 854] entered on July 16, 2020  shall remain in full force and effect from the Confirmation Date and following the Effective Date.

**DD.    No Governmental Releases.**  Nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or

any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against any party or person, nor shall anything in this Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against any party or person for any liability of such persons whatever, including without limitation any claim, suit, or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against such persons, nor shall anything in this Confirmation Order or the Plan exculpate any party or person from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state and local authority against any party or person.

EE.    **Exemption from Transfer Taxes.**  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers (whether from the Debtor to the Reorganized Debtor or to any other Person) of property under the Plan or pursuant to: (a) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Debtor or the Reorganized Debtor; (b) the Restructuring transactions pursuant to the Plan; (c) the creation, modification, consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (d) the making, assignment, or recording of any lease or sublease; or (e) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan,

DOCS_SF:104487.21 36027/002

including any deeds, bills of sale, assignments, or other instrument of transfer executed in

connection with any transaction arising out of, contemplated by, or in any way related to the Plan,

shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or

similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial

Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental

assessment to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code, and upon

entry of this Confirmation Order, the appropriate state or local governmental officials or agents

shall forego the collection of any such tax or governmental assessment and accept for filing and

recordation of any of the foregoing instruments or other documents without the payment of any

such tax, recordation fee, or governmental assessment.

**FF.    Cancellation of Notes, Certificates and Instruments.**  Except for the

purpose of evidencing a right to a distribution under the Plan and except as otherwise set forth in

the Plan or as otherwise provided in this Confirmation Order, on the Effective Date, all agreements,

instruments, Securities and other documents evidencing any prepetition Claim or Equity Interest

and any rights of any Holder in respect thereof shall be deemed cancelled, discharged, and of no

force or effect.  The holders of or parties to such cancelled instruments, Securities, and other

documentation will have no rights arising from or related to such instruments, Securities, or other

documentation or the cancellation thereof, except the rights provided for pursuant to the Plan, and

the obligations of the Debtor thereunder or in any way related thereto will be fully released,

terminated, extinguished and discharged, in each case without further notice to or order of the

Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person.

**GG.    Documents, Mortgages, and Instruments.**    Each federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the Plan, including the Restructuring transactions contemplated under the Plan, and this Confirmation Order.

**HH.    Post-Confirmation Modifications.**    Subject section 1127(b) of the Bankruptcy Code and the Plan, the Debtor and the Reorganized Debtor expressly reserve their rights to revoke or withdraw, or to alter, amend, or modify materially the Plan, one or more times after Confirmation and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.  Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XII.B of the Plan.

**II.    Applicable Nonbankruptcy Law.**    The provisions of this Confirmation Order, the Plan and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

**JJ.    Governmental Approvals Not Required.**    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state,

DOCS_SF:104487.21 36027/002

000245

federal, or other governmental authority with respect to the dissemination, implementation, or consummation of the Plan and the Disclosure Statement, any certifications, documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

> **KK.    Notice of Effective Date.**  As soon as reasonably practicable after the Effective Date, the Reorganized Debtor shall file notice of the Effective Date and shall serve a copy of the same on all Holders of Claims and Equity Interests, and all parties who have filed with the Bankruptcy Court requests to receive notices in accordance with Bankruptcy Rules 2002 and 3020(c).  Notwithstanding the above, no notice of Confirmation or Consummation or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtor mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Entity, or is otherwise aware, of that Entity's new address. The above-referenced notices are adequate under the particular circumstances of this Chapter 11 Case and no other or further notice is necessary.

> **LL.    Substantial Consummation.**  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

> **MM.   Waiver of Stay.**  For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

DOCS_SF:104487.21 36027/002

000246

**NN.    References to and Omissions of Plan Provisions.**  References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.  The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

**OO.    Headings.**  Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

**PP.    Effect of Conflict.**  This Confirmation Order supersedes any Bankruptcy Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.  If there is any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order govern and control.  If there is any inconsistency between the terms of this Confirmation Order and the terms of a final, executed Plan Supplement Document, the terms of the final, executed Plan Supplement Document will govern and control.

**QQ.    Resolution of Objection of Texas Taxing Authorities.**  Dallas County, Kaufman County, City of Allen, Allen ISD and City of Richardson (collectively, the "Tax Authorities") assert that they are the holders of prepetition and administrative expense claims for 2019, 2020 and 2021 ad valorem real and business personal property taxes.  The ad valorem property taxes for tax year 2020 shall be paid in accordance with and to the extent required under

DOCS_SF:104487.21 36027/002

applicable nonbankruptcy law. In the event the 2020 taxes are paid after February 1, 2021, the

Tax Authorities may assert any rights and amounts they claim are owed with respect to penalties

and interest that have accrued through the date of payment and the Debtor and Reorganized Debtor

reserve any all rights and defenses in connection therewith.

a.   The Debtor/Reorganized Debtor shall pay all amounts owed to the Tax Authorities
for tax year 2021 in accordance with and to the extent required under applicable
nonbankruptcy law. The Tax Authorities shall not be required to file and serve an
administrative expense claim and request for payment as a condition of allowance
of their administrative expense claims pursuant to 11 U.S.C. Section 503(b)(1)(D).
With regard to year 2019 ad valorem property taxes, the Tax Authorities will
receive payment of their prepetition claims within 30 days of the Effective Date of
the Plan. The payment will include interest from the Petition Date through the
Effective Date and from the Effective Date through payment in full at the state
statutory rate pursuant to 11 U.S.C. Sections 506(b), 511, and 1129, if applicable,
subject to all of the Debtor's and Reorganized Debtor's rights and defenses in
connection therewith. Notwithstanding any other provision in the Plan, the Tax
Authorities shall (i) retain the liens that secure all prepetition and postpetition
amounts ultimately owed to them, if any, as well as (ii) the state law priority of
those liens until the claims are paid in full.

b.   The Tax Authorities' prepetition claims and their administrative expense claims
shall not be discharged until such time as the amounts owed are paid in full. In the
event of a default asserted by the Taxing Authorities, the Tax Authorities shall
provide notice Debtor or Reorganized Debtor, as applicable, and may demand cure
of any such asserted default. Subject to all of its rights and defenses, the Debtor or
Reorganized Debtor shall have fifteen (15) days from the date of the notice to cure
the default. If the alleged default is not cured, the Tax Authorities may exercise
any of their respective rights under applicable law and pursue collection of all
amounts owed pursuant to state law outside of the Bankruptcy Court, subject in all
respects to the Debtor's and Reorganized Debtor's applicable rights and defenses.
The Debtor/Reorganized Debtor shall be entitled to any notices of default required
under applicable nonbankruptcy law and each of the Taxing Authorities, the Debtor
and the Reorganized Debtor reserve any and all of their respective rights and
defenses in connection therewith. The Debtor's and Reorganized Debtor's rights
and defenses under Texas Law and the Bankruptcy Code with respect to this
provision of the Confirmation Order, including their right to dispute or object to the
Tax Authorities' Claims and liens, are fully preserved.

**RR.    Resolution of Objections of Scott Ellington and Isaac Leventon.**

Pursuant to Bankruptcy Rule 9019(a), the Senior Employees' Settlement is approved in all

respects.  The Debtor may, only with the consent of the Committee, elect Option B for a Senior

Employee Claimant by written notice to such Senior Employee Claimant on or before the

occurrence of the Effective Date.  If the Debtor does not elect Option B, then Option A will govern

the treatment of the Liquidated Bonus Claims.

a.    Notwithstanding any language in the Plan, the Disclosure Statement, or this Confirmation Order to the contrary, if Option A applies to the Liquidated Bonus Claims of a Senior Employee Claimant, then the Liquidated Bonus Claims of such Senior Employee Claimant will receive the treatment described in paragraph 82(e) hereof, and if the Debtor timely elects Option B with respect to the Liquidated Bonus Claims of a Senior Employee Claimant, then the Liquidated Bonus Claims of such Senior Employee will receive the treatment described in paragraph 82(f) hereof.

b.    The Senior Employees' Settlement is hereby approved, without prejudice to the respective rights of Mr. Ellington and Mr. Leventon to assert all their remaining Claims against the Debtor's estate, including, but not limited to, their Class 6 PTO Claims, their remaining Class 8 General Unsecured Claims, any indemnification claims, and any Administrative Expense Claims that they may assert and is without prejudice to the rights of any party in interest to object to any such Claims.

c.    Pursuant to Bankruptcy Rule 3018(a), Mr. Ellington and Mr. Leventon were permitted to change their votes on the Plan.  Accordingly, Mr. Ellington's votes on his Ballots in Class 7 and Class 8 of the Plan were changed from a rejection of the Plan to acceptance of the Plan, and Mr. Leventon's votes on his Ballots in Class 7 and Class 8 of the Plan were, changed from rejections of the Plan to acceptances of the Plan.

d.    The Senior Employees' Objection is deemed withdrawn.

**SS.    No Release of Claims Against Senior Employee Claimants**.  For the

avoidance of doubt, the Senior Employees' Settlement, as approved herein, shall not, and shall not

be deemed to, release any Claims or Causes of Action held by the Debtor against either Senior

Employee Claimant nor shall either Senior Employee Claimant be, or be deemed to be, a "Released Party" under the Plan.

**TT.** **Resolution of Objection of Internal Revenue Service.** Notwithstanding any other provision or term of the Plan or Confirmation Order, the following Default Provision shall control as to the United States of America, Internal Revenue Service ("IRS") and all of its claims, including any administrative claim (the "IRS Claim"):

(a) Notwithstanding any other provision in the Plan, if the Debtor, the Reorganized Debtor, or any successor in interest fails to pay when due any payment required to be made on federal taxes, the IRS Claim, or other payment required to be made to the IRS under the terms and provisions of this Plan, the Confirmation Order, or the Internal Revenue Code (26 U.S.C.), or fails to timely file any required federal tax return, or if any other event of default as set forth in the Plan occurs, the IRS shall be entitled to give the Debtor, the Reorganized Debtor and/or any successor in interest and their counsel of record, by United States Certified Mail, written notice of the failure and/or default with demand that it be cured, and if the failure and/or default is not cured within 14 days of the date of said notice and demand, then the following shall apply to the IRS:

(1) The administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal tax lien and the powers of levy, seizure, and collection as provided under the Internal Revenue Code;

(2) The automatic stay of 11 U.S.C. § 362 and any injunction of the Plan or in the Confirmation Order shall, with regard to the IRS only, lift or terminate without further notice or hearing by the Bankruptcy Court, and the entire prepetition liability owed to the IRS, together with any unpaid postpetition tax liabilities, may become due and payable immediately; and

(3) The IRS shall have the right to proceed to collect from the Debtor, the Reorganized Debtor or any successor in interest any of the prepetition tax liabilities and related penalties and interest through administrative or judicial collection procedures available under the United States Code as if no bankruptcy petition had been filed and as if no plan had been confirmed.

(b) If the IRS declares the Debtor, the Reorganized Debtor, or any successor-in-interest to be in default of the Debtor's, the Reorganized Debtor's and/ or any successor- in-interest's obligations under the Plan, then entire prepetition liability of an IRS' Allowed Claim, together with any unpaid postpetition tax liabilities shall become due and payable

DOCS_SF:104487.21 36027/002

immediately upon written demand to the Debtor, Reorganized Debtor and/or any successor-in-interest. Failure of the IRS to declare a failure and/or default does not constitute a waiver by the United States or its agency the IRS of the right to declare that the Debtor, Reorganized Debtor, and/or any successor in interest is in default.

(c) The IRS shall only be required to send two notices of failure and/or default, and upon the third event of a failure and/or default, the IRS shall be entitled to proceed as set out in paragraphs (1), (2), and/or (3) herein above without further notice to the Debtor, the Reorganized Debtor, or any successor in interest, or its counsel. The collection statute expiration date for all unpaid federal tax liabilities shall be extended pursuant to non-bankruptcy law.

(d) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor, the Reorganized Debtor, and/or any successor in interest to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor, the Reorganized Debtor and/or any successor in interest to the Internal Revenue Service.

(e) Nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any rights, claims, causes of action, rights of setoff or recoupment, rights to appeal tax assessments, or other legal or equitable defenses that the Debtor or Reorganized Debtor have under non-bankruptcy law in connection with any claim, liability or cause of action of the United States and its agency the Internal Revenue Service.

(f) The term "any payment required to be made on federal taxes," as used herein above, is defined as: any payment or deposit required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full. The term "any required tax return," as used herein above, is defined as: any tax return or report required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full.

     **UU.**   **IRS Proof of Claim.**  Notwithstanding anything in the Plan or in this Confirmation Order, until all required tax returns are filed with and processed by the IRS, the IRS's proof of claim will not be deemed fixed for purposes of Section 502 of the Bankruptcy Code and may be amended in order to reflect the IRS' assessment of the Debtor's unpaid priority and general unsecured taxes, penalties and interest.

**VV.   CLO Holdco, Ltd. Settlement**   Notwithstanding anything contained herein to the contrary, nothing in this Order is or is intended to supersede the rights and obligations of either the Debtor or CLO Holdco contained in that certain *Settlement Agreement between CLO Holdco, Ltd., and Highland Capital Management, L.P., dated January 25,2021* [Docket No. 1838-1] (the "CLOH Settlement Agreement").  In the event of any conflict between the terms of this Order and the terms of the CLOH Settlement Agreement, the terms of the CLOH Settlement Agreement will govern.

**WW.   Retention of Jurisdiction.**  The Bankruptcy Court may properly, and upon the Effective Date shall, to the maximum extent permitted under applicable law, retain jurisdiction over all matters arising out of, and related to, this Chapter 11 Case, including the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

**XX.   Payment of Statutory Fees; Filing of Quarterly Reports.**  All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date.  The Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust shall be jointly and severally liable for payment of quarterly fees to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 through the entry of the Final Decree for the Debtor or the dismissal or conversion of the Chapter 11 Case.  Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

**YY.   Dissolution of the Committee**.  On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have

any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). Notwithstanding the foregoing, any Committee member or Professional may serve following the Effective Date with respect to the Claimant Trust Oversight Board or Litigation Sub-Trust.  The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on the Effective Date or filed and served after the Effective Date pursuant to the Plan.  Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's Professionals to represent either of the Trustees or to be compensated or reimbursed per the Plan, the Claimant Trust Agreement, and/or Litigation Sub-Trust in connection with such representation.

ZZ.    **Miscellaneous.**    After the Effective Date, the Debtor or Reorganized Debtor, as applicable, shall have no obligation to file with the Bankruptcy Court or serve on any parties reports that the Debtor or Reorganized Debtor, as applicable, were obligated to file under the Bankruptcy Code or a court order, including monthly operating reports (even for those periods for which a monthly operating report was not filed before the Effective Date), ordinary course professional reports, reports to any parties otherwise required under the "first" and "second" day orders entered in this Chapter 11 Case (including any cash collateral financing orders entered in this Chapter 11 Case) and monthly or quarterly reports for Professionals; *provided*, *however*, that

the Debtor or Reorganized Debtor, as applicable, will comply with the U.S. Trustee's post

confirmation reporting requirements.

**###END OF ORDER###**

DOCS_SF:104487.21 36027/002

000254

## Exhibit A

**Fifth Amended Plan (as Modified)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) |
|  | ) Case No. 19-34054-sgj11 |
| Debtor. | ) |
|  | ) |

## FIFTH AMENDED PLAN OF REORGANIZATION OF HIGHLAND
## CAPITAL MANAGEMENT, L.P. (AS MODIFIED)

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
          ikharasch@pszjlaw.com
          gdemo@pszjlaw.com

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
          ZAnnable@HaywardFirm.com:

Counsel for the Debtor and Debtor-in-Possession

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

000256

ARTICLE I. RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS ............................................. 1

    A.    Rules of Interpretation, Computation of Time and Governing Law .................... 1

    B.    Defined Terms ......................................................................................... 2

ARTICLE II. ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS ................ 16

    A.    Administrative Expense Claims ...................................................... 16

    B.    Professional Fee Claims .................................................................. 17

    C.    Priority Tax Claims ......................................................................... 17

ARTICLE III. CLASSIFICATION AND TREATMENT OF  CLASSIFIED CLAIMS AND EQUITY INTERESTS ......................................................... 18

    A.    Summary ......................................................................................... 18

    B.    Summary of Classification and Treatment of Classified Claims and Equity Interests ......................................................................... 18

    C.    Elimination of Vacant Classes ....................................................... 19

    D.    Impaired/Voting Classes ................................................................ 19

    E.    Unimpaired/Non-Voting Classes .................................................... 19

    F.    Impaired/Non-Voting Classes ........................................................ 19

    G.    Cramdown ....................................................................................... 19

    H.    Classification and Treatment of Claims and Equity Interests ............................ 19

    I.    Special Provision Governing Unimpaired Claims .............................................. 24

    J.    Subordinated Claims ...................................................................... 24

ARTICLE IV. MEANS FOR IMPLEMENTATION OF THIS PLAN ...................................... 24

    A.    Summary ......................................................................................... 24

    B.    The Claimant Trust ......................................................................... 25

        1.    Creation and Governance of the Claimant Trust and Litigation Sub-Trust ....................................................................... 25

        2.    Claimant Trust Oversight Committee ...................................... 26

000257

**Page**

3. Purpose of the Claimant Trust. ...................................................27

4. Purpose of the Litigation Sub-Trust. ..........................................27

5. Claimant Trust Agreement and Litigation Sub-Trust Agreement. .........27

6. Compensation and Duties of Trustees. .......................................29

7. Cooperation of Debtor and Reorganized Debtor. .....................29

8. United States Federal Income Tax Treatment of the Claimant Trust. .....................................................................................29

9. Tax Reporting. ..............................................................................30

10. Claimant Trust Assets. ................................................................30

11. Claimant Trust Expenses. ...........................................................31

12. Trust Distributions to Claimant Trust Beneficiaries. ...............31

13. Cash Investments. .......................................................................31

14. Dissolution of the Claimant Trust and Litigation Sub-Trust. ................31

C. The Reorganized Debtor ...............................................................32

1. Corporate Existence .....................................................................32

2. Cancellation of Equity Interests and Release ............................32

3. Issuance of New Partnership Interests ........................................32

4. Management of the Reorganized Debtor ....................................33

5. Vesting of Assets in the Reorganized Debtor ............................33

6. Purpose of the Reorganized Debtor ...........................................33

7. Distribution of Proceeds from the Reorganized Debtor Assets; Transfer of Reorganized Debtor Assets ...............33

D. Company Action ..............................................................................34

E. Release of Liens, Claims and Equity Interests .............................35

F. Cancellation of Notes, Certificates and Instruments ....................35

**Page**

G.  Cancellation of Existing Instruments Governing Security Interests ................. 35

H.  Control Provisions ............................................................... 35

I.  Treatment of Vacant Classes ............................................... 36

J.  Plan Documents .................................................................. 36

K.  Highland Capital Management, L.P. Retirement Plan and Trust ....................... 36

ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES ............................................................................... 37

A.  Assumption, Assignment, or Rejection of Executory Contracts and
Unexpired Leases ............................................................... 37

B.  Claims Based on Rejection of Executory Contracts or Unexpired
Leases ............................................................................... 38

C.  Cure of Defaults for Assumed or Assigned Executory Contracts and
Unexpired Leases ............................................................... 38

ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS ............................. 39

A.  Dates of Distributions .......................................................... 39

B.  Distribution Agent ............................................................... 39

C.  Cash Distributions ............................................................... 40

D.  Disputed Claims Reserve ...................................................... 40

E.  Distributions from the Disputed Claims Reserve ............................. 40

F.  Rounding of Payments .......................................................... 40

G.  *De Minimis* Distribution ..................................................... 41

H.  Distributions on Account of Allowed Claims ................................ 41

I.  General Distribution Procedures ............................................. 41

J.  Address for Delivery of Distributions ...................................... 41

K.  Undeliverable Distributions and Unclaimed Property ....................... 41

L.  Withholding Taxes ............................................................... 42

000259

**Page**

M.     Setoffs ...................................................................................................42

N.     Surrender of Cancelled Instruments or Securities .............................42

O.     Lost, Stolen, Mutilated or Destroyed Securities ...............................43

ARTICLE VII. PROCEDURES FOR RESOLVING CONTINGENT,
          UNLIQUIDATED AND DISPUTED CLAIMS................................43

A.     Filing of Proofs of Claim ...................................................................43

B.     Disputed Claims..................................................................................43

C.     Procedures Regarding Disputed Claims or Disputed Equity Interests ..............43

D.     Allowance of Claims and Equity Interests.........................................44

          1.     Allowance of Claims................................................................44

          2.     Estimation ................................................................................44

          3.     Disallowance of Claims ...........................................................44

ARTICLE VIII. EFFECTIVENESS OF THIS PLAN ...................................................45

A.     Conditions Precedent to the Effective Date .......................................45

B.     Waiver of Conditions..........................................................................46

C.     Dissolution of the Committee .............................................................46

ARTICLE IX. EXCULPATION, INJUNCTION AND RELATED PROVISIONS .................47

A.     General.................................................................................................47

B.     Discharge of Claims............................................................................47

C.     Exculpation .........................................................................................47

D.     Releases by the Debtor........................................................................48

E.     Preservation of Rights of Action........................................................49

          1.     Maintenance of Causes of Action ...........................................49

          2.     Preservation of All Causes of Action Not Expressly Settled or
                  Released ...................................................................................49

000260

**Page**

F.      Injunction ...........................................................................................................50

G.      Duration of Injunctions and Stays.....................................................................51

H.      Continuance of January 9 Order .......................................................................51

ARTICLE X. BINDING NATURE OF PLAN ........................................................................51

ARTICLE XI. RETENTION OF JURISDICTION...................................................................52

ARTICLE XII. MISCELLANEOUS PROVISIONS ................................................................54

A.      Payment of Statutory Fees and Filing of Reports .............................................54

B.      Modification of Plan ..........................................................................................54

C.      Revocation of Plan .............................................................................................54

D.      Obligations Not Changed...................................................................................55

E.      Entire Agreement ...............................................................................................55

F.      Closing of Chapter 11 Case ...............................................................................55

G.      Successors and Assigns......................................................................................55

H.      Reservation of Rights.........................................................................................55

I.      Further Assurances.............................................................................................56

J.      Severability ........................................................................................................56

K.      Service of Documents ........................................................................................56

L.      Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of
        the Bankruptcy Code..........................................................................................57

M.      Governing Law ...................................................................................................58

N.      Tax Reporting and Compliance .........................................................................58

O.      Exhibits and Schedules ......................................................................................58

P.      Controlling Document ........................................................................................58

000261

---

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

---

HIGHLAND CAPITAL MANAGEMENT, L.P., as debtor and debtor-in-possession in the above-captioned case (the "<u>Debtor</u>"), proposes the following chapter 11 plan of reorganization (the "<u>Plan</u>") for, among other things, the resolution of the outstanding Claims against, and Equity Interests in, the Debtor. Unless otherwise noted, capitalized terms used in this Plan have the meanings set forth in Article I of this Plan. The Debtor is the proponent of this Plan within the meaning of section 1129 of the Bankruptcy Code.

Reference is made to the Disclosure Statement (as such term is defined herein and distributed contemporaneously herewith) for a discussion of the Debtor's history, business, results of operations, historical financial information, projections and assets, and for a summary and analysis of this Plan and the treatment provided for herein. There also are other agreements and documents that may be Filed with the Bankruptcy Court that are referenced in this Plan or the Disclosure Statement as Exhibits and Plan Documents. All such Exhibits and Plan Documents are incorporated into and are a part of this Plan as if set forth in full herein. Subject to the other provisions of this Plan, and in accordance with the requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to alter, amend, modify, revoke, or withdraw this Plan prior to the Effective Date.

If this Plan cannot be confirmed, for any reason, then subject to the terms set forth herein, this Plan may be revoked.

## ARTICLE I.
## RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS

### A.    Rules of Interpretation, Computation of Time and Governing Law

For purposes hereof: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document, as previously amended, modified or supplemented, if applicable, shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been Filed or to be Filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented in accordance with its terms; (d) unless otherwise specified, all references herein to "Articles," "Sections," "Exhibits" and "Plan Documents" are references to Articles, Sections, Exhibits and Plan Documents hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) any reference to an Entity as a Holder of a Claim or Equity Interest includes such Entity's successors and assigns; (h) the rules of construction set

forth in section 102 of the Bankruptcy Code shall apply; (i) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; and (j) "$" or "dollars" means Dollars in lawful currency of the United States of America. The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

## B.   **Defined Terms**

Unless the context otherwise requires, the following terms shall have the following meanings when used in capitalized form herein:

1.      "*Acis*" means collectively Acis Capital Management, L.P. and Acis Capital Management GP, LLP.

2.      "*Administrative Expense Claim*" means any Claim for costs and expenses of administration of the Chapter 11 Case that is Allowed pursuant to sections 503(b), 507(a)(2), 507(b) or 1114(2) of the Bankruptcy Code, including, without limitation, (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor; and (b) all fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code, and that have not already been paid by the Debtor during the Chapter 11 Case and a Professional Fee Claim.

3.      "*Administrative Expense Claims Bar Date*" means, with respect to any Administrative Expense Claim (other than a Professional Fee Claim) becoming due on or prior to the Effective Date, 5:00 p.m. (prevailing Central Time) on such date that is forty-five days after the Effective Date.

4.      "*Administrative Expense Claims Objection Deadline*" means, with respect to any Administrative Expense Claim, the later of (a) ninety (90) days after the Effective Date and (b) sixty (60) days after the timely Filing of the applicable request for payment of such Administrative Expense Claim; *provided, however,* that the Administrative Expense Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

5.      "*Affiliate*" of any Person means any Entity that, with respect to such Person, either (i) is an "affiliate" as defined in section 101(2) of the Bankruptcy Code, or (ii) is an "affiliate" as defined in Rule 405 of the Securities Act of 1933, or (iii) directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such Person. For the purposes of this definition, the term "control" (including, without limitation, the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction in any respect of the management or policies of a Person, whether through the ownership of voting securities, by contract, or otherwise.

6.      "*Allowed*" means, with respect to any Claim, except as otherwise provided in the Plan: (a) any Claim that is evidenced by a Proof of Claim that has been timely Filed by the Bar Date, or that is not required to be evidenced by a Filed Proof of Claim under the Bankruptcy

000263

Code or a Final Order; (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not disputed and for which no Proof of Claim has been timely filed; (c) a Claim Allowed pursuant to the Plan or an order of the Bankruptcy Court that is not stayed pending appeal; or (d) a Claim that is not Disputed (including for which a Proof of Claim has been timely filed in a liquidated and noncontingent amount that has not been objected to by the Claims Objection Deadline or as to which any such objection has been overruled by Final Order); *provided, however,* that with respect to a Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that, with respect to such Claim, no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim shall have been Allowed as set forth above.

7.      "*Allowed Claim or Equity Interest*" means a Claim or an Equity Interest of the type that has been Allowed.

8.      "*Assets*" means all of the rights, titles, and interest of the Debtor, Reorganized Debtor, or Claimant Trust, in and to property of whatever type or nature, including, without limitation, real, personal, mixed, intellectual, tangible, and intangible property, the Debtor's books and records, and the Causes of Action.

9.      "*Available Cash*" means any Cash in excess of the amount needed for the Claimant Trust and Reorganized Debtor to maintain business operations as determined in the sole discretion of the Claimant Trustee.

10.     "*Avoidance Actions*" means any and all avoidance, recovery, subordination or other actions or remedies that may be brought by and on behalf of the Debtor or its Estate under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, actions or remedies arising under sections 502, 510, 544, 545, and 547-553 of the Bankruptcy Code or under similar state or federal statutes and common law, including fraudulent transfer laws

11.     "*Ballot*" means the form(s) distributed to holders of Impaired Claims or Equity Interests entitled to vote on the Plan on which to indicate their acceptance or rejection of the Plan.

12.     "*Bankruptcy Code*" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time and as applicable to the Chapter 11 Case.

13.     "*Bankruptcy Court*" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or any other court having jurisdiction over the Chapter 11 Case.

14.     "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, in each case as amended from time to time and as applicable to the Chapter 11 Case.

000264

15.    "*Bar Date*" means the applicable deadlines set by the Bankruptcy Court for the filing of Proofs of Claim against the Debtor as set forth in the Bar Date Order, which deadlines may be or have been extended for certain Claimants by order of the Bankruptcy Court.

16.    "*Bar Date Order*" means the *Order (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [D.I. 488].

17.    "*Business Day*" means any day, other than a Saturday, Sunday or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

18.    "*Cash*" means the legal tender of the United States of America or the equivalent thereof.

19.    "*Causes of Action*" means any action, claim, cross-claim, third-party claim, cause of action, controversy, demand, right, Lien, indemnity, contribution, guaranty, suit, obligation, liability, debt, damage, judgment, account, defense, remedy, offset, power, privilege, license and franchise of any kind or character whatsoever, in each case whether known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, foreseen or unforeseen, direct or indirect, choate or inchoate, secured or unsecured, assertable directly or derivatively (including, without limitation, under alter ego theories), whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity or pursuant to any other theory of law.  For the avoidance of doubt, Cause of Action includes, without limitation,: (a) any right of setoff, counterclaim or recoupment and any claim for breach of contract or for breach of duties imposed by law or in equity; (b) the right to object to Claims or Equity Interests; (c) any claim pursuant to section 362 or chapter 5 of the Bankruptcy Code; (d) any claim or defense including fraud, mistake, duress and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; (e) any claims under any state or foreign law, including, without limitation, any fraudulent transfer or similar claims; (f) the Avoidance Actions, and (g) the Estate Claims.  The Causes of Action include, without limitation, the Causes of Action belonging to the Debtor's Estate listed on the schedule of Causes of Action to be filed with the Plan Supplement.

20.    "*CEO/CRO*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer.

21.    "*Chapter 11 Case*" means the Debtor's case under chapter 11 of the Bankruptcy Code commenced on the Petition Date in the Delaware Bankruptcy Court and transferred to the Bankruptcy Court on December 4, 2019, and styled *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj-11.

22.    "*Claim*" means any "claim" against the Debtor as defined in section 101(5) of the Bankruptcy Code.

23.    "*Claims Objection Deadline*" means the date that is 180 days after the Confirmation Date; *provided, however,* the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

000265

24.    "*Claimant Trust*" means the trust established for the benefit of the Claimant Trust Beneficiaries on the Effective Date in accordance with the terms of this Plan and the Claimant Trust Agreement.

25.    "*Claimant Trust Agreement*" means the agreement Filed in the Plan Supplement establishing and delineating the terms and conditions of the Claimant Trust.

26.    "*Claimant Trust Assets*" means (i) other than the Reorganized Debtor Assets (which are expressly excluded from this definition), all other Assets of the Estate, including, but not limited to, all Causes of Action, Available Cash, any proceeds realized or received from such Assets, all rights of setoff, recoupment, and other defenses with respect, relating to, or arising from such Assets, (ii) any Assets transferred by the Reorganized Debtor to the Claimant Trust on or after the Effective Date, (iii) the limited partnership interests in the Reorganized Debtor, and (iv) the ownership interests in New GP LLC.  For the avoidance of doubt, any Causes of Action that, for any reason, are not capable of being transferred to the Claimant Trust shall constitute Reorganized Debtor Assets.

27.    "*Claimant Trust Beneficiaries*" means the Holders of Allowed General Unsecured Claims, Holders of Allowed Subordinated Claims, including, upon Allowance, Disputed General Unsecured Claims and Disputed Subordinated Claims that become Allowed following the Effective Date, and, only upon certification by the Claimant Trustee that the Holders of such Claims have been paid indefeasibly in full plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, post-petition interest from the Petition Date at the Federal Judgment Rate in accordance with the terms and conditions set forth in the Claimant Trust Agreement and all Disputed Claims in Class 8 and Class 9 have been resolved, Holders of Allowed Class B/C Limited Partnership Interests, and Holders of Allowed Class A Limited Partnership Interests.

28.    "*Claimant Trustee*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer, or such other Person identified in the Plan Supplement who will act as the trustee of the Claimant Trust in accordance with the Plan, the Confirmation Order, and Claimant Trust Agreement or any replacement trustee pursuant to (and in accordance with) the Claimant Trust Agreement.  The Claimant Trustee shall be responsible for, among other things, monetizing the Estate's investment assets, resolving Claims (other than those Claims assigned to the Litigation Sub-Trust for resolution), and, as the sole officer of New GP LLC, winding down the Reorganized Debtor's business operations.

29.    "*Claimant Trust Expenses*" means all reasonable legal and other reasonable professional fees, costs, and expenses incurred by the Trustees on account of administration of the Claimant Trust, including any reasonable administrative fees and expenses, reasonable attorneys' fees and expenses, reasonable insurance costs, taxes, reasonable escrow expenses, and other expenses.

30.    "*Claimant Trust Interests*" means the non-transferable interests in the Claimant Trust that are issued to the Claimant Trust Beneficiaries pursuant to this Plan; *provided*, *however*, Holders of Class A Limited Partnership Interests, Class B Limited Partnership Interests, and Class C Limited Partnership Interests will not be deemed to hold Claimant Trust Interests

000266

unless and until the Contingent Claimant Trust Interests distributed to such Holders vest in accordance with the terms of this Plan and the Claimant Trust Agreement.

31.    "*Claimant Trust Oversight Committee*" means the committee of five Persons established pursuant to ARTICLE IV of this Plan to oversee the Claimant Trustee's performance of its duties and otherwise serve the functions described in this Plan and the Claimant Trust Agreement.

32.    "*Class*" means a category of Holders of Claims or Equity Interests as set forth in ARTICLE III hereof pursuant to section 1122(a) of the Bankruptcy Code.

33.    "*Class A Limited Partnership Interest*" means the Class A Limited Partnership Interests as defined in the Limited Partnership Agreement held by The Dugaboy Investment Trust, Mark and Pamela Okada Family Trust – Exempt Trust 2, Mark and Pamela Okada – Exempt Descendants' Trust, and Mark Kiyoshi Okada, and the General Partner Interest.

34.    "*Class B Limited Partnership Interest*" means the Class B Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

35.    "*Class B/C Limited Partnership Interests*" means, collectively, the Class B Limited Partnership and Class C Limited Partnership Interests.

36.    "*Class C Limited Partnership Interest*" means the Class C Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

37.    "*Committee*" means the Official Committee of Unsecured Creditors appointed by the U.S. Trustee pursuant to 11 U.S.C. § 1102(a)(1) on October 29, 2019 [D.I. 65], consisting of (i) the Redeemer Committee of Highland Crusader Fund, (ii) Meta-e Discovery, (iii) UBS, and (iv) Acis.

38.    "*Confirmation Date*" means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

39.    "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

40.    "*Confirmation Order*" means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code.

41.    "*Convenience Claim*" means any prepetition, liquidated, and unsecured Claim against the Debtor that as of the Confirmation Date is less than or equal to $1,000,000 or any General Unsecured Claim that makes the Convenience Class Election.  For the avoidance of doubt, the Reduced Employee Claims will be Convenience Claims.

000267

42.     "*Convenience Claim Pool*" means the $13,150,000 in Cash that shall be available upon the Effective Date for distribution to Holders of Convenience Claims under the Plan as set forth herein.  Any Cash remaining in the Convenience Claim Pool after all distributions on account of Convenience Claims have been made will be transferred to the Claimant Trust and administered as a Claimant Trust Asset.

43.     "*Convenience Class Election*" means the option provided to each Holder of a General Unsecured Claim that is a liquidated Claim as of the Confirmation Date on their Ballot to elect to reduce their claim to $1,000,000 and receive the treatment provided to Convenience Claims.

44.     "*Contingent Claimant Trust Interests*" means the contingent Claimant Trust Interests to be distributed to Holders of Class A Limited Partnership Interests, Holders of Class B Limited Partnership Interests, and Holders of Class C Limited Partnership Interests in accordance with this Plan, the rights of which shall not vest, and consequently convert to Claimant Trust Interests, unless and until the Claimant Trustee Files a certification that all holders of Allowed General Unsecured Claims have been paid indefeasibly in full, plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, all accrued and unpaid post-petition interest from the Petition Date at the Federal Judgment Rate and all Disputed Claims in Class 8 and Class 9 have been resolved.  As set forth in the Claimant Trust Agreement, the Contingent Claimant Trust Interests distributed to the Holders of Class A Limited Partnership Interests will be subordinated to the Contingent Claimant Trust Interests distributed to the Holders of Class B/C Limited Partnership Interests.

45.     "*Debtor*" means Highland Capital Management, L.P. in its capacity as debtor and debtor in possession in the Chapter 11 Case.

46.     "*Delaware Bankruptcy Court*" means the United States Bankruptcy Court for the District of Delaware.

47.     "*Disclosure Statement*" means that certain *Disclosure Statement for Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, as amended, supplemented, or modified from time to time, which describes this Plan, including all exhibits and schedules thereto and references therein that relate to this Plan.

48.     "*Disputed*" means with respect to any Claim or Equity Interest, any Claim or Equity Interest that is not yet Allowed.

49.     "*Disputed Claims Reserve*" means the appropriate reserve(s) or account(s) to be established on the Initial Distribution Date and maintained by the Claimant Trustee for distributions on account of Disputed Claims that may subsequently become an Allowed Claim.

50.     "*Disputed Claims Reserve Amount*" means, for purposes of determining the Disputed Claims Reserve, the Cash that would have otherwise been distributed to a Holder of a Disputed Claim at the time any distributions of Cash are made to the Holders of Allowed Claims. The amount of the Disputed Claim upon which the Disputed Claims Reserve is calculated shall be:  (a) the amount set forth on either the Schedules or the filed Proof of Claim, as applicable; (b) the amount agreed to by the Holder of the Disputed Claim and the Claimant Trustee or Reorganized

000268

Debtor, as applicable; (c) the amount ordered by the Bankruptcy Court if it enters an order disallowing, in whole or in part, a Disputed Claim; or (d) as otherwise ordered by the Bankruptcy Court, including an order estimating the Disputed Claim.

51.     "*Distribution Agent*" means the Claimant Trustee, or any party designated by the Claimant Trustee to serve as distribution agent under this Plan.

52.     "*Distribution Date*" means the date or dates determined by the Reorganized Debtor or the Claimant Trustee, as applicable, on or after the Initial Distribution Date upon which the Distribution Agent shall make distributions to holders of Allowed Claims and Interests entitled to receive distributions under the Plan.

53.     "*Distribution Record Date*" means the date for determining which Holders of Claims and Equity Interests are eligible to receive distributions hereunder, which date shall be the Effective Date or such later date determined by the Bankruptcy Court.

54.     "*Effective Date*" means the Business Day that this Plan becomes effective as provided in ARTICLE VIII hereof.

55.     "*Employees*" means the employees of the Debtor set forth in the Plan Supplement.

56.     "*Enjoined Parties*" means (i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons of each of the foregoing.

57.     "*Entity*" means any "entity" as defined in section 101(15) of the Bankruptcy Code and also includes any Person or any other entity.

58.     "*Equity Interest*" means any Equity Security in the Debtor, including, without limitation, all issued, unissued, authorized or outstanding partnership interests, shares, of stock or limited company interests, the Class A Limited Partnership Interests, the Class B Limited Partnership Interests, and the Class C Limited Partnership Interests.

59.     "*Equity Security*" means an "equity security" as defined in section 101(16) of the Bankruptcy Code.

60.     "*Estate*" means the bankruptcy estate of the Debtor created by virtue of section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

61.     "*Estate Claims*" has the meaning given to it in Exhibit A to the *Notice of Final Term Sheet* [D.I. 354].

000269

62. "*Exculpated Parties*" means, collectively, (i) the Debtor and its successors and assigns, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Exculpated Party."

63. "*Executory Contract*" means a contract to which the Debtor is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

64. "*Exhibit*" means an exhibit annexed hereto or to the Disclosure Statement (as such exhibits are amended, modified or otherwise supplemented from time to time), which is incorporated by reference herein.

65. "*Federal Judgment Rate*" means the post-judgment interest rate set forth in 28 U.S.C. § 1961 as of the Effective Date.

66. "*File*" or "*Filed*" or "*Filing*" means file, filed or filing with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.

67. "*Final Order*" means an order or judgment of the Bankruptcy Court, which is in full force and effect, and as to which the time to appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing has expired and as to which no appeal, petition for *certiorari*, or other proceedings for a new trial, reargument or rehearing shall then be pending or as to which any right to appeal, petition for *certiorari*, new trial, reargument, or rehearing shall have been waived in writing in form and substance satisfactory to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, or, in the event that an appeal, writ of *certiorari*, new trial, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or *certiorari*, new trial, reargument or rehearing shall have been denied and the time to take any further appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing shall have expired; *provided, however*, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be Filed with respect to such order shall not preclude such order from being a Final Order.

68. "*Frontier Secured Claim*" means the loan from Frontier State Bank to the Debtor in the principal amount of $7,879,688.00 made pursuant to that certain First Amended and Restated Loan Agreement, dated March 29, 2018.

000270

69. "*General Partner Interest*" means the Class A Limited Partnership Interest held by Strand, as the Debtor's general partner.

70. "*General Unsecured Claim*" means any prepetition Claim against the Debtor that is not Secured and is not a/an: (a) Administrative Expense Claim; (b) Professional Fee Claim; (c) Priority Tax Claim; (d) Priority Non-Tax Claim; or (e) Convenience Claim.

71. "*Governmental Unit*" means a "governmental unit" as defined in section 101(27) of the Bankruptcy Code.

72. "*GUC Election*" means the option provided to each Holder of a Convenience Claim on their Ballot to elect to receive the treatment provided to General Unsecured Claims.

73. "*Holder*" means an Entity holding a Claim against, or Equity Interest in, the Debtor.

74. "*Impaired*" means, when used in reference to a Claim or Equity Interest, a Claim or Equity Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

75. "*Independent Directors*" means John S. Dubel, James P. Seery, Jr., and Russell Nelms, the independent directors of Strand appointed on January 9, 2020, and any additional or replacement directors of Strand appointed after January 9, 2020, but prior to the Effective Date.

76. "*Initial Distribution Date*" means, subject to the "Treatment" sections in ARTICLE III hereof, the date that is on or as soon as reasonably practicable after the Effective Date, when distributions under this Plan shall commence to Holders of Allowed Claims and Equity Interests.

77. "*Insurance Policies*" means all insurance policies maintained by the Debtor as of the Petition Date.

78. "*Jefferies Secured Claim*" means any Claim in favor of Jefferies, LLC, arising under that certain Prime Brokerage Customer Agreement, dated May 24, 2013, between the Debtor and Jefferies, LLC, that is secured by the assets, if any, maintained in the prime brokerage account created by such Prime Brokerage Customer Agreement.

79. "*Lien*" means a "lien" as defined in section 101(37) of the Bankruptcy Code and, with respect to any asset, includes, without limitation, any mortgage, lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of preferential arrangement that has the practical effect of creating a security interest, in respect of such asset.

80. "*Limited Partnership Agreement*" means that certain Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., dated December 24, 2015, as amended.

000271

81.   "*Litigation Sub-Trust*" means the sub-trust established within the Claimant Trust or as a wholly –owned subsidiary of the Claimant Trust on the Effective Date in each case in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement and Claimant Trust Agreement.  As set forth in the Litigation Sub-Trust Agreement, the Litigation Sub-Trust shall hold the Claimant Trust Assets that are Estate Claims.

82.   "*Litigation Sub-Trust Agreement*" means the agreement filed in the Plan Supplement establishing and delineating the terms and conditions of the Litigation Sub-Trust.

83.   "*Litigation Trustee*" means the trustee appointed by the Committee and reasonably acceptable to the Debtor who shall be responsible for investigating, litigating, and settling the Estate Claims for the benefit of the Claimant Trust in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement.

84.   "*Managed Funds*" means Highland Multi-Strategy Credit Fund, L.P., Highland Restoration Capital Partners, L.P., and any other investment vehicle managed by the Debtor pursuant to an Executory Contract assumed pursuant to this Plan.

85.   "*New Frontier Note*" means that promissory note to be provided to the Allowed Holders of Class 2 Claims under this Plan and any other documents or security agreements securing the obligations thereunder.

86.   "*New GP LLC*" means a limited liability company incorporated in the State of Delaware pursuant to the New GP LLC Documents to serve as the general partner of the Reorganized Debtor on the Effective Date.

87.   "*New GP LLC Documents*" means the charter, operating agreement, and other formational documents of New GP LLC.

88.   "*Ordinary Course Professionals Order*" means that certain *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course* [D.I. 176].

89.   "*Other Unsecured Claim*" means any Secured Claim other than the Jefferies Secured Claim and the Frontier Secured Claim.

90.   "*Person*" means a "person" as defined in section 101(41) of the Bankruptcy Code and also includes any natural person, individual, corporation, company, general or limited partnership, limited liability company, unincorporated organization firm, trust, estate, business trust, association, joint stock company, joint venture, government, governmental agency, Governmental Unit or any subdivision thereof, the United States Trustee, or any other entity, whether acting in an individual, fiduciary or other capacity.

91.   "Petition *Date*" means October 16, 2019.

92.   "*Plan*" means this *Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, including the Exhibits and the Plan Documents and all supplements, appendices,

and schedules thereto, either in its present form or as the same may be altered, amended, modified or otherwise supplemented from time to time.

93.     "*Plan Distribution*" means the payment or distribution of consideration to Holders of Allowed Claims and Allowed Equity Interests under this Plan.

94.     "*Plan Documents*" means any of the documents, other than this Plan, but including, without limitation, the documents to be filed with the Plan Supplement, to be executed, delivered, assumed, or performed in connection with the occurrence of the Effective Date, and as may be modified consistent with the terms hereof with the consent of the Committee.

95.     "*Plan Supplement*" means the ancillary documents necessary for the implementation and effectuation of the Plan, including, without limitation, (i) the form of Claimant Trust Agreement, (ii) the forms of New GP LLC Documents, (iii) the form of Reorganized Limited Partnership Agreement, (iv) the Sub-Servicer Agreement (if applicable), (v) the identity of the initial members of the Claimant Trust Oversight Committee, (vi) the form of Litigation Sub-Trust Agreement; (vii) the schedule of retained Causes of Action; (viii) the New Frontier Note, (ix) the schedule of Employees; (x) the form of Senior Employee Stipulation,; and (xi) the schedule of Executory Contracts and Unexpired Leases to be assumed pursuant to this Plan, which, in each case, will be in form and substance reasonably acceptable to the Debtor and the Committee.

96.     "*Priority Non-Tax Claim*" means a Claim entitled to priority pursuant to section 507(a) of the Bankruptcy Code, including any Claims for paid time-off entitled to priority under section 507(a)(4) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

97.     "*Pro Rata*" means the proportion that (a) the Allowed amount of a Claim or Equity Interest in a particular Class bears to (b) the aggregate Allowed amount of all Claims or Equity Interests in such Class.

98.     "*Professional*" means (a) any Entity employed in the Chapter 11 Case pursuant to section 327, 328 363 or 1103 of the Bankruptcy Code or otherwise and (b) any Entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to sections 327, 328, 330, 331, 363, 503(b), 503(b)(4) and 1103 of the Bankruptcy Code.

99.     "*Professional Fee Claim*" means a Claim under sections 328, 330(a), 331, 363, 503 or 1103 of the Bankruptcy Code, with respect to a particular Professional, for compensation for services rendered or reimbursement of costs, expenses or other charges incurred after the Petition Date and prior to and including the Effective Date.

100.     "*Professional Fee Claims Bar Date*" means with respect to Professional Fee Claims, the Business Day which is sixty (60) days after the Effective Date or such other date as approved by order of the Bankruptcy Court.

101.     "*Professional Fee Claims Objection Deadline*" means, with respect to any Professional Fee Claim, thirty (30) days after the timely Filing of the applicable request for payment of such Professional Fee Claim.

000273

102. "*Professional Fee Reserve*" means the reserve established and funded by the Claimant Trustee pursuant this Plan to provide sufficient funds to satisfy in full unpaid Allowed Professional Fee Claims.

103. "*Proof of Claim*" means a written proof of Claim or Equity Interest Filed against the Debtor in the Chapter 11 Case.

104. "*Priority Tax Claim*" means any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

105. "*Protected Parties*" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv) the CEO/CRO; and (xvi) the Related Persons of each of the parties listed in (iv) through (xv); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Protected Party."

106. "*PTO Claims*" means any Claim for paid time off in favor of any Debtor employee in excess of the amount that would qualify as a Priority Non-Tax Claim under section 507(a)(4) of the Bankruptcy Code.

107. "*Reduced Employee Claims*" has the meaning set forth in ARTICLE IX.D.

108. "*Reinstated*" means, with respect to any Claim or Equity Interest, (a) leaving unaltered the legal, equitable, and contractual rights to which a Claim entitles the Holder of such Claim or Equity Interest in accordance with section 1124 of the Bankruptcy Code or (b) notwithstanding any contractual provision or applicable law that entitles the Holder of such Claim or Equity Interest to demand or receive accelerated payment of such Claim or Equity Interest after the occurrence of a default: (i) curing any such default that occurred before or after the Petition Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code or of a kind that section 365(b)(2) of the Bankruptcy Code expressly does not require to be cured; (ii) reinstating the maturity of such Claim or Equity Interest as such maturity existed before such default; (iii) compensating the Holder of such Claim or Equity Interest for any damages incurred as a result of any reasonable reliance by such Holder on such contractual provision or such applicable law; (iv) if such Claim or Equity Interest arises from any failure to perform a nonmonetary obligation, other than a default arising from failure to operate a non-residential real property lease subject to section 365(b)(1)(A) of the Bankruptcy Code, compensating the Holder

000274

of such Claim or Equity Interest (other than any Debtor or an insider of any Debtor) for any actual pecuniary loss incurred by such Holder as a result of such failure; and (v) not otherwise altering the legal, equitable, or contractual rights to which such Claim entitles the Holder of such Claim.

109. "*Rejection Claim*" means any Claim for monetary damages as a result of the rejection of an executory contract or unexpired lease pursuant to the Confirmation Order.

110. "*Related Entity*" means, without duplication, (a) Dondero, (b) Mark Okada ("Okada"), (c) Grant Scott ("Scott"), (d) Hunter Covitz ("Covitz"), (e) any entity or person that was an insider of the Debtor on or before the Petition Date under Section 101(31) of the Bankruptcy Code, including, without limitation, any entity or person that was a non-statutory insider, (f) any entity that, after the Effective Date, is an insider or Affiliate of one or more of Dondero, Okada, Scott, Covitz, or any of their respective insiders or Affiliates, including, without limitation, The Dugaboy Investment Trust, (g) the Hunter Mountain Investment Trust and any of its direct or indirect parents, (h) the Charitable Donor Advised Fund, L.P., and any of its direct or indirect subsidiaries, and (i) Affiliates of the Debtor and any other Entities listed on the Related Entity List.

111. "*Related Entity List*" means that list of Entities filed with the Plan Supplement.

112. "*Related Persons*" means, with respect to any Person, such Person's predecessors, successors, assigns (whether by operation of law or otherwise), and each of their respective present, future, or former officers, directors, employees, managers, managing members, members, financial advisors, attorneys, accountants, investment bankers, consultants, professionals, advisors, shareholders, principals, partners, subsidiaries, divisions, management companies, heirs, agents, and other representatives, in each case solely in their capacity as such.

113. "*Released Parties*" means, collectively, (i) the Independent Directors; (ii) Strand (solely from the date of the appointment of the Independent Directors through the Effective Date); (iii) the CEO/CRO; (iv) the Committee; (v) the members of the Committee (in their official capacities), (vi) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case; and (vii) the Employees.

114. "*Reorganized Debtor*" means the Debtor, as reorganized pursuant to this Plan on and after the Effective Date.

115. "*Reorganized Debtor Assets*" means any limited and general partnership interests held by the Debtor, the management of the Managed Funds and those Causes of Action (including, without limitation, claims for breach of fiduciary duty), that, for any reason, are not capable of being transferred to the Claimant Trust. For the avoidance of doubt, "Reorganized Debtor Assets" includes any partnership interests or shares of Managed Funds held by the Debtor but does not include the underlying portfolio assets held by the Managed Funds.

116. "*Reorganized Limited Partnership Agreement*" means that certain Fifth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., by and among the Claimant Trust, as limited partner, and New GP LLC, as general partner, Filed with the Plan Supplement.

117.    "*Restructuring*" means the restructuring of the Debtor, the principal terms of which are set forth in this Plan and the Disclosure Statement.

118.    "*Retained Employee Claim*" means any Claim filed by a current employee of the Debtor who will be employed by the Reorganized Debtor upon the Effective Date.

119.    "*Schedules*" means the schedules of Assets and liabilities, statements of financial affairs, lists of Holders of Claims and Equity Interests and all amendments or supplements thereto Filed by the Debtor with the Bankruptcy Court [D.I. 247].

120.    "*Secured*" means, when referring to a Claim: (a) secured by a Lien on property in which the Debtor's Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the interest of the Debtor's Estate in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or (b) Allowed pursuant to the Plan as a Secured Claim.

121.    "*Security*" or "*security*" means any security as such term is defined in section 101(49) of the Bankruptcy Code.

122.    "*Senior Employees*" means the senior employees of the Debtor Filed in the Plan Supplement.

123.    "*Senior Employee Stipulation*" means the agreements filed in the Plan Supplement between each Senior Employee and the Debtor.

124.    "*Stamp or Similar Tax*" means any stamp tax, recording tax, personal property tax, conveyance fee, intangibles or similar tax, real estate transfer tax, sales tax, use tax, transaction privilege tax (including, without limitation, such taxes on prime contracting and owner-builder sales), privilege taxes (including, without limitation, privilege taxes on construction contracting with regard to speculative builders and owner builders), and other similar taxes imposed or assessed by any Governmental Unit.

125.    "*Statutory Fees*" means fees payable pursuant to 28 U.S.C. § 1930.

126.    "*Strand*" means Strand Advisors, Inc., the Debtor's general partner.

127.    "*Sub-Servicer*" means a third-party selected by the Claimant Trustee to service or sub-service the Reorganized Debtor Assets.

128.    "*Sub-Servicer Agreement*" means the agreement that may be entered into providing for the servicing of the Reorganized Debtor Assets by the Sub-Servicer.

129.    "*Subordinated Claim*" means any Claim that is subordinated to the Convenience Claims and General Unsecured Claims pursuant to an order entered by the Bankruptcy Court (including any other court having jurisdiction over the Chapter 11 Case) after notice and a hearing.

130. "*Subordinated Claimant Trust Interests*" means the Claimant Trust Interests to be distributed to Holders of Allowed Subordinated Claims under the Plan, which such interests shall be subordinated in right and priority to the Claimant Trust Interests distributed to Holders of Allowed General Unsecured Claims as provided in the Claimant Trust Agreement.

131. "*Trust Distribution*" means the transfer of Cash or other property by the Claimant Trustee to the Claimant Trust Beneficiaries.

132. "*Trustees*" means, collectively, the Claimant Trustee and Litigation Trustee.

133. "*UBS*" means, collectively, UBS Securities LLC and UBS AG London Branch.

134. "*Unexpired Lease*" means a lease to which the Debtor is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

135. "*Unimpaired*" means, with respect to a Class of Claims or Equity Interests that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

136. "*Voting Deadline*" means the date and time by which all Ballots to accept or reject the Plan must be received in order to be counted under the under the Order of the Bankruptcy Court approving the Disclosure Statement as containing adequate information pursuant to section 1125(a) of the Bankruptcy Code and authorizing the Debtor to solicit acceptances of the Plan.

137. "*Voting Record Date*" means November 23, 2020.

## ARTICLE II.
## ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

### A.   Administrative Expense Claims

On the later of the Effective Date or the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or, in each such case, as soon as practicable thereafter, each Holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims) will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Expense Claim either (i) payment in full in Available Cash for the unpaid portion of such Allowed Administrative Expense Claim; or (ii) such other less favorable treatment as agreed to in writing by the Debtor or the Reorganized Debtor, as applicable, and such Holder; *provided, however,* that Administrative Expense Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in the discretion of the Debtor in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court. All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due.

If an Administrative Expense Claim (other than a Professional Fee Claim) is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on

000277

or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for allowance and payment of such Administrative Expense Claim.

Objections to any Administrative Expense Claim (other than a Professional Fee Claim) must be Filed and served on the Debtor or the Reorganized Debtor, as applicable, and the party asserting such Administrative Expense Claim by the Administrative Expense Claims Objection Deadline.

## B.     Professional Fee Claims

Professionals or other Entities asserting a Professional Fee Claim for services rendered through the Effective Date must submit fee applications under sections 327, 328, 329,330, 331, 503(b) or 1103 of the Bankruptcy Code and, upon entry of an order of the Bankruptcy Court granting such fee applications, such Professional Fee Claim shall promptly be paid in Cash in full to the extent provided in such order.

Professionals or other Entities asserting a Professional Fee Claim for services rendered on or prior to the Effective Date must File, on or before the Professional Fee Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated as requiring such notice by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for final allowance of such Professional Fee Claim.

Objections to any Professional Fee Claim must be Filed and served on the Debtor or Reorganized Debtor, as applicable, and the party asserting the Professional Fee Claim by the Professional Fee Claim Objection Deadline. Each Holder of an Allowed Professional Fee Claim will be paid by the Debtor or the Claimant Trust, as applicable, in Cash within ten (10) Business Days of entry of the order approving such Allowed Professional Fee Claim.

On the Effective Date, the Claimant Trustee shall establish the Professional Fee Reserve. The Professional Fee Reserve shall vest in the Claimant Trust and shall be maintained by the Claimant Trustee in accordance with the Plan and Claimant Trust Agreement. The Claimant Trust shall fund the Professional Fee Reserve on the Effective Date in an estimated amount determined by the Debtor in good faith prior to the Confirmation Date and that approximates the total projected amount of unpaid Professional Fee Claims on the Effective Date. Following the payment of all Allowed Professional Fee Claims, any excess funds in the Professional Fee Reserve shall be released to the Claimant Trust to be used for other purposes consistent with the Plan and the Claimant Trust Agreement.

## C.     Priority Tax Claims

On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Priority Tax Claim is an Allowed Priority Tax Claim as of the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Priority Tax Claim, at the election of the Debtor: (a) Cash in an amount of a total value as of the Effective Date of the Plan equal to the amount of such Allowed

000278

Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, or (b) if paid over time, payment of such Allowed Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code; or (c) such other less favorable treatment as agreed to in writing by the Debtor and such Holder. Payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) will be made at all appropriate times until the entry of a final decree; *provided, however*, that the Debtor may prepay any or all such Claims at any time, without premium or penalty.

**ARTICLE III.**
**CLASSIFICATION AND TREATMENT OF**
**CLASSIFIED CLAIMS AND EQUITY INTERESTS**

**A.**     **Summary**

All Claims and Equity Interests, except Administrative Expense Claims and Priority Tax Claims, are classified in the Classes set forth below. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, and Priority Tax Claims have not been classified.

The categories of Claims and Equity Interests listed below classify Claims and Equity Interests for all purposes including, without limitation, confirmation and distribution pursuant to the Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim or Equity Interest to be classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and will be deemed classified in a different Class to the extent that any remainder of such Claim or Equity Interest qualifies within the description of such different Class. A Claim or Equity Interest is in a particular Class only to the extent that any such Claim or Equity Interest is Allowed in that Class and has not been paid, released or otherwise settled (in each case, by the Debtor or any other Entity) prior to the Effective Date.

**B.**     **Summary of Classification and Treatment of Classified Claims and Equity Interests**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Jefferies Secured Claim | Unimpaired | Deemed to Accept |
| 2 | Frontier Secured Claim | Impaired | Entitled to Vote |
| 3 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 4 | Priority Non-Tax Claim | Unimpaired | Deemed to Accept |
| 5 | Retained Employee Claim | Unimpaired | Deemed to Accept |
| 6 | PTO Claims | Unimpaired | Deemed to Accept |
| 7 | Convenience Claims | Impaired | Entitled to Vote |
| 8 | General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Subordinated Claims | Impaired | Entitled to Vote |
| 10 | Class B/C Limited Partnership Interests | Impaired | Entitled to Vote |
| 11 | Class A Limited Partnership Interests | Impaired | Entitled to Vote |

000279

**C.**     **Elimination of Vacant Classes**

Any Class that, as of the commencement of the Confirmation Hearing, does not have at least one Holder of a Claim or Equity Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class.

**D.**     **Impaired/Voting Classes**

Claims and Equity Interests in Class 2 and Class 7 through Class 11 are Impaired by the Plan, and only the Holders of Claims or Equity Interests in those Classes are entitled to vote to accept or reject the Plan.

**E.**     **Unimpaired/Non-Voting Classes**

Claims in Class 1 and Class 3 through Class 6 are Unimpaired by the Plan, and such Holders are deemed to have accepted the Plan and are therefore not entitled to vote on the Plan.

**F.**     **Impaired/Non-Voting Classes**

There are no Classes under the Plan that will not receive or retain any property and no Classes are deemed to reject the Plan.

**G.**     **Cramdown**

If any Class of Claims or Equity Interests is deemed to reject this Plan or does not vote to accept this Plan, the Debtor may (i) seek confirmation of this Plan under section 1129(b) of the Bankruptcy Code or (ii) amend or modify this Plan in accordance with the terms hereof and the Bankruptcy Code.  If a controversy arises as to whether any Claims or Equity Interests, or any class of Claims or Equity Interests, are Impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

**H.**     **Classification and Treatment of Claims and Equity Interests**

1.     *Class 1 – Jefferies Secured Claim*

- *Classification*:  Class 1 consists of the Jefferies Secured Claim.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 1 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 1 Claim, at the election of the Debtor:  (A) Cash equal to the amount of such Allowed Class 1 Claim; (B) such other less favorable treatment as to which the Debtor and the Holder of such Allowed Class 1 Claim will have agreed upon in writing; or (C) such other treatment rendering such Claim Unimpaired.  Each Holder of an Allowed Class 1 Claim will retain the Liens securing its Allowed Class 1 Claim as of the Effective Date until

full and final payment of such Allowed Class 1 Claim is made as provided herein.

- *Impairment and Voting*: Class 1 is Unimpaired, and the Holders of Class 1 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 1 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

2. *Class 2 – Frontier Secured Claim*

- *Classification*: Class 2 consists of the Frontier Secured Claim.

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 2 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 2 Claim: (A) Cash in an amount equal to all accrued but unpaid interest on the Frontier Claim through and including the Effective Date and (B) the New Frontier Note. The Holder of an Allowed Class 2 Claim will retain the Liens securing its Allowed Class 2 Claim as of the Effective Date until full and final payment of such Allowed Class 2 Claim is made as provided herein.

- *Impairment and Voting*: Class 2 is Impaired, and the Holders of Class 2 Claims are entitled to vote to accept or reject this Plan.

3. *Class 3 – Other Secured Claims*

- *Classification*: Class 3 consists of the Other Secured Claims.

- *Allowance and Treatment*: On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 3 Claim is Allowed on the Effective Date or (ii) the date on which such Class 3 Claim becomes an Allowed Class 3 Claim, each Holder of an Allowed Class 3 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 3 Claim, at the option of the Debtor, or following the Effective Date, the Reorganized Debtor or Claimant Trustee, as applicable, (i) Cash equal to such Allowed Other Secured Claim, (ii) the collateral securing its Allowed Other Secured Claim, plus postpetition interest to the extent required under Bankruptcy Code Section 506(b), or (iii) such other treatment rendering such Claim Unimpaired.

- *Impairment and Voting*: Class 3 is Unimpaired, and the Holders of Class 3 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 3 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

000281

4.      *Class 4 – Priority Non-Tax Claims*

- *Classification*:  Class 4 consists of the Priority Non-Tax Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 4 Claim is Allowed on the Effective Date or (ii) the date on which such Class 4 Claim becomes an Allowed Class 4 Claim, each Holder of an Allowed Class 4 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 4 Claim Cash equal to the amount of such Allowed Class 4 Claim.

- *Impairment and Voting*:  Class 4 is Unimpaired, and the Holders of Class 4 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 4 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

5.      *Class 5 – Retained Employee Claims*

- *Classification*:  Class 5 consists of the Retained Employee Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Allowed Class 5 Claim will be Reinstated.

- *Impairment and Voting*:  Class 5 is Unimpaired, and the Holders of Class 5 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 5 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

6.      *Class 6 – PTO Claims*

- *Classification*:  Class 6 consists of the PTO Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 6 Claim is Allowed on the Effective Date or (ii) the date on which such Class 6 Claim becomes an Allowed Class 6 Claim, each Holder of an Allowed Class 6 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 6 Claim Cash equal to the amount of such Allowed Class 6 Claim.

- *Impairment and Voting*:  Class 6 is Unimpaired, and the Holders of Class 6 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 6

000282

Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

7.   *Class 7 – Convenience Claims*

- *Classification*:  Class 7 consists of the Convenience Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 7 Claim is Allowed on the Effective Date or (ii) the date on which such Class 7 Claim becomes an Allowed Class 7 Claim, each Holder of an Allowed Class 7 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Class 7 Claim (1) the treatment provided to Allowed Holders of Class 8 General Unsecured Claims if the Holder of such Class 7 Claim makes the GUC Election or (2) an amount in Cash equal to the lesser of (a) 85% of the Allowed amount of such Holder's Class 7 Claim or (b) such Holder's Pro Rata share of the Convenience Claims Cash Pool.

- *Impairment and Voting*:  Class 7 is Impaired, and the Holders of Class 7 Claims are entitled to vote to accept or reject this Plan.

8.   *Class 8 – General Unsecured Claims*

- *Classification*:  Class 8 consists of the General Unsecured Claims.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 8 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Claimant Trust Interests, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing, or (iii) the treatment provided to Allowed Holders of Class 7 Convenience Claims if the Holder of such Class 8 General Unsecured Claim is eligible and makes a valid Convenience Class Election.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any General Unsecured Claim, except with respect to any General Unsecured Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 8 is Impaired, and the Holders of Class 8 Claims are entitled to vote to accept or reject this Plan.

000283

9.     *Class 9 – Subordinated Claims*

- *Classification*:  Class 9 consists of the Subordinated Claims.

  *Treatment*:  On the Effective Date, Holders of Subordinated Claims  shall receive either (i) their Pro Rata share of the Subordinated Claimant Trust Interests or, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee may agree upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Subordinated Claim, except with respect to any Subordinated Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 9 is Impaired, and the Holders of Class 9 Claims are entitled to vote to accept or reject this Plan.

10.     *Class 10 – Class B/C Limited Partnership Interests*

- *Classification*:  Class 10 consists of the Class B/C Limited Partnership Interests.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 10 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class B/C Limited Partnership Interest Claim, except with respect to any Class B/C Limited Partnership Interest Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 10 is Impaired, and the Holders of Class 10 Claims are entitled to vote to accept or reject this Plan.

11.     *Class 11 – Class A Limited Partnership Interests*

- *Classification*:  Class 11 consists of the Class A Limited Partnership Interests.

000284

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 11 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class A Limited Partnership Interest, except with respect to any Class A Limited Partnership Interest Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 11 is Impaired, and the Holders of Class 11 Claims are entitled to vote to accept or reject this Plan.

**I.      Special Provision Governing Unimpaired Claims**

Except as otherwise provided in the Plan, nothing under the Plan will affect the Debtor's rights in respect of any Unimpaired Claims, including, without limitation, all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Unimpaired Claims.

**J.      Subordinated Claims**

The allowance, classification, and treatment of all Claims under the Plan shall take into account and conform to the contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.  Upon written notice and hearing, the Debtor the Reorganized Debtor, and the Claimant Trustee reserve the right to seek entry of an order by the Bankruptcy Court to re-classify or to subordinate any Claim in accordance with any contractual, legal, or equitable subordination relating thereto, and the treatment afforded any Claim under the Plan that becomes a subordinated Claim at any time shall be modified to reflect such subordination.

**ARTICLE IV.**
**MEANS FOR IMPLEMENTATION OF THIS PLAN**

**A.      Summary**

As discussed in the Disclosure Statement, the Plan will be implemented through (i) the Claimant Trust, (ii) the Litigation Sub-Trust, and (iii) the Reorganized Debtor.

On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be cancelled, and new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC – a newly-chartered limited liability company wholly-owned by the Claimant Trust.  The Claimant Trust, as limited

partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner.  The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited Partnership Agreement. Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC.  The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to this Plan and the Claimant Trust Agreement, and the Litigation Trustee will pursue, if applicable, the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan.  The Reorganized Debtor will administer the Reorganized Debtor Assets and, if needed, with the utilization of a Sub-Servicer, which administration will include, among other things, managing the wind down of the Managed Funds.

Although the Reorganized Debtor will manage the wind down of the Managed Funds, it is currently anticipated that neither the Reorganized Debtor nor the Claimant Trust will assume or assume and assign the contracts between the Debtor and certain Related Entities pursuant to which the Debtor provides shared services and sub-advisory services to those Related Entities.  The Debtor believes that the continued provision of the services under such contracts will not be cost effective.

The Reorganized Debtor will distribute all proceeds from the wind down to the Claimant Trust, as its limited partner, and New GP LLC, as its general partner, in each case in accordance with the Reorganized Limited Partnership Agreement.  Such proceeds, along with the proceeds of the Claimant Trust Assets, will ultimately be distributed to the Claimant Trust Beneficiaries as set forth in this Plan and the Claimant Trust Agreement.

**B.**     **The Claimant Trust**[2]

1.     *Creation and Governance of the Claimant Trust and Litigation Sub-Trust.*

On or prior to the Effective Date, the Debtor and the Claimant Trustee shall execute the Claimant Trust Agreement and shall take all steps necessary to establish the Claimant Trust and the Litigation Sub-Trust in accordance with the Plan in each case for the benefit of the Claimant Trust Beneficiaries.  Additionally, on or prior to the Effective Date, the Debtor shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Claimant Trust all of its rights, title, and interest in and to all of the Claimant Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, the Claimant Trust Assets shall automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement, and

---

[2] In the event of a conflict between the terms of this summary and the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, the terms of the Claimant Trust Agreement or the Litigation Sub-Trust Agreement, as applicable, shall control.

000286

such transfer shall be exempt from any stamp, real estate transfer, mortgage from any stamp, transfer, reporting, sales, use, or other similar tax.

The Claimant Trustee shall be the exclusive trustee of the Claimant Trust Assets, excluding the Estate Claims and the Litigation Trustee shall be the exclusive trustee with respect to the Estate Claims in each case for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Claimant Trust Assets. The Claimant Trustee shall also be responsible for resolving all Claims and Equity Interests in Class 8 through Class 11, under the supervision of the Claimant Trust Oversight Committee.

On the Effective Date, the Claimant Trustee and Litigation Trustee shall execute the Litigation Sub-Trust Agreement and shall take all steps necessary to establish the Litigation Sub-Trust. Upon the creation of the Litigation Sub-Trust, the Claimant Trust shall irrevocably transfer and assign to the Litigation Sub-Trust the Estate Claims. The Claimant Trust shall be governed by the Claimant Trust Agreement and administered by the Claimant Trustee. The powers, rights, and responsibilities of the Claimant Trustee shall be specified in the Claimant Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting to the Claimant Trust Oversight Committee as may be set forth in the Claimant Trust Agreement. The Claimant Trust shall hold and distribute the Claimant Trust Assets (including the proceeds from the Estate Claims, if any) in accordance with the provisions of the Plan and the Claimant Trust Agreement; *provided* that the Claimant Trust Oversight Committee may direct the Claimant Trust to reserve Cash from distributions as necessary to fund the Claimant Trust and Litigation Sub-Trust. Other rights and duties of the Claimant Trustee and the Claimant Trust Beneficiaries shall be as set forth in the Claimant Trust Agreement. After the Effective Date, neither the Debtor nor the Reorganized Debtor shall have any interest in the Claimant Trust Assets.

The Litigation Sub-Trust shall be governed by the Litigation Sub-Trust Agreement and administered by the Litigation Trustee. The powers, rights, and responsibilities of the Litigation Trustee shall be specified in the Litigation Sub-Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting as may be set forth in the Litigation Sub-Trust Agreement. The Litigation Sub-Trust shall investigate, prosecute, settle, or otherwise resolve the Estate Claims in accordance with the provisions of the Plan and the Litigation Sub-Trust Agreement and shall distribute the proceeds therefrom to the Claimant Trust for distribution. Other rights and duties of the Litigation Trustee shall be as set forth in the Litigation Sub-Trust Agreement.

2.  *Claimant Trust Oversight Committee*

The Claimant Trust, the Claimant Trustee, the management and monetization of the Claimant Trust Assets, and the management of the Reorganized Debtor (through the Claimant Trust's role as managing member of New GP LLC) and the Litigation Sub-Trust will be overseen by the Claimant Trust Oversight Committee, subject to the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, as applicable.

The Claimant Trust Oversight Committee will initially consist of five members.  Four of the five members will be representatives of the members of the Committee:  (i) the Redeemer Committee of Highland Crusader Fund, (ii) UBS, (iii) Acis, and (iv) Meta-e Discovery.  The fifth member will be an independent, natural Person chosen by the Committee and reasonably acceptable to the Debtor.  The members of the Claimant Trust Oversight Committee may be replaced as set forth in the Claimant Trust Agreement.  The identity of the members of the Claimant Trust Oversight Committee will be disclosed in the Plan Supplement.

As set forth in the Claimant Trust Agreement, in no event will any member of the Claimant Trust Oversight Committee with a Claim against the Estate be entitled to vote, opine, or otherwise be involved in any matters related to such member's Claim.

The independent member(s) of the Claimant Trust Oversight Committee may be entitled to compensation for their services as set forth in the Claimant Trust Agreement.  Any member of the Claimant Trust Oversight Committee may be removed, and successor chosen, in the manner set forth in the Claimant Trust Agreement.

3.    *Purpose of the Claimant Trust.*

The Claimant Trust shall be established for the purpose of (i) managing and monetizing the Claimant Trust Assets, subject to the terms of the Claimant Trust Agreement and the oversight of the Claimant Trust Oversight Committee, (ii) serving as the limited partner of, and holding the limited partnership interests in, the Reorganized Debtor, (iii) serving as the sole member and manager of New GP LLC, the Reorganized Debtor's general partner, (iv) in its capacity as the sole member and manager of New GP LLC, overseeing the management and monetization of the Reorganized Debtor Assets pursuant to the terms of the Reorganized Limited Partnership Agreement; and (v) administering the Disputed Claims Reserve and serving as Distribution Agent with respect to Disputed Claims in Class 7 or Class 8.

In its management of the Claimant Trust Assets, the Claimant Trust will also reconcile and object to the General Unsecured Claims, Subordinated Claims, Class B/C Limited Partnership Interests, and Class A Limited Partnership Interests, as provided for in this Plan and the Claimant Trust Agreement, and make Trust Distributions to the Claimant Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

The purpose of the Reorganized Debtor is discussed at greater length in ARTICLE IV.C.

4.    *Purpose of the Litigation Sub-Trust.*

The Litigation Sub-Trust shall be established for the purpose of investigating, prosecuting, settling, or otherwise resolving the Estate Claims.  Any proceeds therefrom shall be distributed by the Litigation Sub-Trust to the Claimant Trust for distribution to the Claimant Trust Beneficiaries pursuant to the terms of the Claimant Trust Agreement.

5.    *Claimant Trust Agreement and Litigation Sub-Trust Agreement.*

The Claimant Trust Agreement generally will provide for, among other things:

000288

(i)     the payment of the Claimant Trust Expenses;

(ii)     the payment of other reasonable expenses of the Claimant Trust;

(iii)     the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation;

(iv)     the investment of Cash by the Claimant Trustee within certain limitations, including those specified in the Plan;

(v)     the orderly monetization of the Claimant Trust Assets;

(vi)     litigation of any Causes of Action, which may include the prosecution, settlement, abandonment, or dismissal of any such Causes of Action, subject to reporting and oversight by the Claimant Trust Oversight Committee;

(vii)     the resolution of Claims and Equity Interests in Class 8 through Class 11, subject to reporting and oversight by the Claimant Trust Oversight Committee;

(viii)     the administration of the Disputed Claims Reserve and distributions to be made therefrom; and

(ix)     the management of the Reorganized Debtor, including the utilization of a Sub-Servicer, with the Claimant Trust serving as the managing member of New GP LLC.

Except as otherwise ordered by the Bankruptcy Court, the Claimant Trust Expenses shall be paid from the Claimant Trust Assets in accordance with the Plan and Claimant Trust Agreement. The Claimant Trustee may establish a reserve for the payment of Claimant Trust Expense (including, without limitation, any reserve for potential indemnification claims as authorized and provided under the Claimant Trust Agreement), and shall periodically replenish such reserve, as necessary.

In furtherance of, and consistent with the purpose of, the Claimant Trust and the Plan, the Trustees, for the benefit of the Claimant Trust, shall, subject to reporting and oversight by the Claimant Trust Oversight Committee as set forth in the Claimant Trust Agreement: (i) hold the Claimant Trust Assets for the benefit of the Claimant Trust Beneficiaries, (ii) make Distributions to the Claimant Trust Beneficiaries as provided herein and in the Claimant Trust Agreement, and (iii) have the sole power and authority to prosecute and resolve any Causes of Action and objections to Claims and Equity Interests (other than those assigned to the Litigation Sub-Trust), without approval of the Bankruptcy Court. Except as otherwise provided in the Claimant Trust Agreement, the Claimant Trustee shall be responsible for all decisions and duties with respect to the Claimant Trust and the Claimant Trust Assets; *provided, however,* that the prosecution and resolution of any Estate Claims included in the Claimant Trust Assets shall be the responsibility of the Litigation Trustee. The Litigation Sub-Trust Agreement generally will provide for, among other things:

(i)     the payment of other reasonable expenses of the Litigation Sub-Trust;

000289

(ii)     the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation; and

(iii)     the investigation and prosecution of Estate Claims, which may include the prosecution, settlement, abandonment, or dismissal of any such Estate Claims, subject to reporting and oversight as set forth in the Litigation Sub-Trust Agreement.

The Trustees, on behalf of the Claimant Trust and Litigation Sub-Trust, as applicable, may each employ, without further order of the Bankruptcy Court, employees and other professionals (including those previously retained by the Debtor and the Committee) to assist in carrying out the Trustees' duties hereunder and may compensate and reimburse the reasonable expenses of these professionals without further Order of the Bankruptcy Court from the Claimant Trust Assets in accordance with the Plan and the Claimant Trust Agreement.

The Claimant Trust Agreement and Litigation Sub-Trust Agreement may include reasonable and customary provisions that allow for indemnification by the Claimant Trust in favor of the Claimant Trustee, Litigation Trustee, and the Claimant Trust Oversight Committee. Any such indemnification shall be the sole responsibility of the Claimant Trust and payable solely from the Claimant Trust Assets.

6.     _Compensation and Duties of Trustees._

The salient terms of each Trustee's employment, including such Trustee's duties and compensation shall be set forth in the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, as appropriate. The Trustees shall each be entitled to reasonable compensation in an amount consistent with that of similar functionaries in similar types of bankruptcy cases.

7.     _Cooperation of Debtor and Reorganized Debtor._

To effectively investigate, prosecute, compromise and/or settle the Claims and/or Causes of Action that constitute Claimant Trust Assets (including Estate Claims), the Claimant Trustee, Litigation Trustee, and each of their professionals may require reasonable access to the Debtor's and Reorganized Debtor's documents, information, and work product relating to the Claimant Trust Assets. Accordingly, the Debtor and the Reorganized Debtor, as applicable, shall reasonably cooperate with the Claimant Trustee and Litigation Trustee, as applicable, in their prosecution of Causes of Action and in providing the Claimant Trustee and Litigation Trustee with copies of documents and information in the Debtor's possession, custody, or control on the Effective Date that either Trustee indicates relates to the Estate Claims or other Causes of Action.

The Debtor and Reorganized Debtor shall preserve all records, documents or work product (including all electronic records, documents, or work product) related to the Claims and Causes of Action, including Estate Claims, until the earlier of (a) the dissolution of the Reorganized Debtor or (b) termination of the Claimant Trust and Litigation Sub-Trust.

8.     _United States Federal Income Tax Treatment of the Claimant Trust._

Unless the IRS requires otherwise, for all United States federal income tax purposes, the parties shall treat the transfer of the Claimant Trust Assets to the Claimant Trust as: (a) a transfer

000290

of the Claimant Trust Assets (other than the amounts set aside in the Disputed Claims Reserve, if the Claimant Trustee makes the election described in Section 7 below) directly to the applicable Claimant Trust Beneficiaries followed by (b) the transfer by the such Claimant Trust Beneficiaries to the Claimant Trust of such Claimant Trust Assets in exchange for the Claimant Trust Interests. Accordingly, the applicable Claimant Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Claimant Trust Assets.  The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

9.    *Tax Reporting.*

(a) The Claimant Trustee shall file tax returns for the Claimant Trust treating the Claimant Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a). The Claimant Trustee may file an election pursuant to Treasury Regulation 1.468B-9(c) to treat the Disputed Claims Reserve as a disputed ownership fund, in which case the Claimant Trustee will file federal income tax returns and pay taxes for the Disputed Claims Reserve as a separate taxable entity.

(b) The Claimant Trustee shall be responsible for payment, out of the Claimant Trust Assets, of any taxes imposed on the Claimant Trust or its assets.

(c) The Claimant Trustee shall determine the fair market value of the Claimant Trust Assets as of the Effective Date and notify the applicable Claimant Trust Beneficiaries of such valuation, and such valuation shall be used consistently for all federal income tax purposes.

(d) The Claimant Trustee shall distribute such tax information to the applicable Claimant Trust Beneficiaries as the Claimant Trustee determines is required by applicable law.

10.    *Claimant Trust Assets.*

The Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Causes of Action included in the Claimant Trust Assets (except for the Estate Claims) without any further order of the Bankruptcy Court, and the Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to sell, liquidate, or otherwise monetize all Claimant Trust Assets, except as otherwise provided in this Plan or in the Claimant Trust Agreement, without any further order of the Bankruptcy Court.  Notwithstanding anything herein to the contrary, the Litigation Trustee shall have the exclusive right to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Estate Claims included in the Claimant Trust Assets without any further order of the Bankruptcy Court.

From and after the Effective Date, the Trustees, in accordance with section 1123(b)(3) and (4) of the Bankruptcy Code, and on behalf of the Claimant Trust, shall each serve as a representative of the Estate with respect to any and all Claimant Trust Assets, including the Causes of Action and Estate Claims, as appropriate, and shall retain and possess the right to (a) commence, pursue, settle, compromise, or abandon, as appropriate, any and all Causes of Action in any court or other tribunal and (b) sell, liquidate, or otherwise monetize all Claimant Trust Assets.

000291

11.    *Claimant Trust Expenses.*

From and after the Effective Date, the Claimant Trust shall, in the ordinary course of business and without the necessity of any approval by the Bankruptcy Court, pay the reasonable professional fees and expenses incurred by the Claimant Trust, the Litigation Sub-Trust, and any professionals retained by such parties and entities from the Claimant Trust Assets, except as otherwise provided in the Claimant Trust Agreement.

12.    *Trust Distributions to Claimant Trust Beneficiaries.*

The Claimant Trustee, in its discretion, may make Trust Distributions to the Claimant Trust Beneficiaries at any time and/or use the Claimant Trust Assets or proceeds thereof, *provided* that such Trust Distributions or use is otherwise permitted under the terms of the Plan, the Claimant Trust Agreement, and applicable law.

13.    *Cash Investments.*

With the consent of the Claimant Trust Oversight Committee, the Claimant Trustee may invest Cash (including any earnings thereon or proceeds therefrom) in a manner consistent with the terms of the Claimant Trust Agreement; *provided, however,* that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

14.    *Dissolution of the Claimant Trust and Litigation Sub-Trust.*

The Trustees and the Claimant Trust and Litigation Sub-Trust shall be discharged or dissolved, as the case may be, at such time as: (a) the Litigation Trustee determines that the pursuit of Estate Claims is not likely to yield sufficient additional proceeds to justify further pursuit of such Estate Claims, (b) the Claimant Trustee determines that the pursuit of Causes of Action (other than Estate Claims) is not likely to yield sufficient additional proceeds to justify further pursuit of such Causes of Action, (c) the Claimant Trustee determines that the pursuit of sales of other Claimant Trust Assets is not likely to yield sufficient additional proceeds to justify further pursuit of such sales of Claimant Trust Assets, (d) all objections to Disputed Claims and Equity Interests are fully resolved, (e) the Reorganized Debtor is dissolved, and (f) all Distributions required to be made by the Claimant Trustee to the Claimant Trust Beneficiaries under the Plan have been made, but in no event shall the Claimant Trust be dissolved later than three years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed two years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Claimant Trust Assets; *provided, however,* that each extension must be approved, upon a finding that the extension is necessary to facilitate or complete the recovery on, and liquidation of the Claimant Trust Assets, by the Bankruptcy Court within 6 months of the beginning of the extended term and

000292

no extension, together with any prior extensions, shall exceed three years without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes.

Upon dissolution of the Claimant Trust, and pursuant to the Claimant Trust Agreement, any remaining Claimant Trust Assets that exceed the amounts required to be paid under the Plan will be transferred (in the sole discretion of the Claimant Trustee) in Cash or in-kind to the Holders of the Claimant Trust Interests as provided in the Claimant Trust Agreement.

## C.    **The Reorganized Debtor**

### 1.    *Corporate Existence*

The Debtor will continue to exist after the Effective Date, with all of the powers of partnerships pursuant to the law of the State of Delaware and as set forth in the Reorganized Limited Partnership Agreement.

### 2.    *Cancellation of Equity Interests and Release*

On the Effective Date, (i) all prepetition Equity Interests, including the Class A Limited Partnership Interests and the Class B/C Limited Partnership Interests, in the Debtor shall be canceled, and (ii) all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, the Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement.

### 3.    *Issuance of New Partnership Interests*

On the Effective Date, the Debtor or the Reorganized Debtor, as applicable, will issue new Class A Limited Partnership Interests to (i) the Claimant Trust, as limited partner, and (ii) New GP LLC, as general partner, and will admit (a) the Claimant Trust as the limited partner of the Reorganized Debtor, and (b) New GP LLC as the general partner of the Reorganized Debtor. The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor. Also, on the Effective Date, the Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement and receive partnership interests in the Reorganized Debtor consistent with the terms of the Reorganized Limited Partnership Agreement.

The Reorganized Limited Partnership Agreement does not provide for, and specifically disclaims, the indemnification obligations under the Limited Partnership Agreement, including any such indemnification obligations that accrued or arose or could have been brought prior to the Effective Date. Any indemnification Claims under the Limited Partnership Agreement that accrued, arose, or could have been filed prior to the Effective Date will be resolved through the Claims resolution process provided that a Claim is properly filed in accordance with the Bankruptcy Code, the Plan, or the Bar Date Order. Each of the Debtor, the Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust reserve all rights with respect to any such indemnification Claims.

000293

4. _Management of the Reorganized Debtor_

Subject to and consistent with the terms of the Reorganized Limited Partnership Agreement, the Reorganized Debtor shall be managed by its general partner, New GP LLC. The initial officers and employees of the Reorganized Debtor shall be selected by the Claimant Trustee. The Reorganized Debtor may, in its discretion, also utilize a Sub-Servicer in addition to or in lieu of the retention of officers and employees.

As set forth in the Reorganized Limited Partnership Agreement, New GP LLC will receive a fee for managing the Reorganized Debtor. Although New GP LLC will be a limited liability company, it will elect to be treated as a C-Corporation for tax purposes. Therefore, New GP LLC (and any taxable income attributable to it) will be subject to corporate income taxation on a standalone basis, which may reduce the return to Claimants.

5. _Vesting of Assets in the Reorganized Debtor_

Except as otherwise provided in this Plan or the Confirmation Order, on or after the Effective Date, all Reorganized Debtor Assets will vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

The Reorganized Debtor shall be the exclusive trustee of the Reorganized Debtor Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reorganized Debtor Assets.

6. _Purpose of the Reorganized Debtor_

Except as may be otherwise provided in this Plan or the Confirmation Order, the Reorganized Debtor will continue to manage the Reorganized Debtor Assets (which shall include, for the avoidance of doubt, serving as the investment manager of the Managed Funds) and may use, acquire or dispose of the Reorganized Debtor Assets and compromise or settle any Claims with respect to the Reorganized Debtor Assets without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. The Reorganized Debtor shall oversee the resolution of Claims in Class 1 through Class 7.

Without limiting the foregoing, the Reorganized Debtor will pay the charges that it incurs after the Effective Date for Professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of Professional fee applications) in the ordinary course of business and without application or notice to, or order of, the Bankruptcy Court.

7. _Distribution of Proceeds from the Reorganized Debtor Assets; Transfer of Reorganized Debtor Assets_

Any proceeds received by the Reorganized Debtor will be distributed to the Claimant Trust, as limited partner, and New GP LLC, as general partner, in the manner set forth in the Reorganized Limited Partnership Agreement. As set forth in the Reorganized Limited Partnership Agreement,

000294

Case 19-34054-sgj11 Doc 1943 Filed 02/22/21 Entered 02/22/21 16:48:16 Page 131 of
Case 3:21-cv-00538-N Document 26-1 Filed 06/09/21 Page 305 of 648 PageID 2992
160

the Reorganized Debtor may, from time to time distribute Reorganized Debtor Assets to the Claimant Trust either in Cash or in-kind, including to institute the wind-down and dissolution of the Reorganized Debtor. Any assets distributed to the Claimant Trust will be (i) deemed transferred in all respects as forth in ARTICLE IV.B.1, (ii) deemed Claimant Trust Assets, and (iii) administered as Claimant Trust Assets.

**D.      Company Action**

Each of the Debtor, the Reorganized Debtor, and the Trustees, as applicable, may take any and all actions to execute, deliver, File or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of this Plan, the Claimant Trust Agreement, the Reorganized Limited Partnership Agreement, or the New GP LLC Documents, as applicable, in the name of and on behalf of the Debtor, the Reorganized Debtor, or the Trustees, as applicable, and in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, officers, or directors of the Debtor or the Reorganized Debtor, as applicable, or by any other Person.

Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to this Plan that would otherwise require approval of the stockholders, partners, directors, managers, or members of the Debtor, any Related Entity, or any Affiliate thereof (as of prior to the Effective Date) will be deemed to have been so approved and will be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the stockholders, partners, directors, managers or members of such Persons, or the need for any approvals, authorizations, actions or consents of any Person.

All matters provided for in this Plan involving the legal or corporate structure of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, and any legal or corporate action required by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, in connection with this Plan, will be deemed to have occurred and will be in full force and effect in all respects, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, partners, directors, managers, or members of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, or by any other Person. On the Effective Date, the appropriate officers of the Debtor and the Reorganized Debtor, as applicable, as well as the Trustees, are authorized to issue, execute, deliver, and consummate the transactions contemplated by, the contracts, agreements, documents, guarantees, pledges, consents, securities, certificates, resolutions and instruments contemplated by or described in this Plan in the name of and on behalf of the Debtor and the Reorganized Debtor, as well as the Trustees, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person. The appropriate officer of the Debtor, the Reorganized Debtor, as well as the Trustees, will be authorized to certify or attest to any of the foregoing actions.

000295

E.        **Release of Liens, Claims and Equity Interests**

Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, from and after the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all Liens, Claims, Equity Interests, mortgages, deeds of trust, or other security interests against the property of the Estate will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity.  Any Entity holding such Liens or Equity Interests extinguished pursuant to the prior sentence will, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable.  For the avoidance of doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

F.        **Cancellation of Notes, Certificates and Instruments**

Except for the purpose of evidencing a right to a distribution under this Plan and except as otherwise set forth in this Plan, on the Effective Date, all agreements, instruments, Securities and other documents evidencing any prepetition Claim or Equity Interest and any rights of any Holder in respect thereof shall be deemed cancelled, discharged, and of no force or effect.  The holders of or parties to such cancelled instruments, Securities, and other documentation will have no rights arising from or related to such instruments, Securities, or other documentation or the cancellation thereof, except the rights provided for pursuant to this Plan, and the obligations of the Debtor thereunder or in any way related thereto will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person.  For the avoidance of doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

G.        **Cancellation of Existing Instruments Governing Security Interests**

Upon payment or other satisfaction of an Allowed Class 1 or Allowed Class 2 Claim, or promptly thereafter, the Holder of such Allowed Class 1 or Allowed Class 2 Claim shall deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, any collateral or other property of the Debtor held by such Holder, together with any termination statements, instruments of satisfaction, or releases of all security interests with respect to its Allowed Class 1 or Allowed Class 2 Claim that may be reasonably required to terminate any related financing statements, mortgages, mechanics' or other statutory Liens, or *lis pendens*, or similar interests or documents.

H.        **Control Provisions**

To the extent that there is any inconsistency between this Plan as it relates to the Claimant Trust, the Claimant Trust Agreement, the Reorganized Debtor, or the Reorganized Limited Partnership Agreement, this Plan shall control.

000296

## I.     Treatment of Vacant Classes

Any Claim or Equity Interest in a Class considered vacant under ARTICLE III.C of this Plan shall receive no Plan Distributions.

## J.     Plan Documents

The documents, if any, to be Filed as part of the Plan Documents, including any documents filed with the Plan Supplement, and any amendments, restatements, supplements, or other modifications to such documents, and any consents, waivers, or other deviations under or from any such documents, shall be incorporated herein by this reference (including to the applicable definitions in ARTICLE I hereof) and fully enforceable as if stated in full herein.

The Debtor and the Committee are currently working to finalize the forms of certain of the Plan Documents to be filed with the Plan Supplement. To the extent that the Debtor and the Committee cannot agree as to the form and content of such Plan Documents, they intend to submit the issue to non-binding mediation pursuant to the *Order Directing Mediation* entered on August 3, 2020 [D.I. 912].

## K.     Highland Capital Management, L.P. Retirement Plan and Trust

The Highland Capital Management, L.P. Retirement Plan And Trust ("Pension Plan") is a single-employer defined benefit pension plan covered by Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. §§ 1301-1461. The Debtor is the contributing sponsor and, as such, the PBGC asserts that the Debtor is liable along with any members of the contributing sponsor's controlled-group within the meaning of 29 U.S.C. §§ 1301(a)(13), (14) with respect to the Pension Plan.

Upon the Effective Date, the Reorganized Debtor shall be deemed to have assumed the Pension Plan and shall comply with all applicable statutory provisions of ERISA and the Internal Revenue Code (the "IRC"), including, but not limited to, satisfying the minimum funding standards pursuant to 26 U.S.C. §§ 412, 430, and 29 U.S.C. §§ 1082, 1083; paying the PBGC premiums in accordance with 29 U.S.C. §§ 1306 and 1307; and administering the Pension Plan in accordance with its terms and the provisions of ERISA and the IRC. In the event that the Pension Plan terminates after the Plan of Reorganization Effective Date, the PBGC asserts that the Reorganized Debtor and each of its controlled group members will be responsible for the liabilities imposed by Title IV of ERISA.

Notwithstanding any provision of the Plan, the Confirmation Order, or the Bankruptcy Code (including section 1141 thereof) to the contrary, neither the Plan, the Confirmation Order, or the Bankruptcy Code shall be construed as discharging, releasing, exculpating or relieving the Debtor, the Reorganized Debtor, or any person or entity in any capacity, from any liability or responsibility, if any, with respect to the Pension Plan under any law, governmental policy, or regulatory provision. PBGC and the Pension Plan shall not be enjoined or precluded from enforcing such liability or responsibility against any person or entity as a result of any of the provisions of the Plan, the Confirmation Order, or the Bankruptcy Code. The Debtor reserves the right to contest any such liability or responsibility.

000297

**ARTICLE V.**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**A.    Assumption, Assignment, or Rejection of Executory Contracts and Unexpired Leases**

Unless an Executory Contract or Unexpired Lease: (i) was previously assumed or rejected by the Debtor pursuant to this Plan on or prior to the Confirmation Date; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtor on or before the Confirmation Date; (iv) contains a change of control or similar provision that would be triggered by the Chapter 11 Case (unless such provision has been irrevocably waived); or (v) is specifically designated as a contract or lease to be assumed in the Plan or the Plan Supplement, on the Confirmation Date, each Executory Contract and Unexpired Lease shall be deemed rejected pursuant to section 365 of the Bankruptcy Code, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease is listed in the Plan Supplement.

At any time on or prior to the Confirmation Date, the Debtor may (i) amend the Plan Supplement in order to add or remove a contract or lease from the list of contracts to be assumed or (ii) assign (subject to applicable law) any Executory Contract or Unexpired Lease, as determined by the Debtor in consultation with the Committee, or the Reorganized Debtor, as applicable.

The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions, rejections, and assumptions and assignments.  Except as otherwise provided herein or agreed to by the Debtor and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto.  Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.  To the extent applicable, no change of control (or similar provision) will be deemed to occur under any such Executory Contract or Unexpired Lease.

If certain, but not all, of a contract counterparty's Executory Contracts and/or Unexpired Leases are rejected pursuant to the Plan, the Confirmation Order shall be a determination that such counterparty's Executory Contracts and/or Unexpired Leases that are being assumed pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and/or Unexpired Leases that are being rejected pursuant to the Plan.  Parties seeking to contest this finding with respect to their Executory Contracts and/or Unexpired Leases must file a timely objection to the Plan on the grounds that their agreements are integrated and not severable, and any such dispute shall be resolved by the Bankruptcy Court at the Confirmation Hearing (to the extent not resolved by the parties prior to the Confirmation Hearing).

Notwithstanding anything herein to the contrary, the Debtor shall assume or reject that certain real property lease with Crescent TC Investors L.P. ("Landlord") for the Debtor's headquarters located at 200/300 Crescent Ct., Suite #700, Dallas, Texas 75201 (the "Lease") in accordance with the notice to Landlord, procedures and timing required by 11 U.S.C. §365(d)(4),

000298

as modified by that certain *Agreed Order Granting Motion to Extend Time to Assume or Reject Unexpired Nonresidential Real Property Lease* [Docket No. 1122].

**B.**     **Claims Based on Rejection of Executory Contracts or Unexpired Leases**

Any Executory Contract or Unexpired Lease not assumed or rejected on or before the Confirmation Date shall be deemed rejected, pursuant to the Confirmation Order. Any Person asserting a Rejection Claim shall File a proof of claim within thirty days of the Confirmation Date. Any Rejection Claims that are not timely Filed pursuant to this Plan shall be forever disallowed and barred. If one or more Rejection Claims are timely Filed, the Claimant Trustee may File an objection to any Rejection Claim.

Rejection Claims shall be classified as General Unsecured Claims and shall be treated in accordance with ARTICLE III of this Plan.

**C.**     **Cure of Defaults for Assumed or Assigned Executory Contracts and Unexpired Leases**

Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed or assigned hereunder is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtor upon assumption or assignment thereof, by payment of the default amount in Cash as and when due in the ordinary course or on such other terms as the parties to such Executory Contracts may otherwise agree. The Debtor may serve a notice on the Committee and parties to Executory Contracts or Unexpired Leases to be assumed or assigned reflecting the Debtor's or Reorganized Debtor's intention to assume or assign the Executory Contract or Unexpired Lease in connection with this Plan and setting forth the proposed cure amount (if any).

If a dispute regarding (1) the amount of any payments to cure a default, (2) the ability of the Debtor, the Reorganized Debtor, or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or assigned or (3) any other matter pertaining to assumption or assignment, the cure payments required by section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order or orders resolving the dispute and approving the assumption or assignment.

Assumption or assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and full payment of any applicable cure amounts pursuant to this ARTICLE V.C shall result in the full release and satisfaction of any cure amounts, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed or assigned Executory Contract or Unexpired Lease at any time prior to the effective date of assumption or assignment. Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed or assigned in the Chapter 11 Case, including pursuant to the Confirmation Order, and for which any cure amounts have been fully paid pursuant to this ARTICLE V.C, shall be deemed disallowed and expunged as of the Confirmation Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.

000299

Case 19-34054-sgj11 Doc 1943 Filed 02/22/21 Entered 02/22/21 16:48:16 Page 136 of
160
Case 3:21-cv-00538-N Document 26-1 Filed 06/09/21 Page 310 of 648 PageID 2997

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

**A.**     **Dates of Distributions**

Except as otherwise provided in this Plan, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim or Equity Interest on the Effective Date, on the date that such Claim or Equity Interest becomes an Allowed Claim or Equity Interest, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim or Equity Interest against the Debtor shall receive the full amount of the distributions that this Plan provides for Allowed Claims or Allowed Equity Interests in the applicable Class and in the manner provided herein. If any payment or act under this Plan is required to be made or performed on a date that is not on a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date. If and to the extent there are Disputed Claims or Equity Interests, distributions on account of any such Disputed Claims or Equity Interests shall be made pursuant to the provisions provided in this Plan. Except as otherwise provided in this Plan, Holders of Claims and Equity Interests shall not be entitled to interest, dividends or accruals on the distributions provided for therein, regardless of whether distributions are delivered on or at any time after the Effective Date.

Upon the Effective Date, all Claims and Equity Interests against the Debtor shall be deemed fixed and adjusted pursuant to this Plan and none of the Debtor, the Reorganized Debtor, or the Claimant Trust will have liability on account of any Claims or Equity Interests except as set forth in this Plan and in the Confirmation Order. All payments and all distributions made by the Distribution Agent under this Plan shall be in full and final satisfaction, settlement and release of all Claims and Equity Interests against the Debtor and the Reorganized Debtor.

At the close of business on the Distribution Record Date, the transfer ledgers for the Claims against the Debtor and the Equity Interests in the Debtor shall be closed, and there shall be no further changes in the record holders of such Claims and Equity Interests. The Debtor, the Reorganized Debtor, the Trustees, and the Distribution Agent, and each of their respective agents, successors, and assigns shall have no obligation to recognize the transfer of any Claims against the Debtor or Equity Interests in the Debtor occurring after the Distribution Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date irrespective of the number of distributions to be made under this Plan to such Persons or the date of such distributions.

**B.**     **Distribution Agent**

Except as provided herein, all distributions under this Plan shall be made by the Claimant Trustee, as Distribution Agent, or by such other Entity designated by the Claimant Trustee, as a Distribution Agent on the Effective Date or thereafter. The Reorganized Debtor will be the Distribution Agent with respect to Claims in Class 1 through Class 7.

000300

The Claimant Trustee, or such other Entity designated by the Claimant Trustee to be the Distribution Agent, shall not be required to give any bond or surety or other security for the performance of such Distribution Agent's duties unless otherwise ordered by the Bankruptcy Court.

The Distribution Agent shall be empowered to (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under this Plan; (b) make all distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Distribution Agent by order of the Bankruptcy Court, pursuant to this Plan, or as deemed by the Distribution Agent to be necessary and proper to implement the provisions hereof.

The Distribution Agent shall not have any obligation to make a particular distribution to a specific Holder of an Allowed Claim if such Holder is also the Holder of a Disputed Claim.

**C.**   **Cash Distributions**

Distributions of Cash may be made by wire transfer from a domestic bank, except that Cash payments made to foreign creditors may be made in such funds and by such means as the Distribution Agent determines are necessary or customary in a particular foreign jurisdiction.

**D.**   **Disputed Claims Reserve**

On or prior to the Initial Distribution Date, the Claimant Trustee shall establish, fund and maintain the Disputed Claims Reserve(s) in the appropriate Disputed Claims Reserve Amounts on account of any Disputed Claims.

**E.**   **Distributions from the Disputed Claims Reserve**

The Disputed Claims Reserve shall at all times hold Cash in an amount no less than the Disputed Claims Reserve Amount. To the extent a Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, within 30 days of the date on which such Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, the Claimant Trustee shall distribute from the Disputed Claims Reserve to the Holder thereof any prior distributions, in Cash, that would have been made to such Allowed Claim if it had been Allowed as of the Effective Date. For the avoidance of doubt, each Holder of a Disputed Claim that subsequently becomes an Allowed Claim will also receive its Pro Rata share of the Claimant Trust Interests. If, upon the resolution of all Disputed Claims any Cash remains in the Disputed Claims Reserve, such Cash shall be transferred to the Claimant Trust and be deemed a Claimant Trust Asset.

**F.**   **Rounding of Payments**

Whenever this Plan would otherwise call for, with respect to a particular Person, payment of a fraction of a dollar, the actual payment or distribution shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down. To the extent that Cash to be distributed under this Plan remains undistributed as a result of the aforementioned rounding, such Cash or stock shall be treated as "Unclaimed Property" under this Plan.

000301

## G. *De Minimis* Distribution

Except as to any Allowed Claim that is Unimpaired under this Plan, none of the Debtor, the Reorganized Debtor, or the Distribution Agent shall have any obligation to make any Plan Distributions with a value of less than $100, unless a written request therefor is received by the Distribution Agent from the relevant recipient at the addresses set forth in ARTICLE VI.J hereof within 120 days after the later of the (i) Effective Date and (ii) the date such Claim becomes an Allowed Claim. *De minimis* distributions for which no such request is timely received shall revert to the Claimant Trust. Upon such reversion, the relevant Allowed Claim (and any Claim on account of missed distributions) shall be automatically deemed satisfied, discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary.

## H. Distributions on Account of Allowed Claims

Except as otherwise agreed by the Holder of a particular Claim or as provided in this Plan, all distributions shall be made pursuant to the terms of this Plan and the Confirmation Order. Except as otherwise provided in this Plan, distributions to any Holder of an Allowed Claim shall, to the extent applicable, be allocated first to the principal amount of any such Allowed Claim, as determined for U.S. federal income tax purposes and then, to the extent the consideration exceeds such amount, to the remainder of such Claim comprising accrued but unpaid interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

## I. General Distribution Procedures

The Distribution Agent shall make all distributions of Cash or other property required under this Plan, unless this Plan specifically provides otherwise. All Cash and other property held by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, for ultimate distribution under this Plan shall not be subject to any claim by any Person.

## J. Address for Delivery of Distributions

Distributions to Holders of Allowed Claims, to the extent provided for under this Plan, shall be made (1) at the addresses set forth in any written notices of address change delivered to the Debtor and the Distribution Agent; (2) at the address set forth on any Proofs of Claim Filed by such Holders (to the extent such Proofs of Claim are Filed in the Chapter 11 Case), (2), or (3) at the addresses in the Debtor's books and records.

If there is any conflict or discrepancy between the addresses set forth in (1) through (3) in the foregoing sentence, then (i) the address in Section (2) shall control; (ii) if (2) does not apply, the address in (1) shall control, and (iii) if (1) does not apply, the address in (3) shall control.

## K. Undeliverable Distributions and Unclaimed Property

If the distribution to the Holder of any Allowed Claim is returned to the Reorganized Debtor or the Claimant Trust as undeliverable, no further distribution shall be made to such Holder, and Distribution Agent shall not have any obligation to make any further distribution to the Holder, unless and until the Distribution Agent is notified in writing of such Holder's then current address.

000302

Any Entity that fails to claim any Cash within six months from the date upon which a distribution is first made to such Entity shall forfeit all rights to any distribution under this Plan and such Cash shall thereafter be deemed an Claimant Trust Asset in all respects and for all purposes. Entities that fail to claim Cash shall forfeit their rights thereto and shall have no claim whatsoever against the Debtor's Estate, the Reorganized Debtor, the Claimant Trust, or against any Holder of an Allowed Claim to whom distributions are made by the Distribution Agent.

**L.     Withholding Taxes**

In connection with this Plan, to the extent applicable, the Distribution Agent shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions made pursuant to this Plan shall be subject to such withholding and reporting requirements. The Distribution Agent shall be entitled to deduct any U.S. federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims, as appropriate. As a condition to receiving any distribution under this Plan, the Distribution Agent may require that the Holder of an Allowed Claim entitled to receive a distribution pursuant to this Plan provide such Holder's taxpayer identification number and such other information and certification as may be deemed necessary for the Distribution Agent to comply with applicable tax reporting and withholding laws. If a Holder fails to comply with such a request within one year, such distribution shall be deemed an unclaimed distribution. Any amounts withheld pursuant hereto shall be deemed to have been distributed to and received by the applicable recipient for all purposes of this Plan.

**M.     Setoffs**

The Distribution Agent may, to the extent permitted under applicable law, set off against any Allowed Claim and any distributions to be made pursuant to this Plan on account of such Allowed Claim, the claims, rights and causes of action of any nature that the Debtor, the Reorganized Debtor, or the Distribution Agent may hold against the Holder of such Allowed Claim that are not otherwise waived, released or compromised in accordance with this Plan; *provided, however*, that neither such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor, the Reorganized Debtor, or the Claimant Trustee of any such claims, rights and causes of action that the Debtor, the Reorganized Debtor, or Claimant Trustee possesses against such Holder. Any Holder of an Allowed Claim subject to such setoff reserves the right to challenge any such setoff in the Bankruptcy Court or any other court with jurisdiction with respect to such challenge.

**N.     Surrender of Cancelled Instruments or Securities**

As a condition precedent to receiving any distribution pursuant to this Plan on account of an Allowed Claim evidenced by negotiable instruments, securities, or notes canceled pursuant to ARTICLE IV of this Plan, the Holder of such Claim will tender the applicable negotiable instruments, securities, or notes evidencing such Claim (or a sworn affidavit identifying the negotiable instruments, securities, or notes formerly held by such Holder and certifying that they have been lost), to the Distribution Agent unless waived in writing by the Distribution Agent.

000303

**O.**     **Lost, Stolen, Mutilated or Destroyed Securities**

In addition to any requirements under any applicable agreement and applicable law, any Holder of a Claim or Equity Interest evidenced by a security or note that has been lost, stolen, mutilated, or destroyed will, in lieu of surrendering such security or note to the extent required by this Plan, deliver to the Distribution Agent: (i) evidence reasonably satisfactory to the Distribution Agent of such loss, theft, mutilation, or destruction; and (ii) such security or indemnity as may be required by the Distribution Agent to hold such party harmless from any damages, liabilities, or costs incurred in treating such individual as a Holder of an Allowed Claim or Equity Interest. Upon compliance with ARTICLE VI.O of this Plan as determined by the Distribution Agent, by a Holder of a Claim evidenced by a security or note, such Holder will, for all purposes under this Plan, be deemed to have surrendered such security or note to the Distribution Agent.

**ARTICLE VII.**
**PROCEDURES FOR RESOLVING CONTINGENT,**
**UNLIQUIDATED AND DISPUTED CLAIMS**

**A.**     **Filing of Proofs of Claim**

Unless such Claim appeared in the Schedules and is not listed as disputed, contingent, or unliquidated, or such Claim has otherwise been Allowed or paid, each Holder of a Claim was required to file a Proof of Claim on or prior to the Bar Date.

**B.**     **Disputed Claims**

Following the Effective Date, each of the Reorganized Debtor or the Claimant Trustee, as applicable, may File with the Bankruptcy Court an objection to the allowance of any Disputed Claim or Disputed Equity Interest, request the Bankruptcy Court subordinate any Claims to Subordinated Claims, or any other appropriate motion or adversary proceeding with respect to the foregoing by the Claims Objection Deadline or, at the discretion of the Reorganized Debtor or Claimant Trustee, as applicable, compromised, settled, withdrew or resolved without further order of the Bankruptcy Court, and (ii) unless otherwise provided in the Confirmation Order, the Reorganized Debtor or the Claimant Trust, as applicable, are authorized to settle, or withdraw any objections to, any Disputed Claim or Disputed Equity Interests following the Effective Date without further notice to creditors (other than the Entity holding such Disputed Claim or Disputed Equity Interest) or authorization of the Bankruptcy Court, in which event such Claim or Equity Interest shall be deemed to be an Allowed Claim or Equity Interest in the amount compromised for purposes of this Plan.

**C.**     **Procedures Regarding Disputed Claims or Disputed Equity Interests**

No payment or other distribution or treatment shall be made on account of a Disputed Claim or Disputed Equity Interest unless and until such Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interests and the amount of such Allowed Claim or Equity Interest, as applicable, is determined by order of the Bankruptcy Court or by stipulation between the Reorganized Debtor or Claimant Trust, as applicable, and the Holder of the Claim or Equity Interest.

000304

**D.**  **Allowance of Claims and Equity Interests**

Following the date on which a Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interest after the Distribution Date, the Distribution Agent shall make a distribution to the Holder of such Allowed Claim or Equity Interest in accordance with the Plan.

1.  *Allowance of Claims*

After the Effective Date and subject to the other provisions of this Plan, the Reorganized Debtor or the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Claim. Except as expressly provided in this Plan or in any order entered in the Chapter 11 Case prior to the Effective Date (including, without limitation, the Confirmation Order), no Claim or Equity Interest will become an Allowed Claim or Equity Interest unless and until such Claim or Equity Interest is deemed Allowed under this Plan or the Bankruptcy Code or the Bankruptcy Court has entered an order, including, without limitation, the Confirmation Order, in the Chapter 11 Case allowing such Claim or Equity Interest.

2.  *Estimation*

Subject to the other provisions of this Plan, the Debtor, prior to the Effective Date, and the Reorganized Debtor or the Claimant Trustee, as applicable, after the Effective Date, may, at any time, request that the Bankruptcy Court estimate (a) any Disputed Claim or Disputed Equity Interest pursuant to applicable law and in accordance with this Plan and (b) any contingent or unliquidated Claim pursuant to applicable law, including, without limitation, section 502(c) of the Bankruptcy Code, and the Bankruptcy Court will retain jurisdiction under 28 U.S.C. §§ 157 and 1334 to estimate any Disputed Claim or Disputed Equity Interest, contingent Claim or unliquidated Claim, including during the litigation concerning any objection to any Claim or Equity Interest or during the pendency of any appeal relating to any such objection.  All of the aforementioned objection, estimation and resolution procedures are cumulative and not exclusive of one another. Claims or Equity Interests may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.  The rights and objections of all parties are reserved in connection with any such estimation proceeding.

3.  *Disallowance of Claims*

Any Claims or Equity Interests held by Entities from which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, or that are a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and holders of such Claims or Interests may not receive any distributions on account of such Claims or Interests until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court Order with respect thereto has been entered and all sums due, if any, to the Reorganized Debtor or the Claimant Trust, as applicable, by that Entity have been turned over or paid to the Reorganized Debtor or the Claimant Trust, as applicable.

**EXCEPT AS OTHERWISE PROVIDED HEREIN OR AS AGREED TO BY THE DEBTOR, REORGANIZED DEBTOR, OR CLAIMANT TRUSTEE, AS APPLICABLE,**

**ANY AND ALL PROOFS OF CLAIM FILED AFTER THE BAR DATE SHALL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM HAS BEEN DEEMED TIMELY FILED BY A FINAL ORDER.**

**ARTICLE VIII.**
**EFFECTIVENESS OF THIS PLAN**

**A.**    **Conditions Precedent to the Effective Date**

The Effective Date of this Plan will be conditioned upon the satisfaction or waiver by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee with such consent not to be unreasonably withheld), pursuant to the provisions of ARTICLE VIII.B of this Plan of the following:

- This Plan and the Plan Documents, including the Claimant Trust Agreement and the Reorganized Limited Partnership Agreement, and all schedules, documents, supplements and exhibits to this Plan shall have been Filed in form and substance reasonably acceptable to the Debtor and the Committee.

- The Confirmation Order shall have become a Final Order and shall be in form and substance reasonably acceptable to the Debtor and the Committee. The Confirmation Order shall provide that, among other things, (i) the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee are authorized to take all actions necessary or appropriate to effectuate and consummate this Plan, including, without limitation, (a) entering into, implementing, effectuating, and consummating the contracts, instruments, releases, and other agreements or documents created in connection with or described in this Plan, (b) assuming the Executory Contracts and Unexpired Leases set forth in the Plan Supplement, (c) making all distributions and issuances as required under this Plan; and (d) entering into any transactions as set forth in the Plan Documents; (ii) the provisions of the Confirmation Order and this Plan are nonseverable and mutually dependent; (iii) the implementation of this Plan in accordance with its terms is authorized; (iv) pursuant to section 1146 of the Bankruptcy Code, the delivery of any deed or other instrument or transfer order, in furtherance of, or in connection with this Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition or transfer of Assets contemplated under this Plan, shall not be subject to any Stamp or Similar Tax; and (v) the vesting of the Claimant Trust Assets in the Claimant Trust and the Reorganized Debtor Assets in the Reorganized Debtor, in each case as of the Effective Date free and clear of liens and claims to the fullest extent permissible under applicable law pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

- All documents and agreements necessary to implement this Plan, including without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust

45

Agreement, and the New GP LLC Documents, in each case in form and substance reasonably acceptable to the Debtor and the Committee, shall have (a) been tendered for delivery, and (b) been effected by, executed by, or otherwise deemed binding upon, all Entities party thereto and shall be in full force and effect. All conditions precedent to such documents and agreements shall have been satisfied or waived pursuant to the terms of such documents or agreements.

- All authorizations, consents, actions, documents, approvals (including any governmental approvals), certificates and agreements necessary to implement this Plan, including, without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust Agreement, and the New GP LLC Documents, shall have been obtained, effected or executed and delivered to the required parties and, to the extent required, filed with the applicable governmental units in accordance with applicable laws and any applicable waiting periods shall have expired without any action being taken or threatened by any competent authority that would restrain or prevent effectiveness or consummation of the Restructuring.

- The Debtor shall have obtained applicable directors' and officers' insurance coverage that is acceptable to each of the Debtor, the Committee, the Claimant Trust Oversight Committee, the Claimant Trustee and the Litigation Trustee.

- The Professional Fee Reserve shall be funded pursuant to this Plan in an amount determined by the Debtor in good faith.

## B.  Waiver of Conditions

The conditions to effectiveness of this Plan set forth in this ARTICLE VIII (other than that the Confirmation Order shall have been entered) may be waived in whole or in part by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee), without notice, leave or order of the Bankruptcy Court or any formal action other than proceeding to confirm or effectuate this Plan. The failure to satisfy or waive a condition to the Effective Date may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such condition to be satisfied. The failure of the Debtor to exercise any of the foregoing rights will not be deemed a waiver of any other rights, and each right will be deemed an ongoing right that may be asserted at any time by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable.

## C.  Dissolution of the Committee

On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on

000307

the Effective Date or filed and served after the Effective Date pursuant to the Plan. Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's Professionals to represent either of the Trustees or to be compensated or reimbursed per the Plan and the Claimant Trust Agreement in connection with such representation.

## ARTICLE IX.
## EXCULPATION, INJUNCTION AND RELATED PROVISIONS

### A.    General

Notwithstanding anything contained in the Plan to the contrary, the allowance, classification and treatment of all Allowed Claims and Equity Interests and their respective distributions and treatments under the Plan shall take into account the relative priority and rights of the Claims and the Equity Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

### B.    Discharge of Claims

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to this Plan on account of such Claims or Equity Interests. Except as otherwise expressly provided by this Plan or the Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

### C.    Exculpation

Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); *provided*, *however,* the foregoing

47

will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

**D.**     **Releases by the Debtor**

On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, including, but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release: (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.

Notwithstanding anything herein to the contrary, any release provided pursuant to this ARTICLE IX.D (i) with respect to a Senior Employee, is conditioned in all respects on (a) such Senior Employee executing a Senior Employee Stipulation on or prior to the Effective Date and (b) the reduction of such Senior Employee's Allowed Claim as set forth in the Senior Employee Stipulation (such amount, the "Reduced Employee Claim"), and (ii) with respect to any Employee, including a Senior Employee, shall be deemed null and void and of no force and effect (1) if there is more than one member of the Claimant Trust Oversight Committee who does not represent entities holding a Disputed or Allowed Claim (the "Independent Members"), the Claimant Trustee and the Independent Members by majority vote determine or (2) if there is only one Independent Member, the Independent Member after discussion with the Claimant Trustee, determines (in each case after discussing with the full Claimant Trust Oversight Committee) that such Employee (regardless of whether the Employee is then currently employed by the Debtor, the Reorganized Debtor, or the Claimant Trustee):

- sues, attempts to sue, or threatens or works with or assists any entity or person to sue, attempt to sue, or threaten the Reorganized Debtor, the Claimant Trust, the Litigation

000309

Sub-Trust, or any of their respective employees or agents, or any Released Party on or in connection with any claim or cause of action arising prior to the Effective Date,

- has taken any action that, impairs or harms the value of the Claimant Trust Assets or the Reorganized Debtor Assets, or

- (x) upon the request of the Claimant Trustee, has failed to provide reasonable assistance in good faith to the Claimant Trustee or the Reorganized Debtor with respect to (1) the monetization of the Claimant Trust Assets or Reorganized Debtor Assets, as applicable, or (2) the resolution of Claims, or (y) has taken any action that impedes or frustrates the Claimant Trustee or the Reorganized Debtor with respect to any of the foregoing.

*Provided, however,* that the release provided pursuant to this ARTICLE IX.D will vest and the Employee will be indefeasibly released pursuant to this ARTICLE IX.D if such Employee's release has not been deemed null and void and of no force and effect on or prior to the date that is the date of dissolution of the Claimant Trust pursuant to the Claimant Trust Agreement.

By executing the Senior Employee Stipulation embodying this release, each Senior Employee acknowledges and agrees, without limitation, to the terms of this release and the tolling agreement contained in the Senior Employee Stipulation.

The provisions of this release and the execution of a Senior Employee Stipulation will not in any way prevent or limit any Employee from (i) prosecuting its Claims, if any, against the Debtor's Estate, (ii) defending him or herself against any claims or causes of action brought against the Employee by a third party, or (iii) assisting other persons in defending themselves from any Estate Claims brought by the Litigation Trustee (but only with respect to Estate Claims brought by the Litigation Trustee and not collection or other actions brought by the Claimant Trustee).

**E.** **Preservation of Rights of Action**

1. *Maintenance of Causes of Action*

Except as otherwise provided in this Plan, after the Effective Date, the Reorganized Debtor or the Claimant Trust will retain all rights to commence, pursue, litigate or settle, as appropriate, any and all Causes of Action included in the Reorganized Debtor Assets or Claimant Trust Assets, as applicable, whether existing as of the Petition Date or thereafter arising, in any court or other tribunal including, without limitation, in an adversary proceeding Filed in the Chapter 11 Case and, as the successors in interest to the Debtor and the Estate, may, and will have the exclusive right to, enforce, sue on, settle, compromise, transfer or assign (or decline to do any of the foregoing) any or all of the Causes of Action without notice to or approval from the Bankruptcy Court.

2. *Preservation of All Causes of Action Not Expressly Settled or Released*

Unless a Cause of Action against a Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released, compromised or settled in this Plan or any Final Order (including, without limitation, the Confirmation Order), such Cause of Action is expressly reserved for later adjudication by the Reorganized Debtor or Claimant Trust, as applicable (including,

without limitation, Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as a consequence of the confirmation, effectiveness, or consummation of this Plan based on the Disclosure Statement, this Plan or the Confirmation Order, except where such Causes of Action have been expressly released in this Plan or any other Final Order (including, without limitation, the Confirmation Order). In addition, the right of the Reorganized Debtor or the Claimant Trust to pursue or adopt any claims alleged in any lawsuit in which the Debtor is a plaintiff, defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, is expressly reserved.

**F.     Injunction**

**Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan.**

**Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

**The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property.**

**Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court**

000311

**(i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; *provided, however,* the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.**

**G.**    **Duration of Injunctions and Stays**

     **ARTICLE II. Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, (i) all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect subject to Section 362(c) of the Bankruptcy Code, and to the extent necessary if the Debtor does not receive a discharge, the Court will enter an equivalent order under Section 105.**

**H.**    **Continuance of January 9 Order**

     Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, the restrictions set forth in paragraphs 9 and 10 of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course*, entered by the Bankruptcy Court on January 9, 2020 [D.I. 339] shall remain in full force and effect following the Effective Date.

## ARTICLE X.
## BINDING NATURE OF PLAN

     On the Effective Date, and effective as of the Effective Date, the Plan, including, without limitation, the provisions in ARTICLE IX, will bind, and will be deemed binding upon, all Holders of Claims against and Equity Interests in the Debtor and such Holder's respective successors and assigns, to the maximum extent permitted by applicable law, notwithstanding whether or not such Holder will receive or retain any property or interest in property under the Plan.  All Claims and Debts shall be fixed and adjusted pursuant to this Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, Governmental Unit or parish in which any instrument related to the Plan or related to any transaction contemplated thereby is to be recorded with respect to nay taxes of the kind specified in Bankruptcy Code section 1146(a).

000312

## ARTICLE XI.
## RETENTION OF JURISDICTION

Pursuant to sections 105 and 1142 of the Bankruptcy Code and notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Entities with respect to all matters related to the Chapter 11 Case, the Reorganized Debtor, the Claimant Trust, and this Plan to the maximum extent legally permissible, including, without limitation, jurisdiction to:

- allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured, unsecured, or subordinated status of any Claim or Equity Interest, including, without limitation, the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of any Claim or Equity Interest;

- grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan, for periods ending on or before the Effective Date; *provided*, *however*, that, from and after the Effective Date, the Reorganized Debtor shall pay Professionals in the ordinary course of business for any work performed after the Effective Date subject to the terms of this Plan and the Confirmation Order, and such payment shall not be subject to the approval of the Bankruptcy Court;

- resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which the Debtor is party or with respect to which the Debtor, Reorganized Debtor, or Claimant Trust may be liable and to adjudicate and, if necessary, liquidate, any Claims arising therefrom, including, without limitation, any dispute regarding whether a contract or lease is or was executory or expired;

- make any determination with respect to a claim or cause of action against a Protected Party as set forth in ARTICLE IX;

- resolve any claim or cause of action against an Exculpated Party or Protected Party arising from or related to the Chapter 11 Case, the negotiation of this Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, or the transactions in furtherance of the foregoing;

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any sale, disposition, assignment or other transfer of the Reorganized Debtor Assets or Claimant Trust Assets, including any break-up compensation or expense reimbursement that may be requested by a purchaser thereof; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

000313

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any borrowing or the incurrence of indebtedness, whether secured or unsecured by the Reorganized Debtor or Claimant Trust; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

- resolve any issues related to any matters adjudicated in the Chapter 11 Case;

- ensure that distributions to Holders of Allowed Claims and Allowed Equity Interests are accomplished pursuant to the provisions of this Plan;

- decide or resolve any motions, adversary proceedings, contested or litigated matters and any other Causes of Action (including Estate Claims) that are pending as of the Effective Date or that may be commenced in the future, including approval of any settlements, compromises, or other resolutions as may be requested by the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee whether under Bankruptcy Rule 9019 or otherwise, and grant or deny any applications involving the Debtor that may be pending on the Effective Date or instituted by the Reorganized Debtor, the Claimant Trustee, or Litigation Trustee after the Effective Date, provided that the Reorganized Debtor, the Claimant Trustee, and the Litigation Trustee shall reserve the right to commence actions in all appropriate forums and jurisdictions;

- enter such orders as may be necessary or appropriate to implement, effectuate, or consummate the provisions of this Plan, the Plan Documents, and all other contracts, instruments, releases, and other agreements or documents adopted in connection with this Plan, the Plan Documents, or the Disclosure Statement;

- resolve any cases, controversies, suits or disputes that may arise in connection with the implementation, effectiveness, consummation, interpretation, or enforcement of this Plan or any Entity's obligations incurred in connection with this Plan;

- issue injunctions and enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, effectiveness, consummation, or enforcement of this Plan, except as otherwise provided in this Plan;

- enforce the terms and conditions of this Plan and the Confirmation Order;

- resolve any cases, controversies, suits or disputes with respect to the release, exculpation, indemnification, and other provisions contained herein and enter such orders or take such others actions as may be necessary or appropriate to implement or enforce all such releases, injunctions and other provisions;

- enter and implement such orders or take such others actions as may be necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

000314

- resolve any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, the Plan Documents, or any contract, instrument, release, indenture or other agreement or document adopted in connection with this Plan or the Disclosure Statement; and

- enter an order concluding or closing the Chapter 11 Case after the Effective Date.

**ARTICLE XII.**
**MISCELLANEOUS PROVISIONS**

**A.**     **Payment of Statutory Fees and Filing of Reports**

All outstanding Statutory Fees shall be paid on the Effective Date. All such fees payable, and all such fees that become due and payable, after the Effective Date shall be paid by the Reorganized Debtor when due or as soon thereafter as practicable until the Chapter 11 Case is closed, converted, or dismissed. The Claimant Trustee shall File all quarterly reports due prior to the Effective Date when they become due, in a form reasonably acceptable to the U.S. Trustee. After the Effective Date, the Claimant Trustee shall File with the Bankruptcy Court quarterly reports when they become due, in a form reasonably acceptable to the U.S. Trustee. The Reorganized Debtor shall remain obligated to pay Statutory Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

**B.**     **Modification of Plan**

Effective as of the date hereof and subject to the limitations and rights contained in this Plan: (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan prior to the entry of the Confirmation Order with the consent of the Committee, such consent not to be unreasonably withheld; and (b) after the entry of the Confirmation Order, the Debtor may, after notice and hearing and entry of an order of the Bankruptcy Court, amend or modify this Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan.

**C.**     **Revocation of Plan**

The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date and to File a subsequent chapter 11 plan with the consent of the Committee. If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, then: (i) this Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in this Plan, assumption of Executory Contracts or Unexpired Leases effected by this Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Bankruptcy Court; and (iii) nothing contained in this Plan shall: (a) constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor or any other Entity; (b) prejudice in any manner the rights of the Debtor or any other Entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor or any other Entity.

**D.**    <u>**Obligations Not Changed**</u>

Notwithstanding anything in this Plan to the contrary, nothing herein will affect or otherwise limit or release any non-Debtor Entity's (including any Exculpated Party's) duties or obligations, including any contractual and indemnification obligations, to the Debtor, the Reorganized Debtor, or any other Entity whether arising under contract, statute, or otherwise.

**E.**    <u>**Entire Agreement**</u>

Except as otherwise described herein, this Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

**F.**    <u>**Closing of Chapter 11 Case**</u>

The Claimant Trustee shall, after the Effective Date and promptly after the full administration of the Chapter 11 Case, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Case.

**G.**    <u>**Successors and Assigns**</u>

This Plan shall be binding upon and inure to the benefit of the Debtor and its successors and assigns, including, without limitation, the Reorganized Debtor and the Claimant Trustee. The rights, benefits, and obligations of any Person or Entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such Person or Entity.

**H.**    <u>**Reservation of Rights**</u>

Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the Effective Date occurs. Neither the filing of this Plan, any statement or provision contained herein, nor the taking of any action by the Debtor, the Reorganized Debtor, the Claimant Trustee, or any other Entity with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtor, the Reorganized Debtor, or the Claimant Trustee with respect to the Holders of Claims or Equity Interests or other Entity; or (2) any Holder of a Claim or an Equity Interest or other Entity prior to the Effective Date.

Neither the exclusion or inclusion by the Debtor of any contract or lease on any exhibit, schedule, or other annex to this Plan or in the Plan Documents, nor anything contained in this Plan, will constitute an admission by the Debtor that any such contract or lease is or is not an executory contract or lease or that the Debtor, the Reorganized Debtor, the Claimant Trustee, or their respective Affiliates has any liability thereunder.

Except as explicitly provided in this Plan, nothing herein shall waive, excuse, limit, diminish, or otherwise alter any of the defenses, claims, Causes of Action, or other rights of the

000316

Debtor, the Reorganized Debtor, or the Claimant Trustee under any executory or non-executory contract.

Nothing in this Plan will increase, augment, or add to any of the duties, obligations, responsibilities, or liabilities of the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, under any executory or non-executory contract or lease.

If there is a dispute regarding whether a contract or lease is or was executory at the time of its assumption under this Plan, the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, shall have thirty (30) days following entry of a Final Order resolving such dispute to alter their treatment of such contract.

## I.    Further Assurances

The Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, all Holders of Claims and Equity Interests receiving distributions hereunder, and all other Entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan or the Confirmation Order.  On or before the Effective Date, the Debtor shall File with the Bankruptcy Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

## J.    Severability

If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order will constitute a judicial determination and will provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## K.    Service of Documents

All notices, requests, and demands to or upon the Debtor, the Reorganized Debtor, or the Claimant Trustee to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered addressed as follows:

### If to the Claimant Trust:

Highland Claimant Trust
c/o Highland Capital Management, L.P.
300 Crescent Court, Suite 700

000317

Dallas, Texas 75201
Attention: James P. Seery, Jr.

**If to the Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: James P. Seery, Jr.

**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Attn:  Jeffrey N. Pomerantz, Esq.
        Ira D. Kharasch, Esq.
        Gregory V. Demo, Esq.

**If to the Reorganized Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: James P. Seery, Jr.
**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Attn:  Jeffrey N. Pomerantz, Esq.
        Ira D. Kharasch, Esq.
        Gregory V. Demo, Esq.

## L.  **Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code**

To the extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate federal, state or local governmental officials or agents or taxing authority to forego the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax or governmental assessment.  Such exemption specifically applies, without limitation, to (i) all actions, agreements and documents necessary to

57

evidence and implement the provisions of and the distributions to be made under this Plan; (ii) the maintenance or creation of security or any Lien as contemplated by this Plan; and (iii) assignments, sales, or transfers executed in connection with any transaction occurring under this Plan.

**M.**      **Governing Law**

Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of Texas, without giving effect to the principles of conflicts of law of such jurisdiction; *provided, however,* that corporate governance matters relating to the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trust, as applicable, shall be governed by the laws of the state of organization of the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trustee, as applicable.

**N.**      **Tax Reporting and Compliance**

The Debtor is hereby authorized to request an expedited determination under section 505(b) of the Bankruptcy Code of the tax liability of the Debtor is for all taxable periods ending after the Petition Date through, and including, the Effective Date.

**O.**      **Exhibits and Schedules**

All exhibits and schedules to this Plan, if any, including the Exhibits and the Plan Documents, are incorporated and are a part of this Plan as if set forth in full herein.

**P.**      **Controlling Document**

In the event of an inconsistency between this Plan and any other instrument or document created or executed pursuant to this Plan, or between this Plan and the Disclosure Statement, this Plan shall control. The provisions of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and of the Confirmation Order, on the other hand, shall be construed in a manner consistent with each other so as to effectuate the purposes of each; *provided, however*, that if there is determined to be any inconsistency between any provision of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and any provision of the Confirmation Order, on the other hand, that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall govern, and any such provisions of the Confirmation Order shall be deemed a modification of this Plan, the Disclosure Statement, and the Plan Documents, as applicable.

*[Remainder of Page Intentionally Blank]*

000319

Dated:  January 22, 2021

Respectfully submitted,

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By: _____
    James P. Seery, Jr.
    Chief Executive Officer and Chief Restructuring
    Officer

Prepared by:

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
       ikharasch@pszjlaw.com
       gdemo@pszjlaw.com

and

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com

*Counsel for the Debtor and Debtor-in-Possession*

000320

**Exhibit B**

**Schedule of CLO Management Agreements and Related Contracts to Be Assumed**

**Schedule of CLO Management Agreements and Related Contracts to Be Assumed**

1. Servicing Agreement, dated December 20, 2007, by and among Greenbriar CLO, Ltd., and Highland Capital Management, L.P.

2. Investment Management Agreement, dated November 1, 2007, by and between Longhorn Credit Funding, LLC, and Highland Capital Management, L.P. (as amended)

3. Reference Portfolio Management Agreement, dated August 1, 2016, by and between Highland Capital Management, L.P., and Valhalla CLO, Ltd.

4. Collateral Servicing Agreement, dated December 20, 2006, by and among Highland Park CDO I, Ltd., and Highland Capital Management, L.P.

5. Portfolio Management Agreement, dated March 15, 2005, by and among Southfork CLO Ltd., and Highland Capital Management, L.P.

6. Amended and Restated Portfolio Management Agreement, dated November 30, 2005, by and among Jaspar CLO Ltd., and Highland Capital Management, L.P.

7. Servicing Agreement, dated May 31, 2007, by and among Westchester CLO, Ltd., and Highland Capital Management, L.P.

8. Servicing Agreement, dated May 10, 2006, by and among Rockwall CDO Ltd. and Highland Capital Management, L.P. (as amended)

9. Portfolio Management Agreement, dated December 8, 2005, by and between Liberty CLO, Ltd., and Highland Capital Management, L.P.

10. Servicing Agreement, dated March 27, 2008, by and among Aberdeen Loan Funding, Ltd., and Highland Capital Management, L.P.

11. Servicing Agreement, dated May 9, 2007, by and among Rockwall CDO II Ltd. and Highland Capital Management, L.P.

12. Collateral Management Agreement, by and between, Highland Loan Funding V Ltd. and Highland Capital Management, L.P., dated August 1, 2001.

13. Collateral Management Agreement, dated August 18, 1999, by and between Highland Legacy Limited and Highland Capital Management, L.P.

14. Servicing Agreement, dated November 30, 2006, by and among Grayson CLO Ltd., and Highland Capital Management, L.P. (as amended)

15. Servicing Agreement, dated October 25, 2007, by and among Stratford CLO Ltd., and Highland Capital Management, L.P.

16. Servicing Agreement, dated August 3, 2006, by and among Red River CLO Ltd., and Highland Capital Management, L.P. (as amended)

17. Servicing Agreement, dated December 21, 2006, by and among Brentwood CLO, Ltd., and Highland Capital Management, L.P.

18. Servicing Agreement, dated March 13, 2007, by and among Eastland CLO Ltd., and Highland Capital Management, L.P.

19. Portfolio Management, Agreement, dated October 13, 2005, by and among Gleneagles CLO, Ltd., and Highland Capital Management, L.P.

20. Members' Agreement and Amendment, dated November 15, 2017, by and between Highland CLO Funding, Ltd. and Highland Capital Management, L.P.

21. Collateral Management Agreement, dated May 19, 1998, by and between Pam Capital Funding LP, Ranger Asset Mgt LP and Highland Capital Management, L.P.

22. Collateral Management Agreement, dated August 6, 1997, by and between Pamco Cayman Ltd., Ranger Asset Mgt LP and Highland Capital Management, L.P.

23. Amendment No. 1 to Servicing Agreement, October 2, 2007, between Highland Capital Management, L.P. and Red River CLO Ltd. et al

24. Interim Collateral Management Agreement, June 15, 2005, between Highland Capital Management, L.P. and Rockwall CDO Ltd

25. Amendment No. 1 to Servicing Agreement, October 2, 2007, between Highland Capital Management, L.P. and Rockwall CDO Ltd

26. Collateral Servicing Agreement dated December 20, 2006, between Highland Capital Management, L.P. and Highland Park CDO I, Ltd.; The Bank of New York Trust Company, National Association

27. Representations and Warranties Agreement, dated December 20, 2006, between Highland Capital Management, L.P. and Highland Park CDO I, Ltd.

28. Collateral Administration Agreement, dated March 27, 2008, between Highland Capital Management, L.P. and Aberdeen Loan Funding, Ltd.; State Street Bank and Trust Company

29. Collateral Administration Agreement, dated December 20, 2007, between Highland Capital Management, L.P. and Greenbriar CLO, Ltd.; State Street Bank and Trust Company

30. Collateral Acquisition Agreement, dated March 13, 2007, between Highland Capital Management, L.P. and Eastland CLO, Ltd

31. Collateral Administration Agreement, dated March 13, 2007, between Highland Capital Management, L.P. and Eastland CLO, Ltd. and Investors Bank and Trust Company

32. Collateral Administration Agreement, dated October 13, 2005, between Highland Capital Management, L.P. and Gleneagles CLO, Ltd.; JPMorgan Chase Bank, National Association

33. Collateral Acquisition Agreement, dated November 30, 2006, between Highland Capital Management, L.P. and Grayson CLO, Ltd.

34. Collateral Administration Agreement, dated November 30, 2006, between Highland Capital Management, L.P. and Grayson CLO, Ltd.; Investors Bank & Trust Company

35. Collateral Acquisition Agreement, dated August 3, 2006, between Highland Capital Management, L.P. and Red River CLO, Ltd.

DOCS_NY:42355.1 36027/002

36. Collateral Administration Agreement, dated August 3, 2006, between Highland Capital Management, L.P. and Red River CLO, Ltd.; U.S. Bank National Association

37. Master Warehousing and Participation Agreement, dated April 19, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Highland Special Opportunities Holding Company

38. Master Warehousing and Participation Agreement, dated February 2, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

39. Master Warehousing and Participation Agreement (Amendment No. 2), dated May 5, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

40. Master Warehousing and Participation Agreement (Amendment No. 1), dated April 12, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

41. Master Warehousing and Participation Agreement (Amendment No. 3), dated June 22, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

42. Master Warehousing and Participation Agreement (Amendment No. 4), dated July 17, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

43. Collateral Administration Agreement, dated February 2, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; U.S. Bank National Association; IXIS Financial Products Inc.

44. Collateral Administration Agreement, dated April 18, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Highland Special Opportunities Holding Company; U.S. Bank National Association

45. Master Participation Agreement, dated June 5, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Grand Central Asset Trust

46. A&R Asset Acquisition Agreement, dated July 18, 2001, between Highland Capital Management, L.P. and Salomon Smith Barney Inc.; Highland Loan Funding V Ltd.

47. A&R Master Participation Agreement, dated July 18, 2001, between Highland Capital Management, L.P. and Salomon Brothers Holding Company; Highland Loan Funding V Ltd.

48. Collateral Acquisition Agreement, dated June 29, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd.

49. Collateral Administration Agreement, dated June 29, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd.; JPMorgan Chase Bank, National Association

50. Master Warehousing and Participation Agreement, dated March 24, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd; MMP-5 Funding, LLC; and IXIS Financial Products Inc.

3

000324

51.     Master Warehousing and Participation Agreement (Amendment No. 1), dated May 16, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd; MMP-5 Funding, LLC; and IXIS Financial Products Inc.

52.     Collateral Administration Agreement, dated December 8, 2005, between Highland Capital Management, L.P. and Liberty CLO Ltd.

53.     Collateral Administration Agreement, dated May 10, 2006, between Highland Capital Management, L.P. and Rockwall CDO Ltd; JPMorgan Chase Bank, National Association

54.     Collateral Administration Agreement, dated May 9, 2007, between Highland Capital Management, L.P. and Rockwall CDO II, Ltd.; Investors Bank & Trust Company

55.     Collateral Administration Agreement, dated March 15, 2005, between Highland Capital Management, L.P. and Southfork CLO Ltd.; JPMorgan Chase Bank, National Association

56.     Collateral Administration Agreement, dated October 25, 2007, between Highland Capital Management, L.P. and Stratford CLO Ltd.; State Street

57.     Collateral Administration Agreement, dated August 18, 2004, between Highland Capital Management, L.P. and Valhalla CLO, Ltd.; JPMorgan Chase Bank

58.     Collateral Acquisition Agreement, dated May 31, 2007, between Highland Capital Management, L.P. and Westchester CLO, Ltd.

59.     Collateral Administration Agreement, dated May 31, 2007, between Highland Capital Management, L.P. and Westchester CLO, Ltd.; Investors Bank & Trust Company

60.     Collateral Administration Agreement, dated December 21, 2006, between Highland Capital Management, L.P. and Brentwood CLO, Ltd.; Investors Bank & Trust Company

DOCS_NY:42355.1 36027/002

SEALEDEXH, APPEAL, DirectAppeal, SealedDocument, FUNDS, TRANSIN, REFORM,
ClaimsAgent, EXHIBITS, COMPLEX

# U.S. Bankruptcy Court
## Northern District of Texas (Dallas)
### Bankruptcy Petition #: 19−34054−sgj11

| | |
|---|---|
| | *Date filed:* 10/16/2019 |
| *Assigned to:* Stacey G. Jernigan | *Date Plan Confirmed:* 02/22/2021 |
| Chapter 11 | *Date transferred:* 12/04/2019 |
| Voluntary | *Plan confirmed:* 02/22/2021 |
| Asset | *341 meeting:* 01/09/2020 |
| Show Previous Cases | *Deadline for filing claims:* 04/08/2020 |
| | *Deadline for filing claims (govt.):* 04/13/2020 |

**Debtor**
**Highland Capital Management, L.P.**
300 Crescent Court
Suite 700
Dallas, TX 75201
DALLAS−TX

represented by **Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755−7108
Fax : (972) 755−7108
Email: zannable@haywardfirm.com

**David Grant Crooks**
Fox Rothschild LLP
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
(972) 991−0889
Fax : (972) 404−0516
Email: dcrooks@foxrothschild.com

**Gregory V. Demo**
Pachulski Stang Ziehl & Jones L.L.P.
780 Third Avenue
New York, NY 10017−2024
(212) 561−7700
Fax : (212) 561−7777
Email: gdemo@pszjlaw.com

**Robert Joel Feinstein**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017−2024
(212) 561−7700
Fax : (212) 561−7777
Email: rfeinstein@pszjlaw.com

**Eric Thomas Haitz**
Katten Muchin Rosenman LLP
1301 McKinney Street, Suite 3000
Houston, TX 77010
(713) 270−3410
Email: eric.haitz@katten.com
*TERMINATED: 12/09/2019*

**Melissa S. Hayward**

000326

Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972−755−7104
Fax : 972−755−7104
Email: MHayward@HaywardFirm.com

**Hayward & Associates PLLC**
10501 N. Central Expwy., Ste 106
Dallas, TX 75231

**Juliana Hoffman**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 969−3581
Fax : (214) 981−3400
Email: jhoffman@sidley.com

**Ira D Kharasch**
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067
310−227−6910
Fax : 310−201−0760
Email: ikharasch@pszjlaw.com

**Alan J. Kornfeld**
Pachulski Stang Ziehl & Jones LLPL
10100 Santa Monica Blvd., 13 Fl
Los Angeles, CA 90067
310−277−6910
Fax : 301−201−0760

**Maxim B Litvak**
Pachulski Stang Ziehl & Jones LLP
150 California Street
15th Floor
San Francisco, CA 94111
415−263−7000
Email: mlitvak@pszjlaw.com

**John A. Morris**
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 34th Floor
New York, NY 10017−2024
(212) 561−7700
Fax : (212) 561−7777
Email: jmorris@pszjlaw.com

**James E. O'Neill**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Fl.
Wilmington, DE 19801
302−652−4100
Fax : 302−652−4400
Email: joneill@pszjlaw.com

**Jeffrey N. Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
310−277−6910

000327

Fax : 310−201−0760
Email: jpomerantz@pszjlaw.com

**Jeffrey Nathan Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067
(310) 277−6910
Fax : (310) 201−0760
Email: jpomerantz@pszjlaw.com

**Elissa A. Wagner**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067−4003
310−277−6910
Fax : 310−201−0760

**Hayley R. Winograd**
Pachulski Stang Ziehl & Jones LLP
780 3rd Avenue #36
New York, NY 10017
(212) 561−7700
Fax : (212) 561−7777
Email: hwinograd@pszjlaw.com

| | | |
|---|---|---|
| *U.S. Trustee*<br>**United States Trustee**<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75202<br>214−767−8967 | represented by | **Lisa L. Lambert**<br>Office of the United States Trustee<br>1100 Commerce St., Rm. 976<br>Dallas, TX 75242<br>(214) 767−8967 ext 1080<br>Fax : (214) 767−8971<br>Email: lisa.l.lambert@usdoj.gov |
| *Creditor Committee*<br>**Official Committee of Unsecured Creditors** | represented by | **Sean M. Beach**<br>YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>302−571−6600<br>Email: bankfilings@ycst.com |

**Jessica Boelter**
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
212−839−5300
Fax : 212−839−5599
Email: jboelter@sidley.com

**Matthew A. Clemente**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853−7539
Email: mclemente@sidley.com

**David Grant Crooks**
(See above for address)

**Gregory V. Demo**

000328

(See above for address)

**Bojan Guzina**
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
312−853−7323
Fax : 312−853−7036
Email: bguzina@sidley.com

**Bojan Guzina**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
3128537323
Email: bguzina@sidley.com

**Juliana Hoffman**
(See above for address)

**Paige Holden Montgomery**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981−3300
Fax : (214) 981−3400
Email: pmontgomery@sidley.com

**Edmon L. Morton**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
302−571−6637
Fax : 302−571−1253
Email: emorton@ycst.com

**Michael R. Nestor**
YOUNG CONAWAY STARGATT &
TAYLOR, LL
Rodney Square
1000 North King Street
Wilmington, DE 19801
302−571−6600
Email: mnestor@ycst.com

**Charles Martin Persons, Jr.**
Sidley Austin LLP
2020 McKinney Avenue, Suite 2000
Dallas, TX 75210
(214) 981−3300
Fax : (214) 981−3400
Email: cpersons@sidley.com

**Jeffrey N. Pomerantz**
(See above for address)

**Penny Packard Reid**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981−3413
Fax : (214) 981−3400

000329

Email: preid@sidley.com

**Alyssa Russell**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853−7422
Fax : (312) 853−7036
Email: alyssa.russell@sidley.com

**Dennis M. Twomey**
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853−7438
Fax : (312) 853−7036
Email: dtwomey@sidley.com

**Jaclyn C. Weissgerber**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302−571−6600
Email: bankfilings@ycst.com

**Sean M. Young Conway Stargatt &
Taylor, LLP**
Young Conway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
302−571−6600
Email: sbeach@ycst.com

| Filing Date | Docket Text |
|---|---|
| 12/04/2019 | 1 Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.) |
| 12/04/2019 | 2 DOCKET SHEET filed in 19−12239 in the U.S. Bankruptcy Court for Delaware . (Okafor, M.) |
| 12/04/2019 | 3 Chapter 11 Voluntary Petition . Fee Amount $1717. Filed by Highland Capital Management, L.P.. (Attachments: # 1 Creditor Matrix) [ORIGINALLY FILED AS DOCUMENT #1 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 4 Motion to Pay Employee Wages /Motion of the Debtors for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #2 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 5 Motion to Pay Critical Trade Vendor Claims /Motion of the Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and |

| | |
|---|---|
| | (B) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Proposed Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #3 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 6 Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Highland Capital Management, L.P.(Attachments: # 1 Exhibit A − Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #4 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 8 **WITHDRAWN** – 10/29/2019. SEE DOCKET # 72. Motion to Approve Use of Cash Collateral /Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Order)(O'Neill, James) Modified on 10/30/2019 (DMC)[ORIGINALLY FILED AS DOCUMENT #6 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 9 Application to Appoint Claims/Noticing Agent KURTZMAN CARSON CONSULTANTS, LLC Filed By Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Engagement Agreement # 2 Exhibit B − Gershbein Declaration # 3 Exhibit C − Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #7 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 10 Motion to File Under Seal/Motion of the Debtor for Entry of Interim and Final Orders Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A − Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #8 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 11 Affidavit/Declaration in Support of First Day Motion /Declaration of Frank Waterhouse in Support of First Day Motions Filed By Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #9 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 12 Notice of Hearing on First Day Motions (related document(s)2, 3, 5, 6, 7, 8, 9 [ON DELAWARE DOCKET]) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #11 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 13 Notice of Hearing // Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. |

| | |
|---|---|
| | (Attachments: # 1 Exhibit A) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #12 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 14 Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 10/18/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #13 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 15 Notice of appearance Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #14 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 16 Motion to Appear pro hac vice of Marshall R. King of Gibson, Dunn & Crutcher LLP. Receipt Number 2757354, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #15 ON 10/1/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 17 Motion to Appear pro hac vice of Michael A. Rosenthal of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #16 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 18 Motion to Appear pro hac vice of Alan Moskowitz of Gibson, Dunn & Crutcher LLP. Receipt Number 2624495, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean) ) [ORIGINALLY FILED AS DOCUMENT #17 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 19 Motion to Appear pro hac vice of Matthew G. Bouslog of Gibson, Dunn & Crutcher LLP. Receipt Number 2581894, Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Beach, Sean)) [ORIGINALLY FILED AS DOCUMENT #18 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 20 Notice of Appearance and Request for Notice by Louis J. Cisz filed by Interested Party California Public Employees Retirement System (CalPERS) . (Okafor, M.) [ORIGINALLY FILED AS DOCUMENT #19 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] |
| 12/04/2019 | 21 Motion to Appear pro hac vice (Jeffrey N. Pomerantz). Receipt Number 2564620, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #20 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 22 Motion to Appear pro hac vice (Maxim B. Litvak). Receipt Number 2564620, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #21 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 23 Motion to Appear pro hac vice (Ira D. Kharasch). Receipt Number DEX032537, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #22 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| 12/04/2019 | 24 Motion to Appear pro hac vice (Gregory V. Demo). Receipt Number DEX032536, Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #23 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 25 Motion to Appear pro hac vice of Marc B. Hankin. Receipt Number 2757358, Filed by Redeemer Committee of the Highland Crusader Fund. (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #24 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 26 Order Approving Motion for Admission pro hac vice Marshall R. King of Gibson(Related Doc # 15) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #25 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 27 Order Approving Motion for Admission pro hac vice Michael A. Rosenthal (Related Doc # 16) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #26 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 28 Order Approving Motion for Admission pro hac vice Alan Moskowitz (Related Doc # 17) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #27 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 29 Order Approving Motion for Admission pro hac vice Matthew G. Bouslog(Related Doc # 18) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #28 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 30 Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz (Related Doc # 20) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #29 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 31 Order Approving Motion for Admission pro hac vice Maxim B. Litvak (Related Doc # 21) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #30 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 32 Order Approving Motion for Admission pro hac vice Ira D. Kharasch (Related Doc # 22) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #31 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 33 Order Approving Motion for Admission pro hac vice Gregory V. Demo(Related Doc # 23) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #32 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 34 Order Approving Motion for Admission pro hac vice Marc B. Hankin(Related Doc # 24) Order Signed on 10/17/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #33 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 35 Certificate of Service of: 1) Notice of Hearing on First Day Motions; 2) Notice of Interim Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) |

| | |
|---|---|
| | Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing; and 3) Notice of Agenda for Hearing of First Day Motions Scheduled for October 18, 2019 at 10:00 a.m. (related document(s)11, 12, 13) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #34 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | <u>36</u> Motion to Appear pro hac vice (John A. Morris). Receipt Number 2635868, Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #35 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | <u>37</u> Notice of Appearance and Request for Notice by Richard B. Levin , Marc B. Hankin , Kevin M. Coen , Curtis S. Miller filed by Interested Party Redeemer Committee of the Highland Crusader Fund . (Miller, Curtis) [ORIGINALLY FILED AS DOCUMENT #36 ON 10/17/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | <u>38</u> Order Approving Motion for Admission pro hac vice John A. Morris(Related Doc # 35) Order Signed on 10/18/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #38 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | <u>39</u> Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief. (related document(s)2) Order Signed on 10/18/2019. (NAB) [ORIGINALLY FILED AS DOCUMENT #39 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | <u>40</u> Interim Order (A) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors and (B) Granting Related Relief (Related Doc 3) Order Signed on 10/18/2019 (Attachments: # <u>1</u> Agreement)) (NAB) Modified Text on 10/21/2019 (LB) [ORIGINALLY FILED AS DOCUMENT #40 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | <u>41</u> Notice of Appearance and Request for Notice by Eric Thomas Haitz filed by Debtor Highland Capital Management, L.P.. (Haitz, Eric) |
| 12/04/2019 | <u>42</u> Interim Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief. (Related Doc 5) Order Signed on 10/18/2019. (JS) Modified Text on 10/21/2019 (LB). [ORIGINALLY FILED AS DOCUMENT #42 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | <u>43</u> Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002−1(F) (Related Doc # 7) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #43 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | <u>44</u> Interim Order Authorizing the Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information. (Related Doc # 8) Order Signed on 10/18/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #44 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | <u>45</u> Notice of Appearance and Request for Notice by Elizabeth Weller filed by Irving ISD , Grayson County , Upshur County , Dallas County , Tarrant County , Kaufman County , |

| | |
|---|---|
| | Rockwall CAD , Allen ISD , Fannin CAD , Coleman County TAD . (Okafor, M.) |
| 12/04/2019 | 46 Notice of hearing/*scheduling conference* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1 Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)). Status Conference to be held on 12/6/2019 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Haitz, Eric) |
| 12/04/2019 | 47 Notice of Service // Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief (related document(s)2, 39) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #47 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 48 Notice of Service // Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002−1(F) (related document(s)7, 43) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #48 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/9/2019 (Okafor, M.). |
| 12/04/2019 | 49 Notice of Hearing // Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019.(Attachments: # 1 Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #49 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 50 Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #50 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 51 Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief (related document(s)5, 42) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #51 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 52 Notice of Hearing // Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information (related document(s)8, 44) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, |

000335

| | |
|---|---|
| | Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #52 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 53 Notice of Hearing // Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 10/31/2019. (Attachments: # 1 Exhibit 1) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #53 ON 10/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 54 Affidavit/Declaration of Service for service of (1) [Signed] Order Approving Motion for Admission pro hac vice Jeffrey N. Pomerantz [Docket No. 29]; (2) [Signed] Order Approving Motion for Admission pro hac vice Maxim B. Litvak [Docket No. 30]; (3) [Signed] Order Approving Motion for Admission pro hac vice Ira D. Kharasch [Docket No. 31]; (4) [Signed] Order Approving Motion for Admission pro hac vice Gregory V. Demo [Docket No. 32]; (5) [Signed] Order Approving Motion for Admission pro hac vice John A. Morris [Docket No. 38]; (6) Notice of Entry of Order on Motion of Debtor for Entry of Order (I) Authorizing the Debtor to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief [Docket No. 47]; (7) Notice of Entry of Order on Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtor Pursuant to 28 U.S.C. §156(C), 11 U.S.C. §105(A), and Local Rule 2002−1(F) [Docket No. 48]; (8) Notice of Motion of Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief [Docket No. 49]; (9) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 50]; (10) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief [Docket No. 51]; (11) Notice of Entry of Interim Order and Final Hearing on Motion of Debtor for Entry of Interim and Final Orders Authorizing Debtor to File Under Seal Portions of Its Creditor Matrix Containing Employee Address Information [Docket No. 52]; and (12) Notice of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing [Docket No. 53] (related document(s)29, 30, 31, 32, 38, 47, 48, 49, 50, 51, 52, 53) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #55 ON 10/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M) |
| 12/04/2019 | 55 Notice of Appearance and Request for Notice by Josef W. Mintz , John E. Lucian , Phillip L. Lamberson , Rakhee V. Patel filed by Acis Capital Management, L.P. , Acis Capital Management GP, LLC . (Attachments: # 1 Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #56 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 56 Motion to Appear pro hac vice of Rakhee V. Patel of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #57 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | |

000336

| | |
|---|---|
| | 57 Motion to Appear pro hac vice of Phillip Lamberson of Winstead PC. Receipt Number 3112761165, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #58 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 58 Motion to Appear pro hac vice of John E. Lucian of Blank Rome LLP. Receipt Number 3112548736, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #59 ON 10/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 59 Notice of Appearance and Request for Notice by Michael I. Baird filed by Interested Party Pension Benefit Guaranty Corporation . (Attachments: # 1 Certification of United States Government Attorney # 2 Certificate of Service) (Baird, Michael) [ORIGINALLY FILED AS DOCUMENT #60 ON 10/23/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) |
| 12/04/2019 | 60 Order Granting Motion for Admission pro hac vice for Rakhee V. Patel (Related Doc # 57) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #61 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 61 Order Granting Motion for Admission pro hac vice of John E. Lucian (Related Doc # 59) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #62 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 62 Order Granting Motion for Admission pro hac vice of Phillip Lamberson (Related Doc # 58) Order Signed on 10/24/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #63 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 63 Notice of Appearance and Request for Notice by Michael L. Vild filed by Creditor Patrick Daugherty . (Vild, Michael) [ORIGINALLY FILED AS DOCUMENT #64 ON 10/24/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 64 Notice of Appointment of Creditors' Committee Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #65 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 65 Request of US Trustee to Schedule Section 341 Meeting of Creditors November 20,2019 at 9:30 a.m. Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #66 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 66 Notice of Meeting of Creditors/Commencement of Case Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #67 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 67 Motion to Authorize /Motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Form of Order # 3 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #68 ON 10/29/2019 IN U.S. |

000337

| | |
|---|---|
| | BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C − Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |
| 12/04/2019 | 69 **WITHDRAWN per #437. Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Hurst Declaration # 3 Exhibit B − Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/11/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | 70 Application/Motion to Employ/Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019(Attachments: # 1 Notice # 2 Rule 2016 Statement # 3 Declaration of Jeffrey N. Pomerantz in Support # 4 Declaration of Frank Waterhouse # 5 Proposed Form of Order # 6 Certificate of Service & Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #71 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 71 Notice of Withdrawal of Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Authorizing the Liquidation of Securities, (D) Modifying the Automatic Stay, and (E) Scheduling a Final Hearing (related document(s)6) Filed by Highland Capital Management, L.P. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #72 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 72 Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #73 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 73 Application/Motion to Employ/Retain Kurtzman Carson Consultants as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Gershbein Declaration # 4 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #74 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 74 Application/Motion to Employ/Retain Development Specialists, Inc. as Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and |

| | |
|---|---|
| | Restructuring−Related Services, Nunc Pro Tunc As of the Petition Date Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # <u>1</u> Notice # <u>2</u> Exhibit A − Engagement Letter # <u>3</u> Exhibit B − Sharp Declaration # <u>4</u> Exhibit C − Proposed Order # <u>5</u> Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #75 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>75</u> Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # <u>1</u> Notice # <u>2</u> Exhibit A − Proposed Order # <u>3</u> Exhibit B − OCP List # <u>4</u> Exhibit C − Form of Declaration of Disinterestedness # <u>5</u> Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>76</u> **WITHDRAWN by # <u>360</u>** Motion to Approve /Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # <u>1</u> Notice # <u>2</u> Appendix I # <u>3</u> Appendix II # <u>4</u> Proposed Form of Order # <u>5</u> Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #77 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 1/16/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | <u>77</u> Notice of Appearance and Request for Notice by William A. Hazeltine filed by Interested Party Hunter Mountain Trust . (Okafor, M.) (Hazeltine, William) [ORIGINALLY FILED AS DOCUMENT #78 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | <u>78</u> Notice of Meeting of Creditors/Commencement of Case (Corrected) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 11/20/2019 at 09:30 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #79 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>79</u> Motion to Appear pro hac vice of Brian P. Shaw of Rogge Dunn Group. Receipt Number 0311−27677, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #80 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>80</u> Amended Notice of Appearance. The party has consented to electronic service. Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # <u>1</u> Certificate of Service) (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #81 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>81</u> Notice of Appearance and Request for Notice by Jessica Boelter , Alyssa Russell , Matthew A. Clemente , Bojan Guzina filed by Creditor Committee Official Committee of Unsecured Creditors . (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #82 ON 10/30/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 82 Initial Reporting Requirements /Initial Monthly Operating Report of Highland Capital Management, LP Filed by Highland Capital Management, L.P.. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #83 ON 10/31/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 83 Order Approving Motion for Admission pro hac vice Brian P. Shaw(Related Doc # 80) Order Signed on 11/1/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #84 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 84 Notice of Appearance and Request for Notice by Sarah E. Silveira , Michael J. Merchant , Asif Attarwala , Jeffrey E. Bjork filed by Interested Parties UBS AG London Branch , UBS Securities LLC . (Attachments: # 1 Certificate of Service) (Merchant, Michael) [ORIGINALLY FILED AS DOCUMENT #85 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 85 Motion to Change Venue/Inter−district Transfer Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E − Certificate of Service) (Guzina, Bojan)[ORIGINALLY FILED AS DOCUMENT #86 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 86 Emergency Motion to Shorten Notice With Respect To The Motion Of Official Committee Of Unsecured Creditors To Transfer Venue Of This Case To The United States Bankruptcy Court For The Northern District Of Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Certificate of Service) (Guzina, Bojan) [ORIGINALLY FILED AS DOCUMENT #87 ON 11/01/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 87 Order Denying Emergency Motion to Shorten Notice With Respect to The Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (Related Doc # 87) Order Signed on 11/4/2019. (JS) [ORIGINALLY FILED AS DOCUMENT #88 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 88 Notice of Appearance. The party has consented to electronic service. Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #89 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 89 Motion to Appear pro hac vice of Patrick C. Maxcy. Receipt Number 2770240, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #90 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 90 Motion to Appear pro hac vice of Lauren Macksoud. Receipt Number 2770389, Filed by Jefferies LLC. (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #91 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 91 Notice of Appearance. The party has consented to electronic service. Filed by INTEGRATED FINANCIAL ASSOCIATES, INC. (Carlyon, Candace) [ORIGINALLY FILED AS DOCUMENT #92 ON 11/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | <u>92</u> Order Approving Motion for Admission pro hac vice Patrick C. Maxcy(Related Doc # 90) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #93 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>93</u> Order Approving Motion for Admission pro hac vice Lauren Macksoud(Related Doc # 91) Order Signed on 11/5/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #94 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>94</u> HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/7/2019 at 03:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # <u>1</u> Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #95 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>95</u> Notice of Appearance. The party has consented to electronic service. Filed by BET Investments, II, L.P.. (Attachments: # 1 Certificate of Service) (Kurtzman, Jeffrey) (Attachments: # <u>1</u> Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #96 ON 11/05/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>96</u> Certification of Counsel Regarding Order Scheduling Omnibus Hearing Date Filed by Highland Capital Management, L.P.. (Attachments: # <u>1</u> Proposed Form of Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #97 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>98</u> Order Scheduling Omnibus Hearings. Omnibus Hearings scheduled for 12/17/2019 at 11:00 AM US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Signed on 11/7/2019. (CAS) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #98 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>101</u> Exhibit(s) // Notice of Filing of Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76) Filed by Highland Capital Management, L.P.. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #99 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>102</u> Affidavit/Declaration of Service for service of [Signed] Order Scheduling Omnibus Hearing Date [Docket No. 98] (related document(s)98) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #100 ON 11/07/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>103</u> Notice of Deposition − Notice to Take Rule 30(b)(6) Deposition Upon Oral Examination of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #101 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>104</u> Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #102 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) |

| | |
|---|---|
| | (Entered: 12/05/2019) |
| 12/04/2019 | 106 Notice of Service − Notice of Intent to Serve Subpoena Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #103 ON 11/10/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 107 Notice of Substitution of Counsel Filed by Alvarez & Marsal CRF Management, LLC, as Investment Manager of the Highland Crusader Funds. (Attachments: # 1 Certificate of Service) (Ryan, Jeremy) [ORIGINALLY FILED AS DOCUMENT #104 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 108 Amended Notice of Appearance. The party has consented to electronic service. Filed by Official Committee of Unsecured Creditors. (Beach, Sean) . [ORIGINALLY FILED AS DOCUMENT #105 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 110 Motion to Appear pro hac vice Of Bojan Guzina of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #106 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 111 Motion to Appear pro hac vice of Alyssa Russell of Sidley Austin LLP. Receipt Number 2620330, Filed by Official Committee of Unsecured Creditors. (Beach, Sean)[ORIGINALLY FILED AS DOCUMENT #107 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 112 Motion to Appear pro hac vice of Matthew A. Clemente of Sidley Austin LLP. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #108 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 113 Motion to Appear pro hac vice of Paige Holden Montgomery. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #109 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 114 Motion to Appear pro hac vice of Penny P. Reid of Sidley Austin. Receipt Number 2775584, Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #110 ON 11/11/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 115 Order Approving Motion for Admission pro hac vice Bojan Guzina(Related Doc # 106) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #111 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 116 Order Approving Motion for Admission pro hac vice Alyssa Russell (Related Doc # 107) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #112 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 117 Order Approving Motion for Admission pro hac vice Matthew A. Clemente (Related Doc # 108) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #113 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF |

| | |
|---|---|
| | DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>118</u> Order Approving Motion for Admission pro hac vice Paige Holden(Related Doc # 109) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #114 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>119</u> Order Approving Motion for Admission pro hac vice Penny P. Reid(Related Doc # 110) Order Signed on 11/12/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #115 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>120</u> Limited Objection to the Debtors: (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E # <u>6</u> Exhibit F # <u>7</u> Exhibit G # <u>8</u> Exhibit H # <u>9</u> Exhibit I # <u>10</u> Certificate of Service) (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #116 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>121</u> Limited Objection and Reservation of Rights of Jefferies LLC to Debtor's Motion for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business (related document(s)77) Filed by Jefferies LLC (Attachments: # <u>1</u> Exhibit A # <u>2</u> Certificate of Service) (Bowden, William) [ORIGINALLY FILED AS DOCUMENT #117 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>122</u> Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #118 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>123</u> Limited Objection to Motion of the Debtor for an Order Authorizing the Debtor to Retain, Employee, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (related document(s)76) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #119 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>124</u> **WITHDRAWN per # <u>456</u>** Limited Objection to the Debtor's Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP and Lynn Pinker Cox & Hurst as Special Texas Counsel and Special Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #120 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified on 2/19/2020 (Ecker, C.). (Entered: 12/05/2019) |
| 12/04/2019 | <u>125</u> Limited Objection to the Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #121 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 126 Joinder to Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #122 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 128 [SEALED in Delaware Bankruptcy Court] Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (related document(s)5, 75, 77, 123) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #124 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 130 Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (Redacted) (related document(s)5, 75, 77, 123, 124) Filed by Official Committee of Unsecured Creditors (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E)(Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #125 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 131 Notice of Service of Discovery Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #126 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 132 Objection Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)8) Filed by U.S. Trustee (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #127 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 133 Certificate of Service of Objection of the Debtor to Motion of Official Committee of Unsecured Creditors to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)118) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #128 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 134 Certificate of Service of Acis's Joinder in Motion to Transfer Venue (related document(s)122) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #129 ON 11/13/2019 IN |

000344

| | |
|---|---|
| | U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 135 Objection U.S. Trustee's Objection to the Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Provide a Chief Restructuring Officer, Additional Personnel and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date (related document(s)75) Filed by U.S. Trustee (Attachments: # 1 Certificate of Service)(Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #130 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 136 Certificate of Service of United States Trustees Objection to Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (related document(s)127) Filed by U.S. Trustee. (Leamy, Jane) [ORIGINALLY FILED AS DOCUMENT #131 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 137 Certification of Counsel Regarding Debtor's Motion Pursuant to Sections 105(A), 330 and 331 of the Bankruptcy Code for Administrative Order Establishing Procedures for the Interim Compensation and Reimbursement of Expenses of Professionals (related document(s)73) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Blackline Order)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #132 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 138 Certificate of No Objection Regarding Debtor's Application for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date (related document(s)74) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A − Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #133 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 139 Certificate of No Objection Regarding Motion of the Debtor for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief (related document(s)4) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A − Proposed Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #134 ON 11/13/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 140 Notice of Appearance. The party has consented to electronic service. Filed by Crescent TC Investors, L.P.. (Held, Michael) [ORIGINALLY FILED AS DOCUMENT #135 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 141 ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMI3URSEMENT OF EXPENSES OF PROFESSIONALS(Related Doc # 73) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #136 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 142 ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 74) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #137 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |

| | |
|---|---|
| 12/04/2019 | 143 ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTOF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF (Related Doc # 4) Order Signed on 11/14/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #138 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 144 Notice of Appearance. The party has consented to electronic service. Filed by Intertrust Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #139 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 145 Notice of Appearance. The party has consented to electronic service. Filed by CLO Entities. (Desgrosseilliers, Mark) [ORIGINALLY FILED AS DOCUMENT #140 ON 11/14/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 146 Notice of Deposition Upon Oral Examination Under Rules 30 and 30(b)(6) of the Debtor, Highland Capital Management, L.P. Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #141 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 147 Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # 1 Certificate of Service) [ORIGINALLY FILED AS DOCUMENT #142 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 148 Affidavit/Declaration of Service for service of (1) [Signed] Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 136]; (2) [Signed] Order Authorizing the Debtor to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective Nunc Pro Tunc to the Petition Date [Docket No. 137]; and (3) [Signed] Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (II) Granting Related Relief [Docket No. 138] (related document(s)136, 137, 138) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #143 ON 11/15/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 149 Notice of Hearing regarding Motion to Change Venue/Inter−district Transfer (related document(s)86, 87, 88) Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #144 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 150 Notice of Rescheduled 341 Meeting (related document(s)67, 79) Filed by Highland Capital Management, L.P.. 341(a) meeting to be held on 12/3/2019 at 10:30 AM (check with U.S. Trustee for location) (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #145 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 151 Agenda of Matters Scheduled for Telephonic Hearing (related document(s)142) Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware.(Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED |

| | |
|---|---|
| | AS DOCUMENT #146 ON 11/18/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 152 Notice of Appearance. The party has consented to electronic service. Filed by CLO Holdco, Ltd.. (Kane, John) [ORIGINALLY FILED AS DOCUMENT #149 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 153 Amended Notice of Deposition of Frank Waterhouse Filed by Official Committee of Unsecured Creditors. (Guerke, Kevin) [ORIGINALLY FILED AS DOCUMENT #150 ON 11/19/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 154 Notice of Appearance and Request for Notice by Sally T. Siconolfi , Joseph T. Moldovan filed by Interested Party Meta−e Discovery, LLC . (Moldovan, Joseph)[ORIGINALLY FILED AS DOCUMENT #152 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 156 Affidavit/Declaration of Service regarding Notice of Hearing regarding Motion to Change Venue/Inter−district Transfer (related document(s)144) Filed by Official Committee of Unsecured Creditors. (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #153 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 158 Motion to Appear pro hac vice of Annmarie Chiarello of Winstead PC. Receipt Number 0311−27843, Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P.. (Bibiloni, Jose) [ORIGINALLY FILED AS DOCUMENT #154 ON 11/20/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 159 Order Approving Motion for Admission pro hac vice Annmarie Chiarello (Related Doc # 154) Order Signed on 11/21/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #155 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Additional attachment(s) added on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 162 Reply in Support of Motion to Transfer Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118) Filed by Official Committee of Unsecured Creditors (Beach, Sean) [ORIGINALLY FILED AS DOCUMENT #156 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 163 Reply in Support of the Motion of the Official Committee of Unsecured Creditors For an Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86, 118, 122, 156) Filed by Acis Capital Management GP LLC, Acis Capital Management, L.P. (Mintz, Josef) [ORIGINALLY FILED AS DOCUMENT #157 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 164 Response of the Debtor to Acis's Joinder to Motion to Transfer Venue (related document(s)86, 122) Filed by Highland Capital Management, L.P. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #158 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 165 Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date; and (II) Application for an Order Authorizing the Retention and |

000347

| | |
|---|---|
| | Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Nunc Pro Tunc to Petition Date (related document(s)69, 70, 116, 120) Filed by Highland Capital Management, L.P.(Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #159 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) Modified text on 12/5/2019 (Okafor, M.). (Entered: 12/05/2019) |
| 12/04/2019 | 166 Omnibus Reply of the Debtor in Support of: (1) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)5, 75, 77) Filed by Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Redline Order Approving Ordinary Course Protocols Motion # 2 Exhibit B − Redline Order Approving Cash Management Motion # 3 Exhibit C − Redline Order Approving DSI Retention Motion # 4 Exhibit D − Summary of Intercompany Transactions) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #160 ON 11/21/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 168 Certificate of Service of 1) Response of the Debtor to Acis's Joinder to Motion to Transfer Venue; 2) Omnibus Reply In Support of (I) Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner as Special Texas Counsel Nunc Pro Tunc to the Petition Date, and (II) Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP; and 3) Omnibus Reply of the Debtor in Support of: (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions (related document(s)158, 159, 160) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #161 ON 11/22/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 169 Exhibit(s) // Notice of Filing of Second Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #162 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 170 Certification of Counsel Regarding Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief (related document(s)3, 40) Filed by Highland Capital Management, L.P..(Attachments: # 1 Exhibit A # 2 Exhibit B) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #163 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 171 **WITHDRAWN** − 11/26/2019. SEE DOCKET # 165. Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) Filed by Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B) (O'Neill, James) Modified on 11/26/2019 (DMC). [ORIGINALLY FILED AS DOCUMENT #164 ON 11/25/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 172 Notice of Withdrawal of Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)164) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS |

| | |
|---|---|
| | DOCUMENT #165 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 173 Certification of Counsel Regarding Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized By the Debtor in the Ordinary Course of Business (related document(s)76, 99, 162) Filed by Highland Capital Management, L.P (Attachments: # 1 Exhibit A # 2 Exhibit B)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #166 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 174 Notice of Agenda of Matters Scheduled for Hearing Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #167 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 175 FINAL ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF (Related document(s) 3, 40) Signed on 11/26/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #168 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 178 Supplemental Declaration in Support of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s)71) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #171 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE(Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | 179 Certification of Counsel Regarding Debtor's Application Pursuant to Section 327(A) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date (related document(s) Filed by Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Blackline Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #172 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE](Okafor, M.) (Entered: 12/05/2019) |

000349

| | |
|---|---|
| 12/04/2019 | <u>180</u> Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # <u>1</u> Notice # <u>2</u> Exhibit A − Proposed Order # <u>3</u> Exhibit B − Declaration of John Dempsey in Support # <u>4</u> Exhibit C − Highland Key Employee Incentives # <u>5</u> Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>181</u> Certificate of Service and Service List for service of Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief [Docket No. 170] (related document(s)170) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #174 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>182</u> Amended Notice of Agenda of Matters Scheduled for Hearing (related document(s)167) Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/2/2019 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware (Attachments: # <u>1</u> Certificate of Service)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #175 ON 11/27/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>183</u> ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2414 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014−1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI TANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE (Related Doc # 71) Order Signed on 12/2/2019. (DRG) [ORIGINALLY FILED AS DOCUMENT #176 ON 12/02/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>184</u> Certification of Counsel Regarding Order Transferring Venue of This Case to the United States Bankruptcy Court for the Northern District of Texas (related document(s)86) Filed by Official Committee of Unsecured Creditors. (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #182 ON 12/03/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>185</u> Affidavit/Declaration of Service for service of (1) [Signed] Final Order (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Docket No. 168]; (2) [Signed] Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business [Docket No. 169]; and (3) [Signed] Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date [Docket No. 176] (related document(s)168, 169, 176) Filed by Highland Capital Management, L.P.. (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #183 ON 12/03/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | <u>186</u> ORDER TRANSFERRING VENUE OF THIS CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS (related document(s)86) Order Signed on 12/4/2019. (CAS) [ORIGINALLY FILED AS DOCUMENT #184 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/04/2019 | |

000350

| | |
|---|---|
| | 187 Certificate of Service re: 1) Notice of Chapter 11 Bankruptcy Case; and 2) [Corrected] Notice of Chapter 11 Bankruptcy Case (related document(s)67, 79) Filed by Kurtzman Carson Consultants LLC. (Kass, Albert) ( [ORIGINALLY FILED AS DOCUMENT #185 ON 12/04/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Entered: 12/05/2019) |
| 12/05/2019 | 97 Motion to appear pro hac vice for Bojan Guzina. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27228141, amount $ 100.00 (re: Doc# 97). (U.S. Treasury) |
| 12/05/2019 | 99 Notice of Appearance and Request for Notice by Linda D. Reece filed by Wylie ISD, Garland ISD, City of Garland. (Reece, Linda) |
| 12/05/2019 | 100 Motion to appear pro hac vice for Matthew A. Clemente. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | 105 Motion to appear pro hac vice for Alyssa Russell. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 100). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27228455, amount $ 100.00 (re: Doc# 105). (U.S. Treasury) |
| 12/05/2019 | 109 Motion to appear pro hac vice for Ira D. Kharasch. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27228644, amount $ 100.00 (re: Doc# 109). (U.S. Treasury) |
| 12/05/2019 | 129 Notice of Appearance and Request for Notice by Laurie A. Spindler filed by City of Allen, Allen ISD, Dallas County, Grayson County, Irving ISD, Kaufman County, Tarrant County. (Spindler, Laurie) |
| 12/05/2019 | 155 Notice of Appearance and Request for Notice by Mark A. Platt filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Platt, Mark) |
| 12/05/2019 | 157 Motion to appear pro hac vice for Marc B. Hankin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | 160 Motion to appear pro hac vice for Richard Levin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Addendum) (Platt, Mark) |
| 12/05/2019 | 161 Motion to appear pro hac vice for Terri L. Mascherin. Fee Amount $100 Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Platt, Mark) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 157). (U.S. Treasury) |

| | |
|---|---|
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 160). (U.S. Treasury) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27229964, amount $ 100.00 (re: Doc# 161). (U.S. Treasury) |
| 12/05/2019 | 167 Motion to appear pro hac vice for Gregory V. Demo. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/05/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27230422, amount $ 100.00 (re: Doc# 167). (U.S. Treasury) |
| 12/05/2019 | 188 Notice of Appearance and Request for Notice by Juliana Hoffman filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/06/2019 | 189 Motion to appear pro hac vice for Jeffrey N. Pomerantz. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27233957, amount $ 100.00 (re: Doc# 189). (U.S. Treasury) |
| 12/06/2019 | 190 Amended Motion to appear pro hac vice for Jeffrey N. Pomerantz. (related document: 189) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | 191 Motion to appear pro hac vice for John A. Morris. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) |
| 12/06/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27233983, amount $ 100.00 (re: Doc# 191). (U.S. Treasury) |
| 12/06/2019 | 192 INCORRECT ENTRY − Incorrect Event Used; Refiled as Document 220. Motion to withdraw as attorney (Eric T. Haitz) Filed by Debtor Highland Capital Management, L.P. (Haitz, Eric) Modified on 12/9/2019 (Dugan, S.). Modified on 12/9/2019 (Dugan, S.). |
| 12/06/2019 | 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Edmond, Michael) |
| 12/06/2019 | 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)) Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Appearances: C. Gibbs, introducing J. Pomerantz and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Redeemer Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested). At current time, parties are not requesting that pending motions be set.) (Edmond, Michael) |

000352

| | |
|---|---|
| 12/06/2019 | <u>195</u> Request for transcript regarding a hearing held on 12/6/2019. The requested turn−around time is hourly. (Edmond, Michael) |
| 12/06/2019 | <u>196</u> Order granting motion to appear pro hac vice adding Bojan Guzina for Official Committee of Unsecured Creditors (related document # <u>97</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>197</u> Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document # <u>100</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>198</u> Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document # <u>105</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>199</u> Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document # <u>109</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>200</u> Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document # <u>160</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>201</u> Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document # <u>161</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>202</u> Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document # <u>167</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>203</u> Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document # <u>157</u>) Entered on 12/6/2019. (Banks, Courtney) |
| 12/06/2019 | <u>204</u> INCORRECT ENTRY: DRAFT OF MOTION. SEE DOCUMENT 206. Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
| 12/06/2019 | <u>205</u> Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/06/2019 | <u>206</u> Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL* |

000353

| | |
|---|---|
| | *COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* (related document: 204) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) Modified on 12/18/2019 (Rielly, Bill). |
| 12/06/2019 | 220 Withdrawal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)41 Notice of appearance and request for notice). (Dugan, S.) (Entered: 12/09/2019) |
| 12/08/2019 | 207 Transcript regarding Hearing Held 12/6/19 RE: Status and scheduling conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/9/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Palmer Reporting Services, Telephone number PalmerRptg@aol.com, 800−665−6251. (RE: related document(s) 193 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.,) (Continued Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1,, 194 Hearing held on 12/6/2019., Hearing continued (RE: related document(s)1 Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P. (Okafor, M.)) Hearing to be held on 12/12/2019 at 09:30 AM Dallas Judge Jernigan Ctrm for 1, (Appearances: C. Gibbs, introducing J. Pomerantz and I. Kharasch for Debtor (also J. Morris on phone); M. Clemente and P. Reid for Official Committee of Unsecured Creditors; B. Shaw for Acis; M. Platt for Redeemer Committee of Crusader Fund (also on phone M. Hankin and T. Mascherin); M. Rosenthal for Alvarez and Marsal; P. Maxcy (telephonically) for Jeffries; L. Lambert for UST. Nonevidentiary status conference. Court heard reports about case, parties, and ongoing discussions regarding corporate governance. Schedules will be filed next 12/13/19. At request of parties, another status conference is set for 12/12/19 at 9:30 am (telephonic participation will be allowed if requested). At current time, parties are not requesting that pending motions be set.)). Transcript to be made available to the public on 03/9/2020. (Palmer, Susan) |
| 12/08/2019 | 208 BNC certificate of mailing − PDF document. (RE: related document(s)197 Order granting motion to appear pro hac vice adding Matthew A. Clemente for Official Committee of Unsecured Creditors (related document 100) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 209 BNC certificate of mailing − PDF document. (RE: related document(s)198 Order granting motion to appear pro hac vice adding Alyssa Russell for Official Committee of Unsecured Creditors (related document 105) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 210 BNC certificate of mailing − PDF document. (RE: related document(s)199 Order granting motion to appear pro hac vice adding Ira D Kharasch for Highland Capital Management, L.P. (related document 109) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 211 BNC certificate of mailing − PDF document. (RE: related document(s)200 Order granting motion to appear pro hac vice adding Richard B. Levin for Redeemer Committee of the Highland Crusader Fund (related document 160) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 212 BNC certificate of mailing − PDF document. (RE: related document(s)201 Order granting motion to appear pro hac vice adding Terri L. Mascherin for Redeemer Committee of the Highland Crusader Fund (related document 161) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | |

000354

| | |
|---|---|
| | 213 BNC certificate of mailing − PDF document. (RE: related document(s)202 Order granting motion to appear pro hac vice adding Gregory V Demo for Highland Capital Management, L.P. (related document 167) Entered on 12/6/2019.) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/08/2019 | 214 BNC certificate of mailing − PDF document. (RE: related document(s)203 Order granting motion to appear pro hac vice adding Marc B. Hankin for Redeemer Committee of the Highland Crusader Fund (related document 157) Entered on 12/6/2019) No. of Notices: 1. Notice Date 12/08/2019. (Admin.) |
| 12/09/2019 | 215 Acknowledgment of split/transfer case received FROM another district, Delaware, Delaware division, Case Number 19−12239. (Okafor, M.) |
| 12/09/2019 | 216 Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document # 190) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 217 Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document # 191) Entered on 12/9/2019. (Banks, Courtney) |
| 12/09/2019 | 218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order) (Crooks, David) |
| 12/09/2019 | 219 Notice of Appearance and Request for Notice by Charles Martin Persons Jr. filed by Creditor Committee Official Committee of Unsecured Creditors. (Persons, Charles) |
| 12/09/2019 | Receipt of filing fee for Motion for relief from stay(19−34054−sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27240994, amount $ 181.00 (re: Doc# 218). (U.S. Treasury) |
| 12/09/2019 | 221 Notice of Appearance and Request for Notice by Brian Patrick Shaw filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Shaw, Brian) |
| 12/09/2019 | 222 Motion to appear pro hac vice for Dennis M. Twomey. Fee Amount $100 Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/09/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27241671, amount $ 100.00 (re: Doc# 222). (U.S. Treasury) |
| 12/09/2019 | 223 Certificate of service re: *1) Application Pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019; and 2) [Amended] Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to October 29, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 6, 2019* Filed by Creditor Committee Official |

| | |
|---|---|
| | Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, 206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO OCTOBER 29, 2019* (related document: 204) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/10/2019 | 224 Certificate Certificate of Conference filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,). (Crooks, David) |
| 12/10/2019 | 225 Certificate of service re: Certificate of Service filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,, 224 Certificate (generic)). (Attachments: # 1 Service List) (Crooks, David) |
| 12/10/2019 | 226 Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co−Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/10/2019 | 227 INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 − Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non−individual Debtors due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.). |
| 12/10/2019 | 228 Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty of Perjury for Non−individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.) |
| 12/10/2019 | 229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020. (Neary, William) |
| 12/10/2019 | 230 Notice of Appearance and Request for Notice by Melissa S. Hayward filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 12/10/2019 | 231 Notice of Appearance and Request for Notice by Zachery Z. Annable filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/11/2019 | 232 Joint Motion to continue hearing on (related documents 194 Hearing held, Hearing set/continued)*Joint Motion to Continue Status Conference* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order # 2 Service List) (Hayward, Melissa) |
| 12/11/2019 | 233 Motion to appear pro hac vice for Michael I. Baird. Fee Amount $100 Filed by Creditor Pension Benefit Guaranty Corporation (Attachments: # 1 Certificate of Service) (Baird, Michael) |

| | |
|---|---|
| 12/11/2019 | <u>234</u> Order granting joint motion to continue hearing on (related document # <u>232</u>) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019. (Banks, Courtney) |
| 12/11/2019 | <u>235</u> Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. (Pomerantz, Jeffrey) |
| 12/11/2019 | <u>236</u> Motion to appear pro hac vice for Lauren Macksoud. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27250084, amount $ 100.00 (re: Doc# <u>236</u>). (U.S. Treasury) |
| 12/11/2019 | <u>237</u> Motion to appear pro hac vice for Patrick C. Maxcy. Fee Amount $100 Filed by Interested Party Jefferies LLC (Doherty, Casey) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27250165, amount $ 100.00 (re: Doc# <u>237</u>). (U.S. Treasury) |
| 12/11/2019 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] (0.00). Receipt Number KF − No Fee Due, amount $ 0.00 (re: Doc<u>233</u>). (Floyd) |
| 12/11/2019 | <u>238</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>216</u> Order granting motion to appear pro hac vice adding Jeffrey N. Pomerantz for Highland Capital Management, L.P. (related document <u>190</u>) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |
| 12/11/2019 | <u>239</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>217</u> Order granting motion to appear pro hac vice adding John A. Morris for Highland Capital Management, L.P. (related document <u>191</u>) Entered on 12/9/2019.) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) |
| 12/12/2019 | <u>240</u> Notice of Appearance and Request for Notice by J. Seth Moore filed by Creditor Siepe, LLC. (Moore, J.) |
| 12/12/2019 | <u>241</u> Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> Document). (Annable, Zachery) |
| 12/12/2019 | <u>242</u> Order granting motion to appear pro hac vice adding Michael I. Baird for Pension Benefit Guaranty Corporation (related document # <u>233</u>) Entered on 12/12/2019. (Okafor, M.) |
| 12/12/2019 | <u>243</u> BNC certificate of mailing. (RE: related document(s)<u>227</u> INCORRECT ENTRY: DEFICIENCIES ARE DUE 12/13/2019 − Notice of deficiency. Schedule A/B due 10/30/2019. Schedule D due 10/30/2019. Schedule E/F due 10/30/2019. Schedule G due 10/30/2019. Schedule H due 10/30/2019. Declaration Under Penalty of Perjury for Non−individual Debtors due 10/30/2019. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2019. Statement of Financial Affairs due 10/30/2019. (Okafor, M.) Modified on 12/10/2019 (Okafor, M.).) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |

000357

| | |
|---|---|
| 12/12/2019 | <u>244</u> BNC certificate of mailing. (RE: related document(s)<u>228</u> Notice of deficiency. Schedule A/B due 12/13/2019. Schedule D due 12/13/2019. Schedule E/F due 12/13/2019. Schedule G due 12/13/2019. Schedule H due 12/13/2019. Declaration Under Penalty of Perjury for Non−individual Debtors due 12/13/2019. Summary of Assets and Liabilities and Certain Statistical Information due 12/13/2019. Statement of Financial Affairs due 12/13/2019. (Okafor, M.)) No. of Notices: 8. Notice Date 12/12/2019. (Admin.) |
| 12/13/2019 | <u>245</u> Certificate of service re: *1) Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co−Counsel, Nunc Pro Tunc to November 8, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>226</u> Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co−Counsel) Nunc Pro Tunc* Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/13/2019 | <u>246</u> Certificate of service re: *1) First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from October 16, 2019 Through October 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>235</u> Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 10/16/2019 to 10/31/2019, Fee: $383,583.75, Expenses: $9,958.84. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/2/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/13/2019 | <u>247</u> Schedules: Schedules A/B and D−H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non−Individual Debtors,). Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>228</u> Notice of deficiency). (Attachments: # <u>1</u> Global notes regarding schedules) (Hayward, Melissa) |
| 12/13/2019 | <u>248</u> Statement of financial affairs for a non−individual . Filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>228</u> Notice of deficiency). (Attachments: # <u>1</u> Global notes regarding SOFA) (Hayward, Melissa) |
| 12/13/2019 | <u>249</u> BNC certificate of mailing − meeting of creditors. (RE: related document(s)<u>229</u> Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.) No. of Notices: 8. Notice Date 12/13/2019. (Admin.) |
| 12/13/2019 | <u>250</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>234</u> Order granting joint motion to continue hearing on (related document <u>232</u>) (related documents Hearing held) Status Conference to be held on 12/18/2019 at 09:30 AM. Entered on 12/11/2019.) No. of Notices: 1. Notice Date 12/13/2019. (Admin.) |
| 12/16/2019 | <u>251</u> Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document # <u>236</u>) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | <u>252</u> Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document # <u>237</u>) Entered on 12/16/2019. (Dugan, S.) |
| 12/16/2019 | <u>253</u> Order rescheduling status conference (RE: related document(s)<u>1</u> Order transferring case filed by Debtor Highland Capital Management, L.P.). Status Conference to be held on 12/18/2019 at 10:30 AM at Dallas Judge Jernigan Ctrm. Entered on 12/16/2019 (Dugan, S.) |
| 12/17/2019 | <u>254</u> Notice of Appearance and Request for Notice by Jason Patrick Kathman filed by Creditor Patrick Daugherty. (Kathman, Jason) |

| | |
|---|---|
| 12/18/2019 | 255 Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T).* (Hoffman, Juliana) |
| 12/18/2019 | Hearing held on 12/18/2019. (RE: related document(s)1 Status/Scheduling Conference; Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Pomerantz and I. Kharasch for Debtor; M. Hayward, local counsel for Debtor; M. Clemente and P. Reid for Unsecured Creditors Committee; M. Platt and T. Mascherin and M. Hankin (each telephonically) for Redeemer Committee; L. Spindler for taxing authorities; A. Chiarello and R. Patel (telephonically) for Acis; L. Lambert for UST; P. Maxcy (telephonically) for Jeffries. Nonevidentiary status conference. Court heard reports regarding continued negotiations between Debtor and UCC regarding a proposed management structure for Debtor and ordinary course protocols. Debtor expects to file a motion for approval of same (if agreements reached) by 12/27/19 for a 1/9/20 hearing. Otherwise, UCC will file a motion for a chapter 11 trustee (which, if filed, will be filed 12/30/19 and set 1/20/20−1/21/20). Scheduling order to be submitted. Also, US Trustee announced intention to move for a Chapter 11 Trustee.) (Edmond, Michael) |
| 12/18/2019 | 256 BNC certificate of mailing − PDF document. (RE: related document(s)251 Order granting motion to appear pro hac vice adding Lauren Macksoud for Jefferies LLC (related document 236) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/18/2019 | 257 BNC certificate of mailing − PDF document. (RE: related document(s)252 Order granting motion to appear pro hac vice adding Patrick C. Maxcy for Jefferies LLC (related document 237) Entered on 12/16/2019. (Dugan, S.)) No. of Notices: 1. Notice Date 12/18/2019. (Admin.) |
| 12/19/2019 | 258 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Dechert LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Demo, Gregory) |
| 12/19/2019 | 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.). (Hayward, Melissa) |
| 12/19/2019 | 260 Declaration re: *Disclosure Declaration of Ordinary Course Professional (ASW Law Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/19/2019 | 261 Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)241 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Charles Harder)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/20/2019 | 262 Certificate of service re: *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 12/20/2019 | 263 Certificate of service re: *Supplemental Declaration of Bojan Guzina in Support of Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and* |

| | |
|---|---|
| | *1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)255 Declaration re: *Supplemental Declaration In Support of* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert)* |
| 12/20/2019 | 264 Certificate of service re: *Supplement to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/22/2019 | 265 Objection to (related document(s): 176 Document)*Limited Objection of The Official Committee of Unsecured Creditors to the Retention of Harder LLP as Ordinary Course Professional* filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/23/2019 | 266 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 267 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 268 Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/23/2019 | 269 Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2019 (Blanco, J.) |
| 12/23/2019 | 270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 12/23/2019 | 271 Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee (Lambert, Lisa) |
| 12/23/2019 | 272 Trustee's Objection to *Motion to Seal Official Committee's Omnibus Objection and Supporting Exhibits* (RE: related document(s)127 Document) (Lambert, Lisa) |
| 12/23/2019 | 273 Motion for leave to *Extend Deadline to Object to Motion for Relief of Stay of PensionDanmark* (related document(s) 218 Motion for relief from stay) Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/6/2020. (Hoffman, Juliana) |

| | |
|---|---|
| 12/24/2019 | 274 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 275 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/24/2019 | 276 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/25/2019 | 277 BNC certificate of mailing − PDF document. (RE: related document(s)269 Agreed scheduling Order (RE: related document(s)1 Order transferring case filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2019 (Blanco, J.)) No. of Notices: 1. Notice Date 12/25/2019. (Admin.) |
| 12/26/2019 | 278 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Hayward, Melissa) |
| 12/26/2019 | 279 Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration of Ordinary Course Professional; 3) Declaration of Marc D. Katz* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)266 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Houlihan Lokey Financial Advisors Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 267 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Rowlett Law PLLC)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 268 Declaration re: *Disclosure Declaration of Ordinary Course Professional (DLA Piper LLP (US))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/27/2019 | 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 12/27/2019 | 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) (Hayward, Melissa) |
| 12/27/2019 | 282 Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Attachments: # 1 Exhibit A) (Hayward, Melissa) |
| 12/27/2019 | 283 Motion for expedited hearing(related documents 281 Motion to compromise controversy) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Hayward, Melissa) |
| 12/28/2019 | 284 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #4, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − |

000361

| | |
|---|---|
| | Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) (Hayward, Melissa) |
| 12/28/2019 | 285 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor During Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A – Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) (Hayward, Melissa) |
| 12/30/2019 | 286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. (Pomerantz, Jeffrey) |
| 12/30/2019 | 287 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, (Hayward, Melissa) |
| 12/31/2019 | 288 Certificate No Objection to Retention of Sidley Austin LLP filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)* |
| 12/31/2019 | 289 Debtor–in–possession monthly operating report for filing period November 1, 2019 to November 30, 2019 filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 12/31/2019 | 290 Certificate No Objection to Retention of FTI Consulting, Inc. filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)205 Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS). (Hoffman, Juliana)* |
| 12/31/2019 | 291 Order granting motion for expedited hearing (Related Doc# 283)(document set for hearing: 281 Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 281, Entered on 12/31/2019. (Whitaker, Sheniqua) |
| 01/02/2020 | 292 Certificate of service re: *1) Disclosure Declaration of Ordinary Course Professional; 2) Disclosure Declaration Alexander G. McGeoch in Support of Hunton Andrews Kurth LLP as Ordinary Course Professional; 3) Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)274 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Carey Olsen Cayman Limited)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P.., 275 Declaration re: *Disclosure Declaration of Ordinary Course Professional (Hunton* |

000362

| | |
|---|---|
| | *Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> Document). filed by Debtor Highland Capital Management, L.P., <u>276</u> Declaration re: *Disclosure Declaration of Ordinary Course Professional (Wilmer Cutler Pickering Hale and Dorr LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | <u>293</u> Certificate of service re: *Disclosure Declaration of Ordinary Course Professional* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>278</u> Declaration re: *Disclosure Declaration of Ordinary Course Professional (Kim & Chang)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> Document). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | <u>294</u> Certificate Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>226</u> Application to employ Young Conaway Stargatt & Taylor, LLP as Attorney *(Co−Counsel) Nunc Pro Tunc).* (Hoffman, Juliana) |
| 01/02/2020 | <u>295</u> Notice of Appearance and Request for Notice by Edwin Paul Keiffer filed by Interested Party Hunter Mountain Trust. (Keiffer, Edwin) |
| 01/02/2020 | <u>296</u> Certificate of service re: *Documents Served on December 27, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>280</u> Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors, <u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) filed by Debtor Highland Capital Management, L.P., <u>282</u> Support/supplemental document *to the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring Related Services, Nunc Pro Tunc as of the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>74</u> Application to employ Development Specialists, Inc as Financial Advisor). (Attachments: # 1 Exhibit A) filed by Debtor Highland Capital Management, L.P., <u>283</u> Motion for expedited hearing(related documents <u>281</u> Motion to compromise controversy) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/02/2020 | <u>297</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>291</u> Order granting motion for expedited hearing (Related Doc<u>283</u>)(document set for hearing: <u>281</u> Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>281</u>, Entered on 12/31/2019.) No. of Notices: 2. Notice Date 01/02/2020. (Admin.) |
| 01/03/2020 | <u>298</u> Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.) |
| 01/03/2020 | <u>299</u> Motion to extend time to (RE: related document(s)<u>273</u> Motion for leave) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/8/2020. (Hoffman, Juliana) |
| 01/03/2020 | <u>300</u> Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document # <u>222</u>) Entered on 1/3/2020. (Okafor, M.) |
| 01/03/2020 | <u>301</u> Order granting the joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (related document # <u>273</u>). The Committee and the Debtor shall have until January 6, 2020 to object to PensionDanmarks |

| | |
|---|---|
| | Stay Relief Motion Entered on 1/3/2020. (Okafor, M.) |
| 01/05/2020 | 302 BNC certificate of mailing − PDF document. (RE: related document(s)298 Order Regarding Telephonic Appearances Entered on 1/3/2020 (Okafor, M.)) No. of Notices: 45. Notice Date 01/05/2020. (Admin.) |
| 01/05/2020 | 303 BNC certificate of mailing − PDF document. (RE: related document(s)300 Order granting motion to appear pro hac vice adding Dennis M. Twomey for Official Committee of Unsecured Creditors (related document 222) Entered on 1/3/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/05/2020. (Admin.) |
| 01/06/2020 | 304 Order granting 299 joint motion to extend time to object to the motion of PensionDanmark's motion for relief from the automatic stay (Re: related document(s) 299 Motion to extend time to (RE: related document(s)273 Motion for leave)) Entered on 1/6/2020. (Okafor, M.) |
| 01/06/2020 | 305 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Annable, Zachery) |
| 01/06/2020 | 306 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Annable, Zachery) |
| 01/06/2020 | 307 Trustee's Objection to *Joint Motion for Entry of an Order Approving the Agreed Protective Order* (RE: related document(s)280 Motion for protective order) (Lambert, Lisa) |
| 01/06/2020 | 308 Motion to appear pro hac vice for Asif Attarwala. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 309 Motion to appear pro hac vice for Kimberly A. Posin. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 310 Motion to appear pro hac vice for Andrew Clubok. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | 311 Motion to appear pro hac vice for Kuan Huang. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 308). (U.S. Treasury) |

000364

| | |
|---|---|
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 309). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 310). (U.S. Treasury) |
| 01/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27322441, amount $ 100.00 (re: Doc# 311). (U.S. Treasury) |
| 01/06/2020 | 312 Response opposed to (related document(s): 281 Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.) filed by Interested Party Jefferies LLC. (Attachments: # 1 Exhibit A) (Doherty, Casey) |
| 01/06/2020 | 313 Trustee's Objection to *Motion to Approve Joint Agreement* (RE: related document(s)281 Motion to compromise controversy) (Lambert, Lisa) |
| 01/06/2020 | 314 Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/06/2020 | 315 Certificate of service re: *1) Notice of Hearing on Debtors Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to held on January 9, 2020 at 9:30 a.m. (CT); and 2) Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be held on January 9, 2020 at 9:30 a.m. (CT)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)284 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 180, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, L.P., 285 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 177, (Attachments: # 1 Exhibit) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/06/2020 | 316 Certificate of service re: *1) Second Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from November 1, 2019 Through November 30, 2019; 2) Notice of Hearing re: Motion of the Debtor to Approve Settlement with Official Committee of* |

| | |
|---|---|
| | *Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course; to be Held on January 9, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>286</u> Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1/2019 to 11/30/2019, Fee: $798,767.50, Expenses: $26,317.71. Filed by Debtor Highland Capital Management, L.P. Objections due by 1/21/2020. filed by Debtor Highland Capital Management, L.P., <u>287</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>281</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/07/2020 | <u>317</u> Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document # <u>308</u>) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | <u>318</u> Order granting motion to appear pro hac vice adding Kimberly A. Posin for UBS AG London Branch and UBS Securities LLC (related document # <u>309</u>) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | <u>319</u> Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document # <u>310</u>) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.). |
| 01/07/2020 | <u>320</u> Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch and UBS Securities LLC (related document # <u>311</u>) Entered on 1/7/2020. (Okafor, M.) |
| 01/07/2020 | <u>321</u> Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/07/2020 | <u>322</u> Certificate of service re: Certificate of Service filed by Interested Party Jefferies LLC (RE: related document(s)<u>312</u> Response). (Doherty, Casey) |
| 01/07/2020 | <u>323</u> Notice of Appearance and Request for Notice *(Amended)* by Joseph E. Bain filed by Creditor Issuer Group. (Bain, Joseph) |
| 01/07/2020 | <u>324</u> ***WITHDRAWN per docket # <u>467</u>** Objection to (related document(s): <u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P.)*Limited Objection to Motion of the Debtor for Approval of Settlement With the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* filed by Creditor Issuer Group. (Bain, Joseph) Modified on 2/24/2020 (Ecker, C.). |
| 01/08/2020 | <u>325</u> Motion to appear pro hac vice for James T. Bentley. Fee Amount $100 Filed by Creditor Issuer Group (Anderson, Amy) |
| 01/08/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27331269, amount $ 100.00 (re: Doc# <u>325</u>). (U.S. Treasury) |
| 01/08/2020 | <u>326</u> Notice *of Compliance with Local Bankruptcy Rule 2090−4* filed by Creditor Issuer Group. (Anderson, Amy) |

| | |
|---|---|
| 01/08/2020 | <u>327</u> Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Annable, Zachery) |
| 01/08/2020 | <u>328</u> Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>218</u> Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>218</u>, (Hoffman, Juliana) |
| 01/08/2020 | <u>329</u> Response unopposed to (related document(s): <u>313</u> Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # <u>1</u> Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.). |
| 01/08/2020 | <u>330</u> Response unopposed to (related document(s): <u>313</u> Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.). |
| 01/08/2020 | <u>331</u> Certificate of service re: *Order Regarding Request for Expedited Hearing; to be Held on January 9, 2020 at 9:30 a.m. (Prevailing Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>291</u> Order granting motion for expedited hearing (Related Doc<u>283</u>)(document set for hearing: <u>281</u> Motion to compromise controversy) Hearing to be held on 1/9/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>281</u>, Entered on 12/31/2019.). (Kass, Albert) |
| 01/08/2020 | <u>332</u> Certificate of service re: *1) Amended Notice of Hearing on Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authority to Employ Mercer (US) Inc. as Compensation Consultant; to be Held on January 21, 2020 at 9:30 a.m. (Central Time); 2) Amended Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>305</u> Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>180</u> Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>180</u>, filed by Debtor Highland Capital Management, L.P., <u>306</u> Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>177</u> Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>177</u>, filed by Debtor Highland Capital Management, L.P.). |

000367

| | (Kass, Albert) |
|---|---|
| 01/09/2020 | <u>333</u> Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document # <u>325</u>) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | <u>334</u> Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document # <u>206</u>) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | <u>335</u> Court admitted exhibits date of hearing 01/09/2020. DEBTOR EXHIBIT 1 ADMITTED. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) (Jeng, Hawaii) |
| 01/09/2020 | <u>336</u> Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document # <u>205</u>) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | <u>337</u> Order granting application to employ Young Conway Stargatt & Taylor, LLP for Official Committee of Unsecured Creditors as Attorney (Co−Counsel) (related document <u>226</u>) Entered on 1/9/2020. (Okafor, M.) Modified to correct Firm name on 1/13/2020 (Ecker, C.). |
| 01/09/2020 | <u>338</u> Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. ). (Hayward, Melissa) |
| 01/09/2020 | <u>339</u> Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document # <u>281</u>) Entered on 1/9/2020. (Okafor, M.) |
| 01/09/2020 | <u>340</u> Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Exhibit A−−Declaration of Melissa S. Hayward # <u>2</u> Proposed Order) (Annable, Zachery) |
| 01/09/2020 | <u>341</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>317</u> Order granting motion to appear pro hac vice adding Asif Attarwala for UBS AG London Branch and UBS Securities LLC (related document <u>308</u>) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/09/2020. (Admin.) |
| 01/09/2020 | Hearing held on 1/9/2020. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, I. Kharasch, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid and D. Tumi for Unsecured Creditors Committee; A. Chiarello and R. Patel for Asic; L. Lambert for UST; J. Bentley and J. Bain (both telephonically) for CLO and CDO Issuer Group; T. Mascherin and M. Hankin (telephonically) for Redeemer Committee; P. Maxcy (telephonically) for Jeffries. Evidentiary hearing. Motion granted. Counsel to upload appropriate form of order.) (Edmond, Michael) (Entered: 01/10/2020) |
| 01/10/2020 | <u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date |

| | |
|---|---|
| | (related document # 74) Entered on 1/10/2020. (Okafor, M.) |
| 01/10/2020 | 343 Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. (Hoffman, Juliana) |
| 01/10/2020 | 344 Certificate of service re: *Documents Served on January 8, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)327 Declaration re: *(Declaration of Bradley D. Sharp in Support of the Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 328 Agreed Notice of hearing*with PensionDanmark and Highland Capital Management, L.P.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)218 Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab Objections due by 12/23/2019. (Attachments: # 1 Declaration # 2 Proposed Order)). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 218, filed by Creditor Committee Official Committee of Unsecured Creditors, 329 Response unopposed to (related document(s): 313 Objection) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Hayward, Melissa) Modified to match docket text to PDF on 1/9/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P., 330 Response unopposed to (related document(s): 313 Objection) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) Modified text to match PDF on 1/9/2020 (Ecker, C.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/10/2020 | 345 Certificate of service re: *Documents Served on January 9, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)334 Order granting application to employ Sidley Austin LLP for Official Committee of Unsecured Creditors as Attorney (related document 206) Entered on 1/9/2020. (Okafor, M.), 336 Order granting application to employ FTI Consulting, Inc. as Financial Advisor to The Official Committee of Unsecured Creditors (related document 205) Entered on 1/9/2020. (Okafor, M.), 337 Order granting application to employ Conway Stargatt & Taylor, LLP for Official Committee of Unsecured Creditors as Attorney (Co−Counsel) (related document 226) Entered on 1/9/2020. (Okafor, M.), 338 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors, Strand Advisors, Inc., and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. ). filed by Debtor Highland Capital Management, L.P., 340 Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Declaration of Melissa S. Hayward # 2 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/10/2020 | 346 BNC certificate of mailing − PDF document. (RE: related document(s)319 Order granting motion to appear pro hac vice adding Andrew Clubok for UBS AG London Branch and UBS Securities LLC (related document 310) Entered on 1/7/2020. (Okafor, M.) MODIFIED text on 1/7/2020 (Okafor, M.).) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |
| 01/10/2020 | 347 BNC certificate of mailing − PDF document. (RE: related document(s)320 Order granting motion to appear pro hac vice adding Kuan Huang for UBS AG London Branch |

000369

| | |
|---|---|
| | and UBS Securities LLC (related document 311) Entered on 1/7/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/10/2020. (Admin.) |
| 01/11/2020 | 348 BNC certificate of mailing − PDF document. (RE: related document(s)333 Order granting motion to appear pro hac vice adding James T. Bentley for Issuer Group (related document 325) Entered on 1/9/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/11/2020. (Admin.) |
| 01/12/2020 | 349 BNC certificate of mailing − PDF document. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/12/2020. (Admin.) |
| 01/13/2020 | 350 Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/13/2020 | 351 Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 01/13/2020 | 352 DOCKET IN ERROR: Request for transcript regarding a hearing held on 1/9/2020. The requested turn−around time is daily. (Edmond, Michael) Modified on 1/21/2020 REQUEST WAS CANCELLED THE SAME DATE AS REQUESTED OF 1/13/2020. (Edmond, Michael). |
| 01/13/2020 | 353 Objection to (related document(s): 270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee) |
| 01/14/2020 | 354 Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A−−Final Term Sheet) (Annable, Zachery) |
| 01/14/2020 | 355 Certificate of service re: *Summary and First Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from October 29, 2019 to and Including November 30, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)343 Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $795,054.96, Expenses: $10,247.88. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 1/31/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 01/14/2020 | 356 Certificate of service re: *Debtor's Motion for Entry of an Order Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)351 Motion to extend time to (Debtor's Motion for |

| | |
|---|---|
| | Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) Filed by Debtor Highland Capital Management, L.P. Objections due by 2/6/2020. (Attachments: # 1 Exhibit A——Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/14/2020 | 357 Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)271 Trustee's Motion to appoint trustee). (Lambert, Lisa) |
| 01/14/2020 | 358 Witness and Exhibit List *in connection with Motion to Seal and Joint Motion for an Agreed Protective Order* filed by U.S. Trustee United States Trustee (RE: related document(s)10 Motion to file document under seal., 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order*). (Lambert, Lisa) |
| 01/15/2020 | 359 Agreed Motion to continue hearing on (related documents 218 Motion for relief from stay) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 01/15/2020 | 360 Withdrawal *of Precautionary Motion of the Debtor for Order Approving Protocols for the Debtor to Implement Certain Transactions in the Ordinary Course of Business* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)76 Motion by Highland Capital Management, L.P..). (Hayward, Melissa) |
| 01/15/2020 | 361 Order granting motion to continue hearing on (related document # 359) (related documents Motion for relief from stay *MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT* Fee amount $181,). It is hereby ORDERED that a hearing on the Stay Relief Motion shall be continued to a later date provided by the Court and mutually acceptable to the Parties. Entered on 1/15/2020. (Okafor, M.) |
| 01/15/2020 | 362 Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/15/2020 | 363 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A − Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C − Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Hurst Declaration # 3 Exhibit B − Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to |

| | |
|---|---|
| | Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.), 271 Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee, 280 Motion for protective order.*Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors. Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 7 and for 68 and for 177 and for 259 and for 280 and for 271 and for 180 and for 69, (Annable, Zachery) |
| 01/15/2020 | 364 Objection to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 01/16/2020 | 365 Certificate of service re: Objection to First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel for the Period From October 16, 2019 Through November 30, 2019 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019*). (Chiarello, Annmarie) |
| 01/16/2020 | 366 Amended Witness and Exhibit List *in Connection with Motion to Appoint a Chapter 11 Trustee* filed by U.S. Trustee United States Trustee (RE: related document(s)357 List (witness/exhibit/generic)). (Lambert, Lisa) |
| 01/16/2020 | 367 Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, 69 Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). (Chiarello, Annmarie) |
| 01/16/2020 | 368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/17/2020 | 369 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from October 16, 2019, Through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A—Staffing Report) (Annable, Zachery) |

000372

| | |
|---|---|
| 01/17/2020 | <u>370</u> Joint Motion to continue hearing on (related documents <u>68</u> Application to employ, <u>69</u> Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Proposed Order) (Annable, Zachery) |
| 01/17/2020 | <u>371</u> Order granting joint motion to continue hearing on (related document # <u>370</u>) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.) |
| 01/17/2020 | <u>372</u> Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>362</u> Response). (Annable, Zachery) |
| 01/19/2020 | <u>373</u> Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>368</u> Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 01/20/2020 | <u>374</u> Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>368</u> Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.., <u>373</u> Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>368</u> Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 01/21/2020 | <u>375</u> Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>229</u> Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)<u>271</u> Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.) (Edmond, Michael) |
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)<u>7</u> Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: <u>1</u> Exhibit A − Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. |

000373

| | |
|---|---|
| | Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | _376_ Certificate of service re: *Notice of Final Term Sheet* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)354 Notice *(Notice of Final Term Sheet)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)). (Attachments: # 1 Exhibit A—Final Term Sheet) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice and Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | _377_ Certificate of service re: *1) Objection of the Debtor to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee; and 2) Notice of Hearing; to be Held on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)362 Response opposed to (related document(s): 271 Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., _363_ Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: 1 Exhibit A − Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF |

000374

| | |
|---|---|
| | DELAWARE] (Okafor, M.), 68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C − Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Hurst Declaration # 3 Exhibit B − Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 259 Support/supplemental document *to the Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)7 Motion to maintain bank accounts.)., 271 Trustee's Motion to appoint trustee Filed by U.S. Trustee United States Trustee, 280 Motion for protective order *Joint Motion for Entry of an Order Approving the Agreed Protective Order* Filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors). Hearing to be held on 1/21/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 7 and for 68 and for 177 and for 259 and for 280 and for 271 and for 180 and for 69, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Committee of Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.) (Edmond, Michael) |
| 01/21/2020 | Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 |

|  | Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)(Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.) (Edmond, Michael) |
|---|---|
| 01/21/2020 | <u>378</u> Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. (Hoffman, Juliana) |
| 01/21/2020 | <u>383</u> Court admitted exhibits date of hearing January 21, 2020 (RE: related document(s)<u>271</u> Trustee's Motion to appoint trustee filed by Lisa Lambert representing the U.S. Trustee) (Court Admitted U.S. Trustee's Exhibits #4, #5, #7, #8, #9, #10 and Took Judicial Notice of Exhibit #11) (Edmond, Michael) (Entered: 01/22/2020) |
| 01/22/2020 | <u>379</u> Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document # <u>7</u>) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | <u>380</u> Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document # <u>177</u>) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | <u>381</u> Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document # <u>180</u>) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | <u>382</u> Agreed Order Granting Motion for Protective Order (related document # <u>280</u>) Entered on 1/22/2020. (Okafor, M.) |
| 01/22/2020 | <u>384</u> Declaration re: *Notice / Declaration of Conor P. Tully in Support of the Retention of FTI Consulting, Inc.* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>205</u> Application to employ FTI CONSULTING, INC. as Financial Advisor *APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVIS). (Hoffman, Juliana)* |
| 01/22/2020 | <u>385</u> Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>235</u> Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). (Annable, Zachery) |
| 01/22/2020 | <u>386</u> Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>286</u> Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). (Annable, Zachery) |
| 01/22/2020 | <u>387</u> Request for transcript regarding a hearing held on 1/21/2020. The requested turn−around time is hourly. (Edmond, Michael) (Entered: 01/23/2020) |

| | |
|---|---|
| 01/23/2020 | <u>388</u> Certificate of service re: First Supplemental Declaration of Conor P. Tully In Support of the Application Authorizing the Employment and Retention of FTI Consulting, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 6, 2019 filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>384</u> Declaration). (Hoffman, Juliana) |
| 01/23/2020 | <u>389</u> Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co−Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020. (Hoffman, Juliana) |
| 01/23/2020 | <u>390</u> Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>389</u> Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co−Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). (Hoffman, Juliana) |
| 01/23/2020 | <u>391</u> Certificate of service re: Final Fee Application *on behalf of Young Conaway Stargatt & Taylor, LLP* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>389</u> Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co−Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Perio). (Hoffman, Juliana) |
| 01/24/2020 | <u>392</u> Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. (Pomerantz, Jeffrey) |
| 01/24/2020 | <u>393</u> Transcript regarding Hearing Held 01/21/2020 (140 pgs.) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 04/23/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) Hearing held on 1/21/2020. (RE: related document(s)<u>271</u> Trustee's Motion to appoint trustee filed by U.S. Trustee United States Trustee) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Evidentiary hearing. Motion denied. Debtors counsel should upload a form of order consistent with the courts ruling.), Hearing held on 1/21/2020. (RE: related document(s)<u>7</u> Motion to Maintain Bank Accounts /Motion of the Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System and Brokerage Relationships, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P. (Attachments: <u>1</u> Exhibit A − Interim Order) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #5 ON 10/16/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted on a final basis. Debtors counsel should upload |

000377

order.), Hearing held on 1/21/2020. (RE: related document(s)177 Motion to Authorize Motion of the Debtor for Entry of an Order Authorizing the Debtor to Pay and Honor Ordinary Course Employee Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Exhibit A − Proposed Order # 2 Notice) [ORIGINALLY FILED AS DOCUMENT #170 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion, as narrowed, granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)180 Application/Motion to Employ/Retain Mercer (US) Inc. as Compensation Consultant Filed by Highland Capital Management, L.P.. Hearing scheduled for 12/17/2019 at 11:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 12/10/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − Declaration of John Dempsey in Support # 4 Exhibit C − Highland Key Employee Incentives # 5 Certificate of Service and Service List)(O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #173 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)280 Motion for protective order Joint Motion for Entry of an Order Approving the Agreed Protective Order filed by Debtor Highland Capital Management, L.P., Creditor Committee Official Committee of Unsecured Creditors) (Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion granted, with certain amendments as discussed on the record. Debtors counsel should upload order.), Hearing held on 1/21/2020. (RE: related document(s)127 Motion to File Under Seal of the Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for Ordinary Course Transactions Filed by Official Committee of Unsecured Creditors. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/19/2019. (Attachments: # 1 Notice # 2 Proposed Form of Order) [ORIGINALLY FILED AS DOCUMENT #123 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)(Appearances: J. Pomerantz, J. Morris, M. Litvak, M. Hayward, and Z. Annable for Debtor; D. Twomey, P. Reid, and J. Hoffman for Official Unsecured Creditors Committee; R. Patel for Acis; L. Lambert for UST; M. Platt and M. Hankin (telephonically) for Crusader Fund Redeemer Committee; K. Posin and A. Attarwala for UBS; A. Anderson and J. Bentley (telephonically) for CLO Issuers. Nonevidentiary hearing. Motion denied for mootness. UCCs counsel should upload order.)). Transcript to be made available to the public on 04/23/2020. (Rehling, Kathy)

| 01/24/2020 | 394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland) |
|---|---|

| | |
|---|---|
| 01/24/2020 | 395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 01/24/2020 | 396 Motion for expedited hearing(related documents 395 Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016−1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 01/24/2020 | 397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order # 2 Exhibit B−−Email Correspondence) (Annable, Zachery) |
| 01/24/2020 | 398 BNC certificate of mailing − PDF document. (RE: related document(s)381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180)) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 01/24/2020. (Admin.) |
| 01/24/2020 | 399 BNC certificate of mailing − PDF document. (RE: related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document 7) Entered on 1/22/2020. (Okafor, M.)) No. of Notices: 44. Notice Date 01/24/2020. (Admin.) |
| 01/27/2020 | 400 Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 01/27/2020 | 401 Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 402 Certificate of service re: *Documents Served on January 17, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)369 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from October 16, 2019, Through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A−−Staffing Report) filed by Debtor Highland Capital Management, L.P., 370 Joint Motion to continue hearing on (related documents 68 Application to employ, 69 Application to employ)*(Joint Motion for Continuance of Hearing on (i) Debtor's Application for an Order Authorizing the Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date, and (ii) Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 371 Order granting |

| | |
|---|---|
| | joint motion to continue hearing on (related document 370) (related documents Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel, Application to employ Lynn Pinker Cox & Hurst LLP as Special Counsel). ORDERED that the hearing on the Applications currently scheduled for January 21, 2020 at 9:30 a.m., will be continued to a new hearing date to be determined by the Parties; and it is further Entered on 1/17/2020. (Okafor, M.), 372 Witness and Exhibit List *(Debtor's Witness and Exhibit List in Connection with Its Opposition to Motion to Appoint a Chapter 11 Trustee)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)362 Response). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 403 Certificate of service re: *Documents Served on or before January 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)* filed by Debtor Highland Capital Management, L.P..). filed by Debtor Highland Capital Management, L.P., 374 Amended Notice *(Second Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time)* filed by Debtor Highland Capital Management, L.P.., 373 Amended Notice *(First Amended Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)368 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 21, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). filed by Debtor Highland Capital Management, L.P., 378 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $322,274.88, Expenses: $4,687.35. Filed by Attorney Juliana Hoffman Objections due by 2/11/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 01/27/2020 | 404 Certificate of service re: *Documents Served on January 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)379 Final Order Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account and Maxim Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief Filed By Highland Capital Management, L.P (related document 7) Entered on 1/22/2020. (Okafor, M.), 380 Order Authorizing Debtor to Pay and Honor Ordinary Course Obligations Under Employee Bonus Plans and Granting Related Relief Filed by Highland Capital Management, L.P. (related document 177) Entered on 1/22/2020. (Okafor, M.), 381 Order Granting Application to Employ Mercer (US) Inc. as Compensation Consultant to the debtor (related document 180) Entered on 1/22/2020. (Okafor, M.), 382 Agreed Order Granting Motion for Protective Order (related document 280) Entered on 1/22/2020. (Okafor, M.), 385 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)235 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From October 16, 2019 Through October 31, 2019* for Highland C). filed by Debtor Highland Capital Management, L.P., 386 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)286 Application for compensation *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2019 through November 30, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 11/1). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/27/2020 | 405 Debtor−in−possession monthly operating report for filing period 10/16/2019 to 10/31/2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/27/2020 | 406 Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized* |

000380

| | |
|---|---|
| | *by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1—Updated OCP List # 2 Exhibit 2—Blackline OCP List) (Annable, Zachery) |
| 01/27/2020 | 407 Declaration re: *(Disclosure Declaration of Ordinary Course Professional−−Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 01/27/2020 | 408 Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order # 2 Exhibit B—Email Correspondence)). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 01/28/2020 | 409 Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document and 127 Motion ). Entered on 1/28/2020 (Okafor, M.). Modified linkage on 2/11/2020 (Okafor, M.). |
| 01/28/2020 | 410 Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc# 396)(document set for hearing: 395 Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, Entered on 1/28/2020. (Okafor, M.) |
| 01/28/2020 | 411 Notice of Appearance and Request for Notice by Shawn M. Christianson Filed by Creditor Oracle America, Inc.. (Christianson, Shawn) |
| 01/28/2020 | 412 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, (Annable, Zachery) |
| 01/29/2020 | 413 Certificate of service re: *1) First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co− Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020; 2) Notice of First and Final Application of Young Conaway Stargatt & Taylor, LLP as Co−Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses Incurred for the First and Final Period from November 8, 2019 Through and Including January 13, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co−Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Creditor Committee Official Committee of Unsecured Creditors, 390 Supplemental Notice *of the Young Conaway Stargatt & Taylor, LLP Final Fee Application* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co−Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/8/2019 to 1/13/2020, Fee: $272,300.00, Expenses: $8,855.56. Filed by Attorney Juliana Hoffman Objections due by 2/13/2020.). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |

000381

| | |
|---|---|
| 01/29/2020 | <u>414</u> Certificate of service re: *Documents Served on January 24, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>392</u> Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/2019 to 12/31/2019, Fee: $589,730.35, Expenses: $26,226.80. Filed by Debtor Highland Capital Management, L.P. Objections due by 2/14/2020. filed by Debtor Highland Capital Management, L.P., <u>394</u> Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland), <u>395</u> Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A––Proposed Order) filed by Debtor Highland Capital Management, L.P., <u>396</u> Motion for expedited hearing(related documents <u>395</u> Motion to extend/shorten time) *(Motion for (i) Expedited Hearing on Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. 1121(d) and Local Rule 3016–1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan, or Alternatively, (ii) Entry of a Bridge Order Extending the Exclusivity Period for the Filing of a Chapter 11 Plan Through February 19, 2020)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., <u>397</u> Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): <u>382</u> Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A––Proposed Order # 2 Exhibit B––Email Correspondence) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/30/2020 | <u>415</u> Certificate of service re: *Documents Served on January 27, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>406</u> Notice *(Notice of Filing of Third Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1––Updated OCP List # 2 Exhibit 2––Blackline OCP List) filed by Debtor Highland Capital Management, L.P., <u>407</u> Declaration re: *(Disclosure Declaration of Ordinary Course Professional––Shawn Raver)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> Document). filed by Debtor Highland Capital Management, L.P., <u>408</u> Notice of hearing*(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>397</u> Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings)* (related document(s): <u>382</u> Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A––Proposed Order # 2 Exhibit B––Email Correspondence). Status Conference to be held on 2/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/30/2020 | <u>416</u> Certificate of service re: *Documents Served on January 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>409</u> Order Denying as Moot the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing Filing Under Seal of the Omnibus Objection to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash Management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions (RE: related document(s) 128 Document). Entered on 1/28/2020 (Okafor, M.), <u>410</u> Bridge Order extending the exclusivity periods for filing Chapter 11 Plan and granting motion for expedited hearing (Related Doc<u>396</u>)(document set for hearing: <u>395</u> Motion to extend/shorten time) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>395</u>, Entered on 1/28/2020. (Okafor, M.), <u>412</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>395</u> Motion to extend or limit |

| | |
|---|---|
| | the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A⸺Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 395, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/31/2020 | 417 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2019 through December 31, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring⸺Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 01/31/2020 | 418 Debtor⸺in⸺possession monthly operating report for filing period December 1, 2019 to December 31, 2019 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/31/2020 | 419 Motion to extend time to (Agreed Motion to Extend by One Hundred Twenty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 01/31/2020 | 420 Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee: $702,665.28, Expenses: $30,406.08. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 2/21/2020. (Attachments: # 1 Exhibit A Fee Statement # 2 Exhibit B Expense Detail) (Hoffman, Juliana) |
| 01/31/2020 | 421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A⸺Form of Bar Date Notice # 2 Exhibit B⸺Form of Publication Notice # 3 Exhibit C⸺Proposed Order) (Annable, Zachery) |
| 01/31/2020 | 422 Motion for expedited hearing(related documents 421 Motion for leave) *(Motion for Expedited Hearing on Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 02/02/2020 | 423 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)343 Application for compensation *First Monthly Application for Compensation and for Reimbursement of Expenses of Sidley Austin LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 11/30/2019, Fee: $7). (Hoffman, Juliana) |
| 02/03/2020 | 424 Certificate of service re: *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/04/2020 | 425 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)340 Application to employ Hayward & Associates PLLC as Attorney *(Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associate). (Hayward, Melissa)* |

| | |
|---|---|
| 02/04/2020 | <u>426</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>421</u> Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Form of Bar Date Notice # 2 Exhibit B—Form of Publication Notice # 3 Exhibit C—Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>421</u>, (Annable, Zachery) |
| 02/05/2020 | <u>427</u> Order granting motion for expedited hearing (Related Doc# <u>422</u>)(document set for hearing: <u>421</u> Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) Hearing to be held on 2/19/2020 at 9:30 AM Dallas Judge Jernigan Ctrm for <u>421</u>, Entered on 2/5/2020. (Okafor, M.) |
| 02/05/2020 | <u>428</u> Order denying motion to appoint trustee. (related document # <u>271</u>) Entered on 2/5/2020. (Okafor, M.) |
| 02/06/2020 | <u>429</u> Order granting <u>419</u> Motion to Extend Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days Entered on 2/6/2020. (Okafor, M.) |
| 02/06/2020 | <u>430</u> Certificate of service re: *Documents Served on January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>417</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2019 through December 31, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring–Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., <u>419</u> Motion to extend time to (Agreed Motion to Extend by One Hundred Twenty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., <u>420</u> Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee: $702,665.28, Expenses: $30,406.08. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 2/21/2020. (Attachments: # 1 Exhibit A Fee Statement # 2 Exhibit B Expense Detail) filed by Creditor Committee Official Committee of Unsecured Creditors, <u>421</u> Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Form of Bar Date Notice # 2 Exhibit B—Form of Publication Notice # 3 Exhibit C—Proposed Order) filed by Debtor Highland Capital Management, L.P., <u>422</u> Motion for expedited hearing(related documents <u>421</u> Motion for leave) *(Motion for Expedited Hearing on Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/06/2020 | <u>431</u> Certificate of service re: *Notice of Hearing on Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (II) Approving the Form and Manner of Notice Thereof* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>426</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>421</u> Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Form of Bar Date Notice # 2 Exhibit B—Form of Publication Notice # 3 Exhibit C—Proposed Order)). Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>421</u>, filed by Debtor Highland |

| | |
|---|---|
| | Capital Management, L.P.). (Kass, Albert) |
| 02/06/2020 | 432 Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/07/2020 | 433 Clerk's correspondence requesting an order or a notice of hearing from attorney for debtor. (RE: related document(s)270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)) Responses due by 2/14/2020. (Ecker, C.) |
| 02/10/2020 | 434 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)351 Motion to extend time to (Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure)). (Hayward, Melissa) |
| 02/10/2020 | 435 Order granting application to employ Hayward & Associates PLLC for Highland Capital Management, L.P. as Local Counsel (related document # 340) Entered on 2/10/2020. (Okafor, M.) |
| 02/10/2020 | 436 Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)229 Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/10/2020 | 437 Notice *(Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Hurst Declaration # 3 Exhibit B − Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 02/10/2020 | 438 **WITHDRAWN by document # 443** Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270, (Annable, Zachery) Modified on 2/13/2020 (Ecker, C.). |

| | |
|---|---|
| 02/11/2020 | 439 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)67 Motion by Highland Capital Management, L.P..). (Annable, Zachery) |
| 02/12/2020 | 440 Certificate of service re: *1) Order Granting Motion for Expedited Hearing on Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (II) Approving the Form and Manner of Notice Thereof; to be Held on February 19, 2020 at 9:30 a.m. (Central Time); 2) Order Denying United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)427 Order granting motion for expedited hearing (Related Doc422)(document set for hearing: 421 Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) Hearing to be held on 2/19/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 421, Entered on 2/5/2020. (Okafor, M.), 428 Order denying motion to appoint trustee. (related document 271) Entered on 2/5/2020. (Okafor, M.)). (Kass, Albert) |
| 02/12/2020 | 441 Certificate of service re: *Order Extending Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)429 Order granting 419 Motion to Extend Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by One Hundred and Twenty Days Entered on 2/6/2020. (Okafor, M.)). (Kass, Albert) |
| 02/12/2020 | 442 Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 3/4/2020. (Hoffman, Juliana) |
| 02/12/2020 | 443 Notice *(Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)438 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270,). (Annable, Zachery) |
| 02/12/2020 | 444 Certificate No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)378 Application for compensation *First Monthly Application for Compensation and Reimbursement of Expenses on behalf of the Unsecured Creditors Committee* for FTI Consulting, Inc., Financial Advisor, Period: 11/6/2019 to 11/30/2019, Fee: $32). (Hoffman, Juliana) |
| 02/13/2020 | 445 Certificate of service re: *1) Order Authorizing and Approving Debtor's Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Hayward & Associates PLLC as Local Counsel; 2) Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date; and 3) Notice of Hearing re: First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 Through November 30, 2019; to be Held on March 11, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related |

000386

| | |
|---|---|
| | document(s)435 Order granting application to employ Hayward & Associates PLLC for Highland Capital Management, L.P. as Local Counsel (related document 340) Entered on 2/10/2020. (Okafor, M.), 437 Notice *(Notice of Withdrawal of Debtor's Application for an Order Authorizing the Retention and Employment of Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel, Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)69 Application/Motion to Employ/Retain Lynn Pinker Cox & Hurst LLP as Special Texas Litigation Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Hurst Declaration # 3 Exhibit B − Proposed Order # 4 2016 Statement # 5 Declaration Frank Waterhouse # 6 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #70 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., 438 **WITHDRAWN by document 443** Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270, (Annable, Zachery) Modified on 2/13/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/13/2020 | 446 Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). (Chiarello, Annmarie) |
| 02/13/2020 | 447 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)395 Motion to extend or limit the exclusivity period). (Annable, Zachery) |
| 02/13/2020 | 448 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)421 Motion for leave *(Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof)*). (Annable, Zachery) |
| 02/13/2020 | 449 Certificate of service re: *1) Second Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from December 1, 2019 to and Including December 31, 2019; 2) Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 Through November 30, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)442 Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 3/4/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, Financial Advisor FTI Consulting, Inc., 443 Notice *(Notice of Withdrawal of Notice of Hearing on the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)438 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)270 Application for compensation − *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 10/16/2019 to |

000387

|  | 11/30/2019, Fee: $176129.00, Expenses: $7836.31. Filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP Objections due by 1/13/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland)). Hearing to be held on 3/11/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 270,). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 02/14/2020 | 450 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)389 Application for compensation *First and Final Application for Compensation and Reimbursement of Expenses on behalf of Young Conaway Stargatt & Taylor, LLP as Co−Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Perio). (Hoffman, Juliana) |
| 02/14/2020 | 451 Motion for relief from stay Fee amount $181, Filed by Jennifer G. Terry, Joshua Terry Objections due by 3/2/2020. (Attachments: # 1 Exhibit 1 (Arb Award) # 2 Exhibit 2 (Rule 11) # 3 Exhibit 3 (Terry Declaration)) (Shaw, Brian) |
| 02/14/2020 | Receipt of filing fee for Motion for relief from stay(19−34054−sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27457656, amount $ 181.00 (re: Doc# 451). (U.S. Treasury) |
| 02/14/2020 | 452 Notice of hearing filed by Jennifer G. Terry, Joshua Terry (RE: related document(s)451 Motion for relief from stay Fee amount $181, Filed by Jennifer G. Terry, Joshua Terry Objections due by 3/2/2020. (Attachments: # 1 Exhibit 1 (Arb Award) # 2 Exhibit 2 (Rule 11) # 3 Exhibit 3 (Terry Declaration))). Preliminary hearing to be held on 3/11/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Shaw, Brian) |
| 02/14/2020 | 453 Objection to (related document(s): 394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 20) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee)* |
| 02/14/2020 | 454 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)68 Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). (Annable, Zachery) |
| 02/17/2020 | 455 Notice *(Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/18/2020 | 456 Notice *of Withdrawal of Objection* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)124 Limited Objection to the Debtor's Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP and Lynn Pinker Cox & Hurst as Special Texas Counsel and Special Litigation Counsel, Nunc Pro Tunc to the Petition Date (related document(s)69, 70) Filed by Official Committee of Unsecured Creditors (Weissgerber, Jaclyn) [ORIGINALLY FILED AS DOCUMENT #120 ON 11/12/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Hoffman, Juliana) |
| 02/18/2020 | 457 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)392 Application for compensation *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2019 through December 31, 2019* for Highland Capital Management, L.P., Debtor's Attorney, Period: 12/1/). (Annable, Zachery) |
| 02/19/2020 | 458 Order granting first and final application for compensation (related document # 389) granting for Young Conaway Stargatt & Taylor, LLP as co−counsel for Official Committee of Unsecured Creditors, fees awarded: $272300.00, expenses awarded: $8855.56 Entered on 2/19/2020. (Okafor, M.) |

| | |
|---|---|
| 02/19/2020 | 459 Order granting 351 Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 460 Order granting 395 Debtor's Motion to extend or limit the exclusivity period through and including June 12, 2020 Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 461 Order granting motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief (related document # 67) Entered on 2/19/2020. (Okafor, M.) |
| 02/19/2020 | 462 Court admitted exhibits date of hearing February 19, 2020 (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P., (Court Admitted Debtors/Plaintiffs Exhibits #1, #2, #3, #4, #5, #6, #7 #8, & #9; Also Admitted Defendant/Respondent Exhibits #16 & #27 only). (Edmond, Michael) |
| 02/19/2020 | 463 Request for transcript regarding a hearing held on 2/19/2020. The requested turn−around time is hourly (Jeng, Hawaii) |
| 02/19/2020 | Hearing held on 2/19/2020. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Evidentiary hearing. Court granted in part and denied in part. Foley is approved for representation of Highland in all Acis bankruptcy case and adversary proceeding matters; court does not approve Highland paying Foley for Foleys representation of Neutra in Neutras appeal of Acis involuntary order for relief; court will approve Foley representing Highland in its appeal of Acis confirmation order but fees for Foley in connection with this appeal will be allocated appropriately between Neutra and Highland, and Highland will not pay for Neutras allocated portion of fees. Court added that it is skeptical regarding likely benefits to Highland of the appeal of Acis confirmation order, even assuming success on appeal (in contrast to possible benefits to Neutra and HCLOF) since, among other things, reversal of confirmation order would not reinstate previously rejected contracts or remove the Chapter 11 trustee. Thus, the court will closely evaluate fees requested ultimately for likely benefit to Highland. Order should be submitted.(Edmond, Michael) (Entered: 02/25/2020) |
| 02/19/2020 | Hearing held on 2/19/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court heard reports that carryover issues are being resolved.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/19/2020 | Hearing held on 2/19/2020. (RE: related document(s)397 Motion to enforce(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings) (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. |

000389

| | |
|---|---|
| | *Discussion of prior order on sealing motion and court clarified its intent.) (Edmond, Michael) (Entered: 02/25/2020)* |
| 02/19/2020 | Hearing held on 2/19/2020. (RE: related document(s)421 Motion for leave (Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) filed by Debtor Highland Capital Management, L.P.,) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/19/2020 | Hearing held on 2/19/2020. (RE: related document(s)218 Motion for relief from stay MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court granted request to carry this matter to the 3/11/20 omnibus hearing.) (Edmond, Michael) (Entered: 02/25/2020) |
| 02/20/2020 | 464 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland Capital Management, L.P., Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $898,094.25, Expenses: $28,854.75. Filed by Debtor Highland Capital Management, L.P. Objections due by 3/12/2020. (Pomerantz, Jeffrey) |
| 02/20/2020 | 465 Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 12/31/2019, Fee: $18,695.00, Expenses: $80.60. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A December 2019 Fee Statement) (Annable, Zachery) |
| 02/21/2020 | 466 Notice *(Notice of Debtor's Amended Operating Protocols)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)339 Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document 281) Entered on 1/9/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A—Amended Operating Protocols # 2 Exhibit B—Redline of Amended Operating Protocols) (Annable, Zachery) |
| 02/21/2020 | 467 Withdrawal *of Limited Objection to Motion of the Debtor for Approval of Settlement with The Official Committee Of Unsecured Creditors regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* filed by Creditor Issuer Group (RE: related document(s)324 Objection). (Bain, Joseph) |
| 02/21/2020 | 468 Certificate of service re: Objection to Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel for the Period From December 1, 2019 through December 31, 2019 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 20). (Chiarello, Annmarie)* |

| | |
|---|---|
| 02/21/2020 | <u>469</u> Certificate of service re: *Debtor's Witness and Exhibit List in Connection with its Application for an Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>454</u> Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>68</u> Application to employ Foley Gardere, Foley & Lardner LLP as Special Counsel). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/21/2020 | <u>470</u> Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>455</u> Notice *(Notice of Agenda of Matters Scheduled for Hearing on February 19, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/21/2020 | <u>471</u> Certificate of service re: *1) Order Extending Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; 2) Order Granting Debtors Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(D) and Local Rule 3016−1 Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan; 3) Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. § 1505 and (II) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>459</u> Order granting <u>351</u> Debtor's Motion for Entry of an Order Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure Entered on 2/19/2020. (Okafor, M.), <u>460</u> Order granting <u>395</u> Debtor's Motion to extend or limit the exclusivity period through and including June 12, 2020 Entered on 2/19/2020. (Okafor, M.), <u>461</u> Order granting motion of the Debtor for Entry of an Order (I) Authorizing Bradley D. Sharp to Act as Foreign Representative Pursuant to 11 U.S.C. Section 1505 and (II) Granting Related Relief (related document <u>67</u>) Entered on 2/19/2020. (Okafor, M.)). (Kass, Albert) |
| 02/23/2020 | <u>472</u> Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>420</u> Application for compensation *Second Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2019 to 12/31/2019, Fee). (Hoffman, Juliana) |
| 02/24/2020 | <u>473</u> Agreed Order granting motion for relief from stay by Creditor PensionDanmark Pensionsforsikringsaktieselskab (related document # <u>218</u>) Entered on 2/24/2020. (Okafor, M.) |
| 02/24/2020 | <u>474</u> Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Exhibit A—Proposed Order # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E # <u>6</u> Exhibit F # <u>7</u> Exhibit G) (Annable, Zachery) |
| 02/24/2020 | <u>475</u> Motion for expedited hearing(related documents <u>474</u> Motion for authority to apply and disburse funds) Filed by Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Proposed Order) (Annable, Zachery) |
| 02/24/2020 | <u>476</u> Certificate of service re: *(Supplemental) Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors; to be Held on January 9, 2020 at 11:00 a.m.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>229</u> Meeting of creditors 341(a) meeting to be held on 1/9/2020 at 11:00 AM at Dallas, Room 976. Proofs of Claims due by 4/8/2020. Attorney(s)certificate of service of 341 meeting chapter 11 to be filed by 01/9/2020.). (Kass, Albert) |
| 02/25/2020 | |

000391

| | |
|---|---|
| | 477 Order granting motion for expedited hearing (Related Doc# 475)(document set for hearing: 474 Motion for authority to apply and disburse funds) Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, Entered on 2/25/2020. (Okafor, M.) |
| 02/25/2020 | 478 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G)). Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 474, (Annable, Zachery) |
| 02/26/2020 | 479 Transcript regarding Hearing Held 02/19/2020 (188 pgs.) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 05/26/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) Hearing held on 2/19/2020. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Evidentiary hearing. Court granted in part and denied in part. Foley is approved for representation of Highland in all Acis bankruptcy case and adversary proceeding matters; court does not approve Highland paying Foley for Foleys representation of Neutra in Neutras appeal of Acis involuntary order for relief; court will approve Foley representing Highland in its appeal of Acis confirmation order but fees for Foley in connection with this appeal will be allocated appropriately between Neutra and Highland, and Highland will not pay for Neutras allocated portion of fees. Court added that it is skeptical regarding likely benefits to Highland of the appeal of Acis confirmation order, even assuming success on appeal (in contrast to possible benefits to Neutra and HCLOF) since, among other things, reversal of confirmation order would not reinstate previously rejected contracts or remove the Chapter 11 trustee. Thus, the court will closely evaluate fees requested ultimately for likely benefit to Highland. Order should be submitted., Hearing held on 2/19/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court heard reports that carryover issues are being resolved.), Hearing held on 2/19/2020. (RE: related document(s)397 Motion to enforce*(Motion of the Debtor for the Entry of an Order Concerning the "Sealing Motion" and for a Conference Concerning the Substance, Scope and Intent of Certain Recent Rulings) (related document(s): 382 Order on motion for protective order) Filed by Debtor Highland Capital Management, L.P.) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Discussion of prior order on sealing motion and court clarified its intent.), Hearing held on 2/19/2020. (RE: related document(s)421 Motion for leave (Debtor's Motion for an Order (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof) filed by Debtor Highland Capital Management, L.P.,) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for* |

| | |
|---|---|
| | *Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Motion granted. Counsel to upload order.), Hearing held on 2/19/2020. (RE: related document(s)218 Motion for relief from stay MOTION OF PENSIONDANMARK PENSIONSFORSIKRINGSAKTIESELSKAB FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INVESTMENT MANAGEMENT AGREEMENT, Filed by Creditor PensionDanmark Pensionsforsikringsaktieselskab) (Appearances: G. Demo, J. Pomeranz, J. Morris, M. Hayward, and Z. Annabel for Debtors; M. Clemente and J. Hoffman for Unsecured Creditors Committee; L. Lambert for UST; P. Lamberson, R. Patel, and A. Chiarello for Acis; M. Platt for Redeemer Committee; A. Anderson for certain issuers of CLOs; J. Bentley (telephonically) for certain CLO issuers; M. Hankin (telephonically) for Redeemer Committee. Nonevidentiary hearing. Court granted request to carry this matter to the 3/11/20 omnibus hearing.)). Transcript to be made available to the public on 05/26/2020. (Rehling, Kathy)* |
| 02/26/2020 | 480 Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from January 1, 2020 Through January 31, 2020; 2) First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 1, 2019 Through December 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)464 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland Capital Management, L.P., Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $898,094.25, Expenses: $28,854.75. Filed by Debtor Highland Capital Management, L.P. Objections due by 3/12/2020. filed by Debtor Highland Capital Management, L.P., 465 Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 12/31/2019, Fee: $18,695.00, Expenses: $80.60. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A December 2019 Fee Statement)). (Kass, Albert) |
| 02/26/2020 | 481 Certificate of service re: *Notice of Debtor's Amended Operating Protocols* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)466 Notice *(Notice of Debtor's Amended Operating Protocols)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)339 Order Approve Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course ( (related document 281) Entered on 1/9/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A—Amended Operating Protocols # 2 Exhibit B—Redline of Amended Operating Protocols) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/26/2020 | 482 BNC certificate of mailing − PDF document. (RE: related document(s)473 Agreed Order granting motion for relief from stay by Creditor PensionDanmark Pensionsforsikringsaktieselskab (related document 218) Entered on 2/24/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 02/26/2020. (Admin.) |
| 02/27/2020 | 483 Application to employ Deloitte Tax LLP as Other Professional *(Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Crawford Declaration # 2 Exhibit B—Proposed Order) (Annable, Zachery) |
| 02/28/2020 | 484 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)474 Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause* |

| | |
|---|---|
| | *Distributions to Certain "Related Entities")*). (Annable, Zachery) |
| 02/28/2020 | <u>485</u> Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # <u>1</u> Exhibit A——OCP Tracking Report) (Annable, Zachery) |
| 03/02/2020 | <u>486</u> Response opposed to (related document(s): <u>474</u> Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* filed by Debtor Highland Capital Management, L.P.) filed by Interested Party California Public Employees Retirement System (CalPERS). (Attachments: # <u>1</u> Exhibit A − Purchase and Sale Agreement # <u>2</u> Exhibit B − Assignment and Assumption Agreement) (Shriro, Michelle) |
| 03/02/2020 | <u>487</u> Objection to (related document(s): <u>474</u> Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 03/02/2020 | <u>488</u> Order Granting Motion (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof Filed by Debtor Highland Capital Management, L.P(related document # <u>421</u>) The General Bar Date is April 8, 2020 at 5:00 p.m. Central Time; other dates per Order Entered on 3/2/2020. (Okafor, M.) |
| 03/02/2020 | <u>489</u> Joinder by *Acis Capital Management, L.P. and Acis Capital Management GP, LLC to the Committee's Objection to the Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities," and Comment to the Same* filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>487</u> Objection) (Enright, Jason) |
| 03/02/2020 | <u>490</u> Motion to appear pro hac vice for Louis J. Cisz, III. Fee Amount $100 Filed by Interested Party California Public Employees Retirement System (CalPERS) (Shriro, Michelle) |
| 03/02/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27511024, amount $ 100.00 (re: Doc# <u>490</u>). (U.S. Treasury) |
| 03/02/2020 | <u>491</u> Certificate of service re: *1) Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; 2) Debtor's Motion for an Expedited Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>474</u> Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A——Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) filed by Debtor Highland Capital Management, L.P., <u>475</u> Motion for expedited hearing(related documents <u>474</u> Motion for authority to apply and disburse funds) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| | |
|---|---|
| 03/02/2020 | <u>492</u> Certificate of service re: *1) Order Granting Debtor's Motion for an Expedited Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; 2) Notice of Hearing on the Motion of the Debtor for Entry of an Order Authorizing, But Not Directing, the Debtor to Cause Distributions to Certain "Related Entities"; to be Held on March 4, 2020 at 1:30 p.m. (Prevailing Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>477</u> Order granting motion for expedited hearing (Related Doc<u>475</u>)(document set for hearing: <u>474</u> Motion for authority to apply and disburse funds) Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>474</u>, Entered on 2/25/2020. (Okafor, M.), <u>478</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>474</u> Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G)). Hearing to be held on 3/4/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>474</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/02/2020 | <u>493</u> Certificate of service re: *1) Witness and Exhibit List for March 4, 2020 Hearing; 2) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>484</u> Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>474</u> Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). filed by Debtor Highland Capital Management, L.P., <u>485</u> Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.). (Attachments: # 1 Exhibit A—OCP Tracking Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/02/2020 | <u>494</u> Objection to (related document(s): <u>451</u> Motion for relief from stay Fee amount $181, filed by Creditor Joshua Terry, Creditor Jennifer G. Terry)*(Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non−Debtors and Reservation of Rights)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/02/2020 | <u>495</u> Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>487</u> Objection). (Hoffman, Juliana) |
| 03/02/2020 | <u>496</u> Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>474</u> Motion for authority to apply and disburse funds *(Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities")*). (Enright, Jason) |
| 03/03/2020 | <u>497</u> Debtor−in−possession monthly operating report for filing period January 1, 2020 to January 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/03/2020 | <u>498</u> Notice of *Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 03/04/2020 | <u>499</u> Reply to (related document(s): <u>487</u> Objection filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |

000395

| 03/04/2020 | 500 Order granting motion to appear pro hac vice adding Louis J. Cisz for California Public Employees Retirement System (CalPERS) (related document # 490) Entered on 3/4/2020. (Okafor, M.) |
| 03/04/2020 | 501 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569,091.60, Expenses: $12,673.30. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 3/25/2020. (Hoffman, Juliana) |
| 03/04/2020 | Hearing held on 3/4/2020. (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") filed by Debtor Highland Capital Management, L.P.) (Appearances (live): J. Pomeranz, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid, and J. Hoffman for UCC; M. Platt for Redeemer Committee; R. Patel and B. Shaw for ACIS; M. Shriro for CALPERS; A. Anderson for certain Cayman issuers; D.M. Lynn for J. Dondero. Appearances (telephonic): A. Attarwala for UBS; J. Bentley for certain Cayman issuers; E. Cheng for FTI Consulting; L. Cisz for CALPERS; T. Mascherin for Redeemer Committee. Evidentiary hearing. Motion resolved as follows: money owing to related entities will go into the registry of the court with the following exception−Mark Okada may be paid approximately $2.876 (the $4.176 million owing to him from the Dynamic Fund will be offset against his $1.3 million demand note owing to the Debtor). All parties rights are reserved with regard to funds being put in the registry of the court. Debtors counsel should upload order.) (Edmond, Michael) (Entered: 03/05/2020) |
| 03/04/2020 | 504 Court admitted exhibits date of hearing March 4, 2020 (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") Filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED EXHIBIT'S #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, & #12) (Edmond, Michael) (Entered: 03/05/2020) |
| 03/05/2020 | 502 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)442 Application for compensation *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 12/1/2019 to 12/31/2019, Fee: $89,215.36, Expenses: $3,955.12). (Hoffman, Juliana) |
| 03/05/2020 | 503 Request for transcript regarding a hearing held on 3/4/2020. The requested turn−around time is daily (Jeng, Hawaii) |
| 03/06/2020 | 505 Notice of Appearance and Request for Notice by John Y. Bonds III filed by Interested Party James Dondero. (Bonds, John) |
| 03/06/2020 | 506 Notice of Appearance and Request for Notice by Bryan C. Assink filed by Interested Party James Dondero. (Assink, Bryan) |
| 03/06/2020 | 507 Motion to appear pro hac vice for Jeffrey Bjork. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Hoffman, Juliana) Modified to correct attorney name on 3/6/2020 (Ecker, C.) |
| 03/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27531772, amount $ 100.00 (re: Doc# 507). (U.S. Treasury) |
| 03/06/2020 | 508 Witness and Exhibit List filed by Jennifer G. Terry, Joshua Terry (RE: related document(s)451 Motion for relief from stay Fee amount $181,). (Shaw, Brian) |

000396

| | |
|---|---|
| 03/06/2020 | <u>509</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>500</u> Order granting motion to appear pro hac vice adding Louis J. Cisz for California Public Employees Retirement System (CalPERS) (related document <u>490</u>) Entered on 3/4/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 03/06/2020. (Admin.) |
| 03/10/2020 | <u>510</u> Order granting motion to appear pro hac vice adding Jeffrey E. Bjork for UBS AG London Branch and UBS Securities LLC (related document # <u>507</u>) Entered on 3/10/2020. (Okafor, M.) |
| 03/11/2020 | <u>511</u> Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)<u>68</u> Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C − Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)) Responses due by 3/25/2020. (Ecker, C.) |
| 03/11/2020 | <u>512</u> Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc # <u>474</u>) Entered on 3/11/2020. (Bradden, T.) |
| 03/11/2020 | <u>513</u> Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document # <u>68</u>) Entered on 3/11/2020. (Bradden, T.) |
| 03/11/2020 | <u>514</u> Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)<u>281</u> Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) Responses due by 3/25/2020. (Ecker, C.) |
| 03/11/2020 | Hearing held on 3/11/2020. (RE: related document(s)<u>451</u> Motion for relief from stay, filed by Jennifer G. Terry, Joshua Terry.) (Appearances: M. Hayward for Debtor; B Shaw for Movants; J. Hoffman for UCC; M. Platt (and M. Hankin telephonically) for Redeemer Committee; J. Bonds for J. Dondero; A. Anderson for certain Issuers. Evidentiary hearing. Motion granted. Counsel to upload order.)(Edmond, Michael) |
| 03/11/2020 | <u>515</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # <u>1</u> Exhibit A—DSI January 2020 Staffing Report) (Annable, Zachery) |
| 03/11/2020 | <u>516</u> Court admitted exhibits date of hearing March 11, 2020 (RE: related document(s)<u>451</u> Motion for relief from stay, filed by Jennifer G. Terry, Joshua Terry.) (COURT ADMITTED PLAINTIFF EXHIBIT'S #M1, #M2 & #M3). (Edmond, Michael) |
| 03/12/2020 | <u>517</u> Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/2/2020. (Hoffman, Juliana) |
| 03/12/2020 | <u>518</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>510</u> Order granting motion to appear pro hac vice adding Jeffrey E. Bjork for UBS AG London Branch and UBS Securities LLC (related document <u>507</u>) Entered on 3/10/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 03/12/2020. (Admin.) |

| | |
|---|---|
| 03/13/2020 | 519 Order granting motion for relief from stay by Jennifer G. Terry , Joshua Terry (related document # 451) Entered on 3/13/2020. (Okafor, M.) |
| 03/13/2020 | 520 BNC certificate of mailing. (RE: related document(s)511 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)68 Application/Motion to Employ/Retain Foley Gardere, Foley & Lardner LLP as Special Texas Counsel Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C − Proposed Order # 5 2016 Statement # 6 Declaration Frank Waterhouse # 7 Certificate of Service) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #69 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)) Responses due by 3/25/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 521 BNC certificate of mailing. (RE: related document(s)514 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors. Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)) Responses due by 3/25/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 522 BNC certificate of mailing − PDF document. (RE: related document(s)512 Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc 474) Entered on 3/11/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/13/2020 | 523 BNC certificate of mailing − PDF document. (RE: related document(s)513 Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document 68) Entered on 3/11/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) |
| 03/14/2020 | 524 Certificate of service re: *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)488 Order Granting Motion (i) Establishing Bar Dates for Filing Claims, Including 503(b)(9) Claims; and (ii) Approving the Form and Manner of Notice Thereof Filed by Debtor Highland Capital Management, L.P(related document 421) The General Bar Date is April 8, 2020 at 5:00 p.m. Central Time; other dates per Order Entered on 3/2/2020. (Okafor, M.)). (Kass, Albert) |
| 03/14/2020 | 525 Certificate of service re: *Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non−Debtors and Reservation of Rights* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)494 Objection to (related document(s): 451 Motion for relief from stay Fee amount $181, filed by Creditor Joshua Terry, Creditor Jennifer G. Terry)(*Debtor's Limited Objection to Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non−Debtors and Reservation of Rights)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/14/2020 | 526 Certificate of service re: *Third Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from January 1, 2020 to and Including January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)501 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569,091.60, Expenses: $12,673.30. Filed by Attorney Juliana Hoffman, Creditor Committee Official Committee of Unsecured Creditors Objections due by 3/25/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |

| | |
|---|---|
| 03/16/2020 | 527 Notice of Appearance and Request for Notice by David G. Adams filed by Creditor United States (IRS). (Adams, David) |
| 03/16/2020 | 528 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)464 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From January 1, 2020 through January 31, 2020* for Highland C). (Annable, Zachery) |
| 03/17/2020 | 529 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)465 Application for compensation *(First Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from December 10, 2019 through December 31, 2019)* for Hayward). (Annable, Zachery) |
| 03/17/2020 | 530 Certificate of service re: *Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/17/2020 | 531 Certificate of service re: *1) Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain Related Entities; 2) Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; 3) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 Through January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)512 Order authorizing, but not directing, the debtor to cause distributions to certain 'related entities'. (Related Doc 474) Entered on 3/11/2020. (Bradden, T.), 513 Order granting application to employ Foley Gardere, Foley & Lardner LLP as Special Texas Counsel (related document 68) Entered on 3/11/2020. (Bradden, T.), 515 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2020 through January 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A−−DSI January 2020 Staffing Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/17/2020 | 532 Certificate of service re: *Third Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from January 1, 2020 to and Including January 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)517 Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/2/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 03/18/2020 | 533 Certificate of service re: Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/18/2020 | 534 Certificate of service re: Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/19/2020 | |

| | |
|---|---|
| | <u>535</u> Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $941,043.50, Expenses: $8,092.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/9/2020. (Pomerantz, Jeffrey) |
| 03/19/2020 | <u>536</u> Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $75315.00, Expenses: $2919.27. Filed by Attorney Hayward & Associates PLLC (Attachments: # <u>1</u> Exhibit A—January 2020 Invoice) (Annable, Zachery) |
| 03/19/2020 | <u>537</u> Notice *of Filing of Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 through December 31, 2019* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 03/20/2020 | <u>538</u> Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $84,194.00, Expenses: $4,458.87. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # <u>1</u> Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | <u>539</u> Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # <u>1</u> Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | <u>540</u> Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 1/1/2020 to 1/31/2020, Fee: $88,520.60, Expenses: $2,180.35. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # <u>1</u> Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | <u>541</u> Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 2/1/2020 to 2/29/2020, Fee: $86,276.50, Expenses: $1,994.83. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # <u>1</u> Exhibit A) (O'Neil, Holland) |
| 03/20/2020 | <u>542</u> Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: $457,155.72, Expenses: $2,927.21. Filed by Attorney Juliana Hoffman Objections due by 4/10/2020. (Hoffman, Juliana) |
| 03/22/2020 | |

000400

| | |
|---|---|
| | 543 Stipulation by Highland Capital Management, L.P., UBS AG London Branch, UBS Securities LLC and. filed by Debtor Highland Capital Management, L.P., Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)488 Order on motion for leave). (Manns, Ryan) |
| 03/23/2020 | 544 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/13/2020. (Hoffman, Juliana) |
| 03/23/2020 | 545 Motion to extend time to file objection (Agreed Motion) (RE: related document(s)483 Application to employ) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 03/23/2020 | 546 Certificate of service re: *(Supplemental) Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/25/2020 | 547 Joint Stipulation and Order Extending Bar Date for UBS Securities LLC and UBS AG London Branch (RE: related document(s)543 Stipulation filed by Debtor Highland Capital Management, L.P., Interested Party UBS Securities LLC, Interested Party UBS AG London Branch). Entered on 3/25/2020 (Okafor, M.) |
| 03/25/2020 | 548 Agreed Order Extending the Deadline to Object to the Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief (Related documents # 545 Motion to extend and 483 Application to employ Deloitte Tax LLP) Entered on 3/25/2020. (Okafor, M.) |
| 03/26/2020 | 549 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)501 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2020 to 1/31/2020, Fee: $569). (Hoffman, Juliana) |
| 03/26/2020 | 550 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)483 Application to employ Deloitte Tax LLP as Other Professional *(Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date;).* (Annable, Zachery) |
| 03/27/2020 | 551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document # 483) Entered on 3/27/2020. (Okafor, M.) |
| 03/27/2020 | 552 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 03/27/2020 | 553 Certificate of service re: *1) Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 Through February 29, 2020; 2) Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 Through January 31, 2020; and 3) Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 Through December 31, 2019* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)535 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski* |

| | |
|---|---|
| | *Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $941,043.50, Expenses: $8,092.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/9/2020. filed by Debtor Highland Capital Management, L.P., 536 Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 1/1/2020 to 1/31/2020, Fee: $75315.00, Expenses: $2919.27. Filed by Attorney Hayward & Associates PLLC (Attachments: # 1 Exhibit A—January 2020 Invoice), 537 Notice *of Filing of Compensation Report of Development Specialists, Inc. for the Period October 16, 2019 through December 31, 2019* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert). |
| 03/27/2020 | 554 Certificate of service re: *Documents Served on or Before March 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)538 Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 11/30/2019, Fee: $84,194.00, Expenses: $4,458.87. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 539 Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 540 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 1/1/2020 to 1/31/2020, Fee: $88,520.60, Expenses: $2,180.35. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 541 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 2/1/2020 to 2/29/2020, Fee: $86,276.50, Expenses: $1,994.83. Filed by Attorney Holland N. O'Neil Objections due by 4/10/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 542 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: $457,155.72, Expenses: $2,927.21. Filed by Attorney Juliana Hoffman Objections due by 4/10/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 03/27/2020 | 555 Certificate of service re: *1) Fourth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from February 1, 2020 to and Including February 29, 2020; 2) Agreed Motion to Extend Objection Deadline for the Debtor's Application for Entry of an Order (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider to the Debtor Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)544 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI |

| | |
|---|---|
| | Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/13/2020. filed by Financial Advisor FTI Consulting, Inc., 545 Motion to extend time to file objection (Agreed Motion) (RE: related document(s)483 Application to employ) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 03/31/2020 | 556 Order approving stipulation permitting Brown Rudnick LLP to file a proof of claim after general bar date (RE: related document(s)552 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2020 (Okafor, M.) |
| 03/31/2020 | 557 Motion to extend time to (Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims) (RE: related document(s)488 Order on motion for leave) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 04/02/2020 | 558 Debtor−in−possession monthly operating report for filing period 02/01/2020 to 02/29/2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 04/02/2020 | 559 Certificate of service re: *(Supplemental) Notice of Bar Dates for Filing Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/03/2020 | 560 Order granting 557 Motion Extending Bar Date Deadline for Employees to File Claims. The General Bar Date is hereby extended, solely for the Debtors employees, to file claims that arose against the Debtor prior to the Petition Date through and including May 26, 2020 at 5:00 p.m. Entered on 4/3/2020. (Okafor, M.) |
| 04/03/2020 | 561 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)517 Application for compensation *Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2020 to 1/31/2020, Fee: $411,407.28, Expenses: $79.00.). (Hoffman, Juliana) |
| 04/03/2020 | 562 Notice of hearing*(Notice of May 26, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/03/2020 | 563 Notice of hearing*(Notice of June 15, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/03/2020 | 564 Certificate of service re: *1) Agreed Order: (A) Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Services Provider Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief; 2) Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.), 552 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/03/2020 | 565 Certificate of service re: *1) Order Approving Stipulation Permitting Brown Rudnick LLP to File a Proof of Claim After the General Bar Date; 2) Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)556 Order approving stipulation permitting Brown Rudnick LLP to file a proof of claim after general bar date |

| | |
|---|---|
| | (RE: related document(s)552 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2020 (Okafor, M.), 557 Motion to extend time to (Debtor's Emergency Motion for an Order Extending Bar Date Deadline for Employees to File Claims) (RE: related document(s)488 Order on motion for leave) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/06/2020 | 566 Declaration re: *(First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring–Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Annable, Zachery) |
| 04/06/2020 | 567 Notice *(Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring–Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A—Staffing Report) (Annable, Zachery) |
| 04/07/2020 | 568 Notice of hearing*(Notice of July 8, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 04/07/2020 | 569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020. (Hoffman, Juliana) |
| 04/07/2020 | 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020. (Hoffman, Juliana) |
| 04/08/2020 | 571 Transcript regarding Hearing Held 03/04/20 RE: Motion hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 07/7/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber J&J Court Transcribers, Inc., Telephone number 609–586–2311. (RE: related document(s) Hearing held on 3/4/2020. (RE: related document(s)474 Motion for authority to apply and disburse funds (Motion of the Debtor for Entry of an Order Authorizing, but Not Directing, the Debtor to Cause Distributions to Certain "Related Entities") filed by Debtor Highland Capital Management, L.P.) (Appearances (live): J. Pomeranz, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid, and J. Hoffman for UCC; M. Platt for Redeemer Committee; R. Patel and B. Shaw for ACIS; M. Shriro for CALPERS; A. Anderson for certain Cayman issuers; D.M. Lynn for J. Dondero. Appearances (telephonic): A. Attarwala for UBS; J. Bentley for certain Cayman issuers; E. Cheng for FTI Consulting; L. Cisz for CALPERS; T. Mascherin for Redeemer Committee. Evidentiary hearing. Motion resolved as follows: money owing to related entities will go into the registry of the court with the following exception–Mark Okada may be paid approximately $2.876 (the $4.176 million owing to him from the Dynamic Fund will be offset against his $1.3 million demand note owing to the Debtor). All parties rights are reserved with regard to funds being put in the registry of the court. Debtors counsel should upload order.)). Transcript to be made available to the public on 07/7/2020. (Bowen, James) |
| 04/08/2020 | |

| | |
|---|---|
| | <u>572</u> Stipulation by Issuer Group and Highland Capital Management, L.P.. filed by Creditor Issuer Group (RE: related document(s)<u>488</u> Order on motion for leave). (Bain, Joseph) |
| 04/09/2020 | <u>573</u> Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $39,087.50, Expenses: $2,601.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # <u>1</u> Exhibit A——February 2020 Fee Statement) (Annable, Zachery) |
| 04/09/2020 | <u>574</u> Certificate No Objection Regarding Fifth Monthly Application for Compensation and Reimbursement of Expenses Of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From February 1, 2020 Through February 29, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>535</u> Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* for Jeffrey Nat). (Pomerantz, Jeffrey) |
| 04/10/2020 | <u>575</u> Certificate of service re: *1) Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims; 2) Notice of May 26, 2020 Omnibus Hearing Date; to be Held on May 26, 2020 at 9:30 a.m. (Central Time); and 3) Notice of June 15, 2020 Omnibus Hearing Date; to be Held on June 15, 2020 at 1:30 p.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>560</u> Order granting <u>557</u> Motion Extending Bar Date Deadline for Employees to File Claims. The General Bar Date is hereby extended, solely for the Debtors employees, to file claims that arose against the Debtor prior to the Petition Date through and including May 26, 2020 at 5:00 p.m. Entered on 4/3/2020. (Okafor, M.), <u>562</u> Notice of hearing*(Notice of May 26, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., <u>563</u> Notice of hearing*(Notice of June 15, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | <u>576</u> Certificate of service re: *1) First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring—Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date; and 2) Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>566</u> Declaration re: *(First Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring—Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>74</u> Application to employ Development Specialists, Inc as Financial Advisor). filed by Debtor Highland Capital Management, L.P., <u>567</u> Notice *(Notice of Filing of Monthly Staffing Report By Development Specialists, Inc for the Period from February 1, 2020 through February 29, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring—Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document(s) <u>74</u>) Entered on 1/10/2020. (Okafor, M.). (Attachments: # 1 Exhibit A——Staffing Report) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | <u>577</u> Certificate of service re: *1) Summary Sheet and First Interim Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from October 29, 2019* |

| | |
|---|---|
| | *Through and Including February 29, 2020; and 2) Summary Sheet and First Interim Fee Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from October 29, 2019 Through and Including February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 04/10/2020 | 578 Certificate of service re: *Notice of July 8, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)568 Notice of hearing*(Notice of July 8, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/10/2020 | 579 Certificate of service re: *Joint Stipulation and [Proposed] Order Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)572 Stipulation by Issuer Group and Highland Capital Management, L.P.. filed by Creditor Issuer Group (RE: related document(s)488 Order on motion for leave). filed by Creditor Issuer Group). (Kass, Albert) |
| 04/10/2020 | 580 Objection to (related document(s): 538 Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 539 Amended application for compensation Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 540 Application for compensation Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020< filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 541 Application for compensation Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 20 filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Chiarello, Annmarie)* |
| 04/11/2020 | 581 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)542 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Sidley Austin LLP, Counsel* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2020 to 2/29/2020, Fee: &#0). (Hoffman, Juliana) |
| 04/13/2020 | 582 Motion for relief from stay − agreed Filed by Interested Party Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order) (Skolnekovich, Nicole) |
| 04/14/2020 | 583 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)544 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2020 to 2/29/2020, Fee: $383,371.20, Expenses: $59.62.). (Hoffman, Juliana) |

| | |
|---|---|
| 04/14/2020 | 584 Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)536 Application for compensation *(Second Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020)* for Hayward &). (Annable, Zachery) |
| 04/14/2020 | 585 Notice of Appearance and Request for Notice Filed by Creditor American Express National Bank. (Bharatia, Shraddha) |
| 04/14/2020 | 586 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period for March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $1,222,801.25, Expenses: $18,747.77. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/5/2020. (Pomerantz, Jeffrey) |
| 04/15/2020 | 587 Certificate of service re: *Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)573 Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 2/1/2020 to 2/29/2020, Fee: $39,087.50, Expenses: $2,601.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A−−February 2020 Fee Statement) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 04/15/2020 | 588 Certificate of service re: Omnibus Limited Objection to Applications for Compensation and Reimbursement of Expense of Foley Gardere, Foley & Lardner LLP as Special Counsel for the Period From October 16, 2019 Through February 29, 2020 filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)538 Amended application for compensation *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through November,* 539 Amended application for compensation *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through,* 540 Application for compensation *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from January 1, 2020 through January 31, 2020* 541 Application for compensation *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from February 1, 2020 through February 29, 20). (Chiarello, Annmarie)* |
| 04/15/2020 | 589 Notice of hearing filed by Interested Party Hunton Andrews Kurth LLP (RE: related document(s)582 Motion for relief from stay − agreed Filed by Interested Party Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order)). Hearing to be held on 5/7/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 582. (Skolnekovich, Nicole) |
| 04/15/2020 | 590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]* Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List) (Kane, John) |
| 04/17/2020 | 591 Certificate of service re: *1) Notice of Bar Dates for Filing Claims; and 2) [Customized] Official Form 410 Proof of Claim* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, |

| | |
|---|---|
| | L.P.). (Kass, Albert) |
| 04/17/2020 | 592 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A―DSI Staffing Report for March 2020) (Annable, Zachery) |
| 04/17/2020 | 593 Motion for relief from stay Fee amount $181, Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. Objections due by 5/1/2020. (Attachments: # 1 Exhibit 1 (Draft Motion Show Cause Motion) # 2 Exhibit 2 (DAF Complaint 1st case) # 3 Exhibit 3 (DAF Dismissal first case) # 4 Exhibit 4 (DAF Complaint 2nd case) # 5 Exhibit 5 (DAF Dismissal 2nd Case) # 6 Proposed Order) (Shaw, Brian) |
| 04/17/2020 | Receipt of filing fee for Motion for relief from stay(19−34054−sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27675692, amount $ 181.00 (re: Doc# 593). (U.S. Treasury) |
| 04/20/2020 | 594 Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,836.20, Expenses: $14,406.39. Filed by Attorney Juliana Hoffman Objections due by 5/11/2020. (Hoffman, Juliana) |
| 04/21/2020 | 595 Certificate of service re: *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)586 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $1,222,801.25, Expenses: $18,747.77. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/5/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/21/2020 | 596 Certificate of service re: *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)594 Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,836.20, Expenses: $14,406.39. Filed by Attorney Juliana Hoffman Objections due by 5/11/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 04/21/2020 | 597 Certificate of service re: *Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)592 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc for the Period from March 1, 2020 through March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A―DSI Staffing Report for March 2020) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/22/2020 | |

000408

|  | Receipt Number 00338531, Fee Amount $3,601,018.59 (RE: Related document(s) 512 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd,K) (Entered: 08/10/2020) |
|---|---|
| 04/23/2020 | Receipt Number 00338532, Fee Amount $898,075.53 (RE: related document(s) 512 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 04/24/2020 | 598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A March 2020 Invoice) (Annable, Zachery) |
| 04/24/2020 | 599 Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A—Deloitte Tax Engagement Letters) (Annable, Zachery) |
| 04/28/2020 | 600 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |
| 04/28/2020 | 601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 3/1/2020 to 3/31/2020, Fee: $82,270.50, Expenses: $12.70. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 04/28/2020 | 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C − Proposed Order) (O'Neil, Holland) |
| 04/28/2020 | 603 Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020; and 2) Notice of Additional Services to Be Provided by Deloitte Tax LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A March 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 599 Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.). (Attachments: # 1 Exhibit A—Deloitte Tax Engagement Letters) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/28/2020 |  |

| | |
|---|---|
| | 604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Declaration of Alexander McGeoch # 2 Exhibit B—Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Declaration of Timothy Silva # 2 Exhibit B—Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A—Proposed Order) (Annable, Zachery) |
| 04/28/2020 | 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020. (Pomerantz, Jeffrey) |
| 04/28/2020 | 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020. (Pomerantz, Jeffrey) |
| 04/28/2020 | 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A Fee Statements) (Annable, Zachery) |
| 04/28/2020 | 610 Notice of hearing*Omnibus Notice of Hearing on First Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020., 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020., 602 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C − Proposed Order) (O'Neil, Holland), 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney |

000410

| | |
|---|---|
| | Jeffrey Nathan Pomerantz Objections due by 5/19/2020., 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020., 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A Fee Statements)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 569 and for 607 and for 609 and for 570 and for 602 and for 608, (Pomerantz, Jeffrey) |
| 04/28/2020 | 611 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Declaration of Alexander McGeoch # 2 Exhibit B—Proposed Order), 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Declaration of Timothy Silva # 2 Exhibit B—Proposed Order), 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A—Proposed Order)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 605 and for 604 and for 606, (Annable, Zachery) |
| 04/28/2020 | 612 Certificate of service re: *(Supplemental) 1) Notice of Bar Dates for Filing Claims; and 2) [Customized] Official Form 410 Proof of Claim* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)498 Notice *of Bar Date for Filing Claims* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/29/2020 | 613 Clerk's correspondence requesting a notice of hearing from attorney for debtor. (RE: related document(s)394 Application for compensation *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP as Proposed Special Texas Counsel to the Debtor for the Period from December 1, 2019 through December 30, 2019* for Foley Gardere, Foley & Lardner LLP f/k/a Gardere Wynne Sewell LLP, Special Counsel, Period: 12/1/2019 to 12/31/2019, Fee: $143,328.50, Expenses: $2,808.29. Filed by Attorney Holland N. O'Neil Objections due by 2/14/2020. (O'Neil, Holland)) Responses due by 5/13/2020. (Ecker, C.) |
| 04/29/2020 | 614 Order approving second stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)600 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 4/29/2020 (Okafor, M.) |
| 04/29/2020 | 615 Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease (RE: related document(s)429 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 04/30/2020 | 616 Agreed Order extending deadline to assume or reject unexpired nonresidential real property lease by sixty days (RE: 615 Motion to extend time.) Entered on 4/30/2020. (Okafor, M.) |
| 05/01/2020 | |

000411

| | |
|---|---|
| | 617 Response unopposed to (related document(s): 593 Motion for relief from stay Fee amount $181, filed by Creditor Acis Capital Management GP, LLC, Creditor Acis Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) |
| 05/05/2020 | 618 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 05/05/2020 | 619 Certificate of service re: *Documents Served on April 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)600 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 3/1/2020 to 3/31/2020, Fee: $82,270.50, Expenses: $12.70. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C − Proposed Order) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 603 Certificate of service re: *1) Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020; and 2) Notice of Additional Services to Be Provided by Deloitte Tax LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)598 Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 3/1/2020 to 3/31/2020, Fee: $35,307.50, Expenses: $1,732.02. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A−−H&A March 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 599 Notice *(Notice of Additional Services to Be Provided by Deloitte Tax LLP)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)551 Agreed Order granting application to employ Deloitte Tax LLP as tax services provider nunc pro tunc to the petition date (related document 483) Entered on 3/27/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A−−Deloitte Tax Engagement Letters) filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC, 604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Declaration of Alexander McGeoch # 2 Exhibit B−−Proposed Order) filed by Debtor Highland Capital Management, L.P., 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Declaration of Timothy Silva # 2 Exhibit B−−Proposed Order) filed by Debtor Highland Capital Management, L.P., 606 Motion to |

000412

extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A—Proposed Order) filed by Debtor Highland Capital Management, L.P., 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020. filed by Debtor Highland Capital Management, L.P., 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020. filed by Consultant Mercer (US) Inc., 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A Fee Statements) filed by Other Professional Hayward & Associates PLLC, 610 Notice of hearing*Omnibus Notice of Hearing on First Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,154,959.45, Expenses: $56,254.47. Filed by Objections due by 4/28/2020., 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 4/28/2020., 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C − Proposed Order) (O'Neil, Holland), 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/16/2019 to 3/31/2020, Fee: $4,834,021.00, Expenses: $118,198.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/19/2020., 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (US) Inc., Consultant, Period: 11/15/2019 to 2/29/2020, Fee: $113,804.64, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 5/19/2020., 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 12/10/2019 to 3/31/2020, Fee: $168,405.00, Expenses: $7,333.29. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A Fee Statements)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 569 and for 607 and for 609 and for 570 and for 602 and for 608, filed by Debtor Highland Capital Management, L.P., 611 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Declaration of Alexander McGeoch # 2 Exhibit B—Proposed Order), 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules*

| | |
|---|---|
| | *2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Declaration of Timothy Silva # 2 Exhibit B−−Proposed Order), 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 5/22/2020. (Attachments: # 1 Exhibit A−−Proposed Order)). Hearing to be held on 5/26/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 605 and for 604 and for 606, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 05/05/2020 | 620 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Attachments: # 1 Exhibit A−−Employee Letter) (Annable, Zachery) |
| 05/05/2020 | 621 Certificate of No Objection Regarding Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020 filed by Other Professional Hayward & Associates PLLC (RE: related document(s)573 Application for compensation *(Third Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from February 1, 2020 through February 29, 2020)* for Hayward &). (Annable, Zachery) |
| 05/05/2020 | 622 Certificate No Objection Regarding Sixth Monthly Application for Compensation and Reimbursement of Expenses Of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)586 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From March 1, 2020 Through March 31, 2020* for Jeffrey Nathan Po). (Pomerantz, Jeffrey) |
| 05/06/2020 | 623 Stipulation and Agreed Order Permitting Hunton Andrews Kurth LLP to Apply Prepetition Retainer (related document # 582) Entered on 5/6/2020. (Okafor, M.) |
| 05/06/2020 | 624 Objection to (related document(s): 590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]* filed by Creditor CLO Holdco, Ltd.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 05/06/2020 | 625 Certificate of service re: Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)624 Objection). (Hoffman, Juliana) |
| 05/06/2020 | 626 Certificate of service re: *1) Order Approving Second Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim after the General Bar Date; and 2) Agreed Motion to Extend by Sixty Days the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)614 Order approving second stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)600 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 4/29/2020 (Okafor, M.), 615 Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease (RE: related document(s)429 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 05/06/2020 | 627 Certificate of service re: *Agreed Order Extending Deadline to Assume or Reject Unexpired Nonresidential Property Lease by Sixty Days* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)616 Agreed Order extending deadline to assume or reject unexpired nonresidential real property lease by sixty days (RE: 615 Motion to extend time.) Entered on 4/30/2020. (Okafor, M.)). (Kass, Albert) |

000414

| | |
|---|---|
| 05/08/2020 | 628 Order approving joint stipulation of the Debtor and the Official Committee of the Unsecured Creditors modifying the Bar Date Order (RE: related document(s)620 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/8/2020 (Okafor, M.) |
| 05/12/2020 | 629 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)594 Application for compensation *Sidley Austin LLP's Fifth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 3/31/2020, Fee: $476,). (Hoffman, Juliana) |
| 05/13/2020 | 630 Reply to (related document(s): 624 Objection filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Creditor CLO Holdco, Ltd.. (Attachments: # 1 Service List) (Kane, John) |
| 05/13/2020 | 631 Certificate of service re: *1) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020; and 2) Joint Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors Modifying the Bar Date Order* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)618 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to March 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., 620 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Attachments: # 1 Exhibit A—Employee Letter) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 05/13/2020 | 632 Certificate of service re: *Stipulation and Agreed Order Permitting Hunton Andrew Kurth LLP to Apply Prepetition Retaine* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)623 Stipulation and Agreed Order Permitting Hunton Andrews Kurth LLP to Apply Prepetition Retainer (related document 582) Entered on 5/6/2020. (Okafor, M.) filed by Interested Party Hunton Andrews Kurth LLP). (Kass, Albert) |
| 05/13/2020 | 633 Certificate of service re: *Order Approving Joint Stipulation of the Debtor and the Official Committee of Unsecured Creditors Modifying Bar Date Order* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)628 Order approving joint stipulation of the Debtor and the Official Committee of the Unsecured Creditors modifying the Bar Date Order (RE: related document(s)620 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/8/2020 (Okafor, M.)). (Kass, Albert) |
| 05/14/2020 | 634 Debtor−in−possession monthly operating report for filing period March 1, 2020 to March 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 05/15/2020 | 635 Notice of hearing filed by Creditor CLO Holdco, Ltd. (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]* Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List)). Hearing to be held on 6/30/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 590, (Attachments: # 1 Service List) (Kane, John) |
| 05/19/2020 | |

| | |
|---|---|
| | <u>636</u> Notice of Appearance and Request for Notice by Martin A. Sosland filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 05/19/2020 | <u>637</u> Notice of Appearance and Request for Notice by Candice Marie Carson filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Carson, Candice) |
| 05/19/2020 | <u>638</u> Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>488</u> Order on motion for leave). (Annable, Zachery) |
| 05/19/2020 | <u>639</u> Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.32, Expenses: $5,765.07. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 6/9/2020. (Hoffman, Juliana) |
| 05/19/2020 | <u>640</u> Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66. Filed by Attorney Juliana Hoffman Objections due by 6/9/2020. (Hoffman, Juliana) |
| 05/19/2020 | <u>641</u> Objection to (related document(s): <u>601</u> Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere, filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, <u>602</u> Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Chiarello, Annmarie) |
| 05/20/2020 | <u>642</u> Trustee's Objection to *Foley & Lardner, LLP's First Interim Application for Fees and Expenses* (RE: related document(s)<u>602</u> Application for compensation) (Lambert, Lisa) |
| 05/20/2020 | <u>643</u> Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)<u>598</u> Application for compensation *(Fourth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020)* for Hayward & Asso). (Annable, Zachery) |
| 05/20/2020 | <u>644</u> Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E # <u>6</u> Exhibit F # <u>7</u> Exhibit G # <u>8</u> Exhibit H # <u>9</u> Exhibit I # <u>10</u> Exhibit J # <u>11</u> Exhibit K) (Sosland, Martin) |
| 05/20/2020 | <u>645</u> Notice of hearing filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>644</u> Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). Hearing to be held on 6/15/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>644</u>, (Sosland, Martin) |
| 05/20/2020 | Receipt of filing fee for Motion for relief from stay(19−34054−sgj11) [motion,mrlfsty] ( 181.00). Receipt number 27774088, amount $ 181.00 (re: Doc# <u>644</u>). (U.S. Treasury) |

000416

| | |
|---|---|
| 05/20/2020 | 646 Order approving third stipulation permitting Brown Rudnick LLP to file proof of claims after the general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 5/20/2020 (Okafor, M.) |
| 05/20/2020 | 647 Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)601 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from March 1, 2020 through March 31, 2020* for Foley Gardere,, 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit 9 # 2 Exhibit 10 # 3 Exhibit 11 # 4 Exhibit 12 # 5 Exhibit 13 # 6 Exhibit 14 # 7 Exhibit 15 # 8 Exhibit 16 # 9 Exhibit 17 # 10 Exhibit 18 # 11 Exhibit 19 # 12 Exhibit 20 # 13 Exhibit 21 # 14 Exhibit 22 # 15 Exhibit 23 # 16 Exhibit 24 # 17 Exhibit 25) (Chiarello, Annmarie) |
| 05/21/2020 | 648 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $1,113,522.50, Expenses: $3,437.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 6/11/2020. (Pomerantz, Jeffrey) |
| 05/22/2020 | 649 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20). (Annable, Zachery)* |
| 05/22/2020 | 650 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020* for Mercer (). (Annable, Zachery) |
| 05/22/2020 | 651 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,). (Hoffman, Juliana) |
| 05/22/2020 | 652 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09.). (Hoffman, Juliana) |
| 05/22/2020 | 653 Declaration re: *(Second Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). (Annable, Zachery) |
| 05/22/2020 | 654 Witness and Exhibit List *for May 26, 2020 Hearing* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to |

| | |
|---|---|
| | 2/29/2020, Fee: $3,, <u>570</u> Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09., <u>602</u> Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga, <u>604</u> Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)*, <u>605</u> Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment*, <u>606</u> Motion to extend or limit the exclusivity period (RE: related document(s)<u>460</u> Order on motion to extend/shorten time), <u>607</u> Application for compensation First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20, <u>608</u> Application for compensation First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020 for Mercer (, <u>609</u> Application for compensation (Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020) for Hayward & Associates PLLC, Debtor's At. (Annable, Zachery) |
| 05/22/2020 | <u>655</u> COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON MAY 26, 2020 AT 9:30 a.m. (Ellison, T.) |
| 05/22/2020 | <u>656</u> Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)<u>609</u> Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020)* for Hayward & Associates PLLC, Debtor's At). (Annable, Zachery) |
| 05/22/2020 | <u>657</u> Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>606</u> Motion to extend or limit the exclusivity period (RE: related document(s)<u>460</u> Order on motion to extend/shorten time)). (Annable, Zachery) |
| 05/22/2020 | <u>658</u> Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 05/23/2020 | <u>659</u> Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>605</u> Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment). (Annable, Zachery)* |
| 05/25/2020 | <u>660</u> Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>658</u> Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 05/26/2020 | <u>661</u> Order granting application for compensation (related document # <u>569</u>) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | <u>662</u> Order granting application for compensation (related document # <u>570</u>) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered |

| | |
|---|---|
| | on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 663 Order granting application for compensation (related document # 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 664 Order granting application for compensation (related document # 608) granting for Mercer (US) Inc., fees awarded: $113,804.64, expenses awarded: $2,151.69 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 665 Amended Order granting application for compensation (related document # 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 666 Amended Order granting application for compensation (related document # 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 667 Order granting application for compensation (related document # 609) granting for Hayward & Associates PLLC, fees awarded: $168,405.00, expenses awarded: $7,333.29 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 668 Order granting 606 Motion to extend or limit the exclusivity period. (Re: related document(s) Chapter 11 Plan due by 7/13/2020, Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 669 Order granting application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Other Professional (related document # 605) Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 670 Order granting application for compensation (related document # 602) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $387,672.08, expenses awarded: $10,455.04 Entered on 5/26/2020. (Ecker, C.) |
| 05/26/2020 | 672 Hearing held on 5/26/2020. (RE: related document(s)602 First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020 for Foley Gardere, Foley & Lardner LLP, Special Counsel,) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 80% of fees and 100% of expenses allowed on an interim basis with all rights of all parties reserved. Counsel to upload order.) (Edmond, Michael) (Entered: 05/27/2020) |
| 05/26/2020 | 673 Hearing held on 5/26/2020. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel (Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date), filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Application granted. Counsel to upload order.) (Edmond, Michael) (Entered: 05/27/2020) |
| 05/26/2020 | 674 Hearing held on 5/26/2020. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) |

| | |
|---|---|
| | filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 30 day extension. Counsel to upload order. (Edmond, Michael) (Entered: 05/27/2020) |
| 05/27/2020 | 671 Request for transcript (ruling only) regarding a hearing held on 5/26/2020. The requested turn−around time is daily (Jeng, Hawaii) |
| 05/28/2020 | 675 Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95. Filed by Attorney Juliana Hoffman Objections due by 6/18/2020. (Hoffman, Juliana) |
| 05/28/2020 | 676 Transcript regarding Hearing Held 05/26/2020 (7 pgs.) RE: Fee Applications, Applications to Employ Nunc Pro Tunc, Motion to Extend Exclusivity Period (Excerpt: 10:00−10:06 a.m. Only). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/26/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 672 Hearing held on 5/26/2020. (RE: related document(s)602 First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020 for Foley Gardere, Foley & Lardner LLP, Special Counsel,) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 80% of fees and 100% of expenses allowed on an interim basis with all rights of all parties reserved. Counsel to upload order.), 673 Hearing held on 5/26/2020. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel (Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date), filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Application granted. Counsel to upload order.), 674 Hearing held on 5/26/2020. (RE: related document(s)606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) (Appearances (all video or telephonic): J. Pomeranz and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis; H. ONiel, special counsel for Debtor; A. Attarwala for UBS; M. Hankin and T. Mascherin for Redeemer Committee; R. Matsumura for HCLOF; L. Lambert for UST. Nonevidentiary hearing. Agreed resolution accepted; 30 day extension. Counsel to upload order.). Transcript to be made available to the public on 08/26/2020. (Rehling, Kathy) |
| 05/28/2020 | 677 BNC certificate of mailing − PDF document. (RE: related document(s)663 Order granting application for compensation (related document 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 05/28/2020. (Admin.) |
| 06/01/2020 | 678 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion |

| | |
|---|---|
| | for leave). (Annable, Zachery) |
| 06/01/2020 | 679 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 through April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Attachments: # 1 Exhibit A—DSI Staffing Report for April 2020) (Annable, Zachery) |
| 06/01/2020 | 680 Certificate of service re: *1) Third Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date; 2) Summary Sheet and Sixth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2020 to and Including April 30, 2020; and 3) Summary Sheet and Fifth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2020 to and Including March 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)638 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P., 639 Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.32, Expenses: $5,765.07. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 6/9/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 640 Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66. Filed by Attorney Juliana Hoffman Objections due by 6/9/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 06/01/2020 | 681 Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on Tuesday, May 26, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; and 2) Instructions for any counsel and parties who wish to participate in the Hearing [Attached hereto as Exhibit B]* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 660 Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/01/2020 | 682 Certificate of service re: *Cover Sheet and Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)648 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $1,113,522.50, Expenses: $3,437.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 6/11/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/01/2020 | 683 Certificate of service re: *Documents Served on May 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)653 Declaration re: *(Second Supplemental Declaration of Bradley D. Sharp in Support of Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to* |

000421

| | |
|---|---|
| | *Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)74 Application to employ Development Specialists, Inc as Financial Advisor). filed by Debtor Highland Capital Management, L.P., 654 Witness and Exhibit List *for May 26, 2020 Hearing* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)569 Application for compensation *Sidley Austin LLP's First Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/29/2019 to 2/29/2020, Fee: $3,, 570 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/29/2019 to 2/29/2020, Fee: $1,757,835.90, Expenses: $8,781.09., 602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Ga, 604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)*, 605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment*, 606 Motion to extend or limit the exclusivity period (RE: related document(s)460 Order on motion to extend/shorten time), 607 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 Through March 31, 20*, 608 Application for compensation *First Interim Application for Compensation and Reimbursement of Expenses of Mercer (US) Inc., as Compensation Consultant to the Debtor for the Period From November 15, 2019 Through February 29, 2020 for Mercer (*, 609 Application for compensation *(Hayward & Associates PLLC's First Interim Application for Compensation and Reimbursement of Expenses for the Period from December 10, 2019 through March 31, 2020) for Hayward & Associates PLLC, Debtor's At).* filed by Debtor Highland Capital Management, L.P., 655 *COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON MAY 26, 2020 AT 9:30 a.m. (Ellison, T.),* 658 Notice (Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/02/2020 | 684 Clerk's correspondence requesting a notice of hearing from attorney for creditor. (RE: related document(s)593 Motion for relief from stay Fee amount $181, Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. Objections due by 5/1/2020. (Attachments: # 1 Exhibit 1 (Draft Motion Show Cause Motion) # 2 Exhibit 2 (DAF Complaint 1st case) # 3 Exhibit 3 (DAF Dismissal first case) # 4 Exhibit 4 (DAF Complaint 2nd case) # 5 Exhibit 5 (DAF Dismissal 2nd Case) # 6 Proposed Order)) Responses due by 6/9/2020. (Ecker, C.) |
| 06/02/2020 | 685 Order approving fourth stipulation permitting Brown Rudnick LLP to file proof of claims after general bar date (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/2/2020 (Okafor, M.) |
| 06/02/2020 | 686 Debtor−in−possession monthly operating report for filing period April 1, 2020 to April 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 06/03/2020 | 687 Response opposed to (related document(s): 644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 06/03/2020 | 688 Support/supplemental document*(Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)687 Response). (Attachments: # 1 |

| | |
|---|---|
| | Exhibit 1―UBS v. Highland Capital Mgmt., L.P., 2010 NY Slip Op 1436 (N.Y. App. Div.) # <u>2</u> Exhibit 2―UBS v. Highland Capital Mgmt., L.P., 86 A.D.3d 469 (N.Y. App. Div. 2011) # <u>3</u> Exhibit 3―UBS v. Highland Capital Mgmt., L.P., 93 A.D.3d 489 (N.Y. App. Div. 2012) # <u>4</u> Exhibit 4―NY D.I. 411: March 13, 2017 Decision # <u>5</u> Exhibit 5―NY D.I. 494: Transcript of May 1, 2018 Telephonic Hearing # <u>6</u> Exhibit 6―NY D.I. 472: UBSs Pre‒Trial Brief in Support of Bifurcation # <u>7</u> Exhibit 7―Shira A. Scheindlin, U.S.D.J. (Ret.), Why Not Arbitrate? Breaking the Backlog in State and Federal Courts, 263 N.Y. L.J. 94 (May 15, 2020) # <u>8</u> Exhibit 8―December 2, 2019 Email from the Debtors Pre‒Petition Counsel to Counsel for UBS # <u>9</u> Exhibit 9―March 6, 2020 Email Chain Between the Debtors Bankruptcy Counsel and Counsel for UBS # <u>10</u> Exhibit 10―NY D.I. 320: UBSs Note of Issue Without Jury # <u>11</u> Exhibit 11―March 22, 2020 New York Administrative Order AO/78/20 # <u>12</u> Exhibit 12―May 26, 2020 Law360 Article (Excerpt Only)) (Annable, Zachery) |
| 06/03/2020 | <u>689</u> Motion to file document under seal.*(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Exhibit A―Proposed Order # <u>2</u> Exhibit B―Protective Order Filed in State Court Litigation) (Annable, Zachery) |
| 06/03/2020 | <u>690</u> Objection to (related document(s): <u>644</u> Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 06/03/2020 | <u>691</u> Motion to file document under seal.*MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OBJECTION TO UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT ACTION* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # <u>1</u> Exhibit Exhibit A # <u>2</u> Exhibit Exhibit B # <u>3</u> Exhibit Exhibit C # <u>4</u> Proposed Order) (Platt, Mark) |
| 06/03/2020 | <u>692</u> Objection to (related document(s): <u>644</u> Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch)*Redacted Version (Pending Ruling on Motion to Seal at D.I. 691) of Redeemer Committee Objection to UBS Motion for Relief from the Automatic Stay to Proceed with State Court Action* filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # <u>1</u> Exhibit Exhibit A (slip sheet, pending ruling on motion to seal) # <u>2</u> Exhibit Exhibit B slip sheet (pending ruling on motion to seal) # <u>3</u> Exhibit Exhibit C slip sheet (pending ruling on motion to seal) # <u>4</u> Exhibit Exhibit D slip sheet (pending ruling on motion to seal) # <u>5</u> Exhibit Exhibit E # <u>6</u> Exhibit Exhibit F # <u>7</u> Exhibit Exhibit G # <u>8</u> Exhibit Exhibit H slip sheet (pending ruling on motion to seal) # <u>9</u> Exhibit Exhibit I slip sheet (pending ruling on motion to seal) # <u>10</u> Exhibit Exhibit J # <u>11</u> Exhibit Exhibit L # <u>12</u> Exhibit Exhibit M # <u>13</u> Exhibit Exhibit N) (Platt, Mark) |
| 06/03/2020 | <u>693</u> Support/supplemental document*Exhibit K* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)<u>692</u> Objection). (Platt, Mark) |
| 06/03/2020 | <u>694</u> Joinder by filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>692</u> Objection). (Shaw, Brian) |
| 06/04/2020 | <u>695</u> Motion to appear pro hac vice for Robert J. Feinstein. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/04/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19‒34054‒sgj11) [motion,mprohac] ( 100.00). Receipt number 27814231, amount $ 100.00 (re: Doc# <u>695</u>). (U.S. Treasury) |

000423

| | |
|---|---|
| 06/04/2020 | 696 Amended Motion to file document under seal.*AMENDED MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OBJECTION TO UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT ACTION* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Proposed Order) (Platt, Mark) |
| 06/04/2020 | 697 Certificate of service re: *Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)660 Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)658 Notice *(Notice of Agenda of Matters Scheduled for Hearing on May 26, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/04/2020 | 698 Certificate of service re: *Documents Served on May 26, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)661 Order granting application for compensation (related document 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.), 662 Order granting application for compensation (related document 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.), 663 Order granting application for compensation (related document 607) granting for Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, fees awarded: $4,834,021.00, expenses awarded: $118,198.81 Entered on 5/26/2020. (Ecker, C.), 664 Order granting application for compensation (related document 608) granting for Mercer (US) Inc., fees awarded: $113,804.64, expenses awarded: $2,151.69 Entered on 5/26/2020. (Ecker, C.), 665 Amended Order granting application for compensation (related document 570) granting for FTI Consulting, Inc., fees awarded: $1,757,835.90, expenses awarded: $8,781.09 Entered on 5/26/2020. (Ecker, C.), 666 Amended Order granting application for compensation (related document 569) granting for Sidley Austin, attorney for Official Committee of Unsecured Creditors, fees awarded: $3,154,959.45, expenses awarded: $56,254.47 Entered on 5/26/2020. (Ecker, C.), 667 Order granting application for compensation (related document 609) granting for Hayward & Associates PLLC, fees awarded: $168,405.00, expenses awarded: $7,333.29 Entered on 5/26/2020. (Ecker, C.), 668 Order granting Motion to extend or limit the exclusivity period. (Re: related document(s) Chapter 11 Plan due by 7/13/2020, Entered on 5/26/2020. (Ecker, C.), 669 Order granting application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Other Professional (related document 605) Entered on 5/26/2020. (Ecker, C.), 670 Order granting application for compensation (related document 602) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $387,672.08, expenses awarded: $10,455.04 Entered on 5/26/2020. (Ecker, C.)). (Kass, Albert) |
| 06/04/2020 | 699 Certificate of service re: *Summary Sheet and Sixth Monthly Application of FTI Consulting for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2020 to and Including April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)675 Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95. Filed by Attorney Juliana Hoffman Objections due by 6/18/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 06/04/2020 | 700 Motion to redact/restrict Restrict From Public View (related document(s):692) (Fee Amount $25) Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Proposed Order) (Platt, Mark) |
| 06/04/2020 | Receipt of filing fee for Motion to Redact/Restrict From Public View(19−34054−sgj11) [motion,mredact] ( 25.00). Receipt number 27815698, amount $ 25.00 (re: Doc# 700). (U.S. Treasury) |

000424

| | |
|---|---|
| 06/04/2020 | <u>701</u> Objection to (related document(s): <u>644</u> Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch)*Redacted Version of Redeemer Committee Objection to UBS Motion for Relief from the Automatic Stay to Proceed with State Court Action* filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # <u>1</u> Exhibit Exhibit A # <u>2</u> Exhibit Exhibit B # <u>3</u> Exhibit Exhibit C # <u>4</u> Exhibit Exhibit D # <u>5</u> Exhibit Exhibit E # <u>6</u> Exhibit Exhibit F # <u>7</u> Exhibit Exhibit G # <u>8</u> Exhibit Exhibit H slip sheet # <u>9</u> Exhibit Exhibit I slip sheet # <u>10</u> Exhibit Exhibit J # <u>11</u> Exhibit Exhibit K # <u>12</u> Exhibit Exhibit L # <u>13</u> Exhibit Exhibit M # <u>14</u> Exhibit Exhibit N) (Platt, Mark) |
| 06/04/2020 | <u>702</u> Notice of Appearance and Request for Notice by Thomas M. Melsheimer filed by Creditor Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent. (Melsheimer, Thomas) |
| 06/04/2020 | <u>703</u> Motion to appear pro hac vice for David Neier. Fee Amount $100 Filed by Creditor Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (Melsheimer, Thomas) |
| 06/04/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27816362, amount $ 100.00 (re: Doc# <u>703</u>). (U.S. Treasury) |
| 06/05/2020 | <u>704</u> Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 and April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 06/05/2020 | <u>705</u> Order granting motion to appear pro hac vice adding David Neier for Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (related document # <u>703</u>) Entered on 6/5/2020. (Okafor, M.) |
| 06/05/2020 | <u>706</u> Order granting motion to appear pro hac vice adding Robert J. Feinstein for Highland Capital Management, L.P. (related document # <u>695</u>) Entered on 6/5/2020. (Okafor, M.) |
| 06/05/2020 | <u>707</u> Certificate of service re: *1) Fourth Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date; and 2) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>678</u> Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>488</u> Order on motion for leave). filed by Debtor Highland Capital Management, L.P.,<u>679</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from April 1, 2020 through April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.). (Attachments: # 1 Exhibit A—DSI Staffing Report for April 2020) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/05/2020 | <u>708</u> Certificate of service re: *Order Approving Fourth Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim After the General Bar Date* Filed by Claims Agent |

000425

| | |
|---|---|
| | Kurtzman Carson Consultants LLC (related document(s)<u>685</u> Order approving fourth stipulation permitting Brown Rudnick LLP to file proof of claims after general bar date (RE: related document(s)<u>638</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/2/2020 (Okafor, M.)). (Kass, Albert) |
| 06/05/2020 | <u>709</u> Certificate of service re: *1) Debtor's Objection to UBS's Motion for Relief from the Automatic Stay to Proceed with State Court Action; 2) Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay; and 3) Debtor's Motion for Entry of an Order Authorizing Filing Under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>687</u> Response opposed to (related document(s): <u>644</u> Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., <u>688</u> Support/supplemental document*(Appendix A of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>687</u> Response). (Attachments: # 1 Exhibit 1─UBS v. Highland Capital Mgmt., L.P., 2010 NY Slip Op 1436 (N.Y. App. Div.) # 2 Exhibit 2─UBS v. Highland Capital Mgmt., L.P., 86 A.D.3d 469 (N.Y. App. Div. 2011) # 3 Exhibit 3─UBS v. Highland Capital Mgmt., L.P., 93 A.D.3d 489 (N.Y. App. Div. 2012) # 4 Exhibit 4─NY D.I. 411: March 13, 2017 Decision # 5 Exhibit 5─NY D.I. 494: Transcript of May 1, 2018 Telephonic Hearing # 6 Exhibit 6─NY D.I. 472: UBSs Pre─Trial Brief in Support of Bifurcation # 7 Exhibit 7─Shira A. Scheindlin, U.S.D.J. (Ret.), Why Not Arbitrate? Breaking the Backlog in State and Federal Courts, 263 N.Y. L.J. 94 (May 15, 2020) # 8 Exhibit 8─December 2, 2019 Email from the Debtors Pre─Petition Counsel to Counsel for UBS # 9 Exhibit 9─March 6, 2020 Email Chain Between the Debtors Bankruptcy Counsel and Counsel for UBS # 10 Exhibit 10─NY D.I. 320: UBSs Note of Issue Without Jury # 11 Exhibit 11─March 22, 2020 New York Administrative Order AO/78/20 # 12 Exhibit 12─May 26, 2020 Law360 Article (Excerpt Only)) filed by Debtor Highland Capital Management, L.P., <u>689</u> Motion to file document under seal.*(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of Appendix B of Exhibits to Debtor's Objection to UBS's Motion for Relief from the Automatic Stay)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A─Proposed Order # 2 Exhibit B─Protective Order Filed in State Court Litigation) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/07/2020 | <u>710</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>706</u> Order granting motion to appear pro hac vice adding Robert J. Feinstein for Highland Capital Management, L.P. (related document <u>695</u>) Entered on 6/5/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/07/2020. (Admin.) |
| 06/08/2020 | <u>711</u> Order granting motion to seal documents (related document # <u>696</u>) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | <u>712</u> Certificate of No Objection filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>593</u> Motion for relief from stay Fee amount $181,). (Shaw, Brian) |
| 06/08/2020 | <u>713</u> Order granting Motion to Redact (Related Doc # <u>700</u>) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | <u>714</u> **SEALED document regarding: Redeemer Committee's Objection to UBS's Motion for Relief From The Automatic Stay (unredacted version) per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)<u>711</u> Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | <u>715</u> **SEALED document regarding: Exhibit A, Original Synthetic Warehouse Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)<u>711</u> Order on motion to seal). (Platt, Mark) |

| | |
|---|---|
| 06/08/2020 | 716 **SEALED document regarding: Exhibit B, Original Engagement Ltr. per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 717 **SEALED document regarding: Exhibit C, Original Cash Warehouse Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 718 **SEALED document regarding: Exhibit D, Expert Report of Louis G. Dudney per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 719 **SEALED document regarding: Exhibit E, 3/20/2009 Termination, Settlement, and Release Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 720 **SEALED document regarding: Exhibit H, UBS and Crusader Fund Settlement Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 721 **SEALED document regarding: Exhibit I, UBS and Credit Strategies Fund Settlement Agreement per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)711 Order on motion to seal). (Platt, Mark) |
| 06/08/2020 | 722 Order granting motion to seal documents (related document # 689) Entered on 6/8/2020. (Okafor, M.) |
| 06/08/2020 | 723 **SEALED document regarding: Appendix B of Exhibits in Support of Debtor's Objection to UBS's Motion for Relief from the Automatic Stay per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)722 Order on motion to seal). (Annable, Zachery) |
| 06/08/2020 | 724 Certificate of service re: *Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)704 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to April 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/10/2020 | 725 Motion to appear pro hac vice for Sarah Tomkowiak. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 06/10/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27830926, amount $ 100.00 (re: Doc# 725). (U.S. Treasury) |
| 06/10/2020 | 726 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). (Annable, Zachery) |

000427

| | |
|---|---|
| 06/10/2020 | <u>727</u> Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>639</u> Application for compensation *Sixth Monthly Application of Sidley Austin LLP for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 4/1/2020 to 4/30/2020, Fee: $438,619.). (Hoffman, Juliana) |
| 06/10/2020 | <u>728</u> Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)<u>640</u> Application for compensation *Fifth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 3/31/2020, Fee: $477,538.20, Expenses: $14,937.66.). (Hoffman, Juliana) |
| 06/10/2020 | <u>729</u> Notice *of Subpoena of Highland Capital Management, L.P.* filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 06/11/2020 | <u>730</u> Motion to appear pro hac vice for Alan J. Kornfeld. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/11/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27834758, amount $ 100.00 (re: Doc# <u>730</u>). (U.S. Treasury) |
| 06/11/2020 | <u>731</u> Order granting motion to appear pro hac vice adding Sarah A. Tomkowiak for UBS AG London Branch and UBS Securities LLC (related document # <u>725</u>) Entered on 6/11/2020. (Okafor, M.) |
| 06/11/2020 | <u>732</u> Order approving fifth stipulation permitting Brown Rudnick LLP to file proofs of claim after the general bar ate (RE: related document(s)<u>638</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/11/2020 (Okafor, M.) Modified text on 6/11/2020 (Okafor, M.) |
| 06/11/2020 | <u>733</u> Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) <u>687</u> Response, <u>690</u> Objection, <u>692</u> Objection, <u>694</u> Joinder, <u>701</u> Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # <u>1</u> Exhibit A − Proposed Order # <u>2</u> Exhibit B − Reply # <u>3</u> Exhibit 1 # <u>4</u> Exhibit 2 # <u>5</u> Exhibit 3 # <u>6</u> Exhibit 4 # <u>7</u> Exhibit 5 # <u>8</u> Exhibit 6 # <u>9</u> Exhibit 7 # <u>10</u> Exhibit 8 # <u>11</u> Exhibit 9 # <u>12</u> Exhibit 10 # <u>13</u> Exhibit 11 # <u>14</u> Exhibit 12 # <u>15</u> Exhibit 13 # <u>16</u> Exhibit 14) (Sosland, Martin) |
| 06/11/2020 | <u>734</u> INCORRECT EVENT USED: See # <u>746</u> for correction. Motion for leave *to File Documents Under Seal with UBS's Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) <u>733</u> Motion for leave) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # <u>1</u> Exhibit A − Proposed Order # <u>2</u> Exhibit B − State Court Protective Stipulation) (Sosland, Martin) Modified on 6/15/2020 (Ecker, C.). |
| 06/11/2020 | <u>746</u> Motion to file document under seal. Filed by Interested Parties UBS AG London Branch , UBS Securities LLC (Ecker, C.) (Entered: 06/15/2020) |
| 06/12/2020 | <u>735</u> COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON JUNE 15, 2020 AT 1:30 p.m. (RE: related document(s)<u>644</u> Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). (Ellison, T.) |

| | |
|---|---|
| 06/12/2020 | 736 Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document # 730) Entered on 6/12/2020. (Okafor, M.) |
| 06/12/2020 | 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A——Proposed Order) (Annable, Zachery) |
| 06/12/2020 | 738 Certificate of No Objection Regarding Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)648 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors for the Period From April 1, 2020 Through April 30, 2020* for Jeffrey Nathan). (Annable, Zachery) |
| 06/12/2020 | 739 Witness and Exhibit List *(Debtor's Witness and Exhibit List for June 15, 2020 Hearing on UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). |
| 06/12/2020 | 740 Witness and Exhibit List *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND WITNESS AND EXHIBIT LIST FOR JUNE 15, 2020 HEARING ON UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). |
| 06/12/2020 | 741 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A——Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 737, (Annable, Zachery) |
| 06/12/2020 | 742 Witness and Exhibit List *for June 15, 2020 Hearing* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181,). (Sosland, Martin) |
| 06/12/2020 | 743 Amended Witness and Exhibit List *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND FIRST AMENDED WITNESS AND EXHIBIT LIST FOR JUNE 15, 2020 HEARING ON UBS MOTION FOR RELIEF FROM THE AUTOMATIC STAY* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)740 List (witness/exhibit/generic). (Platt, Mark) |
| 06/13/2020 | 744 BNC certificate of mailing − PDF document. (RE: related document(s)731 Order granting motion to appear pro hac vice adding Sarah A. Tomkowiak for UBS AG London Branch and UBS Securities LLC (related document 725) Entered on 6/11/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/13/2020. (Admin.) |
| 06/14/2020 | 745 BNC certificate of mailing − PDF document. (RE: related document(s)736 Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document 730) Entered on 6/12/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 06/14/2020. (Admin.) |
| 06/15/2020 | 747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule |

| | |
|---|---|
| | 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 06/15/2020 | 748 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A−−Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 747, (Annable, Zachery) |
| 06/15/2020 | 754 Hearing held on 6/15/2020. (RE: related document(s)644 (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances (all via WebEx): M. Sosland, A. Clubok, and S. Tomkowiak for UBS; J. Pomerantz, R. Feinstein, G. Demo, A. Kornfeld, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; B. Shaw and R. Patel for Acis; M. Rosenthal for Alvarez & Marsal. Evidentiary hearing. Motion denied. Debtors counsel to upload order.) (Edmond, Michael) (Entered: 06/17/2020) |
| 06/15/2020 | 770 Court admitted exhibits date of hearing June 15, 2020 (RE: related document(s)644 Motion for relief from stay (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC., (COURT ADMITTED ALL EXHIBIT'S TO ALL THE ATTACHED OBJECTOR'S OBJECTION ALL EXCEPT FOR EXHIBIT #D (EXPERT REPORT OF LOUIS G. DUDLEY; THAT IS FILED UNDER SEAL); ON THE REDEEMER COMMITTEE OBJECTION; THE FOLLOWING EXHIBIT'S ATTACHED TO THE MOTION OF UBS'S MOTION TO LIFT STAY ALL ADMITTED; # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K; ALSO PLEASE SEE WITNESS AND EXHIBIT LIST OF DEBTOR; CREDITOR UBS AND REDEEMER COMMITTEE) (Edmond, Michael) (Entered: 06/23/2020) |
| 06/16/2020 | 749 ENTER AN ERROR; NO PDF ATTACHED: Request for transcript regarding a hearing held on 6/15/2020. The requested turn−around time is daily (Edmond, Michael) Modified on 6/16/2020 (Edmond, Michael). |
| 06/16/2020 | 750 Request for transcript regarding a hearing held on 6/15/2020. The requested turn−around time is daily. (Edmond, Michael) |
| 06/16/2020 | 751 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 4/30/2020, Fee: $32,602.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 7/7/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 06/16/2020 | 752 Notice of hearing*(Notice of August 6, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 06/16/2020 | 753 Notice of hearing *(Notice of July 14, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 06/17/2020 | 755 Transcript regarding Hearing Held 06/15/2020 (127 pages) RE: Motion for Relief from the Automatic Stay. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY |

|  | AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/15/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 754 Hearing held on 6/15/2020. (RE: related document(s)644 (UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action), filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances (all via WebEx): M. Sosland, A. Clubok, and S. Tomkowiak for UBS; J. Pomerantz, R. Feinstein, G. Demo, A. Kornfeld, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; B. Shaw and R. Patel for Acis; M. Rosenthal for Alvarez & Marsal. Evidentiary hearing. Motion denied. Debtors counsel to upload order.)). Transcript to be made available to the public on 09/15/2020. (Rehling, Kathy) |
| 06/17/2020 | 756 Certificate of service re: *1) WebEx Meeting Invitation to participate electronically in the hearing on Monday, June 15, 2020 at 1:30 p.m. Central Time before the Honorable Stacey G. Jernigan; and 2) Instructions for any counsel and parties who wish to participate in the Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)735 COURT'S NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON JUNE 15, 2020 AT 1:30 p.m. (RE: related document(s)644 Motion for relief from stay *(UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action)* Fee amount $181, Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 6/3/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K)). (Ellison, T.)). (Kass, Albert) |
| 06/17/2020 | 757 Certificate of service re: *Fifth Stipulation by and Between the Debtor and Brown Rudnick LLP Extending the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)726 Stipulation by Highland Capital Management, L.P. and Brown Rudnick LLP. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)488 Order on motion for leave). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/17/2020 | 758 Certificate of service re: *1) Motion for Admission Pro Hac Vice of Alan J. Kornfeld to Represent Highland Capital Management, L.P.; and 2) Order Approving Fifth Stipulation Permitting Brown Rudnick LLP to File Proofs of Claim After the General Bar Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)730 Motion to appear pro hac vice for Alan J. Kornfeld. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 732 Order approving fifth stipulation permitting Brown Rudnick LLP to file proofs of claim after the general bar ate (RE: related document(s)638 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 6/11/2020 (Okafor, M.) Modified text on 6/11/2020 (Okafor, M.).). (Kass, Albert) |
| 06/17/2020 | 759 Certificate of service re: *Documents Served on June 12, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)736 Order granting motion to appear pro hac vice adding Alan J. Kornfeld for Highland Capital Management, L.P. (related document 730) Entered on 6/12/2020. (Okafor, M.), 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) filed by Debtor Highland Capital Management, L.P., 739 Witness and Exhibit List *(Debtor's Witness and Exhibit List for June 15, 2020 Hearing on UBS's Motion for Relief from the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (Related document(s) 644 UBS's Motion for Relief From the Automatic Stay to Proceed With State Court Action) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch. MODIFIED to correct linkage on 6/15/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P., 741 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit |

| | |
|---|---|
| | A––Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 737, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/17/2020 | 760 Certificate of service re: *1) Debtor's Motion for Entry of an Order Further Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; and 2) Notice of Hearing Regarding Debtor's Motion for Entry of an Order Further Extending the Period Within Which it May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; to be Held on July 8, 2020 at 1:30 p.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A––Proposed Order) filed by Debtor Highland Capital Management, L.P., 748 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.. Objections due by 7/6/2020. (Attachments: # 1 Exhibit A––Proposed Order)). Hearing to be held on 7/8/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 747, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/17/2020 | 761 Certificate of service re: *1) Cover Sheet and Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020; 2) Notice of August 6, 2020 Omnibus Hearing Date; and 3) Notice of July 14, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)751 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 4/30/2020, Fee: $32,602.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 7/7/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 752 Notice of hearing*(Notice of August 6, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., 753 Notice of hearing *(Notice of July 14, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/18/2020 | 762 Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 5/1/2020 to 5/31/2020, Fee: $27,822.00, Expenses: $489.80. Filed by Attorney Holland N. O'Neil Objections due by 7/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 06/18/2020 | 763 Agreed Order granting application to employ Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the petition date (related document # 604) Entered on 6/18/2020. (Bradden, T.) |
| 06/18/2020 | 764 Order granting motion for relief from stay by Acis Capital Management GP, LLC , Acis Capital Management, L.P. (related document # 593) Entered on 6/18/2020. (Bradden, T.) |
| 06/19/2020 | 765 Order denying motion for relief from stay by Interested Parties UBS AG London Branch , UBS Securities LLC (related document # 644) Entered on 6/19/2020. (Okafor, M.) |

| | |
|---|---|
| 06/20/2020 | 766 BNC certificate of mailing − PDF document. (RE: related document(s)764 Order granting motion for relief from stay by Acis Capital Management GP, LLC , Acis Capital Management, L.P. (related document 593) Entered on 6/18/2020. (Bradden, T.)) No. of Notices: 1. Notice Date 06/20/2020. (Admin.) (Entered: 06/21/2020) |
| 06/22/2020 | 767 Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $343,624.68, Expenses: $2,758.75. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/13/2020. (Hoffman, Juliana) |
| 06/22/2020 | 768 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)675 Application for compensation *Sixth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 4/1/2020 to 4/30/2020, Fee: $489,957.84, Expenses: $6,702.95.). (Hoffman, Juliana) |
| 06/22/2020 | 769 Certificate of service re: *1) Cover Sheet and Seventh Monthly Application for Compensation and Reimbursement of Expenses of Foley Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 Through May 31, 2020; and 2) Agreed Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)762 Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 5/1/2020 to 5/31/2020, Fee: $27,822.00, Expenses: $489.80. Filed by Attorney Holland N. O'Neil Objections due by 7/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 763 Agreed Order granting application to employ Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the petition date (related document 604) Entered on 6/18/2020. (Bradden, T.)). (Kass, Albert) |
| 06/23/2020 | 771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020. (Annable, Zachery) |
| 06/23/2020 | 772 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, (Annable, Zachery) |
| 06/23/2020 | 773 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $803,509.50, Expenses: $4,372.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 7/14/2020. (Pomerantz, Jeffrey) |
| 06/23/2020 | 774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 06/23/2020 | 775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring−Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |

| | |
|---|---|
| 06/23/2020 | 776 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 774, (Annable, Zachery) |
| 06/23/2020 | 777 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring−Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 775, (Annable, Zachery) |
| 06/24/2020 | 778 Certificate of service re: *Summary Sheet and Seventh Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)767 Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $343,624.68, Expenses: $2,758.75. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 06/24/2020 | 779 Certificate of service re: *Documents Served on 23, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020. filed by Debtor Highland Capital Management, L.P., 772 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 8/6/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, filed by Debtor Highland Capital Management, L.P., 773 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $803,509.50, Expenses: $4,372.94. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 7/14/2020. filed by Debtor Highland Capital Management, L.P., 774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring−Related Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 776 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 774, filed by Debtor Highland Capital Management, L.P., 777 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional *Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring−Related* |

000434

| | |
|---|---|
| | *Services, Nunc Pro Tunc to March 15, 2020* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>775</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 06/25/2020 | <u>780</u> Notice *of Subpoena of David Klos* filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 06/26/2020 | <u>781</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 through May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 06/26/2020 | <u>782</u> Witness and Exhibit List filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>590</u> Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 1−A # <u>3</u> Exhibit 1−B # <u>4</u> Exhibit 1−C # <u>5</u> Exhibit 1−D # <u>6</u> Exhibit 1−E # <u>7</u> Exhibit 1−F # <u>8</u> Exhibit 1−G # <u>9</u> Exhibit 1−H # <u>10</u> Exhibit 1−I # <u>11</u> Exhibit 2 # <u>12</u> Exhibit 3 # <u>13</u> Exhibit 4 # <u>14</u> Exhibit 5 # <u>15</u> Exhibit 6 # <u>16</u> Exhibit 7 # <u>17</u> Exhibit 8 # <u>18</u> Exhibit 9 # <u>19</u> Exhibit 10 # <u>20</u> Exhibit 11 # <u>21</u> Exhibit 12 # <u>22</u> Exhibit 13 # <u>23</u> Exhibit 14 # <u>24</u> Exhibit 15 # <u>25</u> Exhibit 16) (Kane, John) |
| 06/26/2020 | **<u>783</u> SEALED document regarding: Exhibit 11 − AROF MUFG Bank Statement June 2018_ Highland_PEO−032620 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>382</u> Order on motion for protective order). (Kane, John) |
| 06/26/2020 | **<u>784</u> SEALED document regarding: Exhibit 12 − GG and HCM Purchase and Sale Agreement Loan Fund dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>382</u> Order on motion for protective order). (Kane, John) |
| 06/26/2020 | **<u>785</u> SEALED document regarding: Exhibit 13 − GG and HCM Amendment to Purchase and Sale Agreement Loan Fund dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>382</u> Order on motion for protective order). (Kane, John) |
| 06/26/2020 | **<u>786</u> SEALED document regarding: Exhibit 14 − Exercise of Discretion by Trustee The Get Good Nonexempt Trust (Fully Executed) dated December 28, 2016 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>382</u> Order on motion for protective order). (Kane, John) |
| 06/26/2020 | **<u>787</u> SEALED document regarding: Exhibit 15 − Dynamic Income CLO Holdco Side Letter ($2M Subscription) dated January 10, 2017 Highly Confidential per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>382</u> Order on motion for protective order). (Kane, John) |
| 06/26/2020 | **<u>788</u> SEALED document regarding: Exhibit 16 − Highland Capital Management, L.P. December 31, 2016 Final Opinion per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>382</u> Order on motion for protective order). (Kane, John) |
| 06/27/2020 | <u>789</u> Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>590</u> Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # <u>1</u> Exhibit # <u>2</u> Exhibit # <u>3</u> Exhibit) (Hoffman, Juliana) |
| 06/29/2020 | <u>790</u> COURTS NOTICE/VIDEO CONFERENCE INFORMATION FOR HEARING ON June 30, 2020 at 09:30 AM; (RE: related document(s)<u>590</u> Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO |

| | |
|---|---|
| | Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List)). (Edmond, Michael) |
| 06/30/2020 | 791 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)602 Application for compensation *First Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through March 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 3/31/2020, Fee: $484,590.10, Expenses: $10,455.04. Filed by Attorney Holland N. O'Neil Objections due by 5/19/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Exhibit C − Proposed Order) (O'Neil, Holland)) Responses due by 7/14/2020. (Ecker, C.) |
| 06/30/2020 | 792 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Declaration of Timothy Silva # 2 Exhibit B—Proposed Order)) Responses due by 7/14/2020. (Ecker, C.) |
| 06/30/2020 | 793 Hearing held on 6/30/2020. (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List). (Appearances: J. Kane and B. Clark for Movant; J. Pomeranz, J. Morris, G. Demo, and Z. Annabel for Debtor; M. Clemente for Unsecured Creditors Committee; M. Platt and M. Hankin for Redeemers Committee; R. Patel for Acis; A. Anderson and J. Bentley for certain CLO Issuers. Evidentiary hearing. Motion denied, but court ordered that funds in registry of court will be disbursed to CLO Holdco, Ltd. in 90 days unless an adversary proceeding has been filed against it and injunctive/equitable relief is sought and granted in such adversary proceeding, requiring further holding of the funds in the registry of the court (subject to requests/agreements for extension of this 90−day deadline). Also, court registry will be receiving further funds that Debtor is due to disburse to CLO Holdco and Highland Capital Management Services, Inc. imminently (separate order is to be submitted by Debtors counsel; UCC counsel to submit an order on todays ruling on CLO Holdcos motion). (Edmond, Michael) |
| 06/30/2020 | 794 Court admitted exhibits date of hearing June 30, 2020 (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (COURT ADMITTED MOVANT'S CLO HOLDCO, LTD., EXHIBITS #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15 & #16; ALSO ADMITTED DEFENDANT'S UNSECURED CREDITOR'S COMMITTEE EXHIBIT'S #1, #2 & #3) (Edmond, Michael) |
| 06/30/2020 | 795 Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $24877.50, Expenses: $36.00. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A April 2020 Invoice) (Annable, Zachery) |
| 07/01/2020 | 796 Request for transcript regarding a hearing held on 6/30/2020. The requested turn−around time is daily. (Edmond, Michael) |
| 07/01/2020 | 797 Certificate of service re: *re: Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from May 1, 2020 Through May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)781 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period* |

000436

|  | *from May 1, 2020 through May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
|---|---|
| 07/01/2020 | 798 Certificate of service re: *re: The Official Committee of Unsecured Creditors' Witness and Exhibit List for the June 30, 2020 Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)789 Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)590 Motion to reclaim funds from the registry*[Motion for Remittance of Funds Held in Registry of Court]*). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/01/2020 | 799 Certificate of service re: *Cover Sheet and Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 Through April 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)795 Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 4/30/2020, Fee: $24877.50, Expenses: $36.00. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A−−H&A April 2020 Invoice) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 07/02/2020 | 800 Debtor−in−possession monthly operating report for filing period May 1, 2020 to May 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/02/2020 | 801 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 07/02/2020 | 802 Transcript regarding Hearing Held 06/30/2020 (100 pages) RE: Motion for Remittance of Funds (590). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/30/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com., Telephone number 972−786−3063. (RE: related document(s) 793 Hearing held on 6/30/2020. (RE: related document(s)590 Motion to reclaim funds from the registry [Motion for Remittance of Funds Held in Registry of Court] filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Proposed Order # 11 Service List). (Appearances: J. Kane and B. Clark for Movant; J. Pomeranz, J. Morris, G. Demo, and Z. Annabel for Debtor; M. Clemente for Unsecured Creditors Committee; M. Platt and M. Hankin for Redeemers Committee; R. Patel for Acis; A. Anderson and J. Bentley for certain CLO Issuers. Evidentiary hearing. Motion denied, but court ordered that funds in registry of court will be disbursed to CLO Holdco, Ltd. in 90 days unless an adversary proceeding has been filed against it and injunctive/equitable relief is sought and granted in such adversary proceeding, requiring further holding of the funds in the registry of the court (subject to requests/agreements for extension of this 90−day deadline). Also, court registry will be receiving further funds that Debtor is due to disburse to CLO Holdco and Highland Capital |

000437

| | |
|---|---|
| | Management Services, Inc. imminently (separate order is to be submitted by Debtors counsel; UCC counsel to submit an order on todays ruling on CLO Holdcos motion).). Transcript to be made available to the public on 09/30/2020. (Rehling, Kathy) |
| 07/02/2020 | 803 BNC certificate of mailing. (RE: related document(s)792 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)605 Application to employ Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel *(Debtor's Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 for an Order Authorizing the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Regulatory and Compliance Counsel Nunc Pro Tunc to the Petition Date)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Declaration of Timothy Silva # 2 Exhibit B—Proposed Order)) Responses due by 7/14/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/02/2020. (Admin.) |
| 07/03/2020 | 804 Response unopposed to (related document(s): 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 07/06/2020 | 805 Notice of hearing *(Notice of September 10, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 07/07/2020 | 806 Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on Tuesday, May 26, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)801 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to May 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/07/2020 | 807 Certificate of service re: *Statement of the Official Committee of Unsecured Creditors in Response to the Debtor's Third Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) and Local Rule 3016−1 Further Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)804 Response unopposed to (related document(s): 737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/08/2020 | 808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020. (Montgomery, Paige) |
| 07/08/2020 | 809 Certificate of service re: *Notice of September 10, 2020 Omnibus Hearing Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)805 Notice of hearing *(Notice of September 10, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| | |
|---|---|
| 07/08/2020 | 812 Hearing held on 7/8/2020. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted in part (30−day extension). Debtors counsel to upload order.) (Edmond, Michael) (Entered: 07/09/2020) |
| 07/08/2020 | 813 Hearing held on 7/8/2020. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted. Debtors counsel to upload order.) (Edmond, Michael) (Entered: 07/09/2020) |
| 07/09/2020 | 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 07/09/2020 | 811 Declaration re: *(Declaration of John A. Morris in Support of Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Annable, Zachery)* |
| 07/09/2020 | 814 Motion for expedited hearing(related documents 808 Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors (Hoffman, Juliana) |
| 07/09/2020 | 815 Request for transcript regarding a hearing held on 7/8/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 07/09/2020 | 816 Order granting 747 Motion to extend time to within which it may remove actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)459 O) Entered on 7/9/2020. (Okafor, M.) |
| 07/10/2020 | 817 Transcript regarding Hearing Held 07/08/2020 (58 pages) RE: Motions to Extend Time. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/8/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 812 Hearing held on 7/8/2020. (RE: related document(s)737 Motion to extend or limit the exclusivity period (RE: related document(s)668 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted in part (30−day |

| | |
|---|---|
| | extension). Debtors counsel to upload order.), 813 Hearing held on 7/8/2020. (RE: related document(s)747 Motion to extend time to (Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure) (RE: related document(s)459 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, M. Hayward, and Z. Annabel for Debtor; M. Clemente for Official Unsecured Creditors Committee; T. Mascherin, M. Platt, and M. Hankin for Redeemer Committee; R. Patel, A. Chiarello, and B. Shaw for Acis; M. Lynn for J. Dondero; J. Bjork for UBS. Evidentiary hearing. Motion granted. Debtors counsel to upload order.)). Transcript to be made available to the public on 10/8/2020. (Rehling, Kathy) |
| 07/10/2020 | 818 Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)751 Application for compensation *Sixth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020 for Foley Gardere,*). (O'Neil, Holland) |
| 07/10/2020 | 819 Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)762 Application for compensation *Seventh Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Foley Gardere). (O'Neil, Holland) |
| 07/10/2020 | 820 Order granting 737 Motion to extend or limit the exclusivity period. The Exclusive Filing Period is extended through and including August 12, 2020. Entered on 7/10/2020. (Okafor, M.) |
| 07/10/2020 | 821 Agreed order regarding deposit of funds into the registry of the Court. (Related Doc # 474) Entered on 7/10/2020. (Okafor, M.) |
| 07/10/2020 | 822 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Repr, 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restruct). (Annable, Zachery)* |
| 07/13/2020 | 823 Certificate of service re: *Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/13/2020 | 824 Certificate of service re: *Documents Served on July 9, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 811 Declaration re: *(Declaration of John A. Morris in Support of Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs).* |

000440

| | |
|---|---|
| | *(Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) filed by Debtor Highland Capital Management, L.P., 814 Motion for expedited hearing(related documents 808 Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, 816 Order granting 747 Motion to extend time to within which it may remove actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)459 O) Entered on 7/9/2020. (Okafor, M.)). (Kass, Albert)* |
| 07/13/2020 | 825 Order denying motion to reclaim funds from the registry (Related Doc # 590) Entered on 7/13/2020. (Okafor, M.) |
| 07/13/2020 | 826 Stipulation by Highland Capital Management, L.P. and The Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. , 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs, 814 Motion for expedited hearing(related documents 808 Motion to compel) ). (Annable, Zachery)* |
| 07/13/2020 | 827 Objection to claim(s) 3 of Creditor(s) Acis Capital Management, L.P. and Acis Capital Management GP, LLC.. Filed by Interested Party James Dondero. (Assink, Bryan) |
| 07/13/2020 | 828 Certificate of service re: *1) Order Granting Debtor's Third Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) and Local Rule 3016−1 Further Extending the Exclusivity Periods for the Filing and Solicitation of Acceptances of a Chapter 11 Plan; 2) Agreed Order Regarding Deposit of Funds into the Registry of the Court; and 3) Debtors Witness and Exhibit List with Respect to (A) the Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to May 15, 2020, and (B) the Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363 (b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring Related Services Nunc Pro Tunc to March 15* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)820 Order granting 737 Motion to extend or limit the exclusivity period. The Exclusive Filing Period is extended through and including August 12, 2020. Entered on 7/10/2020. (Okafor, M.), 821 Agreed order regarding deposit of funds into the registry of the Court. (Related Doc 474) Entered on 7/10/2020. (Okafor, M.), 822 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional *Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Repr, 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restruct). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)* |
| 07/14/2020 | 829 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)767 Application for compensation *Sidley Austin LLP's Seventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 5/1/2020 to 5/31/2020, Fee: $34). (Hoffman, Juliana) |
| 07/14/2020 | 830 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 5/1/2020 to 5/31/2020, Fee: $223,330.68, Expenses: $1,874.65. Filed by Attorney Juliana Hoffman Objections due by 8/4/2020. (Hoffman, Juliana) |
| 07/14/2020 | 831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured |

| | |
|---|---|
| | Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (Hoffman, Juliana) |
| 07/14/2020 | 832 Response opposed to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party James Dondero. (Assink, Bryan) |
| 07/14/2020 | 833 Request for transcript regarding a hearing held on 7/14/2020. The requested turn−around time is daily. (Edmond, Michael) |
| 07/14/2020 | 836 Court admitted exhibits date of hearing July 14, 2020 (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P., And 775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring−Related Services, Nunc Pro Tunc to March 15, 2020 filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED EXHIBIT'S #1, #2, #3, #4, #5, #6 & #7) (Edmond, Michael) (Entered: 07/15/2020) |
| 07/14/2020 | 862 Hearing held on 7/14/2020. (RE: related document(s)774 Application to employ James P. Seery, Jr. as Other Professional Debtors Motion Under Bankruptcy Code Sections 105(a) and 363(b) for Authorization to Retain James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer and Foreign Representative Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.) (Edmond, Michael) (Entered: 07/17/2020) |
| 07/14/2020 | 863 Hearing held on 7/14/2020. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring−Related Services, Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.) (Edmond, Michael) (Entered: 07/17/2020) |
| 07/15/2020 | 834 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)773 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020* for Jeffrey Nathan P.) (Annable, Zachery) |
| 07/15/2020 | 835 Motion to appear pro hac vice for James A. Wright III. Fee Amount $100 Filed by Interested Parties NexPoint Real Estate Strategies Fund, Highland Global Allocation Fund, Highland Income Fund, NexPoint Strategic Opportunities Fund, NexPoint Capital, Inc., Highland Total Return Fund, Highland Fixed Income Fund, Highland Socially Responsible Equity Fund, Highland Small−Cap Equity Fund, Highland Funds II and its series, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland/iBoxx Senior Loan ETF, Highland Healthcare Opportunities Fund, Highland Funds I and its series, NexPoint |

| | |
|---|---|
| | Advisors, L.P., Highland Capital Management Fund Advisors, L.P. (Varshosaz, Artoush) |
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27927823, amount $ 100.00 (re: Doc# 835). (U.S. Treasury) |
| 07/15/2020 | 837 Response opposed to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.) filed by John Honis, Rand PE Fund Management, LLC, Rand PE Fund I, LP, Rand Advisors, LLC, Hunter Mountain Investment Trust, Beacon Mountain, LLC, Atlas IDF, LP, Atlas IDF, GP, LLC. (Keiffer, Edwin)* |
| 07/15/2020 | 838 INCORRECT ENTRY: Attorney to amend and refile. Motion to appear pro hac vice for Stephen G. Topetzes. Fee Amount $100 Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (Varshosaz, Artoush) MODIFIED on 7/16/2020 (Ecker, C.). |
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27928069, amount $ 100.00 (re: Doc# 838). (U.S. Treasury) |
| 07/15/2020 | 839 Response opposed to (related document(s): 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Montgomery, Paige)* |
| 07/15/2020 | 840 INCORRECT ENTRY: FILED WITHOUT EXHIBITS. Notice of Appearance and Request for Notice by Paul Richard Bessette filed by Interested Party Highland CLO Funding, Ltd.. (Bessette, Paul) Modified on 7/15/2020 (Rielly, Bill). |
| 07/15/2020 | 841 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.) filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Varshosaz, Artoush)* |
| 07/15/2020 | 842 Notice of Appearance and Request for Notice by Amanda Melanie Rush filed by Interested Party CCS Medical, Inc.. (Rush, Amanda) |
| 07/15/2020 | 843 Motion to appear pro hac vice for Tracy K. Stratford. Fee Amount $100 Filed by Interested Party CCS Medical, Inc. (Rush, Amanda) |

000443

| | |
|---|---|
| 07/15/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27928305, amount $ 100.00 (re: Doc# 843). (U.S. Treasury) |
| 07/15/2020 | 844 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors, 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, L.P.)* filed by Interested Party CCS Medical, Inc.. (Rush, Amanda) |
| 07/15/2020 | 845 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/15/2020 | 846 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Creditor CLO Holdco, Ltd.. (Attachments: # 1 Exhibit A) (Kane, John) |
| 07/15/2020 | 847 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Parties NexPoint Real Estate Advisors VIII, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors, L.P., VineBrook Homes, Trust, Inc., NexPoint Multifamily Capital Trust, Inc., NexPoint Real Estate Partners, LLC, NexPoint Hospitality Trust, NexPoint Residential Trust, Inc., Nexpoint Real Estate Capital, LLC, NexPoint Real Estate Finance Inc.. (Drawhorn, Lauren) |
| 07/15/2020 | 848 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)845 Objection). (Attachments: # 1 Exhibit A) (Annable, Zachery) |
| 07/16/2020 | 849 Amended Motion to appear pro hac vice for Stephen G. Topetzes. (related document: 838) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (Varshosaz, Artoush) |
| 07/16/2020 | 850 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020., 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/21/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 810 and for 808, (Annable, Zachery) |
| 07/16/2020 | 851 Notice of hearing *(Notice of September 17, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm (Annable, Zachery) |
| 07/16/2020 | |

| | |
|---|---|
| | 852 Order Approving Stipulation Resolving the Motion for Expedited Consideration of the Official Committee of the Unsecured Creditors' Motion to Compel Production by the Debtor (RE: related document(s)826 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 7/16/2020 (Ecker, C.) |
| 07/16/2020 | 853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document # 775) Entered on 7/16/2020. (Ecker, C.) |
| 07/16/2020 | 854 Order granting application to employ James P. Seery, Jr. as Chief Executive Officer, Chief Restructuring Officer and Foreign representative (related document 774) Entered on 7/16/2020. (Ecker, C.) Modified on 7/16/2020 (Ecker, C.). |
| 07/16/2020 | 855 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party MGM Holdings, Inc.. (Drawhorn, Lauren) |
| 07/16/2020 | 856 Notice of Appearance and Request for Notice by Artoush Varshosaz filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Varshosaz, Artoush) |
| 07/16/2020 | 857 Motion to appear pro hac vice for Mark M. Maloney. Fee Amount $100 Filed by Interested Party Highland CLO Funding, Ltd. (Bessette, Paul) |
| 07/16/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 27932614, amount $ 100.00 (re: Doc# 857). (U.S. Treasury) |
| 07/16/2020 | 858 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party Highland CLO Funding, Ltd.. (Bessette, Paul) |
| 07/16/2020 | 859 Declaration re: 858 Objection filed by Interested Party Highland CLO Funding, Ltd. (RE: related document(s)808 Motion to compel Production by the Debtor. ). (Attachments: # 1 Exhibit A) (Bessette, Paul) |
| 07/16/2020 | 860 Certificate of service re: 1) Order Denying Motion for Remittance of Funds Held in Registry of Court; and 2) Stipulation by and Between the Debtor and the Official Committee of Unsecured Creditors Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)825 Order denying motion to reclaim funds from the registry (Related Doc 590) Entered on 7/13/2020. (Okafor, M.), 826 Stipulation by Highland Capital Management, L.P. and The Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. , 810 Motion for protective order (Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs, 814 Motion for expedited hearing(related documents 808 Motion to compel) ). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/16/2020 | 861 Certificate of service re: 1) Summary Sheet and Seventh Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2020 to and Including May 31, 2020; and 2) Summary Sheet and Second Interim Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period |

000445

| | |
|---|---|
| | *from March 1, 2020 Through and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)830 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 5/1/2020 to 5/31/2020, Fee: $223,330.68, Expenses: $1,874.65. Filed by Attorney Juliana Hoffman Objections due by 8/4/2020. filed by Financial Advisor FTI Consulting, Inc., 831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 07/17/2020 | 864 Transcript regarding Hearing Held 07/14/2020 (134 pages) RE: Applications to Employ. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/15/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 863 Hearing held on 7/14/2020. (RE: related document(s)775 Application to employ Development Specialists, Inc. as Other Professional Amended Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide Financial Advisory and Restructuring−Related Services, Nunc Pro Tunc to March 15, 2020, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, G. Demo, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and B. Shaw for Acis; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; D. Nier for various employees.. Evidentiary hearing. Application granted (bonuses request withdrawn, per negotiations with UCC, subject to possible later request). Debtors counsel to submit order.)). Transcript to be made available to the public on 10/15/2020. (Rehling, Kathy) |
| 07/17/2020 | 865 Order granting motion to appear pro hac vice adding Tracy K. Stratford for CCS Medical, Inc. (related document # 843) Entered on 7/17/2020. (Ecker, C.) |
| 07/17/2020 | 866 Order granting motion to appear pro hac vice adding James A. Wright for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document # 835) Entered on 7/17/2020. (Ecker, C.) |
| 07/17/2020 | 867 Order granting motion to appear pro hac vice adding Stephen G. Topetzes for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document # 849) Entered on 7/17/2020. (Ecker, C.) |
| 07/17/2020 | 868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020. (Annable, Zachery) |
| 07/17/2020 | |

000446

| | |
|---|---|
| | 869 Reply to (related document(s): 839 Response filed by Creditor Committee Official Committee of Unsecured Creditors) *(Debtor's Reply to the Committee's Response to the Debtor's Discovery Motion)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 07/17/2020 | 870 Declaration re: *(Declaration of John A. Morris in Further Support of the Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). (Annable, Zachery)* |
| 07/17/2020 | 871 Declaration re: *First Supplemental Declaration of Alexander McGeoch in Support of Debtor's Application for an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date* filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)604 Application to employ Hunton Andrews Kurth LLP as Special Counsel *(Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)*). (Hesse, Gregory) |
| 07/17/2020 | 872 Response opposed to (related document(s): 841 Objection filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Funds I and its series, Interested Party Highland Healthcare Opportunities Fund, Interested Party Highland/iBoxx Senior Loan ETF, Interested Party Highland Opportunistic Credit Fund, Interested Party Highland Merger Arbitrage Fund, Interested Party Highland Funds II and its series, Interested Party Highland Small−Cap Equity Fund, Interested Party Highland Fixed Income Fund, Interested Party Highland Socially Responsible Equity Fund, Interested Party Highland Total Return Fund, Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund, Interested Party NexPoint Real Estate Strategies Fund, 844 Objection filed by Interested Party CCS Medical, Inc., 845 Objection filed by Debtor Highland Capital Management, L.P., 846 Objection filed by Creditor CLO Holdco, Ltd., 847 Objection filed by Interested Party NexPoint Real Estate Finance Inc., Interested Party Nexpoint Real Estate Capital, LLC, Interested Party NexPoint Residential Trust, Inc., Interested Party NexPoint Hospitality Trust, Interested Party NexPoint Real Estate Partners, LLC, Interested Party NexPoint Multifamily Capital Trust, Inc., Interested Party VineBrook Homes, Trust, Inc., Interested Party NexPoint Real Estate Advisors, L.P., Interested Party NexPoint Real Estate Advisors II, L.P., Interested Party NexPoint Real Estate Advisors III, L.P., Interested Party NexPoint Real Estate Advisors IV, L.P., Interested Party NexPoint Real Estate Advisors V, L.P., Interested Party NexPoint Real Estate Advisors VI, L.P., Interested Party NexPoint Real Estate Advisors VII, L.P., Interested Party NexPoint Real Estate Advisors VIII, L.P., 855 Objection filed by Interested Party MGM Holdings, Inc., 858 Objection filed by Interested Party Highland CLO Funding, Ltd.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Montgomery, Paige) |
| 07/17/2020 | 873 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 868, (Annable, Zachery) |
| 07/19/2020 | 874 BNC certificate of mailing − PDF document. (RE: related document(s)865 Order granting motion to appear pro hac vice adding Tracy K. Stratford for CCS Medical, Inc. (related document 843) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/19/2020 | |

| | |
|---|---|
| | 875 BNC certificate of mailing − PDF document. (RE: related document(s)866 Order granting motion to appear pro hac vice adding James A. Wright for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document 835) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/19/2020 | 876 BNC certificate of mailing − PDF document. (RE: related document(s)867 Order granting motion to appear pro hac vice adding Stephen G. Topetzes for Highland Funds I and its series; Highland Funds II and its series; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland Income Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Total Return Fund; Highland/iBoxx Senior Loan ETF; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Real Estate Strategies Fund; Highland Capital Management Fund Advisors, L.P. and Highland Fixed Income Fund (related document 849) Entered on 7/17/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 07/19/2020. (Admin.) |
| 07/20/2020 | 877 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 6/30/2020, Fee: $493,788.96, Expenses: $5,759.29. Filed by Objections due by 8/10/2020. (Hoffman, Juliana) |
| 07/20/2020 | 878 Application for compensation *Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. (Pomerantz, Jeffrey) |
| 07/20/2020 | 879 Amended application for compensation *Amended Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020 (amended to include Exhibit)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. (Pomerantz, Jeffrey) |
| 07/20/2020 | 880 Certificate of service re: *1) Debtor's Objection to Official Committee of Unsecured Creditors Emergency Motion to Compel Production by the Debtor; and 2) Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors Emergency Motion to Compel Production by the Debtor* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)845 Objection to (related document(s): 808 Motion to compel Production by the Debtor. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 848 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to the Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)845 Objection). (Attachments: # 1 Exhibit A) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/20/2020 | 881 Certificate of service re: *Documents Served on July 16, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)850 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)808 Motion to compel Production by the Debtor. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 7/29/2020., 810 Motion for protective order *(Debtor's Motion* |

| | |
|---|---|
| | *for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 7/21/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>810</u> and for <u>808</u>, filed by Debtor Highland Capital Management, L.P., <u>851</u> Notice of hearing *(Notice of September 17, 2020 Omnibus Hearing Date)* filed by Debtor Highland Capital Management, L.P.. Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm filed by Debtor Highland Capital Management, L.P., <u>852</u> Order Approving Stipulation Resolving the Motion for Expedited Consideration of the Official Committee of the Unsecured Creditors' Motion to Compel Production by the Debtor (RE: related document(s)<u>826</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 7/16/2020 (Ecker, C.), <u>853</u> Order granting application to employ Development Specialists, Inc. as Other Professional (related document <u>775</u>) Entered on 7/16/2020. (Ecker, C.), <u>854</u> Order granting application to employ James P. Seery, Jr. as Chief Executive Officer, Chief Restructuring Officer and Foreign representative (related document <u>774</u>) Entered on 7/16/2020. (Ecker, C.) Modified on 7/16/2020 (Ecker, C.).). (Kass, Albert) |
| 07/21/2020 | <u>882</u> Order granting motion to appear pro hac vice adding Mark M. Maloney for Highland CLO Funding, Ltd. (related document # <u>857</u>) Entered on 7/21/2020. (Okafor, M.) |
| 07/21/2020 | <u>883</u> Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020. (Hoffman, Juliana) |
| 07/21/2020 | 894 Hearing held on 7/21/2020. (RE: related document(s)<u>808</u> Motion to compel Production by the Debtor, filed by Creditor Committee Official Committee of Unsecured Creditors.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Motion granted in substantial part, but with special privilege review protections granted as to the three lawyer custodians, as to CCS Medical and MGM communications, and as to Atlass communications with outside law firms. Counsel to submit order. ) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/21/2020 | 895 Hearing held on 7/21/2020. (RE: related document(s)<u>810</u> Motion for protective order (Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034), filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Motion denied in substantial part, but with special privilege review protections granted as to the three lawyer custodians, as to CCS Medical and MGM, and as to Atlass communications with outside law firms. Counsel to submit order.) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/21/2020 | 896 Hearing held on 7/21/2020. (RE: related document(s)<u>1</u> Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. |

000449

| | |
|---|---|
| | Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Scheduling discussed, including that there will be a setting on 9/17/20 on the objections to Aciss proof of claim for arguing certain issues of law and, perhaps, narrow issues for trial. Counsel to submit an interim scheduling order that memorializes dicussions.) (Edmond, Michael) (Entered: 07/24/2020) |
| 07/22/2020 | 884 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 6/1/2020 to 6/30/2020, Fee: $21,242.00, Expenses: $343.69. Filed by Attorney Holland N. O'Neil Objections due by 8/12/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 07/22/2020 | 885 INCORRECT ENTRY: EVENT CODE. Motion to extend or limit the exclusivity period Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) Modified on 7/22/2020 (Rielly, Bill). |
| 07/22/2020 | 886 Motion to extend time to assume or reject unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 07/22/2020 | 887 Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Status Conference to be held on 8/14/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 07/22/2020 | 888 Request for transcript regarding a hearing held on 7/21/2020. The requested turn−around time is daily. (Edmond, Michael) |
| 07/22/2020 | 889 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, (Annable, Zachery) |
| 07/22/2020 | 890 Certificate of service re: *Documents Served on July 17, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020. filed by Debtor Highland Capital Management, L.P., 869 Reply to (related document(s): 839 Response filed by Creditor Committee Official Committee of Unsecured Creditors) *(Debtor's Reply to the Committee's Response to the Debtor's Discovery Motion)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 870 Declaration re: *(Declaration of John A. Morris in Further Support of the Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs). filed by Debtor Highland Capital Management, L.P., 871 Declaration re: First Supplemental Declaration of Alexander McGeoch in Support of Debtor's Application for an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)604 Application to* |

000450

| | |
|---|---|
| | *employ Hunton Andrews Kurth LLP as Special Counsel (Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date)). filed by Interested Party Hunton Andrews Kurth LLP, Spec. Counsel Hunton Andrews Kurth LLP, 873 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 868, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)* |
| 07/23/2020 | 891 Objection to claim(s) 3 of Creditor(s) ACIS Capital Management L.P. and ACIS Capital Management GP, LLC.. Filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 07/23/2020 | 892 Certificate of service re: *Amended Ninth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 Through June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)879 Amended application for compensation *Amended Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020 (amended to include Exhibit)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $818,786.50, Expenses: $3,205.81. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 8/10/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/23/2020 | 893 BNC certificate of mailing − PDF document. (RE: related document(s)882 Order granting motion to appear pro hac vice adding Mark M. Maloney for Highland CLO Funding, Ltd. (related document 857) Entered on 7/21/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 07/23/2020. (Admin.) |
| 07/24/2020 | 897 Transcript regarding Hearing Held 07/21/20 RE: DOCS 808 and 810. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 10/22/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Transcripts Plus, Inc., Telephone number 215−862−1115 CourtTranscripts@aol.com. (RE: related document(s) 896 Hearing held on 7/21/2020. (RE: related document(s)1 Order transferring case number 19−12239 from U.S. Bankruptcy Court for the District of Delaware Filed by Highland Capital Management, L.P.) (Appearances: J. Morris, I. Karash, Z. Annabel, and M. Hayward for Debtors; M. Clemente and P. Montgomery for UCC; A. Clubok for UBS; R. Patel and A. Chiarello for Acis; T. Mascherin for Redeemer Committee; M. Lynn and J. Bonds for J. Dondero; L. Drawhorn for NexPoint funds and MGM; P. Keiffer for Atlas; S. Topetzes and J. Wright for Highland Capital Management Fund Advisors, L.P. and other funds; T. Stratford for CCS Medical; R. Matsumura and M. Maloney for HCLOF; J. Kane for CLO Holdco.; J. Slade for NexBank; K. Preston for certain employees sued by Acis. Nonevidentiary hearing. Scheduling discussed, including that there will be a setting on 9/17/20 on the objections to Aciss proof of claim for arguing certain issues of law, and perhaps, narrow issues for trial. Counsel to submit an interim scheduling order that memorializes dicussions.)). Transcript to be made available to the public on 10/22/2020. (Hartmann, Karen) |
| 07/24/2020 | 898 Certificate of service re: *1) Summary Cover Sheet and Eighth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2020 to and Including June 30, 2020; and 2) Summary Cover Sheet and Second Interim Fee Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from March 1, 2020 Through and Including May 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)877 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of* |

000451

| | |
|---|---|
| | *Expenses of Sidley Austin, LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 6/30/2020, Fee: $493,788.96, Expenses: $5,759.29. Filed by Objections due by 8/10/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 07/27/2020 | 899 Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)795 Application for compensation *(Fifth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from April 1, 2020 through April 30, 2020)* for Hayward & Assoc. (Annable, Zachery) |
| 07/27/2020 | 900 Certificate of service re: *Documents Served on July 22, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)884 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 6/1/2020 to 6/30/2020, Fee: $21,242.00, Expenses: $343.69. Filed by Attorney Holland N. O'Neil Objections due by 8/12/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 886 Motion to extend time to assume or reject unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P., 887 Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Status Conference to be held on 8/14/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P., 889 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 07/28/2020 | 901 INCORRECT ENTRY: See # 902 for correction. Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)733 Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 Exhibit 7 # 10 Exhibit 8 # 11 Exhibit 9 # 12 Exhibit 10 # 13 Exhibit 11 # 14 Exhibit 12 # 15 Exhibit 13 # 16 Exhibit 14)) Responses due by 8/4/2020. (Ecker, C.) Modified on 7/28/2020 (Ecker, C.). |
| 07/28/2020 | 902 Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)733 Motion for leave *to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action* (related document(s) 687 Response, 690 Objection, 692 Objection, 694 Joinder, 701 Objection) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 7/2/2020. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Reply # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 # 9 Exhibit 7 # 10 Exhibit 8 # 11 Exhibit 9 # 12 Exhibit 10 # 13 Exhibit 11 # 14 Exhibit 12 # 15 Exhibit 13 # 16 Exhibit 14)) Responses due by 8/4/2020. (Ecker, C.) |
| 07/28/2020 | 903 Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)746 Motion to file document under seal. Filed by Interested Parties UBS AG |

| | London Branch , UBS Securities LLC (Ecker, C.)) Responses due by 8/4/2020. (Ecker, C.) |
|---|---|
| 07/28/2020 | Receipt Number 00338615, Fee Amount $30,715.92 (RE: related document(s)) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 07/28/2020 | Receipt Number 00338617, Fee Amount $20,830.29 (RE: related document(s) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 07/28/2020 | Receipt Number 00338616, Fee Amount $84,062.32 (RE: related document(s) 821 Order on motion for authority to apply and disburse funds.) NOTE: Deposit of funds into the Registry of the Court. (Floyd, K). (Entered: 08/10/2020) |
| 07/30/2020 | 904 Notice of Appearance and Request for Notice *Chad Timmons, Emily M. Hahn, Larry R. Boyd* by Chad D. Timmons filed by Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR. (Timmons, Chad) |
| 07/30/2020 | 905 Amended Debtor−in−possession monthly operating report for filing period May 1, 2020 to May 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)800 Operating report). (Annable, Zachery) |
| 07/30/2020 | 906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A—Proposed Order and Schedules 1−7) (Annable, Zachery) |
| 07/30/2020 | 907 Notice of hearing *(Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) Insufficient−Documentation Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)906 Objection to |

000453

claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Dallas County, Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A−−Proposed Order and Schedules 1−7)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 906, (Annable, Zachery)

| | |
|---|---|
| 07/31/2020 | 908 Response opposed to (related document(s): 771 Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Patel, Rakhee) |
| 08/03/2020 | 909 Agreed Order Granting 886 Motion to extend deadline to assume or reject unexpired nonresidential real property lease by sixty days. Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 910 Order granting motion for leave to File an Omnibus Reply to Objections to UBS's Motion for Relief from the Automatic Stay to Proceed With State Court Action (related document # 733) Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 911 Order granting motion to seal documents (related document # 746) Entered on 8/3/2020. (Okafor, M.) |
| 08/03/2020 | 912 Order directing mediation (RE: related document(s)3 Document filed by Debtor Highland Capital Management, L.P.). Entered on 8/3/2020 (Okafor, M.) |
| 08/03/2020 | 913 Debtor−in−possession monthly operating report for filing period June 1, 2020 to June 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 08/03/2020 | 914 Motion for leave [CLO Holdco, Ltd.'s Motion for Clarification of Ruling] (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held) Filed by Creditor CLO Holdco, Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Kane, John) |

| | |
|---|---|
| 08/04/2020 | 915 Joinder by *NexPoint RE Entities' Joinder to CLO Holdco, Ltd.'s Motion for Clarification of Ruling* filed by Interested Parties NexPoint Hospitality Trust, NexPoint Multifamily Capital Trust, Inc., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Finance Inc., NexPoint Real Estate Partners, LLC, NexPoint Residential Trust, Inc., Nexpoint Real Estate Capital, LLC, VineBrook Homes, Inc. (RE: related document(s)914 Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held)). (Drawhorn, Lauren) |
| 08/04/2020 | 916 Certificate of service re: *1) Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) Insufficient−Documentation Claims; and 2) Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) Insufficient−Documentation Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A−−Proposed Order and Schedules 1−7) filed by Debtor Highland Capital Management, L.P., 907 Notice of hearing *(Notice of Hearing on Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) Insufficient−Documentation Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; |

000455

|  | Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A−−Proposed Order and Schedules 1−7)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for <u>906</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 08/05/2020 | <u>917</u> Application for compensation *(Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $17,667.50, Expenses: $37.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # <u>1</u> Exhibit A−−H&A May 2020 Invoice) (Annable, Zachery) |
| 08/05/2020 | <u>918</u> Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>831</u> Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,5). (Attachments: # <u>1</u> Exhibit) (Hoffman, Juliana) |
| 08/05/2020 | <u>919</u> Certificate of service re: *1) Agreed Order Extending Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease by Sixty Days; and 2) Order Directing Mediation* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>909</u> Agreed Order Granting <u>886</u> Motion to extend deadline to assume or reject unexpired nonresidential real property lease by sixty days. Entered on 8/3/2020. (Okafor, M.), <u>912</u> Order directing mediation (RE: related document(s)<u>3</u> Document filed by Debtor Highland Capital Management, L.P.). Entered on 8/3/2020 (Okafor, M.)). (Kass, Albert) |
| 08/05/2020 | <u>920</u> Certificate of No Objection (Amended) filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>918</u> Certificate (generic)). (Hoffman, Juliana) |
| 08/05/2020 | <u>921</u> Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to June 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN |

000456

| | |
|---|---|
| | PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 08/06/2020 | 922 Application for compensation *Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from July 1, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 7/1/2020 to 7/31/2020, Fee: $6,264.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 08/06/2020 | 923 Notice of Appearance and Request for Notice by Jared M. Slade filed by Interested Party NexBank. (Slade, Jared) |
| 08/06/2020 | 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A − Invoices # 2 Proposed Order Exhibit B − Proposed Order) (O'Neil, Holland) |
| 08/06/2020 | 925 Certificate of service re: *re: 1) Cover Sheet and Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 Through May 31, 2020; and 2) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)917 Application for compensation *(Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 5/1/2020 to 5/31/2020, Fee: $17,667.50, Expenses: $37.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A−−H&A May 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 921 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to June 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 08/06/2020 | 926 Withdrawal of claim(s) Claim has been satisfied. Claim: 9 Filed by Creditor Gray Reed & McGraw LLP. (Brookner, Jason) |
| 08/07/2020 | 927 Joinder by filed by Interested Party NexBank (RE: related document(s)914 Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held)). (Slade, Jared) |
| 08/07/2020 | 928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/9/2020. (Attachments: # 1 Exhibit 18 # 2 Exhibit 19) (Annable, Zachery) |
| 08/07/2020 | 929 Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Debtor Highland Capital |

| | |
|---|---|
| | Management, L.P.. Responses due by 9/9/2020. (Attachments: # 1 Exhibit 18 # 2 Exhibit 19)). Status Conference to be held on 9/29/2020 at 01:30 PM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 08/07/2020 | 930 Response opposed to (related document(s): 914 Motion for leave *[CLO Holdco, Ltd.'s Motion for Clarification of Ruling]* (related document(s) 808 Motion to compel, 846 Objection, 872 Response, 894 Hearing held) filed by Creditor CLO Holdco, Ltd.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A) (Montgomery, Paige) |
| 08/07/2020 | 931 Application for compensation *(Seventh Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $18,025.00, Expenses: $452.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A──H&A June 2020 Invoice) (Annable, Zachery) |
| 08/07/2020 | 932 Motion to file document under seal.*MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEES OBJECTION TO THE PROOF OF CLAIM OF UBS AG, LONDON BRANCH AND UBS SECURITIES, LLC* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Proposed Order Proposed Order Granting Motion to Seal) (Platt, Mark) |
| 08/07/2020 | 933 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit Exhibit 1 (slip page − to be filed under seal upon order from Court) # 2 Exhibit Exhibit 2 (slip page − to be filed under seal upon order from Court) # 3 Exhibit Exhibit 3 (slip page − to be filed under seal upon order from Court) # 4 Exhibit Exhibit 4 # 5 Exhibit Exhibit 5 # 6 Exhibit Exhibit 6 (slip page − to be filed under seal upon order from Court) # 7 Exhibit Exhibit 7 (slip page − to be filed under seal upon order from Court) # 8 Exhibit Exhibit 8 # 9 Exhibit Exhibit 9 (slip page − to be filed under seal upon order from Court) # 10 Exhibit Exhibit 10 # 11 Exhibit Exhibit 11 # 12 Exhibit Exhibit 12 # 13 Exhibit Exhibit 13 # 14 Exhibit Exhibit 14 # 15 Exhibit Exhibit 15 # 16 Exhibit Exhibit 16 (slip page − to be filed under seal upon order from Court) # 17 Exhibit Exhibit 17 # 18 Exhibit Exhibit 18 # 19 Exhibit Exhibit 19 # 20 Exhibit Exhibit 20 (slip page − to be filed under seal upon order from Court) # 21 Exhibit Exhibit 21 (slip page − to be filed under seal upon order from Court) # 22 Exhibit Exhibit 22 (slip page − to be filed under seal upon order from Court)) (Platt, Mark) |
| 08/10/2020 | 934 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 6/30/2020, Fee: $328,185.72, Expenses: $440.33. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 8/31/2020. (Hoffman, Juliana) |
| 08/11/2020 | 935 Order on Motion for Clarification of Ruling and the Joinders Thereto (RE: related document(s)914 Motion for leave filed by Creditor CLO Holdco, Ltd., 915 Joinder filed by Interested Party NexPoint Real Estate Finance Inc., Interested Party Nexpoint Real Estate Capital, LLC, Interested Party NexPoint Residential Trust, Inc., Interested Party NexPoint Hospitality Trust, Interested Party NexPoint Real Estate Partners, LLC, Interested Party NexPoint Multifamily Capital Trust, Inc., Interested Party VineBrook Homes, Trust, Inc., Interested Party NexPoint Real Estate Advisors, L.P., Interested Party NexPoint Real Estate Advisors II, L.P., Interested Party NexPoint Real Estate Advisors III, L.P., Interested Party NexPoint Real Estate Advisors IV, L.P., Interested Party NexPoint Real Estate Advisors V, L.P., Interested Party NexPoint Real Estate Advisors VI, L.P., Interested Party NexPoint Real Estate Advisors VII, L.P., Interested Party NexPoint Real Estate Advisors VIII, L.P., 927 Joinder filed by Interested Party NexBank). Entered on 8/11/2020 (Rielly, Bill) |
| 08/11/2020 | 936 Application for compensation *Tenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from July 1, 2020 through July 31, 2020* for |

000458

| | Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 7/1/2020 to 7/31/2020, Fee: $739,976.00, Expenses: $1,189.12. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/1/2020. (Pomerantz, Jeffrey) |
|---|---|
| 08/11/2020 | 937 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)879 Amended application for compensation *Amended Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020 (amended t). (Pomerantz, Jeffrey)* |
| 08/11/2020 | 938 Certificate of service re: *1) Cover Sheet and Ninth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from July 1, 2020 Through July 31, 2020; and 2) Cover Sheet and Second Interim Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 Through July 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)922 Application for compensation *Ninth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from July 1, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 7/1/2020 to 7/31/2020, Fee: $6,264.50, Expenses: $0.00. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A − Invoices # 2 Proposed Order Exhibit B − Proposed Order) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP). (Kass, Albert) |
| 08/11/2020 | 939 Certificate of service re: *1) Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch; and 2) Notice of Status Conference; to be Held on September 29, 2020 at 1:30 p.m. (Central Time); and 3) Seventh Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/9/2020. (Attachments: # 1 Exhibit 18 # 2 Exhibit 19) filed by Debtor Highland Capital Management, L.P., 929 Notice of hearing *(Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/9/2020. (Attachments: # 1 Exhibit 18 # 2 Exhibit 19)). Status Conference to be held on 9/29/2020 at 01:30 PM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P., 931 Application for compensation *(Seventh Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 6/1/2020 to 6/30/2020, Fee: $18,025.00, Expenses: $452.40. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A June 2020 Invoice) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 08/11/2020 | 940 Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on Friday, August 14, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Summary Cover Sheet and Eighth Monthly Application for Compensation and Reimbursement of Expenses for FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period From June 1, 2020 to and Including June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related |

| | document(s)934 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 6/30/2020, Fee: $328,185.72, Expenses: $440.33. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 8/31/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
|---|---|
| 08/12/2020 | 941 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)877 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses of Sidley Austin, LLP* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 6/30/2020, Fee: $493,78). (Hoffman, Juliana) |
| 08/12/2020 | 942 Order resolving discovery motions and objections thereto (related document 808 and 810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Purs filed by Debtor Highland Capital Management, )* Entered on 8/12/2020. (Okafor, M.). Modified linkage on 10/1/2020 (Okafor, M.). |
| 08/12/2020 | 943 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from June 1, 2020 through June 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting motion to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). (Annable, Zachery) |
| 08/12/2020 | 944 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 08/12/2020 | 945 Disclosure statement filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A−−Plan)(Annable, Zachery) |
| 08/13/2020 | 946 Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)884 Application for compensation *Eighth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020* for Foley Garder). (O'Neil, Holland) |
| 08/13/2020 | 947 Joint Motion to continue hearing on (related documents 771 Objection to claim) *(Joint Motion to Continue Status Conference)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 08/13/2020 | 948 Motion to file document under seal. *(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of the Debtor's Plan of Reorganization and Disclosure Statement)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 08/13/2020 | 949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 08/13/2020 | 950 Order granting motion to seal documents (related document # 932) Entered on 8/13/2020. (Okafor, M.) |
| 08/13/2020 | 951 Order granting joint motion to continue hearing on (related document # 947) (related documents Objection to claim) Status Conference to be held on 8/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. Entered on 8/13/2020. (Okafor, M.) |

| | |
|---|---|
| 08/13/2020 | 952 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A––Proposed Order)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 949, (Annable, Zachery) |
| 08/13/2020 | **953 SEALED document regarding: REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUNDS AND THE CRUSADER FUNDS' OBJECTION TO THE PROOF OF CLAIM OF UBS AG, LONDON BRANCH AND UBS SECURITIES, LLC AND JOINDER IN THE DEBTOR'S OBJECTION per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)950 Order on motion to seal). (Attachments: # 1 Exhibit Exhibit 1 – Original Synthetic Warehouse Agreement # 2 Exhibit Exhibit 2 Original Engagement Ltr. # 3 Exhibit Exhibit 3 Original Cash Warehouse Agreement # 4 Exhibit Exhibit 6 Expert Report of Louis G. Dudney # 5 Exhibit Exhibit 7 March 20, 2009 Termination Settlement and Release Agreement # 6 Exhibit Exhibit 9 UBS and Crusader Fund Settlement Agreement # 7 Exhibit Exhibit 16 Unredacted version of UBS's Second Amended Complaint # 8 Exhibit Exhibit 20 UBS's Pre–Trial Brief ISO Bifurcation # 9 Exhibit Exhibit 21 UBS and Credit Strategies Settlement Agreement # 10 Exhibit Exhibit 22 Crusader Fund scheme of Arrangement and Joint Plan of Distribution) (Platt, Mark) |
| 08/13/2020 | 954 Amended Notice of hearing *(Amended Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Status Conference to be held on 8/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 08/13/2020 | 955 Order granting motion to seal documents (related document # 948) Entered on 8/13/2020. (Okafor, M.) |
| 08/13/2020 | **956 SEALED document regarding: Plan of Reorganization of Highland Capital Management, L.P. per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)955 Order on motion to seal). (Annable, Zachery) |
| 08/13/2020 | **957 SEALED document regarding: Disclosure Statement for the Plan of Reorganization of Highland Capital Management, L.P. per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)955 Order on motion to seal). (Attachments: # 1 Exhibit A––Plan of Reorganization of Highland Capital Management, L.P.) (Annable, Zachery) |
| 08/13/2020 | 958 BNC certificate of mailing – PDF document. (RE: related document(s)935 Order on Motion for Clarification of Ruling and the Joinders Thereto (RE: related document(s)914 Motion for leave filed by Creditor CLO Holdco, Ltd., 915 Joinder filed by Interested Party NexPoint Real Estate Finance Inc., Interested Party Nexpoint Real Estate Capital, LLC, Interested Party NexPoint Residential Trust, Inc., Interested Party NexPoint Hospitality Trust, Interested Party NexPoint Real Estate Partners, LLC, Interested Party NexPoint Multifamily Capital Trust, Inc., Interested Party VineBrook Homes, Trust, Inc., Interested Party NexPoint Real Estate Advisors, L.P., Interested Party NexPoint Real Estate Advisors II, L.P., Interested Party NexPoint Real Estate Advisors III, L.P., Interested Party NexPoint Real Estate Advisors IV, L.P., Interested Party NexPoint Real Estate Advisors V, L.P., Interested Party NexPoint Real Estate Advisors VI, L.P., Interested Party NexPoint Real Estate Advisors VII, L.P., Interested Party NexPoint Real Estate Advisors VIII, L.P., 927 Joinder filed by Interested Party NexBank). Entered on 8/11/2020) No. of Notices: 2. Notice Date 08/13/2020. (Admin.) |
| 08/14/2020 | 959 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)830 Application for compensation *Seventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 5/1/2020 to 5/31/2020, Fee: $223,330.68, Expenses: $1,874.65.). (Hoffman, Juliana) |

| | |
|---|---|
| 08/14/2020 | 960 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26.). (Hoffman, Juliana) |
| 08/14/2020 | 961 Certificate of service re: *Cover Sheet and Tenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from July 1, 2020 through July 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)936 Application for compensation *Tenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from July 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 7/1/2020 to 7/31/2020, Fee: $739,976.00, Expenses: $1,189.12. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/1/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 08/14/2020 | 962 Certificate of service re: *1) Order Resolving Discovery Motions and Objections Thereto; and 2) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from June 1, 2020 Through June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)942 Order resolving discovery motions and objections thereto (related document 808) Entered on 8/12/2020. (Okafor, M.), 943 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from June 1, 2020 through June 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 08/17/2020 | 963 Motion to file document under seal. Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (Attachments: # 1 Proposed Order) (Chiarello, Annmarie) |
| 08/18/2020 | 964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 6/30/2020, Fee: $60,570.00, Expenses: $525.80. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—Invoices) (Annable, Zachery) |
| 08/18/2020 | 965 Order granting motion to seal documents (related document # 963) Entered on 8/18/2020. (Okafor, M.) |
| 08/18/2020 | 966 **SEALED document regarding: email correspondence produced by Highland Capital Management, L.P. in connection with Acis's bankruptcy cases and bates labeled CONFIDENTIAL Highland0035395− Highland0035405 per court order** filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)965 Order on motion to seal). (Chiarello, Annmarie) |
| 08/18/2020 | 967 Certificate of service re: *Documents Served on August 13, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)947 Joint Motion to continue hearing on (related documents 771 Objection to claim) *(Joint Motion to continue Status Conference)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 948 Motion to file document under seal. *(Debtor's Motion for Entry of an Order Authorizing Filing under Seal of the Debtor's Plan of Reorganization and Disclosure Statement)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) filed by Debtor Highland Capital Management, L.P., 949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) filed by Debtor Highland Capital Management, L.P., 951 Order granting joint motion to continue hearing on (related document 947) (related documents Objection to claim) Status Conference to be held on |

| | |
|---|---|
| | 8/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. Entered on 8/13/2020. (Okafor, M.), 952 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A⸻Proposed Order)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 949, filed by Debtor Highland Capital Management, L.P., 954 Amended Notice of hearing *(Amended Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.). Status Conference to be held on 8/19/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P., 955 Order granting motion to seal documents (related document 948) Entered on 8/13/2020. (Okafor, M.). (Kass, Albert) |
| 08/19/2020 | 968 Hearing held on 8/19/2020. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC., filed by Debtor Highland Capital Management, L.P., (Appearances: J. Pomeranz, I. Karesh, Z. Annabel, and M. Hayward for Debtors; R. Patel and B. Shaw for Acis; P. Montgomery for Unsecured Creditors Committee; J. Bonds for J. Dondero; A. Clubock for UBS; T. Masherin for Crusader Redeemer Committee. Nonevidentiary status conference. Court heard and approved concept for a partial scheduling order, contemplating cross motions for summary judgment and setting thereon for 10/20/20 at 9:30 am to the extend this matter is not resolved in mediation. Mr. Pomeranz to draft order consistent with the terms of what was announced.) (Edmond, Michael) |
| 08/19/2020 | 969 Application for compensation *Sidley Austin, LLP's Ninth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 7/1/2020 to 7/31/2020, Fee: $531,094.32, Expenses: $10,470.96. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 9/9/2020. (Hoffman, Juliana) |
| 08/19/2020 | 970 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). (Annable, Zachery) |
| 08/19/2020 | 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 7/31/2020, Fee: $3,475,794.50, Expenses: $12,205.15. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/9/2020. (Pomerantz, Jeffrey) |
| 08/19/2020 | 972 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US) Inc., Consultant, Period: 3/1/2020 to 5/31/2020, Fee: $54,029.98, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 9/9/2020. (Pomerantz, Jeffrey) |
| 08/19/2020 | 973 Support/supplemental document *(Notice of Filing of Executed Signature Pages to Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan). (Attachments: # 1 Exhibit A) (Annable, Zachery) |
| 08/19/2020 | 974 Support/supplemental document *(Notice of Filing of Executed Signature Pages to Disclosure Statement for the Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A) (Annable, Zachery) |

000463

| | |
|---|---|
| 08/19/2020 | 975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period November 1, 2019 through June 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Special Counsel, Period: 11/1/2019 to 6/30/2020, Fee: $615,941.40, Expenses: $2,701.56. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit B) (Annable, Zachery) |
| 08/19/2020 | 976 Notice of hearing *(Omnibus Notice of Hearing on Second Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F), 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020., 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A − Invoices # 2 Proposed Order Exhibit B − Proposed Order) (O'Neil, Holland), 964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 6/30/2020, Fee: $60,570.00, Expenses: $525.80. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A−−Invoices), 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 7/31/2020, Fee: $3,475,794.50, Expenses: $12,205.15. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/9/2020., 972 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US) Inc., Consultant, Period: 3/1/2020 to 5/31/2020, Fee: $54,029.98, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 9/9/2020., 975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period November 1, 2019 through June 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Special Counsel, Period: 11/1/2019 to 6/30/2020, Fee: $615,941.40, Expenses: $2,701.56. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit B)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 964 and for 831 and for 975 and for 972 and for 971 and for 924 and for 883, (Annable, Zachery) |
| 08/20/2020 | 977 Amended Notice of hearing *(Amended Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/9/2020. (Attachments: # 1 Exhibit 18 # 2 Exhibit 19)). Status Conference to be held on 10/6/2020 at 01:30 PM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 08/20/2020 | 978 Order approving joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)970 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/20/2020 (Okafor, M.) |

000464

| | |
|---|---|
| 08/20/2020 | 979 Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on Wednesday, August 19, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Notice of and Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 Through June 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 6/30/2020, Fee: $60,570.00, Expenses: $525.80. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A−−Invoices) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 08/20/2020 | 980 Certificate of service re: *Documents Served on August 19, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)969 Application for compensation *Sidley Austin, LLP's Ninth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 7/1/2020 to 7/31/2020, Fee: $531,094.32, Expenses: $10,470.96. Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 9/9/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 970 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). filed by Debtor Highland Capital Management, L.P., 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 7/31/2020, Fee: $3,475,794.50, Expenses: $12,205.15. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/9/2020. filed by Debtor Highland Capital Management, L.P., 972 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US) Inc., Consultant, Period: 3/1/2020 to 5/31/2020, Fee: $54,029.98, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 9/9/2020. filed by Consultant Mercer (US) Inc., 975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period November 1, 2019 through June 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Special Counsel, Period: 11/1/2019 to 6/30/2020, Fee: $615,941.40, Expenses: $2,701.56. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit B), 976 Notice of hearing *(Omnibus Notice of Hearing on Second Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F), 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020., 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A − Invoices # 2 Proposed Order Exhibit B − Proposed Order) (O'Neil, Holland), 964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 6/30/2020, Fee: $60,570.00, |

000465

| | |
|---|---|
| | Expenses: $525.80. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—Invoices), 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 7/31/2020, Fee: $3,475,794.50, Expenses: $12,205.15. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/9/2020., 972 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US) Inc., Consultant, Period: 3/1/2020 to 5/31/2020, Fee: $54,029.98, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 9/9/2020., 975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period November 1, 2019 through June 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Special Counsel, Period: 11/1/2019 to 6/30/2020, Fee: $615,941.40, Expenses: $2,701.56. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit B)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 964 and for 831 and for 975 and for 972 and for 971 and for 924 and for 883, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 08/21/2020 | 981 Certificate (Affidavit of Service) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 08/21/2020 | 982 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 08/21/2020 | 983 Agreed Scheduling Order and Order setting hearing on any timely filed Summary Judgment Motion and Summary Judgment Response (RE: related document(s)771 Objection to claim filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 10/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, Entered on 8/21/2020 (Okafor, M.) Modified text on 8/21/2020 (Okafor, M.). |
| 08/21/2020 | 984 Motion to appear pro hac vice for Tracy M. O'Steen. Fee Amount $100 Filed by Interested Party Integrated Financial Associates, Inc. (Bryant, M.) |
| 08/23/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28037405, amount $ 100.00 (re: Doc# 984). (U.S. Treasury) |
| 08/23/2020 | 985 BNC certificate of mailing − PDF document. (RE: related document(s)978 Order approving joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)970 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/20/2020 (Okafor, M.)) No. of Notices: 1. Notice Date 08/23/2020. (Admin.) |
| 08/24/2020 | 986 Order approving joint stipulation regarding modification to order approving ordinary course professionals for Robert Half Legal (RE: related document(s)982 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/24/2020 (Okafor, M.) |
| 08/24/2020 | 987 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). (Annable, Zachery) |
| 08/24/2020 | 988 Support/supplemental document *Supplement to Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* filed by |

000466

| | |
|---|---|
| | Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere). (O'Neil, Holland) |
| 08/25/2020 | 989 Order granting motion to appear pro hac vice adding Tracy M. O'Steen for Integrated Financial Associates, Inc. (related document # 984) Entered on 8/25/2020. (Okafor, M.) |
| 08/25/2020 | 990 Order approving second joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)987 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/25/2020 (Okafor, M.) |
| 08/25/2020 | 991 Certificate of service re: *1) Amended Notice of Status Conference; to be Held on October 6, 2020 at 1:30 p.m. (Central Time); and 2) Order Approving Joint Stipulation Extending Response Deadline to Debtor's Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)977 Amended Notice of hearing *(Amended Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. filed by Debtor Highland Capital Management, L.P.. Responses due by 9/9/2020. (Attachments: # 1 Exhibit 18 # 2 Exhibit 19)). Status Conference to be held on 10/6/2020 at 01:30 PM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P., 978 Order approving joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)970 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/20/2020 (Okafor, M.)). (Kass, Albert) |
| 08/25/2020 | 992 Certificate of service re: *1) Affidavit of Service of Karina Yee re: Action by Written Consent of Stockholders in Lieu of Special Meeting (Cornerstone Healthcare Group Holding, Inc.); 2) Joint Stipulation Regarding Modification to Order Approving Ordinary Course Professionals for Robert Half Legal; and 3) Agreed Scheduling Order Regarding Objections to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)981 Certificate (Affidavit of Service) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 982 Stipulation by Highland Capital Management, L.P. and Official Committee of Unsecured Creditors. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 983 Agreed Scheduling Order and Order setting hearing on any timely filed Summary Judgment Motion and Summary Judgment Response (RE: related document(s)771 Objection to claim filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 10/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 771, Entered on 8/21/2020 (Okafor, M.) Modified text on 8/21/2020 (Okafor, M.).). (Kass, Albert) |
| 08/26/2020 | 993 Request for transcript regarding a hearing held on 8/19/2020. The requested turn−around time is daily. (Edmond, Michael) |
| 08/26/2020 | 994 Response opposed to (related document(s): 906 Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Creditor Paul N. Adkins . (Dugan, S.) Filed by Creditor Paul N. Adkins (related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund |

| | |
|---|---|
| | Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A──Proposed Order and Schedules 1−7) filed by Debtor Highland Capital Management, L.P.). (COURT NOTE: Signature of filer not included. Amended response with signature requested) (Dugan, S.) |
| 08/26/2020 | 995 Adversary case 20−03105. Complaint by Highland Capital Management, L.P. against Hunter Mountain Investment Trust. Fee Amount $350 (Attachments: # 1 Adversary Proceeding Cover Sheet). Nature(s) of suit: 81 (Subordination of claim or interest). 91 (Declaratory judgment). (Annable, Zachery) |
| 08/26/2020 | 996 Objection to claim(s) of Creditor(s) Redeemer Committee of the Highland Crusader Fund − Proof of Claim No. 72.. Filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 08/26/2020 | 997 Motion to file document under seal.*(With the Objection to the Proof of Claim Filed by Redeemer Committee of the Highland Crusader Fund)* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Attachments: # 1 Proposed Order Ex A) (Sosland, Martin) |
| 08/26/2020 | 998 Transcript regarding Hearing Held 08/19/2020 (20 pages) RE: Status Conference on Objection to Claim. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/24/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 968 Hearing held on 8/19/2020. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC., filed by Debtor Highland Capital Management, L.P., (Appearances: J. Pomeranz, I. Karesh, Z. Annabel, and M. Hayward for Debtors; R. Patel and B. Shaw for Acis; P. Montgomery for Unsecured Creditors Committee; J. Bonds for J. Dondero; A. Clubock for UBS; T. Masherin for Crusader Redeemer Committee. Nonevidentiary status conference. Court heard and approved concept for a partial scheduling order, contemplating cross motions for summary judgment and setting thereon for 10/20/20 at 9:30 am to the extend this matter is not resolved in mediation. Mr. Pomeranz to draft order consistent with the terms of what was announced.)). Transcript to be made available to the public on 11/24/2020. (Rehling, Kathy) |
| 08/27/2020 | |

| | |
|---|---|
| | 999 Motion to file document under seal. *(Debtor's Motion for Entry of an Order Authorizing Filing under Seal Certain of the Exhibits to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A--Proposed Order) (Annable, Zachery) |
| 08/27/2020 | 1000 Certificate of service re: *1) Order Approving Joint Stipulation Regarding Modification to Order Approving Ordinary Course Professionals for Robert Half Legal; 2) Second Joint Stipulation Extending Response Deadline to Debtor's Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.; and 3) Supplement to the Second Interim Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April 1, 2020 Through July 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)986 Order approving joint stipulation regarding modification to order approving ordinary course professionals for Robert Half Legal (RE: related document(s)982 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/24/2020 (Okafor, M.), 987 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). filed by Debtor Highland Capital Management, L.P., 988 Support/supplemental document *Supplement to Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere. (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP). (Kass, Albert) |
| 08/27/2020 | 1001 Certificate of service re: *Order Approving Second Joint Stipulation Extending Response Deadline to Debtor's Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)990 Order approving second joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)987 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/25/2020 (Okafor, M.)). (Kass, Albert) |
| 08/27/2020 | 1002 Response unopposed to (related document(s): 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Chiarello, Annmarie) |
| 08/27/2020 | 1003 BNC certificate of mailing − PDF document. (RE: related document(s)989 Order granting motion to appear pro hac vice adding Tracy M. O'Steen for Integrated Financial Associates, Inc. (related document 984) Entered on 8/25/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 08/27/2020. (Admin.) |
| 08/27/2020 | 1004 BNC certificate of mailing − PDF document. (RE: related document(s)990 Order approving second joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)987 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 8/25/2020 (Okafor, M.)) No. of Notices: 1. Notice Date 08/27/2020. (Admin.) |
| 08/28/2020 | 1005 Order granting motion to seal certain of the exhibits to proofs of claim 190 and 191 of UBS Securities and UBS AG, London Branch (related document # 999) Entered on 8/28/2020. (Okafor, M.) |
| 08/31/2020 | 1006 Amended Response opposed to (related document(s): 906 Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Creditor Paul N. Adkins . (Rielly, Bill) |

| | |
|---|---|
| 08/31/2020 | 1007 Amended Notice of hearing *(Amended Notice of Hearing on Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 10/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 868, (Annable, Zachery) |
| 08/31/2020 | 1008 Adversary case 20−03107. Complaint by Highland Capital Management, L.P. against Patrick Daugherty. Fee Amount $350 (Attachments: # 1 Adversary Cover Sheet). Nature(s) of suit: 81 (Subordination of claim or interest). (Annable, Zachery) |
| 08/31/2020 | **1009 SEALED document regarding: Exhibit 20 to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1005 Order on motion to seal). (Annable, Zachery) |
| 08/31/2020 | **1010 SEALED document regarding: Exhibit 21 to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1005 Order on motion to seal). (Annable, Zachery) |
| 08/31/2020 | **1011 SEALED document regarding: Exhibit 22 to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1005 Order on motion to seal). (Annable, Zachery) |
| 08/31/2020 | **1012 SEALED document regarding: Exhibit 23 to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1005 Order on motion to seal). (Annable, Zachery) |
| 08/31/2020 | **1013 SEALED document regarding: Exhibit 24 to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1005 Order on motion to seal). (Annable, Zachery) |
| 09/01/2020 | 1014 Debtor−in−possession monthly operating report for filing period July 1, 2020 to July 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 09/01/2020 | 1015 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). (Annable, Zachery) |
| 09/01/2020 | 1016 Certificate No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)917 Application for compensation *(Sixth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from May 1, 2020 through May 31, 2020)* for Hayward & Associate). (Annable, Zachery) |
| 09/01/2020 | 1017 Certificate No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)931 Application for compensation *(Seventh Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from June 1, 2020 through June 30, 2020)* for Hayward & Assoc). (Annable, Zachery) |
| 09/01/2020 | 1018 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)934 Application for compensation *Eighth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, |

| | |
|---|---|
| | Period: 6/1/2020 to 6/30/2020, Fee: $328,185.72, Expenses: $440.33.). (Hoffman, Juliana) |
| 09/01/2020 | 1019 Objection to (related document(s): 906 Objection to claim Filed by Debtor Highland Capital Management, L.P. filed by Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR. (Lopez, Paul). MODIFIED to correct linkage on 9/2/2020 (Ecker, C.). |
| 09/01/2020 | 1020 Certificate of service re: *Debtor's Motion for Entry of an Order Authorizing Filing under Seal Certain of the Exhibits to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)999 Motion to file document under seal. *(Debtor's Motion for Entry of an Order Authorizing Filing under Seal Certain of the Exhibits to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/02/2020 | 1021 Order approving third joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc (RE: related document(s)1015 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 9/2/2020 (Okafor, M.) |
| 09/02/2020 | 1022 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)936 Application for compensation *Tenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from July 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 7/1/2020 to 7/31/2020, F). (Pomerantz, Jeffrey) |
| 09/02/2020 | 1023 Certificate of service re: *Order Granting Debtor's Motion for Entry of an Order Authorizing Filing Under Seal Certain of the Exhibits to Debtor's Objection to Proofs of Claim 190 and 191 of UBS Securities LLC and UBS AG, London Branch* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1005 Order granting motion to seal certain of the exhibits to proofs of claim 190 and 191 of UBS Securities and UBS AG, London Branch (related document 999) Entered on 8/28/2020. (Okafor, M.)). (Kass, Albert) |
| 09/03/2020 | 1024 Certificate of service re: *Amended Notice of Hearing on Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.; to be Held on October 14, 2020 at 1:30 PM (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1007 Amended Notice of hearing *(Amended Notice of Hearing on Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 8/19/2020.). Hearing to be held on 10/14/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 868, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/04/2020 | 1025 Motion to compromise controversy with Carey International, Inc.. *(Motion of the Debtor for Entry of an Order Approving Settlement with Carey International, Inc. [Claim No. 68] and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. Objections due by 9/28/2020. (Attachments: # 1 Exhibit A—Proposed Order # 2 Exhibit B—Settlement Agreement) (Annable, Zachery) |
| 09/04/2020 | 1026 Objection to (related document(s): 949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 09/04/2020 | 1027 Certificate of service re: *Third Joint Stipulation Extending Response Deadline to Debtor's Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.* Filed |

000471

| | |
|---|---|
| | by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1015 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/05/2020 | 1028 Witness and Exhibit List *for Hearing on September 10, 2020* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,5, 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26., 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, 949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time), 964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorn, 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 202, 972 Application for compensation Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020 for Mercer (US), 975 Application for compensation (Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for).* (Hayward, Melissa) |
| 09/08/2020 | 1029 Certificate of service re: *Order Approving Third Joint Stipulation Extending Response Deadline to Debtor's Objection to Proof of Claim No. 93 of Integrated Financial Associates, Inc.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1021 Order approving third joint stipulation extending response deadline to Debtor's objection to proof of claim No. 93 of Integrated Financial Associates, Inc (RE: related document(s)1015 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 9/2/2020 (Okafor, M.). (Kass, Albert) |
| 09/08/2020 | 1030 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to July 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 09/09/2020 | 1031 Motion to appear pro hac vice for James E. O'Neill. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 09/09/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28083098, amount $ 100.00 (re: Doc# 1031). (U.S. Treasury) |
| 09/09/2020 | 1032 Notice *(Notice of Agenda of Matters Scheduled for Hearing on September 10, 2020 at 2:30 p.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)976 Notice of hearing *(Omnibus Notice of Hearing on Second Interim* |

|  | *Applications for Compensation and Reimbursement of Expenses of Estate Professionals)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F), 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020., 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A − Invoices # 2 Proposed Order Exhibit B − Proposed Order) (O'Neil, Holland), 964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 6/30/2020, Fee: $60,570.00, Expenses: $525.80. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—Invoices), 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 7/31/2020, Fee: $3,475,794.50, Expenses: $12,205.15. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/9/2020., 972 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US) Inc., Consultant, Period: 3/1/2020 to 5/31/2020, Fee: $54,029.98, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 9/9/2020., 975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period November 1, 2019 through June 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Special Counsel, Period: 11/1/2019 to 6/30/2020, Fee: $615,941.40, Expenses: $2,701.56. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit B)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 964 and for 831 and for 975 and for 972 and for 971 and for 924 and for 883,). (Annable, Zachery) |
|---|---|
| 09/09/2020 | 1033 Order granting motion to seal documents (related document # 997) Entered on 9/9/2020. (Okafor, M.) |
| 09/09/2020 | 1034 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for). (Annable, Zachery)* |
| 09/09/2020 | 1035 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)972 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US)). (Annable, Zachery) |
| 09/09/2020 | 1036 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020* |

| | |
|---|---|
| | *through July 31, 202). (Annable, Zachery)* |
| 09/09/2020 | <u>1037</u> Certificate No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)<u>964</u> Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorn). (Annable, Zachery) |
| 09/09/2020 | <u>1038</u> Certificate of service re: *Motion of the Debtor for Entry of an Order Approving Settlement with Carey International, Inc. [Claim No. 68] and Authorizing Actions Consistent Therewith* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1025</u> Motion to compromise controversy with Carey International, Inc.. *(Motion of the Debtor for Entry of an Order Approving Settlement with Carey International, Inc. [Claim No. 68] and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. Objections due by 9/28/2020. (Attachments: # 1 Exhibit A──Proposed Order # 2 Exhibit B──Settlement Agreement) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/10/2020 | <u>1039</u> **SEALED document regarding: Exhibits B and C to the Objection to the Proof of Claim Filed by Redeemer Committee of the Highland Crusader Fund per court order** filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1033</u> Order on motion to seal). (Attachments: # <u>1</u> Part 2 # <u>2</u> Part 3 # <u>3</u> Part 4 # <u>4</u> Part 5 # <u>5</u> Part 6) (Sosland, Martin) |
| 09/10/2020 | <u>1040</u> Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>969</u> Application for compensation *Sidley Austin, LLP's Ninth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 7/1/2020 to 7/31/2020, Fee: $531). (Hoffman, Juliana) |
| 09/10/2020 | <u>1041</u> Amended Notice *(Amended Notice of Agenda of Matters Scheduled for Hearing on September 10, 2020 at 2:30 p.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>976</u> Notice of hearing *(Omnibus Notice of Hearing on Second Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>831</u> Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F), <u>883</u> Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020., <u>924</u> Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A − Invoices # 2 Proposed Order Exhibit B − Proposed Order) (O'Neil, Holland), <u>964</u> Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 6/30/2020, Fee: $60,570.00, Expenses: $525.80. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A──Invoices), <u>971</u> Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 7/31/2020, Fee: $3,475,794.50, Expenses: $12,205.15. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/9/2020., <u>972</u> Application for compensation |

*Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US) Inc., Consultant, Period: 3/1/2020 to 5/31/2020, Fee: $54,029.98, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 9/9/2020., 975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period November 1, 2019 through June 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Special Counsel, Period: 11/1/2019 to 6/30/2020, Fee: $615,941.40, Expenses: $2,701.56. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit B)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 964 and for 831 and for 975 and for 972 and for 971 and for 924 and for 883,). (Annable, Zachery)

| | |
|---|---|
| 09/10/2020 | 1061 Hearing held on 9/10/2020., Hearing continued (RE: related document(s)949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time) filed by Debtor Highland Capital Management, L.P.,) Continued Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 949, (Appearances: J. Pomeranz, J. Morris, and J. ONeill for Debtor; M. Clemente for Official Unsecured Creditors Committee; R. Patel and B. Shaw for Acis; A. Clubok for UBS; T. Masherin, M. Hankin and M. Platt for Redeemer Committee; B. Assing for J. Dondero; L. Lambert for UST. Evidentiary hearing. Motion continued to 9/17/20 at 9:30 am.) (Edmond, Michael) (Entered: 09/14/2020) |
| 09/10/2020 | 1062 Hearing held on 9/10/2020. (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.,) (Appearances: J. Pomeranz, J. Morris, and J. ONeill for Debtor; M. Clemente for Official Unsecured Creditors Committee; R. Patel and B. Shaw for Acis; A. Clubok for UBS; T. Masherin, M. Hankin and M. Platt for Redeemer Committee; B. Assing for J. Dondero; L. Lambert for UST. Nonevidentiary hearing. Based on record presented by counsel, certain objections sustained, certain objections resolved, and certain ones carried to a date to be continued. Counsel to upload orders where |

000475

| | |
|---|---|
| | appropriate and seeking resettings where appropriate.) (Edmond, Michael) (Entered: 09/14/2020) |
| 09/11/2020 | 1042 Agreed Order regarding first omnibus objection to certain claims − administrative claim of Internal Revenue Service (RE: related document(s)906 Objection to claim filed by Debtor Highland Capital Management, L.P.). Entered on 9/11/2020 (Dugan, S.) |
| 09/11/2020 | 1043 Order granting application for compensation (related document # 971) granting for Jeffrey Nathan Pomerantz, fees awarded: $3470794.50, expenses awarded: $12205.15 Entered on 9/11/2020. (Dugan, S.) |
| 09/11/2020 | 1044 Order granting application for compensation (related document # 975) granting for Wilmer Cutler Pickering Hale and Dorr LLP, fees awarded: $615941.40, expenses awarded: $2701.56 Entered on 9/11/2020. (Dugan, S.) |
| 09/11/2020 | 1045 Order granting application for compensation (related document # 924) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $63144.80, expenses awarded: $833.49 Entered on 9/11/2020. (Ecker, C.) |
| 09/11/2020 | 1046 Order granting application for compensation (related document # 972) granting for Mercer (US) Inc., fees awarded: $54029.98, expenses awarded: $297.68 Entered on 9/11/2020. (Ecker, C.) |
| 09/11/2020 | 1047 Order granting application for compensation (related document # 964) granting for Hayward & Associates PLLC, fees awarded: $60210.00, expenses awarded: $525.80 Entered on 9/11/2020. (Ecker, C.) |
| 09/11/2020 | 1048 Order granting application for compensation (related document # 831) granting for Official Committee of Unsecured Creditors, fees awarded: $1573850.25, expenses awarded: $22930.21 Entered on 9/11/2020. (Ecker, C.) |
| 09/11/2020 | 1049 Request for transcript regarding a hearing held on 9/11/2020. The requested turn−around time is daily. (Edmond, Michael) |
| 09/11/2020 | 1050 Order granting motion to appear pro hac vice adding James E. O'Neill for Highland Capital Management, L.P. (related document # 1031) Entered on 9/11/2020. (Ecker, C.) |
| 09/11/2020 | 1051 Order granting application for compensation (related document # 883) granting for FTI Consulting, Inc., fees awarded: $1488533.40, expenses awarded: $23515.26 Entered on 9/11/2020. (Ecker, C.) |
| 09/11/2020 | 1052 Motion to appear pro hac vice for Erica S. Weisgerber. Fee Amount $100 Filed by Creditor HarbourVest et al (Driver, Vickie) |
| 09/11/2020 | 1053 Motion to appear pro hac vice for Daniel E. Stroik. Fee Amount $100 Filed by Creditor HarbourVest et al (Driver, Vickie) |
| 09/11/2020 | 1054 Motion to appear pro hac vice for M. Natasha Labovitz. Fee Amount $100 Filed by Creditor HarbourVest et al (Driver, Vickie) |
| 09/11/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28091874, amount $ 100.00 (re: Doc# 1052). (U.S. Treasury) |
| 09/11/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28091874, amount $ 100.00 (re: Doc# 1053). (U.S. Treasury) |

| | |
|---|---|
| 09/11/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28091874, amount $ 100.00 (re: Doc# 1054). (U.S. Treasury) |
| 09/11/2020 | 1055 Application for compensation *Ninth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 7/1/2020 to 7/31/2020, Fee: $182,490.32, Expenses: $1,392.77. Filed by Attorney Juliana Hoffman Objections due by 10/2/2020. (Hoffman, Juliana) |
| 09/11/2020 | 1056 Certificate of service re: *1) Witness and Exhibit List for Hearing on September 10, 2020; 2) WebEx Meeting Invitation to participate electronically in the hearing on Thursday, September 10, 2020 at 2:30 p.m. Central Time before the Honorable Stacey G. Jernigan; and 3) Instructions for any counsel and parties who wish to participate in the Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1028 Witness and Exhibit List *for Hearing on September 10, 2020* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,5, 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26., 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, 949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time), 964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorn, 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 202, 972 Application for compensation Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020 for Mercer (US), 975 Application for compensation (Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)* |
| 09/11/2020 | 1057 Response to (related document(s): 906 Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Creditor HarbourVest et al. (Attachments: # 1 Appendix Part 1 # 2 Appendix Part 2 # 3 Appendix Part 3 # 4 Appendix Part 4) (Driver, Vickie). Modified linkage on 9/14/2020 (Rielly, Bill). |
| 09/13/2020 | 1058 BNC certificate of mailing − PDF document. (RE: related document(s)1044 Order granting application for compensation (related document 975) granting for Wilmer Cutler Pickering Hale and Dorr LLP, fees awarded: $615941.40, expenses awarded: $2701.56 Entered on 9/11/2020. (Dugan, S.)) No. of Notices: 1. Notice Date 09/13/2020. (Admin.) |
| 09/13/2020 | 1059 BNC certificate of mailing − PDF document. (RE: related document(s)1046 Order granting application for compensation (related document 972) granting for Mercer (US) Inc., fees awarded: $54029.98, expenses awarded: $297.68 Entered on 9/11/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 09/13/2020. (Admin.) |
| 09/13/2020 | 1060 BNC certificate of mailing − PDF document. (RE: related document(s)1050 Order granting motion to appear pro hac vice adding James E. O'Neill for Highland Capital Management, L.P. (related document 1031) Entered on 9/11/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 09/13/2020. (Admin.) |
| 09/14/2020 | |

| | |
|---|---|
| | 1063 Certificate of service re: *1) Motion for Admission Pro Hac Vice of James E. O'Neill to Represent Highland Capital Management, L.P; and 2) Notice of Agenda of Matters Scheduled for Hearing on September 10, 2020 at 2:30 p.m. (Central Time)* filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1031 Motion to appear pro hac vice for James E. O'Neill. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 1032 Notice *(Notice of Agenda of Matters Scheduled for Hearing on September 10, 2020 at 2:30 p.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)976 Notice of hearing *(Omnibus Notice of Hearing on Second Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)831 Application for compensation *Sidley Austin LLP's Second Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 3/1/2020 to 5/31/2020, Fee: $1,573,850.25, Expenses: $22,930.21. Filed by Objections due by 8/4/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F), 883 Application for compensation *Second Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 3/1/2020 to 5/31/2020, Fee: $1,488,533.4, Expenses: $23,515.26. Filed by Objections due by 8/11/2020., 924 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from April, 2020 through July 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 4/1/2020 to 7/31/2020, Fee: $87,931.00, Expenses: $833.49. Filed by Attorney Holland N. O'Neil Objections due by 8/27/2020. (Attachments: # 1 Exhibit A − Invoices # 2 Proposed Order Exhibit B − Proposed Order) (O'Neil, Holland), 964 Application for compensation *(Hayward & Associates PLLC's Second Interim Application for Compensation and Reimbursement of Expenses for the Period from April 1, 2020 through June 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 4/1/2020 to 6/30/2020, Fee: $60,570.00, Expenses: $525.80. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—Invoices), 971 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from April 1, 2020 through July 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 4/1/2020 to 7/31/2020, Fee: $3,475,794.50, Expenses: $12,205.15. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 9/9/2020., 972 Application for compensation *Second Interim Application for Compensation and for Reimbursement of Expenses of Mercer (US) Inc. as Compensation Consultant for the Debtor for the Period from March 1, 2020 through May 31, 2020* for Mercer (US) Inc., Consultant, Period: 3/1/2020 to 5/31/2020, Fee: $54,029.98, Expenses: $2,151.69. Filed by Consultant Mercer (US) Inc. Objections due by 9/9/2020., 975 Application for compensation *(Consolidated Monthly and First Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period November 1, 2019 through June 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Special Counsel, Period: 11/1/2019 to 6/30/2020, Fee: $615,941.40, Expenses: $2,701.56. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit B)). Hearing to be held on 9/10/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 964 and for 831 and for 975 and for 972 and for 971 and for 924 and for 883,). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/16/2020 | 1064 Transcript regarding Hearing Held 09/10/2020 (49 pages) RE: Fee Applications; Motion to Extend; Omnibus Objection to Claims. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 12/15/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1061 Hearing held on 9/10/2020., Hearing continued (RE: related document(s)949 Motion to extend or limit the exclusivity period (RE: related document(s)820 Order on motion to extend/shorten time) filed by Debtor Highland Capital |

000478

| | |
|---|---|
| | Management, L.P.,) Continued Hearing to be held on 9/17/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 949, (Appearances: J. Pomeranz, J. Morris, and J. ONeill for Debtor; M. Clemente for Official Unsecured Creditors Committee; R. Patel and B. Shaw for Acis; A. Clubok for UBS; T. Masherin, M. Hankin and M. Platt for Redeemer Committee; B. Assing for J. Dondero; L. Lambert for UST. Evidentiary hearing. Motion continued to 9/17/20 at 9:30 am.), 1062 Hearing held on 9/10/2020. (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Materials Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.,) (Appearances: J. Pomeranz, J. Morris, and J. ONeill for Debtor; M. Clemente for Official Unsecured Creditors Committee; R. Patel and B. Shaw for Acis; A. Clubok for UBS; T. Masherin, M. Hankin and M. Platt for Redeemer Committee; B. Assing for J. Dondero; L. Lambert for UST. Nonevidentiary hearing. Based on record presented by counsel, certain objections sustained, certain objections resolved, and certain ones carried to a date to be continued. Counsel to upload orders where appropriate and seeking resettings where appropriate.)). Transcript to be made available to the public on 12/15/2020. (Rehling, Kathy) |
| 09/16/2020 | 1065 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from July 1, 2020 through July 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.), 853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.)). (Annable, Zachery) |
| 09/16/2020 | 1066 Certificate of service re: *Documents Served on September 11, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1042 Agreed Order regarding first omnibus objection to certain claims − administrative claim of Internal Revenue Service (RE: related document(s)906 Objection to claim filed by Debtor Highland Capital Management, L.P.). Entered on 9/11/2020 (Dugan, S.), 1048 Order granting application for compensation (related document 831) granting for Official Committee of |

000479

| | |
|---|---|
| | Unsecured Creditors, fees awarded: $1573850.25, expenses awarded: $22930.21 Entered on 9/11/2020. (Ecker, C.), 1051 Order granting application for compensation (related document 883) granting for FTI Consulting, Inc., fees awarded: $1488533.40, expenses awarded: $23515.26 Entered on 9/11/2020. (Ecker, C.)). (Kass, Albert) |
| 09/16/2020 | 1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Proposed Order) (RE: Related document(s) 928 Objection to claim filed by Debtor Highland Capital Management, L.P.) (Rielly, Bill). (Entered: 10/19/2020) |
| 09/17/2020 | 1067 Hearing held and conduct as as Status Conference on 9/17/2020. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC., filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz for Debtor; M. Clemente for Unsecured Creditors Committee; R. Patel for Acis. Nonevidentiary status conference and continued hearing on Debtors Exclusivity Motion. Court heard reports of continuation of negotiations with regard to Mr. Dondero and between Committee and Debtor with regard to Plan issues. Debtor will file a revised (unsealed) disclosure statement and plan on 9/21/20 and court orally agreed to extension of exclusivity for solicitation through 12/4/20. Court approved certain deadlines suggested for a motion to establish voting procedures (with a 10/22/20 hearing for such motion and the disclosure statement) and court orally approved using 10/20/20 for a hearing on two Rule 9019 motions that will be filed by 9/23/20 with regard to Acis settlement and Redeemer Committee settlement). Counsel to upload order(s).) (Edmond, Michael) |
| 09/17/2020 | 1068 Order granting motion to appear pro hac vice adding Erica S. Weisgerber for HarbourVest et al (related document # 1052) Entered on 9/17/2020. (Okafor, M.) |
| 09/17/2020 | 1069 Order granting motion to appear pro hac vice adding Daniel E. Stroik for HarbourVest et al (related document # 1053) Entered on 9/17/2020. (Okafor, M.) |
| 09/17/2020 | 1070 Order granting motion to appear pro hac vice adding M. Natasha Labovitz for HarbourVest et al (related document # 1054) Entered on 9/17/2020. (Okafor, M.) |
| 09/17/2020 | 1071 Certificate of service re: *Summary Cover Sheet and Ninth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2020 to and Including July 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1055 Application for compensation *Ninth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 7/1/2020 to 7/31/2020, Fee: $182,490.32, Expenses: $1,392.77. Filed by Attorney Juliana Hoffman Objections due by 10/2/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 09/18/2020 | 1072 Application for compensation *Tenth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from August 1, 2020 through August 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 8/1/2020 to 8/31/2020, Fee: $8,046.00, Expenses: $31.90. Filed by Attorney Holland N. O'Neil Objections due by 10/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) |
| 09/18/2020 | 1073 Order setting Disclosure Statement hearing and deadline to object (RE: related document(s)945 Disclosure statement filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 945. The deadline for any party wishing to object to the Disclosure Statement shall be October 19, 2020 at 5:00 p.m. Entered on 9/18/2020 (Okafor, M.) |
| 09/19/2020 | 1074 Application for compensation *Sidley Austin LLP's Tenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 8/1/2020 to 8/31/2020, Fee: $467,533.08, |

| | |
|---|---|
| | Expenses: $2,448.22. Filed by Attorney Juliana Hoffman Objections due by 10/13/2020. (Hoffman, Juliana) |
| 09/19/2020 | 1075 BNC certificate of mailing − PDF document. (RE: related document(s)1068 Order granting motion to appear pro hac vice adding Erica S. Weisgerber for HarbourVest et al (related document 1052) Entered on 9/17/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 09/19/2020. (Admin.) |
| 09/19/2020 | 1076 BNC certificate of mailing − PDF document. (RE: related document(s)1069 Order granting motion to appear pro hac vice adding Daniel E. Stroik for HarbourVest et al (related document 1053) Entered on 9/17/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 09/19/2020. (Admin.) |
| 09/19/2020 | 1077 BNC certificate of mailing − PDF document. (RE: related document(s)1070 Order granting motion to appear pro hac vice adding M. Natasha Labovitz for HarbourVest et al (related document 1054) Entered on 9/17/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 09/19/2020. (Admin.) |
| 09/21/2020 | 1078 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)810 Motion for protective order *(Debtor's Motion for Entry of (i) a Protective Order, or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034)* Filed by Debtor Highland Capital Management, L.P.) Responses due by 10/5/2020. (Ecker, C.) |
| 09/21/2020 | 1079 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan). (Annable, Zachery) |
| 09/21/2020 | 1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit B—Organizational Chart)(Annable, Zachery) |
| 09/21/2020 | 1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit B—Organizational Chart)). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1080, (Annable, Zachery) |
| 09/22/2020 | 1082 Amended Schedules: E/F, with Summary of Assets and Liabilities (Adding additional creditor or creditors) fee Amount $31 (with Declaration Under Penalty of Perjury for Non−Individual Debtors,). Filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1—Amended Schedules of Assets and Liabilities − Schedule E−F) (Annable, Zachery) |
| 09/22/2020 | Receipt of filing fee for Schedules(19−34054−sgj11) [misc,schedall] ( 31.00). Receipt number 28122241, amount $ 31.00 (re: Doc# 1082). (U.S. Treasury) |
| 09/22/2020 | 1083 Certificate of service re: *Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to July 31, 2020* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1030 Notice (generic)). (Annable, Zachery) |
| 09/22/2020 | 1084 Certificate of service re: Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from July 1, 2020 through July 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1065 Notice (generic)). (Annable, Zachery) |

| | |
|---|---|
| 09/22/2020 | 1085 Certificate of service re: Orders of the Court filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1043 Order on application for compensation, 1044 Order on application for compensation, 1045 Order on application for compensation, 1046 Order on application for compensation, 1047 Order on application for compensation, 1050 Order on motion to appear pro hac vice). (Annable, Zachery) |
| 09/22/2020 | 1086 Certificate of service re: filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1073 Order to set hearing, 1079 Chapter 11 plan, 1080 Disclosure statement, 1081 Notice of hearing). (Annable, Zachery) |
| 09/23/2020 | 1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) (Annable, Zachery) |
| 09/23/2020 | 1088 Declaration re: *(Declaration of Gregory V. Demo in Support of the Debtor's Motion for Entry of an Order Approving Settlement with (a) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (b) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (c) Acis Capital Management, L.P. (Claim No. 159), and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Attachments: # 1 Exhibit 1—Settlement Agreement # 2 Exhibit 2—Release) (Annable, Zachery) |
| 09/23/2020 | 1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P. Objections due by 10/19/2020. (Attachments: # 1 Exhibit A—Proposed Order) (Annable, Zachery) |
| 09/23/2020 | 1090 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlements with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6) (Annable, Zachery) |
| 09/23/2020 | 1091 Motion to file document under seal. *(Debtor's Motion for Entry of an Order Authorizing Filing under Seal Certain of the Exhibits to the Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlements with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 09/24/2020 | 1092 Order further extending the debtor's exclusive period for solicitation of acceptances of a chapter 11 plan 949 Motion to extend or limit the exclusivity period. Entered on 9/24/2020. (Ecker, C.) |
| 09/24/2020 | 1093 Request for transcript regarding a hearing held on 9/17/2020. The requested turn−around time is 3−day expedited. (Edmond, Michael) |
| 09/24/2020 | 1094 Application for compensation *Eleventh Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2020 through August 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 8/1/2020 to 8/31/2020, Fee: $672,815.00, Expenses: $3,428.14. Filed by Attorney Jeffrey Nathan Pomerantz Objections |

000482

| | |
|---|---|
| | due by 10/15/2020. (Pomerantz, Jeffrey) |
| 09/24/2020 | 1095 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A―Proposed Order), 1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P. Objections due by 10/19/2020. (Attachments: # 1 Exhibit A―Proposed Order)). Hearing to be held on 10/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1087 and for 1089, (Annable, Zachery) |
| 09/24/2020 | 1096 Certificate of service re: *1) Cover Sheet and Tenth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from August 1, 2020 Through August 31, 2020; and 2) Summary Cover Sheet and Tenth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2020 to and Including August 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1072 Application for compensation *Tenth Monthly Application for Compensation and for Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from August 1, 2020 through August 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 8/1/2020 to 8/31/2020, Fee: $8,046.00, Expenses: $31.90. Filed by Attorney Holland N. O'Neil Objections due by 10/9/2020. (Attachments: # 1 Exhibit A) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 1074 Application for compensation *Sidley Austin LLP's Tenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 8/1/2020 to 8/31/2020, Fee: $467,533.08, Expenses: $2,448.22. Filed by Attorney Juliana Hoffman Objections due by 10/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 09/24/2020 | 1097 Certificate of service re: *Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A―First Amended Plan of Reorganization # 2 Exhibit B―Organizational Chart)). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1080, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/24/2020 | 1098 Certificate of service re: *Notice of Filing of Debtor's Amended Schedules* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1082 Amended Schedules: E/F, with Summary of Assets and Liabilities (Adding additional creditor or creditors) fee Amount $31 (with Declaration Under Penalty of Perjury for Non–Individual Debtors,). Filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit 1―Amended Schedules of Assets and Liabilities − Schedule E−F) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/24/2020 | 1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 10/8/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion # 2 Service List) (Kathman, Jason) |
| 09/24/2020 | Receipt of filing fee for Motion for relief from stay(19−34054−sgj11) [motion,mrlfsty] ( 181.00). Receipt number 28129975, amount $ 181.00 (re: Doc# 1099). (U.S. Treasury) |

| | |
|---|---|
| 09/25/2020 | 1100 Notice of hearing filed by Creditor Patrick Daugherty (RE: related document(s)1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 10/8/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion # 2 Service List)). Preliminary hearing to be held on 10/22/2020 at 01:30 PM at Dallas Judge Jernigan Ctrm. (Attachments: # 1 Service List) (Clontz, Megan) |
| 09/25/2020 | 1101 Transcript regarding Hearing Held 09/17/2020 (13 pages) RE: Status Conference, Objection to Proof of Claim, Motion to Extend Exclusivity. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 12/24/2020. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1067 Hearing held and conduct as as Status Conference on 9/17/2020. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC., filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz for Debtor; M. Clemente for Unsecured Creditors Committee; R. Patel for Acis. Nonevidentiary status conference and continued hearing on Debtors Exclusivity Motion. Court heard reports of continuation of negotiations with regard to Mr. Dondero and between Committee and Debtor with regard to Plan issues. Debtor will file a revised (unsealed) disclosure statement and plan on 9/21/20 and court orally agreed to extension of exclusivity for solicitation through 12/4/20. Court approved certain deadlines suggested for a motion to establish voting procedures (with a 10/22/20 hearing for such motion and the disclosure statement) and court orally approved using 10/20/20 for a hearing on two Rule 9019 motions that will be filed by 9/23/20 with regard to Acis settlement and Redeemer Committee settlement). Counsel to upload order(s).)). Transcript to be made available to the public on 12/24/2020. (Rehling, Kathy) |
| 09/25/2020 | 1102 Amended Notice of hearing filed by Creditor Patrick Daugherty (RE: related document(s)1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 10/8/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion # 2 Service List)). Preliminary hearing to be held on 10/22/2020 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Attachments: # 1 Service List) (Clontz, Megan) |
| 09/25/2020 | 1103 Certificate of service re: Order Further Extending the Debtor's Exclusive Period for Solicitation of Acceptances of a Chapter 11 Plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1092 Order on motion to extend/shorten time). (Annable, Zachery) |
| 09/25/2020 | 1104 Certificate of service re: Eleventh Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from August 1, 2020 through August 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1094 Application for compensation *Eleventh Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2020 through August 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 8/1/2020 to 8/31/). (Annable, Zachery) |
| 09/25/2020 | 1105 Omnibus Response opposed to (related document(s): 928 Objection to claim filed by Debtor Highland Capital Management, L.P., 933 Objection to claim filed by Interested Party Redeemer Committee of the Highland Crusader Fund) *(UBS's Omnibus Response to Objections to the UBS Proofs of Claim)* filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (related document(s)928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/9/2020. (Attachments: # 1 Exhibit 18 # 2 Exhibit 19) filed by Debtor Highland Capital Management, L.P., 933 Objection to claim(s) of |

| | |
|---|---|
| | Creditor(s) UBS Securities LLC and UBS AG, London Branch.. Filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit Exhibit 1 (slip page − to be filed under seal upon order from Court)) # 2 Exhibit Exhibit 2 (slip page − to be filed under seal upon order from Court) # 3 Exhibit Exhibit 3 (slip page − to be filed under seal upon order from Court) # 4 Exhibit Exhibit 4 # 5 Exhibit Exhibit 5 # 6 Exhibit Exhibit 6 (slip page − to be filed under seal upon order from Court) # 7 Exhibit Exhibit 7 (slip page − to be filed under seal upon order from Court) # 8 Exhibit Exhibit 8 # 9 Exhibit Exhibit 9 (slip page − to be filed under seal upon order from Court) # 10 Exhibit Exhibit 10 # 11 Exhibit Exhibit 11 # 12 Exhibit Exhibit 12 # 13 Exhibit Exhibit 13 # 14 Exhibit Exhibit 14 # 15 Exhibit Exhibit 15 # 16 Exhibit Exhibit 16 (slip page − to be filed under seal upon order from Court) # 17 Exhibit Exhibit 17 # 18 Exhibit Exhibit 18 # 19 Exhibit Exhibit 19 # 20 Exhibit Exhibit 20 (slip page − to be filed under seal upon order from Court) # 21 Exhibit Exhibit 21 (slip page − to be filed under seal upon order from Court) # 22 Exhibit Exhibit 22 (slip page − to be filed under seal upon order from Court)) filed by Interested Party Redeemer Committee of the Highland Crusader Fund). (Sosland, Martin) |
| 09/25/2020 | 1106 Exhibit List *to UBS's Omnibus Response to Objections to the UBS Proof of Claim* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1105 Response to objection to claim). (Attachments: # 1 Exhibit 1 # 2 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21 # 22 Exhibit 22 # 23 Exhibit 23 # 24 Exhibit 24 # 25 Exhibit 25 # 26 Exhibit 26 # 27 Exhibit 27 # 28 Exhibit 28 # 29 Exhibit 29 # 30 Exhibit 30 # 31 Exhibit 31 # 32 Exhibit 32 # 33 Exhibit 33 # 34 Exhibit 34 # 35 Exhibit 35 # 36 Exhibit 36 # 37 Exhibit 37 # 38 Exhibit 38 # 39 39 # 40 Exhibit 40 # 41 Exhibit 41 # 42 42 # 43 Exhibit 43 # 44 Exhibit 44) (Sosland, Martin) |
| 09/25/2020 | 1107 Motion to file document under seal.*(UBS's Motion for Leave to file Documents Under Seal with UBS's Omnibus Response to Objections to the UBS Proof of Claim* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 09/28/2020 | 1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1–A—Forms of Ballots # 3 Exhibit 1–B—Notice of Confirmation Hearing # 4 Exhibit 1–C—Notice of Non−Voting Status # 5 Exhibit 1–D—Notice of Assumption) (Annable, Zachery) |
| 09/28/2020 | 1109 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1–A—Forms of Ballots # 3 Exhibit 1–B—Notice of Confirmation Hearing # 4 Exhibit 1–C—Notice of Non−Voting Status # 5 Exhibit 1–D—Notice of Assumption)). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1108, (Annable, Zachery) |
| 09/28/2020 | 1110 Certificate of service re: *1) Debtors' Motion for Entry of an Order Approving Settlement with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), and Authorizing Actions Consistent Therewith; and 2) Declaration of Gregory V. Demo in Support of the Debtors' Motion for Entry of an Order Approving Settlement with (A) Acis Capital Management, L.P. and Acis Capital* |

000485

| | |
|---|---|
| | *Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), and Authorizing Actions Consistent Therewith* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A⎯Proposed Order) filed by Debtor Highland Capital Management, L.P., 1088 Declaration re: *(Declaration of Gregory V. Demo in Support of the Debtor's Motion for Entry of an Order Approving Settlement with (a) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (b) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (c) Acis Capital Management, L.P. (Claim No. 159), and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Attachments: # 1 Exhibit 1⎯Settlement Agreement # 2 Exhibit 2⎯Release) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 09/29/2020 | 1111 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1025 Motion to compromise controversy with Carey International, Inc.. *(Motion of the Debtor for Entry of an Order Approving Settlement with Carey International, Inc. [Claim No. 68] and Authorizing Actions Consistent Therewith)*). (Annable, Zachery) |
| 09/29/2020 | 1112 Certificate of service re: filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Conf, 1109 Notice of hearing). (Annable, Zachery)* |
| 09/29/2020 | 1113 Certificate of service re: *Documents Served on or Before September 24, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P. Objections due by 10/19/2020. (Attachments: # 1 Exhibit A⎯Proposed Order) filed by Debtor Highland Capital Management, L.P., 1090 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlements with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6) filed by Debtor Highland Capital Management, L.P., 1091 Motion to file document under seal. *(Debtor's Motion for Entry of an Order Authorizing Filing under Seal Certain of the Exhibits to the Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlements with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 1095 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A⎯Proposed Order), 1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P. Objections due by 10/19/2020. (Attachments: # 1 Exhibit A⎯Proposed Order)). Hearing to be held on 10/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1087 and for 1089, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| | |
|---|---|
| 09/30/2020 | 1114 Motion to appear pro hac vice for Elissa A. Wagner. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 09/30/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28143856, amount $ 100.00 (re: Doc# 1114). (U.S. Treasury) |
| 09/30/2020 | 1115 Debtor−in−possession monthly operating report for filing period August 1, 2020 to August 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 09/30/2020 | 1116 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to August 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 10/01/2020 | 1117 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). (Annable, Zachery) |
| 10/02/2020 | 1118 Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Hayward, Melissa) |
| 10/02/2020 | 1119 Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 10/23/2020. (Montgomery, Paige) |
| 10/02/2020 | 1120 Motion for expedited hearing(related documents 1119 Motion to extend/shorten time) Filed by Creditor Committee Official Committee of Unsecured Creditors (Montgomery, Paige) |
| 10/05/2020 | 1121 Response opposed to (related document(s): 1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). filed by Debtor Highland Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) |
| 10/05/2020 | 1122 Agreed Order granting 1118 Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease Filed by Debtor Highland Capital Management, L.P. Entered on 10/5/2020. (Okafor, M.) |
| 10/05/2020 | 1123 Order granting motion to compromise controversy with Carey International, Inc.. (Motion of the Debtor for Entry of an Order Approving Settlement with Carey International, Inc. [Claim No. 68] and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P. (related document # 1025) Entered on 10/5/2020. (Okafor, M.) |
| 10/05/2020 | 1124 Order granting motion to appear pro hac vice adding Elissa A. Wagner for Highland Capital Management, L.P. (related document # 1114) Entered on 10/5/2020. (Okafor, M.) |
| 10/05/2020 | 1125 Order granting motion to seal exhibits (related document # 1091 Motion for Entry of an Order Authorizing Filing under Seal Certain of the Exhibits to the Declaration of John A. |

000487

| | |
|---|---|
| | Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlements with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Fund (Claim No. 81), and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P. ) Entered on 10/5/2020. (Okafor, M.) |
| 10/05/2020 | 1126 Order approving stipulation regarding Proof of Claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)1117 Stipulation filed by Debtor Highland Capital Management, L.P.). The hearing on the Debtors Objection to the IFA Claim currently scheduled to be held on October 14, 2020 at 1:30 p.m. (Central Time) is hereby CANCELLED. Entered on 10/5/2020 (Okafor, M.) |
| 10/05/2020 | **1127 SEALED document regarding: Exhibit B⸺Cornerstone Monetization Schedule per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1125 Order on motion to seal). (Annable, Zachery) |
| 10/05/2020 | **1128 SEALED document regarding: Exhibit 2 − Partial Final Award dated March 6, 2019 per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1125 Order on motion to seal). (Annable, Zachery) Modified docket entry text on 10/5/2020 in include exhibit number. (Ellison, T.) |
| 10/05/2020 | **1129 SEALED document regarding: Exhibit 3⸺Disposition of Application of Modification of Award dated March 14, 2019 per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1125 Order on motion to seal). (Annable, Zachery) |
| 10/05/2020 | **1130 SEALED document regarding: Exhibit 4⸺Final Award dated April 29, 2019 per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1125 Order on motion to seal). (Annable, Zachery) |
| 10/06/2020 | 1131 Order granting motion to seal documents (related document # 1107) Entered on 10/6/2020. (Okafor, M.) |
| 10/06/2020 | 1132 INCORRECT ENTRY − REQUESTER CANCELLED REQUEST. Request for transcript regarding a hearing held on 9/23/2020. The requested turn−around time is 3−day expedited. (Edmond, Michael) Modified on 10/14/2020 (Edmond, Michael). |
| 10/06/2020 | **1133 SEALED document regarding: UBS's Omnibus Response to Objections to the UBS Proofs of Claim per court order** filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1131 Order on motion to seal). (Attachments: # 1 Exhibit 2 # 2 Exhibit 3 # 3 Exhibit 4 # 4 Exhibit 5 # 5 Exhibit 6 # 6 Exhibit 8 # 7 Exhibit 9 # 8 Exhibit 10 # 9 Exhibit 11 # 10 Exhibit 12 # 11 Exhibit 14 # 12 Exhibit 18 # 13 Exhibit 22 # 14 Exhibit 23 # 15 Exhibit 24 # 16 Exhibit 25 # 17 Exhibit 26 # 18 Exhibit 28 # 19 Exhibit 29 # 20 Exhibit 32 # 21 Exhibit 34 # 22 Exhibit 35 # 23 Exhibit 36 # 24 Exhibit 37 # 25 Exhibit 38 # 26 Exhibit 39 # 27 Exhibit 40 # 28 Exhibit 41 # 29 Exhibit 42 # 30 Exhibit 43) (Sosland, Martin) |
| 10/06/2020 | 1134 Motion to appear pro hac vice for Joseph L. Christensen. Fee Amount $100 Filed by Creditor Patrick Daugherty (Kathman, Jason) |
| 10/06/2020 | 1135 Motion to appear pro hac vice for Thomas A. Uebler. Fee Amount $100 Filed by Creditor Patrick Daugherty (Kathman, Jason) |
| 10/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28159068, amount $ 100.00 (re: Doc# 1134). (U.S. Treasury) |
| 10/06/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28159068, amount $ 100.00 (re: Doc# 1135). |

| | |
|---|---|
| | (U.S. Treasury) |
| 10/06/2020 | 1136 Notice of hearing filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1119 Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 10/23/2020.). Hearing to be held on 10/8/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 1119, (Hoffman, Juliana) |
| 10/06/2020 | 1137 Status Conference Hearing held on 10/6/2020. (RE: related document(s)928 Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz and R. Feinstein for Debtor; A. Clubok, S. Tomkowiak, and J. Bjork for UBS; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; M. Clemente for UCC. Nonevidentiary status conference. Court approved a schedule for motions for summary judgment and Rule 3018 motions to estimate claim of UBS. Counsel to upload order. Hearing to be 11/20/20 at 9:30 am.)(Edmond, Michael) |
| 10/06/2020 | 1138 Certificate of service re: *1) Motion for Admission Pro Hac Vice for Elissa A. Wagner to Represent Highland Capital Management, L.P.; and 2) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to August 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1114 Motion to appear pro hac vice for Elissa A. Wagner. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 1116 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to August 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/06/2020 | 1139 Certificate of service re: *1) Webex Meeting Invitation to participate electronically in the hearing on October 6, 2020 at 1:30 p.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Stipulation Regarding Proof of Claim No. 93 of Integrated Financial Associates, Inc.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1117 Stipulation by Highland Capital Management, L.P. and Integrated Financial Associates, Inc.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)868 Objection to claim). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/06/2020 | 1140 Request for transcript regarding a hearing held on 10/6/2020. The requested turn−around time is daily (Jeng, Hawaii) (Entered: 10/07/2020) |
| 10/07/2020 | 1141 Objection to (related document(s): 1119 Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 10/07/2020 | 1142 Application for compensation *(Eighth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from July 1, 2020 through July 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 7/1/2020 to 7/31/2020, Fee: $29,785.00, Expenses: $980.60. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A July 2020 Invoice) (Annable, Zachery) |

000489

| | |
|---|---|
| 10/07/2020 | <u>1143</u> Certificate of service re: *Agreed Motion to Extend the Deadline to Assume or Reject Unexpired Nonresidential Real Property Lease* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1118</u> Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/07/2020 | <u>1144</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>1124</u> Order granting motion to appear pro hac vice adding Elissa A. Wagner for Highland Capital Management, L.P. (related document <u>1114</u>) Entered on 10/5/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 10/07/2020. (Admin.) |
| 10/08/2020 | <u>1145</u> Transcript regarding Hearing Held 10/06/2020 (58 pages) RE: Status Conference on Objection to Claim. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 01/6/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1137 Status Conference Hearing held on 10/6/2020. (RE: related document(s)<u>928</u> Objection to claim(s) of Creditor(s) UBS Securities LLC and UBS AG, London Branch, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz and R. Feinstein for Debtor; A. Clubok, S. Tomkowiak, and J. Bjork for UBS; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; M. Clemente for UCC. Nonevidentiary status conference. Court approved a schedule for motions for summary judgment and Rule 3018 motions to estimate claim of UBS. Counsel to upload order. Hearing to be 11/20/20 at 9:30 am.)). Transcript to be made available to the public on 01/6/2021. (Rehling, Kathy) |
| 10/08/2020 | <u>1146</u> Order granting motion to appear pro hac vice adding Joseph L. Christensen for Patrick Daugherty (related document # <u>1134</u>) Entered on 10/8/2020. (Okafor, M.) |
| 10/08/2020 | <u>1147</u> Order granting motion to appear pro hac vice adding Thomas A. Uebler for Patrick Daugherty (related document # <u>1135</u>) Entered on 10/8/2020. (Okafor, M.) |
| 10/08/2020 | <u>1148</u> Objection to (related document(s): <u>1099</u> Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/08/2020 | <u>1149</u> Declaration re: *(Declaration of John A. Morris in Support of the Debtor's (I) Objection to Patrick Daugherty's Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay and (II) Cross−Motion to Extend the Automatic Stay to, or Otherwise Enjoin, the Delaware Cases)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1148</u> Objection). (Attachments: # <u>1</u> Exhibit 1) (Annable, Zachery) |
| 10/08/2020 | <u>1150</u> Adversary case 20−03128. Complaint by Highland Capital Management, L.P. against Patrick Hagaman Daugherty. Fee Amount $350 (Attachments: # <u>1</u> Adversary Cover Sheet). Nature(s) of suit: 71 (Injunctive relief − reinstatement of stay). (Annable, Zachery) |
| 10/08/2020 | <u>1151</u> Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)<u>1055</u> Application for compensation *Ninth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 7/1/2020 to 7/31/2020, Fee: $182,490.32, Expenses: $1,392.77.). (Hoffman, Juliana) |
| 10/08/2020 | <u>1152</u> Certificate of service re: *Documents Served on October 5, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1119</u> Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by |

000490

| | |
|---|---|
| | 10/23/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, <u>1120</u> Motion for expedited hearing(related documents <u>1119</u> Motion to extend/shorten time) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, <u>1122</u> Agreed Order granting <u>1118</u> Motion to extend time to Assume or Reject Unexpired Nonresidential Real Property Lease Filed by Debtor Highland Capital Management, L.P. Entered on 10/5/2020. (Okafor, M.), <u>1123</u> Order granting motion to compromise controversy with Carey International, Inc.. (Motion of the Debtor for Entry of an Order Approving Settlement with Carey International, Inc. [Claim No. 68] and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P. (related document <u>1025</u>) Entered on 10/5/2020. (Okafor, M.), <u>1124</u> Order granting motion to appear pro hac vice adding Elissa A. Wagner for Highland Capital Management, L.P. (related document <u>1114</u>) Entered on 10/5/2020. (Okafor, M.), <u>1125</u> Order granting motion to seal exhibits (related document <u>1091</u> Motion for Entry of an Order Authorizing Filing under Seal Certain of the Exhibits to the Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlements with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P. ) Entered on 10/5/2020. (Okafor, M.), <u>1126</u> Order approving stipulation regarding Proof of Claim No. 93 of Integrated Financial Associates, Inc. (RE: related document(s)<u>1117</u> Stipulation filed by Creditor Highland Capital Management, L.P.). The hearing on the Debtors Objection to the IFA Claim currently scheduled to be held on October 14, 2020 at 1:30 p.m. (Central Time) is hereby CANCELLED. Entered on 10/5/2020 (Okafor, M.)). (Kass, Albert) |
| 10/08/2020 | <u>1153</u> Response opposed to (related document(s): <u>906</u> Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Creditor The Dugaboy Investment Trust. (Attachments: # <u>1</u> Ex. A − Loan Agreement # <u>2</u> Ex.B − Account Summary) (Assink, Bryan) |
| 10/08/2020 | 1164 Hearing held on 10/8/2020. (RE: related document(s)<u>1119</u> Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) Filed by Creditor Committee Official Committee of Unsecured Creditors.) (Appearances: P. Montgomery for Official Committee of Unsecured Creditors; J. Kane for CLO Holdco. Nonevidentiary hearing. Announcement of an agreed 60−day extension. Counsel to upload order.) (Edmond, Michael) (Entered: 10/13/2020) |
| 10/09/2020 | <u>1154</u> Motion for leave *to Amend Certain Proofs of Claim* Filed by Creditor The Dugaboy Investment Trust Objections due by 10/30/2020. (Attachments: # <u>1</u> Proposed Order) (Assink, Bryan) |
| 10/09/2020 | <u>1155</u> Order sustaining first omnibus objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) Insufficient−Documentation Claims (RE: related document(s)<u>906</u> Objection to claim filed by Debtor Highland Capital Management, L.P.). (Attachments: # <u>1</u> Schedules 1 − 6) Entered on 10/9/2020 (Okafor, M.) |
| 10/09/2020 | <u>1156</u> Certificate of service re: *Notice of Hearing on PensionDanmarks Motion for Relief from the Automatic Stay and Extending the Objection Deadline* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1136</u> Notice of hearing filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>1119</u> Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 10/23/2020.). Hearing to be held on 10/8/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for <u>1119</u>, filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 10/09/2020 | <u>1157</u> Certificate of service re: *Eighth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from July 1, 2020 through July 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1142</u> Application for compensation |

000491

| | |
|---|---|
| | *(Eighth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from July 1, 2020 through July 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 7/1/2020 to 7/31/2020, Fee: $29,785.00, Expenses: $980.60. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A July 2020 Invoice) filed by Other Professional Hayward & Associates PLLC). (Kass, Albert) |
| 10/09/2020 | 1158 Certificate of service re: *1) Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay; and 2) Declaration of John A. Morris in Support of the Debtor's (I) Objection to Patrick Daugherty's Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay and (II) Cross−Motion to Extend the Automatic Stay to, or Otherwise Enjoin, the Delaware Cases* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1148 Objection to (related document(s): 1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1149 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's (I) Objection to Patrick Daugherty's Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay and (II) Cross−Motion to Extend the Automatic Stay to, or Otherwise Enjoin, the Delaware Cases)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1148 Objection). (Attachments: # 1 Exhibit 1) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/09/2020 | 1159 Certificate of service re: *(Supplemental) Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit B—Organizational Chart). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1080, filed by Debtor Highland Capital Management, L.P., 1097 Certificate of service re: *Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit B—Organizational Chart). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1080, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 10/09/2020 | 1160 Application for compensation *Ninth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 8/1/2020 to 8/31/2020, Fee: $198,616.32, Expenses: $0. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 10/30/2020. (Hoffman, Juliana) |
| 10/10/2020 | 1161 BNC certificate of mailing − PDF document. (RE: related document(s)1146 Order granting motion to appear pro hac vice adding Joseph L. Christensen for Patrick Daugherty (related document 1134) Entered on 10/8/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 10/10/2020. (Admin.) |
| 10/10/2020 | 1162 BNC certificate of mailing − PDF document. (RE: related document(s)1147 Order granting motion to appear pro hac vice adding Thomas A. Uebler for Patrick Daugherty (related document 1135) Entered on 10/8/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 10/10/2020. (Admin.) |

| | |
|---|---|
| 10/12/2020 | 1163 Order setting hearing on any summary judgment motion and any 3018 Motion filed in accordance with this Order (RE: related document(s)928 Objection to claim filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 11/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 928, Entered on 10/12/2020 (Okafor, M.) |
| 10/13/2020 | 1165 Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 1 Transferors: Stanton Advisors LLC (Amount $10,000.00) To Argo Partners. Filed by Creditor Argo Partners. (Gold, Matthew) |
| 10/13/2020 | 1166 Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Lynn Pinker Cox & Hurst, LLP (Claim No. 148, Amount $507,430.34) To MCS Capital LLC c/o STC, Inc.. Filed by Creditor Argo Partners. (Gold, Matthew) |
| 10/13/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 25.00). Receipt number 28176112, amount $ 25.00 (re: Doc# 1165). (U.S. Treasury) |
| 10/13/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 25.00). Receipt number 28176112, amount $ 25.00 (re: Doc# 1166). (U.S. Treasury) |
| 10/13/2020 | 1167 Notice to take deposition of James P. Seery, Jr., CEO, Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/14/2020 | 1168 Order granting extension of time to file an adversary proceeding against CLO Holdo, Ltd (RE: related document(s) 1119 Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) filed by Creditor Committee Official Committee of Unsecured Creditors. Modified to correct linkage on 11/3/2020 (Ecker, C.). |
| 10/14/2020 | 1169 Agreed Supplemental Order authorizing the retention and employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the petition date (RE: related document(s)763 Order on application to employ). Entered on 10/14/2020 (Okafor, M.) |
| 10/14/2020 | 1170 Certificate of service re: *Agreed Supplemental Order Authorizing the Retention and Employment of Hunton Andrews Kurth LLP as Special Counsel Nunc Pro Tunc to the Petition Date* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1169 Order (generic)). (Annable, Zachery) |
| 10/14/2020 | 1171 Notice to take deposition of Professor Nancy B. Rapaport filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/14/2020 | 1172 Certificate of service re: *Order Sustaining First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) Insufficient−Documentation Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1155 Order sustaining first omnibus objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) Insufficient−Documentation Claims (RE: related document(s)906 Objection to claim filed by Debtor Highland Capital Management, L.P.). (Attachments: # 1 Schedules 1 − 6) Entered on 10/9/2020 (Okafor, M.)). (Kass, Albert) |
| 10/15/2020 | 1173 Notice *(Notice of Filing of (I) Liquidation Analysis and (II) Financial Projections as Exhibits to Debtor's Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit |

| | |
|---|---|
| | B——Organizational Chart)). (Attachments: # 1 Exhibit C/D to Debtor's Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.) (Annable, Zachery) |
| 10/15/2020 | 1174 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1074 Application for compensation *Sidley Austin LLP's Tenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 8/1/2020 to 8/31/2020, Fee: $467,). (Hoffman, Juliana) |
| 10/15/2020 | 1175 Witness and Exhibit List filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Chiarello, Annmarie) |
| 10/16/2020 | 1176 Certificate of service re: filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1173 Notice (generic)). (Annable, Zachery) |
| 10/16/2020 | 1177 Response opposed to (related document(s): 1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). filed by Debtor Highland Capital Management, L.P.) filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 10/16/2020 | 1178 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Annable, Zachery) |
| 10/16/2020 | 1179 Omnibus Objection to claim(s) of Creditor(s) Crescent Research; Hedgeye Risk Management, LLC; James D. Dondero; NexVest, LLC; James D. Dondero.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 11/18/2020. (Attachments: # 1 Exhibit A——Proposed Order) (Annable, Zachery) |
| 10/16/2020 | 1180 INCORRECT ENTRY: EVENT CODE. SEE DOCUMENT 1214. Motion to disallow claims *(Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A——Proposed Order) (Annable, Zachery) Modified on 10/19/2020 (Rielly, Bill). |
| 10/16/2020 | 1181 Brief in support filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)). (Annable, Zachery). Modified linkage on 10/19/2020 (Rielly, Bill). |
| 10/16/2020 | 1182 Motion to file document under seal.*MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEES MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order) (Platt, Mark) |
| 10/16/2020 | 1183 INCORRECT ENTRY: EVENT CODE. SEE DOCUMENT 1215 AND 1216. Motion to disallow claims *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGMENT ON* |

| | |
|---|---|
| | *PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Proposed Order) (Platt, Mark) Modified on 10/19/2020 (Rielly, Bill). |
| 10/16/2020 | 1184 Support/supplemental document *(Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P.)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19) (Annable, Zachery). Related document(s) 1214 Motion for summary judgment filed by Debtor Highland Capital Management, L.P.. Modified linkage on 10/19/2020 (Rielly, Bill). |
| 10/16/2020 | 1185 Declaration re: *(Declaration of Elissa A. Wagner in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P. )). (Annable, Zachery). Modified linkage on 10/19/2020 (Rielly, Bill). |
| 10/16/2020 | 1186 Brief in support filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1215 Redeemer Committee of the Highland Crusander Fund and the Crusader Funds' Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS AG, London Branch and UBS Securities LLC filed by Interested Party Redeemer Committee of the Highland Crusader Fun and the Crusader's Funds'). (Platt, Mark). Modified linkage on 10/19/2020 (Rielly, Bill). |
| 10/16/2020 | 1187 Motion to file document under seal. *(Debtor's Motion for Leave to File Certain Documents under Seal in Connection with Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 10/16/2020 | 1188 Motion to file document under seal.*(UBS's Motion for Leave to File Documents Under Seal with (I) the Objection and (II) the Declaration of W. Kevin Moentmann in Support of the Objection to the Debtor's Motion for Entry of an Order Approving Settlements with (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72) and (B) the Highland Crusader Funds (Claim No. 81)* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Attachments: # 1 Proposed Order) (Sosland, Martin) |
| 10/16/2020 | 1189 INCORRECT ENTRY: Attorney to refile. Support/supplemental document*APPENDIX TO REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1183 Motion to disallow claims *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LOND, 1186 Brief)*. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 (slip page − to be filed under seal upon order from Court) # 17 Exhibit 17 (slip page) # 18 Exhibit 18 (slip page) # 19 Exhibit 19 (slip |

000495

| | |
|---|---|
| | *page) # 20 Exhibit 20 (slip page) # 21 Exhibit 21 (slip page) # 22 Exhibit 22 (slip page) # 23 Exhibit 23 (slip page) # 24 Exhibit 24 (slip page) # 25 Exhibit 25 (slip page) # 26 Exhibit 26 (slip page) # 27 Exhibit 27 (slip page) # 28 Exhibit 28 (slip page) # 29 Exhibit 29 (slip page)) (Platt, Mark) Modified on 10/19/2020 (Ecker, C.).* |
| 10/16/2020 | 1190 Objection to (related document(s): 1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). filed by Debtor Highland Capital Management, L.P.) filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Attachments: # 1 A−C) (Sosland, Martin) |
| 10/16/2020 | 1191 Response opposed to (related document(s): 1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). filed by Debtor Highland Capital Management, L.P.. filed by Interested Party Highland CLO Funding, Ltd.. (Maloney, Mark) |
| 10/16/2020 | 1192 Declaration re: *W. Kevin Moentmann in Support of Objection to the Debtor's Motion for Entry of an Order Approving Settlements With (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (B) the Highland Crusader Funds (Claim No. 81)* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1190 Objection). (Attachments: # 1 Exhibit 1−6 # 2 Attachments A−C) (Sosland, Martin) |
| 10/16/2020 | 1193 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1179 Omnibus Objection to claim(s) of Creditor(s) Crescent Research; Hedgeye Risk Management, LLC; James D. Dondero; NexVest, LLC; James D. Dondero.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 11/18/2020. (Attachments: # 1 Exhibit A−−Proposed Order)). Hearing to be held on 12/14/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 1179, (Annable, Zachery) |
| 10/16/2020 | 1194 Witness and Exhibit List filed by Interested Party James Dondero (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Attachments: # 1 Dondero Ex. A # 2 Dondero Ex. B # 3 Dondero Ex. C # 4 Dondero Ex. D # 5 Dondero Ex. E # 6 Dondero Ex. F # 7 Dondero Ex. G # 8 Dondero Ex. H # 9 Dondero Ex. I # 10 Dondero Ex. J # 11 Dondero Ex. K # 12 Dondero Ex. L # 13 Dondero Ex. M # 14 Dondero Ex. N # 15 Dondero Ex. O # 16 Dondero Ex. P # 17 Dondero Ex. Q # 18 Dondero Ex. R # 19 Dondero Ex. S # 20 Dondero Ex. T # 21 Dondero Ex. U # 22 Dondero Ex. V # 23 Dondero Ex. W # 24 Dondero Ex. X) (Assink, Bryan) |
| 10/16/2020 | 1195 Objection to (related document(s): 1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). filed by Debtor Highland Capital Management, L.P.) filed by Creditor HarbourVest et al. (Driver, Vickie) |
| 10/16/2020 | 1196 Witness and Exhibit List filed by Creditor HarbourVest et al (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Driver, Vickie) |
| 10/16/2020 | 1197 INCORRECT ENTRY: Attorney to refile. Notice *Response to Debtor's Omnibus Objection* filed by Creditor NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 |

000496

| | |
|---|---|
| | International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A−−Proposed Order and Schedules 1−7)). (Drawhorn, Lauren) Modified on 10/19/2020 (Ecker, C.). |
| 10/16/2020 | 1198 INCORRECT ENTRY: Attorney to refile. Notice *Response to Debtor's Omnibus Objection* filed by Advisors Equity Group, LLC, Eagle Equity Advisors, LLC (RE: related document(s)906 Objection to claim(s) of Creditor(s) Daniel Sheehan and Associates, PLLC; Dun & Bradstreet; Eastern Point Trust Company, Inc.; Collin County Tax Assessor/Collector; Collin County Tax Assessor/Collector; Dallas County; Opus 2 International Inc.; Andrew Parmentier; 4CAST Inc.; Advent Software Inc.; ConvergeOne, Inc.; Denton County; Internal Revenue Service; Kaufman County; Maples and Calder; McLagen Partners, Inc.; Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation; Moodys Analytics, Inc.; Quintairos, Prieto, Wood & Boyer; Advisors Equity Group, LLC; Eagle Equity Advisors, LLC; HCRE Partner, LLC; Highland Capital Management Fund Advisors; Highland Capital Management Fund Advisors; Highland Capital Management Services, Inc.; Highland Capital Management Services, Inc.; Highland Energy MLP Fund; Highland Fixed Income Fund; Highland Floating Rate Fund; Highland Funds I; Highland Funds II; Highland Global Allocation Fund; Highland Healthcare Opportunities Fund; Highland iBoxx Senior Loan ETF; Highland Income Fund HFRO; Highland Long/Short Equity Fund; Highland Merger Arbitrage Fund; Highland Opportunistic Credit Fund; Highland Small−Cap Equity Fund; Highland Socially Responsible Equity Fund; Highland Tax−Exempt Fund; Highland Total Return Fund; NexBank SSB; NexPoint Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Capital, Inc.; NexPoint Capital, Inc.; NexPoint Discount Strategies Fund; NexPoint Energy and Material Opportunities Fund; NexPoint Event−Driven Fund; NexPoint Healthcare Opportunities Fund; NexPoint Latin America Opportunities Fund; NexPoint Real Estate Strategies Fund; NexPoint Strategic Opportunities Fund; The Dugaboy Investment Trust; The Dugaboy Investment Trust; Bentley Callan; City of Garland; Clay Callan; Eastern Point Trust Company, Inc.; Garland Independent School District; Grayson County; HarbourVest 2017 Global Fund L.P.; HarbourVest 2017 Global AIF L.P.; HarbourVest Partners L.P. on behalf of funds and accounts under management; HarbourVest Dover Street IX Investment L.P.; HarbourVest Skew Base AIF L.P.; Hartman Wanzor LLP; Irving ISD; John Morris; John R. Watkins; Linear Technologies, Inc.; Mass. Dept. of Revenue; Mediant Communications |

000497

| | |
|---|---|
| | Inc.; Oklahoma Tax Commission; Jun Park; Paul N. Adkins; Paul N. Adkins; Tarrant County; Theodore N. Dameris; Theodore N. Dameris; Weijun Zang; Anish Tailor; Mollie Boyce−Field; Charles Byrne; Donald Salvino; Ericka Garcia; Garman Turner Gordon; Joe Kingsley; Frederic Mason; TDA Associates, Inc.; Wilkinson Center.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 9/1/2020. (Attachments: # 1 Exhibit A−−Proposed Order and Schedules 1−7)). (Drawhorn, Lauren) Modified on 10/19/2020 (Ecker, C.) |
| 10/16/2020 | 1199 Witness and Exhibit List filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 3 # 4 Exhibit 4 # 5 Exhibit 5) (Sosland, Martin) |
| 10/16/2020 | 1200 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1094 Application for compensation *Eleventh Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2020 through August 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 8/1/2020 to 8/31/). (Pomerantz, Jeffrey) |
| 10/16/2020 | 1201 Objection to (related document(s): 1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). filed by Debtor Highland Capital Management, L.P.) filed by Creditor Patrick Daugherty. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Service List) (Kathman, Jason) |
| 10/16/2020 | 1202 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Annable, Zachery) |
| 10/16/2020 | 1203 Certificate of service re: *1) Summary Cover Sheet and Ninth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2020 to and Including August 31, 2020; 2) Scheduling Order with Respect to Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch; and 3) Scheduling Order with Respect to Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1160 Application for compensation *Ninth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 8/1/2020 to 8/31/2020, Fee: $198,616.32, Expenses: $0. Filed by Financial Advisor FTI Consulting, Inc. Objections due by 10/30/2020. filed by Financial Advisor FTI Consulting, Inc., 1163 Order setting hearing on any summary judgment motion and any 3018 Motion filed in accordance with this Order (RE: related document(s)928 Objection to claim filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 11/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 928, Entered on 10/12/2020 (Okafor, M.), 1167 Notice to take deposition of James P. Seery, Jr., CEO, Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/16/2020 | 1215 Redeemer Committee of the Highland Crusander Fund and the Crusader Funds' Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS AG, London Branch and UBS Securities LLC filed by Interested Party Redeemer Committee of the Highland Crusader Fun and the Crusader's Funds' (Attachments: # 1 Proposed Order) (RE: Related document(s) 933 Objection to claim filed by Interested Party Redeemer Committee of the Highland Crusader Fund). (Rielly, Bill). (Entered: 10/19/2020) |
| 10/16/2020 | |

| | |
|---|---|
| | <u>1216</u> Joinder by filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)<u>1214</u> Motion for summary judgment). (Attachments: # <u>1</u> Proposed Order) (Rielly, Bill) (Entered: 10/19/2020) |
| 10/17/2020 | <u>1204</u> Witness and Exhibit List filed by Creditor Patrick Daugherty (RE: related document(s)<u>1087</u> Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Attachments: # <u>1</u> Exhibit PHD −1 # <u>2</u> Exhibit PHD − 2) (Kathman, Jason) |
| 10/18/2020 | <u>1205</u> Notice to take deposition of W. Kevin Moentmann filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/18/2020 | <u>1206</u> Notice to take deposition of W. Kevin Moentmann filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/18/2020 | <u>1207</u> Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan* Filed by Creditor HarbourVest et al Objections due by 11/9/2020. (Attachments: # <u>1</u> Proposed Order) (Driver, Vickie) |
| 10/18/2020 | <u>1208</u> Declaration re: */of Michael Pugatch in Support of 3018(A) Motion* filed by Creditor HarbourVest et al (RE: related document(s)<u>1207</u> Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*). (Driver, Vickie) |
| 10/19/2020 | <u>1209</u> Objection to disclosure statement (RE: related document(s)<u>1080</u> Disclosure statement) filed by Interested Party Jefferies LLC. (Doherty, Casey) |
| 10/19/2020 | <u>1210</u> Objection to disclosure statement (RE: related document(s)<u>1080</u> Disclosure statement) filed by Creditor Pension Benefit Guaranty Corporation. (Attachments: # <u>1</u> Exhibit # <u>2</u> Certificate of Service) (Baird, Michael) |
| 10/19/2020 | <u>1211</u> List *APPENDIX TO REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGEMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)<u>1183</u> Motion to disallow claims *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LOND). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Exhibit 9 # <u>10</u> Exhibit 10 # <u>11</u> Exhibit 11 # <u>12</u> Exhibit 12 # <u>13</u> Exhibit 13 # <u>14</u> Exhibit 14 # <u>15</u> Exhibit 15 # <u>16</u> Exhibit 16 (slip page − to be filed under seal upon order from Court) # <u>17</u> Exhibit 17 (slip page) # <u>18</u> Exhibit 18 (slip page) # <u>19</u> Exhibit 19 (slip page) # <u>20</u> Exhibit 20 (slip page) # <u>21</u> Exhibit 21 (slip page) # <u>22</u> Exhibit 22 (slip page) # <u>23</u> Exhibit 23 (slip page) # <u>24</u> Exhibit 24 (slip page) # <u>25</u> Exhibit 25 (slip page) # <u>26</u> Exhibit 26 (slip page) # <u>27</u> Exhibit 27 (slip page) # <u>28</u> Exhibit 28 (slip page) # <u>29</u> Exhibit 29 (slip page)) (Platt, Mark)* |
| 10/19/2020 | <u>1212</u> Response opposed to (related document(s): <u>906</u> Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Creditor NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC. (Drawhorn, Lauren) |
| 10/19/2020 | <u>1213</u> Response opposed to (related document(s): <u>906</u> Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Advisors Equity Group, LLC, Eagle Equity Advisors, LLC. (Drawhorn, Lauren) |

| | |
|---|---|
| 10/19/2020 | 1217 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order), 1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P. Objections due by 10/19/2020. (Attachments: # 1 Exhibit A—Proposed Order)). Hearing to be held on 10/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1087 and for 1089, (Annable, Zachery) |
| 10/19/2020 | 1218 Objection to disclosure statement (RE: related document(s)1080 Disclosure statement) filed by Creditor Patrick Daugherty. (Kathman, Jason) |
| 10/19/2020 | 1219 Objection to disclosure statement (RE: related document(s)1080 Disclosure statement) filed by Creditor HarbourVest et al. (Driver, Vickie) |
| 10/19/2020 | 1220 Reply to (related document(s): 1190 Objection filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/19/2020 | 1221 Omnibus Reply to (related document(s): 1121 Response filed by Interested Party James Dondero, 1177 Response filed by Creditor CLO Holdco, Ltd., 1191 Response filed by Interested Party Highland CLO Funding, Ltd., 1195 Objection filed by Creditor HarbourVest et al, 1201 Objection filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) (Annable, Zachery) |
| 10/19/2020 | 1222 Notice of hearing filed by Creditor HarbourVest et al (RE: related document(s)1207 Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan* Filed by Creditor HarbourVest et al Objections due by 11/9/2020. (Attachments: # 1 Proposed Order), 1208 Declaration re: */of Michael Pugatch in Support of 3018(A) Motion* filed by Creditor HarbourVest et al (RE: related document(s)1207 Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*).). Hearing to be held on 11/10/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1207 and for 1208, (Driver, Vickie) |
| 10/19/2020 | 1223 Certificate of service re: Motion of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan filed by Creditor HarbourVest et al (RE: related document(s)1207 Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*). (Driver, Vickie) |
| 10/19/2020 | 1224 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A – Proposed Order) (RE: Related document(s) 928 Objection to claim filed by Debtor Highland Capital Management, L.P.).). Hearing to be held on 11/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1214, (Annable, Zachery) |
| 10/19/2020 | 1225 Amended Witness and Exhibit List filed by Creditor Patrick Daugherty (RE: related document(s)1204 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit PHD−1 # 2 Exhibit PHD−2 # 3 Exhibit PHD−3 # 4 Exhibit PHD−4 # 5 Exhibit PHD−5 # 6 Exhibit PHD−6 # 7 Exhibit PHD−7 # 8 Exhibit PHD−8 # 9 Exhibit PHD−9 # 10 Exhibit PHD−10 # 11 Exhibit PHD−11 # 12 Exhibit PHD−12 # 13 Exhibit PHD−13 # 14 Exhibit PHD−14 # |

| | |
|---|---|
| | 15 Exhibit PHD−15 # 16 Exhibit PHD−16 # 17 Exhibit PHD−17 # 18 Exhibit PHD−18 # 19 Exhibit PHD−19 # 20 Exhibit PHD−20 # 21 Exhibit PHD−22) (Kathman, Jason) |
| 10/19/2020 | 1226 Witness and Exhibit List filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). ). (Platt, Mark) |
| 10/19/2020 | 1227 Notice of hearing filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1215 Redeemer Committee of the Highland Crusander Fund and the Crusader Funds' Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS AG, London Branch and UBS Securities LLC filed by Interested Party Redeemer Committee of the Highland Crusader Fun and the Crusader's Funds' (Attachments: # 1 Proposed Order) (RE: Related document(s) 933 Objection to claim filed by Interested Party Redeemer Committee of the Highland Crusader Fund).., 1216 Joinder by filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1214 Motion for summary judgment). (Attachments: # 1 Proposed Order)). Hearing to be held on 11/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1215 and for 1216, (Platt, Mark) |
| 10/19/2020 | 1228 Certificate of service re: *1) Order Granting Extension of Time to File an Adversary Proceeding Against CLO Holdo, Ltd.; and 2) Notice of Deposition of Professor Nancy B. Rapaport* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1168 Order granting extension of time to file an adversary proceeding against CLO Holdco, Ltd (RE: related document(s)590 Motion to reclaim funds from the registry filed by Creditor CLO Holdco, Ltd.). Entered on 10/14/2020 (Okafor, M.), 1171 Notice to take deposition of Professor Nancy B. Rapaport filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/20/2020 | 1229 Amended Witness and Exhibit List filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1199 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 4 # 5 Exhibit 5 # 6 6) (Sosland, Martin) |
| 10/20/2020 | 1230 Order granting motion to seal documents (related document # 1188 Motion for leave to file documents under seal with (I) the Objection and (II) the Declaration of W. Kevin Moentmann in Support of the Objection to the Debtor's Motion for Entry of an Order Approving Settlements with (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72) and (B) the Highland Crusader Funds (Claim No. 81) Filed by Interested Parties UBS AG London Branch, UBS Securities LLC) Entered on 10/20/2020. (Okafor, M.) |
| 10/20/2020 | **1231 SEALED document regarding: Objection to the Debtor's Motion for Entry of an Order Approving Settlements With (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 7) and (B) the Highland Crusader Funds (Claim No. 81) per court order** filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1230 Order on motion to seal). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Sosland, Martin) |
| 10/20/2020 | **1232 SEALED document regarding: Declaration of W. Kevin Moentmann in Support of Objection to the Debtor's Motion for Entry of an Order Approving Settlements with (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 7) and (B) the Highland Crusader Funds (Claim No. 81) per court order** filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1230 Order on motion to seal). (Attachments: # 1 Exhibit 4 # 2 Exhibit 4 # 3 Exhibit 6 # 4 Attachment A # 5 Attachment B # 6 Attachment C) (Sosland, Martin) |
| 10/20/2020 | 1233 First Supplemental Order Sustaining First Omnibus Objection to Certain (A) DuplicateClaims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) |

| | No−Liability Claims; and (F) Insufficient−Documentation Claims ( (RE: related document(s)906 Objection to claim filed by Debtor Highland Capital Management, L.P.). Entered on 10/20/2020 (Okafor, M.) |
|---|---|
| 10/20/2020 | 1234 Order granting motion to seal documents (related document # 1182 Motion to seal regarding the Redeemer Committee of the Crusader Funds Motion forPartial Summary Judgment and Joinder in the Debtors Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS AG, London Branch and UBS Securities LLC.) Entered on 10/20/2020. (Okafor, M.) |
| 10/20/2020 | 1235 Order granting motion to seal documents (related document # 1187 Debtor's Motion for Leave to File Certain Documents under Seal in Connection with Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch) Filed by Debtor Highland Capital Management, L.P.) Entered on 10/20/2020. (Okafor, M.) |
| 10/20/2020 | 1236 **SEALED document regarding: REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1234 Order on motion to seal). (Platt, Mark) |
| 10/20/2020 | 1237 **SEALED document regarding: APPENDIX TO REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGEMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1234 Order on motion to seal). (Attachments: # 1 Exhibit 16 (sealed) # 2 Exhibit 17 (sealed) # 3 Exhibit 18 (sealed) # 4 Exhibit 19 (sealed) # 5 Exhibit 20 (sealed) # 6 Exhibit 21 (sealed) # 7 Exhibit 22 (sealed) # 8 Exhibit 23 (sealed) # 9 Exhibit 24 (sealed) # 10 Exhibit 25 (sealed) # 11 Exhibit 26 (sealed) # 12 Exhibit 27 (sealed) # 13 Exhibit 28 (sealed) # 14 Exhibit 29 (sealed)) (Platt, Mark) |
| 10/20/2020 | 1238 Objection to disclosure statement (RE: related document(s)1080 Disclosure statement) filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 10/20/2020 | 1239 Objection to disclosure statement (RE: related document(s)1080 Disclosure statement) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 10/20/2020 | 1240 Joinder by *META−E DISCOVERY, LLC TO THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (B) SCHEDULING A HEARING TO CONFIRM THE FIRST AMENDED PLAN OF REORGANIZATION; (C) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; (D) APPROVING FORM OF BALLOTS, VOTING DEADLINE AND SOLICITATION PROCEDURES; AND (E) APPROVING FORM AND MANNER OF NOTICE* filed by Interested Party Meta−e Discovery, LLC (RE: related document(s)1239 Objection to disclosure statement). (Umari, Basil) |
| 10/20/2020 | 1241 Objection to disclosure statement (RE: related document(s)1080 Disclosure statement) filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Patel, Rakhee) |

| | |
|---|---|
| 10/20/2020 | 1242 Joinder by *REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUNDS JOINDER TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (B) SCHEDULING A HEARING TO CONFIRM THE FIRST AMENDED PLAN OF REORGANIZATION; (C) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; (D) APPROVING FORM OF BALLOTS, VOTING DEADLINE AND SOLICITATION PROCEDURES; AND (E) APPROVING FORM AND MANNER OF NOTICE* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1239 Objection to disclosure statement). (Platt, Mark) |
| 10/20/2020 | 1243 Hearing held and Continued (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159) filed by Debtor Highland Capital Management, L.P.) (Continued Hearing to be held on 10/21/2020 at 10:00 AM Dallas Judge Jernigan Ctrm for 1087,) (Edmond, Michael) |
| 10/20/2020 | 1244 Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10. Filed by Attorney Juliana Hoffman Objections due by 11/10/2020. (Hoffman, Juliana) |
| 10/20/2020 | 1256 Hearing held on 10/20/2020. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), filed by Debtor Highland Capital Management, L.P.) (Appearances: I. Kharasch, J. Morris, and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and B. Shaw for Acis and Terrys; S. Tomkowiak, A. Clubok, and K. Posin for UBS; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; J. Kathman for P. Daugherty; R. Matsumura for HCLOF; J. Kane for CLO Holdco; E. Weisgerber for HarbourVest; L. Lambert for UST. Evidentiary hearing. Court recessed after evidence closed and will reconvene at 10:00 am 10/21/20 for closing arguments.) (Edmond, Michael) (Entered: 10/21/2020) |
| 10/20/2020 | 1257 Hearing held on 10/20/2020. (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81), filed by Debtor Highland Capital Management, L.P.) (Appearances: I. Kharasch, J. Morris, and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and B. Shaw for Acis and Terrys; S. Tomkowiak, A. Clubok, and K. Posin for UBS; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; J. Kathman for P. Daugherty; R. Matsumura for HCLOF; J. Kane for CLO Holdco; E. Weisgerber for HarbourVest; L. Lambert for UST. Evidentiary hearing. Motion approved, based on reasoning given orally. Counsel to upload orders.) (Edmond, Michael) (Entered: 10/21/2020) |
| 10/20/2020 | 1303 Court admitted exhibits date of hearing October 20, 2020 (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81) filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED DEBTOR'S EXHIBIT'S #1, #2, #3 & #4; COURT TOOK JUDICIAL NOTICE OF THE DECLARATION OF JOHN A. MORRIS; ADMITTED AS AN EXHIBIT #3; EXHIBITS #2 #3 AND #4 TO DECLARATION AND EXHIBIT #B TO EXHIBIT #1 FILED UNDER SEAL) (Edmond, Michael) (Entered: 10/28/2020) |
| 10/20/2020 | 1304 DOCKET AN ERROR: Court admitted exhibits date of hearing October 20, 2020 (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. |

| | |
|---|---|
| | Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159) filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED JAMES DONDERO'S EXHIBIT'S #A, #B, #C, #D, #E, #F, #G, #H, #I, #J, #K, #L, #M, #N, #O, #Q, #R, #S, #T, #U, #V, #W & #X; NOTE* EXHIBIT #P (Edmond, Michael) Modified on 10/28/2020 (Edmond, Michael). (Entered: 10/28/2020) |
| 10/20/2020 | <u>1305</u> MODIFIED TEXT: Court admitted exhibits date of hearing October 20, 2020 (RE: related document(s)<u>1087</u> Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159) filed by Debtor Highland Capital Management, L.P.) (1304 Court admitted exhibits date of hearing October 20, 2020 (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159) filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED JAMES DONDERO'S EXHIBIT'S #A, #B, #C, #D, #E, #F, #G, #H, #I, #J, #K, #L, #M, #N, #O, #P, #Q, #R, #S, #T, #U, #V, #W & #X; JASON KATHMAN; COUNSEL FOR PATRICK DAUGHERTY EXHIBIT'S #1079 − AMENDED PLAN & #1080 − AMENDED DISCLOSURE STATEMENT ADMITTED INTO EVIDENCE BY PATRICK DAUGHTERY COUNSEL JASON KATHMAN) (Edmond, Michael) Modified on 10/28/2020 (Edmond, Michael). Modified on 10/30/2020 (Edmond, Michael). (Entered: 10/28/2020) |
| 10/20/2020 | <u>1314</u> Court admitted exhibits date of hearing October 20, 2020 (RE: related document(s)<u>1087</u> Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159) filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED JAMES DONDERO'S EXHIBIT'S #A, #B, #C, #D, #E, #F, #G, #H, #I, #J, #K, #L, #M, #N, #O, #P, #Q, #R, #S, #T, #U, #V, #W & #X; JASON KATHMAN ; COUNSEL FOR PATRICK DAUGHERTY EXHIBIT'S #1079 − AMENDED PLAN & #1080 − AMENDED DISCLOSURE STATEMENT ADMITTED INTO EVIDENCE). (Edmond, Michael) (Entered: 10/30/2020) |
| 10/21/2020 | <u>1245</u> Request for transcript regarding a hearing held on 10/20/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 10/21/2020 | <u>1246</u> Request for transcript regarding a hearing held on 10/20/2020. The requested turn−around time is hourly (Jeng, Hawaii) |
| 10/21/2020 | <u>1247</u> Motion to appear pro hac vice for Faheem A. Mahmooth. Fee Amount $100 Filed by Creditor Pension Benefit Guaranty Corporation (Webb, Donna) |
| 10/21/2020 | <u>1248</u> Application for compensation *Cover Sheet and Twelfth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 1, 2020 through September 30, 2020* for Pachulski Stang Ziehl & Jones, LLP, Debtor's Attorney, Period: 9/10/2020 to 9/30/2020, Fee: $828,193.00, Expenses: $7,707.11. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 11/12/2020. (Pomerantz, Jeffrey) MODIFIED to correct party requesting fees/expenses. on 10/22/2020 (Ecker, C.). |
| 10/21/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 0.00). Receipt number KF: No Fee Due − Exempt U.S. Government Agency, amount $ 0.00 (re: Doc<u>1247</u>). (Floyd) |
| 10/21/2020 | **<u>1249</u> SEALED document regarding: Debtor's Opening Brief in Support of Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1235</u> Order on motion to seal). (Annable, Zachery) |

| | |
|---|---|
| 10/21/2020 | 1250 **SEALED document regarding: Exhibit 2 to Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1235 Order on motion to seal). (Annable, Zachery) |
| 10/21/2020 | 1251 **SEALED document regarding: Exhibit 11 to Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1235 Order on motion to seal). (Annable, Zachery) |
| 10/21/2020 | 1252 **SEALED document regarding: Exhibit 12 to Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1235 Order on motion to seal). (Annable, Zachery) |
| 10/21/2020 | 1253 **SEALED document regarding: Exhibit 14 to Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1235 Order on motion to seal). (Annable, Zachery) |
| 10/21/2020 | 1254 **SEALED document regarding: Exhibit 15 to Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1235 Order on motion to seal). (Annable, Zachery) |
| 10/21/2020 | 1255 **SEALED document regarding: Exhibit 16 to Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1235 Order on motion to seal). (Annable, Zachery) |
| 10/21/2020 | 1258 Hearing held on 10/21/2020. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), filed by Debtor Highland Capital Management, L.P.) (Appearances: I. Kharasch, J. Morris, and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; A. Chiarello for Acis and Terrys; M. Hankin, and M. Platt for Redeemer Committee; M. Lynn for J. Dondero; J. Kathman for P. Daugherty; R. Matsumura for HCLOF; J. Kane for CLO Holdco; E. Weisgerber for HarbourVest; L. Lambert for UST. Nonevidentiary closing arguments. Court granted motion, based on reasoning granted orally. Counsel to upload order.) (Edmond, Michael) |
| 10/21/2020 | 1259 Notice of Appearance and Request for Notice by Thomas G. Haskins Jr. filed by Creditor NWCC, LLC. (Haskins, Thomas) |
| 10/21/2020 | 1260 Motion to appear pro hac vice for Jonathan Sundheimer. Fee Amount $100 Filed by Creditor NWCC, LLC (Haskins, Thomas) |
| 10/21/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28201179, amount $ 100.00 (re: Doc# 1260). (U.S. Treasury) |
| 10/21/2020 | 1261 Certificate of service re: Joinder to Objection to Disclosure Statement filed by Interested Party Meta−e Discovery, LLC (RE: related document(s)1240 Joinder). (Umari, |

000505

| | |
|---|---|
| | Basil) |
| 10/21/2020 | 1262 Motion to appear pro hac vice for Joseph T. Moldovan. Fee Amount $100 Filed by Interested Party Meta−e Discovery, LLC (Umari, Basil) |
| 10/21/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28201283, amount $ 100.00 (re: Doc# 1262). (U.S. Treasury) |
| 10/21/2020 | 1263 Emergency Motion to continue hearing on (related documents 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 10/21/2020 | 1264 Stipulation Resolving Proof of Claim No. 86 of NWCC, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) MODIFIED to correct text on 10/22/2020 (Ecker, C.). |
| 10/21/2020 | 1265 Certificate of service re: *Documents Served on or Before October 16, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1178 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) filed by Debtor Highland Capital Management, L.P., 1179 Omnibus Objection to claim(s) of Creditor(s) Crescent Research; Hedgeye Risk Management, LLC; James D. Dondero; NexVest, LLC; James D. Dondero.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 11/18/2020. (Attachments: # 1 Exhibit A−−Proposed Order) filed by Debtor Highland Capital Management, L.P., 1180 INCORRECT ENTRY: EVENT CODE. SEE DOCUMENT 1214. Motion to disallow claims *(Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) Modified on 10/19/2020. filed by Debtor Highland Capital Management, L.P., 1181 Brief in support filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)). (Annable, Zachery). Modified linkage on 10/19/2020. filed by Debtor Highland Capital Management, L.P., 1184 Support/supplemental document *(Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P.)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19) (Annable, Zachery). Related document(s) 1214 Motion for summary judgment filed by Debtor Highland Capital Management, L.P.. Modified linkage on 10/19/2020. filed by Debtor Highland Capital Management, L.P., 1185 Declaration re: *(Declaration of Elissa A. Wagner in Support of Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P. )). (Annable, Zachery). Modified linkage on 10/19/2020. filed by Debtor Highland Capital Management, L.P., 1187 Motion to file document under seal. *(Debtor's Motion for Leave to File Certain Documents under Seal in Connection with Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) filed by Debtor Highland Capital Management, L.P., 1193 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1179 Omnibus Objection to claim(s) of Creditor(s) Crescent Research; Hedgeye Risk Management, LLC; James D. |

| | |
|---|---|
| | Dondero; NexVest, LLC; James D. Dondero.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 11/18/2020. (Attachments: # 1 Exhibit A—Proposed Order)). Hearing to be held on 12/14/2020 at 02:30 PM Dallas Judge Jernigan Ctrm for 1179, filed by Debtor Highland Capital Management, L.P., 1202 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/22/2020 | 1266 Order granting motion to continue hearing on (related document # 1263) (related documents Disclosure statement) Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for 1080, Entered on 10/22/2020. (Ecker, C.) |
| 10/22/2020 | 1267 Notice of change of address filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 10/22/2020 | 1268 Amended Notice of hearing *(Amended Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit B—Organizational Chart)). Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for 1080, (Annable, Zachery) |
| 10/22/2020 | 1269 Certificate of service re: *Documents Served on or Before October 19, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1206 Notice to take deposition of W. Kevin Moentmann filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1217 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order), 1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P. Objections due by 10/19/2020. (Attachments: # 1 Exhibit A—Proposed Order)). Hearing to be held on 10/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1087 and for 1089, filed by Debtor Highland Capital Management, L.P., 1220 Reply to (related document(s): 1190 Objection filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1221 Omnibus Reply to (related document(s): 1121 Response filed by Interested Party James Dondero, 1177 Response filed by Creditor CLO Holdco, Ltd., 1191 Response filed by Interested Party Highland CLO Funding, Ltd., 1195 Objection filed by Creditor HarbourVest et al, 1201 Objection filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A) filed by Debtor Highland Capital Management, L.P., 1224 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A − Proposed Order) (RE: Related document(s) 928 Objection to claim filed by Debtor Highland Capital Management, L.P.).). Hearing to be held on 11/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1214, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/22/2020 | 1270 Certificate of service re: *Documents Served on October 20, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1233 First Supplemental Order Sustaining First Omnibus Objection to Certain (A) DuplicateClaims; (B) Overstated Claims; (C) Late−Filed Claims; (D) Satisfied Claims; (E) No−Liability Claims; and (F) |

000507

| | |
|---|---|
| | Insufficient−Documentation Claims ( (RE: related document(s)906 Objection to claim filed by Debtor Highland Capital Management, L.P.). Entered on 10/20/2020 (Okafor, M.), 1235 Order granting motion to seal documents (related document 1187 Debtor's Motion for Leave to File Certain Documents under Seal in Connection with Debtor's Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch) Filed by Debtor Highland Capital Management, L.P.) Entered on 10/20/2020. (Okafor, M.)). (Kass, Albert) |
| 10/23/2020 | 1271 Transcript regarding Hearing Held 10/20/2020 (256 pages) RE: Motions to Compromise Controversy. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 01/21/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1256 Hearing held on 10/20/2020. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), filed by Debtor Highland Capital Management, L.P.) (Appearances: I. Kharasch, J. Morris, and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and B. Shaw for Acis and Terrys; S. Tomkowiak, A. Clubok, and K. Posin for UBS; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; J. Kathman for P. Daugherty; R. Matsumura for HCLOF; J. Kane for CLO Holdco; E. Weisgerber for HarbourVest; L. Lambert for UST. Evidentiary hearing. Court recessed after evidence closed and will reconvene at 10:00 am 10/21/20 for closing arguments.), 1257 Hearing held on 10/20/2020. (RE: related document(s)1089 Motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81), filed by Debtor Highland Capital Management, L.P.) (Appearances: I. Kharasch, J. Morris, and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; R. Patel and B. Shaw for Acis and Terrys; S. Tomkowiak, A. Clubok, and K. Posin for UBS; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; J. Kathman for P. Daugherty; R. Matsumura for HCLOF; J. Kane for CLO Holdco; E. Weisgerber for HarbourVest; L. Lambert for UST. Evidentiary hearing. Motion approved, based on reasoning given orally. Counsel to upload orders.)). Transcript to be made available to the public on 01/21/2021. (Rehling, Kathy) |
| 10/23/2020 | 1272 Request for transcript regarding a hearing held on 10/21/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 10/23/2020 | 1273 Order granting motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P (related document # 1089) Entered on 10/23/2020. (Okafor, M.) |
| 10/23/2020 | 1274 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 10/8/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion # 2 Service List)). Hearing to be held on 10/28/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1099, (Annable, Zachery) |
| 10/23/2020 | 1275 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital |

| | |
|---|---|
| | Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1–A—Forms of Ballots # 3 Exhibit 1–B—Notice of Confirmation Hearing # 4 Exhibit 1–C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption)). Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for 1108, (Annable, Zachery) |
| 10/23/2020 | 1276 Order granting motion to appear pro hac vice adding Faheem A. Mahmooth for Pension Benefit Guaranty Corporation (related document # 1247) Entered on 10/23/2020. (Okafor, M.) |
| 10/23/2020 | 1277 Order granting motion to appear pro hac vice adding Jonathan D. Sundheimer for NWCC, LLC (related document 1260) Entered on 10/23/2020. (Okafor, M.) |
| 10/23/2020 | 1278 Order granting motion to appear pro hac vice adding Joseph T. Moldovan for Meta−e Discovery, LLC (related document # 1262) Entered on 10/23/2020. (Okafor, M.) |
| 10/23/2020 | 1279 Motion to file document under seal.− *Daugherty's Motion for Leave to File Under Seal His Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018 and Supporting Documents* Filed by Creditor Patrick Daugherty (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Delaware Protective Order) (Kathman, Jason) |
| 10/23/2020 | 1280 Motion for leave *to Amend Proof of Claim No. 77* Filed by Creditor Patrick Daugherty Objections due by 11/16/2020. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Second Amended Proof of Claim) (Kathman, Jason) |
| 10/23/2020 | 1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018* Filed by Creditor Patrick Daugherty (Attachments: # 1 Exhibit A − Proposed Order) (Kathman, Jason) |
| 10/23/2020 | 1282 Brief in support filed by Creditor Patrick Daugherty (RE: related document(s)1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018*). (Kathman, Jason) |
| 10/23/2020 | 1283 Application for compensation *Eleventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 9/1/2020 to 9/30/2020, Fee: $356,889.96, Expenses: $2,204.73. Filed by Attorney Juliana Hoffman Objections due by 11/13/2020. (Hoffman, Juliana) |
| 10/23/2020 | 1284 Support/supplemental document− *Appendix to Daugherty's Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018* filed by Creditor Patrick Daugherty (RE: related document(s)1282 Brief). (Attachments: # 1 Appendix − Part 1 of 3 # 2 Appendix − Part 2 # 3 Appendix − Part 3) (Kathman, Jason) |
| 10/24/2020 | 1285 Transcript regarding Hearing Held 10/21/2020 (48 pages) RE: Motion to Compromise Controversy. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 01/22/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1258 Hearing held on 10/21/2020. (RE: related document(s)1087 Motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), filed by Debtor Highland Capital Management, L.P.) (Appearances: I. Kharasch, J. Morris, and G. Demo for Debtors; M. Clemente for Unsecured Creditors Committee; A. Chiarello for Acis and Terrys; M. Hankin, and M. Platt for Redeemer Committee; M. Lynn for J. Dondero; J. Kathman for P. Daugherty; R. Matsumura for HCLOF; J. Kane for CLO Holdco; E. Weisgerber for HarbourVest; L. Lambert for UST. |

000509

| | |
|---|---|
| | Nonevidentiary closing arguments. Court granted motion, based on reasoning granted orally. Counsel to upload order.)). Transcript to be made available to the public on 01/22/2021. (Rehling, Kathy) |
| 10/25/2020 | 1286 Omnibus Response opposed to (related document(s): 1209 Objection to disclosure statement filed by Interested Party Jefferies LLC, 1210 Objection to disclosure statement filed by Creditor Pension Benefit Guaranty Corporation, 1218 Objection to disclosure statement filed by Creditor Patrick Daugherty, 1219 Objection to disclosure statement filed by Creditor HarbourVest et al, 1238 Objection to disclosure statement filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch, 1239 Objection to disclosure statement filed by Creditor Committee Official Committee of Unsecured Creditors, 1241 Objection to disclosure statement filed by Creditor Acis Capital Management GP, LLC, Creditor Acis Capital Management, L.P.) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/25/2020 | 1287 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan). (Annable, Zachery) |
| 10/25/2020 | 1288 Support/supplemental document *(Redline of Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1287 Chapter 11 plan). (Annable, Zachery) |
| 10/25/2020 | 1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement). (Annable, Zachery) |
| 10/25/2020 | 1290 Support/supplemental document *(Redline of the Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Disclosure statement). (Annable, Zachery) |
| 10/25/2020 | 1291 BNC certificate of mailing − PDF document. (RE: related document(s)1276 Order granting motion to appear pro hac vice adding Faheem A. Mahmooth for Pension Benefit Guaranty Corporation (related document 1247) Entered on 10/23/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 10/25/2020. (Admin.) |
| 10/25/2020 | 1292 BNC certificate of mailing − PDF document. (RE: related document(s)1278 Order granting motion to appear pro hac vice adding Joseph T. Moldovan for Meta−e Discovery, LLC (related document 1262) Entered on 10/23/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 10/25/2020. (Admin.) |
| 10/26/2020 | 1293 Certificate of service re: *(Supplemental) Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit B—Organizational Chart)). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1080, filed by Debtor Highland Capital Management, L.P., 1097 Certificate of service re: *Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit |

000510

| | |
|---|---|
| | B—Organizational Chart)). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>1080</u>, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 10/26/2020 | <u>1294</u> Certificate of service re: *Documents Served on October 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1244</u> Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10. Filed by Attorney Juliana Hoffman Objections due by 11/10/2020. filed by Financial Advisor FTI Consulting, Inc., <u>1248</u> Application for compensation *Cover Sheet and Twelfth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 1, 2020 through September 30, 2020* for Pachulski Stang Ziehl & Jones, LLP, Debtor's Attorney, Period: 9/10/2020 to 9/30/2020, Fee: $828,193.00, Expenses: $7,707.11. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 11/12/2020. (Pomerantz, Jeffrey) MODIFIED to correct party requesting fees/expenses. on 10/22/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P., <u>1263</u> Emergency Motion to continue hearing on (related documents <u>1080</u> Disclosure statement) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., <u>1264</u> Stipulation Resolving Proof of Claim No. 86 of NWCC, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) MODIFIED to correct text on 10/22/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/26/2020 | <u>1295</u> Support/supplemental document *(Notice of Supplemental Disclosures)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1289</u> Disclosure statement). (Annable, Zachery) |
| 10/27/2020 | <u>1296</u> Application for compensation *Sidley Austin LLP's Third Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 8/31/2020, Fee: $1,865,520.45, Expenses: $18,678.47. Filed by Attorney Juliana Hoffman Objections due by 11/17/2020. (Hoffman, Juliana) |
| 10/27/2020 | <u>1297</u> Request for transcript regarding a hearing held on 10/27/2020. The requested turn–around time is hourly (Jeng, Hawaii) |
| 10/27/2020 | <u>1298</u> Certificate of service re: *Documents Served on or Before October 23, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1266</u> Order granting motion to continue hearing on (related document <u>1263</u>) (related documents Disclosure statement) Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for <u>1080</u>, Entered on 10/22/2020. (Ecker, C.), <u>1268</u> Amended Notice of hearing *(Amended Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1080</u> Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>945</u> Disclosure statement). (Attachments: # 1 Exhibit A—First Amended Plan of Reorganization # 2 Exhibit B—Organizational Chart). Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for <u>1080</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/27/2020 | <u>1307</u> Hearing held on 10/27/2020., Hearing continued (RE: related document(s)<u>1289</u> Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>945</u> Disclosure statement, <u>1080</u> Disclosure statement).) Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1289</u>, (Appearances: J. Pomeranz, I. Kharasch, and G. Demo for Debtor; M. Clemente and P. Reid for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis and Terrys; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; J. Kathman for P. Daugherty; K. Posin for UBS; D. Stroik for HarbourVest; M. Baird for SEC; L. Lambert for UST. Nonevidentiary hearing. Court sustained various objections to adequacy of certain provisions of disclosure statement, orally outlining both specific and general concerns (e.g., vagueness and breadth |

| | |
|---|---|
| | of releases; delay in Debtor providing certain important documents, such as Claimant Trust Agreement, until Plan Supplement; legal justification for an administrative convenience class at the $1 million level, consisting mostly of prepetition lawyers fee claim; lack of clarity about assets that will be liquidated for Class 7, particularly in scenario where certain disputed claims are allowed (revenue streams from Debtors management of third−party assets?); lack of support of UCC for plan). Hearing continued to 11/23/20.) (Edmond, Michael) (Entered: 10/28/2020) |
| 10/27/2020 | 1308 Hearing held on 10/27/2020., Hearing continued (RE: related document(s)1108 Motion for leave (Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice) (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1——Proposed Order # 2 Exhibit 1−A——Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C——Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption)) Continued hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1108, (Appearances: J. Pomeranz, I. Kharasch, and G. Demo for Debtor; M. Clemente and P. Reid for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis and Terrys; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; J. Kathman for P. Daugherty; K. Posin for UBS; D. Stroik for HarbourVest; M. Baird for SEC; L. Lambert for UST. Nonevidentiary hearing. Court sustained various objections to adequacy of certain provisions of disclosure statement, orally outlining both specific and general concerns (e.g., vagueness and breadth of releases; delay in Debtor providing certain important documents, such as Claimant Trust Agreement, until Plan Supplement; legal justification for an administrative convenience class at the $1 million level, consisting mostly of prepetition lawyers fee claim; lack of clarity about assets that will be liquidated for Class 7, particularly in scenario where certain disputed claims are allowed (revenue streams from Debtors management of third−party assets?); lack of support of UCC for plan). Hearing continued to 11/23/20.) (Edmond, Michael) (Entered: 10/28/2020) |
| 10/28/2020 | 1299 Request for transcript regarding a hearing held on 10/28/2020. The requested turn−around time is hourly (Jeng, Hawaii) |
| 10/28/2020 | 1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, (Annable, Zachery) |
| 10/28/2020 | 1301 Order approving stipulation resolving Proof of Claim No. 86 of NWCC, LLC (RE: related document(s)1264 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 10/28/2020 (Okafor, M.) |
| 10/28/2020 | 1302 Order granting motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (related document # 1087) Entered on 10/28/2020. (Okafor, M.) |
| 10/28/2020 | 1306 Hearing held on 10/28/2020. (RE: related document(s)1099 Motion for relief from stay − Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay, filed by Creditor Patrick Daugherty.) (Appearances: J. Kathman and T. Uebler for Movant, P. Daugherty; J. Morris for Debtor. Nonevidentiary hearing (Declaration only). Motion granted for reasons stated orally. Mr. Kathman to upload order.) (Edmond, Michael) |

| | |
|---|---|
| 10/28/2020 | 1309 Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A—Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1108, (Annable, Zachery) |
| 10/28/2020 | 1310 Certificate of service re: *1) Order Approving Debtor's Settlement with (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (B) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith; 2) Amended Notice of Hearing on Patrick Daugherty's Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay; and 3) Amended Notice of Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1273 Order granting motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P (related document 1089) Entered on 10/23/2020. (Okafor, M.), 1274 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 10/8/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion # 2 Service List)). Hearing to be held on 10/28/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1099, filed by Debtor Highland Capital Management, L.P., 1275 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A—Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption)). Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for 1108, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/28/2020 | 1311 Certificate of service re: *1) Summary Cover Sheet and Eleventh Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from September 1, 2020 Through September 30, 2020; and 2) Debtors Omnibus Reply to Objections to Approval of the Debtors Disclosure Statement for the Debtors First Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1283 Application for compensation *Eleventh Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 9/1/2020 to 9/30/2020, Fee: $356,889.96, Expenses: $2,204.73. Filed by Attorney Juliana Hoffman Objections due by 11/13/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 1286 Omnibus Response opposed to (related document(s): 1209 Objection to disclosure statement filed by Interested Party Jefferies LLC, 1210 Objection to disclosure statement filed by Creditor Pension Benefit Guaranty Corporation, 1218 Objection to disclosure statement filed by Creditor Patrick Daugherty, 1219 Objection to disclosure statement filed by Creditor HarbourVest et al, 1238 Objection to disclosure statement filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch, 1239 Objection to disclosure statement filed by Creditor Committee Official Committee of Unsecured Creditors, 1241 Objection to disclosure statement filed by Creditor Acis Capital Management GP, LLC, Creditor Acis Capital Management, L.P.) |

| | |
|---|---|
| | filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 10/29/2020 | 1312 Transcript regarding Hearing Held 10/27/2020 (95 pages) RE: Amended Disclosure Statement, Motion for Entry of an Order Approving Adequacy of Disclosure Statement. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 01/27/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1308 Hearing held on 10/27/2020., Hearing continued (RE: related document(s)1108 Motion for leave (Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice) (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A—Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption)) Continued hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1108, (Appearances: J. Pomeranz, I. Kharasch, and G. Demo for Debtor; M. Clemente and P. Reid for Unsecured Creditors Committee; R. Patel and A. Chiarello for Acis and Terrys; T. Mascherin, M. Hankin, and M. Platt for Redeemer Committee; J. Kathman for P. Daugherty; K. Posin for UBS; D. Stroik for HarbourVest; M. Baird for SEC; L. Lambert for UST. Nonevidentiary hearing. Court sustained various objections to adequacy of certain provisions of disclosure statement, orally outlining both specific and general concerns (e.g., vagueness and breadth of releases; delay in Debtor providing certain important documents, such as Claimant Trust Agreement, until Plan Supplement; legal justification for an administrative convenience class at the $1 million level, consisting mostly of prepetition lawyers fee claim; lack of clarity about assets that will be liquidated for Class 7, particularly in scenario where certain disputed claims are allowed (revenue streams from Debtors management of third−party assets?); lack of support of UCC for plan). Hearing continued to 11/23/20.)). Transcript to be made available to the public on 01/27/2021. (Rehling, Kathy) |
| 10/29/2020 | 1313 Certificate of service re: *Summary Cover Sheet and Third Interim Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from June 1, 2020 Through and Including August 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1296 Application for compensation *Sidley Austin LLP's Third Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 8/31/2020, Fee: $1,865,520.45, Expenses: $18,678.47. Filed by Attorney Juliana Hoffman Objections due by 11/17/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 10/30/2020 | 1315 Order directing UBS' Offer of Proof (RE: related document(s)1089 Motion to compromise controversy filed by Debtor Highland Capital Management, L.P.). Entered on 10/30/2020 (Okafor, M.) |
| 10/30/2020 | 1316 Certificate No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1160 Application for compensation *Ninth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 8/1/2020 to 8/31/2020, Fee: $198,616.32, Expenses: $0.). (Hoffman, Juliana) |
| 10/30/2020 | 1317 Certificate of service re: *(Supplemental) Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital |

000514

| | |
|---|---|
| | Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A——First Amended Plan of Reorganization # 2 Exhibit B——Organizational Chart)). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1080, filed by Debtor Highland Capital Management, L.P., 1097 Certificate of service re: *Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1081 Notice of hearing *(Notice of Hearing on Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1080 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement). (Attachments: # 1 Exhibit A——First Amended Plan of Reorganization # 2 Exhibit B——Organizational Chart)). Hearing to be held on 10/22/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1080, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 10/31/2020 | 1318 Transcript regarding Hearing Held 10/28/2020 (32 pages) RE: Patrick Daugherty's Motion to Confirm Status of Automatic Stay. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 01/29/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1306 Hearing held on 10/28/2020. (RE: related document(s)1099 Motion for relief from stay − Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay, filed by Creditor Patrick Daugherty.) (Appearances: J. Kathman and T. Uebler for Movant, P. Daugherty; J. Morris for Debtor. Nonevidentiary hearing (Declaration only). Motion granted for reasons stated orally. Mr. Kathman to upload order.)). Transcript to be made available to the public on 01/29/2021. (Rehling, Kathy) |
| 11/01/2020 | 1319 BNC certificate of mailing − PDF document. (RE: related document(s)1315 Order directing UBS' Offer of Proof (RE: related document(s)1089 Motion to compromise controversy filed by Debtor Highland Capital Management, L.P.). Entered on 10/30/2020 (Okafor, M.)) No. of Notices: 2. Notice Date 11/01/2020. (Admin.) |
| 11/02/2020 | 1320 Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)771 Objection to claim(s) 3 of Creditor(s) Acis Capital Management L.P. and Acis Capital Management GP, LLC.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 7/23/2020.) Responses due by 11/16/2020. (Ecker, C.) |
| 11/02/2020 | 1321 Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)1119 Motion to extend time to Deadline To File An Adversary Proceeding Against CLO Holdco, Ltd. (EMERGENCY) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 10/23/2020.) Responses due by 11/16/2020. (Ecker, C.) |
| 11/02/2020 | 1322 Certificate of service re: *Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, filed by Debtor Highland Capital Management, L.P., 1301 Order approving stipulation resolving Proof of Claim No. 86 of NWCC, LLC (RE: related document(s)1264 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 10/28/2020 (Okafor, M.), 1302 Order granting motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) |

| | |
|---|---|
| | Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (related document <u>1087</u>) Entered on 10/28/2020. (Okafor, M.), <u>1309</u> Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1108</u> Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) <u>1079</u> Chapter 11 plan, <u>1080</u> Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1−−Proposed Order # 2 Exhibit 1−A−−Forms of Ballots # 3 Exhibit 1−B−−Notice of Confirmation Hearing # 4 Exhibit 1−C−−Notice of Non−Voting Status # 5 Exhibit 1−D−−Notice of Assumption)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1108</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/03/2020 | <u>1323</u> Certificate of service re: Daugherty's Objection to Approval of Debtor's Disclosure Statement filed by Creditor Patrick Daugherty (RE: related document(s)<u>1218</u> Objection to disclosure statement). (Kathman, Jason) |
| 11/03/2020 | <u>1324</u> Certificate of service re: Daugherty's Motion for Leave to File Under Seal filed by Creditor Patrick Daugherty (RE: related document(s)<u>1279</u> Motion to file document under seal.− *Daugherty's Motion for Leave to File Under Seal His Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018 and Supporting Documents*). (Kathman, Jason) |
| 11/03/2020 | <u>1325</u> Certificate of service re: Daugherty's Motion for Leave to Amend Proof of Claim No. 77 filed by Creditor Patrick Daugherty (RE: related document(s)<u>1280</u> Motion for leave *to Amend Proof of Claim No. 77*). (Kathman, Jason) |
| 11/03/2020 | <u>1326</u> Certificate of service re: Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes, Brief and Appendix filed by Creditor Patrick Daugherty (RE: related document(s)<u>1281</u> Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018*, <u>1282</u> Brief, <u>1284</u> Support/supplemental document). (Kathman, Jason) |
| 11/03/2020 | <u>1327</u> Order on Creditor Patrick Daugherty's Motion to confirm status of automatic stay, or alternatively to modify automatic stay (related document # <u>1099</u>) Entered on 11/3/2020. (Okafor, M.) |
| 11/03/2020 | <u>1328</u> Notice *of Withdrawal of Motion for Relief from the Automatic Stay to Allow Pursuit of Motion for Order to Show Cause For Violations of the Acis Plan Injunction* filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>593</u> Motion for relief from stay Fee amount $181, Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. Objections due by 5/1/2020. (Attachments: # 1 Exhibit 1 (Draft Motion Show Cause Motion) # 2 Exhibit 2 (DAF Complaint 1st case) # 3 Exhibit 3 (DAF Dismissal first case) # 4 Exhibit 4 (DAF Complaint 2nd case) # 5 Exhibit 5 (DAF Dismissal 2nd Case) # 6 Proposed Order)). (Shaw, Brian) |
| 11/03/2020 | <u>1329</u> Debtor−in−possession monthly operating report for filing period September 1, 2020 to September 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 11/03/2020 | <u>1330</u> Certificate No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)<u>1142</u> Application for compensation *(Eighth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from July 1, 2020 through July 31, 2020)* for Hayward & Associ). (Annable, Zachery) |

| | |
|---|---|
| 11/03/2020 | <u>1331</u> Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to September 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 11/04/2020 | <u>1332</u> Certificate of service re: filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1331</u> Notice (generic)). (Annable, Zachery) |
| 11/05/2020 | <u>1333</u> Stipulation by Highland Capital Management, L.P. and Acis Capital Management, L.P., Acis Capital Management GP, LLC, Joshua N. Terry, Jennifer G. Terry, and James Dondero. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1302</u> Order on motion to compromise controversy). (Annable, Zachery) |
| 11/05/2020 | <u>1334</u> Certificate of service re: *(Amended) Documents Served on October 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1244</u> Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10. Filed by Attorney Juliana Hoffman Objections due by 11/10/2020. filed by Financial Advisor FTI Consulting, Inc., <u>1248</u> Application for compensation *Cover Sheet and Twelfth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 1, 2020 through September 30, 2020* for Pachulski Stang Ziehl & Jones, LLP, Debtor's Attorney, Period: 9/10/2020 to 9/30/2020, Fee: $828,193.00, Expenses: $7,707.11. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 11/12/2020. (Pomerantz, Jeffrey) MODIFIED to correct party requesting fees/expenses. on 10/22/2020 (Ecker, C.) filed by Debtor Highland Capital Management, L.P., <u>1263</u> Emergency Motion to continue hearing on (related documents <u>1080</u> Disclosure statement) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., <u>1264</u> Stipulation Resolving Proof of Claim No. 86 of NWCC, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) MODIFIED to correct text on 10/22/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P., <u>1294</u> Certificate of service re: *Documents Served on October 21, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1244</u> Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10. Filed by Attorney Juliana Hoffman Objections due by 11/10/2020. filed by Financial Advisor FTI Consulting, Inc., <u>1248</u> Application for compensation *Cover Sheet and Twelfth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 1, 2020 through September 30, 2020* for Pachulski Stang Ziehl & Jones, LLP, Debtor's Attorney, Period: 9/10/2020 to 9/30/2020, Fee: $828,193.00, Expenses: $7,707.11. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 11/12/2020. (Pomerantz, Jeffrey) MODIFIED to correct party requesting fees/expenses. on 10/22/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P., <u>1263</u> Emergency Motion to continue hearing on (related documents <u>1080</u> Disclosure statement) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., <u>1264</u> Stipulation Resolving Proof of Claim No. 86 of NWCC, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) MODIFIED to correct text on 10/22/2020 (Ecker, C.). filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 11/05/2020 | <u>1335</u> Certificate of service re: *(Amended) 1) Order Approving Debtor's Settlement with (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (B) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith; 2) Amended Notice of Hearing on Patrick Daugherty's Motion to Confirm Status of* |

*Automatic Stay, or Alternatively to Modify Automatic Stay; and 3) Amended Notice of Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1273 Order granting motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P (related document 1089) Entered on 10/23/2020. (Okafor, M.), 1274 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 10/8/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion # 2 Service List)). Hearing to be held on 10/28/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1099, filed by Debtor Highland Capital Management, L.P., 1275 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1──Proposed Order # 2 Exhibit 1−A──Forms of Ballots # 3 Exhibit 1−B──Notice of Confirmation Hearing # 4 Exhibit 1−C──Notice of Non−Voting Status # 5 Exhibit 1−D──Notice of Assumption)). Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for 1108, filed by Debtor Highland Capital Management, L.P., 1310 Certificate of service re: *1) Order Approving Debtor's Settlement with (A) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (B) the Highland Crusader Funds (Claim No. 81), and Authorizing Actions Consistent Therewith; 2) Amended Notice of Hearing on Patrick Daugherty's Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay; and 3) Amended Notice of Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1273 Order granting motion to compromise controversy with (a) the Redeemer Committee of the Highland Crusader Fund (Claim No. 72), and (b) the Highland Crusader Funds (Claim No. 81). Filed by Debtor Highland Capital Management, L.P (related document 1089) Entered on 10/23/2020. (Okafor, M.), 1274 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1099 Motion for relief from stay − *Daugherty's Motion to Confirm Status of Automatic Stay, or alternatively to Modify Automatic Stay* Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 10/8/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion # 2 Service List)). Hearing to be held on 10/28/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1099, filed by Debtor Highland Capital Management, L.P., 1275 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1──Proposed Order # 2 Exhibit 1−A──Forms of Ballots # 3 Exhibit 1−B──Notice of Confirmation Hearing # 4 Exhibit 1−C──Notice of Non−Voting Status # 5 Exhibit 1−D──Notice of Assumption)). Hearing to be held on 10/27/2020 at 10:30 AM Dallas Judge Jernigan Ctrm for 1108, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert)

| | |
|---|---|
| 11/05/2020 | 1336 BNC certificate of mailing − PDF document. (RE: related document(s)1327 Order on Creditor Patrick Daugherty's Motion to confirm status of automatic stay, or alternatively to modify automatic stay (related document 1099) Entered on 11/3/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 11/05/2020. (Admin.) |
| 11/06/2020 | 1337 Response opposed to (related document(s): 1214 Motion for summary judgment filed by Debtor Highland Capital Management, L.P., 1215 Motion for summary judgment filed by Interested Party Redeemer Committee of the Highland Crusader Fund) filed by |

000518

| | |
|---|---|
| | Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 11/06/2020 | 1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 11/20/2020. (Attachments: # 1 Proposed Order) (Sosland, Martin) |
| 11/06/2020 | 1339 Notice of appeal . Fee Amount $298 filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1273 Order on motion to compromise controversy). Appellant Designation due by 11/20/2020. (Attachments: # 1 Exhibit)(Sosland, Martin) |
| 11/06/2020 | Receipt of filing fee for Notice of appeal(19−34054−sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28246686, amount $ 298.00 (re: Doc# 1339). (U.S. Treasury) |
| 11/06/2020 | 1340 Application for compensation *Eleventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 9/1/2020 to 9/30/2020, Fee: $170,859.60, Expenses: $806.60. Filed by Attorney Juliana Hoffman Objections due by 11/30/2020. (Hoffman, Juliana) |
| 11/06/2020 | 1341 Brief in opposition filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1214 Motion for summary judgment, 1215 Motion for summary judgment). (Sosland, Martin) |
| 11/06/2020 | 1342 Brief in support filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)*). (Sosland, Martin) |
| 11/06/2020 | 1343 Motion to file document under seal.*(With UBS's Brief and Appendix of Exhibits in Opposition to Motions for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 and in Support of Rule 56(d) Request)* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 11/06/2020 | 1344 Motion to file document under seal.*(With UBS's Brief and Appendix of Exhibits in Support of Motion for Temporary Allowance of Claims for Voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 11/06/2020 | 1345 Exhibit List *(Appendix of Exhibits to UBS's Brief in Opposition to Motions for Partial Summary Judgment on Proof of Claims Nos. 190 and 191 and in Support of Rule 56(d) Request)* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1337 Response). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9−21 # 10 Exhibit 22) (Sosland, Martin) |
| 11/06/2020 | 1346 Exhibit List *(Appendix of Exhibits to UBS's Brief in Support of Motion for Temporary Allowance of Claims for Voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9−29) (Sosland, Martin) |
| 11/09/2020 | 1347 Notice of appeal . Fee Amount $298 filed by Interested Party James Dondero (RE: related document(s)1302 Order on motion to compromise controversy). Appellant Designation due by 11/23/2020. (Attachments: # 1 Order)(Assink, Bryan) |

| | |
|---|---|
| 11/09/2020 | Receipt of filing fee for Notice of appeal(19−34054−sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28249949, amount $ 298.00 (re: Doc# 1347). (U.S. Treasury) |
| 11/09/2020 | 1348 Motion to continue hearing on (related documents 1207 Motion to allow claims) Filed by Creditor HarbourVest et al (Attachments: # 1 Proposed Order) (Driver, Vickie) |
| 11/09/2020 | 1349 Objection to (related document(s): 1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018* filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 11/09/2020 | 1350 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to Patrick Hagaman Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1349 Objection). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Annable, Zachery) |
| 11/10/2020 | 1351 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018* Filed by Creditor Patrick Daugherty (Attachments: # 1 Exhibit A − Proposed Order)). Hearing to be held on 11/17/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1281, (Annable, Zachery) |
| 11/10/2020 | 1352 Order granting motion to continue hearing on (related document # 1348) (related documents Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*) Hearing to be held on 12/2/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1207, Entered on 11/10/2020. (Okafor, M.) |
| 11/10/2020 | 1353 Order granting motion to seal documents with UBS's Brief and Appendix of Exhibits in Opposition to Motions for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 and in Support of Rule 56(d) Request (related document # 1343) Entered on 11/10/2020. (Okafor, M.) |
| 11/10/2020 | 1354 Order granting motion to seal documents with UBS's Brief and Appendix of Exhibits in Support of Motion for Temporary Allowance of Claims for Voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018 (related document # 1344) Entered on 11/10/2020. (Okafor, M.) |
| 11/10/2020 | **1355 SEALED document regarding: UBS's Brief in Opposition to Motions for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 and in Support of Rule 56(d) Request per court order** filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1353 Order on motion to seal). (Attachments: # 1 Exhibit 9 # 2 Exhibit 10 # 3 Exhibit 11 # 4 Exhibit 12 # 5 Exhibit 13 # 6 Exhibit 14 # 7 Exhibit 15 # 8 Exhibit 16 # 9 Exhibit 17 # 10 Exhibit 18 # 11 Exhibit 19 # 12 Exhibit 20 # 13 Exhibit 21) (Sosland, Martin) |
| 11/10/2020 | **1356 SEALED document regarding: UBS's Brief in Support of Motion for Temporary Allowance of claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018 per court order** filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1354 Order on motion to seal). (Attachments: # 1 Exhibit 9 # 2 Exhibit 10 # 3 Exhibit 11 # 4 Exhibit 12 # 5 Exhibit 13 # 6 Exhibit 14 # 7 Exhibit 15 # 8 Exhibit 16 # 9 Exhibit 17 # 10 Exhibit 18 # 11 Exhibit 19 # 12 Exhibit 20 # 13 Exhibit 21 # 14 Exhibit 22 # 15 Exhibit 23 # 16 Exhibit 24 # 17 Exhibit 25 # 18 Exhibit 26 # 19 Exhibit 27 # 20 Exhibit 28 # 21 Exhibit 29) (Sosland, Martin) |
| 11/10/2020 | 1357 Notice of hearing filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of* |

| | |
|---|---|
| | *Bankruptcy Procedure 3018)* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC Objections due by 11/20/2020. (Attachments: # 1 Proposed Order)). Hearing to be held on 11/20/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>1338</u>, (Sosland, Martin) |
| 11/10/2020 | <u>1358</u> Certificate of service re: *Eleventh Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from September 1, 2020 to and Including September 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1340</u> Application for compensation *Eleventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 9/1/2020 to 9/30/2020, Fee: $170,859.60, Expenses: $806.60. Filed by Attorney Juliana Hoffman Objections due by 11/30/2020. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 11/10/2020 | <u>1359</u> Certificate of service re: *1) Debtors Objection to Patrick Hagaman Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018; and 2) Declaration of John A. Morris in Support of the Debtor's Objection to Patrick Hagaman Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1349</u> Objection to (related document(s): <u>1281</u> Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018* filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., <u>1350</u> Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to Patrick Hagaman Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1349</u> Objection). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/11/2020 | <u>1360</u> Motion to appear pro hac vice for Hayley R. Winograd. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 11/11/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28256837, amount $ 100.00 (re: Doc# <u>1360</u>). (U.S. Treasury) |
| 11/11/2020 | <u>1361</u> Certificate of service re: *1) Notice of Transfer for MCS Capital LLC c/o STC, Inc. re: Lynn Pinker Cox & Hurst, LLP (Claim No. 148); and 2) Notice of Transfer for Argo Partners re: Stanton Advisors LLC (Scheduled Amount $10,000.00)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1165</u> Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 1 Transferors: Stanton Advisors LLC (Amount $10,000.00) To Argo Partners. Filed by Creditor Argo Partners. filed by Creditor Argo Partners, <u>1166</u> Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Lynn Pinker Cox & Hurst, LLP (Claim No. 148, Amount $507,430.34) To MCS Capital LLC c/o STC, Inc.. Filed by Creditor Argo Partners. filed by Creditor Argo Partners). (Kass, Albert) |
| 11/12/2020 | <u>1363</u> Certificate of mailing regarding appeal (RE: related document(s)<u>1347</u> Notice of appeal . filed by Interested Party James Dondero (RE: related document(s)<u>1302</u> Order on motion to compromise controversy). Appellant Designation due by 11/23/2020. (Attachments: # 1 Order)) (Attachments: # <u>1</u> Service List) (Whitaker, Sheniqua) |
| 11/12/2020 | <u>1364</u> Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>1347</u> Notice of appeal . filed by Interested Party James Dondero (RE: related document(s)<u>1302</u> Order on motion to compromise controversy). Appellant Designation due by 11/23/2020. (Attachments: # 1 Order)) (Whitaker, Sheniqua) |
| 11/12/2020 | <u>1365</u> Agreed supplemental order regarding deposit of funds into the registry of the court (RE: related document(s)<u>821</u> Agreed order regarding deposit of funds into the registry of |

000521

| | |
|---|---|
| | the Court.). Entered on 11/12/2020 (Okafor, M.) |
| 11/12/2020 | 1366 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from August 1, 2020 through August 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.), 853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.)). (Attachments: # 1 Exhibit A−−DSI Monthly Staffing Report for August 2020) (Annable, Zachery) |
| 11/12/2020 | 1367 Certificate of service re: *Notice of Hearing on Patrick Hagaman Daughertys Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1351 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018* Filed by Creditor Patrick Daugherty (Attachments: # 1 Exhibit A − Proposed Order)). Hearing to be held on 11/17/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1281, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/12/2020 | 1368 Clerk's correspondence requesting to amend the notice of appeal from attorney for appellant. (RE: related document(s)1339 Notice of appeal . Fee Amount $298 filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1273 Order on motion to compromise controversy). Appellant Designation due by 11/20/2020. (Attachments: # 1 Exhibit)) Responses due by 11/16/2020. (Whitaker, Sheniqua) |
| 11/12/2020 | 1369 Amended notice of appeal filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1339 Notice of appeal). (Sosland, Martin) |
| 11/12/2020 | 1370 Notice of docketing notice of appeal. Civil Action Number: 3:20−cv−03390−X. (RE: related document(s)1347 Notice of appeal . filed by Interested Party James Dondero (RE: related document(s)1302 Order on motion to compromise controversy). Appellant Designation due by 11/23/2020. (Attachments: # 1 Order)) (Whitaker, Sheniqua) |
| 11/13/2020 | 1371 Order granting motion to appear pro hac vice adding Hayley R. Winograd for Highland Capital Management, L.P. (related document # 1360) Entered on 11/13/2020. (Ecker, C.) |
| 11/13/2020 | 1372 Order granting motion to seal documents (related document # 1279) Entered on 11/13/2020. (Ecker, C.) |
| 11/13/2020 | 1374 INCORRECT ENTRY. Incomplete Form. Certificate of mailing regarding appeal (RE: related document(s)1339 Notice of appeal . filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1273 Order on motion to compromise controversy). Appellant Designation due by 11/20/2020. (Attachments: # 1 Exhibit)) (Attachments: # 1 Service List) (Whitaker, Sheniqua) Modified on 11/13/2020 (Whitaker, Sheniqua). |
| 11/13/2020 | 1375 Certificate of mailing regarding appeal (RE: related document(s)1339 Notice of appeal . filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1273 Order on motion to compromise controversy). Appellant Designation due by 11/20/2020. (Attachments: # 1 Exhibit)) (Attachments: # 1 Service List) (Whitaker, Sheniqua) |
| 11/13/2020 | |

| | |
|---|---|
| | 1376 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)1339 Notice of appeal . filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1273 Order on motion to compromise controversy). (Attachments: # 1 Exhibit)) (Whitaker, Sheniqua) |
| 11/13/2020 | 1377 Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Debevoise & Plimpton LLP (Claim No. 94, Amount $268,095.08) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. (Schneller, Douglas) |
| 11/13/2020 | 1378 Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Debevoise & Plimpton LLP (Claim No. 97, Amount $268,095.08) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. (Schneller, Douglas) |
| 11/13/2020 | 1379 Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Debevoise & Plimpton LLP (Amount $20,658.79) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. (Schneller, Douglas) |
| 11/13/2020 | 1380 WITHDRAWN per # 1421. Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: DLA Piper LLC (US) (Amount $1,318,730.36) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. (Schneller, Douglas) Modified on 11/19/2020 (Ecker, C.). |
| 11/13/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 25.00). Receipt number 28267014, amount $ 25.00 (re: Doc# 1377). (U.S. Treasury) |
| 11/13/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 25.00). Receipt number 28267014, amount $ 25.00 (re: Doc# 1378). (U.S. Treasury) |
| 11/13/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 25.00). Receipt number 28267014, amount $ 25.00 (re: Doc# 1379). (U.S. Treasury) |
| 11/13/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 25.00). Receipt number 28267014, amount $ 25.00 (re: Doc# 1380). (U.S. Treasury) |
| 11/13/2020 | 1381 Notice of docketing notice of appeal. Civil Action Number: 3:20−cv−03408−G. (RE: related document(s)1339 Notice of appeal . filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1273 Order on motion to compromise controversy). (Attachments: # 1 Exhibit)) (Whitaker, Sheniqua) |
| 11/13/2020 | 1382 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018*). (Annable, Zachery) |
| 11/13/2020 | 1383 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan). (Annable, Zachery) |
| 11/13/2020 | 1384 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement). (Annable, Zachery) |
| 11/13/2020 | 1385 Support/supplemental document *(Redline Comparison of Third Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1383 Chapter 11 plan). (Annable, Zachery) |

000523

| | |
|---|---|
| 11/13/2020 | 1386 Support/supplemental document *(Redline Comparison of Disclosure Statement for the Third Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1384 Disclosure statement). (Annable, Zachery) |
| | 1387 Certificate of service re: *(Supplemental) Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement.). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, filed by Debtor Highland Capital Management, L.P., 1309 Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A—Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1108, filed by Debtor Highland Capital Management, L.P., 1322 Certificate of service re: *Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, filed by Debtor Highland Capital Management, L.P., 1301 Order approving stipulation resolving Proof of Claim No. 86 of NWCC, LLC (RE: related document(s)1264 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 10/28/2020 (Okafor, M.), 1302 Order granting motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (related document 1087) Entered on 10/28/2020. (Okafor, M.), 1309 Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A—Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1108, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 11/13/2020 | |
| 11/13/2020 | 1388 Witness and Exhibit List *for Hearing on Motion for Allowance of Claim* filed by Creditor Patrick Daugherty (RE: related document(s)1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018*). (Attachments: # 1 Exhibit PHD−1 # 2 Exhibit PHD−2 # 3 Exhibit PHD−3 # 4 Exhibit PHD−4 # 5 Exhibit PHD−5 # 6 Exhibit PHD−6 # 7 Exhibit PHD−7 # 8 Exhibit PHD−8 # 9 Exhibit PHD−9 # 10 Exhibit PHD−10 # 11 Exhibit PHD−11 # 12 Exhibit PHD−12 # 13 Exhibit PHD−13 # 14 Exhibit PHD−14 # 15 Exhibit PHD−15 # 16 Exhibit |

000524

| | |
|---|---|
| | PHD−16 # <u>17</u> Exhibit PHD−17 # <u>18</u> Exhibit PHD−18 # <u>19</u> Exhibit PHD−19 # <u>20</u> Exhibit PHD−20 # <u>21</u> Exhibit PHD−21 # <u>22</u> Exhibit PHD−22 # <u>23</u> Exhibit PHD−23 # <u>24</u> Exhibit PHD−24 # <u>25</u> Exhibit PHD−25 # <u>26</u> Exhibit PHD−26 # <u>27</u> Exhibit PHD−27 # <u>28</u> Exhibit PHD−28 # <u>29</u> Exhibit PHD−29 # <u>30</u> Exhibit PHD−30 # <u>31</u> Exhibit PHD−31 # <u>32</u> Exhibit PHD−32 # <u>33</u> Exhibit PHD−33 # <u>34</u> Exhibit PHD−34 # <u>35</u> Exhibit PHD−35 # <u>36</u> Exhibit PHD−36 # <u>37</u> Exhibit PHD−37 # <u>38</u> Exhibit PHD−38 # <u>39</u> Exhibit PHD−39 # <u>40</u> Exhibit PHD−40 # <u>41</u> Exhibit PHD−41 # <u>42</u> Exhibit PHD−42) (Kathman, Jason) |
| 11/13/2020 | <u>1389</u> Notice *(Debtor's Notice of Filing of Supplement to the Third Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1383</u> Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>944</u> Chapter 11 plan, <u>1079</u> Chapter 11 plan, <u>1287</u> Chapter 11 plan).). (Attachments: # <u>1</u> Exhibit A−−Form of Claimant Trust Agreement # <u>2</u> Exhibit B−−Form of New GP LLC Documents # <u>3</u> Exhibit C−−Form of Reorganized Limited Partnership Agreement # <u>4</u> Exhibit D−−Form of Litigation Sub−Trust Agreement # <u>5</u> Exhibit E−−Schedule of Retained Causes of Action # <u>6</u> Exhibit F−−Form of New Frontier Note # <u>7</u> Exhibit G−−Schedule of Employees # <u>8</u> Exhibit H−−Form of Senior Employee Stipulation) (Annable, Zachery) |
| 11/14/2020 | <u>1390</u> BNC certificate of mailing. (RE: related document(s)<u>1364</u> Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>1347</u> Notice of appeal . filed by Interested Party James Dondero (RE: related document(s)<u>1302</u> Order on motion to compromise controversy). Appellant Designation due by 11/23/2020. (Attachments: # 1 Order))) No. of Notices: 1. Notice Date 11/14/2020. (Admin.) |
| 11/15/2020 | <u>1391</u> BNC certificate of mailing. (RE: related document(s)<u>1376</u> Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>1339</u> Notice of appeal . filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1273</u> Order on motion to compromise controversy). (Attachments: # 1 Exhibit))) No. of Notices: 2. Notice Date 11/15/2020. (Admin.) |
| 11/15/2020 | <u>1392</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>1371</u> Order granting motion to appear pro hac vice adding Hayley R. Winograd for Highland Capital Management, L.P. (related document <u>1360</u>) Entered on 11/13/2020. (Ecker, C.)) No. of Notices: 1. Notice Date 11/15/2020. (Admin.) |
| 11/16/2020 | <u>1393</u> Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1248</u> Application for compensation *Cover Sheet and Twelfth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 1, 2020 through September 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Peri). (Pomerantz, Jeffrey) |
| 11/16/2020 | <u>1394</u> **SEALED document regarding: Exhibit 1 to Appendix to Patrick Hagaman Daugherty's Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018 per court order** filed by Creditor Patrick Daugherty (RE: related document(s)<u>1372</u> Order on motion to seal). (Kathman, Jason) |
| 11/16/2020 | <u>1395</u> **SEALED document regarding: Exhibit 26 to Appendix to Patrick Hagaman Daugherty's Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018 per court order** filed by Creditor Patrick Daugherty (RE: related document(s)<u>1372</u> Order on motion to seal). (Kathman, Jason) |
| 11/16/2020 | <u>1396</u> **SEALED document regarding: Exhibit 27 to Appendix to Patrick Hagaman Daugherty's Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018 per court order** filed by Creditor Patrick Daugherty (RE: related document(s)<u>1372</u> Order on motion to seal). (Kathman, Jason) |

| | |
|---|---|
| 11/16/2020 | 1397 SEALED document regarding: Exhibit 36 to Appendix to Patrick Hagaman Daugherty's Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018 per court order filed by Creditor Patrick Daugherty (RE: related document(s)1372 Order on motion to seal). (Kathman, Jason) |
| 11/16/2020 | 1398 SEALED document regarding: Exhibit 37 to Appendix to Patrick Hagaman Daugherty's Memorandum of Law and Brief in Support of Motion for Temporary Allowance for Voting Purposes Pursuant to Bankruptcy Rule 3018 per court order filed by Creditor Patrick Daugherty (RE: related document(s)1372 Order on motion to seal). (Kathman, Jason) |
| 11/16/2020 | 1399 Notice (Notice of Filing of Fourth Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)75 Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − OCP List # 4 Exhibit C − Form of Declaration of Disinterestedness # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Annable, Zachery) |
| 11/16/2020 | 1400 Declaration re: (Disclosure Declaration of Ordinary Course Professional) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 11/16/2020 | 1401 Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: DLA Piper LLP (US) (Amount $1,318,730.36) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. (Schneller, Douglas) |
| 11/16/2020 | 1402 Reply to (related document(s): 1337 Response filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 11/16/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 25.00). Receipt number 28270620, amount $ 25.00 (re: Doc# 1401). (U.S. Treasury) |
| 11/16/2020 | 1403 Exhibit List (Appendix of Exhibits to Debtor's Reply in Support of Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1402 Reply). (Annable, Zachery) |
| 11/16/2020 | 1404 Objection to (related document(s): 1338 Motion to allow claims(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018) filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |

| | |
|---|---|
| 11/16/2020 | 1405 Motion to file document under seal.*MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTORS MOTION FOR PARTIAL SUMMARY JUDGEMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order) (Platt, Mark) |
| 11/16/2020 | 1406 Motion to file document under seal.*MOTION FOR AN ORDER GRANTING LEAVE TO FILE DOCUMENTS UNDER SEAL REGARDING REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS OBJECTION AND JOINDER TO DEBTORS OBJECTION TO UBS AG, LONDON BRANCH AND UBS SECURITIES LLCS MOTION FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018* Filed by Interested Party Redeemer Committee of the Highland Crusader Fund (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) (Platt, Mark) |
| 11/16/2020 | 1407 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1244 Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10.). (Hoffman, Juliana) |
| 11/16/2020 | 1408 Reply to (related document(s): 1337 Response filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit A # 2 Exhibit B (slip sheet only)) (Platt, Mark) |
| 11/16/2020 | 1409 Objection to (related document(s): 1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)* filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Interested Party Redeemer Committee of the Highland Crusader Fund. (Attachments: # 1 Exhibit A (slip sheet only) # 2 Exhibit B (slip sheet only) # 3 Exhibit C (slip sheet only) # 4 Exhibit D (slip sheet only)) (Platt, Mark) |
| 11/16/2020 | 1410 Certificate Amended Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1244 Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10., 1407 Certificate (generic)). (Hoffman, Juliana) |
| 11/16/2020 | 1411 Reply to (related document(s): 1349 Objection filed by Debtor Highland Capital Management, L.P.) − *Daugherty's Reply in Support of Motion for Temporary Allowance of Claims for Voting Purposes Pursuant to Bankruptcy Rule 3018* filed by Creditor Patrick Daugherty. (Kathman, Jason) |
| 11/16/2020 | 1412 Declaration re: *Michael S. Colvin in Support of Motion for Temporary Allowance of Claims for Voting Purposes* filed by Creditor Patrick Daugherty (RE: related document(s)1411 Reply). (Kathman, Jason) |
| 11/17/2020 | 1413 Witness and Exhibit List *(Debtor's Witness and Exhibit List for November 20, 2020 Hearing on Motions for Partial Summary Judgment on the UBS Claim and Motion for Temporary Allowance of the UBS Claim)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for summary judgment, 1215 Motion for summary judgment, 1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)*). (Attachments: # 1 Exhibit 30) (Annable, Zachery) |
| 11/17/2020 | |

000527

| | |
|---|---|
| | <u>1414</u> Witness and Exhibit List *for November 20, 2020 Hearing on Motions for Partial Summary Judgment on the UBS Claim and Motion for Temporary Allowance of the UBS Claim* filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)<u>1214</u> Motion for summary judgment, <u>1215</u> Motion for summary judgment, <u>1338</u> Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)*). (Platt, Mark) |
| 11/17/2020 | <u>1415</u> Request for transcript regarding a hearing held on 11/17/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 11/17/2020 | <u>1416</u> Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>1296</u> Application for compensation *Sidley Austin LLP's Third Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 8/31/2020, Fee: $1,86). (Hoffman, Juliana) |
| 11/17/2020 | <u>1417</u> Certificate of service re: *1) Motion for Admission Pro Hac Vice of Hayley R. Winograd to Represent Highland Capital Management, L.P.; 2) Agreed Supplemental Order Regarding Deposit of Funds Into the Registry of the Court; and 3) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from August 1, 2020 Through August 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1360</u> Motion to appear pro hac vice for Hayley R. Winograd. Fee Amount $100 Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., <u>1365</u> Agreed supplemental order regarding deposit of funds into the registry of the court (RE: related document(s)<u>821</u> Agreed order regarding deposit of funds into the registry of the Court.). Entered on 11/12/2020 (Okafor, M.), <u>1366</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from August 1, 2020 through August 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>342</u> Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document <u>74</u>) Entered on 1/10/2020. (Okafor, M.), <u>853</u> Order granting application to employ Development Specialists, Inc. as Other Professional (related document <u>775</u>) Entered on 7/16/2020. (Ecker, C.)). (Attachments: # 1 Exhibit A−−DSI Monthly Staffing Report for August 2020) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/17/2020 | <u>1418</u> Witness and Exhibit List *(UBS's Witness and Exhibit List for November 20, 2020 Hearing)* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1214</u> Motion for summary judgment, <u>1338</u> Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)*). (Attachments: # <u>1</u> Exhibit 26 − 28 # <u>2</u> Exhibit 29 # <u>3</u> Exhibit 30 # <u>4</u> Exhibit AG30 # <u>5</u> Exhibit AG31 # <u>6</u> Exhibit AG32 − AG46) (Sosland, Martin) |
| 11/17/2020 | <u>1419</u> Court admitted exhibits date of hearing November 17, 2020 (RE: related document(s)<u>1281</u> Motion for leave − Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 Filed by Creditor Patrick Daugherty., (COURT ADMITTED THE FOLLOWING EXHIBIT'S; PLAINTIFF'S PATRICK H. DAUGHERTY EXHIBIT'S #1 THROUGH #41 BY THOMAS UEBLER AND DEFENDANT DEBTOR'S EXHIBIT'S #A THROUGH #V & EXHIBIT'S #X1 & #X2 BY JOHN MORRIS) (Edmond, Michael) (Entered: 11/18/2020) |
| 11/17/2020 | 1422 Hearing held on 11/17/2020. (RE: related document(s)<u>1281</u> Motion for leave − Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 filed by Creditor Patrick Daugherty) (Appearances: T. Uebler, J. Christensen, and J. Kathman for P. Daugherty; J. Morris and J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Claim estimated for voting purposes at $9,134,019 for reasons stated on the record. Counsel to upload order.) (Edmond, Michael) (Entered: 11/18/2020) |

000528

| | |
|---|---|
| 11/18/2020 | 1420 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from September 1, 2020 through September 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.), 853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.)). (Annable, Zachery) |
| 11/18/2020 | 1421 Withdrawal *[Notice of Withdrawal of Notice of Transfer of Claim From Debevoise & Plimpton LLP to Contrarian Funds, LLC]* Filed by Creditor Contrarian Funds LLC (related document(s)1380 Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: DLA Piper LLC (US) (Amount $1,318,730.36) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. filed by Creditor Contrarian Funds LLC). (Schneller, Douglas) |
| 11/18/2020 | 1423 Amended Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1382 List (witness/exhibit/generic). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit T # 21 Exhibit U # 22 Exhibit V # 23 Exhibit X−1 # 24 Exhibit X−2) (Annable, Zachery) |
| 11/18/2020 | 1424 Motion for leave *(Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Annable, Zachery) |
| 11/18/2020 | 1425 Motion for expedited hearing(related documents 1424 Motion for leave) *(Debtor's Motion for an Expedited Hearing on the Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreement)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 11/18/2020 | 1426 Transcript regarding Hearing Held 11/17/2020 (90 pages) RE: Motion for Temporary Allowance of Claim (#1281). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 02/16/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1422 Hearing held on 11/17/2020. (RE: related document(s)1281 Motion for leave − Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 filed by Creditor Patrick Daugherty) (Appearances: T. Uebler, J. Christensen, and J. Kathman for P. Daugherty; J. Morris and J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Claim estimated for voting purposes at $9,134,019 for reasons stated on the record. Counsel to upload order.)). Transcript to be made available to the public on 02/16/2021. (Rehling, Kathy) |
| 11/18/2020 | 1427 Certificate of service re: *Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from September 1, 2020 through September 30, 2020* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1420 Notice (generic)). (Annable, Zachery) |
| 11/18/2020 | 1428 Certificate of service re: *Documents Served on or Before November 14, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1371 Order granting motion to appear pro hac vice adding Hayley R. Winograd for Highland Capital Management, L.P. (related document 1360) Entered on 11/13/2020. (Ecker, C.), 1382 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related |

000529

| | |
|---|---|
| | document(s)1281 Motion for leave − *Daugherty's Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018).* filed by Debtor Highland Capital Management, L.P., 1383 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1384 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement). filed by Debtor Highland Capital Management, L.P., 1385 Support/supplemental document *(Redline Comparison of Third Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1383 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1386 Support/supplemental document *(Redline Comparison of Disclosure Statement for the Third Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1384 Disclosure statement). filed by Debtor Highland Capital Management, L.P., 1389 Notice *(Debtor's Notice of Filing of Supplement to the Third Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1383 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan).). (Attachments: # 1 Exhibit A−−Form of Claimant Trust Agreement # 2 Exhibit B−−Form of New GP LLC Documents # 3 Exhibit C−−Form of Reorganized Limited Partnership Agreement # 4 Exhibit D−−Form of Litigation Sub−Trust Agreement # 5 Exhibit E−−Schedule of Retained Causes of Action # 6 Exhibit F−−Form of New Frontier Note # 7 Exhibit G−−Schedule of Employees # 8 Exhibit H−−Form of Senior Employee Stipulation) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/18/2020 | 1429 Expedited Motion to file document under seal.*(UBS's Expedited Motion for Leave to File Documents Under Seal With UBS's Witness and Exhibit List for November 20, 2020 Hearing)* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 11/19/2020 | 1430 Order granting motion to seal documents regarding the RedeemerCommittee of the Highland Crusader Funds and Crusader Funds Reply Brief in Support of their Motion for Partial Summary Judgment and Joinder in the DebtorsMotion for Partial Summary Judgement on Proof of Claim Nos. 190 and 191 of UBS AG, LondonBranch and UBS Securities LLC.(related document # 1405) Entered on 11/19/2020. (Okafor, M.) |
| 11/19/2020 | 1431 Order granting motion to seal documents regarding the RedeemerCommittee of the Crusader Fund and the Crusader Funds Objection and Joinder to Debtors Objection to UBS AG, London Branch and UBS Securities LLCs Motionfor Temporary Allowance of Claims for Voting Purposes Pursuant to Federal Rule of BankruptcyProcedure 3018 (related document # 1406) Entered on 11/19/2020. (Okafor, M.) |
| 11/19/2020 | **1432 SEALED document regarding: REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUND AND THE CRUSADER FUNDS' OBJECTION AND JOINDER TO DEBTOR'S OBJECTION TO UBS AG, LONDON BRANCH AND UBS SECURITIES, LLC'S MOTION FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018 per court order** filed by Interested Party Redeemer Committee of the Highland Crusader Fund (RE: related document(s)1431 Order on motion to seal). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Platt, Mark) |
| 11/19/2020 | **1433 SEALED document regarding: REDEEMER COMMITTEE OF THE HIGHLAND CRUSADER FUNDS AND THE CRUSADER FUNDS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN THE DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROOF OF CLAIM NOS. 190 AND 191 OF UBS AG, LONDON BRANCH AND UBS SECURITIES LLC per court order** filed by Interested Party Redeemer Committee |

| | |
|---|---|
| | of the Highland Crusader Fund (RE: related document(s)1430 Order on motion to seal). (Attachments: # 1 Exhibit B) (Platt, Mark) |
| 11/19/2020 | 1434 Notice of hearing *(Notice of Hearing on Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1424 Motion for leave *(Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1424, (Annable, Zachery) |
| 11/19/2020 | 1435 Stipulation by Highland Capital Management, L.P. and MCS Capital, LLC. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1166 Assignment/Transfer of claim (Claims Agent)). (Annable, Zachery) |
| 11/19/2020 | 1436 Order granting motion for expedited hearing (Related Doc# 1425)(document set for hearing: 1424 Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements) Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1424, Entered on 11/19/2020. (Okafor, M.) |
| 11/19/2020 | 1437 Notice *(Notice of Agenda of Matters Scheduled for Hearing on November 20, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 11/19/2020 | 1438 Notice *(Reservation of Rights of UBS Regarding Debtor's Motion for Approval of the Debtor's Proposed Disclosure Statement and Certain Solicitation and Notice Procedures)* filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A—Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption), 1384 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement).). (Sosland, Martin) |
| 11/19/2020 | 1439 WITHDRAWN per docket # 1622Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* Filed by Interested Party James Dondero (Attachments: # 1 Proposed Order) (Assink, Bryan) Modified on 12/28/2020 (Ecker, C.). |
| 11/19/2020 | 1440 Order granting motion to seal documents with UBSs Witness and Exhibit List for November 20, 2020 Hearing (related document # 1429) Entered on 11/19/2020. (Okafor, M.) |
| 11/19/2020 | **1441 SEALED document regarding: UBS's Witness and Exhibit List for November 20, 2020 Hearing per court order** filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1440 Order on motion to seal). (Attachments: # 1 Exhibit 26 # 2 Exhibit 27 # 3 Exhibit 28 # 4 Exhibit 30 # 5 Exhibit 32 # 6 Exhibit AG33 # 7 Exhibit AG34 # 8 Exhibit AG35 # 9 Exhibit AG36 # 10 Exhibit AG37 # 11 Exhibit AG38 # 12 Exhibit AG39 # 13 Exhibit AG40 # 14 Exhibit AG41 # 15 Exhibit AG42 # 16 Exhibit AG43 # 17 Exhibit AG44 # 18 Exhibit AG45 # 19 Exhibit AG46) (Sosland, Martin) |
| 11/19/2020 | |

000531

| | |
|---|---|
| | 1442 Certificate of service re: *Documents Served on November 16, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1399 Notice *(Notice of Filing of Fourth Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)75 Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − OCP List # 4 Exhibit # 5 Form of Declaration of Disinterestedness # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.), 176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) filed by Debtor Highland Capital Management, L.P., 1400 Declaration re: *(Disclosure Declaration of Ordinary Course Professional)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 1402 Reply to (related document(s): 1337 Response filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1403 Exhibit List *(Appendix of Exhibits to Debtor's Reply in Support of Motion for Partial Summary Judgment on Proof of Claim Nos. 190 and 191 of UBS Securities LLC and UBS AG, London Branch)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1402 Reply). filed by Debtor Highland Capital Management, L.P., 1404 Objection to (related document(s): 1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)* filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/19/2020 | 1443 Motion for expedited hearing(related documents 1439 Motion for leave) *(Request for Emergency Hearing on James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* Filed by Interested Party James Dondero (Attachments: # 1 Proposed Order) (Assink, Bryan) |
| 11/20/2020 | 1444 Notice *(Revised Notice of Agenda of Matters Scheduled for Hearing on November 20, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1437 Notice *(Notice of Agenda of Matters Scheduled for Hearing on November 20, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P..). (Annable, Zachery) |
| 11/20/2020 | 1445 Objection to disclosure statement (RE: related document(s)1384 Disclosure statement) filed by Creditor Patrick Daugherty. (Kathman, Jason) |
| 11/20/2020 | 1446 Request for transcript regarding a hearing held on 11/20/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 11/20/2020 | 1447 WITHDRAWN per # 1460 Response opposed to (related document(s): 1424 Motion for leave *(Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* filed by Debtor Highland Capital Management, L.P.) filed by Interested Party James Dondero. (Bonds, John) Modified on 11/23/2020 (Ecker, C.). |

| | |
|---|---|
| 11/20/2020 | <u>1448</u> Application for compensation *Thirteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from October 1, 2020 through October 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/1/2020 to 10/31/2020, Fee: $1,119,675.50, Expenses: $19,132.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 12/11/2020. (Pomerantz, Jeffrey) |
| 11/20/2020 | <u>1449</u> Amended application for compensation *Thirteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from October 1, 2020 through October 31, 2020 (amended solely to include Exhibit A)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/1/2020 to 10/31/2020, Fee: $1,119,675.50, Expenses: $19,132.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 12/11/2020. (Pomerantz, Jeffrey) |
| 11/20/2020 | <u>1450</u> Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>944</u> Chapter 11 plan, <u>1079</u> Chapter 11 plan, <u>1287</u> Chapter 11 plan, <u>1383</u> Chapter 11 plan). (Annable, Zachery) |
| 11/20/2020 | <u>1451</u> Support/supplemental document *(Interim Redline of Fourth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1450</u> Chapter 11 plan). (Annable, Zachery) |
| 11/20/2020 | <u>1452</u> Support/supplemental document *(Cumulative Redline of Fourth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1450</u> Chapter 11 plan). (Annable, Zachery) |
| 11/20/2020 | <u>1453</u> Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>945</u> Disclosure statement, <u>1080</u> Disclosure statement, <u>1289</u> Disclosure statement, <u>1384</u> Disclosure statement). (Annable, Zachery) |
| 11/20/2020 | <u>1454</u> Support/supplemental document *(Interim Redline of Disclosure Statement for the Fourth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1453</u> Disclosure statement). (Annable, Zachery) |
| 11/20/2020 | <u>1455</u> Support/supplemental document *(Cumulative Redline of Disclosure Statement for the Fourth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1453</u> Disclosure statement). (Annable, Zachery) |
| 11/20/2020 | <u>1456</u> Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. , Statement of issues on appeal, filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1369</u> Amended notice of appeal). Appellee designation due by 12/4/2020. (Sosland, Martin) |
| 11/20/2020 | <u>1457</u> Certificate of service re: *(Supplemental) Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1300</u> Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1289</u> Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>945</u> Disclosure statement, <u>1080</u> Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1289</u>, filed by Debtor Highland Capital Management, L.P., <u>1309</u> Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1108</u> Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) <u>1079</u> Chapter 11 plan, <u>1080</u> |

000533

| | |
|---|---|
| | Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A——Forms of Ballots # 3 Exhibit 1−B——Notice of Confirmation Hearing # 4 Exhibit 1−C——Notice of Non−Voting Status # 5 Exhibit 1−D——Notice of Assumption)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1108</u>, filed by Debtor Highland Capital Management, L.P., <u>1322</u> Certificate of service re: *Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1300</u> Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1289</u> Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>945</u> Disclosure statement, <u>1080</u> Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1289</u>, filed by Debtor Highland Capital Management, L.P., <u>1301</u> Order approving stipulation resolving Proof of Claim No. 86 of NWCC, LLC (RE: related document(s)<u>1264</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 10/28/2020 (Okafor, M.), <u>1302</u> Order granting motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (related document <u>1087</u>) Entered on 10/28/2020. (Okafor, M.), <u>1309</u> Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1108</u> Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) <u>1079</u> Chapter 11 plan, <u>1080</u> Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A——Forms of Ballots # 3 Exhibit 1−B——Notice of Confirmation Hearing # 4 Exhibit 1−C——Notice of Non−Voting Status # 5 Exhibit 1−D——Notice of Assumption)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1108</u>, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 11/20/2020 | 1462 Hearing held on 11/20/2020. (RE: related document(s)<u>1214</u> Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P., (RE: Related document(s) <u>928</u> Objection to claim filed by Debtor Highland Capital Management, L.P.,) (Appearances: R. Feinstein and J. Pomeranz for Debtor; T. Mascherin, M. Hankin, and M. Platt for Crusader Funds; A. Clubok K. Posin and S. Tomkowiak for UBS. Motion granted as announced on the record. Counsel to submit an Order and Judgment.) (Edmond, Michael) (Entered: 11/23/2020) |
| 11/20/2020 | 1463 Hearing held on 11/20/2020. (RE: related document(s)<u>1215</u> Redeemer Committee of the Highland Crusader Fund and the Crusader Funds' Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS AG, London Branch and UBS Securities LLC filed by Interested Party Redeemer Committee of the Highland Crusader Fun and the Crusader's Funds' (Attachments: # 1 Proposed Order) (RE: Related document(s) <u>933</u> Objection to claim filed by Interested Party Redeemer Committee of the Highland Crusader Fund). (Appearances: R. Feinstein and J. Pomeranz for Debtor; T. Mascherin, M. Hankin, and M. Platt for Crusader Funds; A. Clubok K. Posin and S. Tomkowiak for UBS. Motion granted as announced on the record. Counsel to submit an Order and Judgment.) (Edmond, Michael) (Entered: 11/23/2020) |
| 11/20/2020 | 1464 Hearing held on 11/20/2020. (RE: related document(s)<u>1338</u> Motion to allow claims (Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018) filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances: R. Feinstein and J. Pomeranz for Debtor; T. Mascherin, M. Hankin, and M. Platt for Crusader Funds; A. Clubok K. Posin and S. Tomkowiak for UBS. Motion granted as follows: UBS shall have a voting claim estimated at $94.76 million. Counsel for UBS to submit an Order.) (Edmond, Michael) (Entered: 11/23/2020) |

| | |
|---|---|
| 11/23/2020 | 1458 Clerk's correspondence requesting Amended designation from attorney for creditor. (RE: related document(s)1456 Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. , Statement of issues on appeal, filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1369 Amended notice of appeal). Appellee designation due by 12/4/2020.) Responses due by 11/25/2020. (Blanco, J.) |
| 11/23/2020 | 1459 Reply to (related document(s): 1447 Response filed by Interested Party James Dondero) *(Debtor's Reply in Support of the Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 11/23/2020 | 1460 Withdrawal filed by Interested Party James Dondero (RE: related document(s)1447 Response). (Assink, Bryan) |
| 11/23/2020 | 1461 Objection to (related document(s): 1443 Motion for expedited hearing(related documents 1439 Motion for leave) *(Request for Emergency Hearing on James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Co filed by Interested Party James Dondero)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 11/23/2020 | 1465 Reply to (related document(s): 1461 Objection filed by Debtor Highland Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) |
| 11/23/2020 | 1466 Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. , Statement of issues on appeal, filed by Interested Party James Dondero (RE: related document(s)1347 Notice of appeal). Appellee designation due by 12/7/2020. (Assink, Bryan) |
| 11/23/2020 | 1467 Notice of hearing filed by Interested Party James Dondero (RE: related document(s)1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* Filed by Interested Party James Dondero (Attachments: # 1 Proposed Order)). Hearing to be held on 12/16/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1439. (Assink, Bryan) |
| 11/23/2020 | 1468 Certificate of service re: *re: 1) WebEx Meeting Invitation to participate electronically in the hearing on Tuesday, November 20, 2020 at 9:30 a.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Debtors Witness and Exhibit List for November 20, 2020 Hearing on Motions for Partial Summary Judgment on the UBS Claim and Motion for Temporary Allowance of the UBS Claim* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1413 Witness and Exhibit List *(Debtor's Witness and Exhibit List for November 20, 2020 Hearing on Motions for Partial Summary Judgment on the UBS Claim and Motion for Temporary Allowance of the UBS Claim)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1214 Motion for summary judgment, 1215 Motion for summary judgment, 1338 Motion to allow claims*(Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018)*). (Attachments: # 1 Exhibit 30) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/23/2020 | 1469 Certificate of service re: *1) Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements; and 2) Debtors Motion for an Expedited Hearing on the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to Enter Into Sub−Servicer Agreement* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1424 Motion for leave *(Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) filed by Debtor Highland Capital* |

000535

| | |
|---|---|
| | Management, L.P., 1425 Motion for expedited hearing(related documents 1424 Motion for leave) *(Debtor's Motion for an Expedited Hearing on the Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreement)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/23/2020 | 1470 Certificate of service re: *Documents Served on November 19, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1434 Notice of hearing *(Notice of Hearing on Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1424 Motion for leave *(Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1424, filed by Debtor Highland Capital Management, L.P., 1435 Stipulation by Highland Capital Management, L.P. and MCS Capital, LLC. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1166 Assignment/Transfer of claim (Claims Agent). filed by Debtor Highland Capital Management, L.P., 1436 Order granting motion for expedited hearing (Related Doc1425)(document set for hearing: 1424 Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements) Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1424, Entered on 11/19/2020. (Okafor, M.), 1437 Notice *(Notice of Agenda of Matters Scheduled for Hearing on November 20, 2020 at 9:30 a.m. (Central Time))* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/23/2020 | 1478 Hearing held on 11/23/2020. (RE: related document(s)1424 Motion for leave (Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements) filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz and G. Demo for Debtor; M. Clemente for UCC; J. Kathman for P. Daugherty; B. Assink for J. Dondero. Nonevidentiary hearing. Court heard report of various amendments that have been negotiated. Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 11/24/2020) |
| 11/23/2020 | 1479 Hearing held on 11/23/2020. (RE: related document(s)1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement, 1384 Disclosure statement, 1453 Disclosure statement) (Appearances: J. Pomeranz and G. Demo for Debtor; M. Clemente for UCC; J. Kathman for P. Daugherty; B. Assink for J. Dondero. Nonevidentiary hearing. Court heard report of various amendments that have been negotiated. Disclosure Statement approved as adequate. Confirmation hearing will be held 1/13/21 at 9:30 am and continuing on 1/14/21 at 9:30 (if necessary). Counsel to upload order.) (Edmond, Michael) (Entered: 11/24/2020) |
| 11/23/2020 | 1480 Hearing held on 11/23/2020. (RE: related document(s)1108 Motion for leave (Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice) (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P., (Appearances: J. Pomeranz and G. Demo for Debtor; M. Clemente for UCC; J. Kathman for P. Daugherty; B. Assink for J. Dondero. Nonevidentiary hearing. Court heard report of various amendments that have been negotiated. Motion granted. Confirmation hearing will be held 1/13/21 at 9:30 am and continuing on 1/14/21 at 9:30 (if necessary). Counsel to upload order.) (Edmond, Michael) (Entered: 11/24/2020) |
| 11/24/2020 | 1471 Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)1154 Motion for leave *to Amend Certain Proofs of Claim* Filed by Creditor The Dugaboy Investment Trust Objections due by 10/30/2020. (Attachments: # 1 Proposed |

000536

| | |
|---|---|
| | Order)) Responses due by 12/8/2020. (Ecker, C.) |
| 11/24/2020 | 1472 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan, 1383 Chapter 11 plan, 1450 Chapter 11 plan). (Annable, Zachery) |
| 11/24/2020 | 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement, 1384 Disclosure statement, 1453 Disclosure statement). (Annable, Zachery) |
| 11/24/2020 | 1474 Order Granting Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 Filed by Creditor Patrick Daugherty (related document # 1281) Entered on 11/24/2020. (Okafor, M.) |
| 11/24/2020 | 1475 Order Granting Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements (related document # 1424) Entered on 11/24/2020. (Okafor, M.) |
| 11/24/2020 | 1476 Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.) |
| 11/24/2020 | 1477 Order approving stipulation resolving proof of claim no. 148 filed by Lynn Pinker Cox & Hurst, LLP (RE: related document(s)1435 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 11/24/2020 (Okafor, M.) |
| 11/25/2020 | 1481 Clerk's correspondence requesting Amended designation from attorney for creditor. (RE: related document(s)1466 Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. , Statement of issues on appeal, filed by Interested Party James Dondero (RE: related document(s)1347 Notice of appeal). Appellee designation due by 12/7/2020.) Responses due by 12/2/2020. (Blanco, J.) |
| 11/25/2020 | 1482 Transcript regarding Hearing Held 11/20/2020 (223 pages) RE: Motions for Partial Summary Judgment; Motion to Allow Claims for Voting Purposes. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 02/23/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1462 Hearing held on 11/20/2020. (RE: related document(s)1214 Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS Securities LLC and UBS AG, London Branch filed by Debtor Highland Capital Management, L.P., (RE: Related document(s) 928 Objection to claim filed by Debtor Highland Capital Management, L.P.,) (Appearances: R. Feinstein and J. Pomeranz for Debtor; T. Mascherin, M. Hankin, and M. Platt for Crusader Funds; A. Clubok K. Posin and S. Tomkowiak for UBS. Motion granted as announced on the record. Counsel to submit an Order and Judgment.), 1463 Hearing held on 11/20/2020. (RE: related document(s)1215 Redeemer Committee of the Highland Crusander Fund and the Crusader Funds' Motion for partial summary judgment on proof of claim(s) 190 and 191 of UBS AG, London Branch and UBS Securities LLC filed by Interested Party Redeemer Committee of the Highland Crusader Fun and the Crusader's Funds' (Attachments: # 1 Proposed Order) (RE: Related document(s) 933 Objection to claim filed by Interested Party Redeemer Committee of the Highland Crusader Fund). (Appearances: R. Feinstein and J. Pomeranz for Debtor; T. Mascherin, M. Hankin, and M. Platt for Crusader Funds; A. Clubok K. Posin and S. Tomkowiak for UBS. Motion granted as announced on the record. Counsel to submit an Order and Judgment.), 1464 Hearing held |

000537

| | |
|---|---|
| | on 11/20/2020. (RE: related document(s)1338 Motion to allow claims (Motion for Temporary Allowance of Claims for voting Purposes Pursuant to Federal Rule of Bankruptcy Procedure 3018) filed by Interested Parties UBS AG London Branch, UBS Securities LLC.,) (Appearances: R. Feinstein and J. Pomeranz for Debtor; T. Mascherin, M. Hankin, and M. Platt for Crusader Funds; A. Clubok K. Posin and S. Tomkowiak for UBS. Motion granted as follows: UBS shall have a voting claim estimated at $94.76 million. Counsel for UBS to submit an Order.)). Transcript to be made available to the public on 02/23/2021. (Rehling, Kathy) |
| 11/25/2020 | 1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 10/31/2020, Fee: $599,126.60, Expenses: $11,433.73. Filed by Attorney Holland N. O'Neil Objections due by 12/16/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B/Proposed Order # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (O'Neil, Holland) |
| 11/25/2020 | 1484 Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. , Statement of issues on appeal, filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1456 Appellant designation, Statement of issues on appeal.) (Sosland, Martin) |
| 11/25/2020 | 1485 Joint Motion to continue hearing on (related documents 1207 Motion to allow claims) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 11/26/2020 | 1486 BNC certificate of mailing − PDF document. (RE: related document(s)1474 Order Granting Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 Filed by Creditor Patrick Daugherty (related document 1281) Entered on 11/24/2020. (Okafor, M.)) No. of Notices: 1. Notice Date 11/26/2020. (Admin.) |
| 11/26/2020 | 1487 BNC certificate of mailing − PDF document. (RE: related document(s)1477 Order approving stipulation resolving proof of claim no. 148 filed by Lynn Pinker Cox & Hurst, LLP (RE: related document(s)1435 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 11/24/2020 (Okafor, M.)) No. of Notices: 1. Notice Date 11/26/2020. (Admin.) |
| 11/27/2020 | 1488 Certificate of service re: *Thirteenth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from October 1, 2020 through October 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1449 Amended application for compensation *Thirteenth Monthly Application for Compensation and for Reimbursement of Expenses by Pachulski Stang Ziehl & Jones LLP (amended solely to include Exhibit A)* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 10/1/2020 to 10/31/2020, Fee: $1,119,675.50, Expenses: $19,132.28. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 12/11/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 11/30/2020 | 1489 Order granting motion to continue hearing on (related document # 1485) (related documents Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*) Hearing to be held on 12/10/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1207, Entered on 11/30/2020. (Ecker, C.) |
| 11/30/2020 | 1490 Application for compensation *Sidley Austin LLP's Twelfth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/1/2020 to 10/31/2020, Fee: $537,841.80, Expenses: $3,125.47. Filed by Objections due by 12/21/2020. (Hoffman, Juliana) |
| 11/30/2020 | |

| | |
|---|---|
| | <u>1491</u> Motion for relief from stay Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 12/14/2020. (Attachments: # <u>1</u> Exhibit Declaration of Patrick Daugherty in Support of Motion to Lift the Automatic Stay) (Kathman, Jason) |
| 12/01/2020 | <u>1492</u> Clerk's correspondence requesting exhibits from attorney for plaintiff. (RE: related document(s)<u>1484</u> Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. , Statement of issues on appeal, filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1456</u> Appellant designation, Statement of issues on appeal).) Responses due by 12/14/2020. (Blanco, J.) |
| 12/01/2020 | <u>1493</u> Debtor−in−possession monthly operating report for filing period October 1, 2020 to October 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/01/2020 | <u>1494</u> Notice of hearing *on Daugherty's Motion to Lift the Automatic Stay* filed by Creditor Patrick Daugherty (RE: related document(s)<u>1491</u> Motion for relief from stay Fee amount $181, Filed by Creditor Patrick Daugherty Objections due by 12/14/2020. (Attachments: # 1 Exhibit Declaration of Patrick Daugherty in Support of Motion to Lift the Automatic Stay)). Preliminary hearing to be held on 12/17/2020 at 01:30 PM at Dallas Judge Jernigan Ctrm. (Attachments: # <u>1</u> Creditor Matrix) (Kathman, Jason) |
| 12/01/2020 | <u>1495</u> Certificate of service re: *1) Debtor's Reply in Support of the Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements; and 2) Debtors Objection to Request for Emergency Hearing Filed by James Dondero [Docket No. 1443]* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1459</u> Reply to (related document(s): <u>1447</u> Response filed by Interested Party James Dondero) *(Debtor's Reply in Support of the Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., <u>1461</u> Objection to (related document(s): <u>1443</u> Motion for expedited hearing(related documents <u>1439</u> Motion for leave) *(Request for Emergency Hearing on James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Co filed by Interested Party James Dondero) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.).* (Kass, Albert) |
| 12/01/2020 | <u>1496</u> Certificate of service re: *1) Order Granting Patrick Hagaman Daughertys Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018; 2) Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to Enter Into Sub−Servicer Agreements; and 3) Order Approving Stipulation Resolving Proof of Claim No. 148 Filed by Lynn Pinker Cox & Hurst, LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1474</u> Order Granting Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Bankruptcy Rule 3018 Filed by Creditor Patrick Daugherty (related document <u>1281</u>) Entered on 11/24/2020. (Okafor, M.), <u>1475</u> Order Granting Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements (related document <u>1424</u>) Entered on 11/24/2020. (Okafor, M.), <u>1477</u> Order approving stipulation resolving proof of claim no. 148 filed by Lynn Pinker Cox & Hurst, LLP (RE: related document(s)<u>1435</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 11/24/2020 (Okafor, M.). (Kass, Albert) |
| 12/01/2020 | <u>1497</u> Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. , Statement of issues on appeal, filed by Interested Party James Dondero (RE: related document(s)<u>1466</u> Appellant designation, Statement of issues on appeal). (Assink, Bryan) |
| 12/02/2020 | Receipt of filing fee for Motion for relief from stay(19−34054−sgj11) [motion,mrlfsty] ( 181.00). Receipt number 28309234, amount $ 181.00 (re: Doc# <u>1491</u>). (U.S. Treasury) |
| 12/02/2020 | |

| | |
|---|---|
| | 1498 Notice of hearing filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 10/31/2020, Fee: $599,126.60, Expenses: $11,433.73. Filed by Attorney Holland N. O'Neil Objections due by 12/16/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B/Proposed Order # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (O'Neil, Holland)). Hearing to be held on 1/6/2021 at 02:30 PM Dallas Judge Jernigan Ctrm for 1483, (O'Neil, Holland) |
| 12/02/2020 | 1499 Certificate of service re: *1) Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 Through October 31, 2020; and 2) Joint Motion to Continue Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 10/31/2020, Fee: $599,126.60, Expenses: $11,433.73. Filed by Attorney Holland N. O'Neil Objections due by 12/16/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B/Proposed Order # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 1485 Joint Motion to continue hearing on (related documents 1207 Motion to allow claims) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/03/2020 | 1500 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Katten Muchin Rosenman LLP (Claim No. 26, Amount $16,695.00) To Cedar Glade LP. Filed by Creditor Cedar Glade LP. (Attachments: # 1 Evidence of Transfer) (Tanabe, Kesha) |
| 12/03/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28312406, amount $ 26.00 (re: Doc# 1500). (U.S. Treasury) |
| 12/03/2020 | 1501 Request for transcript regarding a hearing held on 11/23/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 12/03/2020 | 1502 Stipulation by James Dondero and Highland Capital Management, L.P.. filed by Interested Party James Dondero (RE: related document(s)1179 Objection to claim). (Assink, Bryan) |
| 12/03/2020 | 1503 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from October 1, 2020 through October 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)342 Order granting application to employ Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring−Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date (related document 74) Entered on 1/10/2020. (Okafor, M.), 853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.)). (Annable, Zachery) |
| 12/03/2020 | 1504 Certificate of service re: Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from October 1, 2020 through October 31, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1503 Notice (generic)). (Annable, Zachery) |
| 12/03/2020 | |

000540

| | |
|---|---|
| | 1505 Certificate of service re: *Debtor's Notice of Affidavit of Publication of the Notice of (I) Entry of Order Approving Disclosure Statement; (II) Hearing to Confirm Plan; and (III) Related Important Dates in the New York Times* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1476 Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.)). (Kass, Albert) |
| 12/03/2020 | 1506 Certificate of service re: *1) Order Granting Joint Motion to Continue Hearing; and 2) Twelfth Monthly Application of Sidley Austin for Allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2020 to and Including October 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1489 Order granting motion to continue hearing on (related document 1485) (related documents Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*) Hearing to be held on 12/10/2020 at 09:30 AM Dallas Judge Jernigan Ctrm for 1207, Entered on 11/30/2020. (Ecker, C.), 1490 Application for compensation *Sidley Austin LLP's Twelfth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/1/2020 to 10/31/2020, Fee: $537,841.80, Expenses: $3,125.47. Filed by Objections due by 12/21/2020. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/03/2020 | 1507 Transcript regarding Hearing Held 11/23/2020 (42 pages) RE: Disclosure Statement Hearing; Motion to Enter into Sub−Servicer Agreements; Motion for Order Shortening Time. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/3/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1478 Hearing held on 11/23/2020. (RE: related document(s)1424 Motion for leave (Motion of the Debtor Pursuant to 11 U.S.C. 105(a) and 363(b) for Authority to Enter into Sub−Servicer Agreements) filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz and G. Demo for Debtor; M. Clemente for UCC; J. Kathman for P. Daugherty; B. Assink for J. Dondero. Nonevidentiary hearing. Court heard report of various amendments that have been negotiated. Motion granted. Counsel to upload order.), 1479 Hearing held on 11/23/2020. (RE: related document(s)1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement, 1384 Disclosure statement, 1453 Disclosure statement).) (Appearances: J. Pomeranz and G. Demo for Debtor; M. Clemente for UCC; J. Kathman for P. Daugherty; B. Assink for J. Dondero. Nonevidentiary hearing. Court heard report of various amendments that have been negotiated. Disclosure Statement approved as adequate. Confirmation hearing will be held 1/13/21 at 9:30 am and continuing on 1/14/21 at 9:30 (if necessary). Counsel to upload order.), 1480 Hearing held on 11/23/2020. (RE: related document(s)1108 Motion for leave (Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice) (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P., (Appearances: J. Pomeranz and G. Demo for Debtor; M. Clemente for UCC; J. Kathman for P. Daugherty; B. Assink for J. Dondero. Nonevidentiary hearing. Court heard report of various amendments that have been negotiated. Motion granted. Confirmation hearing will be held 1/13/21 at 9:30 am and continuing on 1/14/21 at 9:30 (if necessary). Counsel to upload order.)). Transcript to be made available to the public on 03/3/2021. (Rehling, Kathy) |
| 12/03/2020 | |

000541

| | |
|---|---|
| | 1883 INCORRECT ENTRY − Agreed Notice of voluntary dismissal of appeals filed by Allied World Assurance Company (RE: related document(s)1347 Notice of appeal . Fee Amount $298 filed by Interested Party James Dondero (RE: related document(s)1302 Order on motion to compromise controversy). Appellant Designation due by 11/23/2020. (Attachments: # 1 Order)). (Blanco, J.) Modified on 2/2/2021 (Blanco, J.). (Entered: 02/02/2021) |
| 12/04/2020 | 1508 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Daniel Sheehan & Associates, PLLC (Claim No. 47, Amount $32,433.75) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. (Knox, Victor) |
| 12/04/2020 | 1509 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Vengroff Williams Inc (American Arbitration Assoc (Claim No. 33, Amount $12,911.80) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. (Knox, Victor) |
| 12/04/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28315512, amount $ 26.00 (re: Doc# 1508). (U.S. Treasury) |
| 12/04/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28315512, amount $ 26.00 (re: Doc# 1509). (U.S. Treasury) |
| 12/04/2020 | 1510 Order approving stipulation and agreed order authorizing withdrawal of proofs of claim 138 and 188 (RE: related document(s)1502 Stipulation filed by Interested Party James Dondero). Entered on 12/4/2020 (Ecker, C.) |
| 12/04/2020 | 1511 Certificate of service re: *(Supplemental) Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, filed by Debtor Highland Capital Management, L.P., 1309 Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1−A—Forms of Ballots # 3 Exhibit 1−B—Notice of Confirmation Hearing # 4 Exhibit 1−C—Notice of Non−Voting Status # 5 Exhibit 1−D—Notice of Assumption). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1108, filed by Debtor Highland Capital Management, L.P., 1322 Certificate of service re: *Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, filed by Debtor Highland Capital Management, L.P., 1301 Order approving stipulation resolving Proof of Claim No. 86 of NWCC, LLC (RE: related document(s)1264 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 10/28/2020 (Okafor, M.), 1302 Order granting motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP |

000542

| | |
|---|---|
| | LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (related document <u>1087</u>) Entered on 10/28/2020. (Okafor, M.), <u>1309</u> Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1108</u> Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) <u>1079</u> Chapter 11 plan, <u>1080</u> Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1–A—Forms of Ballots # 3 Exhibit 1–B—Notice of Confirmation Hearing # 4 Exhibit 1–C—Notice of Non−Voting Status # 5 Exhibit 1–D—Notice of Assumption)). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1108</u>, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC. (Kass, Albert) |
| 12/07/2020 | <u>1512</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Foley Gardere, Foley Lardner LLP To Hain Capital Investors Master Fund, Ltd. Filed by Creditor Hain Capital Group, LLC. (Rapoport, Amanda) |
| 12/07/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28320856, amount $ 26.00 (re: Doc# <u>1512</u>). (U.S. Treasury) |
| 12/07/2020 | <u>1513</u> Application for compensation *Twelfth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/1/2020 to 10/31/2020, Fee: $196,216.20, Expenses: $264.23. Filed by Attorney Juliana Hoffman Objections due by 12/28/2020. (Hoffman, Juliana) |
| 12/07/2020 | <u>1514</u> Adversary case 20−03190. Complaint by Highland Capital Management, L.P. against James D. Dondero. Fee Amount $350 (Attachments: # <u>1</u> Adversary Cover Sheet). Nature(s) of suit: 72 (Injunctive relief − other). (Annable, Zachery) |
| 12/07/2020 | <u>1515</u> Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Interested Party James Dondero (RE: related document(s)<u>1466</u> Appellant designation, Statement of issues on appeal, <u>1497</u> Appellant designation, Statement of issues on appeal). (Assink, Bryan) |
| 12/07/2020 | <u>1516</u> Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1347</u> Notice of appeal, Modified LINKAGE AND TEXT on 3/12/2021 (Blanco, J.). |
| 12/07/2020 | <u>1517</u> Appellee designation of contents for inclusion in record of appeal filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P. (RE: related document(s)<u>1347</u> Notice of appeal). (Chiarello, Annmarie) |
| 12/08/2020 | <u>1518</u> Order temporarily granting UBS' motion to allow claim number(s) (related document # <u>1338</u>) Entered on 12/8/2020. (Ecker, C.) |
| 12/08/2020 | <u>1519</u> Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)<u>1280</u> Motion for leave *to Amend Proof of Claim No. 77* Filed by Creditor Patrick Daugherty Objections due by 11/16/2020. (Attachments: # 1 Exhibit A − Proposed Order # 2 Exhibit B − Second Amended Proof of Claim)) Responses due by 12/22/2020. (Ecker, C.) |
| 12/08/2020 | <u>1520</u> Application for compensation *(Ninth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from August 1, 2020 through August 31, 2020)* for Hayward & |

| | |
|---|---|
| | Associates PLLC, Debtor's Attorney, Period: 8/1/2020 to 12/31/2020, Fee: $27,465.00, Expenses: $859.43. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A──August 2020 Invoice) (Annable, Zachery) |
| 12/08/2020 | 1521 Application for compensation *Fourteenth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor for the Period from November 1, 2020 through November 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 11/1/2020 to 11/30/2020, Fee: $759,428.00, Expenses: $1,672.80. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 12/29/2020. (Pomerantz, Jeffrey) |
| 12/08/2020 | 1522 INCORRECT EVENT: See # 1528 for correction. Motion to compel Temporary Restriction of Sales by Non−Debtors CLOs. Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Attachments: # 1 Affidavit # 2 Proposed Order) (Varshosaz, Artoush) Modified on 12/9/2020 (Ecker, C.). |
| 12/08/2020 | 1523 Motion for expedited hearing(related documents 1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Fixed Income Fund, Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund. Modified linkage on 12/9/2020 (Ecker, C.). |
| 12/08/2020 | 1528 Motion for order imposing temporary restrictions on Debtor's ability, as portfolio manager , to initiate sales by non−debtor CLO Vehicles. Highland Capital Management Fund Advisors, L.P. , Highland Fixed Income Fund , NexPoint Advisors, L.P. , NexPoint Capital, Inc. , NexPoint Strategic Opportunities Fund . (Ecker, C.) (Entered: 12/09/2020) |
| 12/09/2020 | 1524 Joint Motion to continue hearing on (related documents 1207 Motion to allow claims) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 12/09/2020 | 1525 Request for transcript regarding a hearing held on 1/9/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 12/09/2020 | 1526 Order granting partial summary judgment (related document # 1214) Entered on 12/9/2020. (Ecker, C.) |
| 12/09/2020 | 1527 Order granting joint motion to continue hearing on (related document # 1524) (related documents Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*) Entered on 12/9/2020. (Ecker, C.) |
| 12/09/2020 | 1529 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1179 Objection to claim). (Annable, Zachery) |
| 12/09/2020 | 1530 Motion to extend time to Time to File An Adversary Proceeding Against CLO Holdco, Ltd. (Agreed) (RE: related document(s)1168 Order (generic)) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 12/30/2020. (Montgomery, Paige) |
| 12/09/2020 | 1531 Application for compensation *(Tenth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from September 1, 2020 through September 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 9/1/2020 to 9/30/2020, Fee: $25,075.00, Expenses: $132.60. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A──H&A September 2020 Invoice) (Annable, Zachery) |

| | |
|---|---|
| 12/09/2020 | <u>1532</u> Notice *(Notice of Stipulation Resolving Proof of Claim No. 164 Filed by Berkeley Research Group, LLC)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/10/2020 | <u>1533</u> Order granting motion to amend proof of claim #77 and to file supporting documents under seal. (related document # <u>1280</u>) Entered on 12/10/2020. (Ecker, C.) |
| 12/10/2020 | <u>1534</u> Order granting <u>1530</u> Motion to extend time. (Re: related document(s) <u>1530</u> Motion to extend time to Time to File An Adversary Proceeding Against CLO Holdco, Ltd. (Agreed) (RE: related document(s)<u>1168</u> Order (generic))) Entered on 12/10/2020. (Ecker, C.) |
| 12/10/2020 | <u>1535</u> Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1207</u> Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan* Filed by Creditor HarbourVest et al Objections due by 11/9/2020. (Attachments: # 1 Proposed Order)). Hearing to be held on 1/4/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1207</u>, (Annable, Zachery) |
| 12/10/2020 | <u>1536</u> Stipulation by Highland Capital Management, L.P. and NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>906</u> Objection to claim). (Annable, Zachery) |
| 12/10/2020 | <u>1537</u> Order regarding objection to claim number(s) (RE: related document(s)<u>1179</u> Objection to claim filed by Debtor Highland Capital Management, L.P.). Entered on 12/10/2020 (Ecker, C.) |
| 12/10/2020 | <u>1538</u> Order approving stipulation resolving proof of claim #164 (RE: related document(s)<u>1532</u> Notice (generic) filed by Debtor Highland Capital Management, L.P.). Entered on 12/10/2020 (Ecker, C.) |
| 12/10/2020 | <u>1539</u> Notice of hearin*g on Motion Imposing Restrictions on Debtor's Ability, as Portfolio Manager, to Initiate Sales by Non−Debtor CLO Vehicles* filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)<u>1528</u> Motion for order imposing temporary restrictions on Debtor's ability, as portfolio manager, to initiate sales by non−debtor CLO Vehicles. Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. (Ecker, C.)). Hearing to be held on 12/16/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1528</u>, (Varshosaz, Artoush) |
| 12/10/2020 | <u>1540</u> Certificate of service re: *Twelfth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2020 to and Including October 31, 2020; and 2) Appellees Counter−Designation of Record on Appeal* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1513</u> Application for compensation *Twelfth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/1/2020 to 10/31/2020, Fee: $196,216.20, Expenses: $264.23. Filed by Attorney Juliana Hoffman Objections due by 12/28/2020. filed by Financial Advisor FTI Consulting, Inc., <u>1516</u> Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1347</u> Notice of appeal, <u>1369</u> Amended notice of appeal). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/10/2020 | <u>1541</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>1518</u> Order temporarily granting UBS' motion to allow claim number(s) (related document <u>1338</u>) Entered on 12/8/2020. (Ecker, C.)) No. of Notices: 2. Notice Date 12/10/2020. (Admin.) |
| 12/11/2020 | |

| | |
|---|---|
| | 1542 Support/supplemental document/*Supplement to the Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor* filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Proposed Order /Exhibit E) (O'Neil, Holland) |
| 12/11/2020 | 1543 Transcript regarding Hearing Held 01/09/2020 (91 pages) RE: Motion to Compromise Controversy (#281). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/11/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) Hearing held on 1/9/2020. (RE: related document(s)281 Motion to compromise controversy with Official Committee of Unsecured Creditors, filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomerantz, I. Kharasch, G. Demo, M. Hayward, and Z. Annabel for Debtor; M. Clemente, P. Reid and D. Tumi for Unsecured Creditors Committee; A. Chiarello and R. Patel for Asic; L. Lambert for UST; J. Bentley and J. Bain (both telephonically) for CLO and CDO Issuer Group; T. Mascherin and M. Hankin (telephonically) for Redeemer Committee; P. Maxcy (telephonically) for Jeffries. Evidentiary hearing. Motion granted. Counsel to upload appropriate form of order.)). Transcript to be made available to the public on 03/11/2021. (Rehling, Kathy) |
| 12/11/2020 | 1544 Application for compensation *(First Interim Application)* for Hunton Andrews Kurth LLP, Special Counsel, Period: 7/1/2020 to 10/31/2020, Fee: $206933.85, Expenses: $546.52. Filed by Spec. Counsel Hunton Andrews Kurth LLP (Hesse, Gregory) |
| 12/11/2020 | 1545 Application for compensation *(Hayward & Associates PLLC's Third Interim Application for Compensation and Reimbursement of Expenses for the Period from July 1, 2020 through September 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 7/1/2020 to 9/30/2020, Fee: $82,325.00, Expenses: $1,972.63. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A Invoices for July, August, and September 2020) (Annable, Zachery) |
| 12/11/2020 | 1546 Objection to (related document(s): 1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* filed by Interested Party James Dondero) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/11/2020 | 1547 Application for compensation *Third Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from August 1, 2020 through November 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 8/1/2020 to 11/30/2020, Fee: $3,380,111.50, Expenses: $31,940.33. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 1/4/2021. (Pomerantz, Jeffrey) |
| 12/11/2020 | 1548 Notice to take deposition of James P. Seery, Jr. filed by Interested Party James Dondero. (Assink, Bryan) |
| 12/11/2020 | 1549 Notice to take deposition of John Dubel filed by Interested Party James Dondero. (Assink, Bryan) |
| 12/11/2020 | 1550 Notice to take deposition of Russell Nelms filed by Interested Party James Dondero. (Assink, Bryan) |
| 12/11/2020 | |

000546

|  | <u>1551</u> Objection to (related document(s): <u>1439</u> Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* filed by Interested Party James Dondero) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
|---|---|
| 12/11/2020 | <u>1552</u> Application for compensation *(Consolidated Monthly and Second Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period from July 1, 2020 through November 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Debtor's Attorney, Period: 7/1/2020 to 11/30/2020, Fee: $709,256.22, Expenses: $0.00. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Annable, Zachery) |
| 12/11/2020 | <u>1553</u> Omnibus Notice of hearing *(Omnibus Notice of Hearing on Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1410</u> Certificate Amended Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)<u>1244</u> Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10., <u>1407</u> Certificate (generic))., <u>1416</u> Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>1296</u> Application for compensation *Sidley Austin LLP's Third Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 8/31/2020, Fee: $1,86)., <u>1483</u> Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 10/31/2020, Fee: $599,126.60, Expenses: $11,433.73. Filed by Attorney Holland N. O'Neil Objections due by 12/16/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B/Proposed Order # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (O'Neil, Holland), <u>1542</u> Support/supplemental document/*Supplement to the Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor* filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)<u>1483</u> Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Proposed Order /Exhibit E) (O'Neil, Holland), <u>1544</u> Application for compensation *(First Interim Application)* for Hunton Andrews Kurth LLP, Special Counsel, Period: 7/1/2020 to 10/31/2020, Fee: $206933.85, Expenses: $546.52. Filed by Spec. Counsel Hunton Andrews Kurth LLP, <u>1545</u> Application for compensation *(Hayward & Associates PLLC's Third Interim Application for Compensation and Reimbursement of Expenses for the Period from July 1, 2020 through September 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 7/1/2020 to 9/30/2020, Fee: $82,325.00, Expenses: $1,972.63. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A Invoices for July, August, and September 2020), <u>1547</u> Application for compensation *Third Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from August 1, 2020 through November 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 8/1/2020 to 11/30/2020, Fee: $3,380,111.50, Expenses: $31,940.33. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 1/4/2021., <u>1552</u> Application for compensation *(Consolidated Monthly and Second Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period from July 1, 2020 through November 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Debtor's Attorney, Period: 7/1/2020 to 11/30/2020, Fee: $709,256.22, Expenses: $0.00. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A # 2 Exhibit B)). Hearing to be held on 1/6/2021 at 02:30 PM |

|  | Dallas Judge Jernigan Ctrm for 1483 and for 1544 and for 1545 and for 1547 and for 1552 and for 1410 and for 1416 and for 1542, (Annable, Zachery) |
|---|---|
| 12/11/2020 | 1554 Notice to take deposition of Dustin Norris filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/11/2020 | 1555 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/11/2020 | 1556 Certificate of service re: *1) Ninth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period for August 1, 2020 through August 31, 2020; and 2) Fourteenth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor for the Period from November 1, 2020 through November 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1520 Application for compensation *(Ninth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from August 1, 2020 through August 31, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 8/1/2020 to 12/31/2020, Fee: $27,465.00, Expenses: $859.43. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A―August 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 1521 Application for compensation *Fourteenth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor for the Period from November 1, 2020 through November 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 11/1/2020 to 11/30/2020, Fee: $759,428.00, Expenses: $1,672.80. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 12/29/2020. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/11/2020 | 1557 Certificate of service re: *Documents Served on December 9, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1524 Joint Motion to continue hearing on (related documents 1207 Motion to allow claims) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 1526 Order granting partial summary judgment (related document 1214) Entered on 12/9/2020. (Ecker, C.), 1527 Order granting joint motion to continue hearing on (related document 1524) (related documents Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan)* Entered on 12/9/2020. (Ecker, C.), 1530 Motion to extend time to Time to File An Adversary Proceeding Against CLO Holdco, Ltd. (Agreed) (RE: related document(s)1168 Order (generic)) Filed by Creditor Committee Official Committee of Unsecured Creditors Objections due by 12/30/2020. filed by Creditor Committee Official Committee of Unsecured Creditors, 1531 Application for compensation *(Tenth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from September 1, 2020 through September 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 9/1/2020 to 9/30/2020, Fee: $25,075.00, Expenses: $132.60. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A―H&A September 2020 Invoice) filed by Other Professional Hayward & Associates PLLC, 1532 Notice *(Notice of Stipulation Resolving Proof of Claim No. 164 Filed by Berkeley Research Group, LLC)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/11/2020 | 1639 Hearing set (RE: related document(s)1244 Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10. Filed by Attorney Juliana Hoffman Objections due by 11/10/2020., 1296 Application for compensation *Sidley Austin LLP's Third Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 8/31/2020, Fee: $1,865,520.45, Expenses: $18,678.47. Filed by Attorney Juliana Hoffman Objections due by 11/17/2020.) |

000548

| | |
|---|---|
| | Hearing to be held on 1/6/2021 at 02:30 PM Dallas Judge Jernigan Ctrm for 1296 and for 1244, (Ellison, T.) (Entered: 12/29/2020) |
| 12/12/2020 | 1558 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/13/2020 | 1559 WITHDRAWN per # 1622 Subpoena on Jean Paul Sevilla filed by Interested Party James Dondero. (Attachments: # 1 Ex. 1 − Sevilla Subpoena) (Assink, Bryan) Modified on 12/28/2020 (Ecker, C.). |
| 12/13/2020 | 1560 WITHDRAWN per # 1622 Subpoena on Russell Nelms filed by Interested Party James Dondero. (Attachments: # 1 Ex. 1 − Nelms Subpoena) (Assink, Bryan) Modified on 12/28/2020 (Ecker, C.). |
| 12/13/2020 | 1561 WITHDRAWN per # 1622 Subpoena on Fred Caruso filed by Interested Party James Dondero. (Attachments: # 1 Ex. 1 − Caruso Subpoena) (Assink, Bryan) Modified on 12/28/2020 (Ecker, C.). |
| 12/14/2020 | 1562 Order granting motion for expedited hearing (Related Doc# 1523)(document set for hearing: 1528 Generic motion) Hearing to be held on 12/16/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1528, Entered on 12/14/2020. (Ecker, C.) |
| 12/14/2020 | 1563 Witness and Exhibit List filed by Interested Party James Dondero (RE: related document(s)1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Assink, Bryan) |
| 12/14/2020 | 1564 Motion to quash *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* (related documents 1559 Subpoena filed by Interested Party James Dondero, 1560 Subpoena filed by Interested Party James Dondero, 1561 Subpoena filed by Interested Party James Dondero) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 12/14/2020 | 1565 Motion for protective order *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 12/14/2020 | 1566 Notice to take deposition of James P. Seery, Jr. filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. (Varshosaz, Artoush) |
| 12/14/2020 | 1567 Motion for expedited hearing(related documents 1564 Motion to quash, 1565 Motion for protective order) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 12/14/2020 | 1568 Order approving stipulation and pre−trial schedule concerning Proof of Claim No. 146 filed by HCRE Partners, LLC (RE: related document(s)1536 Stipulation filed by Debtor Highland Capital Management, L.P..). Entered on 12/14/2020 (Okafor, M.) |
| 12/14/2020 | 1569 Objection to (related document(s): 1491 Motion for relief from stay Fee amount $181, filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/14/2020 | 1570 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to Patrick Daugherty's Motion to Lift the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1569 Objection). (Attachments: # 1 Exhibit A # |

| | |
|---|---|
| | 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Annable, Zachery) |
| 12/14/2020 | 1571 Objection to (related document(s): 1564 Motion to quash *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* (related documents 1559 Subpoena filed by Interested Party James Dondero, 1560 Subpoena file filed by Debtor Highland Capital Management, L.P., 1565 Motion for protective order *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* filed by Debtor Highland Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) |
| 12/14/2020 | 1572 Witness and Exhibit List filed by Creditor Patrick Daugherty (RE: related document(s)1491 Motion for relief from stay Fee amount $181,). (Attachments: # 1 Exhibit PHD−1 # 2 Exhibit PHD−2 # 3 Exhibit PHD−3 # 4 Exhibit PHD−4 # 5 Exhibit PHD−5 # 6 Exhibit PHD−6) (Kathman, Jason) |
| 12/14/2020 | 1573 Witness and Exhibit List filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund.). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Varshsoaz, Artoush) |
| 12/14/2020 | 1574 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)*, 1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund.). (Annable, Zachery) |
| 12/15/2020 | 1575 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1564 Motion to quash *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* (related documents 1559 Subpoena filed by Interested Party James Dondero, 1560 Subpoena filed by Interested Party James Dondero, 1561 Subpoena filed by Interested Party James Dondero) Filed by Debtor Highland Capital Management, L.P., 1565 Motion for protective order *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 12/16/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1564 and for 1565, (Annable, Zachery) |
| 12/15/2020 | 1576 Order granting motion for expedited hearing (Related Doc# 1567)(document set for hearing: 1564 Motion to quash, 1565 Motion for protective order) Hearing to be held on 12/16/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1564 and for 1565, Entered on 12/15/2020. (Okafor, M.) |
| 12/15/2020 | 1577 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to October 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 12/15/2020 | 1578 Objection to (related document(s): 1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. filed by Interested Party Highland |

|  | Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Fixed Income Fund, Interested Party NexPoint Capital, Inc., Interested Party Highland Strategic Opportunities Fund) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit A−3 # 4 Exhibit B−1 # 5 Exhibit B−2 # 6 Exhibit B−3 # 7 Exhibit C (Part 1) # 8 Exhibit C (Part 2) # 9 Exhibit C (Part 3) # 10 Exhibit D (Part 1) # 11 Exhibit D (Part 2) # 12 Exhibit D (Part 3) # 13 Exhibit E # 14 Exhibit F # 15 Exhibit G) (Annable, Zachery) |
|---|---|
| 12/15/2020 | 1579 Amended Witness and Exhibit List *(Debtor's Amended Witness and Exhibit List with Respect to Evidentiary Hearing to Be Held on December 16, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1574 List (witness/exhibit/generic)). (Annable, Zachery) |
| 12/15/2020 | 1580 Objection to (related document(s): 1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Fixed Income Fund, Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 12/15/2020 | 1581 INCORRECT ENTRY: See # 1580 for correction. Joinder to debtor's response to motion for order imposing temporary restrictions on debtor's ability to initial sales by non−debtor CLO vehicles filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1578 Objection). (Ecker, C.) Modified on 12/16/2020 (Ecker, C.). (Entered: 12/16/2020) |
| 12/16/2020 | 1582 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: CVE Technologies Group Inc. (Amount $1,500.00) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. (Knox, Victor) |
| 12/16/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28347173, amount $ 26.00 (re: Doc# 1582). (U.S. Treasury) |
| 12/16/2020 | 1583 Motion to extend time to Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)816 Order on motion to extend/shorten time) Filed by Debtor Highland Capital Management, L.P. Objections due by 1/6/2021. (Annable, Zachery) |
| 12/16/2020 | 1584 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1449 Amended application for compensation *Thirteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from October 1, 2020 through October 31, 2020 (amended solely to include Exhibit A)* for Jeffrey Nathan Pomer). (Pomerantz, Jeffrey) |
| 12/16/2020 | 1585 Court admitted exhibits date of hearing December 16, 2020 (RE: related document(s)1528 Motion for order imposing temporary restrictions on Debtor's ability, as portfolio manager , to initiate sales by non−debtor CLO Vehicles. Highland Capital Management Fund Advisors, L.P. , Highland Fixed Income Fund , NexPoint Advisors, L.P. , NexPoint Capital, Inc. , NexPoint Strategic Opportunities Fund. (COURT ADMITTED EXHIBIT'S #A & #B BY JAMES WRIGHT) (Edmond, Michael) |
| 12/16/2020 | 1586 Request for transcript regarding a hearing held on 12/16/2020. The requested turn−around time is hourly. (Edmond, Michael) |
| 12/16/2020 | 1587 Certificate of service re: Debtor's Motion for Entry of an Order Further Extending the Period Within Which It May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure filed by Debtor Highland Capital Management, |

000551

| | |
|---|---|
| | L.P. (RE: related document(s)1583 Motion to extend time to Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)816 Order on motion to extend/shorten time)). (Annable, Zachery) |
| 12/16/2020 | 1588 Certificate of service re: *Documents Served on December 10, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1534 Order granting 1530 Motion to extend time. (Re: related document(s) 1530 Motion to extend time to Time to File An Adversary Proceeding Against CLO Holdco, Ltd. (Agreed) (RE: related document(s)1168 Order (generic))) Entered on 12/10/2020. (Ecker, C.), 1535 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1207 Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan* Filed by Creditor HarbourVest et al Objections due by 11/9/2020. (Attachments: # 1 Proposed Order)). Hearing to be held on 1/4/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1207, filed by Debtor Highland Capital Management, L.P., 1536 Stipulation by Highland Capital Management, L.P. and NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)906 Objection to claim). filed by Debtor Highland Capital Management, L.P., 1537 Order regarding objection to claim number(s) (RE: related document(s)1179 Objection to claim filed by Debtor Highland Capital Management, L.P.). Entered on 12/10/2020 (Ecker, C.), 1538 Order approving stipulation resolving proof of claim #164 (RE: related document(s)1532 Notice (generic) filed by Debtor Highland Capital Management, L.P.). Entered on 12/10/2020 (Ecker, C.)). (Kass, Albert) |
| 12/16/2020 | 1589 Certificate of service re: *Documents Served on or Before December 12, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1542 Support/supplemental document/*Supplement to the Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor* filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2019* for Foley Ga). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Proposed Order /Exhibit E) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP, 1544 Application for compensation *(First Interim Application)* for Hunton Andrews Kurth LLP, Special Counsel, Period: 7/1/2020 to 10/31/2020, Fee: $206933.85, Expenses: $546.52. Filed by Spec. Counsel Hunton Andrews Kurth LLP filed by Interested Party Hunton Andrews Kurth LLP, Spec. Counsel Hunton Andrews Kurth LLP, 1545 Application for compensation *(Hayward & Associates PLLC's Third Interim Application for Compensation and Reimbursement of Expenses for the Period from July 1, 2020 through September 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 7/1/2020 to 9/30/2020, Fee: $82,325.00, Expenses: $1,972.63. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A⸺H&A Invoices for July, August, and September 2020) filed by Other Professional Hayward & Associates PLLC, 1546 Objection to (related document(s): 1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* filed by Interested Party James Dondero) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1547 Application for compensation *Third Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from August 1, 2020 through November 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 8/1/2020 to 11/30/2020, Fee: $3,380,111.50, Expenses: $31,940.33. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 1/4/2021. filed by Debtor Highland Capital Management, L.P., 1551 Objection to (related document(s): 1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* filed by Interested Party James Dondero) filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors, 1552 Application for compensation *(Consolidated Monthly and Second Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of* |

*Expenses as Regulatory and Compliance Counsel for the Period from July 1, 2020 through November 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Debtor's Attorney, Period: 7/1/2020 to 11/30/2020, Fee: $709,256.22, Expenses: $0.00. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A # 2 Exhibit B) filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP, 1553 Omnibus Notice of hearing *(Omnibus Notice of Hearing on Interim Applications for Compensation and Reimbursement of Expenses of Estate Professionals)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1410 Certificate Amended Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1244 Application for compensation *Third Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 6/1/2020 to 8/31/2020, Fee: $886,615.45, Expenses: $1,833.10., 1407 Certificate (generic))., 1416 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1296 Application for compensation *Sidley Austin LLP's Third Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 6/1/2020 to 8/31/2020, Fee: $1,86)., 1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Gardere, Foley & Lardner LLP, Special Counsel, Period: 10/16/2019 to 10/31/2020, Fee: $599,126.60, Expenses: $11,433.73. Filed by Attorney Holland N. O'Neil Objections due by 12/16/2020. (Attachments: # 1 Exhibit A # 2 Exhibit B/Proposed Order # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (O'Neil, Holland), 1542 Support/supplemental document/*Supplement to the Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor* filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Proposed Order /Exhibit E) (O'Neil, Holland), 1544 Application for compensation *(First Interim Application)* for Hunton Andrews Kurth LLP, Special Counsel, Period: 7/1/2020 to 10/31/2020, Fee: $206933.85, Expenses: $546.52. Filed by Spec. Counsel Hunton Andrews Kurth LLP, 1545 Application for compensation *(Hayward & Associates PLLC's Third Interim Application for Compensation and Reimbursement of Expenses for the Period from July 1, 2020 through September 30, 2020)* for Hayward & Associates PLLC, Debtor's Attorney, Period: 7/1/2020 to 9/30/2020, Fee: $82,325.00, Expenses: $1,972.63. Filed by Other Professional Hayward & Associates PLLC (Attachments: # 1 Exhibit A—H&A Invoices for July, August, and September 2020), 1547 Application for compensation *Third Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from August 1, 2020 through November 30, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 8/1/2020 to 11/30/2020, Fee: $3,380,111.50, Expenses: $31,940.33. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 1/4/2021., 1552 Application for compensation *(Consolidated Monthly and Second Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for the Period from July 1, 2020 through November 30, 2020)* for Wilmer Cutler Pickering Hale and Dorr LLP, Debtor's Attorney, Period: 7/1/2020 to 11/30/2020, Fee: $709,256.22, Expenses: $0.00. Filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Exhibit A # 2 Exhibit B)). Hearing to be held on 1/6/2021 at 02:30 PM Dallas Judge Jernigan Ctrm for 1483 and for 1544 and for 1545 and for 1547 and for 1552 and for 1410 and for 1416 and for 1542, filed by Debtor Highland Capital Management, L.P., 1554 Notice to take deposition of Dustin Norris filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1555 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1558 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

| | |
|---|---|
| 12/16/2020 | 1596 Hearing held on 12/16/2020. (RE: related document(s)1528 Motion for order imposing temporary restrictions on Debtor's ability, as portfolio manager , to initiate sales by non−debtor CLO Vehicles. Highland Capital Management Fund Advisors, L.P. , Highland Fixed Income Fund , NexPoint Advisors, L.P. , NexPoint Capital, Inc. , NexPoint Strategic Opportunities Fund) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wright for Movants; M. Clemente for UCC; R. Matsumura for HCLOF; J. Bain for CLO Issuers. Evidentiary hearing. Motion denied. Counsel to upload order.) (Edmond, Michael) (Entered: 12/18/2020) |
| 12/16/2020 | 1597 Hearing held on 12/16/2020. (RE: related document(s)1564 Motion to quash (Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment) (related documents 1559 Subpoena filed by Interested Party James Dondero, 1560 Subpoena filed by Interested Party James Dondero, 1561 Subpoena filed by Interested Party James Dondero) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; M. Lynn and B. Assink for J. Dondero; M. Clemente for UCC. Nonevidentiary announcement of an agreement and, with agreement, Motion is moot and/or resolved. Counsel to upload agreed order.) (Edmond, Michael) (Entered: 12/18/2020) |
| 12/16/2020 | 1598 Hearing held on 12/16/2020. (RE: related document(s)1565 Motion for protective order (Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment) filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; M. Lynn and B. Assink for J. Dondero; M. Clemente for UCC. Nonevidentiary announcement of an agreement and, with agreement, Motion is moot and/or resolved. Counsel to upload agreed order.) (Edmond, Michael) (Entered: 12/18/2020) |
| 12/16/2020 | 1599 Hearing held on 12/16/2020. (RE: related document(s)1439 Motion for leave (James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business) filed by Interested Party James Dondero.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; M. Lynn and B. Assink for J. Dondero; M. Clemente for UCC. Nonevidentiary announcement of an agreement and, with agreement, Movant will withdraw this order. Counsel to upload agreed order.) (Edmond, Michael) (Entered: 12/18/2020) |
| 12/17/2020 | 1590 Motion to pay *(Debtor's Motion Pursuant to the Protocols for Authority for Highland Multi Strategy Credit Fund, L.P. to Prepay Loan)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Annable, Zachery) |
| 12/17/2020 | 1591 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: Bates White LLC (Amount $90,855.70) To Argo Partners. Filed by Creditor Argo Partners. (Gold, Matthew) |
| 12/17/2020 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28350580, amount $ 26.00 (re: Doc# 1591). (U.S. Treasury) |
| 12/17/2020 | 1592 Certificate of service re: *Documents Served on or Before December 16, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1564 Motion to quash *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* (related documents 1559 Subpoena filed by Interested Party James Dondero, 1560 Subpoena filed by Interested Party James Dondero, 1561 Subpoena filed by Interested Party James Dondero) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 1565 Motion for protective order *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 1567 Motion for expedited hearing(related documents 1564 Motion to quash, 1565 Motion for protective order) Filed by Debtor Highland Capital Management, L.P. filed by Debtor |

| | |
|---|---|
| | Highland Capital Management, L.P., 1568 Order approving stipulation and pre−trial schedule concerning Proof of Claim No. 146 filed by HCRE Partners, LLC (RE: related document(s)1536 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 12/14/2020 (Okafor, M.), 1569 Objection to (related document(s): 1491 Motion for relief from stay Fee amount $181, filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1570 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Objection to Patrick Daugherty's Motion to Lift the Automatic Stay)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1569 Objection). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) filed by Debtor Highland Capital Management, L.P., 1574 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)*, 1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/17/2020 | 1593 Certificate of service re: *Documents Served on December 15, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1575 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1564 Motion to quash *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* (related documents 1559 Subpoena filed by Interested Party James Dondero, 1560 Subpoena filed by Interested Party James Dondero, 1561 Subpoena filed by Interested Party James Dondero) Filed by Debtor Highland Capital Management, L.P.), 1565 Motion for protective order *(Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 12/16/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1564 and for 1565, filed by Debtor Highland Capital Management, L.P., 1576 Order granting motion for expedited hearing (Related Doc1567)(document set for hearing: 1564 Motion to quash, 1565 Motion for protective order) Hearing to be held on 12/16/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1564 and for 1565, Entered on 12/15/2020. (Okafor, M.), 1577 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to October 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., 1578 Objection to (related document(s): 1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Fixed Income Fund, Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund) filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A−1 # 2 Exhibit A−2 # 3 Exhibit A−3 # 4 Exhibit B−1 # 5 Exhibit B−2 # 6 Exhibit B−3 # 7 Exhibit C (Part 1) # 8 Exhibit C (Part 2) # 9 Exhibit C (Part 3) # 10 Exhibit D (Part 1) # 11 Exhibit D (Part 2) # 12 Exhibit D (Part 3) # 13 Exhibit E # 14 Exhibit F # 15 Exhibit G) filed by Debtor Highland Capital Management, L.P., 1579 Amended Witness and Exhibit List *(Debtor's Amended Witness and Exhibit List with Respect to Evidentiary Hearing to Be Held on December 16, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1574 List (witness/exhibit/generic)). filed by Debtor Highland Capital Management, L.P., 1580 Objection to (related document(s): 1528 Motion by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Fixed Income Fund, Interested Party NexPoint Capital, Inc., Interested Party |

| | |
|---|---|
| | NexPoint Strategic Opportunities Fund) filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 12/17/2020 | 1594 Adversary case 20−03195. Complaint by Official Committee of Unsecured Creditors against CLO Holdco, Ltd., Charitable DAF Holdco, Ltd., Charitable DAF Fund, LP, Highland Dallas Foundation, Inc., The Dugaboy Investment Trust, Grant James Scott III, James D. Dondero. Fee Amount $350. Nature(s) of suit: 13 (Recovery of money/property − 548 fraudulent transfer). 91 (Declaratory judgment). 72 (Injunctive relief − other). 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). (Montgomery, Paige) |
| 12/17/2020 | 1600 Hearing held on 12/17/2020. (RE: related document(s)1491 Motion for relief from stay filed by Creditor Patrick Daugherty.) (Appearances: J. Kathman. J. Pomerantz and J. Morris for debtor. Motion denied.) (Edmond, Michael) (Entered: 12/18/2020) |
| 12/18/2020 | 1595 Notice of Appearance and Request for Notice *with Certificate of Service* by Douglas S. Draper filed by Get Good Trust, The Dugaboy Investment Trust. (Draper, Douglas) |
| 12/18/2020 | 1601 Request for transcript regarding a hearing held on 12/17/2020. The requested turn−around time is daily. (Edmond, Michael) |
| 12/18/2020 | 1602 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1590 Motion to pay *(Debtor's Motion Pursuant to the Protocols for Authority for Highland Multi Strategy Credit Fund, L.P. to Prepay Loan)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)). Hearing to be held on 1/14/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1590, (Annable, Zachery) |
| 12/18/2020 | 1603 Order resolving motions and adjourning evidentiary hearing (RE: related document(s)1439 Motion for leave filed by Interested Party James Dondero). Hearing to be held on 1/4/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1439, Entered on 12/18/2020 (Ecker, C.) |
| 12/18/2020 | 1604 Certificate of No Objection filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Ga). (O'Neil, Holland) |
| 12/18/2020 | 1605 Order denying motion for order imposing temporary restrictions on Debtor's ability, as portfolio manager , to initiate sales by non−debtor CLO Vehicles (related document # 1528) Entered on 12/18/2020. (Okafor, M.) |
| 12/18/2020 | 1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation) (Annable, Zachery) |
| 12/18/2020 | 1607 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* Filed by Interested Party James Dondero (Attachments: # 1 Proposed Order)). Hearing to be held on 1/4/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1439, (Annable, Zachery) |

| | |
|---|---|
| 12/18/2020 | 1608 Certificate of service re: *(Supplemental) Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, filed by Debtor Highland Capital Management, L.P., 1322 Certificate of service re: *Documents Served on October 28, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1300 Notice of hearing *(Notice of Continued Hearing on Disclosure Statement for the Second Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1289 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement).). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1289, filed by Debtor Highland Capital Management, L.P., 1301 Order approving stipulation resolving Proof of Claim No. 86 of NWCC, LLC (RE: related document(s)1264 Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 10/28/2020 (Okafor, M.), 1302 Order granting motion to compromise controversy with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159). Filed by Debtor Highland Capital Management, L.P. (related document 1087) Entered on 10/28/2020. (Okafor, M.), 1309 Amended Notice of hearing *(Second Amended Notice of Hearing)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1108 Motion for leave *(Debtor's Motion for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the First Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice)* (related document(s) 1079 Chapter 11 plan, 1080 Disclosure statement) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit 1—Proposed Order # 2 Exhibit 1–A—Forms of Ballots # 3 Exhibit 1–B—Notice of Confirmation Hearing # 4 Exhibit 1–C—Notice of Non−Voting Status # 5 Exhibit 1–D—Notice of Assumption). Hearing to be held on 11/23/2020 at 01:30 PM Dallas Judge Jernigan Ctrm for 1108, filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 12/19/2020 | 1609 Transcript regarding Hearing Held 12/17/2020 (38 pages) RE: Motion for Relief from Stay (#1491). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/19/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1600 Hearing held on 12/17/2020. (RE: related document(s)1491 Motion for relief from stay filed by Creditor Patrick Daugherty.) (Appearances: J. Kathman. J. Pomerantz and J. Morris for debtor. Motion denied.)). Transcript to be made available to the public on 03/19/2021. (Rehling, Kathy) |
| 12/19/2020 | 1610 Transcript regarding Hearing Held 12/16/2020 (66 pages) RE: Motions. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/19/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1596 Hearing held on 12/16/2020. (RE: related document(s)1528 Motion for order imposing temporary restrictions on Debtor's ability, as portfolio manager, to initiate sales by non−debtor CLO Vehicles. Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wright for Movants; M. Clemente for UCC; R. Matsumura for HCLOF; J. Bain for CLO Issuers. Evidentiary |

| | |
|---|---|
| | hearing. Motion denied. Counsel to upload order.), 1597 Hearing held on 12/16/2020. (RE: related document(s)1564 Motion to quash (Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment) (related documents 1559 Subpoena filed by Interested Party James Dondero, 1560 Subpoena filed by Interested Party James Dondero, 1561 Subpoena filed by Interested Party James Dondero) Filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; M. Lynn and B. Assink for J. Dondero; M. Clemente for UCC. Nonevidentiary announcement of an agreement and, with agreement, Motion is moot and/or resolved. Counsel to upload agreed order.), 1598 Hearing held on 12/16/2020. (RE: related document(s)1565 Motion for protective order (Debtor's Emergency Motion to Quash Subpoena and for Entry of a Protective Order or, in the Alternative, for an Adjournment) filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; M. Lynn and B. Assink for J. Dondero; M. Clemente for UCC. Nonevidentiary announcement of an agreement and, with agreement, Motion is moot and/or resolved. Counsel to upload agreed order.), 1599 Hearing held on 12/16/2020. (RE: related document(s)1439 Motion for leave (James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business) filed by Interested Party James Dondero.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; M. Lynn and B. Assink for J. Dondero; M. Clemente for UCC. Nonevidentiary announcement of an agreement and, with agreement, Movant will withdraw this order. Counsel to upload agreed order.)). Transcript to be made available to the public on 03/19/2021. (Rehling, Kathy) |
| 12/19/2020 | 1611 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1340 Application for compensation *Eleventh Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 9/1/2020 to 9/30/2020, Fee: $170,859.60, Expenses: $806.60.). (Hoffman, Juliana) |
| 12/21/2020 | 1612 Order denying motion for relief from stay by Creditor Patrick Daugherty (related document # 1491) Entered on 12/21/2020. (Okafor, M.) |
| 12/21/2020 | 1613 Certificate of service re: *re: 1) Instructions for any counsel and parties who wish to participate in the Hearing; 2) Joinder of the Official Committee of Unsecured Creditors to Debtor's Response to Motion for Order Imposing Temporary Restrictions on Debtor's Ability, as Portfolio Manager, to Initiate Sales by Non−Debtor CLO Vehicles; and 3) Debtors Motion Pursuant to the Protocols for Authority for Highland and Multi* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1581 INCORRECT ENTRY: See 1580 for correction. Joinder to debtor's response to motion for order imposing temporary restrictions on debtor's ability to initial sales by non−debtor CLO vehicles filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1578 Objection). (Ecker, C.) Modified on 12/16/2020 (Ecker, C.). filed by Creditor Committee Official Committee of Unsecured Creditors, 1590 Motion to pay *(Debtor's Motion Pursuant to the Protocols for Authority for Highland Multi Strategy Credit Fund, L.P. to Prepay Loan)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/22/2020 | 1614 Notice *(Notice of Stipulation Resolving Proof of Claim No. 99 Filed by Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 12/22/2020 | 1615 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1490 Application for compensation *Sidley Austin LLP's Twelfth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 10/1/2020 to 10/31/2020, Fee: $). (Hoffman, Juliana) |
| 12/22/2020 | 1616 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1283 Application for compensation *Eleventh Monthly Application for Compensation and Reimbursement of Expenses* for Official |

| | |
|---|---|
| | Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 9/1/2020 to 9/30/2020, Fee: $356,889.96, Expenses: &#03). (Hoffman, Juliana) |
| 12/23/2020 | 1617 Order approving stipulation resolving Proof of Claim No. 99 filed by Hunton Andrews Kurth LLP (RE: related document(s)1614 Notice (generic) filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2020 (Okafor, M.) |
| 12/23/2020 | 1618 Notice *(Notice of Filing of Fifth Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)75 Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A − Proposed Order # 3 Exhibit B − OCP List # 4 Exhibit C − Form of Declaration of Disinterestedness # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Annable, Zachery) |
| 12/23/2020 | 1619 Declaration re: *(Disclosure Declaration of Ordinary Course Professional)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 12/23/2020 | 1620 Motion to appear pro hac vice for A. Lee Hogewood. Fee Amount $100 Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Varshosaz, Artoush) |
| 12/23/2020 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28366971, amount $ 100.00 (re: Doc# 1620). (U.S. Treasury) |
| 12/23/2020 | 1621 Declaration re: *(Disclosure Declaration of Ordinary Course Professional)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). (Annable, Zachery) |
| 12/23/2020 | 1622 Withdrawal *(Notice of Withdrawal of James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business and Related Notices of Subpoena)* filed by Interested Party James Dondero (RE: related document(s)1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)*). (Assink, Bryan) |
| 12/23/2020 | 1623 Motion to extend time to assume unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Proposed Order) (Hayward, Melissa) |
| 12/23/2020 | 1624 Motion to assume executory contract or unexpired lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Proposed Order) (Hayward, Melissa) |
| 12/23/2020 | 1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |

| | |
|---|---|
| 12/23/2020 | 1626 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 1/13/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1625, (Annable, Zachery) |
| 12/23/2020 | 1627 Certificate of service re: *Documents Served on December 18, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1602 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1590 Motion to pay *(Debtor's Motion Pursuant to the Protocols for Authority for Highland Multi Strategy Credit Fund, L.P. to Prepay Loan)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)). Hearing to be held on 1/14/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1590, filed by Debtor Highland Capital Management, L.P., 1603 Order resolving motions and adjourning evidentiary hearing (RE: related document(s)1439 Motion for leave filed by Interested Party James Dondero). Hearing to be held on 1/4/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1439, Entered on 12/18/2020 (Ecker, C.), 1605 Order denying motion for order imposing temporary restrictions on Debtor's ability, as portfolio manager, to initiate sales by non−debtor CLO Vehicles (related document 1528) Entered on 12/18/2020. (Okafor, M.), 1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation) filed by Debtor Highland Capital Management, L.P., 1607 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1439 Motion for leave *(James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business)* Filed by Interested Party James Dondero (Attachments: # 1 Proposed Order)). Hearing to be held on 1/4/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1439, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/23/2020 | 1628 Certificate of service re: *Order Denying Patrick Daughertys Motion to Lift the Automatic Stay* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1612 Order denying motion for relief from stay by Creditor Patrick Daugherty (related document 1491) Entered on 12/21/2020. (Okafor, M.) filed by Creditor Patrick Daugherty). (Kass, Albert) |
| 12/23/2020 | 1629 Certificate of service re: *Stipulation Resolving Proof of Claim No. 99 Filed by Hunton Andrews Kurth LLP* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1614 Notice *(Notice of Stipulation Resolving Proof of Claim No. 99 Filed by Hunton Andrews Kurth LLP)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/23/2020 | 1630 Certificate of service re: *Solicitation Materials Served on or Before December 2, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1472 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan, 1383 Chapter 11 plan, 1450 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement, 1384 Disclosure statement, 1453 Disclosure statement). filed by Debtor Highland Capital Management, L.P., 1476 Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.)). (Kass, Albert) |

000560

| | |
|---|---|
| 12/24/2020 | <u>1631</u> Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1625</u> Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7) (Annable, Zachery) |
| 12/24/2020 | <u>1632</u> Application for compensation *Sidley Austin LLP's Thirteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/1/2020 to 11/30/2020, Fee: $401,659.92, Expenses: $3,643.80. Filed by Attorney Juliana Hoffman Objections due by 1/14/2021. (Hoffman, Juliana) |
| 12/24/2020 | <u>1633</u> Application for compensation *Thirteenth Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 11/1/2020 to 11/30/2020, Fee: $201,148.56, Expenses: $408.64. Filed by Attorney Juliana Hoffman Objections due by 1/14/2021. (Hoffman, Juliana) |
| 12/24/2020 | <u>1634</u> Support/supplemental document *(Exhibit A to the Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1625</u> Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Annable, Zachery) |
| 12/26/2020 | <u>1635</u> Declaration re: *Supplemental Declaration of Matthew Clemente* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>206</u> Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T). (Hoffman, Juliana)* |
| 12/28/2020 | <u>1636</u> Agreed order granting <u>1623</u> Motion to extend deadline to assume unexpired nonresidential real property lease and setting motion to assume for hearing at confirmation. Entered on 12/28/2020. (Okafor, M.) |
| 12/28/2020 | <u>1637</u> Certificate of service re: *(Supplemental) Solicitation Materials Served on or Before December 2, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1630</u> Certificate of service re: *Solicitation Materials Served on or Before December 2, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1472</u> Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>944</u> Chapter 11 plan, <u>1079</u> Chapter 11 plan, <u>1287</u> Chapter 11 plan, <u>1383</u> Chapter 11 plan, <u>1450</u> Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., <u>1473</u> Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>945</u> Disclosure statement, <u>1080</u> Disclosure statement, <u>1289</u> Disclosure statement, <u>1384</u> Disclosure statement, <u>1453</u> Disclosure statement). filed by Debtor Highland Capital Management, L.P., <u>1476</u> Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and <u>1473</u> Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.)). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 12/28/2020 | <u>1638</u> Certificate of service re: *Documents Served on December 23, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1617</u> Order approving stipulation resolving Proof of Claim No. 99 filed by Hunton Andrews Kurth LLP (RE: |

| | |
|---|---|
| | related document(s)1614 Notice (generic) filed by Debtor Highland Capital Management, L.P.). Entered on 12/23/2020 (Okafor, M.), 1618 Notice *(Notice of Filing of Fifth Amended Exhibit B to Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course of Business)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)75 Motion to Authorize /Motion for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Filed by Highland Capital Management, L.P.. Hearing scheduled for 11/19/2019 at 12:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 11/12/2019. (Attachments: # 1 Notice # 2 Exhibit A – Proposed Order # 3 Exhibit B – OCP List # 4 Exhibit C – Form of Declaration of Disinterestedness # 5 Certificate of Service and Service List) (O'Neill, James) [ORIGINALLY FILED AS DOCUMENT #76 ON 10/29/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) filed by Debtor Highland Capital Management, L.P., 1619 Declaration re: *(Disclosure Declaration of Ordinary Course Professional)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 1621 Declaration re: *(Disclosure Declaration of Ordinary Course Professional)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 Document). filed by Debtor Highland Capital Management, L.P., 1623 Motion to extend time to assume unexpired nonresidential real property lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/29/2020 | 1640 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1513 Application for compensation *Twelfth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 10/1/2020 to 10/31/2020, Fee: $196,216.20, Expenses: $264.23.). (Hoffman, Juliana) |
| 12/30/2020 | 1641 Order granting motion to appear pro hac vice adding A. Lee Hogewood, III for Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (related document # 1620) Entered on 12/30/2020. (Okafor, M.) |
| 12/30/2020 | 1642 Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)1520 Application for compensation *(Ninth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from August 1, 2020 through August 31, 2020)* for Hayward & Ass). (Annable, Zachery) |
| 12/30/2020 | 1643 Agreed Motion to substitute attorney David Neier with Frances A. Smith, Michelle Hartmann, and Debra A. Dandeneau Filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (Attachments: # 1 Proposed Order) (Smith, Frances) |
| 12/30/2020 | 1644 Notice of Appearance and Request for Notice by Frances Anne Smith filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon. (Smith, Frances) |
| 12/30/2020 | 1645 Certificate of service re: Senior Employees Agreed Motion to Withdraw and Substitute Counsel of Record and Notice of Appearance filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)1643 Agreed Motion to substitute attorney David Neier with Frances A. Smith, Michelle Hartmann, and Debra A. Dandeneau, 1644 Notice of appearance and request for notice). (Smith, Frances) |
| 12/30/2020 | 1646 Certificate of service re: *Documents Served on or Before December 24, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, |

| | |
|---|---|
| | L.P., 1626 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 1/13/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1625, filed by Debtor Highland Capital Management, L.P., 1631 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) filed by Debtor Highland Capital Management, L.P., 1632 Application for compensation *Sidley Austin LLP's Thirteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/1/2020 to 11/30/2020, Fee: $401,659.92, Expenses: $3,643.80. Filed by Attorney Juliana Hoffman Objections due by 1/14/2021. filed by Creditor Committee Official Committee of Unsecured Creditors, 1633 Application for compensation *Thirteenth Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 11/1/2020 to 11/30/2020, Fee: $201,148.56, Expenses: $408.64. Filed by Attorney Juliana Hoffman Objections due by 1/14/2021. filed by Financial Advisor FTI Consulting, Inc., 1634 Support/supplemental document *(Exhibit A to the Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 12/30/2020 | 1647 Certificate of service re: *1) Supplemental Declaration of Matthew Clemente in Support of Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Sidley Austin LLP as Counsel to the Official Committee of Unsecured Creditors; and 2) Agreed Order Extending Deadline to Assume Unexpired Nonresidential Real Property Lease and Setting Motion to Assume for Hearing at Confirmation* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1635 Declaration re: *Supplemental Declaration of Matthew Clemente* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)206 Amended Application to employ Sidley Austin LLP as Attorney *APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING T).* filed by Creditor Committee Official Committee of Unsecured Creditors, 1636 *Agreed order granting* 1623 Motion to extend deadline to assume unexpired nonresidential real property lease and setting motion to assume for hearing at confirmation. Entered on 12/28/2020. (Okafor, M.)). (Kass, Albert) |
| 12/30/2020 | 1648 Notice *(Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). (Annable, Zachery) |
| 12/31/2020 | |

| | |
|---|---|
| | 1649 Joint Motion to continue hearing on (related documents 1207 Motion to allow claims) Filed by Creditor HarbourVest et al (Attachments: # 1 Proposed Order) (Driver, Vickie) |
| 12/31/2020 | 1650 Witness and Exhibit List filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (O'Neil, Holland) |
| 12/31/2020 | 1651 Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)1531 Application for compensation *(Tenth Monthly Application for Compensation and Reimbursement of Expenses of Hayward & Associates PLLC as Local Counsel to the Debtor for the Period from September 1, 2020 through September 30, 2020)* for Hayward). (Annable, Zachery) |
| 12/31/2020 | 1652 Order granting motion to continue hearing on (related document # 1649) (related documents Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan*) Hearing to be held on 1/13/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1207, Entered on 12/31/2020. (Okafor, M.) |
| 12/31/2020 | 1653 Certificate of service re: *(Supplemental) Solicitation Materials Served on or Before December 2, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1476 Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.), 1630 Certificate of service re: *Solicitation Materials Served on or Before December 2, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1472 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan, 1383 Chapter 11 plan, 1450 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement, 1384 Disclosure statement, 1453 Disclosure statement). filed by Debtor Highland Capital Management, L.P., 1476 Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.)). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 01/04/2021 | 1654 Certificate No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1521 Application for compensation *Fourteenth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor for the Period from November 1, 2020 through November 30, 2020* for J). (Pomerantz, Jeffrey) |
| 01/04/2021 | 1655 Application for compensation *Fourth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 9/1/2020 to 11/30/2020, Fee: $710,280.45, Expenses: $1,479.47. Filed by Attorney Juliana Hoffman Objections due by 1/25/2021. (Hoffman, Juliana) |
| 01/04/2021 | 1656 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by |

000564

| | |
|---|---|
| | Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit L—Amended Schedule of Retained Causes of Action # 2 Exhibit M—Amended Form of Claimant Trust Agreement # 3 Exhibit N—Redline of Form of Claimant Trust Agreement # 4 Exhibit O—Amended Form of Litigation Trust Agreement # 5 Exhibit P—Redline of Form of Litigation Trust Agreement) (Annable, Zachery) |
| 01/05/2021 | 1657 Notice of Appearance and Request for Notice by Daniel P. Winikka filed by Interested Parties Brad Borud, Jack Yang. (Winikka, Daniel) |
| 01/05/2021 | 1658 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: ACA Compliance Group (Amount $26,324.25) To Argo Partners. Filed by Creditor Argo Partners. (Gold, Matthew) |
| 01/05/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28389049, amount $ 26.00 (re: Doc# 1658). (U.S. Treasury) |
| 01/05/2021 | 1659 Certificate of No Objection filed by Other Professional Hayward & Associates PLLC (RE: related document(s)1545 Application for compensation *(Hayward & Associates PLLC's Third Interim Application for Compensation and Reimbursement of Expenses for the Period from July 1, 2020 through September 30, 2020)* for Hayward & Associates PLLC, Debtor's Att). (Annable, Zachery) |
| 01/05/2021 | 1660 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 6, 2021 at 2:30 p.m. (Central Time)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/05/2021 | 1661 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Interested Party James Dondero. (Clarke, James) |
| 01/05/2021 | 1662 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by City of Richardson, Allen ISD, City of Allen, Dallas County, Kaufman County. (Spindler, Laurie) |
| 01/05/2021 | 1663 Certificate of No Objection filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)1544 Application for compensation *(First Interim Application)* for Hunton Andrews Kurth LLP, Special Counsel, Period: 7/1/2020 to 10/31/2020, Fee: $206933.85, Expenses: $546.52.). (Annable, Zachery) |
| 01/05/2021 | 1664 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1547 Application for compensation *Third Interim Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession for the Period from August 1, 2020 through November 30,). (Annable, Zachery)* |
| 01/05/2021 | 1665 Certificate of No Objection filed by Other Professional Wilmer Cutler Pickering Hale and Dorr LLP (RE: related document(s)1552 Application for compensation *(Consolidated Monthly and Second Interim Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Regulatory and Compliance Counsel for). (Annable, Zachery)* |
| 01/05/2021 | 1666 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Interested Parties Brad Borud, Jack Yang. (Winikka, Daniel) |
| 01/05/2021 | 1667 Objection to confirmation of plan *with Certificate of Service* (RE: related document(s)1472 Chapter 11 plan) filed by Get Good Trust, The Dugaboy Investment Trust. (Draper, Douglas) |

000565

| | |
|---|---|
| 01/05/2021 | <u>1668</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Creditor United States (IRS). (Adams, David) |
| 01/05/2021 | <u>1669</u> WITHDRAWN per # <u>1845</u>. Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Smith, Frances) MODIFIED on 1/27/2021 (Ecker, C.). |
| 01/05/2021 | <u>1670</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small–Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Attachments: # <u>1</u> Exhibit A) (Rukavina, Davor) |
| 01/05/2021 | <u>1671</u> Trustee's Objection to *Fifth Amended Plan* (RE: related document(s)<u>1472</u> Chapter 11 plan) (Lambert, Lisa) |
| 01/05/2021 | <u>1672</u> Certificate of service re: Senior Employees' Objection to Debtor's Fifth Amended Plan of Reorganization filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)<u>1669</u> Objection to confirmation of plan). (Smith, Frances) |
| 01/05/2021 | <u>1673</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Creditor NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC. (Drawhorn, Lauren) |
| 01/05/2021 | <u>1674</u> Joinder by *Kauffman, Travers and Deadman to Limited Objection of Jack Yang and Brad Borud to Fifth Amended Plan of Reorganization* filed by Paul Kauffman, Todd Travers, Davis Deadman (RE: related document(s)<u>1472</u> Chapter 11 plan, <u>1666</u> Objection to confirmation of plan). (Kathman, Jason) |
| 01/05/2021 | <u>1675</u> Joinder by *[Joinder to Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. [Dkt. No. 1670] and Supplemental Objection to Plan Confirmation]* filed by Creditor CLO Holdco, Ltd. (RE: related document(s)<u>1670</u> Objection to confirmation of plan). (Kane, John) |
| 01/05/2021 | <u>1676</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Interested Parties NexBank Title Inc., NexBank Securities Inc., NexBank Capital Inc., NexBank. (Drawhorn, Lauren) |
| 01/05/2021 | <u>1677</u> Joinder by *NexPoint RE Entities to Objection to Confirmation of Fifth Amended Plan of Reorganization* filed by Interested Parties NexPoint Hospitality Trust, NexPoint Multifamily Capital Trust, Inc., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Finance Inc., NexPoint Real Estate Partners, LLC, NexPoint Residential Trust, Inc., Nexpoint Real Estate Capital, LLC, VineBrook Homes, Trust. Inc. (RE: related document(s)<u>1670</u> Objection to confirmation of plan). (Drawhorn, Lauren) |
| 01/05/2021 | <u>1678</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Creditor Patrick Daugherty. (Kathman, Jason) |
| 01/05/2021 | |

000566

| | |
|---|---|
| | 1679 Joinder by *Kauffman, Travers and Deadman to Limited Objection of Jack Yang and Brad Borud to Fifth Amended Plan of Reorganization (Amended)* filed by Davis Deadman, Paul Kauffman, Todd Travers (RE: related document(s)1472 Chapter 11 plan, 1666 Objection to confirmation of plan). (Kathman, Jason) |
| 01/05/2021 | 1680 Motion to appear pro hac vice for Debra Dandenau. Fee Amount $100 Filed by Creditor Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (Soderlund, Eric) |
| 01/05/2021 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28390902, amount $ 100.00 (re: Doc# 1680). (U.S. Treasury) |
| 01/06/2021 | 1681 Motion to appear pro hac vice for Douglas S. Draper. Fee Amount $100 Filed by Get Good Trust, The Dugaboy Investment Trust (Draper, Douglas) |
| 01/06/2021 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28393061, amount $ 100.00 (re: Doc# 1681). (U.S. Treasury) |
| 01/06/2021 | 1682 Motion to appear pro hac vice for Leslie A. Collins. Fee Amount $100 Filed by Get Good Trust, The Dugaboy Investment Trust (Draper, Douglas) |
| 01/06/2021 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28393082, amount $ 100.00 (re: Doc# 1682). (U.S. Treasury) |
| 01/06/2021 | 1683 Motion to appear pro hac vice for Greta M. Brouphy. Fee Amount $100 Filed by Get Good Trust, The Dugaboy Investment Trust (Brouphy, Greta) |
| 01/06/2021 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28393123, amount $ 100.00 (re: Doc# 1683). (U.S. Treasury) |
| 01/06/2021 | 1684 Order granting third interim fee application for compensation (related document # 1296) granting for Official Committee of Unsecured Creditors, fees awarded: $1865520.45, expenses awarded: $18678.47 Entered on 1/6/2021. (Okafor, M.) |
| 01/06/2021 | 1685 Order granting third interim application for compensation (related document # 1244) granting for FTI Consulting, Inc., fees awarded: $886615.45, expenses awarded: $1833.10 Entered on 1/6/2021. (Okafor, M.) |
| 01/06/2021 | 1686 Order granting first interim application for compensation (related document # 1544) granting for Hunton Andrews Kurth LLP, fees awarded: $206933.85, expenses awarded: $546.52 Entered on 1/6/2021. (Okafor, M.) |
| 01/06/2021 | 1687 Order granting third interim application for compensation (related document # 1547) granting for Jeffrey Nathan Pomerantz, fees awarded: $3380111.5, expenses awarded: $31940.33 Entered on 1/6/2021. (Okafor, M.) |
| 01/06/2021 | 1688 Second Agreed Order regarding deposit of funds into the registry of the court (RE: related document(s) 1365 Agreed Supplemental Order re: 474 Motion for authority to apply and disburse funds filed by Debtor Highland Capital Management, L.P., 1365 Order (generic)). Entered on 1/6/2021 (Okafor, M.) |
| 01/06/2021 | 1689 Motion to appear pro hac vice for Warren Horn. Fee Amount $100 Filed by Get Good Trust, The Dugaboy Investment Trust (Horn, Warren) |

| | |
|---|---|
| 01/06/2021 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28393995, amount $ 100.00 (re: Doc# 1689). (U.S. Treasury) |
| 01/06/2021 | 1690 Order granting motion to appear pro hac vice adding Debra A. Dandeneau for FTI Consulting, Inc. and Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (related document # 1680) Entered on 1/6/2021. (Okafor, M.) |
| 01/06/2021 | 1691 Order granting third and final application for compensation (related document 1483) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $617654.60, expenses awarded: $11433.73 Entered on 1/6/2021. (Okafor, M.) Modified to correct text on 1/29/2021 (Ecker, C.). |
| 01/06/2021 | 1692 Adversary case 21−03000. Complaint by Highland Capital Management, L.P. against Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, NexPoint Capital, Inc., CLO Holdco, Ltd.. Fee Amount $350 (Attachments: # 1 Adversary Proceeding Cover Sheet). Nature(s) of suit: 91 (Declaratory judgment). 72 (Injunctive relief − other). 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). (Annable, Zachery) |
| 01/06/2021 | 1693 Subpoena on Highland Capital Management, L.P. filed by Interested Party James Dondero. (Attachments: # 1 Ex. 1 − Subpoena with Document Requests) (Assink, Bryan) |
| 01/06/2021 | 1694 Subpoena on Kurtzman Carson Consultants LLC filed by Interested Party James Dondero. (Attachments: # 1 Ex. 1 − Subpoena with Document Requests) (Assink, Bryan) |
| 01/06/2021 | 1695 Certificate of service re: *1) WebEx Meeting Invitation to participate electronically in the hearing on Wednesday, December 16, 2020 at 1:30 p.m. Central Time before the Honorable Stacey G. Jernigan; 2) Instructions for any counsel and parties who wish to participate in the Hearing; and 3) Foley & Lardner LLP's Witness and Exhibit List for Final Fee Application* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1650 Witness and Exhibit List filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP (RE: related document(s)1483 Application for compensation *Third and Final Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP as Special Texas Counsel to the Debtor for the Period from October 16, 2019 through October 31, 2020* for Foley Ga). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (O'Neil, Holland) filed by Spec. Counsel Foley Gardere, Foley & Lardner LLP). (Kass, Albert) |
| 01/06/2021 | 1696 Certificate of service re: *1) Fourth Interim Fee Application of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period from September 1, 2020 Through and Including November 30, 2020; and 2) Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1655 Application for compensation *Fourth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 9/1/2020 to 11/30/2020, Fee: $710,280.45, Expenses: $1,479.47. Filed by Attorney Juliana Hoffman Objections due by 1/25/2021. filed by Financial Advisor FTI Consulting, Inc., 1656 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P.) (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit L−−Amended Schedule of Retained Causes of Action # 2 Exhibit M−−Amended Form of Claimant Trust Agreement # 3 Exhibit N−−Redline of Form of Claimant Trust Agreement # 4 Exhibit O−−Amended Form of Litigation Trust Agreement # 5 Exhibit P−−Redline of Form of Litigation Trust Agreement) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |

| | |
|---|---|
| 01/06/2021 | 1697 Objection to (related document(s): 1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. filed by Debtor Highland Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) |
| 01/07/2021 | 1698 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1583 Motion to extend time to Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)816 Order on motion to extend/shorten time)). (Annable, Zachery) |
| 01/07/2021 | 1699 Certificate of service re: Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1648 Notice (generic)). (Annable, Zachery) |
| 01/07/2021 | 1700 Certificate of service re: Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1648 Notice (generic)). (Annable, Zachery) |
| 01/07/2021 | 1701 Order granting motion to appear pro hac vice adding Douglas S. Draper for Get Good Trust and The Dugaboy Investment Trust (related document 1681) Entered on 1/7/2021. (Okafor, M.) Modified to add party on 1/7/2021 (Okafor, M.). |
| 01/07/2021 | 1702 Order granting motion to appear pro hac vice adding Leslie A. Collins for Get Good Trust and The Dugaboy Investment Trust (related document # 1682) Entered on 1/7/2021. (Okafor, M.) |
| 01/07/2021 | 1703 Order granting motion to appear pro hac vice adding Greta M. Brouphy for Get Good Trust and The Dugaboy Investment Trust (related document # 1683) Entered on 1/7/2021. (Okafor, M.) |
| 01/07/2021 | 1704 Order granting motion to appear pro hac vice adding Warren Horn for Get Good Trust and The Dugaboy Investment Trust (related document # 1689) Entered on 1/7/2021. (Okafor, M.) |
| 01/07/2021 | 1705 Notice to take deposition of Michael Pugatch filed by Interested Party James Dondero. (Assink, Bryan) |
| 01/08/2021 | 1706 Objection to (related document(s): 1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. filed by Debtor Highland Capital Management, L.P.)*Objection to Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith with Certficate of Service* filed by Get Good Trust, The Dugaboy Investment Trust. (Draper, Douglas) |
| 01/08/2021 | 1707 Objection to (related document(s): 1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. filed by Debtor Highland Capital Management, L.P.) filed by Creditor CLO Holdco, Ltd.. (Kane, John) |
| 01/08/2021 | 1708 **SEALED document regarding: Exhibit A to CLO Holdco, Ltd.'s Objection to Harbourvest Settlement [Docket No. 1707] Members Agreement Relating to the Company dated November 15, 2017 by and between each of the members of HCLOF,** |

| | including **Harbourvest, the Debtor, and CLO Holdco − Confidential [Confidential Subject to Agreed Protective Order See Docket No. 382] per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
|---|---|
| 01/08/2021 | 1709 Notice *(Notice of Filing of Certificate of Service Regarding Letter Dated January 7, 2021 to Highland Capital Management Services, Inc. from James P. Seery, Jr. Regarding Demand on Promissory Note)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/08/2021 | 1710 Debtor−in−possession monthly operating report for filing period November 1, 2020 to November 30, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/08/2021 | 1711 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to November 30, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 01/08/2021 | 1712 Certificate of service re: *Notice of Agenda of Matters Scheduled for Hearing on January 6, 2021 at 2:30 p.m. (Central Time)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1660 Notice *(Notice of Agenda of Matters Scheduled for Hearing on January 6, 2021 at 2:30 p.m. (Central Time)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/08/2021 | 1713 BNC certificate of mailing − PDF document. (RE: related document(s)1690 Order granting motion to appear pro hac vice granting Debra A. Dandeneau for FTI Consulting, Inc. and Frank Waterhouse, Scott B. Ellington, Isaac Leventon, Jean Paul Sevilla, Hunter Covitz and Thomas Surgent (related document 1680) Entered on 1/6/2021. (Okafor, M.)) No. of Notices: 1. Notice Date 01/08/2021. (Admin.) |
| 01/09/2021 | 1714 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 1/14/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1625, (Annable, Zachery) |
| 01/11/2021 | 1715 Order granting application for compensation (related document # 1552) granting for Wilmer Cutler Pickering Hale and Dorr LLP, fees awarded: $709256.22, expenses awarded: $0.0 Entered on 1/11/2021. (Ecker, C.) |
| 01/11/2021 | 1716 Witness and Exhibit List filed by Creditor CLO Holdco, Ltd. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Kane, John) |
| 01/11/2021 | 1717 **SEALED document regarding: Exhibit 4, Members Agreement Relating to the Company dated November 15, 2017 by and between each of the members of HCLOF, including Harbourvest, the Debtor, and CLO Holdco [Confidential Subject to Agreed** |

| | |
|---|---|
| | **Protective Order] per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/11/2021 | 1718 Amended Notice of hearing *(Amended Notice of (I) Hearing to Confirm Plan and (II) Related Important Dates)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan, 1383 Chapter 11 plan, 1450 Chapter 11 plan).). Confirmation hearing to be held on 1/26/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Annable, Zachery) |
| 01/11/2021 | 1719 Notice *(Second Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). (Annable, Zachery) |
| 01/11/2021 | 1720 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1207 Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan* Filed by Creditor HarbourVest et al Objections due by 11/9/2020. (Attachments: # 1 Proposed Order)). Hearing to be held on 1/14/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1207, (Annable, Zachery) |
| 01/11/2021 | 1721 Witness and Exhibit List filed by Interested Party James Dondero (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Attachments: # 1 Dondero Ex. A − POCs # 2 Dondero Ex. B # 3 Dondero Ex. C # 4 Dondero Ex. D # 5 Dondero Ex. E # 6 Dondero Ex. F # 7 Dondero Ex. G # 8 Ex. H − M) (Assink, Bryan) |
| 01/11/2021 | 1722 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Annable, Zachery) |
| 01/11/2021 | 1723 Witness and Exhibit List filed by Creditor HarbourVest et al (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Driver, Vickie) |
| 01/11/2021 | 1724 Certificate of service re: *Documents Served on January 6, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1684 Order granting third interim fee application for compensation (related document 1296) granting for Official Committee of Unsecured Creditors, fees awarded: $1865520.45, expenses awarded: $18678.47 Entered on 1/6/2021. (Okafor, M.), 1685 Order granting third interim application for compensation (related document 1244) granting for FTI Consulting, Inc., fees awarded: $886615.45, expenses awarded: $1833.10 Entered on 1/6/2021. (Okafor, M.), 1686 Order granting first interim application for compensation (related document 1544) granting for Hunton Andrews Kurth LLP, fees awarded: $206933.85, expenses awarded: $546.52 Entered on 1/6/2021. (Okafor, M.), 1687 Order granting third interim application for compensation (related document 1547) granting for Jeffrey Nathan Pomerantz, fees awarded: $3380111.5, expenses awarded: $31940.33 Entered on 1/6/2021. (Okafor, M.), |

| | |
|---|---|
| | 1688 Second Agreed Order regarding deposit of funds into the registry of the court (RE: related document(s) 1365 Agreed Supplemental Order re: 474 Motion for authority to apply and disburse funds filed by Debtor Highland Capital Management, L.P., 1365 Order (generic)). Entered on 1/6/2021 (Okafor, M.), 1691 Order granting first and final application for compensation (related document 1483) granting for Foley Gardere, Foley & Lardner LLP, fees awarded: $617654.60, expenses awarded: $11433.73 Entered on 1/6/2021. (Okafor, M.)). (Kass, Albert) |
| 01/12/2021 | 1725 Order further extending period within which the Debtor may remove actions 1583 Motion to extend time. (Re: related document(s) 1583 Motion to extend time to Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)816 Order on motion to extend/shorten time)) Entered on 1/12/2021. (Ecker, C.) |
| 01/12/2021 | 1726 Amended Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1722 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit T # 21 Exhibit U # 22 Exhibit V # 23 Exhibit W # 24 Exhibit X # 25 Exhibit DD) (Annable, Zachery) |
| 01/13/2021 | 1727 Certificate of service re: Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to November 30, 2020 filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1711 Notice (generic)). (Annable, Zachery) |
| 01/13/2021 | 1728 Order granting application for compensation (related document # 1545) granting for Hayward & Associates PLLC, fees awarded: $82325.00, expenses awarded: $1972.63 Entered on 1/13/2021. (Ecker, C.) |
| 01/13/2021 | 1729 Certificate of service re: Order (A) Approving the Adequacy of the Disclosure Statement; (B) Scheduling a Hearing to Confirm the Fifth Amended Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of the Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (E) Approving Form and Manner of Notice filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1476 Order approving disclosure statement). (Annable, Zachery) |
| 01/13/2021 | 1730 Certificate of service re: Order Further Extending Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1725 Order on motion to extend/shorten time). (Annable, Zachery) |
| 01/13/2021 | 1731 Omnibus Reply to (related document(s): 1697 Objection filed by Interested Party James Dondero, 1706 Objection filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, 1707 Objection filed by Creditor CLO Holdco, Ltd.) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/13/2021 | 1732 Amended Witness and Exhibit List *(Debtor's Second Amended Witness and Exhibit List with Respect to Hearing to Be Held on January 14, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1722 List (witness/exhibit/generic), 1726 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit EE) (Annable, Zachery) |
| 01/13/2021 | 1733 Expedited Motion to file document under seal./*Expedited Motion for Leave to File Documents Under Seal in Connection with the HarbourVest Reply in Support of Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest and Authorizing Actions Consistent Therewith* Filed by Creditor HarbourVest et al (Attachments: # 1 Exhibit A − Proposed Order) (Driver, Vickie) |

| | |
|---|---|
| 01/13/2021 | <u>1734</u> Omnibus Reply to (related document(s): <u>1697</u> Objection filed by Interested Party James Dondero, <u>1706</u> Objection filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, <u>1707</u> Objection filed by Creditor CLO Holdco, Ltd.) *(HarbourVest Reply in Support of Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest and Authorizing Actions Consistent Therewith* filed by Creditor HarbourVest et al. (Driver, Vickie) |
| 01/13/2021 | <u>1735</u> Support/supplemental document */Appendix to HarbourVest Reply in Support of Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest and Authorizing Actions Consistent Therewith* filed by Creditor HarbourVest et al (RE: related document(s)<u>1734</u> Reply). (Driver, Vickie) |
| 01/13/2021 | <u>1736</u> Emergency Motion to file document under seal.*(Debtor's Emergency Motion for Entry of an Order Authorizing the Filing under Seal of Exhibits to Debtor's Omnibus Reply in Support of Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154), and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Exhibit A——Proposed Order) (Annable, Zachery) |
| 01/14/2021 | <u>1737</u> Order granting motion to seal exhibits (related document # <u>1736</u>) Entered on 1/14/2021. (Ecker, C.) |
| 01/14/2021 | <u>1738</u> **SEALED document regarding: Exhibit A——Members Agreement per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1737</u> Order on motion to seal). (Annable, Zachery) |
| 01/14/2021 | <u>1739</u> **SEALED document regarding: Exhibit B——Articles of Incorporation per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1737</u> Order on motion to seal). (Annable, Zachery) |
| 01/14/2021 | <u>1740</u> **SEALED document regarding: Exhibit C——Offering Memorandum per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1737</u> Order on motion to seal). (Annable, Zachery) |
| 01/14/2021 | <u>1741</u> Notice *(Notice of Stipulation Resolving Proof of Claim No. 166 Filed by Stinson Leonard Street LLP)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/14/2021 | <u>1742</u> Exhibit List *(Supplemental Exhibit List)* filed by Interested Party James Dondero (RE: related document(s)<u>1625</u> Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). (Attachments: # <u>1</u> Dondero Ex. N) (Assink, Bryan) |
| 01/14/2021 | <u>1743</u> Declaration re: *Supplemental Declaration of Conor P. Tully In Support of the Application Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors* filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)<u>336</u> Order on application to employ). (Hoffman, Juliana) |
| 01/14/2021 | <u>1744</u> Declaration re: *(Supplemental Declaration of Marc D. Katz)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>268</u> Declaration). (Annable, Zachery) |
| 01/14/2021 | <u>1745</u> Motion to appoint trustee*Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)* Filed by Get Good Trust, The Dugaboy Investment Trust (Attachments: # <u>1</u> Proposed Order) (Draper, Douglas) |

000573

| | |
|---|---|
| 01/14/2021 | 1752 INCORRECT Entry: Original entry at # [1745 is correct} Motion to Appoint Examiner pursuant to 11 U.S.C. § 1104(c) by Get Good Trust , The Dugaboy Investment Trust . (Ecker, C.) Modified on 1/15/2021 (Ecker, C.). (Entered: 01/15/2021) |
| 01/14/2021 | 1753 Hearing held on 1/14/2021. (RE: related document(s)1590 Motion to pay Debtor's Motion Pursuant to the Protocols for Authority for Highland Multi Strategy Credit Fund, L.P. to Prepay Loan) filed by Debtor Highland Capital Management, L.P. (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; E. Weisgerber for HarbourVest; J. Kane for CLO Holdco; D. Draper for Dugaboy and Get Good Trust; M. Clemente for UCC; R. Matsumura for HCLOF. Nonevidentiary hearing. Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 01/15/2021) |
| 01/14/2021 | 1754 Hearing held on 1/14/2021. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P., filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; E. Weisgerber for HarbourVest; J. Kane for CLO Holdco; D. Draper for Dugaboy and Get Good Trust; M. Clemente for UCC; R. Matsumura for HCLOF. Evidentiary hearing. Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 01/15/2021) |
| 01/14/2021 | 1755 Hearing held on 1/14/2021. (RE: related document(s)1207 Motion to allow claims of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan filed by Creditor HarbourVest et al (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; E. Weisgerber for HarbourVest; J. Kane for CLO Holdco; D. Draper for Dugaboy and Get Good Trust; M. Clemente for UCC; R. Matsumura for HCLOF. Evidentiary hearing. Motion resolved by approval of compromise and settlement. Counsel to upload order.) (Edmond, Michael) (Entered: 01/15/2021) |
| 01/14/2021 | 1782 Court admitted exhibits date of hearing January 14, 2021 (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P., filed by Debtor Highland Capital Management, L.P.) (COURT ADMITTED DEBTOR'S/PLAINTIFF EXHIBIT'S #A THROUGH #EE BY JAMES MORRIS AND EXHIBIT'S #34 & #36 BY ERICA WEISGERBER AND DEFENDANT'S DONDERO EXHIBIT #N (ONLY PORTIONS OF EXHIBIT) BY J. WILSON) (Edmond, Michael) (Entered: 01/20/2021) |
| 01/15/2021 | 1746 Order granting motion to pay (related document # 1590) Entered on 1/15/2021. (Ecker, C.) |
| 01/15/2021 | 1747 Order (RE: related document(s)1741 Notice (generic) filed by Debtor Highland Capital Management, L.P.). Entered on 1/15/2021 (Ecker, C.) |
| 01/15/2021 | 1748 Motion for expedited hearing(related documents 1745 Motion to appoint trustee) Filed by Get Good Trust, The Dugaboy Investment Trust (Attachments: # 1 Proposed Order) (Draper, Douglas) |
| 01/15/2021 | 1749 Notice *(Third Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. |

| | |
|---|---|
| | (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). (Annable, Zachery) |
| 01/15/2021 | 1750 Request for transcript regarding a hearing held on 1/14/2021. The requested turn−around time is hourly (Green, Shanette) |
| 01/15/2021 | 1751 Supplemental Certificate of service re: filed by Creditors The Dugaboy Investment Trust, Get Good Trust (RE: related document(s)1745 Motion to appoint trustee*Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)*, 1748 Motion for expedited hearing(related documents 1745 Motion to appoint trustee) ). (Draper, Douglas) Modified on 1/15/2021 (Rielly, Bill). |
| 01/15/2021 | 1756 Joinder by filed by Interested Party James Dondero (RE: related document(s)1745 Motion to appoint trustee*Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)*). (Assink, Bryan) |
| 01/15/2021 | 1757 Notice *of Increase in Hourly Rates for Pachulski Stang Ziehl & Jones LLP Effective as of January 1, 2021* filed by Debtor Highland Capital Management, L.P.. (Pomerantz, Jeffrey) |
| 01/15/2021 | 1758 Certificate No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1632 Application for compensation *Sidley Austin LLP's Thirteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 11/1/2020 to 11/30/2020, Fee: &#0). (Hoffman, Juliana) |
| 01/15/2021 | 1759 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1633 Application for compensation *Thirteenth Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 11/1/2020 to 11/30/2020, Fee: $201,148.56, Expenses: $408.64.). (Hoffman, Juliana) |
| 01/15/2021 | 1760 Certificate of service re: *(Supplemental) Solicitation Materials Served on January 11, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1630 Certificate of service re: *Solicitation Materials Served on or Before December 2, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1472 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan, 1383 Chapter 11 plan, 1450 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement, 1384 Disclosure statement, 1453 Disclosure statement). filed by Debtor Highland Capital Management, L.P., 1476 Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.)). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 01/15/2021 | 1761 Certificate of service re: *Documents Served on or Before January 12, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1714 Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.. Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on |

| | |
|---|---|
| | 1/14/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>1625</u>, filed by Debtor Highland Capital Management, L.P., <u>1715</u> Order granting application for compensation (related document <u>1552</u>) granting for Wilmer Cutler Pickering Hale and Dorr LLP, fees awarded: $709256.22, expenses awarded: $0.0 Entered on 1/11/2021. (Ecker, C.), <u>1718</u> Amended Notice of hearing *(Amended Notice of (I) Hearing to Confirm Plan and (II) Related Important Dates)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>944</u> Chapter 11 plan, <u>1079</u> Chapter 11 plan, <u>1287</u> Chapter 11 plan, <u>1383</u> Chapter 11 plan, <u>1450</u> Chapter 11 plan).). Confirmation hearing to be held on 1/26/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. filed by Debtor Highland Capital Management, L.P., <u>1719</u> Notice *(Second Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1606</u> Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). filed by Debtor Highland Capital Management, L.P., <u>1720</u> Amended Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1207</u> Motion to allow claims *of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan* Filed by Creditor HarbourVest et al Objections due by 11/9/2020. (Attachments: # 1 Proposed Order)). Hearing to be held on 1/14/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>1207</u>, filed by Debtor Highland Capital Management, L.P., <u>1722</u> Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1625</u> Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P..). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/15/2021 | <u>1762</u> Certificate of service re: *Documents Served on January 12, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1725</u> Order further extending period within which the Debtor may remove actions <u>1583</u> Motion to extend time. (Re: related document(s)<u>1583</u> Motion to extend time to Remove Actions Pursuant to 28 U.S.C. 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (RE: related document(s)<u>816</u> Order on motion to extend/shorten time)) Entered on 1/12/2021. (Ecker, C.), <u>1726</u> Amended Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1722</u> List (witness/exhibit/generic)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit T # 21 Exhibit U # 22 Exhibit V # 23 Exhibit W # 24 Exhibit X # 25 Exhibit DD) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/15/2021 | <u>1763</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>1728</u> Order granting application for compensation (related document <u>1545</u>) granting for Hayward & Associates PLLC, fees awarded: $82325.00, expenses awarded: $1972.63 Entered on 1/13/2021. (Ecker, C.)) No. of Notices: 1. Notice Date 01/15/2021. (Admin.) |
| 01/16/2021 | <u>1764</u> Notice to take deposition of James P. Seery, Jr. filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/17/2021 | <u>1765</u> Transcript regarding Hearing Held 01/14/2021 (173 pages) RE: Motion to Prepay Loan; Motion to Compromise Controversy; Motion to Allow Claims. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 04/19/2021. |

|  | Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1753 Hearing held on 1/14/2021. (RE: related document(s)1590 Motion to pay Debtor's Motion Pursuant to the Protocols for Authority for Highland Multi Strategy Credit Fund, L.P. to Prepay Loan) filed by Debtor Highland Capital Management, L.P. (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; E. Weisgerber for HarbourVest; J. Kane for CLO Holdco; D. Draper for Dugaboy and Get Good Trust; M. Clemente for UCC; R. Matsumura for HCLOF. Nonevidentiary hearing. Motion granted. Counsel to upload order.), 1754 Hearing held on 1/14/2021. (RE: related document(s)1625 Motion to compromise controversy with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International Fund II Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P., filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; E. Weisgerber for HarbourVest; J. Kane for CLO Holdco; D. Draper for Dugaboy and Get Good Trust; M. Clemente for UCC; R. Matsumura for HCLOF. Evidentiary hearing. Motion granted. Counsel to upload order.), 1755 Hearing held on 1/14/2021. (RE: related document(s)1207 Motion to allow claims of HarbourVest Pursuant to Rule 3018(A) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan filed by Creditor HarbourVest et al (Appearances: J. Pomeranz, J. Morris, and G. Demo for Debtor; J. Wilson, M. Lynn, J. Bonds, and B. Assink for J. Dondero; E. Weisgerber for HarbourVest; J. Kane for CLO Holdco; D. Draper for Dugaboy and Get Good Trust; M. Clemente for UCC; R. Matsumura for HCLOF. Evidentiary hearing. Motion resolved by approval of compromise and settlement. Counsel to upload order.)). Transcript to be made available to the public on 04/19/2021. (Rehling, Kathy) |
|---|---|
| 01/17/2021 | 1766 BNC certificate of mailing − PDF document. (RE: related document(s)1747 Order (RE: related document(s)1741 Notice (generic) filed by Debtor Highland Capital Management, L.P.). Entered on 1/15/2021 (Ecker, C.)) No. of Notices: 1. Notice Date 01/17/2021. (Admin.) |
| 01/18/2021 | 1767 Verified statement pursuant to Rule 2019 filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon. (Smith, Frances) |
| 01/18/2021 | 1768 Certificate of service re: Verified Statement Pursuant to Federal Rule of Bankruptcy Procedure 2019 of (I) Frances A. Smith and Disclosures of Ross & Smith, PC; and (II) Michelle Hartmann and Disclosures of Baker & McKenzie LLP filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)1767 Verified statement pursuant to Rule 2019). (Smith, Frances) |
| 01/18/2021 | 1769 Declaration re: *(Report of Mediators)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)912 Order (generic)). (Annable, Zachery) |
| 01/19/2021 | 1770 Order Granting Expedited Motion for Leave to File Documents Under Seal in Connection with the HarbourVest Reply in Support of Debtors Motion for Entry of an Order Approving Settlement with HarbourVest and Authorizing Actions Consistent Therewith (related document # 1733) Entered on 1/19/2021. (Okafor, M.) |
| 01/19/2021 | 1771 Application for compensation *Fifteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2020 through December 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 12/1/2020 to 12/31/2020, Fee: $1,046,024.00, Expenses: $4,130.90. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 2/9/2021. (Pomerantz, Jeffrey) |
| 01/19/2021 | 1772 Chapter 11 ballot summary filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |

000577

| 01/19/2021 | 1773 Notice to take deposition of James P. Seery, Jr. filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
|---|---|
| 01/19/2021 | 1774 Notice to take deposition of Highland Capital Management, L.P. filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Hogewood, A.) |
| 01/19/2021 | 1775 Certificate of service re: *1) Order Granting Debtors Motion Pursuant to the Protocols for Authority for Highland Multi Strategy Credit Fund, L.P. to Prepay; 2) Order Approving Stipulation Resolving Proof of Claim No. 166 Filed by Stinson Leonard Street LLP; and 3) Third Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1746 Order granting motion to pay (related document 1590) Entered on 1/15/2021. (Ecker, C.), 1747 Order (RE: related document(s)1741 Notice (generic) filed by Debtor Highland Capital Management, L.P.). Entered on 1/15/2021 (Ecker, C.), 1749 Notice *(Third Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/19/2021 | 1776 Notice to take deposition of Highland Capital Management LP filed by Get Good Trust, The Dugaboy Investment Trust. (Draper, Douglas) |
| 01/19/2021 | 1777 Motion for leave *(Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B−1 # 3 Exhibit B−2 # 4 Exhibit C) (Annable, Zachery) |
| 01/19/2021 | 1778 Motion for expedited hearing(related documents 1777 Motion for leave) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 01/19/2021 | 1779 Certificate of service re: *Documents Served on January 13, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1728 Order granting application for compensation (related document 1545) granting for Hayward & Associates PLLC, fees awarded: $82325.00, expenses awarded: $1972.63 Entered on 1/13/2021. (Ecker, C.), 1731 Omnibus Reply to (related document(s): 1697 Objection filed by Interested Party James Dondero, 1706 Objection filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, 1707 Objection filed by Creditor CLO Holdco, Ltd.) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1732 Amended Witness and Exhibit List *(Debtor's Second Amended Witness and Exhibit List with Respect to Hearing to Be Held on January 14, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1722 List (witness/exhibit/generic), 1726 List (witness/exhibit/generic). (Attachments: # 1 Exhibit EE) filed by Debtor Highland Capital Management, L.P.., 1736 Emergency Motion to file document under seal.*(Debtor's Emergency Motion for Entry of an Order Authorizing the Filing under Seal of Exhibits to Debtor's Omnibus Reply in Support of Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150,* |

000578

| | |
|---|---|
| | *153, 154), and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/20/2021 | 1780 Notice *of District Court Order Accepting Documents Designated for Inclusion in Record on Appeal Under Seal* filed by Interested Parties UBS AG London Branch, UBS Securities LLC. (Sosland, Martin) |
| 01/20/2021 | 1781 Certificate of service re: Notice of Rule 30(b)(6) *Amended Certificate of Service* filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1776 Notice to take deposition. (Draper, Douglas) |
| 01/20/2021 | 1783 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1777 Motion for leave *(Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B−1 # 3 Exhibit B−2 # 4 Exhibit C)). Hearing to be held on 1/26/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1777, (Annable, Zachery) |
| 01/20/2021 | 1784 WITHDRAWN PER # 1876. Objection to (related document(s): 1719 Notice (generic) filed by Debtor Highland Capital Management, L.P.) filed by Interested Party James Dondero. (Assink, Bryan) Modified on 2/2/2021 (Ecker, C.). |
| 01/20/2021 | 1785 Order granting motion for expedited hearing (Related Doc# 1778)(document set for hearing: 1777 Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief)) Hearing to be held on 1/26/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1777, Entered on 1/20/2021. (Rielly, Bill) |
| 01/20/2021 | 1786 Certificate of service re: *Documents Served on January 14, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1737 Order granting motion to seal exhibits (related document 1736) Entered on 1/14/2021. (Ecker, C.), 1741 Notice *(Notice of Stipulation Resolving Proof of Claim No. 166 Filed by Stinson Leonard Street LLP)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1743 Declaration re: *Supplemental Declaration of Conor P. Tully In Support of the Application Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors* filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)336 Order on application to employ). filed by Financial Advisor FTI Consulting, Inc., 1744 Declaration re: *(Supplemental Declaration of Marc D. Katz)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)268 Declaration). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/20/2021 | 1787 Certificate of service re: *Documents Served on or Before January 19, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1764 Notice to take deposition of James P. Seery, Jr. filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1769 Declaration re: *(Report of Mediators)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)912 Order (generic)). filed by Debtor Highland Capital Management, L.P., 1771 Application for compensation *Fifteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2020 through December 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 12/1/2020 to 12/31/2020, Fee: $1,046,024.00, Expenses: $4,130.90. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 2/9/2021. filed by Debtor Highland Capital Management, L.P., 1772 Chapter 11 ballot summary filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1773 Notice to take deposition of James P. Seery, Jr. filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1777 Motion for leave *(Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief)* Filed by Debtor Highland Capital |

| | |
|---|---|
| | Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B−1 # 3 Exhibit B−2 # 4 Exhibit C) filed by Debtor Highland Capital Management, L.P., 1778 Motion for expedited hearing(related documents 1777 Motion for leave) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/21/2021 | 1788 Order granting motion to compromise controversy with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and authorizing actions consistent therewith (related document # 1625) Entered on 1/21/2021. (Okafor, M.) |
| 01/21/2021 | 1789 Notice *(Notice of Service of Discovery on Highland Capital Management, L.P.)* filed by Interested Party James Dondero. (Attachments: # 1 Ex. A − Document Requests) (Assink, Bryan) |
| 01/21/2021 | 1790 Subpoena on Jean Paul Sevilla filed by Interested Party James Dondero. (Attachments: # 1 Ex. 1 − Subpoena) (Assink, Bryan) |
| 01/21/2021 | 1791 Notice *(Notice of Withdrawal of Certain Executory Contracts and Unexpired Leases from List of Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1648 Notice *(Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I──Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J──Amended Form of Senior Employee Stipulation # 3 Exhibit K──Redline of Form of Senior Employee Stipulation))., 1719 Notice *(Second Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I──Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J──Amended Form of Senior Employee Stipulation # 3 Exhibit K──Redline of Form of Senior Employee Stipulation))., 1749 Notice *(Third Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I──Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J──Amended Form of Senior Employee Stipulation # 3 Exhibit K──Redline of Form of Senior Employee Stipulation)).). (Annable, Zachery) |
| 01/21/2021 | |
| 01/22/2021 | 1792 Witness and Exhibit List *United States' (IRS) Witness & Exhibit List* filed by Creditor United States (IRS) (RE: related document(s)1668 Objection to confirmation of plan). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6) (Adams, David) |
| 01/22/2021 | 1793 Witness and Exhibit List *for Confirmation Hearing* filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint |

000580

| | |
|---|---|
| | Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (RE: related document(s)1670 Objection to confirmation of plan). (Hogewood, A.) |
| 01/22/2021 | 1794 Witness and Exhibit List *with Certificate of Service* filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit 5 # 2 Exhibit 6 # 3 Exhibit 6−1) (Draper, Douglas) |
| 01/22/2021 | 1795 Witness and Exhibit List filed by Interested Party James Dondero (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Dondero Ex. 1 # 2 Dondero Ex. 2 # 3 Dondero Ex. 3 # 4 Dondero Ex. 4 # 5 Dondero Ex. 5 # 6 Dondero Ex. 6 # 7 Dondero Ex. 7 # 8 Dondero Ex. 8 # 9 Dondero Ex. 9 # 10 Dondero Ex. 10 # 11 Dondero Ex. 11 # 12 Dondero Ex. 12 # 13 Dondero Ex. 13 # 14 Dondero Ex. 14 # 15 Dondero Ex. 15 # 16 Dondero Ex. 16 # 17 Dondero Ex. 17) (Assink, Bryan) |
| 01/22/2021 | 1796 Witness and Exhibit List *for Hearing Scheduled for January 26, 2021 at 9:30 a.m.* filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit SE1 # 2 Exhibit SE2 # 3 Exhibit SE # 4 Exhibit SE4 # 5 Exhibit SE5 # 6 Exhibit SE6 # 7 Exhibit SE7 # 8 Exhibit SE8 # 9 Exhibit SE9 # 10 Exhibit SE10 # 11 Exhibit SE11 # 12 Exhibit SE12 # 13 Exhibit SE13 # 14 Exhibit SE14 # 15 Exhibit SE15 # 16 Exhibit SE16 # 17 Exhibit SE17 # 18 Exhibit SE18 # 19 Exhibit SE19 # 20 Exhibit SE20 # 21 Exhibit SE21 # 22 Exhibit SE22 # 23 Exhibit SE23 # 24 Exhibit SE24 # 25 Exhibit SE25 # 26 Exhibit SE26 # 27 Exhibit SE27 # 28 Exhibit SE28 # 29 Exhibit SE29 # 30 Exhibit SE30 # 31 Exhibit SE31 # 32 Exhibit SE33 # 33 Exhibit SE34 # 34 Exhibit SE35 # 35 Exhibit SE36 # 36 Exhibit SE37 # 37 Exhibit SE38 # 38 Exhibit SE39 # 39 Exhibit SE40) (Smith, Frances) |
| 01/22/2021 | 1797 Witness and Exhibit List filed by Creditor CLO Holdco, Ltd. (RE: related document(s)1472 Chapter 11 plan). (Kane, John) |
| 01/22/2021 | 1798 Certificate of service re: Witness & Exhibit List for Hearing Scheduled for January, 26, 2021 at 9:30 a.m. filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)1796 List (witness/exhibit/generic)). (Smith, Frances) |
| 01/22/2021 | 1799 Witness and Exhibit List *for Hearing Scheduled for January 26, 2021 at 9:30 a.m.* filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit SE33) (Smith, Frances) |
| 01/22/2021 | 1800 Exhibit and Witness List for Confirmation Hearing filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (RE: related document(s)1670 Objection to confirmation of plan). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit U # 21 Exhibit U # 22 Exhibit V # 23 Exhibit W # 24 Exhibit X # 25 Exhibit Y # 26 Exhibit Z # 27 Exhibit AA # 28 Exhibit BB # 29 Exhibit CC # 30 Exhibit DD # 31 Exhibit EE # 32 Exhibit FF # 33 Exhibit GG # 34 Exhibit HH # 35 Exhibit II # 36 Exhibit JJ # 37 Exhibit KK # 38 Exhibit LL # 39 Exhibit MM # 40 Exhibit NN # 41 Exhibit OO # 42 Exhibit PP # 43 Exhibit QQ # 44 Exhibit RR # 45 Exhibit SS # 46 Exhibit TT # 47 Exhibit UU # 48 Exhibit VV # 49 Exhibit WW # 50 Exhibit XX # 51 Exhibit YY # 52 Exhibit ZZ # 53 Exhibit AAA # 54 Exhibit BBB # 55 Exhibit CCC # 56 Exhibit DDD # 57 Exhibit EEE # 58 Exhibit FFF # 59 Exhibit GGG # 60 Exhibit HHH # 61 Exhibit III # 62 Exhibit JJJ # 63 Exhibit KKK # 64 Exhibit LLL # 65 Exhibit MMM # 66 Exhibit NNN # 67 Exhibit |

| | |
|---|---|
| | OOO # <u>68</u> Exhibit PPP # <u>69</u> Exhibit QQQ # <u>70</u> Exhibit RRR # <u>71</u> Exhibit SSS # <u>72</u> Exhibit TTT # <u>73</u> Exhibit UUU # <u>74</u> Exhibit VVV # <u>75</u> Exhibit WWW # <u>76</u> Exhibit ZZZ) (Hogewood, A.) MODIFIED on 1/25/2021 (Ecker, C.). |
| 01/22/2021 | <u>1801</u> Adversary case 21−03003. Complaint by Highland Capital Management, L.P. against James Dondero. Fee Amount $350 (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property − 542 turnover of property). (Annable, Zachery) |
| 01/22/2021 | <u>1802</u> Adversary case 21−03004. Complaint by Highland Capital Management, L.P. against Highland Capital Management Fund Advisors, L.P.. Fee Amount $350 (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property − 542 turnover of property). (Annable, Zachery) |
| 01/22/2021 | <u>1803</u> Adversary case 21−03005. Complaint by Highland Capital Management, L.P. against NexPoint Advisors, L.P.. Fee Amount $350 (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property − 542 turnover of property). (Annable, Zachery) |
| 01/22/2021 | <u>1804</u> Adversary case 21−03006. Complaint by Highland Capital Management, L.P. against Highland Capital Management Services, Inc.. Fee Amount $350 (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Adversary Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property − 542 turnover of property). (Annable, Zachery) |
| 01/22/2021 | <u>1805</u> Adversary case 21−03007. Complaint by Highland Capital Management, L.P. against HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). Fee Amount $350 (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Cover Sheet). Nature(s) of suit: 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 11 (Recovery of money/property − 542 turnover of property). (Annable, Zachery) |
| 01/22/2021 | <u>1806</u> Motion to file document under seal. Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund (Attachments: # <u>1</u> Proposed Order) (Vasek, Julian) |
| 01/22/2021 | <u>1807</u> INCORRECT EVENT: Attorney to refile. Notice *(Debtor's Omnibus Reply to Objections to Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management L.P. (with Technical Modifications)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1661</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Interested Party James Dondero., <u>1662</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by City of Richardson, Allen ISD, City of Allen, Dallas County, Kaufman County., <u>1666</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Interested Parties Brad Borud, Jack Yang., <u>1667</u> Objection to confirmation of plan*with Certificate of Service* (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Get Good Trust, The Dugaboy Investment Trust., <u>1668</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Creditor United States (IRS)., <u>1669</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> Chapter 11 plan) filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon. (Attachments: # 1 Exhibit A # 2 Exhibit B), <u>1670</u> Objection to confirmation of plan (RE: related document(s)<u>1472</u> |

| | |
|---|---|
| | Chapter 11 plan) filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Attachments: # 1 Exhibit A), 1673 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Creditor NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC., 1676 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Interested Parties NexBank Title Inc., NexBank Securities Inc., NexBank Capital Inc., NexBank., 1678 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Creditor Patrick Daugherty.). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Annable, Zachery) MODIFIED on 1/25/2021 (Ecker, C.) |
| 01/22/2021 | 1808 Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Annable, Zachery) |
| 01/22/2021 | 1809 Support/supplemental document *(Redline of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Annable, Zachery) |
| 01/22/2021 | 1810 Witness and Exhibit List [Exhibits 1−2 and 12−17] filed by Creditor CLO Holdco, Ltd. (RE: related document(s)1797 List (witness/exhibit/generic). (Attachments: # 1 CLO Exhibit 2 # 2 CLO Exhibit 12 # 3 CLO Exhibit 13 # 4 CLO Exhibit 14 # 5 CLO Exhibit 15 # 6 CLO Exhibit 16 # 7 CLO Exhibit 17) (Kane, John) MODIFIED on 1/25/2021 (Ecker, C.). |
| 01/22/2021 | 1811 NOTICE (Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Attachments: # 1 Exhibit Q # 2 Exhibit R # 3 Exhibit S # 4 Exhibit T # 5 Exhibit U # 6 Exhibit V # 7 Exhibit W # 8 Exhibit X # 9 Exhibit Y # 10 Exhibit Z # 11 Exhibit AA # 12 Exhibit BB # 13 Exhibit CC # 14 Exhibit DD) (Annable, Zachery) Modified text on 1/25/2021 (Ecker, C.). |
| 01/22/2021 | **1812 SEALED document regarding: CLO Exhibit 3 − Aberdeen Loan Funding, Ltd. Servicing Agreement [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | **1813 SEALED document regarding: CLO Exhibit 4 − Brentwood CLO Ltd. Servicing Agreement [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | 1814 Memorandum of Law in support of confirmation filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Annable, Zachery) Modified on 1/25/2021 (Ecker, C.). |
| 01/22/2021 | **1815 SEALED document regarding: CLO Exhibit 5 − Grayson CLO Ltd. Servicing Agreement and Amendment to Servicing Agreement [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | **1816 SEALED document regarding: CLO Exhibit 6 − Liberty CLO, Ltd. Portfolio Management Agreement [CONFIDENTIAL] in connection to CLO's Witness and** |

| | |
|---|---|
| | **Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | 1817 **SEALED document regarding: CLO Exhibit 7 − Red River CLO Ltd. Servicing Agreement and Amendment to Servicing Agreement [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | 1818 **SEALED document regarding: CLO Exhibit 8 − Rockwall CDO Ltd. Servicing Agreement [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | 1819 **SEALED document regarding: CLO Exhibit 9 − Valhalla CLO, Ltd. Reference Portfolio Management Agreement [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | 1820 **SEALED document regarding: CLO Exhibit 10 − Westchester CLO, Ltd. Servicing Agreement [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | 1821 **SEALED document regarding: CLO Exhibit 11 − Debtor Prepared Summary of CLO Holdco, Ltd.'s Interest in Debtor−Managed CLO Funds [CONFIDENTIAL] in connection to CLO's Witness and Exhibit List at Docket No. 1797 per court order** filed by Creditor CLO Holdco, Ltd. (RE: related document(s)382 Order on motion for protective order). (Kane, John) |
| 01/22/2021 | 1822 (REDACTED EXHIBITS ADDED 01/27/2021); Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 List of 20 Largest Creditors C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit T # 21 Exhibit U # 22 Exhibit V # 23 List of 20 Largest Creditors W # 24 Exhibit X # 25 Exhibit Y # 26 Exhibit Z # 27 Exhibit AA # 28 Exhibit BB # 29 Exhibit CC # 30 Exhibit DD # 31 Exhibit EE # 32 Exhibit FF # 33 Exhibit GG # 34 Exhibit HH # 35 Exhibit II # 36 Exhibit JJ # 37 Exhibit KK # 38 Exhibit LL # 39 Exhibit MM # 40 Exhibit NN # 41 Exhibit OO # 42 Exhibit PP # 43 Exhibit QQ # 44 Exhibit RR # 45 Exhibit SS # 46 Exhibit TT # 47 Exhibit UU # 48 Exhibit VV # 49 Exhibit WW # 50 Exhibit XX # 51 Exhibit YY # 52 Exhibit ZZ # 53 Exhibit AAA # 54 Exhibit BBB # 55 Exhibit CCC # 56 Exhibit DDD # 57 Exhibit EEE # 58 Exhibit FFF # 59 Exhibit GGG # 60 Exhibit HHH # 61 Exhibit III # 62 Exhibit JJJ # 63 Exhibit KKK # 64 Exhibit LLL # 65 Exhibit MMM # 66 Exhibit NNN # 67 Exhibit OOO # 68 Exhibit PPP # 69 Exhibit QQQ # 70 Exhibit RRR # 71 Exhibit SSS # 72 Exhibit TTT # 73 Exhibit UUU # 74 Exhibit VVV # 75 Exhibit WWW # 76 Exhibit XXX # 77 Exhibit YYY # 78 Exhibit ZZZ # 79 Exhibit AAAA # 80 Exhibit BBBB # 81 Exhibit CCCC # 82 Exhibit DDDD # 83 Exhibit EEEE # 84 Exhibit FFFF # 85 Exhibit GGGG # 86 Exhibit MMMM # 87 Exhibit NNNN # 88 Exhibit OOOO # 89 Exhibit PPPP # 90 Exhibit QQQQ # 91 Exhibit RRRR # 92 Exhibit SSSS # 93 Exhibit TTTT # 94 Exhibit UUUU # 95 Exhibit VVVV # 96 Exhibit WWWW # 97 Exhibit XXXX # 98 Exhibit YYYY # 99 Exhibit ZZZZ # 100 Exhibit AAAAA # 101 Exhibit BBBBB # 102 Exhibit CCCCC # 103 Exhibit DDDDD # 104 Exhibit EEEEE # 105 Exhibit FFFFF # 106 Exhibit GGGGG # 107 Exhibit HHHHH # 108 Exhibit IIIII # 109 Exhibit JJJJJ # 110 Exhibit KKKKK # 111 Exhibit LLLLL # 112 Exhibit MMMMM # 113 Exhibit NNNNN # 114 Exhibit OOOOO # 115 Exhibit PPPPP # 116 Exhibit QQQQQ # 117 Exhibit RRRRR # 118 Exhibit SSSSS # 119 Exhibit TTTTT # 120 Exhibit UUUUU # 121 Exhibit VVVVV # 122 Exhibit WWWWW # 123 Exhibit XXXXX # 124 Exhibit YYYYY # 125 Exhibit ZZZZZ # 126 Exhibit AAAAAA # 127 Exhibit |

| | |
|---|---|
| | BBBBBB # <u>128</u> Exhibit CCCCCC # <u>129</u> Exhibit DDDDDD # <u>130</u> Exhibit EEEEEE # <u>131</u> Exhibit FFFFFF # <u>132</u> Exhibit GGGGGG # <u>133</u> Exhibit HHHHHH # <u>134</u> Exhibit IIIIII # <u>135</u> Exhibit JJJJJJ # <u>136</u> Exhibit KKKKKK # <u>137</u> Exhibit LLLLLL # <u>138</u> Exhibit MMMMMM # <u>139</u> Exhibit NNNNNN # <u>140</u> Exhibit OOOOOO # <u>141</u> Exhibit PPPPPP # <u>142</u> Exhibit QQQQQQ # <u>143</u> Exhibit RRRRRR # <u>144</u> Exhibit SSSSSS # <u>145</u> Exhibit TTTTTT # <u>146</u> Exhibit UUUUUU # <u>147</u> Exhibit VVVVVV # <u>148</u> Exhibit WWWWWW # <u>149</u> Exhibit XXXXXX # <u>150</u> Exhibit YYYYYY # <u>151</u> Exhibit ZZZZZZ) (Annable, Zachery) Additional attachment(s) added on 1/27/2021 (Okafor, M.). Modified on 1/27/2021 (Okafor, M.). Additional attachment(s) added on 1/28/2021 (Okafor, M.). |
| 01/22/2021 | <u>1823</u> Response unopposed to (related document(s): <u>1828</u> Response filed by Debtor Highland Capital Management, L.P.. Modified linkage on 1/25/2021 (Ecker, C.). |
| 01/22/2021 | <u>1828</u> Response opposed to (related document(s): <u>1661</u> Objection to confirmation of plan filed by Interested Party James Dondero, <u>1662</u> Objection to confirmation of plan filed by Creditor City of Richardson, Creditor Allen ISD, Creditor Kaufman County, Creditor Dallas County, Creditor City of Allen, <u>1666</u> Objection to confirmation of plan filed by Interested Party Jack Yang, Interested Party Brad Borud, <u>1667</u> Objection to confirmation of plan filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, <u>1668</u> Objection to confirmation of plan filed by Creditor United States (IRS), <u>1669</u> Objection to confirmation of plan filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon, <u>1670</u> Objection to confirmation of plan filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., Interested Party Highland Funds I and its series, Interested Party Highland Healthcare Opportunities Fund, Interested Party Highland/iBoxx Senior Loan ETF, Interested Party Highland Opportunistic Credit Fund, Interested Party Highland Merger Arbitrage Fund, Interested Party Highland Funds II and its series, Interested Party Highland Small−Cap Equity Fund, Interested Party Highland Fixed Income Fund, Interested Party Highland Socially Responsible Equity Fund, Interested Party Highland Total Return Fund, Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund, Interested Party NexPoint Real Estate Strategies Fund, <u>1671</u> Objection, <u>1673</u> Objection to confirmation of plan filed by Creditor NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC, <u>1676</u> Objection to confirmation of plan filed by Interested Party NexBank, Interested Party NexBank Capital Inc., Interested Party NexBank Securities Inc., Interested Party NexBank Title Inc., <u>1678</u> Objection to confirmation of plan filed by Creditor Patrick Daugherty) filed by Debtor Highland Capital Management, L.P.. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Annable, Zachery) Modified date on 1/25/2021 (Ecker, C.). (Entered: 01/25/2021) |
| 01/23/2021 | <u>1824</u> Notice to take deposition of James P. Seery, Jr. filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/23/2021 | <u>1825</u> BNC certificate of mailing − PDF document. (RE: related document(s)<u>1785</u> Order granting motion for expedited hearing (Related Doc<u>1778</u>)(document set for hearing: <u>1777</u> Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief)) Hearing to be held on 1/26/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>1777</u>, Entered on 1/20/2021.) No. of Notices: 1. Notice Date 01/23/2021. (Admin.) |
| 01/24/2021 | <u>1826</u> Application for administrative expenses Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Attachments: # <u>1</u> Service List) (Vasek, Julian) |
| 01/25/2021 | <u>1827</u> Emergency Motion to continue hearing on (related documents <u>1808</u> Chapter 11 plan) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 01/25/2021 | <u>1829</u> Notice *(Notice of Increase in Hourly Rates for Hayward PLLC (Formerly Hayward & Associates PLLC) Effective as of January 1, 2021)* filed by Other Professional Hayward & Associates PLLC. (Annable, Zachery) |

000585

| | |
|---|---|
| 01/25/2021 | 1830 Order granting motion to continue hearing on (related document # 1827) (related documents Modified Chapter 11 plan) Confirmation hearing to be held on 2/2/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Entered on 1/25/2021. (Okafor, M.) |
| 01/25/2021 | 1831 Order granting motion to file exhibits under seal (related document # 1806) Entered on 1/25/2021. (Okafor, M.) |
| 01/25/2021 | 1832 Notice of hearing filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1745 Motion to appoint trustee*Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)* Filed by Get Good Trust, The Dugaboy Investment Trust (Attachments: # 1 Proposed Order)). Hearing to be held on 3/2/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1745, (Draper, Douglas) |
| 01/25/2021 | 1833 Notice *(Notice of Certificate of Service re: Letter Dated January 19, 2021 to PCMG Trading Partners XXIII, L.P. from James P. Seery, Jr. re Highland Select Equity Fund, L.P.)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/25/2021 | 1834 Certificate of service re: Notice Of Hearing filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1832 Notice of hearing). (Draper, Douglas) |
| 01/25/2021 | 1835 INCORRECT ENTRY: Attorney to refile. Motion to redact/restrict Emergency Redact (related document(s):1822) (Fee Amount $26) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) MODIFIED on 1/26/2021 (Ecker, C.). |
| 01/25/2021 | Receipt of filing fee for Motion to Redact/Restrict From Public View(19−34054−sgj11) [motion,mredact] ( 26.00). Receipt number 28441834, amount $ 26.00 (re: Doc# 1835). (U.S. Treasury) |
| 01/25/2021 | 1836 Motion to file document under seal. *Emergency Motion to File Competing Plan and Disclosure Statement Under Seal* Filed by Interested Party NexPoint Advisors, L.P. (Attachments: # 1 Proposed Order) (Rukavina, Davor) |
| 01/25/2021 | 1837 Certificate of service re: *1) Notice of Hearing on Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Relief; and 2) Order Granting Debtors Motion for an Expedited Hearing on the Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1783 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1777 Motion for leave *(Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Exhibit B−1 # 3 Exhibit B−2 # 4 Exhibit C)). Hearing to be held on 1/26/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1777, filed by Debtor Highland Capital Management, L.P., 1785 Order granting motion for expedited hearing (Related Doc1778)(document set for hearing: 1777 Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief)) Hearing to be held on 1/26/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1777, Entered on 1/20/2021.). (Kass, Albert) |
| 01/26/2021 | 1838 Notice *(Notice of Settlement)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A—Settlement Agreement) (Annable, Zachery) |
| 01/26/2021 | 1839 WITHDRAWN at # 1858. Notice to take deposition of Frank Waterhouse filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland |

| | |
|---|---|
| | Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Hogewood, A.) Modified on 1/29/2021 (Ecker, C.). |
| 01/26/2021 | 1840 INCORRECT ENTRY: Attorney to refile. Motion to withdraw document*Notice of Withdrawal of Limited Objection of Senior Employees By Frank Waterhouse and Thomas Surgent Only* (related document(s) 1669 Objection to confirmation of plan) Filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (Smith, Frances) MODIFIED on 1/27/2021 (Ecker, C.). |
| 01/26/2021 | 1841 Certificate of service re: Notice of Withdrawal of Limited Objection of Senior Employees By Frank Waterhouse and Thomas Surgent Only filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)1840 Motion to withdraw document*Notice of Withdrawal of Limited Objection of Senior Employees By Frank Waterhouse and Thomas Surgent Only* (related document(s) 1669 Objection to confirmation of plan)). (Smith, Frances) |
| 01/26/2021 | 1842 Application for compensation *Fourteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2020 to 12/31/2020, Fee: $416,359.08, Expenses: $5,403.36. Filed by Attorney Juliana Hoffman Objections due by 2/16/2021. (Hoffman, Juliana) |
| 01/26/2021 | 1843 Stipulation by Highland Capital Management, L.P. and Crescent TC Investors, L.P.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1623 Motion to extend time to assume unexpired nonresidential real property lease). (Hayward, Melissa) |
| 01/26/2021 | 1844 Certificate of service re: *Documents Served on January 21, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1788 Order granting motion to compromise controversy with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and authorizing actions consistent therewith (related document 1625) Entered on 1/21/2021. (Okafor, M.), 1791 Notice *(Notice of Withdrawal of Certain Executory Contracts and Unexpired Leases from List of Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1648 Notice *(Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I−−Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J−−Amended Form of Senior Employee Stipulation # 3 Exhibit K−−Redline of Form of Senior Employee Stipulation)), 1719 Notice *(Second Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I−−Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J−−Amended Form of Senior Employee Stipulation # 3 Exhibit K−−Redline of Form of Senior Employee Stipulation)), 1749 Notice *(Third Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I−−Schedule of Contracts and Leases to Be Assumed # 2 Exhibit |

| | |
|---|---|
| | J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)).). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/26/2021 | 1850 Hearing held on 1/26/2021. (RE: related document(s)1777 Motion for leave (Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief) filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz and J. Morris for Debtor; M. Clemente for UCC; J. Kane for CLO Holdco; D. Rukavina and L. Hogewood for Advisors and Funds; J. Wilson for J. Dondero. Evidentiary hearing. Motion granted. Counsel to upload order.) (Edmond, Michael) (Entered: 01/27/2021) |
| 01/27/2021 | 1845 Withdrawal *of Limited Objection of Senior Employees By Frank Waterhouse and Thomas Surgent Only* filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (RE: related document(s)1669 Objection to confirmation of plan). (Smith, Frances) |
| 01/27/2021 | 1846 Notice to take deposition of Isaac Leventon filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 01/27/2021 | 1847 Notice *(Fourth Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). (Annable, Zachery) |
| 01/27/2021 | 1848 Amended Motion to redact/restrict (related document(s):1835) Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order # 2 Exhibit PPPP # 3 Exhibit QQQQ # 4 Exhibit RRRR # 5 Exhibit SSSS # 6 Exhibit TTTT # 7 Exhibit UUUU # 8 Exhibit VVVV # 9 Exhibit WWWW # 10 Exhibit XXXX # 11 Exhibit YYYY # 12 Exhibit ZZZZ # 13 Exhibit DDDDDD) (Annable, Zachery) |
| 01/27/2021 | 1849 Order Granting Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief (related document # 1777) Entered on 1/27/2021. (Okafor, M.) |
| 01/27/2021 | 1851 Order granting motion to seal documents (related document # 1836) Entered on 1/27/2021. (Okafor, M.) |
| 01/27/2021 | 1852 Order Granting Amended Emergency Motion to Redact Certain Exhibits Attached to Debtors Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021 (Related Doc # 1848) Entered on 1/27/2021. (Okafor, M.) |
| 01/27/2021 | 1853 Application for compensation *Sidley Austin LLP's Fourth Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 9/1/2020 to 11/30/2020, Fee: $1,620,489.60, Expenses: $8,974.00. Filed by Attorney Juliana Hoffman Objections due by 2/17/2021. (Hoffman, Juliana) |
| 01/27/2021 | 1854 Certificate of service re: *Documents Served on January 22, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1807 INCORRECT EVENT: Attorney to refile. Notice *(Debtor's Omnibus Reply to Objections to Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management L.P. (with Technical Modifications)* filed by Debtor Highland Capital Management, L.P. (RE: related |

document(s)1661 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Interested Party James Dondero., 1662 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by City of Richardson, Allen ISD, City of Allen, Dallas County, Kaufman County., 1666 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Interested Parties Brad Borud, Jack Yang., 1667 Objection to confirmation of plan*with Certificate of Service* (RE: related document(s)1472 Chapter 11 plan) filed by Get Good Trust, The Dugaboy Investment Trust., 1668 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Creditor United States (IRS)., 1669 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon. (Attachments: # 1 Exhibit A # 2 Exhibit B), 1670 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund. (Attachments: # 1 Exhibit A), 1673 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Creditor NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC., 1676 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Interested Parties NexBank Title Inc., NexBank Securities Inc., NexBank Capital Inc., NexBank., 1678 Objection to confirmation of plan (RE: related document(s)1472 Chapter 11 plan) filed by Creditor Patrick Daugherty.). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Annable, Zachery) MODIFIED on 1/25/2021 (Ecker, C.) filed by Debtor Highland Capital Management, L.P., 1808 Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1809 Support/supplemental document *(Redline of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1811 NOTICE (Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Attachments: # 1 Exhibit Q # 2 Exhibit R # 3 Exhibit S # 4 Exhibit T # 5 Exhibit U # 6 Exhibit V # 7 Exhibit W # 8 Exhibit X # 9 Exhibit Y # 10 Exhibit Z # 11 Exhibit AA # 12 Exhibit BB # 13 Exhibit CC # 14 Exhibit DD) (Annable, Zachery) Modified text on 1/25/2021 (Ecker, C.) filed by Debtor Highland Capital Management, L.P., 1814 Memorandum of Law in support of confirmation filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Annable, Zachery) Modified on 1/25/2021 (Ecker, C.) filed by Debtor Highland Capital Management, L.P., 1822 (REDACTED EXHIBITS ADDED 01/27/2021); Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 List of 20 Largest Creditors C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit T # 21 Exhibit U # 22 Exhibit V # 23 List of 20 Largest Creditors W # 24 Exhibit X # 25 Exhibit Y # 26 Exhibit Z # 27 Exhibit AA # 28 Exhibit BB # 29 Exhibit CC # 30 Exhibit DD # 31 Exhibit EE # 32 Exhibit FF # 33 Exhibit GG # 34 Exhibit HH # 35 Exhibit II # 36 Exhibit JJ # 37 Exhibit KK # 38 Exhibit LL # 39 Exhibit MM # 40 Exhibit NN # 41 Exhibit OO # 42 Exhibit PP # 43 Exhibit QQ # 44 Exhibit RR # 45 Exhibit SS # 46 Exhibit TT # 47 Exhibit UU # 48 Exhibit VV # 49 Exhibit WW # 50 Exhibit XX # 51 Exhibit YY # 52 Exhibit ZZ # 53 Exhibit AAA # 54 Exhibit BBB # 55 Exhibit CCC # 56 Exhibit DDD # 57 Exhibit EEE # 58 Exhibit FFF # 59 Exhibit GGG # 60 Exhibit HHH # 61 Exhibit III # 62 Exhibit JJJ # 63 Exhibit KKK # 64 Exhibit LLL # 65 Exhibit MMM # 66 Exhibit NNN # 67 Exhibit OOO # 68 Exhibit PPP # 69 Exhibit QQQ # 70 Exhibit RRR # 71 Exhibit SSS # 72 Exhibit TTT # 73 Exhibit UUU # 74 Exhibit VVV # 75 Exhibit WWW # 76 Exhibit XXX # 77 Exhibit YYY # 78 Exhibit ZZZ # 79 Exhibit AAAA # 80 Exhibit BBBB # 81 Exhibit CCCC # 82 Exhibit DDDD # 83 Exhibit EEEE # 84 Exhibit FFFF # 85 Exhibit GGGG # 86 Exhibit MMMM # 87 Exhibit NNNN # 88 Exhibit OOOO # 89 Exhibit PPPP # 90 Exhibit

000589

| | |
|---|---|
| | QQQQ # 91 Exhibit RRRR # 92 Exhibit SSSS # 93 Exhibit TTTT # 94 Exhibit UUUU # 95 Exhibit VVVV # 96 Exhibit WWWW # 97 Exhibit XXXX # 98 Exhibit YYYY # 99 Exhibit ZZZZ # 100 Exhibit AAAAA # 101 Exhibit BBBBB # 102 Exhibit CCCCC # 103 Exhibit DDDDD # 104 Exhibit EEEEE # 105 Exhibit FFFFF # 106 Exhibit GGGGG # 107 Exhibit HHHHH # 108 Exhibit IIIII # 109 Exhibit JJJJJ # 110 Exhibit KKKKK # 111 Exhibit LLLLL # 112 Exhibit MMMMM # 113 Exhibit NNNNN # 114 Exhibit OOOOO # 115 Exhibit PPPPP # 116 Exhibit QQQQQ # 117 Exhibit RRRRR # 118 Exhibit SSSSS # 119 Exhibit TTTTT # 120 Exhibit UUUUU # 121 Exhibit VVVVV # 122 Exhibit WWWWW # 123 Exhibit XXXXX # 124 Exhibit YYYYY # 125 Exhibit ZZZZZ # 126 Exhibit AAAAAA # 127 Exhibit BBBBBB # 128 Exhibit CCCCCC # 129 Exhibit DDDDDD # 130 Exhibit EEEEEE # 131 Exhibit FFFFFF # 132 Exhibit GGGGGG # 133 Exhibit HHHHHH # 134 Exhibit IIIIII # 135 Exhibit JJJJJJ # 136 Exhibit KKKKKK # 137 Exhibit LLLLLL # 138 Exhibit MMMMMM # 139 Exhibit NNNNNN # 140 Exhibit OOOOOO # 141 Exhibit PPPPPP # 142 Exhibit QQQQQQ # 143 Exhibit RRRRRR # 144 Exhibit SSSSSS # 145 Exhibit TTTTTT # 146 Exhibit UUUUUU # 147 Exhibit VVVVVV # 148 Exhibit WWWWWW # 149 Exhibit XXXXXX # 150 Exhibit YYYYYY # 151 Exhibit ZZZZZZ) (Annable, Zachery) Additional attachment(s) added on 1/27/2021 (Okafor, M.). Modified on 1/27/2021 (Okafor, M.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 01/28/2021 | 1855 Notice of Appearance and Request for Notice by Jeff P. Prostok filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Prostok, Jeff) |
| 01/28/2021 | 1856 Notice of Appearance and Request for Notice by Suzanne K. Rosen filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P.. (Rosen, Suzanne) |
| 01/28/2021 | 1857 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1624 Motion to assume executory contract or unexpired lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Proposed Order)). Hearing to be held on 2/2/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1624, (Annable, Zachery) |
| 01/28/2021 | 1858 Withdrawal *of Notice of Deposition* filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (RE: related document(s)1839 Notice to take deposition). (Hogewood, A.) |
| 01/28/2021 | 1859 **SEALED document regarding: PLAN OF REORGANIZATION OF JAMES DONDERO, NEXPOINT ADVISORS, L.P. per court order** filed by Interested Parties James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)1851 Order on motion to seal). (Rukavina, Davor) |
| 01/28/2021 | 1860 **SEALED document regarding: DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION per court order** filed by Interested Parties James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)1851 Order on motion to seal). (Rukavina, Davor) |
| 01/28/2021 | 1861 Certificate of service re: *Documents Served on or Before January 25, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1824 Notice to take deposition of James P. Seery, Jr. filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1827 Emergency Motion to continue hearing on (related documents 1808 Chapter 11 plan) Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., 1829 Notice *(Notice of Increase in Hourly Rates for Hayward PLLC (Formerly Hayward & Associates PLLC) Effective as of January 1, 2021)* filed by Other Professional Hayward & Associates |

| | |
|---|---|
| | PLLC. filed by Other Professional Hayward & Associates PLLC, <u>1830</u> Order granting motion to continue hearing on (related document <u>1827</u>) (related documents Modified Chapter 11 plan) Confirmation hearing to be held on 2/2/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Entered on 1/25/2021. (Okafor, M.)). (Kass, Albert) |
| 01/29/2021 | <u>1862</u> Transcript regarding Hearing Held 01/26/2021 (257 pages) RE: KERP Motion <u>1777</u>. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 04/29/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1850 Hearing held on 1/26/2021. (RE: related document(s)<u>1777</u> Motion for leave (Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief) filed by Debtor Highland Capital Management, L.P.) (Appearances: J. Pomeranz and J. Morris for Debtor; M. Clemente for UCC; J. Kane for CLO Holdco; D. Rukavina and L. Hogewood for Advisors and Funds; J. Wilson for J. Dondero. Evidentiary hearing. Motion granted. Counsel to upload order.)). Transcript to be made available to the public on 04/29/2021. (Rehling, Kathy) |
| 01/29/2021 | <u>1863</u> Amended Witness and Exhibit List *of Funds and Advisors* filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small−Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (RE: related document(s)1793 List (witness/exhibit/generic). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Exhibit 9 # <u>10</u> Exhibit 10 # <u>11</u> Exhibit 11 # <u>12</u> Exhibit 12 # <u>13</u> Exhibit 13 # <u>14</u> Exhibit 14 # <u>15</u> Exhibit 15 # <u>16</u> Exhibit 16 # <u>17</u> Exhibit 17 # <u>18</u> Exhibit 18 # <u>19</u> Exhibit 19 # <u>20</u> Exhibit 20 # <u>21</u> Exhibit 21 # <u>22</u> Exhibit 22 # <u>23</u> Exhibit 23 # <u>24</u> Exhibit 24 # <u>25</u> Exhibit 25 # <u>26</u> Exhibit 26 # <u>27</u> Exhibit 27 # <u>28</u> Exhibit 28 # <u>29</u> Exhibit 29 # <u>30</u> Exhibit 30 # <u>31</u> Exhibit 31 # <u>32</u> Exhibit 32 # <u>33</u> Exhibit 33 # <u>34</u> Exhibit 34 # <u>35</u> Exhibit 35 # <u>36</u> Exhibit 36 # <u>37</u> Exhibit 37 # <u>38</u> Exhibit 38 # <u>39</u> Exhibit 39 # <u>40</u> Exhibit 40 # <u>41</u> Exhibit 41 # <u>42</u> Exhibit 42 # <u>43</u> Exhibit 43 # <u>44</u> Exhibit 44 # <u>45</u> Exhibit 45 # <u>46</u> Exhibit 46 # <u>47</u> Exhibit 47 # <u>48</u> Exhibit 48 # <u>49</u> Exhibit 49 # <u>50</u> Exhibit 50 # <u>51</u> Exhibit 51 # <u>52</u> Exhibit 52 # <u>53</u> Exhibit 53 # <u>54</u> Exhibit 54 # <u>55</u> Exhibit 55 # <u>56</u> Exhibit 56 # <u>57</u> Exhibit 57 # <u>58</u> Exhibit 58 # <u>59</u> Exhibit 59 # <u>60</u> Exhibit 60 # <u>61</u> Exhibit 61 # <u>62</u> Exhibit 62 # <u>63</u> Exhibit 63 # <u>64</u> Exhibit 64 # <u>65</u> Exhibit 65 # <u>66</u> Exhibit 66 # <u>67</u> Exhibit 67 # <u>68</u> Exhibit 68 # <u>69</u> Exhibit 69 # <u>70</u> Exhibit 70 # <u>71</u> Exhibit 71 # <u>72</u> Exhibit 72 # <u>73</u> Exhibit 73 # <u>74</u> Exhibit 74 # <u>75</u> Exhibit 75 # <u>76</u> Exhibit 76 # <u>77</u> Exhibit 77 # <u>78</u> Exhibit 78 # <u>79</u> Exhibit 79 # <u>80</u> Exhibit 80 # <u>81</u> Exhibit 81 # <u>82</u> Exhibit 82) (Hogewood, A.) |
| 01/29/2021 | <u>1864</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from November 1, 2020 through November 30, 2020)* filed by Other Professional Development Specialists, Inc. (RE: related document(s)<u>853</u> Order granting application to employ Development Specialists, Inc. as Other Professional (related document <u>775</u>) Entered on 7/16/2020. (Ecker, C.)). (Annable, Zachery) |
| 01/29/2021 | <u>1865</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2020 through December 31, 2020)* filed by Other Professional Development Specialists, Inc. (RE: related document(s)<u>853</u> Order granting application to employ Development Specialists, Inc. as Other Professional (related document <u>775</u>) Entered on 7/16/2020. (Ecker, C.)). (Annable, Zachery) |
| 01/29/2021 | <u>1866</u> Amended Witness and Exhibit List *(Debtor's Amended Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1822</u> List |

000591

| | |
|---|---|
| | (witness/exhibit/generic)). (Attachments: # 1 Exhibit SSSSS # 2 Exhibit AAAAAAA # 3 Exhibit BBBBBBB # 4 Exhibit CCCCCCC # 5 Exhibit DDDDDDD # 6 Exhibit EEEEEEE) (Annable, Zachery) |
| 01/29/2021 | 1867 Certificate of service re: *1) Notice of Settlement; 2) Fourteenth Monthly Application of Sidley Austin LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from December 1, 2020 Through December 31, 2020; and 3) Stipulation Extending Deadline to Assume Lease and Setting Motion to Assume for Hearing at Confirmation* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1838 Notice *(Notice of Settlement)* filed by Debtor Highland Capital Management, L.P.. (Attachments: # 1 Exhibit A—Settlement Agreement) filed by Debtor Highland Capital Management, L.P., 1842 Application for compensation *Fourteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2020 to 12/31/2020, Fee: $416,359.08, Expenses: $5,403.36. Filed by Attorney Juliana Hoffman Objections due by 2/16/2021. filed by Creditor Committee Official Committee of Unsecured Creditors, 1843 Stipulation by Highland Capital Management, L.P. and Crescent TC Investors, L.P.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1623 Motion to extend time to assume unexpired nonresidential real property lease). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/01/2021 | Adversary case 3:20—ap—3128 closed (Ecker, C.) |
| 02/01/2021 | 1868 Supplemental Objection to confirmation of plan *with Certificate of Service* (RE: related document(s)1472 Chapter 11 plan, 1808 Chapter 11 plan) filed by Get Good Trust, The Dugaboy Investment Trust. (Draper, Douglas) |
| 02/01/2021 | 1869 Certificate of service re: Monthly Staffing Reports by Development Specialists, Inc. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1864 Notice (generic), 1865 Notice (generic)). (Annable, Zachery) |
| 02/01/2021 | 1870 Notice of appeal *and Statement of Election*. Fee Amount $298 filed by Get Good Trust, The Dugaboy Investment Trust. Appellant Designation due by 02/16/2021. (Draper, Douglas). Related document(s) 1788 Order on motion to compromise controversy. Modified LINKAGE on 2/4/2021 (Blanco, J.). |
| 02/01/2021 | Receipt of filing fee for Notice of appeal(19—34054—sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28458158, amount $ 298.00 (re: Doc# 1870). (U.S. Treasury) |
| 02/01/2021 | 1871 Reply to (related document(s): 1784 Objection filed by Interested Party James Dondero) *(Debtor's Reply to James Dondero's Objection to Debtor's Proposed Assumption of Executory Contracts and Cure Amounts Proposed in Connection Therewith)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/01/2021 | 1872 **SEALED document regarding: Exhibit 76 per court order** filed by Interested Parties Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrage Fund, Highland Opportunistic Credit Fund, Highland Small—Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund (RE: related document(s)1831 Order on motion to seal). (Attachments: # 1 Exhibit 77 # 2 Exhibit 78 # 3 Exhibit 79 # 4 Exhibit 80 # 5 Exhibit 81 # 6 Exhibit 82) (Vasek, Julian) |
| 02/01/2021 | 1873 Notice *(Fifth Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's* |

| | |
|---|---|
| | *Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). (Annable, Zachery) |
| 02/01/2021 | 1874 Amended Witness and Exhibit List filed by Interested Party James Dondero (RE: related document(s)1795 List (witness/exhibit/generic)). (Attachments: # 1 Dondero Ex. 1 # 2 Dondero Ex. 2 # 3 Dondero Ex. 3 # 4 Dondero Ex. 4 # 5 Dondero Ex. 5 # 6 Dondero Ex. 6 # 7 Dondero Ex. 7 # 8 Dondero Ex. 8 # 9 Dondero Ex. 9 # 10 Dondero Ex. 10 # 11 Dondero Ex. 11 # 12 Dondero Ex. 12 # 13 Dondero Ex. 13 # 14 Dondero Ex. 14 # 15 Dondero Ex. 15 # 16 Dondero Ex. 16 # 17 Dondero Ex. 17 # 18 Dondero Ex. 18 # 19 Dondero Ex. 19 # 20 Dondero Ex. 20) (Assink, Bryan) |
| 02/01/2021 | 1875 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit DD # 4 Exhibit EE # 5 Exhibit FF) (Annable, Zachery) |
| 02/01/2021 | 1876 Withdrawal *(Notice of Withdrawal of Document)* filed by Interested Party James Dondero (RE: related document(s)1784 Objection). (Assink, Bryan) |
| 02/01/2021 | 1877 Amended Witness and Exhibit List *(Debtor's Second Amended Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1822 List (witness/exhibit/generic), 1866 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit SSSSS # 2 Exhibit DDDDDD # 3 Exhibit FFFFFFF # 4 Exhibit GGGGGGG # 5 Exhibit HHHHHHH # 6 Exhibit IIIIIII # 7 Exhibit JJJJJJJ # 8 Exhibit KKKKKKK # 9 Exhibit LLLLLLL # 10 Exhibit MMMMMMM # 11 Exhibit NNNNNNN # 12 Exhibit OOOOOOO # 13 Exhibit PPPPPPP # 14 Exhibit QQQQQQQ) (Annable, Zachery) |
| 02/01/2021 | 1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. Filed by Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order Exhibit A # 2 Exhibit Exhibit B) (Montgomery, Paige) |
| 02/01/2021 | 1879 Certificate of service re: *Documents Served on January 27, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1846 Notice to take deposition of Isaac Leventon filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1847 Notice *(Fourth Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). filed by Debtor Highland Capital Management, L.P., 1849 Order Granting Motion of the Debtor for Entry of an Order Authorizing the Debtor to Implement a Key Employee Retention Plan with Non−Insider Employees and Granting Related Relief (related document 1777) Entered on 1/27/2021. (Okafor, M.), 1852 Order Granting Amended Emergency Motion to Redact Certain Exhibits Attached to Debtors Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021 (Related Doc 1848) Entered on 1/27/2021. (Okafor, M.)). (Kass, Albert) |
| 02/01/2021 | |

| | |
|---|---|
| | <u>1880</u> Response opposed to (related document(s): <u>1868</u> Objection to confirmation of plan filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 02/01/2021 | <u>1881</u> Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)<u>1655</u> Application for compensation *Fourth Interim Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 9/1/2020 to 11/30/2020, Fee: $710,280.45, Expenses: $1,479.47.). (Hoffman, Juliana) |
| 02/02/2021 | <u>1882</u> Clerk's correspondence requesting File an amended appeal from attorney for appellant. (RE: related document(s)<u>1870</u> Notice of appeal *and Statement of Election*. Fee Amount $298 filed by Get Good Trust, The Dugaboy Investment Trust. Appellant Designation due by 02/16/2021.) Responses due by 2/5/2021. (Blanco, J.) |
| 02/02/2021 | <u>1884</u> Request for transcript regarding a hearing held on 2/2/2021. The requested turn−around time is hourly. (Edmond, Michael) |
| 02/02/2021 | 1885 Hearing continued (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan).) Continued Confirmation hearing to be held on 2/3/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Edmond, Michael) |
| 02/02/2021 | <u>1886</u> Certificate of service re: *Documents Served on or Before January 28, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1853</u> Application for compensation *Sidley Austin LLP's Fourth Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 9/1/2020 to 11/30/2020, Fee: $1,620,489.60, Expenses: $8,974.00. Filed by Attorney Juliana Hoffman Objections due by 2/17/2021. filed by Creditor Committee Official Committee of Unsecured Creditors, <u>1857</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1624</u> Motion to assume executory contract or unexpired lease Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A # 2 Proposed Order)). Hearing to be held on 2/2/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>1624</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/02/2021 | 1921 Hearing held on 2/2/2021. (RE: related document(s)<u>1624</u> Motion to assume executory contract or unexpired lease Filed by Debtor Highland Capital Management, L.P., (Appearances: J. Pomeranz, J. Morris, I. Kharesh, and G. Demo for Debtor; M. Clemente for UCC; T. Mascherin for Redeemer Committee; R. Patel for Acis; A. Clubock for UBS; J. Kathman for P. Daugherty; E. Weisgerber for HarbourVest; C. Taylor for J. Dondero; D. Rukavina and A. Hogewood for Advisors and Funds; D. Draper for Dugaboy and Get Good Trusts; L. Drawhorn for NexBank; M. Held for Crescent landlord. L. Lambert for UST. Matter not taken up in light of all−day confirmation hearing.) (Edmond, Michael) (Entered: 02/09/2021) |
| 02/02/2021 | 1922 Hearing held on 2/2/2021. (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan). (Appearances: J. Pomeranz, J. Morris, I. Kharesh, and G. Demo for Debtor; M. Clemente for UCC; T. Mascherin for Redeemer Committee; R. Patel for Acis; A. Clubock for UBS; J. Kathman for P. Daugherty; E. Weisgerber for HarbourVest; C. Taylor for J. Dondero; D. Rukavina and A. Hogewood for Advisors and Funds; D. Draper for Dugaboy and Get Good Trusts; L. Drawhorn for NexBank; M. Held for Crescent landlord. L. Lambert for UST. Evidentiary hearing. Hearing recessed and will resume on 2/3/21.) (Edmond, Michael) (Entered: 02/09/2021) |
| 02/03/2021 | <u>1887</u> Chapter 11 ballot summary filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |

| | |
|---|---|
| 02/03/2021 | 1888 Application for administrative expenses Filed by Interested Parties NexBank, NexBank Capital Inc., NexBank Securities Inc., NexBank Title Inc. (Drawhorn, Lauren) |
| 02/03/2021 | 1889 Amended notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1870 Notice of appeal). (Draper, Douglas) |
| 02/03/2021 | 1890 Request for transcript regarding a hearing held on 2/3/2021. The requested turn−around time is hourly. (Edmond, Michael) |
| 02/03/2021 | 1891 Certificate of service re: *Supplemental Certification of Patrick M. Leathem with Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1887 Chapter 11 ballot summary filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/03/2021 | 1892 Certificate of service re: *1) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from November 1, 2020 Through November 30, 2020; 2) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2020 Through December 31, 2020; and 3) Debtor's Amended Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1864 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from November 1, 2020 through November 30, 2020)* filed by Other Professional Development Specialists, Inc. (RE: related document(s)853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.)). filed by Other Professional Development Specialists, Inc., 1865 Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from December 1, 2020 through December 31, 2020)* filed by Other Professional Development Specialists, Inc. (RE: related document(s)853 Order granting application to employ Development Specialists, Inc. as Other Professional (related document 775) Entered on 7/16/2020. (Ecker, C.)). filed by Other Professional Development Specialists, Inc., 1866 Amended Witness and Exhibit List *(Debtor's Amended Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1822 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit SSSSS # 2 Exhibit AAAAAAA # 3 Exhibit BBBBBBB # 4 Exhibit CCCCCCC # 5 Exhibit DDDDDDD # 6 Exhibit EEEEEEE) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/03/2021 | 1893 Certificate of service re: *Documents Served on February 1, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1871 Reply to (related document(s): 1784 Objection filed by Interested Party James Dondero) *(Debtor's Reply to James Dondero's Objection to Debtor's Proposed Assumption of Executory Contracts and Cure Amounts Proposed in Connection Therewith)* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.., 1873 Notice *(Fifth Notice of (I) Executory Contracts and Unexpired Leases to Be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, If Any, and (III) Related Procedures in Connection Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1606 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Attachments: # 1 Exhibit I—Schedule of Contracts and Leases to Be Assumed # 2 Exhibit J—Amended Form of Senior Employee Stipulation # 3 Exhibit K—Redline of Form of Senior Employee Stipulation)). filed by Debtor Highland Capital Management, L.P., 1875 Support/supplemental document *(Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified))* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1808 Chapter 11 plan). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit DD # 4 Exhibit EE # 5 Exhibit FF) filed by Debtor Highland Capital Management, L.P., 1877 Amended Witness and Exhibit List *(Debtor's* |

| | |
|---|---|
| | *Second Amended Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1822</u> List (witness/exhibit/generic), <u>1866</u> List (witness/exhibit/generic)). (Attachments: # 1 Exhibit SSSSS # 2 Exhibit DDDDDD # 3 Exhibit FFFFFFF # 4 Exhibit GGGGGGG # 5 Exhibit HHHHHHH # 6 Exhibit IIIIIII # 7 Exhibit JJJJJJJ # 8 Exhibit KKKKKKK # 9 Exhibit LLLLLLL # 10 Exhibit MMMMMMM # 11 Exhibit NNNNNNN # 12 Exhibit OOOOOOO # 13 Exhibit PPPPPPP # 14 Exhibit QQQQQQQ) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/03/2021 | <u>1902</u> Bench Ruling set (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan).) Hearing to be held on 2/8/2021 at 09:00 AM Dallas Judge Jernigan Ctrm for <u>1808</u>, (Ellison, T.) (Entered: 02/05/2021) |
| 02/03/2021 | <u>1915</u> Court admitted exhibits date of hearing February 3, 2021 (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan).) (COURT ADMITTED ALL THE DEBTOR'S EXHIBIT'S THAT APPEAR AT DOC. #1822, #1866 & #1877 & DONDERO'S EXHIBITS #6 THROUGH #12, #15, 16 & #17; & HIGHLAND CAPTIAL MGMT. FUNDING EXHIBIT #2 AT DOC. #1863 AND JUDGE JERNIGAN TOOK JUDICIAL NOTICE OF THE DEBTOR'S SCHEDULES) (Edmond, Michael) (Entered: 02/08/2021) |
| 02/03/2021 | <u>1923</u> Hearing held on 2/3/2021. (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan) (Appearances: J. Pomeranz, J. Morris, I. Kharesh, and G. Demo for Debtor; M. Clemente for UCC; T. Mascherin for Redeemer Committee; R. Patel for Acis; A. Clubock for UBS; J. Kathman for P. Daugherty; E. Weisgerber for HarbourVest; C. Taylor for J. Dondero; D. Rukavina and A. Hogewood for Advisors and Funds; D. Draper for Dugaboy and Get Good Trusts; L. Drawhorn for NexBank and NexPoint; L. Lambert for UST. Evidentiary hearing. Court took matter under advisement after conclusion of evidence and arguments. Bench ruling scheduled for 2/8/21 at 9:00 am.) (Edmond, Michael) (Entered: 02/09/2021) |
| 02/04/2021 | <u>1894</u> Transcript regarding Hearing Held 02/02/2021 (295 pages) RE: Confirmation Hearing, Day One (#1808); Motion to Assume (#1624). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 05/5/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1885 Hearing continued (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan).) Continued Confirmation hearing to be held on 2/3/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm.). Transcript to be made available to the public on 05/5/2021. (Rehling, Kathy) |
| 02/04/2021 | <u>1895</u> Amended Witness and Exhibit List *(Debtor's Third Amended Witness and Exhibit List with Respect to Confirmation Hearing Held on February 3, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1877</u> List (witness/exhibit/generic)). (Attachments: # <u>1</u> Exhibit PPPPPPP # <u>2</u> Exhibit RRRRRRR # <u>3</u> Exhibit SSSSSSS # <u>4</u> Exhibit TTTTTTT # <u>5</u> Exhibit UUUUUUU) (Annable, Zachery) |
| 02/04/2021 | <u>1896</u> Stipulation by Highland Capital Management, L.P. and Crescent TC Investors, L.P.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1623</u> Motion to extend time to assume unexpired nonresidential real property lease). (Hayward, Melissa) |
| 02/05/2021 | <u>1898</u> Notice to take deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |

000596

| | |
|---|---|
| 02/05/2021 | <u>1899</u> Notice of docketing notice of appeal. Civil Action Number: 3:21−CV−00261−L (Lindsay). (RE: related document(s)<u>1870</u> Notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust. (Draper, Douglas). Related document(s) <u>1788</u> Order on motion to compromise controversy. Modified LINKAGE on 2/4/2021 (Blanco, J.)., <u>1889</u> Amended notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1870</u> Notice of appeal).) (Blanco, J.) |
| 02/05/2021 | <u>1900</u> Certificate of mailing regarding appeal (RE: related document(s)<u>1889</u> Amended notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1870</u> Notice of appeal).) (Blanco, J.) Additional attachment(s) added on 2/5/2021 (Blanco, J.). |
| 02/05/2021 | <u>1901</u> Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>1870</u> Notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust. Related document(s) <u>1788</u> Order on motion to compromise controversy. Modified LINKAGE on 2/4/2021 (Blanco, J.).) (Blanco, J.) |
| 02/05/2021 | <u>1903</u> Order approving stipulation extending deadline to assume lease and setting motion to assume for hearing oat confirmation, which is currently set for February 2, 2021 at 9:30 a.m (RE: related document(s)<u>1843</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 2/5/2021 (Okafor, M.) |
| 02/05/2021 | <u>1904</u> Order approving second stipulation extending deadline to assume lease and setting motion to assume for hearing at confirmation (RE: related document(s)<u>1896</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 2/5/2021 (Okafor, M.) |
| 02/05/2021 | <u>1905</u> Transcript regarding Hearing Held 02/03/2021 (257 pages) RE: Confirmation Hearing, Day Two (#1808); Motion to Assume (#1624). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 05/6/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1885 Hearing continued (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan).) Continued Confirmation hearing to be held on 2/3/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm.). Transcript to be made available to the public on 05/6/2021. (Rehling, Kathy) |
| 02/05/2021 | <u>1906</u> Certificate of service re: *Official Committee of Unsecured Creditors' Motion for an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1878</u> Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. Filed by Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order Exhibit A # 2 Exhibit Exhibit B) filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 02/05/2021 | <u>1907</u> Certificate of service re: *Response of the Official Committee of Unsecured Creditors to Supplemental Objection to Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) Filed by the Dugaboy Investment Trust and Get Good Trust* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1880</u> Response opposed to (related document(s): <u>1868</u> Objection to confirmation of plan filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust) filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 02/05/2021 | <u>1908</u> Certificate of service re: *Documents Served on February 4, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1895</u> Amended Witness and |

| | |
|---|---|
| | Exhibit List *(Debtor's Third Amended Witness and Exhibit List with Respect to Confirmation Hearing Held on February 3, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1877 List (witness/exhibit/generic). (Attachments: # 1 Exhibit PPPPPPP # 2 Exhibit RRRRRRR # 3 Exhibit SSSSSSS # 4 Exhibit TTTTTTT # 5 Exhibit UUUUUUU) filed by Debtor Highland Capital Management, L.P., 1896 Stipulation by Highland Capital Management, L.P. and Crescent TC Investors, L.P.. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1623 Motion to extend time to assume unexpired nonresidential real property lease). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/05/2021 | 1909 Certificate of service re: *(Supplemental) Solicitation Materials Served on February 1, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1630 Certificate of service re: *Solicitation Materials Served on or Before December 2, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1472 Amended chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)944 Chapter 11 plan, 1079 Chapter 11 plan, 1287 Chapter 11 plan, 1383 Chapter 11 plan, 1450 Chapter 11 plan). filed by Debtor Highland Capital Management, L.P., 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. (RE: related document(s)945 Disclosure statement, 1080 Disclosure statement, 1289 Disclosure statement, 1384 Disclosure statement, 1453 Disclosure statement). filed by Debtor Highland Capital Management, L.P., 1476 Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P. and 1473 Amended disclosure statement filed by Debtor Highland Capital Management, L.P. ). Confirmation hearing to be held on 1/13/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. Last day to Object to Confirmation 1/5/2021. Ballots due 1/5/2021. Entered on 11/24/2020 (Okafor, M.)). filed by Claims Agent Kurtzman Carson Consultants LLC) (Kass, Albert) |
| 02/06/2021 | 1910 Appellant designation of contents for inclusion in record on appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1870 Notice of appeal, 1889 Amended notice of appeal, 1899 Notice of docketing notice of appeal/record, 1900 Certificate of mailing regarding appeal, 1901 Notice regarding the record for a bankruptcy appeal). Appellee designation due by 02/22/2021. (Draper, Douglas) |
| 02/06/2021 | 1911 Statement of issues on appeal, filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1870 Notice of appeal, 1889 Amended notice of appeal, 1899 Notice of docketing notice of appeal/record, 1901 Notice regarding the record for a bankruptcy appeal, 1910 Appellant designation). (Draper, Douglas) |
| 02/08/2021 | 1912 Clerk's correspondence requesting Amended designation from attorney for appellant. (RE: related document(s)1910 Appellant designation of contents for inclusion in record on appeal) Responses due by 2/10/2021. (Blanco, J.) |
| 02/08/2021 | 1913 Request for transcript (ruling only) regarding a hearing held on 2/8/2021. The requested turn−around time is hourly. (Edmond, Michael) |
| 02/08/2021 | 1914 Motion for leave *(Motion for Status Conference)* Filed by Interested Party James Dondero (Attachments: # 1 Proposed Order) (Assink, Bryan) |
| 02/08/2021 | 1924 Hearing held on 2/8/2021. (RE: related document(s)1808 Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1472 Chapter 11 plan). (Appearances: J. Pomeranz; M. Clemente for UCC; M. Lynn, J. Bonds, and B. Assink for J. Dondero; D. Rukavina and L. Hogewood for Advisors and Funds; D. Draper for Dugaboy and Get Good Trusts; L. Lambert for UST (numerous others; full roll call not taken). Court read bench ruling approving plan. Counsel to incorporate courts bench ruling into their own set of FOFs, COLS and Order to be submitted.) (Edmond, Michael) (Entered: 02/09/2021) |
| 02/09/2021 | |

| | |
|---|---|
| | <u>1916</u> Notice of hearing *(Status Conference)* filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)<u>1826</u> Application for administrative expenses Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Attachments: # 1 Service List)). Status Conference to be held on 3/22/2021 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Attachments: # <u>1</u> Service List) (Vasek, Julian) |
| 02/09/2021 | <u>1917</u> Transcript regarding Hearing Held 02/08/2021 (51 pages) RE: Bench Ruling. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 05/10/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 1902 Bench Ruling set (RE: related document(s)<u>1808</u> Modified chapter 11 plan filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1472</u> Chapter 11 plan).) Hearing to be held on 2/8/2021 at 09:00 AM Dallas Judge Jernigan Ctrm for <u>1808</u>, (Ellison, T.)). Transcript to be made available to the public on 05/10/2021. (Rehling, Kathy) |
| 02/09/2021 | <u>1918</u> Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/09/2021 | <u>1919</u> Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to December 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 02/09/2021 | <u>1920</u> Certificate of service re: *1) Debtors Notice of Rule 30(b)(6) Deposition to NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC; 2) Order Approving Stipulation Extending Deadline to Assume Lease and Setting Motion to Assume for Hearing at Confirmation; and 3) Order Approving Second Stipulation Extending Deadline to Assume Lease and Setting Motion to Assume for Hearing at Confirmation* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1898</u> Notice to take deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., <u>1903</u> Order approving stipulation extending deadline to assume lease and setting motion to assume for hearing oat confirmation, which is currently set for February 2, 2021 at 9:30 a.m (RE: related document(s)<u>1843</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 2/5/2021 (Okafor, M.), <u>1904</u> Order approving second stipulation extending deadline to assume lease and setting motion to assume for hearing at confirmation (RE: related document(s)<u>1896</u> Stipulation filed by Debtor Highland Capital Management, L.P.). Entered on 2/5/2021 (Okafor, M.)). (Kass, Albert) |
| 02/09/2021 | <u>1925</u> Application for compensation *First Monthly Fee Application* for Hunton Andrews Kurth LLP, Special Counsel, Period: 11/1/2020 to 12/31/2020, Fee: $73121.04, Expenses: $10.35. Filed by Spec. Counsel Hunton Andrews Kurth LLP Objections due by 3/2/2021. (Hesse, Gregory) |
| 02/10/2021 | <u>1926</u> Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1771</u> Application for compensation *Fifteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from December 1, 2020 through December 31, 2020* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 12/1/2020 to). (Pomerantz, Jeffrey) |

| | |
|---|---|
| 02/10/2021 | 1927 Application for compensation *Fourteenth Application of FTI Consulting, Inc. for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Financial Advisor, Period: 12/1/2020 to 12/31/2020, Fee: $239,297.76, Expenses: $0. Filed by Attorney Juliana Hoffman Objections due by 3/3/2021. (Hoffman, Juliana) |
| 02/10/2021 | 1928 Amended appellant designation of contents for inclusion in record on appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1910 Appellant designation). (Draper, Douglas) |
| 02/11/2021 | 1929 Order denying motion for status conference (related document # 1914) Entered on 2/11/2021. (Ecker, C.) |
| 02/11/2021 | 1930 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Stanton Law Firm PC (Claim No. 163, Amount $88,133.99) To Cedar Glade LP. Filed by Creditor Cedar Glade LP. (Attachments: # 1 Evidence of Transfer) (Tanabe, Kesha) |
| 02/12/2021 | 1931 Agreed Order granting motion to assume nonresidential real property lease with Crescent TC Investors, L.P. (related document # 1624) Entered on 2/12/2021. (Okafor, M.) |
| 02/12/2021 | 1932 Certificate of service re: *1) Debtors Notice of Deposition to James Dondero in Connection with Debtors Objection to Proof of Claim Filed by HCRE Partners, LLC; and 2) Notice of Statement of Amounts Paid to Ordinary Course Processionals for the Period from October 16, 2019 to December 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1918 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 1919 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to December 31, 2020)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/13/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28493529, amount $ 26.00 (re: Doc# 1930). (U.S. Treasury) |
| 02/16/2021 | 1933 Agreed Motion to continue hearing on (related documents 1826 Application for administrative expenses) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Hogewood, A.) |
| 02/16/2021 | 1934 Certificate of service re: *Fourteenth Monthly Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for the Period from December 1, 2020 to and Including December 31, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1927 Application for compensation *Fourteenth Application of FTI Consulting, Inc. for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Financial Advisor, Period: 12/1/2020 to 12/31/2020, Fee: $239,297.76, Expenses: $0. Filed by Attorney Juliana Hoffman Objections due by 3/3/2021. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 02/17/2021 | 1935 Adversary case 21−03010. Complaint by Highland Capital Management, L.P. against Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P.. Fee Amount $350 (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Adversary Cover |

| | |
|---|---|
| | Sheet). Nature(s) of suit: 91 (Declaratory judgment). 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)). 72 (Injunctive relief – other). (Annable, Zachery) |
| 02/17/2021 | 1936 Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)1643 Agreed Motion to substitute attorney David Neier with Frances A. Smith, Michelle Hartmann, and Debra A. Dandeneau Filed by Creditor Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon (Attachments: # 1 Proposed Order)) Responses due by 2/24/2021. (Ecker, C.) |
| 02/17/2021 | 1937 Order granting motion to continue hearing on (related document 1933) (related documents Application for administrative expenses) The Status Conference is hereby continued from March 22, 2021 at 9:30 a.m. to to such date and time on or after March 29, 2021 that is determined by the Court. (Okafor, M.) MODIFIED to correct hearing setting on 2/17/2021 (Okafor, M.). |
| 02/18/2021 | 1938 Stipulation by Highland Capital Management, L.P. and The Dugaboy Investment Trust and Get Good Trust. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1745 Motion to appoint trustee*Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)*). (Annable, Zachery) |
| 02/18/2021 | 1939 Certificate of service re: *Agreed Order on Motion to Assume Nonresidential Real Property Lease with Crescent TC Investors, L.P.* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1931 Agreed Order granting motion to assume nonresidential real property lease with Crescent TC Investors, L.P. (related document 1624) Entered on 2/12/2021. (Okafor, M.)). (Kass, Albert) |
| 02/19/2021 | 1940 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1842 Application for compensation *Fourteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 12/1/2020 to 12/31/2020, Fee: $416,359.08, Expenses:). (Hoffman, Juliana) |
| 02/22/2021 | 1941 Certificate of Counsel filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 1924 Hearing held). (Annable, Zachery) |
| 02/22/2021 | 1942 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1870 Notice of appeal, 1889 Amended notice of appeal, 1899 Notice of docketing notice of appeal/record, 1900 Certificate of mailing regarding appeal, 1901 Notice regarding the record for a bankruptcy appeal). (Annable, Zachery) |
| 02/22/2021 | 1943 Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P., 1808 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.) |
| 02/22/2021 | 1944 Application for compensation *Sixteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from January 1, 2021 through January 31, 2021* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 1/1/2021 to 1/31/2021, Fee: $2,557,604.00, Expenses: $32,906.65. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 3/15/2021. (Pomerantz, Jeffrey) |
| 02/23/2021 | 1945 Certificate of service re: *Stipulation by Highland Capital Management, L.P. and The Dugaboy Investment Trust and Get Good Trust* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1938 Stipulation by Highland Capital Management, L.P. and the Dugaboy Investment Trust and Get Good Trust. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1745 Motion to appoint trustee*Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)*). filed by Debtor Highland Capital |

000601

| | |
|---|---|
| | Management, L.P.). (Kass, Albert) |
| 02/24/2021 | 1946 Clerk's correspondence requesting from attorney for appellant. (RE: related document(s)1928 Amended appellant designation of contents for inclusion in record on appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1910 Appellant designation).) Responses due by 3/10/2021. (Blanco, J.) |
| 02/24/2021 | 1947 Notice of hearing filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. Filed by Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order Exhibit A # 2 Exhibit Exhibit B)). Hearing to be held on 3/22/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1878, (Montgomery, Paige) |
| 02/24/2021 | 1948 Notice *(Notice of (I) Confirmation Date and (II) Bar Date for Filing Rejection Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1943 Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P., 1808 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.)). (Annable, Zachery) |
| 02/24/2021 | 1949 Debtor−in−possession monthly operating report for filing period December 1, 2020 to December 31, 2020 filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 02/24/2021 | 1950 BNC certificate of mailing − PDF document. (RE: related document(s)1943 Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P., 1808 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.)) No. of Notices: 8. Notice Date 02/24/2021. (Admin.) |
| 02/25/2021 | 1951 Amended appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1942 Appellee designation). (Annable, Zachery) |
| 02/25/2021 | Receipt of Registry Funds − $43976.75 by SD. Receipt Number 338805. (admin) |
| 02/25/2021 | Receipt of Registry Funds − $3022.74 by SD. Receipt Number 338806. (admin) |
| 02/25/2021 | 1952 Certificate of service re: *Documents Served on February 22, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1941 Certificate of Counsel filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 1924 Hearing held). filed by Debtor Highland Capital Management, L.P., 1942 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1870 Notice of appeal, 1889 Amended notice of appeal, 1899 Notice of docketing notice of appeal/record, 1900 Certificate of mailing regarding appeal, 1901 Notice regarding the record for a bankruptcy appeal). filed by Debtor Highland Capital Management, L.P., 1943 Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P., 1808 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.), 1944 Application for compensation *Sixteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from January 1, 2021 through January 31, 2021* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 1/1/2021 to 1/31/2021, Fee: $2,557,604.00, Expenses: $32,906.65. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 3/15/2021. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/26/2021 | 1953 Agreed Order granting motion to substitute attorney adding Frances Anne Smith for Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon, Michelle Hartmann |

| | |
|---|---|
| | for Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon, Debra A. Dandeneau for Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon, terminating David Neier. (related document # 1643) Entered on 2/26/2021. (Okafor, M.) |
| 02/26/2021 | 1954 Certificate of service re: *1) Notice of Hearing on Motion for an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation; and 2) Notice of (I) Confirmation Date and (II) Bar Date for Filing Rejection Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)1947 Notice of hearing filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. Filed by Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order Exhibit A # 2 Exhibit Exhibit B)). Hearing to be held on 3/22/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for 1878, filed by Creditor Committee Official Committee of Unsecured Creditors, 1948 Notice *(Notice of (I) Confirmation Date and (II) Bar Date for Filing Rejection Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1943 Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P., 1808 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 02/28/2021 | 1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Rukavina, Davor) |
| 02/28/2021 | 1956 BNC certificate of mailing − PDF document. (RE: related document(s)1953 Agreed Order granting motion to substitute attorney adding Frances Anne Smith for Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon, Michelle Hartmann for Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon, Debra A. Dandeneau for Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon, terminating David Neier. (related document 1643) Entered on 2/26/2021. (Okafor, M.)) No. of Notices: 3. Notice Date 02/28/2021. (Admin.) |
| 03/01/2021 | 1957 Notice of appeal . Fee Amount $298 filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)1943 Order confirming chapter 11 plan). Appellant Designation due by 03/15/2021. (Attachments: # 1 Exhibit A)(Rukavina, Davor) |
| 03/01/2021 | Receipt of filing fee for Notice of appeal(19−34054−sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28523950, amount $ 298.00 (re: Doc# 1957). (U.S. Treasury) |
| 03/01/2021 | 1958 Motion for expedited hearing(related documents 1955 Motion to stay pending appeal) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Rukavina, Davor) |
| 03/01/2021 | 1959 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: Action Shred Of Texas (Amount $3,825.00) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. (Knox, Victor) |
| 03/01/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28524853, amount $ 26.00 (re: Doc# 1959). (U.S. Treasury) |
| 03/01/2021 | 1960 Order Denying Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c) (related document # 1745) Entered on 3/1/2021. (Okafor, M.) |
| 03/01/2021 | |

| | |
|---|---|
| | <u>1961</u> Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>1853</u> Application for compensation *Sidley Austin LLP's Fourth Interim Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 9/1/2020 to 11/30/2020, Fee: $1,). (Hoffman, Juliana) |
| 03/02/2021 | <u>1962</u> Certificate of service re: *Appellees Amended Supplemental Designation of Record on Appeal* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1951</u> Amended appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1942</u> Appellee designation). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/02/2021 | <u>1963</u> Application for compensation *Sidley Austin LLP's 15th Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2021 to 1/31/2021, Fee: $655,724.88, Expenses: $6,612.00. Filed by Attorney Juliana Hoffman Objections due by 3/23/2021. (Hoffman, Juliana) |
| 03/03/2021 | <u>1964</u> Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/03/2021 | <u>1965</u> Notice to take deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/03/2021 | <u>1966</u> Notice of appeal . Fee Amount $298 filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)<u>1943</u> Order confirming chapter 11 plan). Appellant Designation due by 03/17/2021. (Hogewood, A.) |
| 03/03/2021 | <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Hogewood, A.) |
| 03/03/2021 | Receipt of filing fee for Notice of appeal(19−34054−sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28532838, amount $ 298.00 (re: Doc# <u>1966</u>). (U.S. Treasury) |
| 03/03/2021 | <u>1968</u> Application for compensation *15th Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2021 to 1/31/2021, Fee: $244,315.80, Expenses: $0.00. Filed by Attorney Juliana Hoffman Objections due by 3/24/2021. (Hoffman, Juliana) |
| 03/03/2021 | <u>1969</u> Objection to (related document(s): <u>1878</u> Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. filed by Creditor Committee Official Committee of Unsecured Creditors) filed by Interested Party James Dondero. (Assink, Bryan) |
| 03/04/2021 | <u>1970</u> Notice of appeal . Fee Amount $298 filed by Interested Party James Dondero. Appellant Designation due by 03/18/2021. (Attachments: # <u>1</u> Exhibit)(Taylor, Clay) |
| 03/04/2021 | Receipt of filing fee for Notice of appeal(19−34054−sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28537086, amount $ 298.00 (re: Doc# <u>1970</u>). (U.S. Treasury) |
| 03/04/2021 | <u>1971</u> Joinder by *Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service* filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Attachments: # <u>1</u> Exhibit Opinion) (Draper, Douglas) |

000604

| | |
|---|---|
| 03/04/2021 | 1972 Notice of appeal *Notice of Appeal and Statement of Election*. Fee Amount $298 filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1943 Order confirming chapter 11 plan). Appellant Designation due by 03/18/2021. (Draper, Douglas) |
| 03/04/2021 | 1973 Joinder by filed by Interested Party James Dondero (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Taylor, Clay) |
| 03/04/2021 | Receipt of filing fee for Notice of appeal(19−34054−sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28537308, amount $ 298.00 (re: Doc# 1972). (U.S. Treasury) |
| 03/04/2021 | 1974 Stipulation by Highland Capital Management, L.P. and the Official Committee of Unsecured Creditors; Highland Capital Management Fund Advisors, L.P.; NexPoint Advisors, L.P.; Highland Income Fund; NexPoint Strategic Opportunities Fund; Highland Global Allocation Fund; NexPoint Capital, Inc.; James Dondero; The Dugaboy Investment Trust; and Get Good Trust. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan), 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Annable, Zachery) |
| 03/05/2021 | 1976 Certificate of No Objection Regarding First Monthly Fee Application filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)1925 Application for compensation *First Monthly Fee Application* for Hunton Andrews Kurth LLP, Special Counsel, Period: 11/1/2020 to 12/31/2020, Fee: $73121.04, Expenses: $10.35.). (Hesse, Gregory) |
| 03/05/2021 | 1977 Transmittal of record on appeal to U.S. District Court . Complete record on appeal . ,Transmitted: Volume 1, Mini Record. Number of appellant volumes: 12 Number of appellee volumes: 13. Civil Case Number: 3:20−CV−03390−X (RE: related document(s)1347 Notice of appeal ) (Blanco, J.) |
| 03/05/2021 | 1978 Notice of docketing COMPLETE record on appeal. 3:20−CV−03390−X (RE: related document(s)1347 Notice of appeal filed by Interested Party James Dondero (RE: related document(s)1302 Order on motion to compromise controversy). (Blanco, J.) |
| 03/05/2021 | 1979 Order approving stipulation regarding briefing (Re: related document(s) 1974 Stipulation) and setting hearing (RE: related document(s)1955 Motion to stay pending appeal filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., 1967 Motion to stay pending appeal filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund). Hearing to be held on 3/19/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1955 and for 1967, Entered on 3/5/2021 (Okafor, M.) |
| 03/05/2021 | 1980 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1927 Application for compensation *Fourteenth Application of FTI Consulting, Inc. for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Financial Advisor, Period: 12/1/2020 to 12/31/2020, Fee: $239,297). (Hoffman, Juliana) |
| 03/07/2021 | 1981 BNC certificate of mailing − PDF document. (RE: related document(s)1979 Order approving stipulation regarding briefing (RE: related document(s) 1974 Stipulation) and setting hearing (RE: related document(s)1955 Motion to stay pending appeal filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., 1967 Motion to stay pending appeal filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund). Hearing to be held on 3/19/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for 1955 and for 1967, Entered on 3/5/2021 (Okafor, M.)) No. of Notices: 2. Notice Date 03/07/2021. (Admin.) |

| | |
|---|---|
| 03/08/2021 | 1986 Certificate of mailing regarding appeal (RE: related document(s)1966 Notice of appeal . filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)1943 Order confirming chapter 11 plan). (Attachments: # 1 Service List) (Whitaker, Sheniqua) |
| 03/08/2021 | 1987 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)1966 Notice of appeal . filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)1943 Order confirming chapter 11 plan). (Whitaker, Sheniqua) |
| 03/08/2021 | 1988 Certificate of mailing regarding appeal (RE: related document(s)1957 Notice of appeal . filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)1943 Order confirming chapter 11 plan). (Attachments: # 1 Exhibit A)) (Attachments: # 1 Service List) (Whitaker, Sheniqua) |
| 03/08/2021 | 1989 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)1957 Notice of appeal . filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)1943 Order confirming chapter 11 plan). (Attachments: # 1 Exhibit A)) (Whitaker, Sheniqua) |
| 03/08/2021 | 1990 Certificate of mailing regarding appeal (RE: related document(s)1970 Notice of appeal . filed by Interested Party James Dondero. (Attachments: # 1 Exhibit)) (Attachments: # 1 Service List) (Whitaker, Sheniqua) |
| 03/08/2021 | 1991 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)1970 Notice of appeal . filed by Interested Party James Dondero. (Attachments: # 1 Exhibit)) (Whitaker, Sheniqua) |
| 03/08/2021 | 1992 Certificate of mailing regarding appeal (RE: related document(s)1972 Notice of appeal *Notice of Appeal and Statement of Election*. filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1943 Order confirming chapter 11 plan). (Attachments: # 1 Service List) (Whitaker, Sheniqua) |
| 03/08/2021 | 1993 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)1972 Notice of appeal *Notice of Appeal and Statement of Election*. filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1943 Order confirming chapter 11 plan). (Whitaker, Sheniqua) |
| 03/08/2021 | 1994 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Hogewood, A.), 1971 Joinder by *Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service* filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan), 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit Opinion), 1973 Joinder by filed by Interested Party James Dondero (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). Hearing to be held on 3/19/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga for 1967 and for 1973 and for 1955 and for 1971, (Annable, Zachery) |
| 03/08/2021 | 1995 Notice to take deposition of Paul Broaddus filed by HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), Highland Capital Management Services, Inc.. |

| | |
|---|---|
| | (Drawhorn, Lauren) |
| 03/08/2021 | <u>1996</u> Notice to take deposition of Mark Patrick filed by HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), Highland Capital Management Services, Inc.. (Drawhorn, Lauren) |
| 03/08/2021 | <u>1997</u> Certificate of service re: *Documents Served on or Before March 3, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1963</u> Application for compensation *Sidley Austin LLP's 15th Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2021 to 1/31/2021, Fee: $655,724.88, Expenses: $6,612.00. Filed by Attorney Juliana Hoffman Objections due by 3/23/2021. filed by Creditor Committee Official Committee of Unsecured Creditors, <u>1964</u> Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., <u>1965</u> Notice to take deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., <u>1968</u> Application for compensation *15th Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2021 to 1/31/2021, Fee: $244,315.80, Expenses: $0.00. Filed by Attorney Juliana Hoffman Objections due by 3/24/2021. filed by Financial Advisor FTI Consulting, Inc.). (Kass, Albert) |
| 03/08/2021 | <u>1998</u> Certificate of service re: *1) [Customized for Rule 3001(e)(1) or 3001(e)(3)] Notice of Transfer of Claim Pursuant to F.R.B.P 3001(e)(1) or 3001(e)(3); and 2) [Customized for Rule 3001(e)(2) or 3001(e)(4)] Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)(2) or 3001(e)(4)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1377</u> Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Debevoise & Plimpton LLP (Claim No. 94, Amount $268,095.08) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. filed by Creditor Contrarian Funds LLC, <u>1378</u> Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Debevoise & Plimpton LLP (Claim No. 97, Amount $268,095.08) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. filed by Creditor Contrarian Funds LLC, <u>1379</u> Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: Debevoise & Plimpton LLP (Amount $20,658.79) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. filed by Creditor Contrarian Funds LLC, <u>1401</u> Assignment/Transfer of Claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferors: DLA Piper LLP (US) (Amount $1,318,730.36) To Contrarian Funds LLC. Filed by Creditor Contrarian Funds LLC. filed by Creditor Contrarian Funds LLC). (Kass, Albert) |
| 03/08/2021 | <u>1999</u> Certificate of service re: *1) [Customized for Rule 3001(e)(1) or 3001(e)(3)] Notice of Transfer of Claim Pursuant to F.R.B.P 3001(e)(1) or 3001(e)(3); and 2) [Customized for Rule 3001(e)(2) or 3001(e)(4)] Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)(2) or 3001(e)(4)* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1500</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Katten Muchin Rosenman LLP (Claim No. 26, Amount $16,695.00) To Cedar Glade LP. Filed by Creditor Cedar Glade LP. (Attachments: # 1 Evidence of Transfer) filed by Creditor Cedar Glade LP, <u>1508</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Daniel Sheehan & Associates, PLLC (Claim No. 47, Amount $32,433.75) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. filed by Creditor Fair Harbor Capital, LLC, <u>1509</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Vengroff Williams Inc (American Arbitration Assoc (Claim No. 33, Amount $12,911.80) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. filed by Creditor Fair Harbor Capital, LLC, <u>1512</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Foley Gardere, Foley Lardner LLP To Hain Capital Investors Master Fund, Ltd. Filed by Creditor Hain Capital Group, LLC. filed by Creditor Hain Capital Group, LLC, <u>1582</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: CVE Technologies Group Inc. (Amount $1,500.00) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. filed |

000607

| | |
|---|---|
| | by Creditor Fair Harbor Capital, LLC, <u>1591</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: Bates White LLC (Amount $90,855.70) To Argo Partners. Filed by Creditor Argo Partners. filed by Creditor Argo Partners, <u>1658</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: ACA Compliance Group (Amount $26,324.25) To Argo Partners. Filed by Creditor Argo Partners, <u>1930</u> Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Stanton Law Firm PC (Claim No. 163, Amount $88,133.99) To Cedar Glade LP. Filed by Creditor Cedar Glade LP. (Attachments: # 1 Evidence of Transfer) filed by Creditor Cedar Glade LP). (Kass, Albert) |
| 03/09/2021 | <u>2000</u> Notice of docketing notice of appeal. Civil Action Number: 3:21−cv−00538−N. (RE: related document(s)<u>1957</u> Notice of appeal . filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)<u>1943</u> Order confirming chapter 11 plan). (Attachments: # 1 Exhibit A)) (Whitaker, Sheniqua) |
| 03/09/2021 | <u>2001</u> Notice of docketing notice of appeal. Civil Action Number: 3:21−cv−00539−N. (RE: related document(s)<u>1966</u> Notice of appeal . filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)<u>1943</u> Order confirming chapter 11 plan). (Hogewood, A.)) (Whitaker, Sheniqua) |
| 03/09/2021 | <u>2002</u> Notice of docketing notice of appeal. Civil Action Number: 3:21−cv−00546−L. (RE: related document(s)<u>1970</u> Notice of appeal . filed by Interested Party James Dondero. (Attachments: # 1 Exhibit)) (Whitaker, Sheniqua) |
| 03/09/2021 | <u>2003</u> Application for compensation *(First Combined Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from October 16, 2019 through July 31, 2020)* for Deloitte Tax LLP, Other Professional, Period: 10/16/2019 to 7/31/2020, Fee: $87,972.80, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP (Annable, Zachery) |
| 03/09/2021 | <u>2004</u> Application for compensation *(Second Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from August 1, 2020 through August 31, 2020)* for Deloitte Tax LLP, Other Professional, Period: 8/1/2020 to 8/31/2020, Fee: $91,353.40, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP (Annable, Zachery) |
| 03/09/2021 | <u>2005</u> Application for compensation *(Third Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from September 1, 2020 through September 30, 2020)* for Deloitte Tax LLP, Other Professional, Period: 9/1/2020 to 9/30/2020, Fee: $78,594.30, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP (Annable, Zachery) |
| 03/09/2021 | <u>2006</u> Certificate of service re: *Stipulation Regarding Briefing and Hearing Schedule* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1974</u> Stipulation by Highland Capital Management, L.P. and the Official Committee of Unsecured Creditors; Highland Capital Management Fund Advisors, L.P.; NexPoint Advisors, L.P.; Highland Income Fund; NexPoint Strategic Opportunities Fund; Highland Global Allocation Fund; NexPoint Capital, Inc.; James Dondero; The Dugaboy Investment Trust; and Get Good Trust. filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/10/2021 | <u>2007</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2021 through January 31, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>853</u> Order granting application to employ Development Specialists, Inc. as Other Professional (related document <u>775</u>) Entered |

| | |
|---|---|
| | on 7/16/2020. (Ecker, C.)). (Annable, Zachery) |
| 03/10/2021 | <u>2008</u> Notice of docketing notice of appeal. Civil Action Number: 3:21−cv−00550−L. (RE: related document(s)<u>1972</u> Notice of appeal *Notice of Appeal and Statement of Election*. filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1943</u> Order confirming chapter 11 plan). (Whitaker, Sheniqua) |
| 03/10/2021 | <u>2009</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1826</u> Application for administrative expenses Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Attachments: # 1 Service List)). Status Conference to be held on 3/29/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga. (Annable, Zachery) |
| 03/10/2021 | <u>2011</u> Certificate of service re: *Order Approving Stipulation Regarding Briefing and Hearing Schedule* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1979</u> Order approving stipulation regarding briefing (Re: related document(s) <u>1974</u> Stipulation) and setting hearing (RE: related document(s)<u>1955</u> Motion to stay pending appeal filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., <u>1967</u> Motion to stay pending appeal filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund). Hearing to be held on 3/19/2021 at 09:30 AM Dallas Judge Jernigan Ctrm for <u>1955</u> and for <u>1967</u>, Entered on 3/5/2021 (Okafor, M.)). (Kass, Albert) |
| 03/10/2021 | <u>2012</u> BNC certificate of mailing. (RE: related document(s)<u>1989</u> Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>1957</u> Notice of appeal . filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)<u>1943</u> Order confirming chapter 11 plan). (Attachments: # 1 Exhibit A))) No. of Notices: 1. Notice Date 03/10/2021. (Admin.) |
| 03/10/2021 | <u>2013</u> BNC certificate of mailing. (RE: related document(s)<u>1993</u> Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>1972</u> Notice of appeal *Notice of Appeal and Statement of Election*. filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1943</u> Order confirming chapter 11 plan).) No. of Notices: 1. Notice Date 03/10/2021. (Admin.) |
| 03/11/2021 | <u>2014</u> Amended notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1972</u> Notice of appeal). (Draper, Douglas) |
| 03/11/2021 | <u>2015</u> Statement of issues on appeal, filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)<u>1957</u> Notice of appeal). (Rukavina, Davor) |
| 03/11/2021 | <u>2016</u> Appellant designation of contents for inclusion in record on appeal filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)<u>1957</u> Notice of appeal). Appellee designation due by 03/25/2021. (Rukavina, Davor) |
| 03/11/2021 | <u>2017</u> Certificate of service re: *Notice of Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1994</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Hogewood, A.), <u>1971</u> Joinder by *Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service* filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related |

| | |
|---|---|
| | documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit Opinion), <u>1973</u> Joinder by filed by Interested Party James Dondero (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)).). Hearing to be held on 3/19/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga for <u>1967</u> and for <u>1973</u> and for <u>1955</u> and for <u>1971</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/12/2021 | <u>2018</u> Transmittal of record on appeal to U.S. District Court . Complete record on appeal . ,Transmitted: Volume 1, Mini Record. Number of appellant volumes: 6 Number of appellee volumes: 1. Civil Case Number: 3:20−CV−03408−G (RE: related document(s)<u>1339</u> Notice of appeal filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1273</u> Order on motion to compromise controversy). (Blanco, J.) |
| 03/12/2021 | <u>2019</u> Notice of docketing record on appeal. 3:20−CV−03408−G (RE: related document(s)<u>1339</u> Notice of appeal filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1273</u> Order on motion to compromise controversy). (Blanco, J.) |
| 03/12/2021 | <u>2021</u> Notice of transmittal 20−CV−03408−G 13 SEALED DOCUMENTS (RE: related document(s)<u>2019</u> Notice of docketing record on appeal. 3:20−CV−03408−G (RE: related document(s)<u>1339</u> Notice of appeal filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)<u>1273</u> Order on motion to compromise controversy). (Blanco, J.)). (Blanco, J.) |
| 03/12/2021 | <u>2022</u> Omnibus Response opposed to (related document(s): <u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan, <u>1971</u> Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, <u>1973</u> Joinder filed by Interested Party James Dondero) filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery). Modified linkage on 3/12/2021 (Rielly, Bill). |
| 03/12/2021 | <u>2023</u> Joinder by *the Official Committee of Unsecured Creditors* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>2022</u> Response). (Hoffman, Juliana) |
| 03/12/2021 | <u>2024</u> Application for compensation − *Second Monthly Fee Application* for Hunton Andrews Kurth LLP, Special Counsel, Period: 1/1/2021 to 1/31/2021, Fee: $35042.76, Expenses: $3.80. Filed by Spec. Counsel Hunton Andrews Kurth LLP Objections due by 4/2/2021. (Hesse, Gregory) |
| 03/12/2021 | <u>2025</u> Application for compensation − *Third Monthly Fee Application* for Hunton Andrews Kurth LLP, Special Counsel, Period: 2/1/2021 to 2/28/2021, Fee: $37092.24, Expenses: $94.54. Filed by Spec. Counsel Hunton Andrews Kurth LLP Objections due by 4/2/2021. (Hesse, Gregory) |
| 03/12/2021 | <u>2026</u> Certificate of service re: *1) First Combined Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from October 16, 2019 Through July 31, 2020; 2) Second Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from August 1, 2020 Through August 31, 2020; and 3) Third Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from September 1, 2020 Through September 30, 2020* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>2003</u> Application for compensation *(First Combined Monthly Fee Statement of Deloitte Tax LLP* |

| | |
|---|---|
| | *for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from October 16, 2019 through July 31, 2020)* for Deloitte Tax LLP, Other Professional, Period: 10/16/2019 to 7/31/2020, Fee: $87,972.80, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP filed by Other Professional Deloitte Tax LLP, <u>2004</u> Application for compensation *(Second Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from August 1, 2020 through August 31, 2020)* for Deloitte Tax LLP, Other Professional, Period: 8/1/2020 to 8/31/2020, Fee: $91,353.40, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP filed by Other Professional Deloitte Tax LLP, <u>2005</u> Application for compensation *(Third Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from September 1, 2020 through September 30, 2020)* for Deloitte Tax LLP, Other Professional, Period: 9/1/2020 to 9/30/2020, Fee: $78,594.30, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP filed by Other Professional Deloitte Tax LLP). (Kass, Albert) |
| 03/12/2021 | <u>2027</u> Certificate of service re: *(Supplemental) Notice of (I) Confirmation Date and (II) Bar Date for Filing Rejection Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1948</u> Notice *(Notice of (I) Confirmation Date and (II) Bar Date for Filing Rejection Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1943</u> Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)<u>1472</u> Chapter 11 plan filed by Debtor Highland Capital Management, L.P., <u>1808</u> Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.)). filed by Debtor Highland Capital Management, L.P., <u>1954</u> Certificate of service re: *1) Notice of Hearing on Motion for an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation; and 2) Notice of (I) Confirmation Date and (II) Bar Date for Filing Rejection Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1947</u> Notice of hearing filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>1878</u> Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. Filed by Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order Exhibit A # 2 Exhibit Exhibit B)). Hearing to be held on 3/22/2021 at 01:30 PM Dallas Judge Jernigan Ctrm for <u>1878</u>, filed by Creditor Committee Official Committee of Unsecured Creditors, <u>1948</u> Notice *(Notice of (I) Confirmation Date and (II) Bar Date for Filing Rejection Claims)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1943</u> Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)<u>1472</u> Chapter 11 plan filed by Debtor Highland Capital Management, L.P., <u>1808</u> Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 03/12/2021 | <u>2028</u> Certificate of service re: *1) Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2021 Through January 31, 2021; and 2) Notice of Status Conference* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>2007</u> Notice *(Notice of Filing of Monthly Staffing Report by Development Specialists, Inc. for the Period from January 1, 2021 through January 31, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>853</u> Order granting application to employ Development Specialists, Inc. as Other Professional (related document <u>775</u>) Entered on 7/16/2020. (Ecker, C.)). filed by Debtor Highland Capital Management, L.P., <u>2009</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1826</u> Application for administrative expenses Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Attachments: # 1 Service List)). Status Conference to be held on 3/29/2021 at 09:30 AM at https://us-courts.webex.com/meet/jerniga. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/15/2021 | <u>2030</u> Debtor-in-possession monthly operating report for filing period January 1, 2021 to January 31, 2021 filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |

| | |
|---|---|
| 03/15/2021 | <u>2032</u> Notice of transmittal 3:20−CV−03390−X. CLERKS OFFICE OVERLOOKED SECOND APPELLEE. AMENDED MINI RECORD TO INCLUDE SECOND APPELLEE INDEX. ATTACHED ALSO: APPELLEE VOL. 27 (RE: related document(s)<u>1978</u> Notice of docketing COMPLETE record on appeal. 3:20−CV−03390−X (RE: related document(s)<u>1347</u> Notice of appeal filed by Interested Party James Dondero (RE: related document(s)<u>1302</u> Order on motion to compromise controversy). (Blanco, J.)). (Blanco, J.) |
| 03/16/2021 | <u>2033</u> Motion for Certification to Court of Appeals *(Joint Motion)* Filed by Interested Parties James Dondero, Highland Capital Management Fund Advisors, L.P., Highland Global Allocation Fund, Highland Income Fund, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund, Get Good Trust, The Dugaboy Investment Trust, Debtor Highland Capital Management, L.P. (Attachments: # <u>1</u> Proposed Order) (Rukavina, Davor) |
| 03/16/2021 | <u>2034</u> Order certifying appeals of the confirmation order for direct appeal to the United States Court of appeals for the Fifth Circuit (Related Doc # <u>2033</u>) Entered on 3/16/2021. (Okafor, M.) |
| 03/16/2021 | <u>2035</u> Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1944</u> Application for compensation *Sixteenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from January 1, 2021 through January 31, 2021* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 1/1/2021 to 1/). (Pomerantz, Jeffrey) |
| 03/16/2021 | <u>2036</u> Reply to (related document(s): <u>2022</u> Response filed by Debtor Highland Capital Management, L.P.) filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P.. (Rukavina, Davor) |
| 03/16/2021 | <u>2037</u> Reply to (related document(s): <u>2022</u> Response filed by Debtor Highland Capital Management, L.P.) filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. (Hogewood, A.) |
| 03/16/2021 | <u>2038</u> Second Notice *of Additional Services to be Provided by Deloitte Tax LLP* filed by Debtor Highland Capital Management, L.P.. (Hayward, Melissa) |
| 03/16/2021 | <u>2039</u> Notice *of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to January 31, 2021* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>176</u> ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Hayward, Melissa) |
| 03/17/2021 | <u>2040</u> Statement of issues on appeal, filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)<u>1966</u> Notice of appeal). (Hogewood, A.) |
| 03/17/2021 | <u>2041</u> Appellant designation of contents for inclusion in record on appeal filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)<u>1966</u> Notice of appeal). Appellee designation due by 03/31/2021. (Hogewood, A.) |
| 03/17/2021 | <u>2042</u> Certificate of service re: *1) Debtor's Omnibus Response to Motions for Stay Pending Appeal of the Confirmation Order; and 2) Omnibus Objection of the Official Committee of* |

000612

| | |
|---|---|
| | *Unsecured Creditors Objection to Motions for Stay Pending Appeal of the Confirmation Order and Joinder in Debtors Omnibus Objection to Motions for Stay* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2022 Omnibus Response opposed to (related document(s): 1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan, 1971 Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, 1973 Joinder filed by Interested Party James Dondero) filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery). Modified linkage on 3/12/2021. filed by Debtor Highland Capital Management, L.P., 2023 Joinder by *the Official Committee of Unsecured Creditors* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)2022 Response). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 03/17/2021 | 2043 Witness and Exhibit List filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M) (Vasek, Julian) |
| 03/17/2021 | 2044 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: Bhawika Jain To NexPoint Advisors LP. Filed by Interested Party NexPoint Advisors, L.P.. (Vasek, Julian) |
| 03/17/2021 | 2045 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: Michael Beispiel To NexPoint Advisors LP. Filed by Interested Party NexPoint Advisors, L.P.. (Vasek, Julian) |
| 03/17/2021 | 2046 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: Sang Kook (Michael) Jeong To NexPoint Advisors LP. Filed by Interested Party NexPoint Advisors, L.P.. (Vasek, Julian) |
| 03/17/2021 | 2047 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 1 Transferors: Phoebe Stewart To NexPoint Advisors LP. Filed by Interested Party NexPoint Advisors, L.P.. (Vasek, Julian) |
| 03/17/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28570099, amount $ 26.00 (re: Doc# 2044). (U.S. Treasury) |
| 03/17/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28570099, amount $ 26.00 (re: Doc# 2045). (U.S. Treasury) |
| 03/17/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28570099, amount $ 26.00 (re: Doc# 2046). (U.S. Treasury) |
| 03/17/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28570099, amount $ 26.00 (re: Doc# 2047). (U.S. Treasury) |
| 03/17/2021 | 2048 Declaration re: *Third Supplemental Declaration* filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)336 Order on application to employ). (Hoffman, Juliana) |

| | |
|---|---|
| 03/18/2021 | 2052 Notice of transmittal to submit Amended Mini Record Vol. 1 to remove appellee index and to disregard Appellee Record Vol. 8 filed at doc 27 in 3:20−CV−03408−G (RE: related document(s)2019 Notice of docketing record on appeal. 3:20−CV−03408−G (RE: related document(s)1339 Notice of appeal filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)1273 Order on motion to compromise controversy). (Blanco, J.)). (Blanco, J.) |
| 03/18/2021 | 2053 Clerk's correspondence requesting Amended designation from attorney for Appellant. (RE: related document(s)2041 Appellant designation of contents for inclusion in record on appeal filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)1966 Notice of appeal). Appellee designation due by 03/31/2021. (Hogewood, A.)) Responses due by 3/24/2021. (Blanco, J.) |
| 03/18/2021 | 2054 Appellant designation of contents for inclusion in record on appeal filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)2014 Amended notice of appeal). Appellee designation due by 04/1/2021. (Draper, Douglas) |
| 03/18/2021 | 2055 Statement of issues on appeal, filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)2014 Amended notice of appeal). (Draper, Douglas) |
| 03/18/2021 | 2056 Statement of issues on appeal, filed by Interested Party James Dondero (RE: related document(s)1970 Notice of appeal). (Taylor, Clay) |
| 03/18/2021 | 2057 Appellant designation of contents for inclusion in record on appeal filed by Interested Party James Dondero (RE: related document(s)1970 Notice of appeal, 2056 Statement of issues on appeal). Appellee designation due by 04/1/2021. (Taylor, Clay) |
| 03/18/2021 | 2058 Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan), 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21 # 22 Exhibit 22 # 23 Exhibit 23 # 24 Exhibit 24 # 25 Exhibit 25 # 26 Exhibit 26 # 27 Exhibit 27 # 28 Exhibit 28 # 29 Exhibit 29 # 30 Exhibit 30 # 31 Exhibit 31 # 32 Exhibit 32 # 33 Exhibit 33) (Annable, Zachery) |
| 03/18/2021 | 2059 Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021. (Annable, Zachery) |
| 03/18/2021 | 2060 Motion to recuse Judge Jernigan Filed by Interested Party James Dondero (Lang, Michael) |
| 03/18/2021 | 2061 Brief in support filed by Interested Party James Dondero (RE: related document(s)2060 Motion to recuse Judge Jernigan). (Lang, Michael) |
| 03/18/2021 | 2062 Support/supplemental document*Appendix to Motion to Recuse* filed by Interested Party James Dondero (RE: related document(s)2060 Motion to recuse Judge Jernigan). |

000614

|  | (Lang, Michael) |
| --- | --- |
| 03/19/2021 | <u>2063</u> Request for transcript regarding a hearing held on 3/19/2021. The requested turn−around time is hourly. (Edmond, Michael) |
| 03/19/2021 | <u>2064</u> Motion to continue hearing on (related documents <u>1878</u> Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors (Montgomery, Paige) |
| 03/19/2021 | <u>2065</u> Court admitted exhibits date of hearing March 19, 2021 (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Hogewood, A.), <u>1971</u> Joinder by Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit Opinion), <u>1973</u> Joinder by filed by Interested Party James Dondero (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)).) (COURT ADMITTED MOVANT'S EXHIBIT'S #A THROUGH #M BY DAVOR RUKAVINA & DEFENDANT'S EXHIBIT'S #1 THROUGH #33 BY JEFFREY POMERANTZ) (Edmond, Michael) |
| 03/19/2021 | <u>2066</u> Witness List *(Debtor's Witness List with Respect to Hearing to Be Held on March 24, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1971</u> Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, <u>1973</u> Joinder filed by Interested Party James Dondero). (Annable, Zachery). Modified linkage on 3/19/2021 (Rielly, Bill). |
| 03/19/2021 | 2067 Hearing held on 3/19/2021. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P.) (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.) (Edmond, Michael) |
| 03/19/2021 | 2068 Hearing held on 3/19/2021. (RE: related document(s)<u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Hogewood, A.) (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.) (Edmond, Michael) |
| 03/19/2021 | 2069 Hearing held on 3/19/2021. (RE: related document(s)<u>1971</u> Joinder by Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth |

000615

| | Amended Plan with Certificate of Service filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan), 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit Opinion) (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.) (Edmond, Michael) |
| 03/19/2021 | 2070 Hearing held on 3/19/2021. (RE: related document(s)1973 Joinder by filed by Interested Party James Dondero (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan). (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.) (Edmond, Michael) |
| 03/19/2021 | 2071 Witness List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Hoffman, Juliana). Related document(s) 1971 Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, 1973 Joinder filed by Interested Party James Dondero. Modified to create linkages on 3/22/2021 (Tello, Chris). |
| 03/19/2021 | 2072 Certificate of service re: *1) Second Notice of Additional Services to be Provided by Deloitte Tax LLP; and 2) Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to January 31, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2038 *Second Notice of Additional Services to be Provided by Deloitte Tax LLP* filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 2039 *Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to January 31, 2021* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/19/2021 | 2077 Hearing set − follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Hogewood, A.), 1971 Joinder by *Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service* filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan), 1967 |

000616

Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit Opinion), <u>1973</u> Joinder by filed by Interested Party James Dondero (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)).) Hearing to be held on 3/24/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga for <u>1955</u> and for <u>1967</u> and for <u>1973</u> and for <u>1971</u>, (Ellison, T.) (Entered: 03/22/2021)

|            |   |
|------------|---|
| 03/20/2021 |    <u>2073</u> Transcript regarding Hearing Held 03/19/2021 (82 pages) RE: Motions/Joinders to Stay Pending Appeal. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 06/18/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 2067 Hearing held on 3/19/2021. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P.) (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.), 2068 Hearing held on 3/19/2021. (RE: related document(s)<u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (Hogewood, A.) (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.), 2069 Hearing held on 3/19/2021. (RE: related document(s)<u>1971</u> Joinder by Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service filed by Get Good Trust, The Dugaboy Investment Trust (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit Opinion) (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.), 2070 Hearing held on 3/19/2021. (RE: related document(s)<u>1973</u> Joinder by filed by Interested Party James Dondero (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan). (Appearances: D. Rukavina for Advisors; L. Hogewood for Funds; C. Taylor for J. Dondero; D. Draper for Get Good and Dugaboy Trusts; J. Pomeranz for Debtor; M. Clemente for UCC. Evidentiary hearing. Motion denied, based on reasons stated orallycourt determined 4−factor test for a stay pending appeal not met. Court will hold a follow up hearing on whether a sufficient monetary bond/supersedeas bond might be posted to warrant a mandatory stay pending appeal, on 3/24/21 at 9:30 am, since the issue of monetary bond was not fully addressed in evidence and arguments. Mr. Pomeranz will submit written order memorializing todays hearing.)). Transcript to be made available to the public on 06/18/2021. (Rehling, Kathy) |
| 03/22/2021 |   |

| | |
|---|---|
| | <u>2074</u> Amended appellant designation of contents for inclusion in record on appeal filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund (RE: related document(s)<u>2041</u> Appellant designation). (Hogewood, A.) |
| 03/22/2021 | <u>2075</u> Notice to take deposition of James P. Seery filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund. (Hogewood, A.) |
| 03/22/2021 | <u>2076</u> Order granting motion to continue hearing on (related document # <u>2064</u>) (related documents Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. ) Hearing to be held on 4/5/2021 at 01:30 PM at https−courts.webex.com/meet/jerniga for <u>1878</u>, Entered on 3/22/2021. (Okafor, M.) |
| 03/22/2021 | <u>2078</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>2059</u> Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021.). Hearing to be held on 5/3/2021 at 01:30 PM at https−courts.webex.com/meet/jerniga for <u>2059</u>, (Annable, Zachery) |
| 03/22/2021 | <u>2079</u> Declaration re: *(Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>70</u> Application to employ Pachulski Stang Ziehl & Jones LLP as Attorney). (Annable, Zachery) |
| 03/22/2021 | <u>2080</u> Amended appellant designation of contents for inclusion in record on appeal filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s)<u>2016</u> Appellant designation). (Rukavina, Davor) |
| 03/23/2021 | <u>2081</u> Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)<u>1888</u> Application for administrative expenses Filed by Interested Parties NexBank, NexBank Capital Inc., NexBank Securities Inc., NexBank Title Inc.) Responses due by 4/6/2021. (Ecker, C.) |
| 03/23/2021 | <u>2082</u> Notice *of Authority to Clerk of Bankruptcy Court* filed by Get Good Trust, The Dugaboy Investment Trust. (Attachments: # <u>1</u> Order) (Draper, Douglas) |
| 03/23/2021 | <u>2083</u> Order denying motion to recuse (related document #<u>2060</u>) Entered on 3/23/2021. (Okafor, M.) |
| 03/23/2021 | <u>2084</u> Order denying motion to stay pending appeal Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (related document # <u>1955</u>), denying motion to stay pending appeal Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund(related document # <u>1967</u>), denying Joinder by Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service filed by Get Good Trust, The Dugaboy Investment Trust (related |

000618

|  | document # <u>1971</u>), denying Joinder by filed by Interested Party James Dondero (related document # <u>1973</u>). Hearing to be held on 3/24/2021 at 09:30 AM at https://us–courts.webex.com/meet/jernigan for <u>1955</u> and for <u>1967</u> and for <u>1973</u> and for <u>1971</u>, Entered on 3/23/2021. (Okafor, M.) |
|---|---|
| 03/23/2021 | <u>2085</u> Amended Notice of hearing filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>1878</u> Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. Filed by Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order Exhibit A # 2 Exhibit Exhibit B)). Hearing to be held on 4/5/2021 at 01:30 PM at https://us–courts.webex.com/meet/jerniga for <u>1878</u>, (Montgomery, Paige) |
| 03/23/2021 | <u>2086</u> Support/supplemental document *(Letter to Court Regarding Mandatory Stay Pending Appeal Bond Hearing)* filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (RE: related document(s) 2077 Hearing set/continued, <u>2084</u> Order on motion to stay pending appeal, Order on motion to stay pending appeal). (Rukavina, Davor) |
| 03/23/2021 | <u>2087</u> Debtor's Supplemental Brief in opposition filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Annable, Zachery). Related document(s) <u>1971</u> Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, <u>1973</u> Joinder filed by Interested Party James Dondero. Modified to add linkages on 3/23/2021 (Tello, Chris). |
| 03/23/2021 | <u>2088</u> Amended Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>2058</u> List (witness/exhibit/generic), <u>2066</u> List (witness/exhibit/generic)). (Attachments: # <u>1</u> Exhibit 34) (Annable, Zachery) |
| 03/23/2021 | <u>2089</u> Supplemental Response opposed to (related document(s): <u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan) filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund) filed by Creditor Committee Official Committee of Unsecured Creditors. (Hoffman, Juliana) |
| 03/23/2021 | <u>2090</u> Certificate of service re: *Debtor's Witness and Exhibit List with Respect to Hearing to be Held on March 19, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>2058</u> Witness and Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21 # 22 Exhibit 22 # 23 Exhibit 23 # 24 Exhibit 24 # 25 Exhibit 25 # 26 Exhibit 26 # 27 Exhibit 27 # 28 Exhibit 28 # 29 Exhibit 29 # 30 Exhibit 30 # 31 Exhibit 31 # 32 Exhibit 32 # 33 Exhibit 33) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/23/2021 | <u>2091</u> Certificate of service re: *Debtor's Third Omnibus Objection to Certain No Liability Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>2059</u> Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky |

000619

| | Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021. filed by Debtor Highland Capital Management, L.P.) (Kass, Albert) Modified on 3/24/2021 (Rielly, Bill). |
|---|---|
| 03/24/2021 | 2092 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Scott Ellington (Claim No. 244) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2093 Assignment/Transfer of Claim. Fee Amount $26. Transferors: Frank Waterhouse (Claim No. 217) To CPCM, LCC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2094 Assignment/Transfer of Claim. Fee Amount $26. Transferors: Jean Paul Sevilla (Claim No. 241) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2095 Supplemental Order on Motions for stay pending appeal (RE: related document(s) 2084 Order, 1955 Motion to stay pending appeal filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., 1967 Motion to stay pending appeal filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund, 1971 Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, 1973 Joinder filed by Interested Party James Dondero). Entered on 3/24/2021 (Okafor, M.) |
| 03/24/2021 | 2096 Assignment/Transfer of Claim. Fee Amount $26. Transferors: Isaac Leventon (Claim No. 216) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2097 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Lucy Bannon (Claim No. 235) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2098 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Jerome Carter (Claim No. 223) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2099 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Brian Collins (Claim No. 233) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2100 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Matthew DiOrio (Claim No. 230) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2101 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Hayley Eliason (Claim No. 236) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2102 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: William Gosserand (Claim No. 232) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | |

| | |
|---|---|
| | 2103 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Steven Haltom (Claim No. 224) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2104 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Charles Hoedebeck (Claim No. 228) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2105 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Mary Irving (Claim No. 231) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2106 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Helen Kim (Claim No. 226) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2107 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Kari Kovelan (Claim No. 227) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2108 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: William Mabry (Claim No. 234) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2109 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Mark Patrick (Claim No. 219) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2110 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Christopher Rice (Claim No. 220) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2111 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Jason Rothstein (Claim No. 229) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2112 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Kellie Stevens (Claim No. 221) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2113 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Ricky Swadley (Claim No. 237) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2114 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Lauren Thedford (Claim No. 222) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2115 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Stephanie Vitiello (Claim No. 225) To CPCM, LLC. Filed by Interested Party CPCM, LLC. (Hartmann, Margaret) |
| 03/24/2021 | 2116 Certificate of No Objection filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1963 Application for compensation *Sidley Austin LLP's 15th Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 1/1/2021 to 1/31/2021, Fee: $655,7). (Hoffman, Juliana) |

| | |
|---|---|
| 03/24/2021 | <u>2117</u> Certificate of service re: *Documents Served on March 19, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>2048</u> Declaration re: *Third Supplemental Declaration* filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)<u>336</u> Order on application to employ). filed by Financial Advisor FTI Consulting, Inc., <u>2064</u> Motion to continue hearing on (related documents <u>1878</u> Motion to compel) Filed by Creditor Committee Official Committee of Unsecured Creditors filed by Creditor Committee Official Committee of Unsecured Creditors, <u>2066</u> Witness List *(Debtor's Witness List with Respect to Hearing to Be Held on March 24, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>1955</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan), <u>1971</u> Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, <u>1973</u> Joinder filed by Interested Party James Dondero). (Annable, Zachery). Modified linkage on 3/19/2021. filed by Debtor Highland Capital Management, L.P., <u>2071</u> Witness List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)<u>1967</u> Motion to stay pending appeal (related documents <u>1943</u> Order confirming chapter 11 plan)). (Hoffman, Juliana). Related document(s) <u>1971</u> Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, <u>1973</u> Joinder filed by Interested Party James Dondero. Modified to create linkages on 3/22/2021. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2092</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2093</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2094</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2096</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2097</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2098</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2099</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2100</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2101</u>). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# <u>2102</u>). |

| | (U.S. Treasury) |
|---|---|
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2103). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2104). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2105). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2106). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2107). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2108). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2109). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2110). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2111). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2112). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2113). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2114). (U.S. Treasury) |
| 03/25/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28587981, amount $ 26.00 (re: Doc# 2115). (U.S. Treasury) |
| 03/25/2021 | 2118 Notice to take deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |

000623

| | |
|---|---|
| 03/25/2021 | 2119 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/25/2021 | 2120 INCORRECT ENTRY: Attorney to refile. Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1968 Application for compensation *15th Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2021 to 1/31/2021, Fee: $244,315.80, Expenses: $0.00.). (Hoffman, Juliana) Modified on 3/26/2021 (Ecker, C.). |
| 03/25/2021 | 2121 BNC certificate of mailing − PDF document. (RE: related document(s)2084 Order denying motion to stay pending appeal Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (related document 1955), denying motion to stay pending appeal Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund(related document 1967), denying Joinder by Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service filed by Get Good Trust, The Dugaboy Investment Trust (related document 1971), denying Joinder by filed by Interested Party James Dondero (related document 1973). Hearing to be held on 3/24/2021 at 09:30 AM at https://us−courts.webex.com/meet/jernigan for 1955 and for 1967 and for 1973 and for 1971, Entered on 3/23/2021. (Okafor, M.)) No. of Notices: 1. Notice Date 03/25/2021. (Admin.) |
| 03/26/2021 | 2122 Certificate of No Objection filed by Financial Advisor FTI Consulting, Inc. (RE: related document(s)1968 Application for compensation *15th Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 1/1/2021 to 1/31/2021, Fee: $244,315.80, Expenses: $0.00.). (Hoffman, Juliana) |
| 03/26/2021 | 2123 Amended Notice of hearing *(Amended Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1826 Application for administrative expenses Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Attachments: # 1 Service List)). Status Conference to be held on 5/7/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga. (Annable, Zachery) |
| 03/26/2021 | 2124 Application for compensation *Seventeenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from February 1, 2021 through February 28, 2021* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2021 to 2/28/2021, Fee: $1,358,786.50, Expenses: $21,401.29. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/16/2021. (Pomerantz, Jeffrey) |
| 03/26/2021 | 2125 Certificate of service re: *1) Order Granting the Motion for Continuance of Hearing on the Preservation Motion Filed by the Official Committee of Unsecured Creditors; 2) Notice of Hearing on Debtor's Third Omnibus Objection to Certain No Liability Claims; and 3) Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2076 Order granting motion to continue hearing on (related document 2064) (related documents Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. ) Hearing to be held on 4/5/2021 at 01:30 PM at https://us−courts.webex.com/meet/jerniga for 1878, Entered on 3/22/2021. (Okafor, M.), 2078 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2059 Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit |

Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021.). Hearing to be held on 5/3/2021 at 01:30 PM at https://us–courts.webex.com/meet/jerniga for 2059, filed by Debtor Highland Capital Management, L.P., 2079 Declaration re: *(Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)70 Application to employ Pachulski Stang Ziehl & Jones LLP as Attorney). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert)

2126 Certificate of service re: *Documents Served on March 23, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2084 Order denying motion to stay pending appeal Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (related document 1955), denying motion to stay pending appeal Filed by Interested Parties Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund(related document 1967), denying Joinder by Joinder to Motions for Stay Pending Appeal of the Court's Order Confirming the Debtor's Fifth Amended Plan with Certificate of Service filed by Get Good Trust, The Dugaboy Investment Trust (related document 1971), denying Joinder by filed by Interested Party James Dondero (related document 1973). Hearing to be held on 3/24/2021 at 09:30 AM at https://us–courts.webex.com/meet/jerniga for 1955 and for 1967 and for 1973 and for 1971, Entered on 3/23/2021. (Okafor, M.), 2085 Amended Notice of hearing filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. Filed by Creditor Committee Official Committee of Unsecured Creditors (Attachments: # 1 Proposed Order Exhibit A # 2 Exhibit Exhibit B)). Hearing to be held on 4/5/2021 at 01:30 PM at https://us–courts.webex.com/meet/jerniga for 1878, filed by Creditor Committee Official Committee of Unsecured Creditors, 2087 Debtor's Supplemental Brief in opposition filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan), 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan)). (Annable, Zachery). Related document(s) 1971 Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, 1973 Joinder filed by Interested Party James Dondero. Modified to add linkages on 3/23/2021. filed by Debtor Highland Capital Management, L.P., 2088 Amended Exhibit List filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2058 List (witness/exhibit/generic), 2066 List (witness/exhibit/generic). (Attachments: # 1 Exhibit 34) filed by Debtor Highland Capital Management, L.P., 2089 Supplemental Response opposed to (related document(s): 1955 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., 1967 Motion to stay pending appeal (related documents 1943 Order confirming chapter 11 plan) filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund) filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert)

| 03/26/2021 | |

| 03/26/2021 | 2127 BNC certificate of mailing − PDF document. (RE: related document(s)2095 Supplemental Order on Motions for stay pending appeal (RE: related document(s) 2084 Order, 1955 Motion to stay pending appeal filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., 1967 Motion to stay pending appeal filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund, 1971 Joinder filed by Creditor The Dugaboy |

| | |
|---|---|
| | Investment Trust, Creditor Get Good Trust, 1973 Joinder filed by Interested Party James Dondero). Entered on 3/24/2021 (Okafor, M.)) No. of Notices: 1. Notice Date 03/26/2021. (Admin.) |
| 03/29/2021 | 2128 Motion for leave *to file Adversary Complaint and Other Materials Under Seal* Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Sosland, Martin) |
| 03/29/2021 | 2129 Motion to file document under seal. *(Debtor's Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials under Seal)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) (Annable, Zachery) |
| 03/29/2021 | 2130 Certificate of service re: *Supplemental Order on Motions for Stay Pending Appeal* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2095 Supplemental Order on Motions for stay pending appeal (RE: related document(s) 2084 Order, 1955 Motion to stay pending appeal filed by Interested Party Highland Capital Management Fund Advisors, L.P., Interested Party NexPoint Advisors, L.P., 1967 Motion to stay pending appeal filed by Interested Party NexPoint Capital, Inc., Interested Party NexPoint Strategic Opportunities Fund, Interested Party Highland Income Fund, Interested Party Highland Global Allocation Fund, 1971 Joinder filed by Creditor The Dugaboy Investment Trust, Creditor Get Good Trust, 1973 Joinder filed by Interested Party James Dondero). Entered on 3/24/2021 (Okafor, M.)). (Kass, Albert) |
| 03/29/2021 | 2131 Certificate of Conference filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2129 Motion to file document under seal. *(Debtor's Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials under Seal)*). (Annable, Zachery) |
| 03/29/2021 | 2132 Certificate of Conference filed by Interested Parties UBS AG London Branch, UBS Securities LLC (RE: related document(s)2128 Motion for leave *to file Adversary Complaint and Other Materials Under Seal*). (Sosland, Martin) |
| 03/29/2021 | 2133 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/28/2021. (Annable, Zachery) |
| 03/29/2021 | 2134 Notice to take deposition of HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/29/2021 | 2135 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 03/30/2021 | 2136 Notice to take deposition of Paul Broaddus filed by HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), Highland Capital Management Services, Inc.. (Drawhorn, Lauren) |
| 03/30/2021 | 2137 Notice to take deposition of Mark Patrick filed by HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), Highland Capital Management Services, Inc.. (Drawhorn, Lauren) |
| 03/30/2021 | 2138 INCORRECT EVENT: Attorney to refile. Notice *(Joint Stipulation as to the Withdrawal of Hunter Mountain Investment Trust's Proof of Claim No. 152)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) MODIFIED on 3/31/2021 (Ecker, C.). |
| 03/31/2021 | 2139 Withdrawal of claim(s): *(Joint Stipulation as to the Withdrawal of Hunter Mountain Investment Trust's Proof of Claim No. 152)* Filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |

| | |
|---|---|
| 03/31/2021 | 2140 Order granting motion for leave to file Adversary Complaint and Other Materials Under Seal Filed by Interested Parties UBS AG London Branch, UBS Securities LLC(related document # 2128) Entered on 3/31/2021. (Okafor, M.) |
| 03/31/2021 | 2141 Certificate of service re: *1) Debtor's Second Amended Notice of Rule 30(b)(6) Deposition to HCRE Partners, LLC; and 2) Debtor's Second Amended Notice of Deposition to James Dondero in Connection with Debtor's Objection to Proof of Claim Filed by HCRE Partners, LLC* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2118 Notice to take deposition of NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 2119 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/31/2021 | 2142 Adversary case 21−03020. Complaint by UBS Securities LLC, UBS AG London Branch against Highland Capital Management, L.P.. Fee Amount $350. Nature(s) of suit: 72 (Injunctive relief − other). (Sosland, Martin) |
| 03/31/2021 | 2143 Order approving joint stipulation as to withdrawal of Hunter Mountain Investment Trust's proof of claim No. 152 (RE: related document(s)2139 Withdrawal of claim filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2021 (Okafor, M.) |
| 03/31/2021 | 2144 Certificate of service re: *1) Amended Notice of Status Conference; and 2) Seventeenth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from February 1, 2021 Through February 28, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2123 Amended Notice of hearing *(Amended Notice of Status Conference)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1826 Application for administrative expenses Filed by Interested Parties Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P. (Attachments: # 1 Service List)). Status Conference to be held on 5/7/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga. filed by Debtor Highland Capital Management, L.P., 2124 Application for compensation *Seventeenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from February 1, 2021 through February 28, 2021* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2021 to 2/28/2021, Fee: $1,358,786.50, Expenses: $21,401.29. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 4/16/2021. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 03/31/2021 | 2145 Certificate of service re: *Doucments Served on March 29, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2129 Motion to file document under seal. *(Debtor's Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials under Seal)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) filed by Debtor Highland Capital Management, L.P., 2131 Certificate of Conference filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2129 Motion to file document under seal. *(Debtor's Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials under Seal)*). filed by Debtor Highland Capital Management, L.P., 2133 Objection to claim(s) of Creditor(s) Integrated Financial Associates, Inc... Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/28/2021. filed by Debtor Highland Capital Management, L.P., 2134 Notice to take deposition of HCRE Partners, LLC filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 2135 Notice to take deposition of James Dondero filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/01/2021 | 2146 Order Granting Debtor's Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials under Seal) Filed by Debtor Highland Capital Management, L.P. (related document # 2129) |

000627

| | |
|---|---|
| | Entered on 4/1/2021. (Okafor, M.) |
| 04/01/2021 | Adversary case 3:20−ap−3105 closed (Ecker, C.) |
| 04/01/2021 | 2147 Response unopposed to (related document(s): 2128 Motion for leave *to file Adversary Complaint and Other Materials Under Seal* filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 04/01/2021 | 2148 **SEALED document regarding: (Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials under Seal) per court order** filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2146 Order on motion to seal). (Annable, Zachery) |
| 04/01/2021 | 2149 Notice of appeal . Fee Amount $298 filed by Interested Party James Dondero (RE: related document(s)2083 Order on motion to recuse Judge). Appellant Designation due by 04/15/2021. (Attachments: # 1 Exhibit)(Lang, Michael) |
| 04/01/2021 | Receipt of filing fee for Notice of appeal(19−34054−sgj11) [appeal,ntcapl] ( 298.00). Receipt number 28609730, amount $ 298.00 (re: Doc# 2149). (U.S. Treasury) |
| 04/02/2021 | 2150 Certificate of service re: *re: Joint Stipulation as to the Withdrawal of Hunter Mountain Investment Trust's Proof of Claim No. 152* Filed by Claims Agent Kurtzman Carson Consultants (related document(s)2138 INCORRECT EVENT: Attorney to refile. Notice *(Joint Stipulation as to the Withdrawal of Hunter Mountain Investment Trust's Proof of Claim No. 152)* filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) MODIFIED on 3/31/2021 (Ecker, C.). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/02/2021 | 2151 Motion to appear pro hac vice for Zachary F. Proulx. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Clubok, Andrew) |
| 04/02/2021 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28612120, amount $ 100.00 (re: Doc# 2151). (U.S. Treasury) |
| 04/02/2021 | 2152 Motion to appear pro hac vice for Kathryn K. George. Fee Amount $100 Filed by Interested Parties UBS AG London Branch, UBS Securities LLC (Clubok, Andrew) |
| 04/02/2021 | Receipt of filing fee for Motion to Appear pro hac vice(19−34054−sgj11) [motion,mprohac] ( 100.00). Receipt number 28612132, amount $ 100.00 (re: Doc# 2152). (U.S. Treasury) |
| 04/02/2021 | 2153 Witness and Exhibit List filed by Interested Party James Dondero (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. ). (Attachments: # 1 Ex. 1 # 2 Ex. 2 # 3 Ex. 3 # 4 Ex. 4 # 5 Ex. 5 # 6 Ex. 6 # 7 Ex. 7) (Assink, Bryan) |
| 04/02/2021 | 2154 Reply to (related document(s): 1969 Objection filed by Interested Party James Dondero) *Reply to James Donderos Objection and Response to the Committees Motion for an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation* filed by Creditor Committee Official Committee of Unsecured Creditors. (Montgomery, Paige) |
| 04/02/2021 | 2155 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 2014 Amended notice of appeal, ). (Annable, Zachery). Modified LINKAGE and TEXT on 4/6/2021 (Blanco, J.). |

| 04/02/2021 | 2156 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1970 Notice of appeal). (Annable, Zachery) |
|---|---|
| 04/02/2021 | 2157 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1966 Notice of appeal). (Annable, Zachery) |
| 04/03/2021 | 2158 Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. ). (Montgomery, Paige) |
| 04/05/2021 | 2159 Amended Witness and Exhibit List *for April 5, 2021 Hearing* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)2158 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Montgomery, Paige) |
| 04/05/2021 | 2160 Application for compensation *Sidley Austin LLP's Sixteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2021 to 2/28/2021, Fee: $493,524.00, Expenses: $11,141.12. Filed by Attorney Juliana Hoffman Objections due by 4/26/2021. (Hoffman, Juliana) |
| 04/05/2021 | 2161 Application for compensation *Sixteenth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2021 to 2/28/2021, Fee: $187,387.56, Expenses: $0.00. Filed by Attorney Juliana Hoffman Objections due by 4/26/2021. (Hoffman, Juliana) |
| 04/05/2021 | 2162 Withdrawal of claim(s): *(Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim 110 and 111)* Filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 04/05/2021 | 2163 Certificate of service re: *1) Joint Stipulation as to the Withdrawal of Hunter Mountain Investment Trust's Proof of Claim No. 152; and 2) Order Approving Joint Stipulation as to Withdrawal of Hunter Mountain Investment Trust's Proof of Claim No. 152* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2139 Withdrawal of claim(s): *(Joint Stipulation as to the Withdrawal of Hunter Mountain Investment Trust's Proof of Claim No. 152)* Filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P., 2143 Order approving joint stipulation as to withdrawal of Hunter Mountain Investment Trust's proof of claim No. 152 (RE: related document(s)2139 Withdrawal of claim filed by Debtor Highland Capital Management, L.P.). Entered on 3/31/2021 (Okafor, M.)). (Kass, Albert) |
| 04/05/2021 | 2164 Hearing held on 4/5/2021. (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation filed by Creditor Committee Official Committee of Unsecured Creditors) (Appearances: P. Montgomery for Unsecured Creditors Committee; A. Russell for J. Dondero; J. Pomeranz and J. Morris for Debtor. Evidentiary hearing. Motion granted. Counsel to submit an order.) (Edmond, Michael) (Entered: 04/06/2021) |
| 04/06/2021 | 2165 Order granting motion to appear pro hac vice adding Zachary F. Proulx for UBS AG London Branch and UBS Securities LLC (related document # 2151) Entered on 4/6/2021. (Okafor, M.) |
| 04/06/2021 | 2166 Order granting motion to appear pro hac vice adding Kathryn K. George for UBS AG London Branch and UBS Securities LLC (related document # 2152) Entered on 4/6/2021. (Okafor, M.) |

| | |
|---|---|
| 04/06/2021 | 2167 Clerk's correspondence requesting to amend document from attorney for Interested Party. (RE: related document(s)2149 Notice of appeal . Fee Amount $298 filed by Interested Party James Dondero (RE: related document(s)2083 Order on motion to recuse Judge). Appellant Designation due by 04/15/2021. (Attachments: # 1 Exhibit)) Responses due by 4/8/2021. (Whitaker, Sheniqua) |
| 04/06/2021 | 2168 Request for hearing filed by Interested Parties NexBank, NexBank Capital Inc., NexBank Securities Inc., NexBank Title Inc. (RE: related document(s)2081 Clerk's correspondence). (Attachments: # 1 Proposed Order) (Drawhorn, Lauren) |
| 04/06/2021 | 2169 Amended notice of appeal filed by Interested Party James Dondero (RE: related document(s)2149 Notice of appeal). (Lang, Michael) |
| 04/06/2021 | 2170 Certificate of service re: *1) Order Granting Debtor's Motion for Leave to File Under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials Under Seal; and 2) Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials Under Seal* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2146 Order Granting Debtor's Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials under Seal) Filed by Debtor Highland Capital Management, L.P. (related document 2129) Entered on 4/1/2021. (Okafor, M.), 2147 Response unopposed to (related document(s): 2128 Motion for leave *to file Adversary Complaint and Other Materials Under Seal* filed by Interested Party UBS Securities LLC, Interested Party UBS AG London Branch) filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/07/2021 | 2171 Request for transcript regarding a hearing held on 4/5/2021. The requested turn−around time is hourly. (Edmond, Michael) |
| 04/07/2021 | 2172 Certificate of service re: *Documents Served on or Before April 3, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2154 Reply to (related document(s): 1969 Objection filed by Interested Party James Dondero) *Reply to James Donderos Objection and Response to the Committees Motion for an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation* filed by Creditor Committee Official Committee of Unsecured Creditors. filed by Creditor Committee Official Committee of Unsecured Creditors, 2155 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 2014 Amended notice of appeal, ). (Annable, Zachery). Modified LINKAGE and TEXT on 4/6/2021 (Blanco, J.). filed by Debtor Highland Capital Management, L.P., 2156 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1970 Notice of appeal). filed by Debtor Highland Capital Management, L.P., 2157 Appellee designation of contents for inclusion in record of appeal filed by Debtor Highland Capital Management, L.P. (RE: related document(s)1966 Notice of appeal). filed by Debtor Highland Capital Management, L.P., 2158 Witness and Exhibit List filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. ). filed by Creditor Committee Official Committee of Unsecured Creditors). (Kass, Albert) |
| 04/07/2021 | 2173 Certificate of service re: *Documents Served on April 5, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2159 Amended Witness and Exhibit List *for April 5, 2021 Hearing* filed by Creditor Committee Official Committee of Unsecured Creditors (RE: related document(s)2158 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) filed by Creditor Committee Official Committee of Unsecured Creditors, 2160 Application for compensation *Sidley Austin LLP's Sixteenth Monthly Application for Compensation and Reimbursement of Expenses* for Official Committee of Unsecured Creditors, Creditor Comm. Aty, Period: 2/1/2021 to 2/28/2021, |

000630

| | |
|---|---|
| | Fee: $493,524.00, Expenses: $11,141.12. Filed by Attorney Juliana Hoffman Objections due by 4/26/2021. filed by Creditor Committee Official Committee of Unsecured Creditors, 2161 Application for compensation *Sixteenth Monthly Application for Compensation and Reimbursement of Expenses* for FTI Consulting, Inc., Financial Advisor, Period: 2/1/2021 to 2/28/2021, Fee: $187,387.56, Expenses: $0.00. Filed by Attorney Juliana Hoffman Objections due by 4/26/2021. filed by Financial Advisor FTI Consulting, Inc., 2162 Withdrawal of claim(s): *(Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim 110 and 111)* Filed by Debtor Highland Capital Management, L.P.. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/08/2021 | 2174 Certificate of No Objection filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)2024 Application for compensation − *Second Monthly Fee Application* for Hunton Andrews Kurth LLP, Special Counsel, Period: 1/1/2021 to 1/31/2021, Fee: $35042.76, Expenses: $3.80). (Hesse, Gregory) |
| 04/08/2021 | 2175 Certificate of No Objection filed by Spec. Counsel Hunton Andrews Kurth LLP (RE: related document(s)2025 Application for compensation − *Third Monthly Fee Application* for Hunton Andrews Kurth LLP, Special Counsel, Period: 2/1/2021 to 2/28/2021, Fee: $37092.24, Expenses: $94.54). (Hesse, Gregory) |
| 04/08/2021 | 2176 Transcript regarding Hearing Held 04/05/2021 (75 pages) RE: Motion to Compel (1878). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 07/7/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972−786−3063. (RE: related document(s) 2164 Hearing held on 4/5/2021. (RE: related document(s)1878 Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation filed by Creditor Committee Official Committee of Unsecured Creditors) (Appearances: P. Montgomery for Unsecured Creditors Committee; A. Russell for J. Dondero; J. Pomeranz and J. Morris for Debtor. Evidentiary hearing. Motion granted. Counsel to submit an order.)). Transcript to be made available to the public on 07/7/2021. (Rehling, Kathy) |
| 04/08/2021 | 2177 Order requiring James D. Dondero to preserve documents and to identify measures taken to ensure document preservation (related document # 1878) Entered on 4/8/2021. (Okafor, M.) |
| 04/08/2021 | 2178 BNC certificate of mailing − PDF document. (RE: related document(s)2165 Order granting motion to appear pro hac vice adding Zachary F. Proulx for UBS AG London Branch and UBS Securities LLC (related document 2151) Entered on 4/6/2021. (Okafor, M.)) No. of Notices: 1. Notice Date 04/08/2021. (Admin.) |
| 04/08/2021 | 2179 BNC certificate of mailing − PDF document. (RE: related document(s)2166 Order granting motion to appear pro hac vice adding Kathryn K. George for UBS AG London Branch and UBS Securities LLC (related document 2152) Entered on 4/6/2021. (Okafor, M.)) No. of Notices: 1. Notice Date 04/08/2021. (Admin.) |
| 04/09/2021 | 2181 Certificate of service re: *(Supplemental) Notice of Hearing on Debtor's Third Omnibus Objection to Certain No Liability Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2078 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2059 Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin |

|   |   |
|---|---|
|   | Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021.). Hearing to be held on 5/3/2021 at 01:30 PM at https://us−courts.webex.com/meet/jerniga for 2059, filed by Debtor Highland Capital Management, L.P., 2125 Certificate of service re: *1) Order Granting the Motion for Continuance of Hearing on the Preservation Motion Filed by the Official Committee of Unsecured Creditors; 2) Notice of Hearing on Debtor's Third Omnibus Objection to Certain No Liability Claims; and 3) Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2076 Order granting motion to continue hearing on (related document 2064) (related documents Motion to compel an Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation. ) Hearing to be held on 4/5/2021 at 01:30 PM at https://us−courts.webex.com/meet/jerniga for 1878, Entered on 3/22/2021. (Okafor, M.), 2078 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2059 Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021.). Hearing to be held on 5/3/2021 at 01:30 PM at https://us−courts.webex.com/meet/jerniga for 2059, filed by Debtor Highland Capital Management, L.P., 2079 Declaration re: *(Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014−1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)70 Application to employ Pachulski Stang Ziehl & Jones LLP as Attorney). filed by Debtor Highland Capital Management, L.P.). filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 04/09/2021 | 2182 Application for compensation *(Fourth Combined Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from October 1, 2021 through December 31, 2020)* for Deloitte Tax LLP, Other Professional, Period: 10/1/2020 to 12/31/2020, Fee: $153,957.60, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP (Annable, Zachery) |
| 04/09/2021 | 2183 Motion to withdraw as attorney (Brian P. Shaw) Filed by Acis Capital Management GP, LLC, Acis Capital Management, L.P., Jennifer G. Terry, Joshua Terry (Attachments: # 1 Proposed Order) (Shaw, Brian) |
| 04/09/2021 | 2184 Order approving stipulation and agreed order authorizing withdrawal of proofs of claim 110 and 111 (RE: related document(s)2162 Withdrawal of claim filed by Debtor Highland Capital Management, L.P.). Entered on 4/9/2021 (Okafor, M.) |
| 04/11/2021 | 2185 BNC certificate of mailing − PDF document. (RE: related document(s)2184 Order approving stipulation and agreed order authorizing withdrawal of proofs of claim 110 and 111 (RE: related document(s)2162 Withdrawal of claim filed by Debtor Highland Capital Management, L.P.). Entered on 4/9/2021 (Okafor, M.)) No. of Notices: 1. Notice Date 04/11/2021. (Admin.) |
| 04/12/2021 |   |

| | |
|---|---|
| | 2186 Notice of Appearance and Request for Notice by Jeff P. Prostok filed by Jennifer G. Terry, Joshua Terry. (Prostok, Jeff) |
| 04/13/2021 | 2187 Transmittal of record on appeal to U.S. District Court . Complete record on appeal . ,Transmitted: Volume 1, Mini Record. Number of appellant volumes: 8 Number of appellee volumes: 4. Civil Case Number: 3:21−CV−00261−L (Lindsay) (RE: related document(s)1870 Notice of appeal Related document(s) 1788 Order on motion to compromise controversy. (Blanco, J.) |
| 04/13/2021 | 2189 Order granting motion to withdraw as attorney (attorney Brian Patrick Shaw terminated). (related document # 2183) Entered on 4/13/2021. (Ecker, C.) |
| 04/13/2021 | 2190 Notice of docketing COMPLETE record on appeal. 3:21−CV−00261−L (Lindsay) (RE: related document(s)1870 Notice of appeal. Related document(s) 1788 Order on motion to compromise controversy. 1889 Amended notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust.) (Blanco, J.) |
| 04/13/2021 | 2191 Notice of Transmittal 3:21−CV−00261−L (Lindsay) TRANSMITTED 5 SEALED DOCUMENTS (RE: related document(s)2190 Notice of docketing COMPLETE record on appeal. 3:21−CV−00261−L (Lindsay) (RE: related document(s)1870 Notice of appeal. Related document(s) 1788 Order on motion to compromise controversy. 1889 Amended notice of appeal filed by Get Good Trust, The Dugaboy Investment Trust.) (Blanco, J.)). (Blanco, J.) |
| 04/13/2021 | 2192 Certificate of service re: *1) Order Requiring James D. Dondero to Preserve Documents and to Identify Measures Taken to Ensure Document Preservation; 2) Fourth Combined Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from October 1, 2020 Through December 31, 2020; and 3) Order Approving Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim 110 and 111* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2177 Order requiring James D. Dondero to preserve documents and to identify measures taken to ensure document preservation (related document 1878) Entered on 4/8/2021. (Okafor, M.), 2182 Application for compensation *(Fourth Combined Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from October 1, 2021 through December 31, 2020)* for Deloitte Tax LLP, Other Professional, Period: 10/1/2020 to 12/31/2020, Fee: $153,957.60, Expenses: $0.00. Filed by Other Professional Deloitte Tax LLP filed by Other Professional Deloitte Tax LLP, 2184 Order approving stipulation and agreed order authorizing withdrawal of proofs of claim 110 and 111 (RE: related document(s)2162 Withdrawal of claim filed by Debtor Highland Capital Management, L.P.). Entered on 4/9/2021 (Okafor, M.)). (Kass, Albert) |
| 04/13/2021 | 2193 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2003 Application for compensation *(First Combined Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from October 16, 2019 through July 31, 2020)* for Deloitte Ta). (Annable, Zachery) |
| 04/13/2021 | 2194 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2004 Application for compensation *(Second Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from August 1, 2020 through August 31, 2020)* for Deloitte Tax LLP, O). (Annable, Zachery) |
| 04/13/2021 | 2195 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2005 Application for compensation *(Third Monthly Fee Statement of Deloitte Tax LLP for Compensation for Services Rendered as Tax Services Provider to the Debtor for the Period from September 1, 2020 through September 30, 2020)* for Deloitte Tax L). (Annable, Zachery) |

| | |
|---|---|
| 04/14/2021 | 2196 Motion to compel Disqualification of Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC. *(Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A−−Proposed Order) (Annable, Zachery) |
| 04/14/2021 | 2197 Brief in support filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2196 Motion to compel Disqualification of Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC. *(Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)*). (Annable, Zachery) |
| 04/14/2021 | 2198 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2196 Motion to compel Disqualification of Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC. *(Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)*). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (Annable, Zachery) |
| 04/15/2021 | 2199 Motion to compromise controversy with UBS Securities LLC and UBS AG London Branch. *(Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 04/15/2021 | 2200 Declaration re: *(Declaration of Robert J. Feinstein in Support of Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG, London Branch and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2199 Motion to compromise controversy with UBS Securities LLC and UBS AG London Branch. *(Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith)*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Annable, Zachery) |
| 04/15/2021 | 2201 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2199 Motion to compromise controversy with UBS Securities LLC and UBS AG London Branch. *(Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 5/17/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga for 2199, (Annable, Zachery) |
| 04/15/2021 | 2203 Certificate of mailing regarding appeal (RE: related document(s)2169 Amended notice of appeal filed by Interested Party James Dondero (RE: related document(s)2149 Notice of appeal).) (Attachments: # 1 Service List) (Whitaker, Sheniqua) |
| 04/15/2021 | 2204 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)2169 Amended Notice of appeal . filed by Interested Party James Dondero (RE: related document(s)2083 Order on motion to recuse Judge). (Attachments: # 1 Exhibit)) (Whitaker, Sheniqua) |
| 04/15/2021 | 2205 Statement of issues on appeal, filed by Interested Party James Dondero (RE: related document(s)2083 Order on motion to recuse Judge). (Lang, Michael) |
| 04/15/2021 | 2206 Appellant designation of contents for inclusion in record on appeal filed by Interested Party James Dondero (RE: related document(s)2169 Amended notice of appeal). Appellee designation due by 04/29/2021. (Lang, Michael) |

000634

| | |
|---|---|
| 04/15/2021 | 2207 Certificate of service re: *(Supplemental) Debtor's Third Omnibus Objection to Certain No Liability Claim* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2059 Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021. filed by Debtor Highland Capital Management, L.P.). 2091 Certificate of service re: *Debtor's Third Omnibus Objection to Certain No Liability Claims* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2059 Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021. filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) Modified on 3/24/2021. filed by Claims Agent Kurtzman Carson Consultants LLC). (Kass, Albert) |
| 04/15/2021 | 2208 INCORRECT EVENT: Attorney to refile. Notice *of Transfer of Claim Other Than for Security* filed by Creditor Acis Capital Management, L.P.. (Prostok, Jeff) Modified on 4/16/2021 (Ecker, C.). |
| 04/15/2021 | 2209 INCORRECT EVENT: Attorney to refile. Notice *of Transfer of Claim Other Than for Security* filed by Creditor Acis Capital Management GP, LLC. (Prostok, Jeff) Modified on 4/16/2021 (Ecker, C.). |
| 04/16/2021 | 2210 Clerk's correspondence requesting Amended designation from attorney for appellant. (RE: related document(s)2206 Appellant designation of contents for inclusion in record on appeal filed by Interested Party James Dondero (RE: related document(s)2169 Amended notice of appeal). Appellee designation due by 04/29/2021.) Responses due by 4/20/2021. (Blanco, J.) |
| 04/16/2021 | 2211 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Acis Capital Management GP, LLC (Claim No. 23, Amount $23,000,000.00) To ACMLP Claim, LLC. Filed by Creditor Acis Capital Management GP, LLC. (Prostok, Jeff) |
| 04/16/2021 | 2212 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: Acis Capital Management L.P. (Claim No. 23, Amount $23,000,000.00) To ACMLP Claim, LLC. Filed by Creditor Acis Capital Management, L.P.. (Prostok, Jeff) |
| 04/16/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28644419, amount $ 26.00 (re: Doc# 2211). (U.S. Treasury) |
| 04/16/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28644419, amount $ 26.00 (re: Doc# 2212). (U.S. Treasury) |

| | |
|---|---|
| 04/16/2021 | 2213 Amended appellant designation of contents for inclusion in record on appeal filed by Interested Party James Dondero (RE: related document(s)2206 Appellant designation). (Lang, Michael) |
| 04/16/2021 | 2214 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to February 28, 2021)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). (Annable, Zachery) |
| 04/16/2021 | 2215 Assignment/Transfer of Claim. Fee Amount $26. Transfer Agreement 3001 (e) 2 Transferors: ACMLP Claim, LLC (Claim No. 23, Amount $23,000,000.00) To Muck Holdings LLC. Filed by Creditor Muck Holdings LLC. (McIlwain, Brent) |
| 04/16/2021 | Receipt of filing fee for Assignment/Transfer of claim (Claims Agent)(19−34054−sgj11) [claims,trclmagt] ( 26.00). Receipt number 28646419, amount $ 26.00 (re: Doc# 2215). (U.S. Treasury) |
| 04/16/2021 | 2216 Certificate of service re: *1) Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief; 2) Debtor's Memorandum of Law in Support of Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief; and 3) Declaration of John A. Morris in Support of the Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2196 Motion to compel Disqualification of Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC. *(Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A—Proposed Order) filed by Debtor Highland Capital Management, L.P., 2197 Brief in support filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2196 Motion to compel Disqualification of Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC. *(Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)*). filed by Debtor Highland Capital Management, L.P., 2198 Declaration re: *(Declaration of John A. Morris in Support of the Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2196 Motion to compel Disqualification of Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC. *(Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)*). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/18/2021 | 2217 Notice of docketing notice of appeal. Civil Action Number: 3:21−cv−00879−K. (RE: related document(s)2169 Amended notice of appeal filed by Interested Party James Dondero (RE: related document(s)2149 Notice of appeal).) (Whitaker, Sheniqua) |
| 04/19/2021 | 2218 Certificate of No Objection filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2124 Application for compensation *Seventeenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from February 1, 2021 through February 28, 2021* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 2/1/2021 t). (Pomerantz, Jeffrey) |
| 04/19/2021 | |

| | |
|---|---|
| | <u>2219</u> Certificate of service re: *Customized for Rule 3001(e)(1) or 3001(e)(3)] Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)(1) or 3001(e)(3) [Re Docket No. 1959]* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>1959</u> Assignment/Transfer of Claim. Fee Amount \$26. Transfer Agreement 3001 (e) 1 Transferors: Action Shred Of Texas (Amount \$3,825.00) To Fair Harbor Capital, LLC. Filed by Creditor Fair Harbor Capital, LLC. filed by Creditor Fair Harbor Capital, LLC). (Kass, Albert) |
| 04/19/2021 | <u>2220</u> Certificate of service re: *1) Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith; 2) Declaration of Robert J. Feinstein in Support of Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG, London Branch and Authorizing Actions Consistent Therewith; and 3) Notice of Hearing* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)<u>2199</u> Motion to compromise controversy with UBS Securities LLC and UBS AG London Branch. *(Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P. filed by Debtor Highland Capital Management, L.P., <u>2200</u> Declaration re: *(Declaration of Robert J. Feinstein in Support of Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG, London Branch and Authorizing Actions Consistent Therewith)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>2199</u> Motion to compromise controversy with UBS Securities LLC and UBS AG London Branch. *(Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith)*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) filed by Debtor Highland Capital Management, L.P., <u>2201</u> Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)<u>2199</u> Motion to compromise controversy with UBS Securities LLC and UBS AG London Branch. *(Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith)* Filed by Debtor Highland Capital Management, L.P.). Hearing to be held on 5/17/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga for <u>2199</u>, filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/19/2021 | <u>2221</u> Application for compensation *Fifth Interim Application for Compensation of FTI Consulting, Inc.* for Official Committee of Unsecured Creditors, Financial Advisor, Period: 12/1/2020 to 2/28/2021, Fee: \$838,751.40, Expenses: \$0. Filed by Attorney Juliana Hoffman Objections due by 5/10/2021. (Hoffman, Juliana) |
| 04/20/2021 | <u>2222</u> Response opposed to (related document(s): <u>2059</u> Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Interested Party NexPoint Advisors, L.P.. (Vasek, Julian) |
| 04/20/2021 | <u>2223</u> Application for compensation *Eighteenth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtor for the Period from March 1, 2021 through March 31, 2021* for Jeffrey Nathan Pomerantz, Debtor's Attorney, Period: 3/1/2021 to 3/31/2021, Fee: \$1,277,710.00, Expenses: \$13,687.50. Filed by Attorney Jeffrey Nathan Pomerantz Objections due by 5/11/2021. (Pomerantz, Jeffrey) |
| 04/20/2021 | <u>2224</u> Notice of Appearance and Request for Notice by Frances Anne Smith filed by Interested Party CPCM, LLC. (Smith, Frances) |
| 04/20/2021 | <u>2225</u> Response opposed to (related document(s): <u>2059</u> Objection to claim filed by Debtor Highland Capital Management, L.P.) filed by Interested Party CPCM, LLC. (Smith, Frances) Filed by Interested Party CPCM, LLC (related document(s)<u>2059</u> Omnibus Objection to claim(s) of Creditor(s) Christopher Rice; Helen Kim; Jason Rothstein; Jerome Carter; Kari Kovelan; Kellie Stevens; Lauren Thedford; Mark Patrick; Charles Hoedebeck; Stephanie Vitiello; Steven Haltom; William Gosserand; Brian Collins; Hayley Eliason; Lucy Bannon; Mary Irving; Matthew DiOrio; Ricky Swadley; William Mabry; Jean Paul |

000637

| | |
|---|---|
| | Sevilla; Jon Poglitsch; Clifford Stoops; Jason Post; Ajit Jain; Paul Broaddus; Melissa Schroth; Mauro Staltari; Will Mabry; Yegor Nikolayev; Sahan Abayarantha; Kunal Sachdev; Kent Gatzki; Scott Groff; James Mills; Bhawika Jain; Jae Lee; Cyrus Eftekhari; Tara Loiben; Michael Jeong; Will Duffy; Sarah Goldsmith; Sarah Hale; Heriberto Rios; Mariana Navejas; Joye Luu; Austin Cotton; Lauren Baker; Phoebe Stewart; Blair Roeber; Brad McKay; Jennifer School.. Filed by Debtor Highland Capital Management, L.P.. Responses due by 4/20/2021. filed by Debtor Highland Capital Management, L.P.). (Smith, Frances) |
| 04/20/2021 | 2226 Motion to continue hearing on (related documents 2059 Objection to claim) Filed by Interested Party CPCM, LLC (Attachments: # 1 Proposed Order) (Smith, Frances) |
| 04/20/2021 | 2227 Motion for expedited hearing(related documents 2226 Motion to continue) Filed by Interested Party CPCM, LLC (Attachments: # 1 Proposed Order) (Smith, Frances) |
| 04/20/2021 | 2228 Certificate of service re: *Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to February 28, 2021* Filed by Claims Agent Kurtzman Carson Consultants LLC (related document(s)2214 Notice *(Notice of Statement of Amounts Paid to Ordinary Course Professionals for the Period from October 16, 2019 to February 28, 2021)* filed by Debtor Highland Capital Management, L.P.: RE: related document(s)176 ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTH0RIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALSUTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS (Related Doc # 76, 99, 162) Order Signed on 11/26/2019. (Attachments: # 1 Exhibit A) (DRG) [ORIGINALLY FILED AS DOCUMENT #169 ON 11/26/2019 IN U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE] (Okafor, M.)). filed by Debtor Highland Capital Management, L.P.). (Kass, Albert) |
| 04/20/2021 | 2229 Motion to borrow/incur debt *(Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to (A) Enter into Exit Financing Agreement in Aid of Confirmed Chapter 11 Plan and (B) Incur and Pay Related Fees and Expenses, and (II) Granting Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 04/20/2021 | 2230 Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)2196 Motion to compel Disqualification of Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC. *(Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Exhibit A─Proposed Order)). Hearing to be held on 5/18/2021 at 09:30 AM at https://us−courts.webex.com/meet/jerniga for 2196, (Annable, Zachery) |
| 04/21/2021 | 2231 Certificate of service re: Notice of Appearance, Preliminary Response to Debtors Third Omnibus Objection to Certain No Liability Claims, Motion to Continue Hearing on Debtors Third Omnibus Objection to Certain Liability Claims, and Motion for Setting and Request for Expedited Hearing filed by Interested Party CPCM, LLC (RE: related document(s)2224 Notice of appearance and request for notice, 2225 Response to objection to claim, 2226 Motion to continue hearing on (related documents 2059 Objection to claim), 2227 Motion for expedited hearing(related documents 2226 Motion to continue) ). (Smith, Frances) |