# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 12, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 21-10449    NexPoint v. Highland Capital Mgmt
                USDC No. 19-34054
                USDC No. 3:21-CV-538

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Lisa E. Ferrara, Deputy Clerk
504-310-7675

Mr. Zachery Z. Annable
Mr. Bryan Christopher Assink
Mr. Robert P. Colwell
Mr. Douglas Scott Draper
Mr. David R. Fine
Ms. Melissa Sue Hayward
Ms. Karen S. Mitchell
Mr. Jeffrey N. Pomerantz
Mr. Davor Rukavina
Mr. Clay Marshall Taylor
Mr. Julian Preston Vasek

# United States Court of Appeals
# for the Fifth Circuit

———————

No. 21-10449

———————

IN THE MATTER OF: HIGHLAND CAPITAL MANAGEMENT, L.P.

*Debtor*,

NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P.; HIGHLAND INCOME FUND; NEXPOINT
STRATEGIC OPPORTUNITIES FUND; HIGHLAND GLOBAL
ALLOCATION FUND; NEXPOINT CAPITAL, INCORPORATED;
JAMES DONDERO; THE DUGABOY INVESTMENT TRUST; GET
GOOD TRUST,

*Appellants*,

*versus*

HIGHLAND CAPITAL MANAGEMENT, L.P.,

*Appellee*.

———————————————

Appeal from the United States Bankruptcy Court
for the Northern District of Texas
USDC No. 19-34054
USDC No. 3:21-CV-538

———————————————

ORDER:

    IT IS ORDERED that appellee's motion to supplement the record
with sealed documents from the bankruptcy court is GRANTED.

_____/s/ James L. Dennis_____

JAMES L. DENNIS
*United States Circuit Judge*

Case No. 21-10449

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

In the Matter of:     Highland Capital Management, L.P.,

Debtor.

NexPoint Advisors, L.P.; Highland Capital Management Fund
Advisors, L.P.; Highland Income Fund; NexPoint Strategic
Opportunities Fund; Highland Global Allocation Fund; NexPoint
Capital, Incorporated; James Dondero; The Dugaboy Investment
Trust; Get Good Trust,

                 Appellants,

v.

Highland Capital Management, L.P.,

                 Appellee.

_____

On Direct Appeal from the United States Bankruptcy Court for the Northern
District of Texas, Dallas Division, Bankruptcy Case No. 19-34054-SGJ11
*The Honorable Stacey G. C. Jernigan, United States Bankruptcy Judge*


## <u>DEBTOR'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL</u>

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:      jpomerantz@pszjlaw.com
            ikharasch@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

2

## DEBTOR'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

COMES NOW Highland Capital Management, L.P. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Bankruptcy Case") and appellee in the above-captioned appeal (the "Appeal"), respectfully submitting this *Motion to Supplement the Record on Appeal* (the "Motion") seeking an order of this Court authorizing the Clerk of this Court (the "Court Clerk") to accept from the clerk of the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court Clerk") certain sealed documents (the "Sealed Documents") from the Bankruptcy Case designated by the Debtor as part of the record on appeal (the "Record") in this Appeal.  In support of the Motion, the Debtor respectfully states as follows:

## FACTUAL BACKGROUND

3.      On October 16, 2019 (the "Petition Date"), the Debtor commenced the Bankruptcy Case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

4.      The Bankruptcy Case was transferred to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), on December 4, 2019.

5.     On January 22, 2020, the Bankruptcy Court entered that certain *Agreed Protective Order* [Bankr. Docket No. 382][1] (the "<u>Protective Order</u>")[2] which "governs any document, information, or other thing that has been or will be produced or received by a party … in the [Bankruptcy Case.]"  Protective Order at 1.

6.     Pursuant to the terms of the Protective Order, information designated as "Highly Confidential" may only be disclosed to the Bankruptcy Court if the information is filed under seal pursuant to the procedures set forth in Rule 9077-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "<u>Local Bankruptcy Rules</u>").  *See* Protective Order ¶ 4.

7.     On March 1, 2021, Highland Capital Management Fund Advisors, L.P., and NexPoint Advisors, L.P. (together, the "<u>Advisors</u>"), filed their *Notice of Appeal* [Bankr. Docket No. 1957] appealing the Bankruptcy Court's *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified); and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "<u>Confirmation Order</u>").

8.     On March 3, 2021, Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc.

---

[1] Refers to the docket maintained in the Bankruptcy Court.

[2] A true and correct copy of the Bankruptcy Court's Protective Order is attached hereto as **<u>Exhibit A</u>**.

(collectively, the "Funds") filed their *Notice of Appeal* [Bankr. Docket No. 1966] appealing the Confirmation Order.

9.   On March 4, 2021, James Dondero filed his *Notice of Appeal* [Bankr. Docket No. 1970] appealing the Confirmation Order.

10.   On March 4, 2021, The Dugaboy Investment Trust and the Get Good Trust (together, the "Trusts", and collectively with James Dondero, the Advisors, and the Funds, the "Appellants") filed their *Notice of Appeal and Statement of Election* [Bankr. Docket No. 1972] appealing the Confirmation Order.  On March 11, 2021, the Trusts filed the *Amended Notice of Appeal and Statement of Election* [Bankr. Docket No. 2014].

11.   On March 16, 2021, the Bankruptcy Court entered an *Order Certifying Appeals of the Confirmation Order for Direct Appeal to the United States Court of Appeals for the Fifth Circuit* [Bankr. Docket No. 2034] ("Certification Order").

12.   On March 31, 2021, the Advisors filed their *Petition for Permission to Appeal (Direct Appeal from Bankruptcy Court, 28 U.S.C. § 158(d)* [Case No. 21-90011, Document 515803515] (the "Advisors' Petition").

13.   On April 14, 2021, the Funds filed their *Petition for Direct Appeal under 28 U.S.C. § 158(d)* [Case No. 21-90011, Document 515826308] (the "Funds' Petition").

14.     On April 14, 2021, the Trusts filed their *Petition for Direct Appeal under 28 U.S.C. § 158(d)* [Case No. 21-90011, Document 515824511] (the "Trusts' Petition").

15.     On April 15, 2021, James Dondero filed his *Petition for Direct Appeal under 28 U.S.C. § 158(d)* [Case No. 21-90011, Document 515824443] ("Dondero's Petition," and collectively, with the Advisors' Petition, the Trusts' Petition, and the Funds' Petition, the "Petitions").

16.     On April 2, 2021, the Debtor filed its *Supplemental Designation of Record on Appeal* [Bankr. Docket Nos. 2155-57] (the "Debtor's Record Designations").

17.     On May 4, 2021, this Court entered an Order granting the Advisors' Petition for direct appeal [Case No. 21-90011, Document 515847079], and on June 2, 2021, this Court entered an Order granting the remaining Appellants' Petitions for direct appeal [Case No. 21-90011, Document 515884578].

18.     Included within the Debtor's Record Designations are the Sealed Documents, which are comprised of the following:

| DATE | DOCKET NO. | DESCRIPTION |
|---|---|---|
| February 3, 2021 | *Debtor's Second Amended Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021* at Exhibit KKKK | Highland CLO Funding Portfolio Management Agreement **[TO BE OFFERED UNDER SEAL]** |

| | [Bankr. Docket No. 1877]; admitted into evidence at February 3, 2021 Confirmation Hearing [*see* Bankr. Docket No. 1915]. | |
| --- | --- | --- |
| February 3, 2021 | *Debtor's Second Amended Witness and Exhibit List with Respect to Confirmation Hearing to Be Held on February 2, 2021* at Exhibit LLLL [Bankr. Docket No. 1877]; admitted into evidence at February 3, 2021 Confirmation Hearing [*see* Bankr. Docket No. 1915]. | Highland CLO Funding Subscription and Transfer Agreement **[TO BE OFFERED UNDER SEAL]** |
| February 3, 2021 | *Debtor's Second Amended Witness and Exhibit List with Respect to Confirmation Hearing to be Held on February 2, 2021* at Exhibit IIII [Bankr. Docket No. 1877]; admitted into evidence at February 3, 2021 Confirmation Hearing [*see* Docket No. 1915]. | Highland CLO Funding Members Agreement **[TO BE OFFERED UNDER SEAL**] |
| February 3, 2021 | *Debtor's Second Amended Witness and Exhibit List with Respect to Confirmation Hearing to be Held on February 2,* | Highland CLO Funding Offering Memorandum **[TO BE OFFERED UNDER SEAL**] |

| | | |
|---|---|---|
| | *2021* at Exhibit JJJJ [Bankr. Docket No. 1877]; admitted into evidence at February 3, 2021 Confirmation Hearing [*see* Docket No. 1915]. | |
| February 3, 2021 | *Debtor's Second Amended Witness and Exhibit List with Respect to Confirmation Hearing to be Held on February 2, 2021* at Exhibit HHHH [Bankr. Docket No. 1877]; admitted into evidence at February 3, 2021 Confirmation Hearing [*see* Docket No. 1915]. | Highland CLO Funding Articles of Incorporation; **[TO BE OFFERED UNDER SEAL**] |

## ARGUMENT AND AUTHORITIES

19.     Pursuant to Rule 8009(f) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"):

> A document placed under seal by the bankruptcy court may be designated as part of the record on appeal.  In doing so, a party must identify it without revealing confidential or secret information, but the bankruptcy court must not transmit it to the clerk of the court where the appeal is pending as party of the record.  Instead, a party must file a motion with the court where the appeal is pending to accept the document under seal.  If the motion is granted, the movant must notify the bankruptcy court of the ruling, and the bankruptcy clerk must

promptly transmit the sealed document to the clerk of the court where the appeal is pending.

FED. R. BANKR. PROC. 8009(f).

20.     The Debtor has complied with the requirements of Bankruptcy Rule 8009(f) because (i) the Sealed Documents were placed under seal by the Bankruptcy Court in accordance with the Protective Order, and (ii) the Sealed Documents were identified in the Debtor's Record Designations without revealing confidential information.  Accordingly, the Debtor seeks entry of an order accepting the Sealed Documents under seal and directing the Bankruptcy Court Clerk to transmit the Sealed Documents to the Court Clerk upon notification by the Debtor in accordance with Bankruptcy Rule 8009(f).

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order (i) granting this Motion in its entirety; (ii) directing the Bankruptcy Court Clerk to transmit the Sealed Documents to the Court Clerk and authorizing the Court Clerk to accept the Sealed Documents under seal; and (iii) granting the Debtor such further and additional relief as the Court deems just and proper.

Dated:  July 2, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Appellee Highland Capital Management, L.P.*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that, on June 29, 2021 and June 30, 2021, counsel for the Debtor corresponded with counsel for each of the Appellants regarding the relief requested in the foregoing Motion.  Counsel for each of the Appellants advised counsel for the Debtor that they are **UNOPPOSED** to the relief requested in the Motion.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,314 words.

This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font size, and Roman type style.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2021, I caused to be electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the electronic case filing system.  The electronic case filing system served the foregoing document upon those parties receiving the Court's ECF-email notification on July 2, 2021.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

# EXHIBIT A



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed January 21, 2020**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054 (SGJ) |
| | ) |
| Debtor. | ) |

### AGREED PROTECTIVE ORDER

This Agreed Protective Order (the "Order") governs any document, information, or other

thing that has been or will be produced or received by a Party (as defined below) in the action *In*

*re Highland Capital Management, L.P.*, Case No. 19-34054 (SGJ) (the "Bankruptcy Case"),

pending in the United States Bankruptcy Court for the Northern District of Texas (the "Court")

(collectively, the "Discovery Materials"). Discovery Materials include, without limitation,

testimony adduced at depositions; responses to interrogatories; responses to requests for admission

(and documents produced in connection with such responses); and documents and things produced

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service
address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

voluntarily or in response to any type of request. "Party" or "Parties" means any person or entity that (1) produces, (2) designates, (3) receives, formally or informally, or (4) reviews any Discovery Materials designated as Confidential or Highly Confidential Information, as defined in this Order.

## TERMS OF AGREED ORDER

1.     <u>Confidential Information</u>. As used in this Order, "<u>Confidential Information</u>" means all documents, data, reports, interpretations, forecasts, financial and business projections, records, agreements, contracts, business plans, marketing materials and vendor agreements or programs (whether in oral or written form, electronically stored, or otherwise) containing or otherwise reflecting information provided by or on behalf of any Party or any of the Parties' respective Representatives (as defined below) before, on, or after the date hereof, and all reproductions of such information (whether in written form, electronically stored, or otherwise or substantially derived from the information described above), that the producing Party reasonably believes in good faith is confidential or sensitive proprietary, personal, commercial, financial, or business information or that is otherwise subject to protection under a pre-existing agreement or applicable law or regulation. Accordingly, for example, "Confidential Information" does not include information that (a) is or becomes generally available to the public other than as a result of disclosure by a Party or any of the Parties' Representatives in breach of this Order; (b) was lawfully within a Party's possession prior to it being furnished to such Party in the Bankruptcy Case; (c) becomes available to a Party from a source other than the producing Party or any of its Representatives, provided that such source is not, to such receiving Party's knowledge, bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, the producing Party with respect to such information; or (d) is independently developed by a receiving Party without reference to or reliance upon any information furnished to such receiving Party by or on behalf of the producing Party.

2

ACTIVE 253524293

2.    <u>Use and Disclosure of Confidential Information</u>.  Subject to the terms of this Order, each Party shall (i) keep the Confidential Information confidential in accordance with the terms of this Order; (ii) not disclose any Confidential Information except in accordance with the terms of this Order; (iii) not use any Confidential Information in any way other than in connection with the Bankruptcy Case; and (iv) hold and treat all Confidential Information in confidence and with the same degree of care that such Party exercises with regard to its own Confidential Information; *provided, however*, that each Party may disclose any Confidential Information (A) to any other Party subject to this Order; (B) counsel and other professionals retained by the Official Committee of Unsecured Creditors of Highland Capital Management, L.P. (the "<u>Committee</u>,"); (C) to any Representative of any Party other than the Committee, which is addressed in paragraph 2(iv)(B); (D) to the extent permitted pursuant to paragraph 9 below; (E) to the United States Bankruptcy Court for the Northern District of Texas and its personnel; (F) the United States Trustee for the Northern District of Texas (the "<u>U.S. Trustee</u>"); (G) any person who is indicated on the face of a document or its related documents to have been an author, addressee or copy recipient of such document, an actual or intended recipient of such document, or in the case of meeting minutes, an attendee of the meeting; (H) for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony; (I) in the case of a deposition, to any court reporter, stenographer, or videographer in attendance; and (J) in response to a subpoena issued from another court or as otherwise required by law.  For purposes of this Order, "Representatives" means a Party's parent(s), subsidiaries, affiliates, officers,

ACTIVE 253524293

directors, employees, contractors, attorneys (whether in-house or outside counsel), financial advisors and other professionals engaged by the Party, or its agents and representatives.

3.      <u>Highly Confidential Information</u>.     A producing Party may designate information that it reasonably believes in good faith is so personally, economically, or competitively sensitive that (a) disclosure would materially affect or threaten injury to its personal, commercial, or financial interests, and (b) the protections provided to Confidential Information in this Order are insufficient, as being restricted Highly Confidential Information (the "<u>Highly Confidential Information</u>").

4.      <u>Use and Disclosure of Highly Confidential Information</u>.     Discovery Materials designated as "Highly Confidential" may only be viewed by the people and entities identified in paragraphs 2(iv) (B), (D), (E), (F), (G), (H) (I) or (J).  Discovery Materials designated as "Highly Confidential" may not otherwise be disclosed without the producing Party's prior written consent or further order of the Court.  Highly Confidential Information may be disclosed to the United States Bankruptcy Court for the Northern District of Texas and its personnel as long as the information is filed under seal under the procedures set forth in L.B.R. 9077-1.

5.      <u>Designating Confidential and Highly Confidential Information</u>.     Where practicable, the producing Party may designate Discovery Materials as Confidential or Highly Confidential by applying the legend "Confidential" or "Highly Confidential" to the Discovery Materials.  In the case of data stored in electronic form ("<u>ESI</u>"), the legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced and/or on the ESI itself.  If such measures are not practicable, the producing Party shall designate the Discovery Materials as Confidential or Highly Confidential through other feasible means.

ACTIVE 253524293

6.      <u>Disputes Over Designation of Confidential Information.</u>  In the event that any Party objects to any designation of Discovery Materials as Confidential Information (the "<u>Objecting Party</u>"), the Objecting Party shall notify the producing or designating Party in writing, stating the grounds of the objection.  The producing or designating Party shall have ten (10) business days following the receipt of an objection from the Objecting Party of any Confidential Information designation to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should not be treated as Confidential Information.  For the avoidance of doubt, the burden of establishing the Confidential nature of any Discovery Materials shall be borne by the producing or designating Party.

7.      <u>Disputes Over Designation of Highly Confidential Information.</u>  In the event that any Party objects to any designation of Discovery Materials as Highly Confidential Information, the Objecting Party shall notify the other producing or designating Party in writing, stating the grounds of the objection.  The producing or designating Party shall have five (5) business days following receipt of an objection from the Objecting Party of any Highly Confidential Information designation to attempt to resolve the objection, at the end of which, if the dispute is not resolved, the producing or designating Party must seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should be treated as Highly Confidential Information.  In the absence of such a filing within five (5) business days from the receipt of the objection, the information will be deemed Confidential Information (and not Highly Confidential Information) under this Order.  For the avoidance of doubt, the burden of establishing the Highly Confidential nature of any Discovery Materials shall be borne by the producing or designating Party.

8.  <u>Depositions.</u>  During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Highly Confidential Information, counsel may require that all persons other than those entitled to view the Confidential Information or Highly Confidential Information, as the case may be, leave the room during the relevant portion of the deposition or interview.  Any Party shall have the right to designate on the record, or within ten (10) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Highly Confidential Information.  Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked.

9.  <u>Legally Required Disclosure.</u>  If any Party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by applicable law or the rules or regulations of any regulatory authority having jurisdiction over such Parties) to disclose in connection with a matter that is not the Bankruptcy Case any of the Confidential Information or Highly Confidential Information, such Party shall provide the Party that produced or designated such information with prompt written notice of any such request or requirement so that the producing or designating Party may seek a protective order or other remedy, and/or waive compliance with the provisions of this Order.  In the absence of a protective order or other remedy at the time of the deadline for the production of the Confidential Information or Highly Confidential Information (including any extensions of such deadline), the Party may, without liability hereunder, disclose that portion of the Confidential Information or Highly Confidential Information which is legally required to be disclosed.

ACTIVE 253524293

10.     Nothing herein shall prevent the U.S. Trustee from disclosing Discovery Material for civil or criminal law enforcement purposes in compliance with a subpoena or court order, or pursuant to any request under the Freedom of Information Act or other applicable law requiring disclosure, subject to the U.S. Trustee providing prompt notice to the Producing Party as described in Paragraph 9 above.

11.     No Waiver.     The failure to designate any Discovery Materials as Confidential Information or Highly Confidential Information shall not constitute a waiver of such claim.  If at any time any of the Parties believes that certain testimony or some portion of Discovery Materials that was previously produced should have been designated as Confidential Information or Highly Confidential Information, that Party shall promptly notify all of the other Parties who have received such testimony or Discovery Materials in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Highly Confidential Information under the terms of this Order.  If such information has been disclosed by a Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information or Highly Confidential Information, such disclosure shall not constitute a violation of this Order.

12.     Claw Back of Inadvertently Produced Protected Materials.  If Discovery Materials protected from disclosure under Federal Rule of Civil Procedure 26(b)(5) ("Protected Materials") are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege

7

ACTIVE 253524293

or other protection.  If the producing Party inadvertently or mistakenly produces Protected Materials, upon written request by the producing Party after the discovery of such inadvertent or mistaken production, the receiving Party shall use all commercially reasonable efforts to return or destroy the Protected Materials and all copies of it, including any work product containing, identifying, or referencing such information, and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information. The Parties shall not use any inadvertently produced Protected Materials, or information gleaned exclusively from any inadvertently produced Protected Materials, in connection with the Bankruptcy Case, except to the extent that the inadvertently producing Party withdraws its designation of the relevant material as Protected Materials or that the Court determines that the relevant material was not properly designated as Protected Materials.

13.     No Bar Against Seeking Further Protection.  Nothing in this Order shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material.

14.     No Admission Regarding Admissibility or Relevancy.  Nothing in this Order shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence.

15.     No Bar to Use of Party's Own Discovery Material.  This Order shall have no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material for any purposes whatsoever.

16.     Conclusion of Litigation and Return of Confidential Information.  Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party

8

or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents containing Confidential Information or Highly Confidential Information, and to certify to the producing Party that this destruction or return has been done.  However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Agreed Protective Order.

17.     <u>No Third-Party Beneficiaries</u>.  No Third-Party Beneficiaries.  There are no third-party beneficiaries to this Order.  For the avoidance of doubt, this provision precludes non-Debtor affiliates, and their Representatives, including any entity affiliated with, owned by, or controlled in any way, directly or indirectly, by James Dondero and his affiliates (the "<u>Dondero Parties</u>") from seeking to enforce or rely on this Order in any way, unless any of the Dondero Parties is asked (formally or informally) to produce or receive Discovery Materials thereby becoming a "Party" as defined herein.  The Dondero Parties are subject to the exclusive jurisdiction of this Court.  Nothing in this order shall be deemed to limit third parties (other than the Dondero Parties) who receive a subpoena issued by the Court from seeking to quash or modify that subpoena in the court for the district where compliance is required pursuant to FRCP 45(d).

18.     <u>Exclusive Jurisdiction.</u>  This Court retains exclusive jurisdiction for matters arising from or related to this Order, including but not limited to after confirmation of any plan of reorganization or conversion of this Bankruptcy Case.  The Court further reserves the right to amend this Order upon a motion of any party in interest after notice and a hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated:  January 21, 2020


Respectfully submitted,

PACHULSKI STANG ZIEHL &JONES LLP

*/s/ Jeffrey N. Pomerantz*

Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
 Ira D. Kharasch (CA Bar No. 109084)
 (*admitted pro hac vice*)
 Maxim B. Litvak (SBN: 24002482)
 Gregory V. Demo (NY Bar 5371992)
 (*admitted pro hac vice*)
 10100 Santa Monica Blvd., 13th Floor
 Los Angeles, CA 90067
 Telephone: (310) 277-6910
 Facsimile: (310) 201-0760
 E-mail:    jpomerantz@pszjlaw.com
             ikharasch@pcszjlaw.com
             mlitvak@pszjlaw.com
             gdemo@pszjlaw.com


 -and-

 HAYWARD & ASSOCIATES PLLC

 Melissa S. Hayward
 Texas Bar No. 24044908
 MHayward@HaywardFirm.com
 Zachery Z. Annable
 Texas Bar No. 24053075
 ZAnnable@HaywardFirm.com
 10501 N. Central Expy, Ste. 106
 Dallas, Texas 75231
 Tel: (972) 755-7100
 Fax: (972) 755-7110


 *Counsel and Proposed Counsel for the*
 *Debtor and Debtor-in-Possession*

SIDLEY AUSTIN LLP

*/s/ Juliana L. Hoffman*

 Penny P. Reid (15402570)
 preid@sidley.com
 Paige Holden Montgomery (24037131)
 pmontgomery@sidley.com
 Juliana L. Hoffman (24106103)
 jhoffman@sidley.com
 2021 McKinney Avenue, Suite 2000
 Dallas, Texas 74201
 Telephone: (214) 981-3300
 Facsimile: (214) 981-3400
 -and-

 Bojan Guzina (admitted *pro hac vice*)
 bguzina@sidley.com
 Matthew A. Clemente (admitted *pro hac vice*)
 mclemente@sidley.com
 Dennis M. Twomey (admitted *pro hac vice*)
 dtwomey@sidley.com
 Alyssa Russell (admitted *pro hac vice*)
 alyssa.russell@sidley.com
 One South Dearborn Street
 Chicago, Illinois 60603
 Telephone: (312) 853-7000
 Facsimile: (312) 853-7036

 *Counsel For the Official Committee of*
 *Unsecured Creditors*


### End of Order ###

ACTIVE 253524293